## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELLIPSO, INC.** ) <br> **4410 Massachusetts Ave., Suite 385** ) <br> **Washington, DC 20016,** ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **JOHN B. MANN** ) <br> **9330 Harts Mill Road** ) <br> **Warrenton, VA 20186** ) <br> ) <br> **MANN TECHNOLOGIES, LLC** ) <br> **9330 Harts Mill Road** ) <br> **Warrenton, VA 20186** ) <br> ) <br> **ROBERT B. PATTERSON** ) <br> **PO Box 2051** ) <br> **Middleburg, VA 20118** ) <br> ) <br> **CONSULTING MANAGEMENT, LTD.** ) <br> **PO Box 2051** ) <br> **Middleburg, VA 20118** ) <br> ) <br> **and** ) <br> ) <br> **THE REGISTRY SOLUTIONS CO.** ) <br> **9330 Harts Mill Road** ) <br> **Warrenton, VA 20186** ) <br> ) <br>     **Defendants.** ) <br> ———————————————————————) | **Civil Action No.: 05-01186** |

## PETITION FOR ATTACHMENT BEFORE JUDGMENT

Pursuant to Federal Rule of Civil Procedure 64 and D.C. Stat. § 16-501 *et seq.*,

Plaintiff Ellipso, Inc. ("Ellipso") hereby requests that this Court enter a writ of

attachment with respect to property of Ellipso wrongfully in the possession of Defendant

Mann Technologies, LLC.  In support of the instant Petition, Ellipso states as follows:

**Statement of Facts**

1.      In or about December 2003, Ellipso entered into negotiations with Mann

Technologies, LLC ("Mann Tech"), a Nevada corporation whose corporate status

currently is in default and having a principal place of business in Virginia, and John

Mann, a member of Mann Tech, with respect to a loan Mann Tech proposed to make to

Ellipso.  Castiel Affidavit at ¶ 3.

2.      Robert Patterson, a business consultant for Ellipso since October 2002,

introduced Ellipso to Mann Tech and John Mann and conducted much of the negotiations

with Mann Tech and John Mann on behalf of Ellipso.  Id. at ¶ 4.

3.      Although Patterson owed Ellipso, as its business consultant, fiduciary

duties to act in Ellipso's best interests and not engage in self-dealing, Patterson failed to

advise Ellipso that Patterson also was a member of Mann Tech.  At no time prior to,

during, or after the negotiations did Patterson, John Mann or Mann Tech disclose to

Ellipso the material fact that Patterson was a member of Mann Tech.  Id. at ¶ 5.

4.      Knowing of Ellipso's precarious financial condition in December 2003

and Ellipso's desperate need for financing, Patterson "negotiated" a loan agreement with

Mann Tech, his company, which provided Ellipso a loan of $90,000 which was secured

by over 492,000 shares of publicly traded ICO Global Communications (Holding) Ltd.

("ICOHA Shares") stock.  As of December 2003, the ICOHA Shares were Ellipso's sole

asset of any significant value.  Id. at ¶ 6.

5.      The loan documents contained terms extremely favorable to Mann Tech,

yet Patterson presented the loan as Ellipso's only realistic financing option.  Accordingly,

under severe financial duress, Ellipso executed the loan documents in January 2004.  Id.

at ¶ 7.

6.      As a condition of the loan agreement, Ellipso was required not only to

pledge all its ICOHA Shares as collateral for the loan but also was required to transfer

title to the ICOHA Shares in the sole name of Mann Tech.  As a result, Ellipso was

striped of any and all control over the ICOHA Shares and Mann Tech obtained full title

and control of the ICOHA Shares.  Id. at ¶ 8.

7.      Despite that Mann Tech never has provided Ellipso notice of default under

the loan documents, as it is required to do, and despite that the entire loan transaction was

riddled with fraud and thus is void and should be rescinded, Ellipso learned that

approximately 200,000 of the ICOHA Shares have been sold by Mann Tech within the

past six months.  Id. at ¶ 9.

8.      Within the past six months, the ICOHA Shares have traded between $.50

and $3.55.  Thus, Mann Tech, even assuming the loan transaction was not the fraudulent

scheme that it is, has recovered anywhere between $100,000 and $710,000 on a $90,000

loan.  Id. at ¶ 10.

9.      In addition to the loss of the ICOHA Shares, the fraudulent scheme forced

upon Ellipso prevented Ellipso from securing any other financing during that time as it no

longer had any significant assets – having lost its ICOHA Shares – to pledge as collateral,

resulting in lost profits to Ellipso's caused by its inability to enter various markets, retain

key personnel and by having to accept inequitable terms on future business transactions.

Id. at ¶ 11.

10.    The market value of the ICOHA Shares pledged to Mann Tech as of May 19, 2005 is $670,000.  Id. at ¶ 12.

11.    An attachment before judgment is necessary, therefore, to ensure that Ellipso can recover the ICOHA Shares properly belonging to it from Mann Tech which is a foreign corporation, no longer authorized to conduct business, and owned by John Mann, a Virginia resident, and Robert Patterson, a debarred Virginia and District of Columbia attorney and a Virginia resident.  Id. at ¶ 13.

12.    Pursuant to the attached affidavit of David Castiel, the fair market value of the shares to be attached is approximately $670,000 and the cash proceeds realized by Mann Tech from its sale of 200,000 ICOHA Shares is approximately $200,000.  Id. at ¶ 12.  Thus, the total value of the property to be attached is $970,000.

## **Argument**

Pursuant to Fed. R. Civ. P. 64 and D.C. Stat. § 16-501, the Clerk of Court is authorized to issue a writ of attachment on as much of the property in a third party's possession as "may be necessary to satisfy the claim of [Ellipso]."  § 16-501(f).  The prerequisites to a writ of attachment have been satisfied by Ellipso.

First, the underlying action is for, *inter alia*, the recovery of specific personal property and damages arising from a breach of contract and thus this is an appropriate case in which to issue a writ of attachment.  D.C. Stat. § 16-501(a).  Second, the attached affidavit complies with D.C. Stat. § 16-501(c) in that it:

1.    Demonstrates the grounds for Ellipso's claims against Mann Tech governed by the D.C. attachment before judgment statute (§ 16-501(c)(1));

4

2.      Establishes Ellipso's right to recover the ICOHA Shares as a result of Mann Tech's fraudulent inducement of Ellipso to execute the loan agreement and pledge its ICOHA Shares (§ 16-501(c)(2)); and

3.      Provides a description and value of the ICOHA Shares to be attached (§ 16-501(c)(2)).

Third, attachment before judgment is appropriate because Mann Tech is a foreign corporation.  D.C. Stat. § 16-501(d)(1).  Mann Tech is a Nevada limited liability company having a principal place of business in Virginia.

Accordingly, all prerequisites having been satisfied pursuant to D.C. Stat. § 16-501, Ellipso respectfully requests the Clerk of Court issue a writ of attachment, to be served by the U.S. Marshall, directing UBS to segregate and freeze all ICOHA Shares and any cash or other securities, bonds or other investment instruments held in any account with UBS bearing the name Mann Technologies, John Mann, Consulting Management Ltd or Robert Patterson.

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**

_____/s/_____
Mark S. Guberman (#442683)
1400 K Street, NW
Suite 1000
Washington, DC  20005
(202) 434-9109 (voice)
(202) 783-3420 (facsimile)

*Counsel for Ellipso, Inc.*