IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN B. MANN et al.,<br>        Defendants. | Case No. 05cv001186   (RCL) |

**REPLY
OF DEFENDANTS JOHN B. MANN, MANN TECHNOLOGIES, L.L.C.,
AND THE REGISTRY SOLUTIONS CO. TO THE OPPOSITION OF THE PLAINTIFF
TO THE MANN DEFENDANTS' MOTION FOR AN EXTENSION OF TIME
WITHIN WHICH TO FILE THEIR ANSWERS OR OTHERWISE PLEAD**

NOW COMES DEFENDANTS, John B. Mann, Mann Technologies, L.L.C., and The Registry Solutions Co. ("Mann"), by their undersigned counsel, and hereby files this Reply to the Opposition of the Plaintiff to Mann's motion for an extension of time to October 7, 2005, within which to file their answers or otherwise plead in the matter and to file their opposition to the Plaintiff's Motion for Preliminary Injunction.

This case was filed on June 14, 2005. Mann's location was known at all times to the Plaintiff; the Mann defendants were available at all times to receive service of process. Yet the Plaintiff made no effort to serve the Mann defendants for over two months, until August 17, 2005. even though the Plaintiff has now asserted that it has been "understandabl[y] concern[ed]" that Mann will "abscond" with its property. Opposition at 1. Indeed, on June 17, 2005, three days *after* Plaintiff filed its Complaint against Mann, Ellipso's President, Mr. Castiel, contacted John Mann by e-mail to arrange a meeting to discuss business issues. Throughout the entire five day exchange of very brief e-mails between the two men attempting to set up a meeting, Mr. Castiel

1

not only failed to mention his "understandable concern" but he did not even mention the lawsuit or any of the issues raised in the lawsuit. Mr. Mann was unaware of this lawsuit or its unfounded issues and allegations until he was served on August 17.

The Mann defendants refused to agree to the Plaintiff's extraordinary requirement "to preserve the status quo" – in return for consent to what Plaintiff concedes is a routine motion for extra time – because the suggestion implicit therein that Mann has acted or will act inappropriately is wrong and unjustifiable. Moreover, the request amounts to a demand that the Mann defendants agree to a *de facto* temporary restraining order even though the Plaintiff has not asked for one, cannot sustain a request for one, and is not entitled to an injunction, emergency of otherwise, as is plainly reflected by its inaction. Finally, and more to the point, the Plaintiff does not suggest that the extra time requested is unreasonable or not needed, especially in view of the complex and incorrect allegations in this case and the actual business relationships between the Plaintiff and the Mann defendants.

Accordingly, the Mann defendants respectfully request that an extension of time until October 7 be granted.

Respectfully submitted,

_____/s/_____
Thomas A. Mauro, Bar No. 184515
1020 Nineteenth Street, N.W.
Suite 400
Washington, D.C. 20036
Tel.: (202) 452-9865
Fax: (202) 452-0092
Attorney for Defendants   John B. Mann, Mann Technologies, L.L.C., and The Registry Solutions Co.