IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC., Plaintiff, v. JOHN B. MANN et al., Defendants. | Case No. 05cv001186 (RCL) |

**MOTION TO DISMISS**
**OF DEFENDANT THE REGISTRY SOLUTIONS COMPANY**

Comes now Defendant The Registry Solutions Company ("TRSC"), through its undersigned counsel, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure and for reasons stated in the attached Memorandum of Points and Authorities, moves to dismiss the above-captioned action. The claims against TRSC are covered by an agreement to arbitrate. Accordingly, the Complaint fails to state a claim upon which relief can be granted against The Registry Solutions Company.

Respectfully submitted,

__________/s/__________________

Thomas A. Mauro, Bar No. 184515
1020 Nineteenth Street, N.W.
Suite 400
Washington, D.C. 20036
Tel.: (202) 452-9865
Fax: (202) 452-0092
Attorney for Defendants John B. Mann, Mann Technologies, L.L.C., and The Registry Solutions Co.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC.,<br>Plaintiff,<br>v.<br>JOHN B. MANN et al.,<br>Defendants. | Case No. 05cv001186 (RCL) |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION OF DEFENDANT**
**THE REGISTRY SOLUTIONS CO. TO DISMISS**

Defendant The Registry Solutions Company ("TRSC") submits this Memorandum of Points and Authorities in support of its Motion to Dismiss as to Defendant The Registry Solutions Company ("TRSC") for failure to state a claim upon which relief can be granted.

**FACTS ALLEGED IN COMPLAINT**

Taking the factual allegations of the Complaint as true, the case against TRSC concerns a Complaint for breach of contract. This is set forth as Count XII (paragraphs 100 through 104) in the Complaint. In paragraphs 26 through 30 ("Nature of the Case"), Plaintiff refers to the contract as a memorandum. It is alleged that this contract was breached through non-performance by Defendant TRSC and through non-payment of monies by Defendant TRSC due Plaintiff.

Looking at the written agreement, however, a copy of which is appended to the Plaintiff's Complaint at Tab 4, and accepting it as a true copy, the penultimate paragraph is a standard

arbitration clause with reference to the rules of the American Arbitration Association.[1] The last paragraph contains an integration clause which excludes any parol evidence contrary to the writings therein.

Accordingly, this aspect of a potentially complex case can, and should be referred to Arbitration as requested by the relevant parties to this litigation. Because TRSC is a party to this suit only because of its relationship to the Plaintiff through this contract, as enumerated in Count XII of the Complaint, the Complaint against Defendant fails to state a claim upon which relief can be granted against Defendant. Therefore, this case as to Defendant TRSC should be dismissed with prejudice.

## ARGUMENT

### I. Arbitration Clauses Are Generally Enforced by the Courts.

The reasons for recognizing and enforcing arbitration clauses are numerous. Private arbitration is a less expensive alternative for the parties and helps to reduce the number of issues before the Court. Federal Courts recognize a "strong policy in favor of voluntary commercial arbitration, as embodied in the United States Arbitration Act." *Hanes Corp. v. Millard*, 174 U.S. App. D.C. 253, 265; 531 F. 2d 585, 597 (1976). The District of Columbia has a similar statute (D.C. Code sections 16-4301 *et seq.*). See *Smith Wilson Co. v. Trading and Development Establishment*, 741 F. Supp.14 (D.D.C. 1990).

Arbitration is basically a contractual creation. The record in this case is already replete with written agreements and amendments thereto. The initial contract in question is also

---

[1] It provides: "Any dispute concerning this agreement shall be submitted to binding arbitration pursuant to the Rules of the American Arbitration Association, or such other arbitration procedures as the parties may agree." Complaint, Tab 4, at page 3.

amended several times by subsequent agreements also in writing. So, it would seem that the parties had ample opportunity to rethink any aspects of the agreement either thought to be ill advised. In fact, the amendments to the original "Memorandum of Agreement" all state that all other terms of the agreement remain intact.

## II. Although Fraud in the Inducement May Have Been Alleged, None of the Allegations Refer Specifically to the Formation of the Arbitration Clause Itself.

There is a line of cases that apply the concept of fraud generally to the rescission of contracts. When these cases address the issue of whether an allegation of fraud negates an underlying arbitration clause, they come down squarely in favor of allowing the case to go to arbitration unless the actual arbitration clause itself was claimed to be fraudulently induced. *Hercules & Co. v. Shama Restaurant,* 613 A. 2d 916 (D.C. 1992). Whether the arbitration clause itself is valid is, of course, a threshold question for the court. *Haynes V. Kuder* 591 A. 2d 12 86 (D.C. 1991) and *Poire v. Kaplan*, 491 A. 2d 529 at 531 (D.C. 1985). In *Hercules*, the District of Columbia Court of Appeals' decision to dismiss a count of that complaint was based upon Rules 12(b)(6) and 12(c), to wit, that the plaintiff is entitled to a trial of an issue of law or fact (including the issue of whether an arbitration clause was fraudulently induced) only if the complaint alleges facts sufficient to support a claim upon which relief may be granted.

Plaintiff's Complaint, read as a whole, contains a number of general allegations concerning its relationship with the various defendants. These alleged acts are generally characterized by Plaintiff as unfair, evidencing a lack of good faith, or even showing fraudulent intent. These allegations, however, go to the relationship of the parties generally, and not to any inducement of future arbitration itself for whatever advantage that might confer either to the Plaintiff or to TRSC.

**CONCLUSION**

The Complaint fails to state a claim upon which relief can be granted against Defendant TRSC. Therefore, Count XII ("Breach of Contract Against Registry") should be dismissed.

For the foregoing reasons, Defendant TRSC respectfully requests that this Honorable Court grant its Motion to Dismiss the Complaint as to TRSC and grant such further and additional relief as this Court deems just and proper.

Respectfully submitted,

__________/s/__________________
Thomas A. Mauro, Bar No. 184515
1020 Nineteenth Street, N.W.
Suite 400
Washington, D.C. 20036
Tel.: (202) 452-9865
Fax: (202) 452-0092
Attorney for Defendants John B. Mann, Mann Technologies, L.L.C., and The Registry Solutions Co.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC., Plaintiff, v. JOHN B. MANN et al., Defendants. | Case No. 05cv001186 (RCL) |

**ORDER**

Upon consideration of Defendant The Registry Solutions Company's Motion to Dismiss and plaintiff's Opposition thereto, and the parties having been heard, it is on this _______________ day of ____________________ 2005,

ORDERED, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, that said motion to dismiss is GRANTED; and it is

FURTHER ORDERED, that all Counts of the Complaint are dismissed as to Defendant The Registry Solutions Company, for failure to state a claim upon which relief can be granted.

______________________________________
UNITED STATES DISTRICT JUDGE

Copies to:

Thomas A. Mauro, Esquire
1050 17th Street, N.W.
Suite 1200
Washington, D.C. 20036

Mark Guberman, Esquire
1400 K Street, NW
Suite 1000,
Washington, DC 20005.