IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELLIPSO, INC.** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No.: 05-01186 (RCL) |
| ) | |
| **JOHN B. MANN, et al.** ) | |
| ) | |
| ) | |
|     **Defendants.** ) | |
| _____) | |

**PLAINTIFF'S RESPONSE TO THE
REGISTRY SOLUTIONS CO.'S MOTION TO DISMISS**

Plaintiff Ellipso, Inc. ("Ellipso") respectfully submits the instant response to Defendant The Registry Solutions Co.'s ("Registry") motion to dismiss Count XII for Breach of Contract against it on the basis that the underlying contract contains a mandatory arbitration clause.

The cases cited by Registry in support of its motion notwithstanding, it is clear from the Defendants' (John Mann, Mann Technologies, LLC ("Mann Tech") and Registry) various pleadings in this case that Mann Tech and Registry do not obey or adhere to any corporate formalities[1], funds between the two "corporate" defendants are commingled and John Mann appears to consider Mann Tech and Registry interchangeable entities. This is demonstrated most clearly by Mann Tech's allegation, in support of its opposition to Ellipso's motion for preliminary injunction, that Mann Tech and/or Registry have incurred $250,000 in costs implementing 881 telephony services as

---

[1] Mann Tech concedes that it presently is not authorized to conduct business in any state. *See* Declaration of John Mann at ¶ 2. Registry, in its motion, does not address the allegation in the complaint that it similarly is not authorized to conduct business under the laws of any state. It is questionable, therefore, whether Registry even can seek to dismiss the claims against it given its status as a non-entity.

a result of Ellipso's alleged breach of its contract with Registry, notwithstanding that Mann Tech's only involvement with Ellipso was the fraudulent loan scheme and the contract between Ellipso and Registry – similarly borne of fraud – does not authorize Registry or Mann Tech to provide 881 services.  *See* Opposition to Motion for Preliminary Injunction at 5.

That Mann Tech and Registry commingle funds and resources – and jointly participated in defrauding Ellipso – demonstrates that issues involving the Registry/Ellipso contract are inextricably intertwined with the other eleven counts in the complaint.  Indeed, Mann Tech, in its opposition to the motion for preliminary injunction, argues that Ellipso knew of Robert Patterson's conflicting fiduciary duties because Ellipso knew that Patterson was involved with Registry.  *See* Declaration of John Mann at ¶ 14.

Thus, given that the Defendants view themselves as a combined entity and that judicial economy is promoted by litigation in this Court of all counts, which derive from the same underlying operative facts, rather than litigating claims in a piecemeal fashion, principles of equity and judicial efficiency warrant denial of Registry's motion to dismiss.

        Respectfully submitted,

        **LEFTWICH & LUDAWAY, LLC**

        _____/s/_____
        Mark S. Guberman (#442683)
        1400 K Street, NW
        Suite 1000
        Washington, DC  20005
        (202) 434-9109 (voice)
        (202) 783-3420 (facsimile)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ELLIPSO, INC.**           )<br>                              )<br>     **Plaintiff,**           )<br>                              )<br>v.                            )<br>                              )<br>**JOHN B. MANN, et al.**     )<br>                              )<br>                              )<br>     **Defendants.**          )<br>_____) | Civil Action No.: 05-01186 (RCL) |

## ORDER

This matter comes before the Court upon motion of Defendant The Registry Solutions Co. to dismiss Count XII of the Complaint. Upon review of the motion to dismiss, Plaintiff's response thereto, the record herein and for good cause shown, it is hereby this _____ day of _____, 2005:

   **ORDERED** that the motion to dismiss is **DENIED.**


　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Royce C. Lamberth
　　　　　　　　　　　　　　　　　　　　　　　Judge, United States District Court
　　　　　　　　　　　　　　　　　　　　　　　 for the District of Columbia