UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1186 (RCL) |
| ) | |
| JOHN B. MANN, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on the plaintiffs' motion for a preliminary injunction. Oral argument was heard on October 28, 2005. Upon consideration of plaintiffs' motion [4], the opposition thereto [17], plaintiff's reply [18], the arguments of counsel, the applicable law, and the record in this case, the Court finds that plaintiff's motion for preliminary injunction should be GRANTED, but the Court will entertain the idea of lifting the preliminary injunction as long as the Court is assured that plaintiff will be able to recoup relief if it is successful on the merits.

**BACKGROUND**

Plaintiff, Ellipso, Inc.[1], entered into a collateralized loan agreement with defendant Mann Technologies, L.L.C. ("Mann Tech") on January 30, 2004. Defendant, Robert B. Patterson ("Patterson"), a business consultant for Ellipso since October 2002, was hired to identify debt and/or investor financing on favorable rates and terms and to protect Ellipso's intellectual

---

[1] Ellipso, Inc. is a Delaware corporation doing business in the District of Columbia and having a principal place of business in Washington, D.C. Ellipso is a telecommunications company that, among other endeavors, markets satellite telecom products to third parties for their use in routing telephone calls. Compl. 2.

1

property and assets. Patterson introduced Ellipso to Mann Tech and John Mann[2] ("Mann") and conducted much of the negotiations with Mann Tech and Mann on behalf of Ellipso. Castiel Aff. ¶ 4. Both Mann and Patterson incorporated Mann Tech on February 25, 2004, a month after they had entered the collateralized loan agreement with Ellipso on January 30, 2004.

In December 2003, Patterson negotiated a loan agreement with Mann Tech, which provided Ellipso a loan of $90,000 which was secured by over 492,000 shares of publicly traded ICO Global Communications (Holding) Ltd. stock ("ICOHA Shares"). As of December 2003, the ICOHA Shares were Ellipso's sole asset of any significant value. Id. ¶ 7. The loan documents also provide that a default by Ellipso allows Mann Tech to take possession of the collateral.

The loan documents required Ellipso to pledge all its ICOHA Shares as collateral for the loan. Although the loan documents only required Ellipso to pledge its ICOHA Shares as collateral, plaintiff argues Patterson later advised Ellipso that the loan documents required that title and possession to the ICOHA Shares be transferred to and in the sole name of Mann Tech. Thus, on or about August 12, 2004, UBS Financial Services in Washington, D.C. deposited the ICOHA Shares into Mann Tech's account. As a result, Ellipso lost all ownership and control of its major asset and Mann Tech obtained full title and control of the ICOHA Shares. Id. ¶ 9.

Plaintiff alleges that the loan documents contained terms and conditions extremely favorable to Mann Tech, and onerous and unconscionable to Ellipso. According to plaintiff, Patterson presented the loan as Ellipso's only realistic financing option. Relying on the advice

---

[2] John B. Mann is a member of Mann Technologies, LLC and a director for The Registry Solutions Company.

and counsel of Patterson, Ellipso's financial consultant, Ellipso executed the loan documents in January 2004.  Id. ¶ 8.  Plaintiff also contends that Mann Tech never provided Ellipso notice of a default as required under the loan documents, and despite that the entire loan transaction was fraudulent and is unenforceable, Mann Tech wrongfully exercised the power of sale provision in the loan documents without notice to Ellipso and, within the past seven months, sold approximately 200,000 of the ICOHA Shares.  Id. at ¶ 10.

The increasing value of the ICOHA Shares within the past seven months underscores the urgency of safeguarding the remaining unsold ICOHA Shares.  The ICOHA Shares recently have traded at or above $5.00.  Thus, even assuming the loan transaction was not fraudulent, the market value of the ICOHA Shares pledged to Mann Tech as of August 10, 2005 exceeds $2,500,00.00.  Id. ¶ 12.

Plaintiff asks that a preliminary injunction be granted to to ensure that the remaining collateral is protected while Ellipso's claims are adjudicated and so that Ellipso can recover the ICOHA Shares from Mann Tech.  Plaintiff alleges that Mann Tech presently conducts no business and, aside from the ICOHA Shares and cash proceeds from the sale of a portion of the ICOHA Shares, has no other assets of substantial value which could be used to satisfy a judgment in Ellipso's favor on its claim for rescission.  Id. ¶ 14.  Defendants do not deny this allegation.

**LEGAL STANDARD**

A preliminary injunction is available to Ellipso in this case which seeks equitable rescission of the loan documents and a return of the ICOHA Shares of which the defendants took possession, title and control.  Deckert v. Independence Shares Corp., 311 U.S. 282, 290 (1940)

(upholding preliminary injunction to freeze defendant's assets to ensure availability of remedy on rescission claim). In addressing Ellipso's request for a preliminary injunction, the Court should consider following factors: (1) the plaintiff's likelihood of success on the merits; (2) the threat of irreparable injury to the plaintiff absent the injunction; (3) the possibility of substantial harm to other parties caused by issuance of the injunction; and (4) the public interest. Nat'l Wildlife Fed. v. Burford, 835 F.2d 305, 333 (D.C. Cir. 1987). No one factor is determinative and the Court should balance Ellipso's showings among the four factors on a sliding scale. Mova Pharm. Corp. v. Shalala, 140 F.3d 1060, 1066 (D.C. Cir. 1998).

## ANALYSIS

### A.  Irreparable Harm

Defendants presently have title to and possess over 200,000 ICOHA Shares which allegedly belong to Ellipso as well as the cash proceeds from the sale of approximately 200,000 shares of the original collateralized ICOHA Shares. Ellipso's ability to ever recover the ICOHA Shares and cash proceeds from defendants pursuant to the rescission count is doubtful absent injunctive relief.

Mann Tech is a Nevada corporation which purportedly conducts business in Virginia, the location of its principal office. Mann Tech has no business operations and its only significant assets are Ellipso's ICOHA Shares and the cash proceeds from its sale of approximately 200,000 ICOHA Shares. (Pl.'s Mot. 6.) Plaintiff further alleges that given Mann and Patterson's background, they are sure to transfer the ICOHA Shares and cash proceeds to themselves. Id. Therefore, absent injunctive relief, Ellipso will have little likelihood of recovering its assets from

either individual. Thus, Ellipso will be irreparably harmed in the absence of the injunctive relief it requests herein.

Although defendants argue that Ellipso can be "adequately compensated in money damages" and thus no injunction should issue, defendants' argument misconceives the issue. (Defs.' Opp'n 4.) The great weight of authority holds that preliminary relief is available on an equitable claim to preserve a defendant's assets. <u>Deckert</u>, 311 U.S. 282, 290 (1940) (upholding preliminary injunction to freeze defendant's assets to ensure availability of remedy on rescission claim); <u>Elliott v. Kiesewetter</u>, 98 F.3d 47, 58 (3d Cir. 1996) (upholding preliminary injunction to freeze assets which were subject of equitable claims); <u>Foltz v. U.S. News & World Report</u>, 760 F.2d 1300, 1309 (D.C. Cir. 1985) (acknowledging that injunctive relief is appropriate to freeze *status quo* on a claim for equitable relief); e.g., <u>Federal Sav. & Loan Ins. Corp. v. Dixon</u>, 835 F.2d 554 (5th Cir. 1987); <u>FTC v. H. N. Singer, Inc.</u>, 668 F.2d 1107 (9th Cir. 1982); <u>Fairview Machine & Tool Co. v. Oakbrook Int'l, Inc.</u>, 77 F. Supp. 2d 199 (D. Mass. 1999); <u>Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc.</u>, 737 F. Supp. 1521 (S.D. Cal. 1990).

Here, given the circumstances, preservation of Mann Tech's only known assets – the ICOHA Shares and proceeds therefrom – is warranted. Accordingly, injunctive relief should be granted.

      **B.**    **<u>Likelihood of Success on the Merits</u>**

Ellipso has satisfied the Court that it has a substantial chance of prevailing on its claim for rescission of the loan documents. Ellipso could likely show that the Mann defendants fraudulently induced Ellipso to execute the loan documents, by not disclosing Patterson's dual role in this matter. Defendants knew that Ellipso was actually relying on Patterson to advise and

counsel with respect to financing options and thereby allege that Patterson took advantage of Ellipso's position and directly caused substantial monetary damages to Ellipso. Had Ellipso been aware of Patterson's conflicting duties, Ellipso more than likely would not have executed the loan documents and probably would still be in possession of all its ICOHA Shares. Plaintiff alleges that defendants actively concealed Patterson's dual role from Ellipso for they knew that Ellipso would have been more vigilant, sought independent counsel and not agreed to the terms and conditions of the deal. Plaintiff has presented sufficient evidence to the Court and therefore has a likelihood of success on the merits of this case.

Defendants contend that Ellipso is not likely to succeed on the merits because Ellipso knew of co-defendant Patterson's ownership interest in Mann Tech. This claim is not supported by the record. Although defendants make much of Ellipso's alleged knowledge of Patterson's dual and conflicting loyalties as of September 2004, pursuant to a jointly executed stock transfer signed by Patterson on behalf of Mann Tech, defendants are unable to rebut that plaintiff did not know at the time of the negotiation and execution of the loan agreement on January 30, 2004 and thereafter. Ellipso argues that prior to September 2004 it was unaware that Patterson, who continued to provide advice and counsel to Ellipso, was an owner of Mann Tech. All defendants state is that Patterson's ownership interest was common knowledge. Accordingly, Ellipso is likely to succeed on the merits of its claim for rescission and injunctive relief is warranted.

    C.    **Balance of the Hardships**

As discussed above, absent the preliminary relief requested herein, Ellipso will be denied a source to recover its lost property. On the other hand, defendants will not be harmed by the entry of a preliminary injunction as the ICOHA Shares will remain in their possession. Though

defendants will be unable to sell the ICOHA Shares, this harm does not tip the balance in their favor.

Defendants argue that the balance of hardships favors them because Ellipso has breached a separate agreement with Registry Solutions. That transaction, however, is not at issue in this case. Moreover, the Court is open to lift the preliminary injunction in the event that defendants submit a proposal to plaintiff and the Court demonstrating financial assets sufficient to meet any award that this Court may grant plaintiff if it is successful on the merits of this case. Thus, the only party which will suffer any hardship is Ellipso if it is not granted preliminary relief.

### D. The Public Interest

The public interest clearly favors granting the preliminary injunction. It is in the public interest to prevent a corporation from defrauding a company lawfully operating in the District of Columbia. Defendants argue that the public has an interest in being able to rely on the enforceability of contracts that are negotiated in good faith. This argument is a valid one if the contract in question was negotiated in good faith. There is sufficient evidence in the record that suggests that the terms of the contract may not have been negotiated in good faith. Therefore, if defendants have fraudulently induced plaintiff to sign the loan agreement, the preliminary injunction will protect against further illegal actions pending resolution of the merits. Furthermore, the preliminary injunction will serve the public by protecting corporations from fraud and malfeasance.

### CONCLUSION

For the reasons set forth above, the plaintiff's motion for a preliminary injunction shall be GRANTED.

A separate order shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, November 2, 2005.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELLIPSO, INC.**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1186 (RCL) |
| ) | |
| **JOHN B. MANN, et al.**, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Upon consideration of the Plaintiff's Motion [4] for a Preliminary Injunction, the opposition thereto [17], the reply brief [18], oral arguments and the applicable law, it is hereby

ORDERED that the Plaintiffs' Motion [4] for a Preliminary Injunction is GRANTED; for the reasons stated in an accompanying memorandum opinion, and it is further

ORDERED that the defendants cannot sell, transfer or remove from the jurisdiction the remaining ICOHA Shares and the cash proceeds from their previous sale of ICOHA shares, and it is further

ORDERED that pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, the Court directs plaintiff to post a security bond in an amount to be determined. The parties are ordered to discuss and confer within five (5) days of this date and propose the terms of the bond or submit separate proposals to the Court. It is further

ORDERED that defendants may, at any time, file with the Court and serve on the plaintiffs a proposal to lift the preliminary injunction. Defendants' proposal must include a

listing of assets that would be sufficient to pay plaintiff in the event plaintiff is successful on the merits of the above-captioned case.

SO ORDERED.


Signed by Royce C. Lamberth, United States District Judge, November 2, 2005.