IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN B. MANN, et al. )<br>)<br>Defendants. )<br>) | Civil Action No.: 05-01186 (RCL) |

## PLAINTIFF'S REPORT RESPECTING PROPOSED BOND

On November 2, 2005, this Court entered an Order granting Plaintiff Ellipso, Inc.'s ("Ellipso") motion for preliminary injunction and provided the parties five days to propose the terms of the required bond. For several reasons, the parties are unable to agree on terms and, thus, Ellipso states as follows:

Inexplicably, at no point throughout the preliminary injunction proceedings did the Defendants Mann Technologies, LLC, John Mann and Robert Patterson (the "Mann Defendants") object or deny Ellipso's good faith representation that approximately 200,000 ICOHA shares, and all the proceeds from the sale of an additional 293,000 ICOHA shares, were maintained in an account with UBS Financial Services in Washington, DC. Upon entry of the Court's November 2nd Order, Defendants advised, for the first time, that only 40,000 ICOHA shares and $4000 remained in the UBS account. The remaining proceeds from the sale of 453,000 ICOHA shares already had been transferred to other accounts and dissipated.

The Court's Order, however, was entered on the presumption, never denied by the Mann Defendants, that all the unsold ICOHA shares and cash proceeds therefrom had not

been dissipated and were maintained in the UBS account.[1] The Mann Defendants, after secretly dissipating Mann Technologies' assets and failing to disclose to the Court the actual status of the ICOHA shares and cash proceeds therefrom, now brazenly refuse to advise Ellipso of the whereabouts of those cash proceeds for purposes of complying with this Court's Order. *See* Letters between counsel, Exhibits 1 and 2.

The Mann Defendants' actions are the epitome of gamesmanship and should not be countenanced. Accordingly, Ellipso respectfully requests that this Court clarify that its November 2nd Order prohibits the Mann Defendants from selling, transferring or removing, from <u>any</u> financial or banking institution, the ICOHA shares and cash proceeds therefrom.

In the interim, given the above assets that the Mann Defendants do acknowledge as being subject to the Order, Ellipso proposes a bond amount of $68,000. Presently, ICOHA shares trade at $3.80. Since March 1, 2005, when trading in ICOHA shares finally matured and stabilized, the lowest price at which ICOHA shares have traded is $2.10 on May 17, 2005. Thus, the Mann Defendants' potential, realistic loss during the pendancy of this litigation, protection from which is the bond's sole purpose, is $1.70 per share or $68,000. Accordingly, Ellipso respectfully proposes a bond of $68,000[2] and requests ten days to secure said bond.

---

[1] Of course, the Order does not mention UBS and should be understood to apply to all ICOHA shares and proceeds therefrom wherever they may be located.

[2] The Mann Defendants have proposed, without any justification, a bond of $250,000. Given the above, the Mann Defendants' proposed bond appears punitive in nature and not designed to simply provide the Mann Defendants adequate protection.

Of course, should the Court clarify its Order to reflect the Court's intent and upon the Mann Defendants' disclosure of all assets subject to the injunction, Ellipso will submit new proposed bond terms.

2

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**


_____/s/_____
Mark S. Guberman (#442683)
1400 K Street, NW
Suite 1000
Washington, DC  20005
(202) 434-9109 (voice)
(202) 783-3420 (facsimile)

*Counsel for Ellipso, Inc.*

3