IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC., | |
| Plaintiff, | |
| v. | Case No. 05cv001186  (RCL) |
| JOHN B. MANN et al., | |
| Defendants. | |

**MOTION OF THE MANN DEFENDANTS TO RECONSIDER AND VACATE
THE NOVEMBER 2, 2005, ORDER GRANTING PLAINTIFF'S MOTION FOR A
PRELIMINARY JUDGMENT AND, IF REQUIRED, TO SET BOND AT $250,000.00**

The Mann Defendants,  by their attorney, Thomas A. Mauro, respectfully request the Court

to reconsider its Order signed November 2, 2005, granting a Preliminary Judgment to Plaintiff

Ellipso, Inc.  The Court entered the subject Order primarily on the ground that the Defendant

Patterson failed to disclose his equity interest in Defendant Mann Technologies L.L.C. while at the

same time providing consulting services to Ellipso.  Although the Court's Order also cited a loan

agreement with "term and conditions extremely favorable to Mann Tech..." it was Plaintiff's alleged

reliance upon Defendants Patterson's advice regarding said loan agreement which led to the

agreement.  *See* Order signed November 2, 2005.

<u>**Reconsideration is Proper**</u>

Reconsideration is proper in this case because facts available to the Court only hours before

the hearing would lead it to a different result.  The evidence supporting the failure of Patterson to

disclose his dual role comes only from the Affidavit submitted with the Plaintiff's Motion for

Preliminary Injunction (Affidavit of David Castiel).  In this affidavit, ¶5, Castiel baldly states:

1

"Patterson failed to disclose to Ellipso that Patterson was himself a member of Mann Tech.  At no time prior to, during, or after the negotiations did Patterson, Mann or Mann Tech disclose to Ellipso the material fact that Patterson was a member of Mann Tech and, failing this, had conflicting fiduciary duties."

Despite this unequivocal denial by Castiel, Defendant Patterson's submission contains an email authored by the same David Castiel sent to Defendant Patterson in October 2004 acknowledging Patterson's dual role.  Castiel attributes his knowledge of such a role to having heard of it from Patterson himself in the summer of 2004.  Castiel discusses sources of compensation for Patterson:

"My understanding was that you were "covered" <u>as you indicated to me starting in June</u> through a variety of sources, including the Ineva customer base sold to LookNet, of which you are a substantial holder <u>and TRSC/Mann Tech (of which you are a substantial holder as well)</u> who had agreed to fund certain "registry" related development activities."

*See*, Hearing Memorandum of Defendant Robert B. Patterson, exhibit 12, attached to this Motion as **Exhibit #1**. (Emphasis added.)  To put Castiel's words into perspective, the now contested transfer of the pledged stock had not yet occurred as of June 2004.  Thus, even if Castiel did not know earlier about Patterson's dual role – an allegation very much in dispute – Castiel/Ellipso knew at the time of the transfer of the pledged stock which was September, 2004.[1]

Defendants Mann, Mann Tech and TRSC did not address this crucial fact in prior submissions to this Court because it was not yet available to them, although it was technically a part of the record through Patterson's eleventh-hour filing.  As noted previously in their pleadings, however, it has always been the contention of all defendants that Castiel, as CEO of Ellipso, and otherwise, had knowledge of Patterson's exact role.  As this email shows (and as will be doubtlessly shown through other evidence yet to be discovered and facts to be

---

[1]  By this time, September 2004, Plaintiff had defaulted on the loan.

developed), this dual role was an open arrangement accepted by all and the loan document was

an arm's length agreement.  Plaintiff's case has been made entirely upon Patterson's alleged

duplicity and Plaintiff's reliance upon him in entering into the loan agreement.  Having shown

that this is a misrepresentation, substantively, there is no longer a factual basis in this record to

support the October 28, 2005 Order.  Accordingly, reconsideration by this Court is warranted.

### The Bond Issue

The Court's Order provided for a bond to be set to maintain the status quo and the parties

have endeavored to reach an agreement but have failed. <u>Notwithstanding suggestions in this</u>

<u>record to the contrary, no shares of the pledged stock were sold after this lawsuit was filed in</u>

<u>June 2005. The last sale by Mann Tech was in March 2005. It is unfair to try to gain advantage</u>

<u>on this point when the question simply was never put to the Defendants</u>. Thus, when this lawsuit

was filed, there were 40,000 shares of ICOHA in the Mann Tech UBS account. When the lawsuit

was served to Mann Tech in August 2005, the stock was at $5.20/ share. The Bond should

indemnify Mann Tech against its return to its $.02 /share level of Oct. 25, 2004. That would

require a bond of at least $200,000.00. Of course, the stock is extremely volatile, and might

double again, and then fall. This stock has an amazing history of wide swings which would make

a bond of $400,000.00 more reasonable. (See Tab 5 of Defendant Patterson's Hearing

Memorandum.) In fact, it is likely that Ellipso is selling its cache of ICO stock[2] and forcing this

thinly traded stock down. Counsel for Ellipso's proposed bond amount of $68,000.00 for these

shares is plainly inadequate protection for the Mann Defendants, if the stock is frozen in place,

---

[2] Contrary to its suggestion that the 40,000 shares of the stock are Ellipso's only potential asset, the record will show that while Mann Tach held its pledged shares, Ellipso held at least two <u>million</u> (2,000,000) <u>additional</u> shares of ICO stock.

given the history and operation of this stock and the inability of Mann Tech to capitalize on its wide swings.

Accordingly, counsel for Defendants maintains that, if the Court does not vacate the injunction, a bond in the amount of at least $250,000.00 is currently necessary to protect the Mann Defendants' interests adequately.

### Attempt to Obtain Plaintiff's Consent to the Relief Requested

On November 7 counsel for the Defendants requested the consent of counsel for Plaintiff Ellipso to the relief requested in this Motion. *See* Counsel's November 7, 2005 letter to Plaintiff's Attorney, attached hereto as **Exhibit #2**. Plaintiff's counsel has declined to consent to such relief. *See* Facsimile letter dated November 8, 2005, attached hereto as **Exhibit #3**.[3]

In addition, defendants' Counsel will be away on vacation beginning November 9, 2005 and will not return until November 21, 2005.  In light of this fact and in consideration of the fact that negotiations regarding the bond have come to an impasse, Defendants request that this Court set the bond required at $250,000.00 and postpone any hearings on this matter until Counsel's return.

### CONCLUSION

In consideration of the above, the Mann Defendants  respectfully request that this Court not only reconsider its November 2, 2005, ruling but vacate that ruling as plainly not supported by this record, and deny any Plaintiff's request for an expanded preliminary injunction.

---

[3] Plaintiff's letter seems to suggest that the Court's Order goes beyond preservation of the status quo to cover events that occurred before the filing of the lawsuit. For the Court to apply its injunction retroactively would be punitive, not supported by the record. Moreover, such relief is not before the Court. Any attempt to informally expand the Court's Order should be soundly rejected.

4

Defendants further request that this Court set the bond required at $250,000.00 and postpone any

hearings on this matter until Counsel's return. An Order is attached for consideration of the

Court.

Respectfully submitted,

_____
Thomas A. Mauro, Esq.
**Mauro Law Offices, P.C.**
Bar No. 184515
1020 19th  Street, N.W.
Suite 400
Washington, D.C. 20036
PH: (202) 452-9865
Attorney for the Mann Defendants

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC.,

                          Plaintiff,

            v.                                    Case No. 05cv001186  (RCL)

JOHN B. MANN et al.,
            Defendants.

## **ORDER**

This matter is before the Court upon the Motion of Defendants, John B. Mann, Mann

Technologies, L.L.C., and The Registry Solutions Co. for a reconsideration of the Order of this

Court, dated October 28, 2005, within which the Plaintiff's Motion for Preliminary Injunction

was granted.  Upon consideration of the Motion, any Opposition thereto, and the entire record in

this case, it is this ___ day of November, 2005, hereby

ORDERED, that the Motion of defendants John B. Mann, Mann Technologies, L.L.C.,

and The Registry Solutions Co. for reconsideration be granted and that the Order of October 28,

2005 be, and it hereby is, VACATED.

                                            _____
                                            Royce C. Lamberth
                                            United States District Judge

Copies to:

Thomas A. Mauro, Esq.
1020 Nineteenth Street, N.W.
Suite 400
Washington, D.C. 20036

Mark S. Guberman, Esq.
1400 K Street, N.W.
Suite 1000
Washington, D.C. 20005