IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. | ) |
| Plaintiff, | ) |
| v. | ) Case No. 05cv001186 (RCL) |
| JOHN B. MANN, et al., | ) |
| Defendants. | ) |

**MOTION OF DEFENDANT ROBERT B. PATTERSON
TO
AMEND THE PRELIMINARY INJUNCTION
TO
REQUIRE THAT ELLIPSO, INC. RE-IMBURSE DEFENDANTS
FOR ALL PROVEN COSTS OF THE INJUNCTION**

COMES NOW Defendant Robert B. Patterson, ("Patterson"), *pro se,* and moves this Honorable Court to amend the Preliminary Injunction Order entered November 2, 2005, to require that Ellipso, Inc. reimburse defendants for all proven costs incurred by defendants as a consequence of the injunction.

THE ICOHA SHARES:  The collateral subject to the injunctive order is approximately 40,000 shares of ICOHA common stock. This is a high tech, venture capital stock, of a company whose value is highly speculative. In the past year the stock's value has fallen to zero, and risen to $5.60 per share. Since August when the instant action was served on the defendants, the stock has lost one-third of its share value,

RECEIVED
NOV - 9 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

and continues to fall in price. The bond amount offered by Ellipso, $68,000.00, does not even cover defendants' losses since August. Any bond should be sufficient to make defendants whole in the event the stock continues to fall, and again becomes worthless.

Ellipso states that its only asset is the ICHOA shares it holds, approximately 3,700,000 shares. If the shares again become worthless, there will be no Ellipso assets to reimburse defendants' losses. Hence the cash bond should be at least equal to the value of the collateral, which is 40,000 shares x $5.60 = $224,000.00. Moreover, in the event the stock should increase in value in excess of the bond amount, Ellipso should be required to post additional amounts to ensure that defendants' are not left without recourse.

OTHER MANN TECHNOLOGIES INVESTMENTS: Mann Technologies has other investments, (see, Mann affadivit, paragraph 24). The ICOHA shares subject to the Injunctive Order constitute more than ninety per cent (90%) of Mann Technologies liquid assets. In the absence of the liquidity afforded by the ICOHA shares, Mann Technologies is unable to protect these other investments. In the event that defendants prevail in this action, the Preliminary Injunction Order should be modified to permit defendants to prove other losses incurred as a consequence of the injunction.

OPPORTUNITY COSTS: Mann Technologies is in the investment business. The Injunctive Order effectively puts Mann Technologies out of business. Mann Technologies currently has other investment opportunities available to it. The Court's Order should be modified to specify that should the defendants prevail in this matter,

defendants shall be afforded the opportunity to quantify these lost opportunity costs as an additional measure of damages against Ellipso.

PATTERSON'S COSTS: Although Ellipso withdrew its Motion for Preliminary Injunction against Patterson, he is nevertheless adversely impacted by the November 2, 2005, Order. Patterson and others have been involved in developing and patenting a business for the past several years. It is now ready to launch. Patterson had expected to be able to fund at least a part of this new business through Mann Technologies, of which he is part owner. The Injunctive Order precludes this possibility. Patterson will thus have to seek funding elsewhere, where he has no ownership interest, with a concomitant loss of potential profits to Patterson. Patterson does not seek additional bond for this exposure, but does ask this Court to modify its order to afford Patterson the opportunity to prove up these losses as a measure of damages against Ellipso, in the event that defendants prevail in this action.

PLAINTIFF'S CONSENT: Patterson has not sought plaintiff's consent for this relief as Ellipso's position on the proper bond amount obviously precludes consent to the relief sought here.

PATTERSON'S SCHEDULE: Patterson will be traveling between November 17, 2005, and November 30, 2005. Patterson asks that any hearings in this matter be scheduled outside those dates.

CONCLUSION: Consequently, Patterson respectfully requests that the Court a) set the bond at $250,000.00; b) require the posting of additional amounts in the event the value of the ICOHA shares exceed that amount; c) modify the November 2, 2005 Order to permit defendants (should they prevail in the case in chief) to prove additional damages as a consequence of the injunction; and d) schedule any hearings out side November 17 thru 30, 2005.

Respectfully submitted,

Robert B. Patterson, *pro se*
1643 Hunting Creek Drive
Alexandria, Virginia 22314
Phone: (571) 278-7076

Certificate of Service:

I, Robert B. Patterson, certify that a true and correct copy of the foregoing, together with all attachments was mailed, first class, postage prepaid, this ___ day on November, 2003, to Mark S. Gubberman, Esq. 1400 K St., N.W., Suite 1000, Washington, D.C. 20005; and to Thomas A Mauro, Esq., 1020 Nineteenth St., N.W., Washington, D.C. 20036.

Robert B. Patterson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. )<br>)<br>Plaintiff, )<br>) Case No. 05cv001186 (RCL)<br>v. )<br>)<br>JOHN B. MANN, et al., )<br>)<br>Defendants. )<br>) | |

### ORDER

This mater is before the Court on the Motion of Defendant, Robert B. Patterson, for a modification of Order of the Court entered November 2, 2005, granting Plaintiff's Motion for a Preliminary Injunction. Upon consideration of the Motion, any Opposition thereto, and the entire record in this case, it is this ___ day of November, 2005, hereby

ORDERED, that the Preliminary Injunction Order shall become effective upon the posting of a cash bond in the amount of $250,000.00;

that in the event that the value of the ICOHA shares which are the subject of the injunction increase in value in excess of $250,000.00, Plaintiff shall forthwith post additional cash bond sufficient to cover any such increased value; and,

that upon dissolution of this injunction, defendants shall be permitted to present proof of any damages which they suffered as a consequence of this injunction.

Royce C. Lamberth
United States District Judge

Copies to:

Thomas A. Mauro, Esq.
1020 Nineteenth St., N.W.
Suite 400
Washington, D.C. 20036

Mark S. Guberman, Esq.
1400 K St., N.W.
Suite 1000
Washington, D.C. 20005

Robert B. Patterson
1643 Hunting Creek Dr.
Alexandria, VA 22341