UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC., | ) |
|     Plaintiff, | ) |
| v. | )    Civil Action No. 05-1186 (RCL) |
| JOHN B. MANN, et al., | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION**

This matter comes before the Court on plaintiff's report [24] respecting a proposed bond, Mann defendants' motion [25] for reconsideration and proposed terms of the bond, plaintiff's report [26] respecting the revised bond proposal, and defendant Patterson's motion [27] to amend the preliminary injunction. Pursuant to this Court's Memorandum Opinion and Order ("Order") [23] dated November 2, 2005, the parties were to confer and submit joint or separate bond term proposals to the Court within five days. In addition to the bond proposals, defendants ask the Court to reconsider and vacate the Court's Memorandum. Upon consideration of the parties' filings, the applicable law, and the facts of this case, the Court finds that the Mann defendants' motion [25] for reconsideration and defendant Patterson's motion [27] to amend the preliminary injunction will be DENIED, and plaintiff will be directed to post a bond in the amount of $100,000.

**ANALYSIS**

**A.   Standard of Review**

The Federal Rules of Civil Procedure do not specifically address motions to reconsider.

Piper v. DOJ, 312 F. Supp. 2d 17, 20 (D.D.C. 2004) (citing Rann v. Chao, 209 F. Supp. 2d 75, 77 (D.D.C. 2002) ("noting the Federal Rules of Civil Procedure do not contain anything known as a 'Motion for Reconsideration'"). This circuit has stated that motions to reconsider are routinely construed as motions to clarify or alter or amend judgment under Rule 59(e). Piper, 312 F. Supp. 2d at 20 (citing Emory v. Sec'y of the Navy, 819 F.2d 291, 293 (D.C. Cir. 1987)). The Court will therefore treat the plaintiff's motion for reconsideration as cognizable under Rule 59(e).

A district court has considerable discretion in ruling on a Rule 59(e) motion. Piper, 312 F. Supp. 2d at 20 (citing Rann, 209 F. Supp. 2d at 78). The Court properly invokes its discretion to grant a Rule 59(e) motion if it finds there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. Piper, 312 F. Supp. 2d at 21 (citing Anyanwutaku v. Moore, 151 F.3d 1053, 1057-58 (D.C. Cir. 1998)).

**B.     Motion for Reconsideration**

Mann defendants contend that reconsideration is proper in this case because "facts available only hours before the hearing would have led to a different result." (Defs.' Mot. 1). Specifically, Mann defendants point to defendant Patterson's Exhibit 12, attached to his Response to Plaintiff's Motion for Preliminary Injunction. Mann defendants argue that the October 20, 2004 email to Patterson from Mr. David Castiel, CEO of Ellipso, indicates that "this dual role was an open arrangement accepted by all and the loan document was an arm's length agreement." Id. at 2-3. Once again, Mann defendants miss the mark. In the Court's Memorandum, plaintiff presented sufficient evidence to the Court that there was a likelihood of

2

success on the merits of this case. (Mem. Op. 6.) Defendants had argued previously that Ellipso is not likely to succeed on the merits because Ellipso knew of co-defendant Patterson's ownership interest in Mann Tech. To that end, defendants "make much of Ellipso's alleged knowledge of Patterson's dual and conflicting loyalties as of September 2004, pursuant to a jointly executed stock transfer signed by Patterson on behalf of Mann Tech." Id.

As was the case then, defendants are unable to rebut that plaintiff did not know at the time of the negotiation and execution of the loan agreement on January 30, 2004. The Court received and considered defendant Patterson's Response to Plaintiff's Motion for Preliminary Injunction prior to issuing its Memorandum on November 2, 2005. The purportedly new facts, which the Court considered when writing its November 2, 2005 Memorandum, fail to show that Ellipso knew of Patterson's dual role at the time of the negotiation and execution of the loan agreement. Accordingly, reconsideration by this Court is not warranted.

    **C.**    **November 2, 2005 Preliminary Injunction**

On November 2, 2005, this Court entered an Order granting plaintiff's motion for preliminary injunction and ordered that "defendants cannot sell, transfer or remove from the jurisdiction the remaining ICOHA Shares and the cash proceeds from their previous sale of ICOHA shares." (Mem. Op. 9.) The Order also provided the parties five days to propose the terms of the required bond. After discussion, the parties were unable to agree on terms and, thus each party submitted bond proposals as directed by the Court.

Upon entry of the Court's Order, defendants advised for the first time that only 40,000 ICOHA shares and $4000 remained in the account with UBS Financial Services in Washington, D.C. (Pl.'s Mot. 1). All other proceeds from the sale of 453,000 ICOHA shares already have

been transferred to other accounts and dissipated. Id. However, the Court's Order froze all unsold ICOHA shares and all cash proceeds from the sale of ICOHA shares wherever they may be located. The Mann defendants erroneously believe that the preliminary injunction did not encompass all cash proceeds from their sale of ICOHA stock.

D.   **The Terms of the Bond**

Federal Rule of Civil Procedure 65(c) provides: "No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." With this in mind, Ellipso proposes a bond in the amount of $100,000. Ellipso reasonably estimates that the Mann defendants have received $300,000 in cash proceeds from their sale of ICOHA stock.[1] (Pl.'s Rev. Mot. 1). Mann defendants maintain that a bond in the amount of at least $250,000 is currently necessary to protect their interests adequately. (Defs.' Mot. 4). Defendant Patterson, also proposes a $250,000 bond which is subject to an additional cash bond in the event the ICOHA shares increase in value. (Def. Mot. 5). The Court agrees with plaintiff.

The Court has not been persuaded by defendants' argument that it will suffer the amount of damages stated in their bond proposal. In this Court's opinion defendants' claims' are too speculative to provide a basis for their proposed bond. The Court determines that $100,000 is an appropriate amount for a bond in this case. This amount will adequately compensate defendants

---

[1] Plaintiff assumes for the purposes of this bond proposal that, even if the Mann defendants could realize a 10% return on investment of $300,000, the Mann defendants' potential damages are $30,000. Plaintiff's calculations do not discount the Mann defendants' assumed 10% rate of return by the actual rate of return or interest the Mann defendants are and have earned on the cash proceeds from their sale of ICOHA stock. (Pl.s' Rev. Mot. 2).

should the preliminary injunction later be deemed erroneous and will not pose an unreasonable burden on plaintiff.  Furthermore, upon the dissolution of this injunction, defendants shall be permitted to present proof of any damages which they suffered as a consequence of this injunction.

## **CONCLUSION**

For the reasons set forth above, Mann defendants' motion [25] for reconsideration will be DENIED and defendant Patterson's, motion [27] to amend the preliminary injunction will be DENIED.

A separate Order shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, November 14, 2005.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 05-1186 (RCL) |
| | ) |
| JOHN B. MANN, et al., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**ORDER**

Upon consideration of motion for reconsideration, parties' submissions, the record herein and for good cause shown, it is hereby

ORDERED that Mann defendants' motion [25] for reconsideration and proposed terms of the bond is DENIED; it is further

ORDERED that defendant, Robert B. Patterson's motion [27] to amend the preliminary injunction is DENIED; it is further

ORDERED that within ten (10) days of this date of entry of this Order, Ellipso shall post with the Court a bond in the face amount of $100,000; it is further

ORDERED that the Court's November 2, 2005 Order, to the extent of any clarification is necessary, relates to all unsold ICOHA shares in the defendants' possession, custody or control and all cash proceeds from the defendants' sale of such ICOHA stock wherever such shares and cash may be located; and it is further

ORDERED that within ten (10) days of the entry of this Order, defendants shall file with the Court a report identifying: (1) the amount of unsold ICOHA shares remaining in their possession, custody or control; (2) the amount of cash proceeds realized from their sale of

ICOHA stock; and (3) the financial, banking and like institutions, including contact names and addresses, in which defendants, jointly or separately, own or control accounts holding ICOHA shares and/or cash proceeds from the sale of ICOHA stock.

    SO ORDERED.


    Signed by Royce C. Lamberth, United States District Judge, November 14, 2005.