IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC.          )
                       )
    Plaintiff,         )
                       )
v.                     )   Civil Action No.: 05-01186 (RCL)
                       )
JOHN B. MANN, et al.   )
                       )
                       )
    Defendants.        )
_____)

**PLAINTIFF'S OPPOSITION TO ROBERT PATTERSON'S
MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE JUDGMENT ON THE PLEADINGS**

Pursuant to Fed. R. Civ. P. 56(f), Plaintiff Ellipso, Inc. ("Ellipso") respectfully submits the instant opposition to Defendant Robert Patterson's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, or in the alternative, Motion for Judgment on the Pleadings (the "Motion").

    A.    **Patterson's Motion for Summary Judgment is Premature**

Patterson's Motion, which presents numerous exhibits not attached or referred to in the Complaint and which is accompanied by a 77-paragraph statement of allegedly undisputed facts, clearly is a motion for summary judgment and is expressly intended as such by Patterson. However, as set forth in the attached affidavit, discovery in this case has not even commenced, no depositions have been taken, and Ellipso is wholly unable to respond at this time to Patterson's motion for summary judgment. *See* Guberman Affidavit at 3, Exhibit 1.

For instance, Patterson alleges that he held no interest in Defendant Mann Technologies until February 2004 and that he advised Ellipso of his future intent to obtain an ownership in Mann Technologies prior to execution of the loan agreement which Ellipso seeks to rescind. *See* Motion at 7. Ellipso obviously disputes that it had any knowledge during the time period in question of Patterson's relationship with Mann Technologies. However, Ellipso cannot demonstrate that Patterson and Mann were working in tandem prior to the execution of the loan agreement without conducting written discovery, taking Patterson's deposition, and depositions of others (such as of John Mann) who may have relevant knowledge of Mann Technologies and its business transactions. *See* Guberman Affidavit at 6-7, Exhibit 1.

In such circumstances, courts routinely permit the non-moving party to conduct all necessary discovery in order to properly oppose the motion for summary judgment. Directly on point is this Court's holding in Barry v. United States Capitol Guide Bd., 2005 U.S. Dist. Lexis 8381 (D.D.C. 2005). *See* Exhibit 2. In Barry, this Court denied the defendant's motion for summary judgment filed, as here, before the commencement of discovery. Acknowledging the widely-held view that "pre-discovery summary judgment motions are premature and should only be used for exceptional circumstances," the Court held that the plaintiff was entitled to fully engage in discovery before the Court would reconsider the motion. 2005 U.S. Dist. Lexis 8381 at *13, 26; see also Patton v. General Signal Corp., 984 F. Supp. 666, 670-71 (W.D.N.Y. 1997) (denying motion for summary judgment filed before commencement of discovery); Eastern Refractories Co. v. Forty Eight Insulations, Inc., 668 F. Supp. 183, 185 (S.D.N.Y. 1987) (same). In particular, on claims where much of the information necessary to demonstrate a dispute of fact lies

2

within the exclusive possession of the moving party, as is the case here, *see* Guberman Affidavit at 4, Exhibit 1, summary judgment is inappropriate before the non-moving party has engaged in meaningful discovery. See Concord Laboratories, Inc. v. Concord Med. Center, 552 F. Supp. 549, 554 (N.D. Ill. 1982).

### B. The Motion Should be Denied Without Prejudice

Given the foregoing and that Patterson's motion for summary judgment goes to the heart of all of Ellipso's claims in this case, the Motion realistically will not be ripe until the conclusion of discovery. However, as Patterson styled his Motion as a motion to dismiss, despite that he clearly intended it as a motion for summary judgment, Patterson has not filed an answer. Accordingly, so that all the parties may be advised of the facts Patterson admits and denies – thereby narrowing the issues that must be inquired into during discovery – and so that the Motion is not indefinitely stayed only likely to be amended or supplemented at the conclusion of discovery, Ellipso respectfully requests that the Court deny Patterson's Motion with leave to refile at the conclusion of discovery. See 2005 U.S. Dist. Lexis 8381.

### C. Patterson's Motion Respecting Count XII of the Complaint Constitutes a Waiver of the Arbitration Clause Contained In the Contract Between Ellipso and The Registry Solutions Company

Count XII of Ellipso's Complaint is for breach of contract/rescission against The Registry Solutions Company ("TRSC"), an entity owned by Defendants Mann and Patterson. Patterson, on behalf of his company TRSC, devotes five pages of his Motion to the argument that summary judgment is warranted on the merits with respect to Count XII. *See* Motion at 8-12. Moreover, TRSC, through Patterson, specifically asks this Court to find that TRSC's contract with Ellipso is valid. *See* Motion at 17.

Although TRSC previously requested that this Court dismiss Count XII on the basis of an arbitration clause contained in the contract between TRSC and Ellipso, it is well-settled in this jurisdiction that a party waives its right to enforce an arbitration clause when it takes an action inconsistent with its purported reliance on the arbitration provision in question. National Foundation for Cancer Research v. A.G. Edwards & Sons, Inc., 821 F.2d 772, 775 (D.C. Cir. 1987) (finding that defendant waived its right to arbitration by participating in litigation and acknowledging that "one example of conduct inconsistent with the right to arbitrate is active participation in a lawsuit") (emphasis added)[1]; Cornell & Co. v. Barber & Ross Co., 360 F.2d 512, 513 (D.C. Cir. 1966).[2]

Here, in addition to the actions addressed in Ellipso's response to TRSC's motion to dismiss, TRSC's active participation in this case with respect to Count XII constitutes a waiver of its purported right to arbitration. Accordingly, Ellipso respectfully requests that this Court deny TRSC's motion to dismiss.

## Conclusion

Based upon the foregoing, Ellipso respectfully requests that this Court deny Patterson's Motion with leave to refile upon the conclusion of discovery in this case and, with respect to TRSC's motion to dismiss Count XII, the Court deny TSRC's motion.

---

[1] Indeed, the Court held that the defendant's decision to move for summary judgment with respect to the purportedly arbitrable claims "was wholly inconsistent with an intent to arbitrate and constituted an abandonment of the right to seek arbitration." 821 F.2d at 776.

[2] In contrast to other jurisdictions, in the D.C. Circuit, prejudice to a party need not be shown before a waiver of an arbitration clause can be found. 821 F.2d at 777 (holding that prejudice is not a "separate and independent element of the showing necessary to demonstrate waiver of the right to arbitration")

4

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**

_____/s/_____
Mark S. Guberman (#442683)
1400 K Street, NW
Suite 1000
Washington, DC  20005
(202) 434-9109 (voice)
(202) 783-3420 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 05-01186 (RCL) |
| ) | |
| JOHN B. MANN, et al. ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

This matter comes before the Court upon motion of Defendant Robert Patterson to dismiss or in the alternative for summary judgment. Upon review of the motion to dismiss, Plaintiff's opposition thereto, the record herein and for good cause shown, it is hereby this _____ day of _____, 2005:

**ORDERED** that the motion is **DENIED**. Defendant Patterson may refile a motion for summary judgment upon the conclusion of discovery in this matter.

                                                  Royce C. Lamberth
                                                  Judge, United States District Court
                                                   for the District of Columbia