IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>JOHN B. MANN, et al. )<br>)<br>    **Defendants.** )<br>_____ ) | Civil Case No.: 05-01186 |

### AFFIDAVIT OF MARK S. GUBERMAN

1.    I am over the age of eighteen and otherwise competent to testify on all matters contained herein. I make this affidavit in support of Ellipso, Inc.'s opposition to Robert Patterson's motion to dismiss or in the alternative motion for summary judgment (the "Motion").

2.    At all relevant times I have been the lead counsel for Ellipso, Inc. ("Ellipso") in connection with the instant action.

3.    Discovery in this case has not commenced nor have the parties even exchanged initial disclosures pursuant to Rule 26.

4.    Patterson's Motion literally touches on every aspect of this case and, particularly with respect to issues relating to Patterson and the other defendants' state of mind in connection with the claims for fraud, such information exclusively is within the possession and control of the defendants.

5.    Discovery, including, but not limited to, interrogatories, document requests and depositions, are needed to demonstrate that material disputes of fact exist which would defeat summary judgment.

6. For instance, Patterson alleges that there was no agreement between he and John Mann for Patterson to acquire an interest in Mann Technologies prior to the fraudulent loan transaction between Mann Technologies and Ellipso.

7. However, without the benefit of <u>any</u> discovery in this case, Ellipso is unable to ascertain what discussions took place between Patterson and Mann and what documents exist respecting their business relationship in order to demonstrate a dispute of fact on this material issue.

8. Moreover, absent <u>any</u> discovery, Ellipso is unable to adduce facts necessary to show Patterson and the other defendants engaged in a scheme to defraud Ellipso as alleged in the complaint. Certainly, it is likely that the defendants' depositions, interrogatories, document requests and depositions of third parties' will allow Ellipso to show a dispute of facts respecting the actions the defendants took in concert to misappropriate Ellipso's valuable assets.

9. Clearly, the relationship between Patterson and Mann lies at the heart of all the claims in this case and, absent <u>any</u> discovery, Ellipso is unable to adduce facts to rebut the facts alleged in Patterson's affidavit and demonstrate that there exists numerous disputes of fact respecting defendants' allegedly fraudulent activities.

I declare, pursuant to 28 U.S.C. § 1746 and under the penalty of perjury, that the foregoing is true and correct.

12/5/05
Date

Mark S. Guberman

2