IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>JOHN B. MANN et al.,<br>            Defendants. | Case No. 05cv001186  (RCL) |

**MEMORANDUM OF JOHN B. MANN, MANN TECHNOLOGIES, LLC, AND THE REGISTRY SOLUTIONS COMPANY IN RESPONSE TO THE PLAINTIFF'S OPPOSITION TO DEFENDANT PATTERSON'S MOTION OF NOVEMBER 21, 2005**

Defendants John B. Mann, Mann Technologies, LLC, and The Registry Solutions Company ("TRSC) , also sometimes referred to as the Mann Defendants, submit this Memorandum in response to the Plaintiff's Opposition to Defendant Robert Patterson's ("Patterson") Motion to Dismiss, or in the alternative, for Summary Judgment.

Defendant Patterson does not speak for TRSC and TRSC has not waived its choice of arbitration in this case. Moreover, the Plaintiff has not complied with the Local Rules requiring it to address the issues relating to Mann Technologies or John B. Mann. Accordingly, as to those facts, the Court should either compel a response or treat Patterson's assertions as admitted.

**A.   Defendant Patterson Does Not Speak For TRSC. TRSC Has Not Waived Arbitration in this Proceeding.**

Defendant Patterson, who is representing himself, speaks for himself and not for TRSC. Patterson's proffer of facts to the Court may seek to narrow the factual issues raised in Plaintiff's wide-ranging complaint.[1] But Patterson cannot and does not choose this litigation over

---

[1]   The Mann Defendants find it curious that the Plaintiff's knowledge of the facts – which was enough for it to move for a preliminary injunction with a detailed affidavit of its President – is suddenly lacking. The Court should require Ellipso to narrow the issues relating to Mann and Mann Technologies by instructing Ellipso to answer certain basic questions. See discussion at pages 4-5 below.

1

arbitration for TRSC. Only counsel for TRSC can do that. TRSC has not waived, and will not alter its choice to uphold the contract that requires arbitration on Plaintiff's claim against it. TRSC has not and will not engage in discovery or in litigation on the issues raised against it in this case, pending this Court's ruling on its Motion to Dismiss.

      Moreover, Patterson, even if he could speak for TRSC, himself did not suggest anything different. He concludes his Motion with a request that this Court "dismiss Count XII of the Compliant; and refer any disputes thereunder to arbitration." Reading this sentence as a whole, he is not requesting that arbitration be waived; indeed, he is asking for it to be invoked. This is not a waiver or a request to participate in litigation, instead of arbitration. Without actually knowing Patterson's thoughts on this matter, it is clear that he is merely protecting his rights in this unasked-for litigation as to the assertions that have been made against him. The Court is mindful that the Defendants did not bring this litigation in this forum, but must contend with what it is, at this time.

      Plaintiff's legal argument seems off the mark, as well. The *National Foundation* case does not stand for the proposition that the smallest step to protect oneself in litigation constitutes a waiver. In that case, cited in Plaintiff's Opposition, the defendant brokerage firm sought interlocutory review of this Court's denial of a motion to compel arbitration which was made after three years of active pre-trial proceedings. The District of Columbia Circuit in its discussion in *National Foundation*, cited (and relied upon) *Cornell & Co. v. Barber & Ross Co.*, 123 U.S. App. D.C. 378, 360 F.2d 512 (1966). Although that Court stated that one example of conduct inconsistent with the right to arbitrate is active participation, the Court held that the defendant in *Cornell*, belatedly seeking arbitration, had moved for a transfer of venue, filed an answer and a counterclaim, taken a deposition, and procured the production of numerous

documents. The Court's statement in *Cornell* relied upon by Plaintiff in that context is dicta and not a statement of the law for that particular case.

B.  **TRSC Has Already Moved to Compel Arbitration.**

TRSC, although it manifestly has counter-claims, has not brought them in this forum. Unlike any of the cases cited, there has been no discovery under Rule 26 or otherwise, and TRSC does not propose to engage in discovery of the issues relating to it, pending this Court's ruling on its Motion to Dismiss, which TRSC filed at the outset. Its conduct in this case constitutes, for all practical purposes, a motion to compel arbitration. During the hearing on Plaintiff's Motion for Preliminary Injunction, the Court informed the parties that a decision on TRSC's Motion would be forthcoming. TRSC has not met with Plaintiff to select an arbitrator (assuming that Plaintiff would attend such a meeting) in light of the Court's pending decision.

C.  **Plaintiff Itself Has Not Acted in a Manner Inconsistent with TRSC's Position.**

At the time the subject contract (and the accompanying amendments) was signed TRSC and the Plaintiff expressed a desire to arbitrate any future disputes. Plaintiff has not moved forward with discovery on its claims against TRSC and even now, it has not denied it agreed to arbitrate or that it does not wish to arbitrate. It merely has asserted legal arguments which it says keep the case here, now that it has suddenly decided it wants to avoid the arbitration it formerly sought.

**D.     In Opposing Patterson's Motion for Summary Judgment, Plaintiff Has Not Complied with Local Rules. Its Opposition Is Substantively Defective. This Court Should Order Plaintiff To Respond or Treat Patterson's Assertions As Admitted.**

Turning to the issues in Patterson's motion which relate to John B. Mann and Mann Technologies, Plaintiff has materially and fatally failed to comply with the Local Rules of Court. Defendant Patterson's Statement of Undisputed Facts has given the Plaintiff an opportunity to address the issues it asserted in obtaining the preliminary injunction and, thus, to narrow the issues. These factual issues are squarely within President Castiel's personal knowledge, but he refuses to address them. They are as follows (references are to the paragraph numbers in Patterson's Statement):

> 23. In approximately March of 2003, Patterson introduced Mann to Castiel, as well as to Gerald Helman, (Ellipso's VP for Regulatory Affairs). Patterson introduced Mann as a long time acquaintance. There was a luncheon meeting at the Red Tomato restaurant; and at least one follow-up meeting between Castiel and Mann.

> 24. Castiel approached Mann about joining Ellipso as a company officer, or as an investor, or as a consultant on a finder's fee agreement such as that with Patterson. Castiel described to Mann in great detail Ellipso's business, financial, and litigation situation, including providing corporate documents to Mann. Mann declined at that time to become involved with Ellipso.

> 36. On Castiel's urging, in November 2003, Patterson again approached Mann about investing in Ellipso.

> 39. Sometime around Thanksgiving 2003, Patterson arranged a meeting between Castiel and defendant Mann at Mann's home outside Warrenton, Virginia. During the ride to Warrenton, Castiel and Patterson discussed Pattersons' hope to participate with Mann in the prospective new venture. Castiel said he was pleased by this as he thought their good working relationship would assist with the new venture.

> 40. At the [Thanksgiving 2003] meeting, which lasted several hours, Castiel and Mann discussed, and negotiated the particulars of the proposed transactions. The deal that was discussed between Castiel and Mann was that Mann would set up a new company to purchase twenty-five thousand dollars ($25,000.00) of ICOHA shares each month, for ten

months, for a total of two hundred fifty thousand dollars ($250,000.00). The ICOHA shares were than trading at approximately sixty cents per share ($0.60), and Castiel offered to sell them to Mann at fifty cents per share ($0.50).

By contending that it needs discovery on these issues[2], which are directly within its President's personal knowledge, the Plaintiff attempts to put the burden of proof on Defendants Patterson or Mann by claiming they have all of the information required to answer or clarify the facts in dispute. <u>Local Rule 56.1 is intended to prevent this sort of evasion</u>. Thus the Rule requires that an opponent to a Summary Judgment motion <u>must</u> submit a Statement of Facts it claims are in dispute:

> "[An Opposition] *shall* be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which *shall include references to the parts of the record relied upon to support the statement*." (Emphasis added.)

There is no discretion in this Rule. It is difficult to understand why Defendants must be deposed for information as above that is personal to Mr. Castiel, the Plaintiff's President. Accordingly, plaintiff's assertion that Ellipso is "unable to adduce facts …as alleged in the complaint" without further discovery is an equivocation. The Mann Defendants ask this Court to compel Plaintiff to submit a responsive Statement of Genuine Facts as to the items listed above or accept those assertions as true.

## **CONCLUSION**

In conclusion, TRSC does not seek to litigate its contract or its counterclaims in this Court. Accordingly, TRSC emphatically denies any suggestion that it has waived its prior demand for arbitration by its limited but necessary involvement in this litigation.

---

[2] It would appear as well that a bald assertion by Plaintiff's counsel that the facts are too numerous to be addressed is also substantially defective. At the very least, the Plaintiff should have set out in its affidavit those specific facts for which it claims it needs discovery.

At the same time the Plaintiff spurns the opportunity afforded in the Patterson motion to narrow the factual issues that are properly before the Court. The Mann Defendants, therefore, ask the Court to compel Plaintiff to follow the Court Rules or assume the above facts (23, 24, 36, 39, and 40) identified by Patterson as admitted.

                                                Respectfully submitted,

                                                _____

                                                Thomas A. Mauro, Bar No. 184515
                                                1020 Nineteenth Street, N.W.
                                                Suite 400
                                                Washington, D.C. 20036
                                                (202) 452 9865
                                                Facsimile: (202) 452 0092
                                                Attorney for the Mann Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Memorandum of John B. Mann, Mann Technologies, LLC, and the Registry Solutions Company to the Plaintiff's Opposition to Defendant Patterson's Motion of November 21, 2005 has been mailed first class, postage prepaid, this 14th day of December, 2005 to :

Robert B. Patterson, *pro se*
1643 Hunting Creek Drive
Alexandria, Virginia 22314

                                                _____

                                                Thomas A Mauro