IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ellipso, Inc.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>John B. Mann et al.,<br>　　　　　Defendants. | Case No. 05cv001186   (RCL) |

## MOTION OF JOHN B. MANN AND MANN TECHNOLOGIES, LLC
## FOR PROTECTIVE ORDER

　　John B. Mann, and Mann Technologies, LLC, through its undersigned attorney, moves pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure for a Protective Order.  The matter concerns a subpoena purportedly issued from this Court by attorneys for Ellipso, in this case. The subpoena was dated December 2, 2005, by the attorney for the Plaintiff and served on USB Financial Services 1501 K Street, N.W. Suite 1200, Washington, D.C. ("UBS") The subpoena demands production by UBS of all of the defendant's banking records since January 1, 2004.  A copy is attached as **Exhibit 1** to this Motion.

　　In support of this motion, movants respectfully refer the Court to the attached copy of the subpoena, Exhibit 1, and to the accompanying Memorandum of Points and Authorities.

　　　　　　　　　　　　　　　　　　　Respectfully Submitted,


　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Thomas A. Mauro, Bar No. 184515
　　　　　　　　　　　　　　　　　　　1020 19th Street, N.W., Suite 400
　　　　　　　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　　　　　　　PH: (202) 452-9865
　　　　　　　　　　　　　　　　　　　FAX: (202) 452 0092
　　　　　　　　　　　　　　　　　　　Attorney for John Mann and
　　　　　　　　　　　　　　　　　　　Mann Tech, LLC

## **CERTIFICATION UNDER LCvR 7.1(m)**

      This is to certify that counsel for John Mann and Mann Technologies, LLC discussed this motion at a personal meeting with counsel for Ellipso on December 14, 2005. Counsel for Ellipso would not consent to the relief requested. Accordingly, Defendants believe this motion will be opposed.

_____
Thomas A. Mauro

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC.,

          Plaintiff,

    v.                               Case No. 05cv001186   (RCL)

JOHN B. MANN et al.,
          Defendants.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THE MOTION OF JOHN B. MANN AND MANN TECHNOLOGIES, LLC
<u>FOR PROTECTIVE ORDER</u>**

<u>**BACKGROUND FACTS**</u>

    1.    On November 2 and November 14, 2005, the Court issued preliminary injunction Orders preventing Defendants Mann Technologies, LLC ("Mann Tech") and John B. Mann from selling the remaining stock in a company called ICOHA. The Court also required Mann Tech and Mr. Mann to identify any bank account that still held the stock or proceeds of prior sales by Mann Tech of the ICOHA stock. The November 14 Order stated that the Preliminary Injunction applied to all such proceeds wherever they are.

    2.    In response to the November 14, 2005, Court Order the Mann Defendants, through counsel, on November 29, 2005, identified UBS as holding the only stock left or proceeds from prior sales. It is undisputed that Mann Tech did not acquire the ICOHA stock until September 2004.

    3.    On November 29, 2005, the Plaintiff purportedly posted a bond in the amount required by the Court ($100,000.00) and purportedly procured from The Hartford insurance Company. On its face the bond appears defective. First it applies to a temporary restraining order rather than to the required preliminary injunction. Further, the agent who allegedly signed the

1

paper on behalf of Hartford is not listed as a person with power of attorney to do so. Further still, there is nothing on the bond document which identifies John Mann or Mann Tech as the person and entity protected by the bond. There may be other informalities or discrepancies that a more detailed inquiry into the bond will disclose.

4. <u>The parties agree that no discovery from the parties has been initiated as of this date and that the Rules bar the parties from seeking discovery from each other at this time.</u>

5. Nevertheless, on December 2, 2005 Ellipso, through counsel, issued a Civil Subpoena on UBS Financial Services of Washington, DC requesting production by UBS of all bank records of all of the parties -- John B. Mann, Mann Technologies, LLC, and Robert B. Patterson (a party not represented by counsel and not the subject of the Preliminary Injunction, the Plaintiff having withdrawn its motion for injunction against Patterson) from January 1, 2004 to the present. The place and date for the production of documents is the plaintiff's attorney's Washington, D.C. law office for December 16, 2005.

6. On December 14, 2005, a meeting between counsel for the Mann Defendants and counsel for the Plaintiff to discuss the possibility of initiating discovery ended in failure. *See* the undersigned letter to counsel, dated December 14, 2005, attached as **Exhibit 2** hereto. During this meeting, Plaintiff's counsel told the Mann counsel that the purpose of the subpoena was to test the truth of the Mann counsel's representations to the Court. Ellipso's counsel denied that the Rule 45 subpoena to UBS was an effort to avoid the Rule 26 ban on initiating discovery in the case or that the subpoena itself constituted a discovery request.

7. Mann's counsel has written to UBS notifying it of this pending motion and of Mann's challenge to the subpoena. A copy of counsel's December 14, 2005, letter is attached as **Exhibit 3** hereto. It is not clear what UBS's position will be. This Motion follows.

2

8.  It cannot be disputed that documents outside of the accounts identified by the Mann Defendants which hold the ICOHA stock and its proceeds and documents pre-dating the September 2004 transfer of the stock to Mann Tech cannot have anything to do with Ellipso's Complaint against John B. Mann and Mann Tech.

## ARGUMENT

It is plain the subpoena is overreaching in scope, demanding production of <u>all</u> documents concerning Mann, Mann Tech and Patterson. It is also clear that the subpoena overreaches in time, demanding production of documents that pre-date the transfer of the ICOHA stock to Mann Tech in September 2004.

Notwithstanding the overreaching scope of the purported subpoena, it is also clear that this subpoena is an attempt to avoid the Rules as to discovery between parties through the use of Rule 45. Ellipso wants to take discovery against the parties in this case <u>before discovery has been or could be initiated in this case under Rule 26(d)</u>, and thus without affording the parties the protection of the Rules. The Plaintiff should not be allowed to use a Rule 45 subpoena (ostensibly directed to a third party who merely has possession of party documents) to obtain discovery from a party that is prohibited by the Rules.

In addition, Subsection(c)(3) of Rule 45 requires the Court, upon motion, to quash a subpoena or provide protection if the subpoena requires the disclosure of privileged or other protected matter or subjects a person to undue burden. 9A Wright and Miller, *Federal Practice and Procedure*, § 2459. In the instant matter, there has been no showing that the documents requested in the subpoena, even if it was validly issued from this Court (and it was not, given the pre-discovery status of this case) are relevant and material to the acts, conduct or property of the defendants in this

case.

    A.    <u>Undue burden</u>

Defendants John B. Mann and Mann Tech, LLC object to the production of the requested documents from UBS Financial Services on the basis that the document demand is overreaching in scope, imposes an undue burden on UBS Financial Services and requests information (all of each of the Defendants' financial records at UBS Bank since January 1, 2004) that is obviously not relevant to the pending action and not calculated to lead to admissible evidence. The documents requested, moreover, contain confidential, private information that is privileged and, thus, protected from disclosure.

    B    <u>Overly broad</u>

The subpoena requests the production of all bank account records of UBS Financial Services "any account solely or jointly owned..." and "all correspondence, including, but not limited (to) electronic mail, between UBS Financial Services, its employees, officers and agents ("UBS") on one hand, and the Mann Parties or its agents respecting any account solely or jointly owned, controlled or in the name of Mann Technologies, LLC, John B. Mann or Robert B. Patterson..."  This request is clearly over broad and without any reasonable limitation and dragging into this case without justification or basis joint owners of Defendants accounts.

    C.    <u>Confidential and or priviledged</u>

Without any rational, Ellipso subjects John B. Mann and his companies to a potentially embarrassing violation of his private life.  Common sense and the common law dictate that John B. Mann has the right to keep his personal matters and records inviolate from alien eyes and to be free from unreasonable intrusions.

    D.    <u>There has been no valid subpoena issued from this Court in this case</u>

The undersigned counsel respectfully submits, moreover, that the "Subpoena Under Rule 45" is not a valid subpoena at all. As stated above, discovery in this case has not yet commenced and it would therefore appear that this purported subpoena is an attempt to circumvent the customary and required rules of Discovery. John B. Mann and Mann Tech LLC refer the Court to its counsel's December 14, 2005 letter to Attorney Gubermann, counsel for Ellipso, documenting their efforts in this case regarding future initiation of discovery (see Exhibit 2).

E. <u>There appears to be no valid bond issued</u>.

On its face the bond appears defective. First it applies to a temporary restraining order rather than to the required preliminary injunction. Further, the agent who allegedly signed the paper on behalf of Hartford is not listed as a person with power of attorney to do so. Further still, there is nothing on the bond document which identifies John Mann or Mann Tech as the person and entity protected by the bond. There may be other informalities or discrepancies that a more detailed inquiry into the bond will disclose.

## POINTS AND AUTHORITIES

In support of this Motion, the Mann Defendants rely on Rules 26 and 45 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendants John B. Mann and Mann Technologies, LLC respectfully requests that the Court grant this Motion for Protective Order and quash the subpoena or provide whatever other relief the Court deems appropriate. An Order is attached for the consideration of the Court.

Respectfully submitted,

5

                                                                                      _____
                                                                                   Thomas A. Mauro, Bar No. 184515
                                                                                   1020 Nineteenth Street, N.W.
                                                                                   Suite 400
                                                                                   Washington, D.C. 20036
                                                                                   (202) 452 9865
                                                                                   Facsimile: (202) 452 0092
                                                                                   Attorney for the Mann Defendants

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true copy of the foregoing MOTION OF JOHN B. MANN AND MANN TECHNOLOGIES, LLC FOR PROTECTIVE ORDER has been mailed first class, postage prepaid, this 15th day of December, 2005 to :

Robert B. Patterson, *pro se*
1643 Hunting Creek Drive
Alexandria, Virginia 22314

                                                                                   _____
                                                                                  Thomas A Mauro

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC.,

              Plaintiff,

     v.                       Case No. 05cv001186   (RCL)

JOHN B. MANN et al.,
        Defendants.

## PROTECTIVE ORDER

Upon consideration of the Motion of John B. Mann and Mann Technologies, LLC for a Protective Order and plaintiff's Opposition thereto, and the parties having been heard, it is on this _____ day of _____ 2005,

ORDERED, that said motion to dismiss is GRANTED; and it is

FURTHER ORDERED, that the subpoena under Fed R. Civ. P. 45 issued by Plaintiff on December 2, 2004 and signed by counsel for the Plaintiff be, and it hereby is, QUASHED, and it shall have no power or effect.

                                              _____
                                              UNITED STATES DISTRICT JUDGE

Copies to:

Thomas A. Mauro, Esquire
1050 17th Street, N.W.
Suite 1200
Washington, D.C. 20036

Mark Guberman, Esquire
1400 K Street, NW
Suite 1000,
Washington, DC 20005.