THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC.                                          )
4410 Massachusetts Ave., Suite 385                     )
Washington, D.C. 20016,                                )
                                                       )
        Plaintiff,                                     )
                                                       )
v.                                                     )
                                                       )
JOHN B. MANN, et al.                                   )       CASE NUMBER: 1:O5CV01186
9330 Harts Mill Road                                   )
Warrenton, VA. 20186                                   )       JUDGE: Royce C. Lamberth
                                                       )
        Defendants.                                    )
                                                       )
_____)

REPLY MEMORANDUM OF ROBERT B. PATTERSON
IN SUPPORT OF HIS
MOTION TO DISMISS, OR FOR SUMMARY JUDGMENT,
OR FOR JUDGMENT AS A MATTER OF LAW,
OR FOR JUDGMENT ON THE PLEADINGS

Comes now Defendant, Robert B. Patterson ("Patterson"), *pro se,* and respectfully submits this Response to the Rule 56(f) motion filed by Plaintiff, Ellipso, Inc. ("Ellipso"), by which Ellipso asks this Court to deny Patterson's four dispositive motions to permit Ellipso to conduct discovery. The relief sought by Ellipso is not warranted.

Initially it must be noted that Ellipso's response fails to address the Motion to Dismiss for Failure to State a Claim; fails to address the Motion for Judgment on the Pleadings; and fails to address the Motion for Judgment as a Matter of Law. Consequently, Ellipso's Counts I, II, III, IV, V, VI, VII, VIII, and XII should be dismissed as to Patterson on the basis of these unopposed Motions.

RECEIVED
DEC 2 1 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Treating Patterson's Four Motions as only "...a motion for summary judgment..." [Response p. 1], Ellipso files a Rule 56(f) motion, seeking a continuance to permit Ellipso to conduct discovery because "...Ellipso is wholly unable to respond at this time to Patterson's motion for summary judgment." [Response p. 1"] Rule 56(f) motions, like all motions, must affirmatively show that the relief sought (here a continuance to permit discovery) is warranted.

In determining this issue, this Court has adopted four requirements that the moving party (Ellipso) must meet. First, Ellipso must specify what evidence it seeks to adduce; second, how it will adduce such evidence; third demonstrate that the evidence sought to be adduced will defeat the Motion for Summary Judgment; and fourth, state why Ellipso has been unable to obtain such evidence. Barry v. United States Capitol Guide Bd., 2005 U.S. Dist Lexis 8381, 8385 (D.D.C. 2005) (Authority cited by Ellipso.) ["However, even if the parties have not commenced discovery, if the plaintiff has failed to present any genuine issues of material facts, then the defendant's motion for summary judgment may be granted." Id. @ 8381, citing Raymond v. United States Capitol Police, Bd. 157 F.Supp.2d 50, 55 (D.D.C. 2001); see, Broaderick v. Executive Office of the President, 139 F.Supp 2d 55, (D.D.C.   ), affd. 38 Fed. Appx. 20; Richardson v. National Rifle Ass'n, 871 F.Supp. 499, 501 (D.D.C. 1994) ["Under Rule 56(f) ...The party opposing summary judgment and seeking deferral, ...must ... demonstrate, either through an affidavit or other documents ... how additional discovery will enable it to rebut the movant's allegations of no genuine issue of fact." Id. @ 501]; U.S. v. General Motors Corp. 99 F.R.D. 610 (D.D.C. 1983); U.S. General Motors Corp. 518 F.2d 420, 442 (D.C. Cir. 1975).

The language of Rule 56(f) sets forth a bifurcated standard which the party opposing summary judgment must meet to defeat the motion. He must establish the existence of an issue of fact which is both "genuine" and "material". A material issue is one which affects the outcome of the litigation. To be considered "genuine" for Rule 56 purposes a material issue must be established by "sufficient evidence supporting the claimed factual dispute…to require a jury or judge to resolve the parties differing versions of the truth at trial." First National Bank of Arizona v. Cities Service Co., Inc. 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968). "The meaning of Rule 56(f) is plain. It only permits mandated discovery in aid of opposition to summary judgment "[s]hould [the need] appear from the affidavits of the party opposing the motion.' Fed. R. Civ. Pro. 56(f). Novecon v. Bulgarian-American Enterprise Fund, 977 F.Supp 52, 54 (D.D.C. 1997).

In a case strikingly similar to the facts here, this Court held that under Rule 56(f) it is incumbent that the party opposing summary judgment refute the movant's showing by sufficient and substantial factual evidence to show the existence of a factual dispute. Frito-lay of Puerto Rico, Inc. v Canas, 92 F.R.D. 384, 390 (D.D.C. 1981) The affidavit of counsel was only admissible to establish matters of record or other facts to which he was competent to testify. Id. @ 391. An affirmative showing of triable issues of fact, based on competent evidence, is required to defeat summary judgment. Id. @ 392. "Martinez' suggestions that he might discover evidence sufficient to defeat Frito-Lay's motion by, *inter alia,* cross-examining Frito-Lay's affiants is unavailing as a substitute for the showing required by Rule 56(f). For summary judgment may not be defeated on the 'gossamer threads of whimsy, speculation and conjecture'. Martinez was required to do

3

more than suggest that 'something might turn up at trial'. To avoid summary judgment a party 'must do more than whet the curiosity of the court; he must support vague accusations and surmise with concrete particulars'. Certainly, Martinez' mere hope to discredit Frito-Lay's witnesses on cross-examination ...is insufficient to defeat summary judgment. Id. @ 392 (citations omitted).

Here Ellipso has submitted only a conclusory affidavit of counsel, which is incompetent to refute the factual affidavit and documents submitted in support of the Motion for Summary Judgment. Of the 77 paragraphs of undisputed facts set fort in the motion, 68 pertain to information that is particularly within Ellipso's knowledge. [What Ellipso knew, and when. Who Ellipso met with, and when. What Ellipso discussed, and when. Ellipso's own documents. Ellipso's failure to perform its contractual obligations.] No explanation is offered of why Ellipso cannot, or will not, address these facts. No amount of discovery of the defendants can affect these facts.

The requirements of Local Rule 56.1 are mandatory:

...An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement. ... In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

The justification for the mandatory requirements of Rule 56.1 has been long recognized by this Court. "Summary judgment serves important functions...Chief among these are avoidance of long and expensive litigations productive of nothing, and curbing the danger that the threat of such litigation will be used to harass or to coerce a settlement. Washington Post Co. v. Keogh, 365 F.2d 965, 968, (C.A.D.C. 1966), cert.

denied, 87 S.C. 708, 385 U.S. 1011, 17 L.Ed.2d 548. (There summary judgment was granted even though the issue involved "state of mind".) See, also Sage v. Broadcasting Publications, Inc. 997 F.Supp. 49 (D.D.C. 1998), (granting summary judgment in case involving state of mind and intent.)

Movant, Patterson, has set forth the requisite statement of facts not in dispute. Ellipso's admission that it cannot, or will not, address any of these facts, entitles this Court to assume that the facts are admitted. The motion for summary judgment should be granted.

However, it is submitted that the facts, which mandate the granting of Patterson's four motions, are independently verifiable. For analysis, each of the three contracts at issue in this litigation will be discussed separately. In addressing the MannTech and TRSC contracts, of course, Patterson speaks only for himself. Each company, as well as John Mann, is represented by their own counsel who exclusively speaks for them. [e.g. Patterson has no arbitration agreement with Ellipso, and certainly cannot waive any rights TRSC may have to arbitrate its disputes with Ellipso.]

PATTERSON IS ENTITLED TO DISMISSAL OF COUNTS I, II, III, IV, AND VIII PERTAINING TO MANN TECHNOLOGIES, LLC, IN SO FAR AS THEY PERTAIN TO PATTERSON.

1. Ellipso's Complaint and the documents submitted therewith admit that Ellipso has not made the requisite payments on the stock margin loan. No amount of discovery of defendants will change that fact and cleanse Ellipso's hands. A party who has breached his contractual obligations cannot rescind the contract. (see, cases cited in Memorandum in Support of Motion.)

5

2. Ellipso's email of October 20, 2004, admits that when Ellipso re-affirmed the MannTech stock margin loan agreement on August 2, 2004, Ellipso had full knowledge of Patterson's interests in MannTech. No amount of discovery of defendants will change that fact. A party who re-affirms an agreement with full knowledge of the alleged fraud cannot plead that fraud as a basis to rescind the agreement. (See, cases cited in Memorandum in Support of Motion).

3. On August 11, 2004, Ellipso executed a joint stock sale agreement which Patterson signed on behalf of MannTech. No amount of discovery of defendants can change that fact. A party who executes an amendment to an agreement with knowledge of an asserted fraud cannot thereafter plead that fraud as a basis for rescission of the contract. (See, cases cited in Memorandum in Support of Motion.)

4. Thereafter, Ellipso received its share of the proceeds of the sale of 25,000 shares of the ICOHA stock. No amount of discovery of defendants will change that fact. A party who re-affirms a contract and accepts the benefits therefrom cannot thereafter retain those benefits and seek rescission of the contract. (See, cases cited in Memorandum in Support of Motion.)

5. In October 2004 the value of the ICOHA shares fell to two cents. This constituted an independent breach of the stock loan agreement, which discovery will not change, and over which neither party had any control.

6. The August 2, 2004, amendment to the stock loan agreements provides that all of the ICOHA shares be sold and the proceeds divided between MannTech and Ellipso. Patterson (and Mann) agreed to unwind the entire stock loan agreement

6

and share the proceeds equally with Ellipso. At the than current price of fifty cents, MannTech would have received only slightly more than its $90,000 loan to Ellipso, while Ellipso would have kept the $90,000 plus approximately $110,000 more. No amount of discovery of defendants can change these facts. No trier of fact could find on these facts that there was any conspiracy on behalf of Patterson to defraud Ellipso. After all, at that time Ellipso was already in default on the loan having failed to make two consecutive interest payments. MannTech could have simply kept the collateral at that point. A party opposing a motion for summary judgment must specify facts which would enable a reasonable jury to find in its favor. Richard v. Bell Atlantic Corp., 1654 F.Supp. 211 (D.D.C. 2001); Rwanda v. Rwanda Working Group, 150 F.Supp. 201 (D.D.C. 2001); Ben-Kotel v. Howard University, 319 F.3d 532, (D.C. Cir. 2003), 355 U.S. App. D.C. 82 (2003) [There must be evidence on which a jury could reasonable find for opponent.]; Baloch v. Norton, 355 F.Supp 2d 246, (D.D.C. 2005); Paquin v. Federal Nat'l Mortgage Ass'n, 20 F.Supp. 2d 94, (D.D.C. 1988), aff'd. 194 F. 3d 174, 338 U.S.App. 384, rehearing and rehearing denied. Considering the August 2, 2004, amendment, no reasonable jury could find that there was any plot by Patterson (or anyone else) to defraud Ellipso.

PATTERSON IS ENTITLED TO DISMISSAL OF COUNT XII PERTAINING TO THE REGISTRY SOLUTIONS COMPANY IN SO FAR AS IT PERTAINS TO PATTERSON.

1. Here again Ellipso's Complaint admits that Ellipso has failed to perform its contractual obligations to The Registry Solutions Company ("TRSC") by asking that Ellipso be relieved of any obligations to provide the vanity telephone services

7

specified by the contract, (attached to Ellipso's Complaint). No amount of discovery of defendants will alter that fact and cleanse Ellipso's hands. A party who fails to perform its contractual obligations is not entitled to rescind the contract. (See, cases cited in Memorandum in Support of Motion.)

2. Ellipso's own documents admit that Ellipso had full knowledge of Patterson's interest in TRSC when Ellipso executed the amendment to the TRSC agreement on August 2, 2004. Discovery of defendants will not change that fact. A party, who executes an amendment to an agreement with knowledge of an alleged fraud, cannot plead that fraud as a defense to enforcement of the contract. (See, cases cited in Memorandum in Support of Motion.)

3. The August 2, 2004, amendment to the TRSC agreement attached to Ellipso's Complaint specifies that all payments due form TRSC to Ellipso have been made. No discovery of defendants will change that fact. There is no breach of the TRSC agreement by TRSC.

4. After Ellipso's own documents show that Ellipso had knowledge of Patterson's interest in TRSC, Ellipso continued to accept the benefits of TRSC's efforts to promote the 881 vanity telephone service, including retention of the $90,000 paid to Ellipso by TRSC. Discovery of defendants will not change that fact. One who accepts the benefits of a contract with knowledge of an alleged fraud cannot plead that fraud as a basis to rescind the contract. (See, cases cited in Memorandum in Support of Motion.)

5. After Ellipso's own documents show that Ellipso had knowledge of Patterson's interest in TRSC, Ellipso continued to induce TRSC to expend time, money and

resources to promote the 881 vanity telephone service. Discovery of defendants will not alter that fact. A party, who induces detrimental reliance by the other party to the contract with knowledge of any alleged fraud or breach, cannot thereafter plead that fraud or breach as a defense to enforcement of the contract. (See, cases cited in Memorandum in Support of Motion.)

6. A party opposing summary judgment must present evidence from which a reasonable jury could find for that party, cases cited *supra*. Ellipso's case is nonsense. What was the object of Patterson's fraud (or the breach of the agreement with Ellipso)? TRSC paid royalties to Ellipso in anticipation of Ellipso providing the 881 vanity telephone service. Of what was Patterson trying to defraud Ellipso? To what end would Patterson breach the agreement with Ellipso? It is nonsense, and no reasonable jury could find for Ellipso on these facts.

As Patterson has no arbitration agreement with Ellipso, to the extent that Ellipso's claims asserted against Patterson arise from the TRSC contract, Patterson must address those claims in this Court. Patterson is entitled to show that those claims are baseless, and to have them dismissed as to Patterson. While Patterson agrees that Ellipso's claims against TRSC's are arbitrable, Patterson has no legal standing to affect that determination one way or the other.

**PATTERSON IS ENTITLED TO DISMISSAL OF COUNTS V, VI, AND VII PERTAINING TO HIS CONSULTING CONTRACT WITH ELLIPSO, AND TO A SUMARY FINDING THAT THE CONSULTING CONTRACT IS VALID.**

1. By its October 20, 2004, email, Ellipso re-affirms its consulting contract with Patterson, also admitting that it had full knowledge of Patterson's interests in MannTech and TRSC. Deposing Patterson will not change that Ellipso document.

9

One who re-affirms a contract with knowledge of an asserted fraud cannot thereafter plead that fraud as a defense to enforcement of the contract. (See, cases cited in the Memorandum in Support of Motion.)

2. With knowledge of Patterson's conviction, Ellipso on April 27, 2004, re-affirmed its consulting contract with Patterson. Deposing Patterson will not change that document. One who re-affirms a contract with knowledge of an asserted fraud cannot thereafter plead that fraud as a defense to enforcement of the contract. (See, cases cited in the Memorandum in Support of Motion.)

3. As Ellipso's own documents show, Ellipso accepted Patterson's services from October 1, 2003, until November 2004. Deposing Patterson will not change that fact. One who accepts the benefits of a contract, with knowledge of an alleged fraud, is not entitled to plead that fraud as a basis for evading its obligations to pay for the benefits received. (See, cases cited in Memorandum in Support of Motion.)

4. Ellipso's own documents show that Ellipso induced Patterson to continue to provide services to Ellipso, after Ellipso knew of Patterson's conviction, bar status, and financial interests in MannTech and TRSC. Ellipso's inducements included making partial payments to Patterson for his services through October 2004, and promises of double payments for any amounts deferred. A deposition of Patterson, of course, will not alter these facts. One, who induces another to rely detrimentally on his representations in providing services, is not entitled to accept those services without payment to the provider. (See, cases cited in Memorandum in Support of Motion.)

10

5. Ellipso knows that the contract language in the October 1, 2003, agreement resides on Castiel's laptop. Ellipso knows which financial sources Patterson brought to Ellipso. Ellipso knows that Castiel received a telephone call on April 11, 2004, from Probation Officer Sutter. Ellipso knows that Patterson's incarceration became known to at least four of its corporate officers in May 2003. Discovery against Patterson (or any one else) will not change these facts. Ellipso's case rests on material misrepresentations. Ellipso's admission that "...Ellipso is wholly unable to respond ... to Patterson's motion for summary judgment" is literally true.

ELLIPSO'S COMPLAINT IS FRAUDULENT.

Ellipso's Complaint outlines a grand conspiracy by defendants to defraud Ellipso. This grand conspiracy theory rests on the premise that Patterson (and Mann) somehow knew in January 2004, that the ICOHA stock was going to fall in value and then rise to many times its then current value. The premise is absurd. A fair assessment of the transactions between Ellipso and the defendants is that the defendants were more than generous in attempting to accommodate Ellipso, especially considering the August 2, 2004, agreement to completely unwind the stock loan agreement and allow Ellipso to keep almost all of the proceeds exceeding the amount of the loan. No reasonable jury could conclude that Patterson (or Mann) set out to defraud Ellipso on the stock loan transaction.

The TRSC conspiracy theory as to Patterson is even more absurd. How could Patterson (or Mann) benefit by paying moneys to Ellipso and than breaching the

agreement prior to the initiation of any 881 vanity service by Ellipso? What harm has Ellipso suffered? On what basis could any reasonable jury find for Ellipso?

Ellipso knows that Castiel traveled to Warrenton, Virginia, in November 2003, to negotiate the TRSC agreement directly with John Mann. Ellipso knows that Castiel traveled to The Plains, Virginia, in December 2003, to negotiate the stock loan agreement directly with John Mann. Ellipso knows that Castiel dealt directly with Argyle on its stock loan proposal, and that he executed stock transfer documents pursuant to that transaction. Ellipso knows that Castiel prepared the execution documents for the stock loan transaction. Discovery of Patterson (or the other defendants) will not change these facts. Ellipso's Complaint rests on material misrepresentations of fact.

CONCLUSION

For the reasons set forth herein, Patterson moves for judgment as set forth in the Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted; or in the alternative, Motion for Summary Judgment; or in the alternative, Motion for Judgment As A Matter Of Law; or in the alternative, Motion For Judgment On The Pleadings.

Respectfully submitted,

Robert B. Patterson, *pro se*
1643 Hunting Creek Drive
Alexandria, Virginia 22314
(571) 278-7076

Certificate of Service:

I certify that I have this 21st day of December 2005, mailed a true and correct copy of the foregoing, first class, postage paid, to – Thomas A. Mauro, Esq., 1020 Nineteenth St., N.W., Suite 400, Washington, D.C. 20036; and to – Mark S. Gubberman, Esq., 1400 K Street, N.W., Suite 1000, Washington, D.C. 20005.

Robert B. Patterson