IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 05-01186 (RCL) |
| ) | |
| JOHN B. MANN, et al. ) | |
| ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OPPOSITION TO THE
MANN DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Plaintiff Ellipso, Inc. ("Ellipso") respectfully submits the instant opposition to Defendant John Mann and Mann Technologies, LLC's ("Mann Defendants") motion for protective order to prevent UBS Financial Services ("UBS") from complying with a subpoena for documents served on it by Ellipso (the "Subpoena"). The Mann Defendants argue that the Subpoena is: (1) premature; (2) unduly burdensome; and (3) overly broad and that it constitutes an unwarranted invasion of John Mann's private life. None of these arguments have merit. Indeed, the Mann Defendants do not even have standing to argue that the Subpoena is unduly burdensome and overly broad, which it is not.

A. **The Subpoena Is Not Premature**

The Mann Defendants argue that the Subpoena is premature because the parties have not yet held their Rule 26(f) meeting and thus, pursuant to Rule 26(d) the Mann Defendants argue, no discovery is permitted. Thus, the Mann Defendants contend, Ellipso may not subpoena a third party for documents.

First, Ellipso has attempted, as the Mann Defendants concede, to engage all the defendants in a Rule 26(f) conference. Defendant Robert Patterson refuses to attend any such conference until his dispositive motions are resolved and, in a show of solidarity, the Mann Defendants also refuse to engage in a Rule 26(f) conference. Neither party has sought a stay of proceedings pending Patterson's motion – which would not be warranted in any event – and, thus, the defendants' collective refusal to engage in a Rule 26(f) conference is simply a design to thwart Ellipso's discovery needs. Defendants' refusal to attend a Rule 26(f) conference should not serve to frustrate Ellipso's legitimate and proper use of discovery.[1]

Second, even absent a Rule 26(f) conference, a Rule 45 subpoena for documents served on a third party is not "discovery" under Rule 26 and thus is not subject to the Rule 26(d) restrictions on service of discovery. Smith v. Midland Brake, Inc., 162 F.R.D. 683, 686 (D. Kan. 1995) (acknowledging that a Rule 45 subpoena for documents from third party is not "discovery" governed by Rules 26-36); O'Boyle v. Jensen, 150 F.R.D. 519, 520 (M.D. Pa. 1993) (same).

The dichotomy between Rules 26 and 45 makes sense as the logic behind Rule 26(d) is to preclude the parties from engaging in discovery, such as a Rule 34 document request, which requires opposing parties' presence or participation before the parties have had the opportunity, pursuant to Rule 26(f), to discuss discovery-related issues. A Rule 45 subpoena *duces tecum* served on a third-party, in contrast, requires no participation from opposing parties. According, the Mann Defendants' objection to the Subpoena on the grounds that it is premature should be denied.

---

[1] Moreover, Ellipso is not even seeking discovery from the defendants, although Ellipso does not believes the defendants' intransigence properly could frustrate Ellipso's efforts to do so. Rather, Ellipso only has sought documents from UBS, a third party.

2

**B.  The Mann Defendants Do Not Have Standing to Object to the Subpoena on Grounds that It Is Unduly Burdensome or Over Broad**

The Mann Defendants also object to the Subpoena on the grounds that it is unduly burdensome and over broad. The Mann Defendants, however, do not have standing to raise these objections to the Subpoena. See Washington v. Thurgood Marshall Acad., 230 F.R.D. 18, 21 (D.D.C. 2005) (holding that a party lacks standing to object to a third-party subpoena except on grounds of privilege or other interest personal to the party).

UBS has not filed a motion to quash or modify the Subpoena and the Mann Defendants, as a matter of law, lack standing to argue that the Subpoena "imposes an undue burden on UBS. . . ." Mann Defendants' Motion at 4. Moreover, to the extent the Mann Defendants argue that the Subpoena necessarily would obtain records concerning "joint owners of Defendants [sic] accounts," again, the Mann Defendants do not have standing to raise the arguments of such purported third-parties.[2] Accordingly, these arguments must fail.

**C.  There is No Protectable Privacy Interest Which Precludes Production of the Subpoenaed Records**

Finally, the Mann Defendants argue that the Subpoena constitutes a "potentially embarrassing violation of his [John Mann] private life." Mann Defendants' Motion at 4. First, a protective order certainly is not warranted merely because the Mann Defendants speculate that the Subpoena has the potential to invade Mann's private life. The Mann

---

[2]  Indeed, the Mann Defendants do not even definitively assert that there are joint owners of the Mann Defendants' UBS accounts nor identify such owners. In any event, such an argument overlooks the purpose of the Subpoena, which is to discover where the proceeds from the sale of Ellipso's ICOHA shares have gone. This is particularly relevant given the Mann Defendants' contention in its November 29, 2005 Status Report that the only account presently holding such proceeds is a UBS account.

Defendants fail to advise what private information is subject to production pursuant to the Subpoena and, thus, on this point alone, its objection should fail.

Second, Mann is a defendant in this case and personally is subject to the Court's preliminary injunction. Accordingly, Ellipso has every right to obtain relevant records respecting Mann and Mann Technologies, LLC.[3] Given the foregoing, the Court should deny the Mann Defendants' motion for a protective order.

**D.     Ellipso's Bond is Valid**

As an aside, the Mann Defendants argue that the bond posted by Ellipso to secure the preliminary injunction is not valid because it: (1) references a temporary restraining order as opposed to a preliminary injunction; (2) does not identify the Mann Defendants as the parties protected by the bond; and (3) is executed by an individual who is not authorized by the bond issuer to execute bonds. All of these arguments lack merit.

First, the bond itself is issued by The Hartford in the form as prescribed by The Hartford. That the form used by The Hartford contains the generic sub-heading "Temporary Restraining Order" does not invalidate the bond which expressly provides that The Hartford guarantees payment of up to $100,000 to defendants if and when such a payment becomes necessary. Moreover, the main heading of the bond reads "Plaintiff's Injunction Bond To Defendant" and it is apparent from the text of the bond that this generic form is used by The Hartford to cover all manner of preliminary or temporary injunctions. Thus, the Mann Defendant's hyper-technical argument on this point should be rejected.

---

[3]     The same holds true for Defendant Patterson although he is not a party to the instant motion for protective order.

4

Second, although the bond does not identify the Mann Defendants or Robert Patterson by name, the main heading reads "Plaintiff's Injunction Bond to Defendant." The bond clearly provides for the defendants' protection in the event the Court ever were to find that the defendants' have been damaged by the wrongful entry of the preliminary injunction in this case. Accordingly, this objection similarly should be rejected.

Finally, the Mann Defendants contend that the individual who executed the bond, Cecil Lockhart, is not identified as an attorney-in-fact of The Hartford. To be sure, the second page of the bond does not identify Mr. Lockhart as an attorney-in-fact of The Hartford. However, as the document attached hereto at Exhibit 1 plainly demonstrates, Mr. Lockhart has been an attorney-in-fact of The Hartford since May 1, 1995 and clearly had authority to execute to the bond. Accordingly, this argument also is without merit and the bond is valid.

## Conclusion

Based upon the foregoing, Ellipso respectfully requests that this Court deny the Mann Defendants' motion for protective order and declare that the bond posted by Ellipso is valid.

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**

_____/s/_____
Mark S. Guberman (#442683)
1400 K Street, NW
Suite 1000
Washington, DC  20005
(202) 434-9109 (voice)
(202) 783-3420 (facsimile)