IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ellipso, Inc.,

Plaintiff,

v.                                                    Case No. 05cv001186   (RCL)

John B. Mann et al.,
Defendants.

**REPLY OF JOHN B. MANN AND MANN TECHNOLOGIES, LLC
TO PLAINTIFF'S OPPOSITION TO THEIR MOTION FOR PROTECTIVE ORDER**

### I.  Introduction

John B. Mann, and Mann Technologies, LLC ("Mann"), through their undersigned

attorney, submits this Reply to Plaintiff Ellipso's Opposition to the Mann Defendants' Motion

for Protective Order. The subject motion concerns the Rule 45 subpoena issued by Ellipso on

December 2, 2005, for the banking records of the Mann Defendants and of Defendant Robert

Patterson in the possession of USB Financial Services ("UBS").

Plaintiff Ellipso argues narrowly from a small number of cases, ignoring the broad range

of legal authority which does not support its position and misapplying the authority in this Court

which, upon closer examination, also does not support its position.  *Ellipso, more significantly,*

*has asserted that it has attempted to engage in discovery but that the "defendants'*

*intransigence" and their "collective refusal to engage in a Rule 26(f) conference" have*

*"thwart[ed] Ellipso's discovery needs" and "frustrate[d] Ellipso's legitimate and proper use of*

*discovery.*" Opposition, at 2 and n.2. These are simple, and serious, misrepresentations of this

record, which should not be tolerated by the Court.

The fact is un-controverted in the written record between the parties that it is Ellipso –

1

not Mann and not Defendant Patterson – which, relying upon Fed. R. Civ. P. 26(d)[1], has refused

to allow its only employee, Mr. Castiel, to be deposed while it simultaneously attempts to obtain

Defendants' personal, privileged and irrelevant banking information from a third party through

the improper use of a Rule 45 subpoena. Since all the information sought from UBS is personal

to the Mann Defendants and to Defendant Patterson, it can legitimately be requested through

normal discovery procedures from the Defendants. Thus, the subpoena is an improper attempt to

circumvent the discovery schedule mandated by the Rules and should be quashed.

## II. The Applicable Legal Authority

Although Ellipso makes much of a purported dichotomy between subpoenas and all other

forms of discovery, by any name given, a subpoena is discovery.  Fundamentally, Rule 45 and

the other discovery rules must be read as a unified whole. *Hickman V. Taylor*, 329 U.S. 495, 505

(1947); *Boeing Airplane Co. v. Comzeshall*, 280 F.2d 654 (D.C. Cir. 1960); *Linder v. Calero-*

*Portocarrero*, 183 F.R.D. 314 (D.D.C. 1998); *Mortgage Information Services, Inc., v. Kitchens*,

210 F.R.D. 562, 566-67 (W.D.N.C. 2002).  Therefore, a subpoena used as a tool of discovery

should be used within the time frame allotted by the Court's Rules.  The majority rule is

expressed by Judge Charles Richey of this Court in his commentary on Rule 45 found in

---

[1] The Rule bars the initiation of discovery by the parties until a Rule 26(f) conference has taken place; but since Rule 26(f) conference need not take place until the Court sets an initial Scheduling Conference date, which has not yet occurred in this case. Relying on Rule 26(d), Ellipso has refused to make its President available for a deposition, asserting that it will only engage in "written discovery" until the Rules require it to provide deposition discovery from its President. These events are set out at pages 4-6, below, and in the un-controverted correspondence between the Mann Defendants' counsel and Ellipso's counsel on December 2 and December 14, 2005.  It is also noted that, notwithstanding Ellipso's assertion of the Defendants' "intransigence" and intention to "thwart" its discovery needs, Mr. Patterson was acting within the Court's Rules in refusing to attend a Rule 26(f) attorneys conference that was not yet required. That need not have prevented the Mann Defendants and Ellipso from engaging in full discovery which, nevertheless, Ellipso refused to do.

Moore's Federal Practice:

> "A party may not use a subpoena to obtain materials from third parties that could have been produced during discovery." ... A Rule 45 subpoena is improper if it is "an attempt to circumvent the discovery schedule."
> 9 *Moore's Federal Procedure*, §45.02 at 45-18 - 45-19 (3d ed. 2005) . (Emphasis supplied.)

Since a Rule 34 request for documents may not be served before the time specified in Rule 26(d), 7 *Moore's Federal Practice*, §34.03[2][a], and since discovery may not yet begin in this case,[2] Judge Richey's admonition applies. "Allowing a party to use Rule 45 to circumvent the requirements of a court-mandated discovery deadline would clearly be contrary to this approach" because it would allow Rule 45 to "emasculate" the discovery rules. *Mortgage Information Services, Inc., v. Kitchens, supra*, 210 F.R.D. at 566-67. To hold otherwise, as further discussed here, allows one party, Ellipso, to refuse to allow discovery through legitimate means and then extract discovery information from third parties through a subpoena. This maneuver places Defendants at a distinct disadvantage, especially true in this case where there is in place a preliminary injunction which the Defendants assert discovery will show to have been improvidently granted, even assuming the subpoena has an otherwise valid purpose, which in the instant case, it does not.

That the information is also in the hands of another party (USB) not involved in the litigation is irrelevant. It is fundamental that Rule 34 governs the discovery of documents not only in a party's possession but also in its control. *Hasbro Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996). As illustrated in *Mortgage Information Services, Inc.*, above, Judge Cacheris did not preclude the limited use of a subpoena where a party needed original documents for trial;

---

[2] *See* n. 1, above.

but he held that broad categories of document requests about a party constituted discovery and thus an improper use of the Rule when it was used to avoid the discovery schedule in place in the case. *Id*. at 567.  *See, Ghandi v. Police Department of the City of Detroit*, 747 F. 2d 338, 354-355 (6th Cir. 1984) (affirmed quashing of subpoena of material that could be obtained through normal discovery where plaintiff used subpoena power outside of discovery time frame).

### III.  Ellipso Has Avoided Discovery While Misrepresenting to this Court that it is Engaging, or Attempting to Engage in Discovery.

Contrary to the representations on page 2 of its Opposition, Ellipso *has not* attempted to engage Defendants in discovery. With its "intransigence" argument Ellipso argues, in effect, that it was forced to use Rule 45 because of the defense's "intransigence" on discovery. This argument is flatly contradicted by the written record.[3]  Ellipso, moreover, had no intention of engaging Mann in discovery. It issued its subpoena on December 2, <u>before</u> it showed any interest in discovery and before Counsel for Mann, not counsel for Ellipso, made the first attempt at initiating discovery. On December 2, 2005, the day the subpoena was issued, Mann's counsel wrote to Ellipso's counsel reminding him of the need to initiate discovery. Attorney Mauro's letter is attached as **Exhibit 1** to this Reply. Mann's letter through counsel (un-controverted by Ellipso) refers to <u>prior</u> attempts to initiate discovery and suggest again that it is Plaintiff's obligation to do so:

> "I would again like to remind you of Ellipso's obligations under Rule 26(a) and of the need to meet and confer. You have not yet responded to my suggestion that we meet on Monday, December 6."

It should be clear that the above correspondence pre-dates the meeting of December 14

---

[3] *See*, Mr. Mauro's December 2 letter (**Exhibit 1**) noted at Section III, page 6 of this brief, below.

between counsel and, in fact, was written on the very day Ellipso, which was ignoring its discovery obligation at the time and did not intend to make Mr. Castiel available for a deposition, issued its Rule 45 subpoena to UBS. On December 14, 2005, Attorney Mauro and Attorney Guberman met in Mr. Mauro's Offices at Mr. Mauro's request. Mr. Patterson was not present and not required to be present at this meeting.[4] At the meeting the parties discussed an exchange of discovery between the Mann Defendants and the Plaintiff. But Ellipso would agree only to written discovery and would <u>not</u> make Mr. Castiel available for deposition while, at the same time, correctly pointing out to counsel for Mann that under Rule 26(d) Mann could not compel Mr. Castiel to a deposition until the Rule allowed discovery to begin. Ellipso, meanwhile was pursuing its Rule 45 subpoena and would not agree to withdraw or limit it, pending discovery by both sides. Ellipso's insistence on limiting the exchange of discovery between Mann and Ellipso to written discovery and on a scheduling order emanating from the December 14 meeting so limiting discovery effectively aborted the December 14 meeting and prevented it from being considered a Rule 26(f) meeting.  Mr. Mauro's December 14, 2005, letter to Ellipso's counsel confirming this remains unanswered in Ellipso's Opposition. The letter is attached as **Exhibit 2** to this Reply. To sum up, it is Ellipso's refusal to attend to discovery although attempting to create the appearance of doing so while, in fact, seeking discovery through its Rule 45 subpoena, that reflects intransigence here.

And it *is* discovery which Ellipso seeks here, as it concedes in Note 2 at page 3 of its Opposition. The Mann defendants have advised the Court and the parties where the remaining proceeds of the sale of stock are. But Ellipso wants to know "where the proceeds ... have gone."

---

[4] *See* n. 1, above.

*Id*. The Mann defendants have made it perfectly clear that they are willing to engage in discovery to that end - that was the reason that the Mann counsel insisted on December 2, and finally obtained, the December 14 meeting with Ellipso's counsel. On <u>December 2</u> Manns' counsel, contrary to the representations on page 2 of the Opposition, made it clear that:

> "*The Mann defendants are prepared to demonstrate where the proceeds of the sales of the ICOHA shares have gone, when you have afforded them the due process to which they are entitled under the Rules*. That includes your production of all discovery required by the Federal and Local Rules of Court, a process which you as plaintiff must initiate but have thus far failed to do. I suggest that it is improper for you to avoid the rules of discovery through the veiled threats and name calling that appear in your [November 30, 2005] letter."
> *See*, **Exhibit 1**, hereto. (Emphasis supplied.)

But it cannot be the *unilateral* discovery that Ellipso wants through its Rule 45 subpoena – from Mann to Ellipso – while an injunction remains in place which the Mann defendants believe will be dissolved upon *full and open* discovery.

## IV. The Mann Defendants Plainly Have Standing to Challenge the Subpoena.

Ellipso misstates Magistrate-Judge Facciola's holdings in *Washington v. Thurgood Marshall Academy*, 280 F.R.D. 18, 21 (D.D.C. 2005) by asserting that Mann has no standing to challenge the subpoena. In that case a party wanted information from third parties that was not personal to the parties. This Court noted that it is the duty of the person from whom such documents are requested to make an objection to the subpoena. *Id*. But the Court also held that the general rule applies "<u>*absent*</u> *a claim of privilege, proprietary interest, or personal interest in the subpoenaed matter*." 280 F.R.D. at 21 (emphasis supplied). To suggest that the Mann Defendants have no personal, proprietary or privileged interest in their own banking records is not only absurd, it also makes Manns' point that this subpoena is an abusive use of Rule 45. The Plaintiff makes hyper-technical, factually incorrect, and legally unsupported distinctions between

6

discovery requested under Rule 45 and discovery requested under Rule 34 and then argues that

under Rule 45 the real target of the document request may not assert the protections afforded to

them by the discovery Rules. This is classic evasion.

## V.  Defendants Do Not Need to Reveal Private<br>Information in Order to Prove That it Is Private.

Plaintiff Ellipso argues that Defendants have not revealed the exact nature of what they

seek to protect through the protective order, and, therefore, are precluded from objecting to its

very revelation. Opposition, at 3-4. Plaintiff might as well argue that an unwarranted search of a

person's home is, indeed warranted, unless that person identify just what it is, inside his home,

that he wishes to declare off-limits to such a search. The mere fact that the Mann Defendants are

" subject to the Court's preliminary injunction" does not give Ellipso *carte blanche* to harass the

Defendants.  Ellipso "has every right to obtain relevant records respecting Mann and Mann

Technologies." But merely claiming they are relevant does not make them so; and Plaintiff has

not stated just how its blunderbuss request for banking records are to lead to discoverable

material.

## VI. Ellipso's Attempts to Explain Away the Fatal Defects<br>in Its Bond Raise More Questions Than They Answer.

Ellipso attempts to cure one of the fatal defects in its bond (the agent who allegedly

signed the paper on behalf of Hartford is not listed as a person with power of attorney to do so)

by offering a different Power of Attorney. It is curious that this ten year old Power-of-Attorney

limits Cecil B. J. Lockhart, who allegedly signed the bond in this case, to $500,000 instead of the

"unlimited" amount in the bond proffered.  It is also unclear as to what the Power of Attorney

Ellipso now files is!  It apparently allows Mr. Lockhart to bind the Hartford Casualty Insurance

Company, but it does not say anything about the Hartford Fire Insurance Company, whose bond

he allegedly signed and offered to the Court for this case. It is apparent that they are distinct companies.   Finally, why isn't the newly offered Power-Of-Attorney the same date, or at least a close equivalent, as the bond. After all, the original Power-of-Attorney Ellipso filed is from the same company as, and is dated contemporaneously with, the alleged bond.

"The Hartford" is a lot of separate companies, perhaps 20 in all.  As can be plainly seen, Hartford Fire Insurance Company is different from Hartford Casualty Insurance Company.

Finally, Ellipso's argument in support of the bond is most peculiar.  In it, Ellipso posits that the Power-of-Attorney is a part of the Bond.  Then it agrees that the Power-Of-Attorney does not do what it is supposed to do. Then its says that Mr. Lockhart has been attorney-in-fact of "The Hartford" since May 1, 1995. Does that mean he is attorney-in-fact of all twenty or so companies in the Hartford group, including The Hartford Fire Insurance Company in whose name he has bonded?

Ellipso's own arguments, flailing as they are, Mann respectfully submits, should prompt the Court to require the posting of a bond signed by a surety for a company who the bond demonstrates is empowered to bind that company. As it is, Ellipso simply has provided undated documentation that ten years ago Mr. Lockhart was Attorney-in-Fact for a separate company.

Respectfully Submitted,

_____
Thomas A. Mauro, Bar No. 184515
1020 19th Street, N.W., Suite 400
Washington, D.C. 20036
PH: (202) 452-9865
FAX: (202) 452 0092
Attorney for John B. Mann and
Mann Technologies, LLC

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing Reply of John B. Mann and Mann Technologies, LLC to Plaintiff's Opposition to their Motion for Protective Order has been mailed first class, postage prepaid, this 3rd day of January, 2005 to :

Robert B. Patterson, *pro se*
1643 Hunting Creek Drive
Alexandria, Virginia 22314

_____
Thomas A Mauro