UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC.,        ) | |
|        ) | |
|    Plaintiff,        ) | |
|        ) | |
|    v.        ) | Civil Action No. 05-1186 (RCL) |
|        ) | |
| JOHN B. MANN, et al.,        ) | |
|        ) | |
|    Defendants.        ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on defendant The Registry Solutions Company's ("TRSC") motion [16] to dismiss. Upon consideration of defendant's motion, the opposition thereto, the reply brief, the applicable law, and the entire record herein, the Court concludes that the defendant's motion will be granted. The Court agrees with the defendant's contention that plaintiffs have failed to state any claim upon which relief may be granted.

**BACKGROUND**

On or about December 15, 2003, Ellipso executed a contract with TRSC which provided that TRSC would pay Ellipso for the exclusive right to establish the Business Registry. (Compl. 9.) After several amendments, TRSC agreed to pay Ellipso a one-time royalty fee of $15,000 in addition to other monies pursuant to the provisions in the amended contract. (Id. at 10.) The contract also included a standard arbitration clause to resolve all disputes. According to the complaint, TRSC failed to meet several scheduled payments, causing Ellipso to enter into subsequent amendments with other defendants, namely, John Mann ("Mann") and Robert

Patterson ("Patterson").  (Id.)  Furthermore, plaintiff alleges that Patterson and Mann failed to disclose that Patterson was an affiliate of the TRSC.  (Id.)

Plaintiff filed a motion for a preliminary injunction against Mann and Mann Technologies, LLC ("Mann Defendants") on August 16, 2005.  After a status conference on October 28, 2005, the Court granted plaintiff's motion for a preliminary injunction.  (See Order dated November 2, 2005.)  Defendant TRSC filed this motion to dismiss.  Plaintiff argues that defendants, John Mann, Mann Technologies, LLC ("Mann Tech") and TRSC do not obey or adhere to any corporate formalities and that funds between the two corporate defendants are commingled.  Plaintiff also contends that Mann Tech and TRSC jointly participated in defrauding Ellipso, therefore, issues involving the TRSC/Ellipso contract are inextricably intertwined with the other eleven counts in the complaint.

TRSC moves to dismiss Ellipso's claims against them based on the presence of a arbitration clause in the contract between TRSC and Ellipso.

## DISCUSSION

**A.      Legal Standard**

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), this Court must construe the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the facts alleged.  Conley v. Gibson, 355 U.S. 41, 45-46, (1957); Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  However, the Court need not accept asserted inferences or conclusory allegations that are unsupported by the facts set forth in the complaint.  Kowal, 16 F.3d at 1276.  The Court will dismiss a claim pursuant to Rule

12(b)(6) only if the defendant can demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

**B.** **Arbitration Clause**

In general, courts have acknowledged a "strong policy in favor of voluntary commercial arbitration, as embodied in the United States Arbitration Act."[1] Hanes Corp. v. Millard, 531 F. 2d 585, 597 (1976). This policy is a "fundamental and powerful" one which "favors arbitration of disputes and narrowly constricts the scope of judicial intervention." Id. at 599.

In this case, the contract in question contains a standard arbitration clause with reference to the rules of the American Arbitration Association. It provides: "Any dispute concerning this agreement shall be submitted to binding arbitration pursuant to the Rules of the American Arbitration Association, or such other arbitration procedures as the parties may agree." (Compl., Tab 4) Moreover, the last paragraph contains an integration clause which excludes any parol evidence contrary to the writings therein. Thus, after three amendments there can be no doubt that both parties not only intended for the arbitration clause to be present but had ample opportunity to reconsider any clauses that they deemed unnecessary.

Furthermore, even if this court were persuaded by plaintiff's contention that TRSC and Mann Tech jointly participated in defrauding Ellipso, there was no fraudulent inducement in the arbitration clause of the contract at hand. In Prima Paint Corp. v. Flood & Conklin Mfg. Co., the Supreme Court held that where the alleged fraud goes to the agreement in its entirety, and the making of the agreement for arbitration is not in issue, the question of fraudulent inducement

---

[1]The District of Columbia has a similar statute to the United States Arbitration Act in D.C. Code §§ 16-4301 et seq. (1989).

must be decided by the arbitrator rather than by the court.  388 U.S. 395, 402-04 (1967).  The Court recognized, however, that "if the claim is fraud in the inducement of the arbitration clause itself-an issue which goes to the 'making' of the agreement to arbitrate-the federal court may proceed to adjudicate it."  Id.

There is no evidence in the record that there was any type of fraudulent inducement as to the arbitration clause.  Plaintiff also alleges that Mr. Patterson's breach of fiduciary duty or dual representation is an issue in this case, but there is no reason an arbitrator cannot hear that argument.  In fact all arguments dealing with fraudulent inducement of the whole contract between Ellipso and TRSC belong in arbitration.  Thus, plaintiff fails to state a claim upon which relief can be granted.

Finally, plaintiff argues that Mann defendants and TRSC do not adhere to any corporate formalities and that funds between the two corporate defendants are commingled.  There is nothing in the record that suggests that Mann Tech and TRSC are not separate legal entities.  To the contrary, Mann Tech and TRSC had separate contractual arrangements with Ellipso.

Accordingly, the Court concludes that plaintiff has failed to demonstrate that its claims against TRSC are inseverable from its claims against Mann Tech.  Ellipso is bound by the arbitration clause in its contract with TRSC.

## **CONCLUSION**

For the reasons set forth above defendant TRSC's motion [16] to dismiss shall be granted.

A separate Order shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, January 30, 2006.