IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC.                             ) | |
|                                                       ) | |
|         Plaintiff,                            ) | |
|                                                       ) | |
| v.                                                ) | Civil Action No.: 05-01186 |
|                                                       ) | |
| JOHN B. MANN, et al.                ) | |
|                                                       ) | |
|                                                       ) | |
|         Defendants.                       ) | |
| _____) | |

**PLAINTIFF'S MOTION TO DISMISS
DEFENDANT ROBERT PATTERSON'S COUNTERCLAIMS**

Pursuant to Federal Rule of Civil Procedure 12, Plaintiff Ellipso, Inc. ("Ellipso") hereby requests that this Court dismiss the counterclaims filed against it by Defendant Robert Patterson as a matter of law. In support of the instant Motion, Ellipso states as follows:

**Preliminary Statement**

Patterson's counterclaim asserts five counts against Ellipso: (1) breach of contract; (2) quantum meruit; (3) unjust enrichment; (4) fraud; and (5) civil conspiracy.[1] The five claims all suffer from the same fatal flaw – the causes of action, even assuming they have any merit which they do not, are held by Defendant Consulting Management, Ltd. and not Patterson. All the counts are premised on a contract cited in the counterclaim (and attached thereto) by and between Ellipso and Consulting Management, Ltd., an entity of which Patterson claimed to be the Director. *See* Counterclaim at

---

[1]   Although the counterclaim appears to identify claims for "Punitive Damages," "Jury Demand," and "Requested Relief" as numbered counts, Patterson, Ellipso presumes, inadvertently numbered what typically is included in an *ad damnum* clause. Nonetheless, these counts should be dismissed, whether treated as separate counts or as comprising an *ad damnum* clause, upon dismissal of Counts I – V.

Exhibit 1.  It is black-letter law that only a party to a contract may enforce the terms thereof.  Thus, Patterson has no standing to sue Ellipso on the asserted claims.

Irrespective of the standing issue, the claims suffer from numerous other deficiencies warranting dismissal.  First, given the existence of a written contract between Ellipso and Consulting Management, neither a claim for quantum meruit nor unjust enrichment is viable.  Such quasi-contractual claims only may be asserted in the absence of an actual contract.  Second, the fraud claim does not state with specificity the who, what, where and how as required under F.R.C.P. 9(b).  Rather, the fraud claim simply alleges that Ellipso never intended to pay "Patterson" pursuant to the parties' contract.  This is insufficient under Rule 9(b).

Finally, as to the conspiracy count, this claim suffers from two defects.  First, it is universally recognized that a corporation cannot engage in a conspiracy with its officers.  For purposes of a civil conspiracy, a corporation and its officers are deemed to be one and the same.  Thus, the allegation that Ellipso entered into a conspiracy with its Chief Executive Officer must fail.  Second, the conspiracy count does not state a claim upon which relief may be granted and does not satisfy F.R.C.P. 9(b).  The count simply asserts that Ellipso engaged in a conspiracy with three other business entities (and its unnamed officers, directors and managers), an individual and "others as yet unknown."  Counterclaim at ¶ 16.  Absent from this count are any allegations respecting any overt actions taken in furtherance of the alleged conspiracy or any facts to even suggest an agreement or understanding among any of the named or unnamed parties.  This count clearly was included in the counterclaims simply to permit Patterson leave to tarnish the

reputations of other companies and individuals.² Accordingly, all the counts should be dismissed as a matter of law.

### Argument

Although the Court must accept all <u>well-pleaded</u> facts, and reasonable inferences therefrom, as true, if those facts and inferences fail to state any claim upon which relief may be granted, the Court, pursuant to Rule 12(b)(6), must dismiss the claim as a matter of law. <u>Brug v. National Coalition for the Homeless</u>, 34 F. Supp. 2d 33, 36 (D.D.C. 1999). In addition, pursuant to Rule 9(b), a fraud claim which does not state with particularity the alleged facts also must be dismissed. <u>Sturdza v. United Arab Emirates</u>, 281 F.3d 1287, 1306 (D.C. Cir. 2002). Here, viewing the above facts in the light most favorable to Patterson, his claims should be dismissed for failure to state a claim and, with respect to his fraud claim, for failure to plead with particularity.

**A.  Patterson Lacks Standing to Assert Any of the Claims In His Counterclaim**

Although Patterson tries to plead around it by alleging that the contract was a "personal service contract," *see* Counterclaim at ¶ 1, there is no mistaking that the contract, attached to the counterclaim at Exhibit 1, was entered into between Ellipso and Consulting Management, Ltd.³ It is black-letter law that the only party who may enforce a contract is a party to the contract. 17A Am. Jur. 2d § 416 (acknowledging that a "contract cannot be enforced by a person who is not a party to it"); *see e.g.* <u>Fields v.</u>

---

² Indeed, the count names as one of the alleged co-conspirators "Mrs. David Castiel." Presuming Patterson intended to identify the wife of Ellipso's CEO, he alleges not one fact – because there are none – which would suggest that she had any involvement in Ellipso's business relationship with Consulting Management, Ltd. While Patterson appears to enjoy sprinkling threats of sanctions throughout his pleadings and correspondence, it would appear that the conspiracy count places him perilously close to a violation of Rule 11.

³ The contract, by its terms, is governed by District of Columbia law.

3

Tillerson, 726 A.2d 670, 672-73 (D.C. 1999). Here, that party is Consulting Management – not Patterson. Similarly, the only party that could have been fraudulently induced to execute the contract, as alleged in Count IV, is Consulting Management, the actual party to the contract. Likewise, only Consulting Management could have been the target of the conspiracy to commit fraud alleged in Count IV. Accordingly, the five counts alleged in the counterclaim, all improperly asserted by Patterson in his individual capacity, should be dismissed as a matter of law.

### B. Additionally, Counts II – V Are Dismissible for Alternative Reasons

#### 1. The Claims for Quantum Meruit and Unjust Enrichment Should be Dismissed

Counts II and III, for quantum meruit and unjust enrichment, both share the same trait – they are quasi-contractual claims which are actionable only in the absence of an actual contract. Jordan Keys & Jessamy, LLP v. St. Paul Fire and Marine Ins. Co., 870 A.2d 58, 63-64 (D.C. 2005); Chase v. Gilbert, 499 A.2d 1203, 1207-08 (D.C. 1985); Kilian v. Better Boxes, Inc., 121 A.2d 726, 728 (D.C. 1956) (agreeing that "where there is an express contract fixing [payment], recovery should not be allowed on the *quantum meruit* theory"). Here, the contract in question is in writing, contains the express terms of agreement between the contractual parties and helpfully is attached to the counterclaim at Exhibit 1. The quasi-contractual claims in Counts II and III, therefore, are not viable and should be dismissed as a matter of law.[4]

---

[4] It is interesting to note that, with respect to the *quantum meruit* claim, Patterson claims that Ellipso "holds assets worth in excess of five hundred million dollars," *see* Counterclaim at ¶ 5. Yet, in response to the Court's Order granting Ellipso a preliminary injunction, Patterson requested that Ellipso post a $224,000 bond because Ellipso's only substantial assets, Patterson alleged, were 3.7 million shares of ICOHA stock (worth approximately $15 million at the time). *See generally* Patterson's Motion to Amend Preliminary Injunction at 2.

### 2. The Fraud Claim Should Be Dismissed

#### i. The Fraud Claim Fails Under Rule 9(b)

Federal Rule of Civil Procedure 9(b) requires that all allegations concerning a claim for fraud be pleaded with "particularity."  Courts have interpreted this pleading requirement to mean that a pleading alleging fraud must provide the "time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud."  United States v. Dyncorp, Inc., 924 F. Supp. 292, 303 (D.D.C. 1996); Bennett Enterprises, Inc. v. Domino's Pizza, Inc., 794 F. Supp. 434, 436-37 (D.D.C. 1992).

Here, Patterson's fraud claim – aside from incorrectly being asserted by him – baldly alleges that Ellipso never intended to pay Patterson for his services.  Counterclaim at ¶ 11-12.  Absent from the counterclaim are, *inter alia*, any allegations respecting when and where Ellipso made a promise to pay, the content of the alleged misrepresentations and what amounts Ellipso promised to pay.  Absent these required, particularized allegations, the fraud count should be dismissed as a matter of law.

#### ii. The Fraud Count Does Not State a Claim

Aside from the obvious deficiencies discussed above, the fraud count also fails to state a claim because the factual allegations of the counterclaim itself defeat the claim for fraud.  The crux of the fraud claim, as can be discerned from the non-particularized allegations, is that Ellipso allegedly induced Patterson to perform services without any intention to pay for such services.  Indeed, the counterclaim alleges that Ellipso "had no

intention of compensating Patterson for his services." Counterclaim at ¶ 12 (emphasis added).

However, the counterclaim also alleges that "Ellipso made partial payments to Patterson for these services up to and including October 2004." Counterclaim at ¶ 2. The facts alleged by Patterson demonstrate that Ellipso could not have misrepresented its intention of paying – a *prima facie* element of a fraud claim[5] – because Ellipso, as the counterclaim concedes, actually made payments. Accordingly, in addition to the other reasons expressed herein, the facts alleged in the counterclaim demonstrate the absence of fraudulent intent and thus the fraud count should be dismissed as a matter of law.

### 3. The Conspiracy Claim Should Be Dismissed

Count V for conspiracy suffers from two equally fatal defects. First, Patterson alleges that Ellipso engaged in a civil conspiracy with its own CEO. It is well-recognized, however, that a corporate entity "cannot act other than through its officers and agents" and thus cannot enter into a civil conspiracy with its own officers as a matter of law. Weaver v. Gross, 605 F. Supp. 210, 216 (D.D.C. 1985); Graves v. United States, 961 F. Supp. 314, 320 (D.D.C. 1997) (holding that an agency cannot enter into a conspiracy with its own officials); Elliott v. Tilton, 89 F.3d 260, 265 (5th Cir. 1996) (acknowledging that "the acts of a corporate agent are the acts of the corporation, and a corporation cannot conspire with itself").

Second, likely in an attempt to avoid dismissal for the foregoing reason, Patterson alleges that several named and unnamed entities and individuals also were involved in the conspiracy. The counterclaim, however, provides no allegations respecting the alleged overt acts committed in furtherance of this conspiracy or the agreements or

---

[5] Dyncorp, 924 F. Supp. at 303.

understandings among these entities and individuals.  See Brug, 45 F. Supp. 2d at 40 (holding that a conspiracy claim must allege a "meeting of the minds"); Graves, 961 F. Supp. at 320-21 (D.D.C. 1997) (dismissing conspiracy claim because complaint failed to allege, as it must, any agreement among the alleged conspirators or that any overt acts were taken in furtherance of the alleged conspiracy).  Moreover, given that the conspiracy claim alleges that its purpose was to defraud Patterson, it is subject to the particularized pleading requirements of Rule 9(b) which this claim certainly fails to satisfy.  Sturdza, 281 F.3d at 1306 (acknowledging that a claim alleging a conspiracy to defraud is subject to the pleading requirements of Rule 9(b)); Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir. 1985) (same).  Accordingly, given that this Count V is wholly conclusory in nature, not to mention borderline sanctionable as discussed above, it should be dismissed as a matter of law.

## Conclusion

Based upon the foregoing, Ellipso, Inc. respectfully requests that this Court dismiss Defendant Robert Patterson's counterclaims in their entirety.

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**

_____/s/_____
Mark S. Guberman (#442683)
1400 K Street, NW
Suite 1000
Washington, DC  20005
(202) 434-9109 (voice)
(202) 783-3420 (facsimile)

*Counsel for Ellipso, Inc.*

7