IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. | ) |
| Plaintiff, | ) |
| v. | ) Case No. 05cv001186 (RCL) |
| JOHN B. MANN, et al., | ) |
| Defendants. | ) |
| and | ) |
| ROBERT B. PATTERSON | ) |
| Counter Claim Plaintiff | ) |
| v. | ) |
| ELLEPSO, INC. | ) |
| Counter Claim Defendant | ) |

RESPONSE OF ROBERT PATTERSON TO ELLIPSO'S
MOTION TO DISMISS COUNTER CLAIMS

Counter claim defendant, Ellipso, Inc. ("Ellipso"), seeks dismissal of Robert Patterson's ("Patterson's") counter claims asserting that Patterson lacks standing to assert the claims for breach of contract, *quantum meruit,* and unjust enrichment; and that the counts for fraud and conspiracy lack sufficient specificity. None have merit.

Count I, Breach of Contract. The Federal Rules of Civil Procedure, Rule 17(a), requires that, "Every action shall be prosecuted in the name of the real party in interest." Here, Patterson alone provided the services pursuant to the contract, and received the compensation from Ellipso for those services. [n.b. The checks paid by Ellipso were

RECEIVED

MAR 24 2006

1

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

written to "Robert Patterson."] Ellipso acknowledges in its Complaint that Consulting Management was never incorporated, and thus could not be the real party in interest pursuant to Rule 17(a). Moreover, that Rule further specifies that, "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest, and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." Consulting Management can be added as a party plaintiff to the counter claims, but it would be a mere formality.

Patterson has standing to bring the breach of contract action as a third party beneficiary of the contract. As the very authority cited by Ellipso notes, "A third party to a contract 'may sue to enforce its provisions if the contracting parties intend the third party to benefit directly thereunder'." Fields v. Tillerson, 726 A.2d 670, 672 (DC 1999), citations omitted. Here the parties clearly intended that Patterson provide the consulting services, and that he be compensated there for. Patterson has standing to bring the breach of contract claim.

Count II, *Quantum Meruit*. Here, again citing the very authority relied on by Ellipso,

> "The right to recover in *quantum meruit* does not grow out of the contract, but it is independent of it. This right is based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted." Campbell v. Northwestern National Life Insurance Co., 573 S.W.2d 496, 498 (Tex. 1978) (citing 1 Williston on Contracts § 3A (other citations omitted)). Thus a party who has incurred a detriment at the request of another, by rendering service to the other with the reasonable expectation of compensation, is as entitled to enforce his claim at law as one who has acted similarly based on an expressed promise. Welsh v. Woods 47 Hawaii 252, 254, 386 P.2d 886, 887 (1963) citations omitted. Chase v. Gilbert, 499 A.2d 1203, 1207 (DC 1985).

Ellipso cannot have it both ways. Either there is a contract, or there is not. In the absence of the expressed contract, *quantum meruit* is proper. As the October 20, 2004, email, attached as Exhibit 4 to the Counter Claim, evidences, for services delivered post May 31, 2004, an issue exists as to the specific, appropriate compensation. To the extent Patterson is not the proper party to prosecute the breach of contract claim for services delivered pre May 31, 2004, pursuant to the contract, *quantum meruit* will also lie.

Count III, Unjust Enrichment. "In order to state a claim for unjust enrichment, the plaintiffs "must establish that: (1) they conferred a legally cognizable benefit upon [the] [d]efendants; (2) [the] [d]efendants possessed an appreciation or knowledge of the benefit; and (3) [the] [d]efendants accepted or retained the benefit under inequitable circumstances." Holly Sugar Corp. v. Veneman, 355 F.Supp.2d 181, 190 (D.D.C. 2005) citations omitted. Here, as with the *quantum meruit* claim, Ellipso cannot have it both ways. Either a contract exists which can be enforced, or a claim for unjust enrichment lies, Id. @190. As noted, prior to May 31, 2004, a valid contract may exist, but post May 31, 2004, it appears the compensation terms remained open. In these circumstances a claim for unjust enrichment is proper.

Count IV, Fraud. Ellipso asserts that the fraud claim is not pled with sufficient particularity. However, the written promises by Ellipso to pay Patterson for his services are attached to the counter claim. The counter claim specifically asserts that these promises were made without the intent to perform them; for the purpose of inducing Patterson to rely on these false promises in providing more than two years of personal services; that Patterson reasonably relied on these false promises; and that Patterson was thereby injured. The counter claim meets the requirements of Rule 9(b).

> "Fraud . . . is comprised of five elements: (1) a false representation, (2) in reference to material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken in reliance upon the representation.
>
> . . .
>
> . . . the pleader must state the time, place and content of the false misrepresentations . . ., *the fact misrepresented and what was retained or given up as a consequence of the fraud.* D'Amerosio v. Colonnade Council, 717 A.2d 356, 360-361 (D.C. 1998) citations omitted.

It is submitted that here, as in D"Amerosio, Id., the plaintiff "has pleaded, in particularized but concise form, each of the five elements of fraud. [and that] "the pleading satisfie[s] . . . the purposes of Rule 9: [to] ensure that the allegations are specific enough to inform the [defendant] of the act of which [plaintiff] complains and to enable [defendant] to prepare an effective response and defense. Id. @ 361, citations omitted. The fraud count is properly pled.

[Ellipso's specious argument that Ellipso's partial payment of fees insulates it from a fraud claim, warrants no response, as this is tantamount to arguing that a bank robber cannot be prosecuted because he fled with only part of the bank's money.]

Count V, Conspiracy. The conspiracy count avers a conspiracy among and between a number of distinct corporations and individuals to effectuate an illegal purpose – fraud. Since the exact role and activities of each conspirator can only become known through discovery, any resolution as to any particular conspirator must await the completion of discovery. While an officer may not be able to conspire with his own company, he certainly can conspire with other individuals and corporations, and the corporation can certainly conspire with other business entities. Because of the myriad of business entities and individuals entangled with Ellipso, discovery is essential to sort out the various roles of each.

4

## CONCLUSION

For the reasons set forth herein, Counter Claim Plaintiff, Robert B. Patterson, respectfully moves this Court to deny Counter Claim Defendant, Ellipso's, Motion to Dismiss.

Respectfully submitted,

Robert B. Patterson, *pro se*
1643 Hunting Creek Dr.
Alexandria, Virginia 22314
(571) 278-7076

CERTIFICATE OF SERVICE:

I certify that a true and correct copy of the foregoing was mailed first class, postage paid this 24th day of March, 2006, to: Mark S. Guberman, Esq., 1400 K St., N.W., Suite 1000, Washington, D.C. 20005; and to: Thomas Mauro, Esq., 1020 Nineteenth St., N.W., Suite 400, Washington, D.C. 20036.

Robert B. Patterson