IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELLIPSO, INC.**    ) | |
| ) | |
|     **Plaintiff,**    ) | |
| ) | |
| v.    ) | Civil Action No.: 05-01186 (RCL) |
| ) | |
| **JOHN B. MANN, et al.**    ) | |
| ) | |
| ) | |
|     **Defendants.**    ) | |
| _____) | |

### REPLY TO DEFENDANT/COUNTER PLAINTIFF'S RESPONSE OF ROBERT PATTERSON TO ELLIPSO'S MOTION TO DISMISS COUNTER CLAIMS

Plaintiff/Counter Defendant, Ellipso, Inc., hereby replies to the Response of Defendant/Counter Plaintiff Robert Patterson to Ellipso's Motion to Dismiss Counter Claims. Patterson essentially attempts to raise five arguments in his opposition to Ellipso's Motion to Dismiss. As explained below, none have merit.

First, Patterson's reliance on Rule 17(a) of the Federal Rules of Civil Procedure is misplaced. The subject contract cited in the counterclaim is by and between Ellipso and Consulting Management, Ltd.. Patterson's only basis for invoking Rule 17(a) is because he purportedly performed services completed under the contract and was compensated. Those assertions, do not change the fact that the causes of action belong to Defendant Consulting Management, Ltd. and not Patterson. As noted in Rule 17(a), the purpose of Rule 17(a) is to permit an executor, administrator, guardian, trustee of an express trust or a party with whom or in whose name a contract has been made for the benefit of another (or authorized by statute) to sue in that person's own name without joining the party for whose benefit the action is brought. Here, presumably Patterson

chose to have Consulting Management, Ltd., as the contracting party. Thus, Patterson long ago decided to forgo standing his individual capacity to pursue counterclaims that belong to Consulting Management, Ltd.

Second, Patterson's argument that he has individual standing to pursue his counter claims as a third party beneficiary under Consulting Management Ltd.'s agreement with Ellipso is similarly without merit. The language in the Agreement does not support Patterson's claim. Simply because Patterson stood to benefit from the Consulting Management Ltd.'s purported agreement with Ellipso does not automatically result in him having standing to be a third party beneficiary to the agreement. Patterson has not made any proffer that he can show that the parties to the contract intended him to be a third party beneficiary to benefit from the purported agreement. Indeed, he has <u>not</u> even pled such in his counter claim. No where in Patterson's counter claim does he allege that he was an intended third party beneficiary to the agreement.

Third, in his Response to Ellipso's Motion to Dismiss, Patterson does not even address the other reason his quasi contract claims must also fail, that quasi contractual claims such as quantum meruit and unjust enrichment are only actionable in the absence of an actual contract. Here, Consulting Management, Ltd., purportedly entered into a contract with Ellipso – not Patterson. Further, Patterson seems to want it both ways. He states in his Response that page 3 that: [a]s noted, prior to May 31, 2004, a valid contract may exist, but post May 31, 2004, it appears the compensation terms remained open. In these circumstances a clam for unjust enrichment is proper." Without necessarily agreeing with Patterson, Ellipso notes that even if it is correct that post May

2

31, 2004, compensation terms remain open, again it is Consulting Management Ltd that purportedly had a contract with Ellipso, not Patterson.

Fourth and Fifth, Patterson's responses to the dismissal of the fraud and conspiracy counts do not address the arguments raised in Ellipso's Motion. Ellipso relies on the arguments made in its Motion to Dismiss.

                                    Respectfully Submitted,

                                    _____/s/_____
                                    Natalie O. Ludaway

                                    Counsel for Ellipso, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ELLIPSO, INC.** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No.: 05-01186 (RCL) |
| ) | |
| **JOHN B. MANN, et al.** ) | |
| ) | |
| ) | |
|     **Defendants.** ) | |
| _____) | |

## ORDER

This matter comes before the Court on the Reply to Defendant/Counter Plaintiff's Response of Robert Patterson to Ellipso's Motion to Dismiss Counter Claims filed by Plaintiff Ellipso, Inc. Upon consideration of Plaintiff's reply, any opposition thereto, arguments of counsel at the hearing on this matter, the record herein and for good cause shown, it is thereby this \_\_\_\_\_ day of _____, 2005

**ORDERED** that Defendant/Counter Plaintiff's Response of Robert Patterson to Ellipso's Motion to Dismiss Counter Claims is **DENIED**.

_____
Royce C. Lamberth
Judge, United States District Court
 for the District of Columbia

cc:   Counsel of Record

# **CERTIFICATE OF SERVICE**

I certify that the foregoing Reply to Defendant/Counter Plaintiff's Response of Robert Patterson to Ellipso's Motion to Dismiss Counter Claims was served via electronic deliver and US Mail on the following parties and/or counsel of record on this 10th day of April, 2006

JOHN B. MANN
9330 Harts Mill Road
Warrenton, VA 20186

MANN TECHNOLOGIES, LLC
9330 Harts Mill Road
Warrenton, VA 20186

ROBERT B. PATTERSON
PO Box 2051
Middleburg, VA 20118

CONSULTING MANAGEMENT, LTD.
PO Box 2051
Middleburg, VA 20118

THE REGISTRY SOLUTIONS CO.
9330 Harts Mill Road
Warrenton, VA 20186


_____/s/_____
Natalie O. Ludaway

Counsel for Ellipso, Inc.