UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 05-1186 (RCL) |
| | ) |
| JOHN B. MANN, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

This matter comes before the Court on plaintiff's motion [44] to dismiss the defendant Robert Patterson's ("Patterson") counterclaims against plaintiff Ellipso, Inc. ("Ellipso"). Patterson's counterclaim asserts five counts against Ellipso: (1) breach of contract; (2) *quantum meruit*; (3) unjust enrichment; (4) fraud; and (5) civil conspiracy. In response, plaintiff argues that Patterson lacks standing and fails to state a claim upon which relief can be granted. Upon consideration of plaintiff's motion, the opposition thereto, the reply brief, the applicable law, and the entire record herein, the Court concludes that the plaintiff's motion to dismiss the counterclaims will be granted.

## ANALYSIS

**A.      Legal Standard**

Pursuant to Fed. R. Civ. P. 12(b)(6), a motion to dismiss will not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). All that the Federal Rules of Civil Procedure

require of a complaint is that it contain "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharm, Inc. v. Broudo, 544 U.S. 336 (2005). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor. Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979). The plaintiff must be given every favorable inference that may be drawn from the allegations of fact. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The same standards govern a motion to dismiss a counterclaim.

**B.      Breach of Contract**

Count I of Patterson's counterclaim asserts that Ellipso breached its contract with Patterson under which Patterson was to provide consulting services to Ellipso in exchange for payment. (Counterclaim 7.) Ellipso argues that Patterson has no standing to sue Ellipso because the contract is between Ellipso and Defendant Consulting Management, Ltd. and not Patterson. The Court will dismiss Patterson's breach of contract claim, but for a different reason.

The parties do not dispute that the contract was putatively entered into by Ellipso and Consulting Management Ltd. ("CM"), with Patterson acting as CM's agent, and that CM is not and has never been incorporated in the United States. Only validly formed corporations have the capacity to contract. See, e.g., D.C. Stat. § 29.101-04(8); Va. Code Ann. § 13.1-627(7); Model Bus. Corp. Act § 4(h); FLETCHER CYC. CORP. § 4059. Where one party lacks capacity to

contract, no contract is formed.  See Restatement (Second) of Contacts §§ 12(1).  Thus, there is no legally enforceable contract between Ellipso and CM.  However, individuals purporting to act on behalf of a corporation with knowledge that no corporation in fact exists are jointly and severally liable for any liabilities so incurred.  D.C. Stat. § 29.101.139; see also FLETCHER CYC. CORP. § 4059, cf. 2A C.J.S. Agency § 369 (in general "a person signs a contract on behalf of a nonexistent principal, the contract is void, and the purported agent renders himself or herself individually liable").  Thus, Patterson is individually liable to Ellipso, but, because the contract itself is void, Ellipso is not liable to Patterson.

Patterson's other arguments are unavailing because they depend on the existence of a contract.  Patterson has failed to establish the existence of a contract, which is an essential element of his breach of contract claim.  Accordingly, Count I of the counterclaim will be dismissed because Patterson does not have standing to pursue contract-based counterclaims.

**C.    Unjust Enrichment &** *Quantum Meruit*

The Court will also dismiss Patterson's claims of unjust enrichment and *quantum meruit* for services provided to Ellipso (Counterclaim Counts II and III).  Patterson alleges that Ellipso accepted benefits of Patterson's services without compensation and under equitable doctrine theories, brings claims of unjust enrichment and *quantum meruit*.  The District of Columbia prohibits plaintiffs with unclean hands from obtaining equitable relief:

> In an action in equity 'he who asks relief must have acted in good faith. The equitable powers of th[e] court can never be exerted in behalf of one who has acted fraudulently or who by deceit or any unfair means has gained an advantage. To aid a party in such a case would make th[e] court the abetter of iniquity.'  Thus, while 'equity does not demand that its suitors shall have led blameless lives, --- it

>does require that they shall have acted fairly and without fraud or deceit as to the controversy in issue.'

Synanon Found., Inc. v. Bernstein, 503 A.2d 1254, 1264 (D.C. 1986) (citations omitted). "A plaintiff's non-compliance with this [clean hands] requirement warrants dismissal of his action." Id.

Here, Patterson admits in his answer to Ellipso's complaint that CM was never validly incorporated and never has been authorized to do business anywhere. Patterson's deceitful representation in purporting to contract with Ellipso on behalf of a non-existent corporation compels dismissal of his unjust enrichment and *quantum meruit* claims under the doctrine of unclean hands.

**D.     Fraud**

Pursuant to Federal Rule of Civil Procedure 9(b), a fraud claim which does not state the alleged facts with particularity must be dismissed. Sturdza v. United Arab Emirates, 281 F.3d 1287, 1306 (D.C. Cir. 2002). The rule requires that the pleader specify what statements were made and in what context, when they were made, who made them, and the manner in which the statements were misleading. See Firestone v. Firestone, 76 F.3d 1205, 1211 (D.C. Cir. 1996) (plaintiff must state the "time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud"); Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1277-78 (D.C. Cir. 1994) (same); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1297 (1994). Accordingly, "allegations in the form of conclusions on the part of the pleader as to the existence of fraud are insufficient." Hercules & Co. v. Shama Rest. Corp., 613 A.2d 916, 923 (D.C. 1992).

Patterson's fraud claim relies on the allegation that Ellipso never intended to pay Patterson for his services.  (Counterclaim ¶ 11-12.)  This bare accusation is insufficient to satisfy the requirements of Rule 9(b).  Patterson reveals neither the "time, place, [nor] contents" of the alleged misrepresentation, nor the amounts Ellipso promised to pay.  See Firestone v. Firestone, 76 F.3d at 1211.  Accordingly, Patterson's fraud claim will be dismissed.

**E.    Conspiracy**

Finally, in Count V, Patterson contends that Ellipso and David Castiel, the CEO of Ellipso, "conspired each with the other, and with others including Virtual Geosatellite Holdings, Inc., . . . and others yet unknown, to defraud Patterson (and others) of payment of services rendered to Ellipso."  (Compl. 10.)

Plaintiff argues that a corporation cannot engage in a conspiracy with its officers because a corporation and its officers are deemed to be one and the same.  The Court agrees.  A corporate entity "cannot act other than through its officers and agents" and thus cannot enter into a civil conspiracy with its own officers as a matter of law.  Weaver v. Gross, 605 F. Supp. 210, 216 (D.D.C. 1985); Graves v. United States, 961 F. Supp. 314, 320 (D.D.C. 1997) (holding that an agency cannot enter into a conspiracy with its own officials).

Patterson also alleges that several named and unnamed entities and individuals were also involved in the conspiracy.  The counterclaim, however, does not allege any facts regarding the existence of any agreement among these alleged conspirators or any overt act taken in furtherance of the alleged conspiracy.  "[T]wo essential elements of civil conspiracy are (1) an agreement to take part in an unlawful action or a lawful action in an unlawful manner; and (2) an overt tortious act in furtherance of the agreement that causes injury."  Hall v. Clinton, 285 F.3d

74, 82-83 (D.C. Cir. 2002) (internal quotation marks, citations, and emphasis omitted).[1]

Accordingly, Count V of the counterclaim will be dismissed.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to dismiss the counterclaims will be granted.

A separate Order shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, April 26, 2006.

---

[1] See also Brug v. Nat'l Coal. for the Homeless, 45 F. Supp. 2d 33, 40 (D.D.C. 1999) (conspiracy claim must allege a "meeting of the minds"); Graves, 961 F. Supp. at 320-21 (D.D.C. 1997) (dismissing conspiracy claim for lack of allegations of an agreement or overt acts taken in furtherance of the alleged conspiracy).