IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN B. MANN, et al. )<br>)<br>)<br>Defendants. )<br>_____) | Civil Action No.: 05-01186 (RCL) |

## MOTION FOR PROTECTIVE ORDER

COMES NOW the Plaintiff, Ellipso, Inc., by and through counsel, and pursuant to Federal Rule of Civil Procedure 26(c), respectfully requests that the court issue a protective order vacating the notice of deposition of Juan Tomassoni scheduled for June 1, 2006, for lack of reasonable notice, as more fully set forth in the attached Memorandum.

Respectfully submitted,

LEFTWICH & LUDAWAY, LLC

_____/s/_____
Natalie Ludaway, #405149
Matthew H. Goodman, #445404
1400 K Street, NW
Suite 1000
Washington, DC 20005
(202) 434-9109 (voice)
(202) 783-3420 (facsimile)
*Counsel for Ellipso, Inc.*

# CERTIFICATE OF SERVICE

      I certify that the foregoing Motion and attached Memorandum in Support thereof was served via regular, first-class mail on the following parties and/or counsel of record on this 30th day of May, 2006:

THOMAS MAURO, ESQ.
1020 19th Street, N.W., Suite 400
Washington, D.C. 20036
Counsel for Defendant John B. Mann and Mann Technologies

ROBERT B. PATTERSON, pro se
PO Box 2051
Middleburg, VA 20118

                                                                                      /s/
                                                      Matthew H. Goodman

                                                      Counsel for Ellipso, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>JOHN B. MANN, et al. )<br>)<br>)<br>    Defendants. )<br>_____) | Civil Action No.: 05-01186 (RCL) |

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

On Friday, May 26, 2006 at 6:30 p.m., the undersigned received electronic notification of a deposition notice issued by counsel for Defendant Mann and Mann Technology concerning the deposition of witness Juan Tomassoni on June 1, 2006. (Exhibit 1) Counsel for Plaintiff was never contacted prior to the noticed deposition in order to ascertain whether June 1, 2006, was an acceptable date for the undersigned and their client.

Given the holiday weekend and the undersigned's attendance at an out-of-state wedding, Defendants' Notice of Deposition was not reviewed until Tuesday, May 30, 2006 – just two days before the scheduled deposition.[1] Rule 30(b)(1) requires opposing counsel to give "reasonable notice" in writing to every other party to the action of a scheduled deposition. Local Rule 30.1 defines reasonable notice as five days in advance of the date set for taking the deposition. The five day notice period is governed by

---

[1] Counsel for Defendant indicates that Mr. Tomassoni is scheduled to be out of town for six weeks beginning June 5, 2006. Since Mr. Tomassoni is expected to return several months before the close of discovery, there is no good cause as to why reasonable notice could not afforded as required by the rules. (Exhibit 2)

Federal Rule 6, which excludes Saturdays, Sundays and legal holidays from the calculation. The earliest a deposition could take place on notice provided on May 26, 2006, would be Tuesday, June 6, 2006 – not June 1, 2006 as scheduled.

Defendants' Notice of Deposition is improper and fails to come close to providing reasonable notice required by the local rules. Co-counsel Matthew Goodman, is scheduled for trial on June 1, 2006, and the corporate representative for Plaintiff Ellipso has a scheduling conflict on that date as well.[2] More importantly, the lack of reasonable notice afforded to Plaintiff does not allow for sufficient time to adequately prepare for the deposition. For example, deponent Mr. Tomassoni is a former consultant to Plaintiff Ellipso. Upon information and belief, Mr. Tomassoni executed a confidentiality agreement upon his retention. Plaintiff requires time to locate this agreement and determine whether a protective order seeking to limit the witness' testimony is appropriate. This investigation cannot reasonably be accomplished within the shortened notice period provided by Defendants.

Defendants will suffer no prejudice should the deposition of Mr. Tomassoni be rescheduled for a later date. A scheduling order has not issued in this matter. There remains several months for the parties to conduct discovery. Other than exchanging their initial disclosures, the parties have yet to conduct any discovery in this matter. Defendants have more than ample opportunity to reschedule the deposition of Mr. Tomassoni so that reasonable notice is afforded to the parties.

WHEREFORE, Plaintiff respectfully requests that this court enter a protective order vacating the notice of deposition of Mr. Tomassoni scheduled for June 1, 2006.

---

[2] Given the immediacy of this motion, the availability of co-counsel Natalie Ludaway could not be ascertained at the time of filing. Nonetheless, Plaintiffs would request (and be entitled to) reasonable notice notwithstanding their ability to attend the deposition.

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**

_____/s/_____
Natalie Ludaway, #405149
Matthew H. Goodman, #445404
1400 K Street, NW
Suite 1000
Washington, DC 20005
(202) 434-9109 (voice)
(202) 783-3420 (facsimile)
*Counsel for Ellipso, Inc.*

## CERTIFICATE OF SERVICE

I certify that the foregoing Motion and attached Memorandum in Support thereof was served via regular, first-class mail on the following parties and/or counsel of record on this 30th day of May, 2006:

THOMAS MAURO, ESQ.
1020 19th Street, N.W., Suite 400
Washington, D.C. 20036
Counsel for Defendant John B. Mann and Mann Technologies

ROBERT B. PATTERSON, pro se
PO Box 2051
Middleburg, VA 20118

_____/s/_____

Matthew H. Goodman
Counsel for Ellipso, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN B. MANN, et al. )<br>)<br>)<br>Defendants. )<br>_____) | Civil Action No.: 05-01186 (RCL) |

## ORDER

UPON CONSIDERATION of Plaintiff's Motion for Protective Order and a review of the entire file, it is by the court this 30th day of May, 2006

ORDERED, that Plaintiff's Motion for Protective Order be and the same is hereby granted, and it is further

ORDERED, that the Notice of Deposition of Juan Tomassoni scheduled for June 1, 2006, be and the same is hereby vacated, the court being of the opinion that reasonable notice was not afforded to the parties.

_____
JUDGE

# Exhibit (1)

**From:** DCD_ECFNotice@dcd.uscourts.gov
**Sent:** Friday, May 26, 2006 6:34 PM
**To:** DCD_ECFNotice@dcd.uscourts.gov
**Subject:** Activity in Case 1:05-cv-01186-RCL ELLIPSO, INC. v. MANN et al "Notice (Other)"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

District of Columbia

Notice of Electronic Filing

The following transaction was received from Mauro, Thomas entered on 5/26/2006 at 6:33 PM and filed on 5/26/2006

**Case Name:**       ELLIPSO, INC. v. MANN et al
**Case Number:**     1:05-cv-1186
**Filer:**           JOHN B. MANN
                     MANN TECHNOLOGIES, LLC
**Document Number:** 64

**Docket Text:**
NOTICE *of Filing* by MANN TECHNOLOGIES, LLC, JOHN B. MANN, JOHN B. MANN, MANN TECHNOLOGIES, LLC (Attachments: # (1) Exhibit Subpoena and return of service to Juan Tomassoni)(Mauro, Thomas)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\Documents and Settings\tam\Desktop\My Files\Mann, John\Pleadings\Notice filing Tomassoni Sub 05-26-06.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=5/26/2006] [FileNumber=1118938-0]
[376938c7a4df6d3d775f9fa4e3dcf84138d76d27795553aa8ae2eb810c1bd84021e2
b5b121daac0a487b22de913cac8a6b328328846befa1ca06474d7119b079]]
**Document description:** Exhibit Subpoena and return of service to Juan Tomassoni
**Original filename:** C:\Documents and Settings\tam\Desktop\My Files\Mann, John\Pleadings\Tomassoni Subpoena.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=5/26/2006] [FileNumber=1118938-1]
[8dc761db8bd841df1d569cf26c0cc2ccbf92739fe8bdf4a2a3bbfbe36c9ccf8d51cd
0eb94f4b331229d871482a7e4f5ad0b1c0fe456bbc0641b4a90d83a9d506]]

**1:05-cv-1186 Notice will be electronically mailed to:**

Matthew H. Goodman    mgoodman@leftwichlaw.com

Natalie Olivia Ludaway    noludaway@leftwichlaw.com,

Thomas A. Mauro    tmauro@tmaurolaw.com, hgj03@tmaurolaw.com

**1:05-cv-1186 Notice will be delivered by other means to:**

ROBERT B. PATTERSON
1643 Hunting Creek Drive
Alexandria, VA 22314

# Exhibit (2)

May 30th, 2006

**Via Facsimile and Mail Delivery**

Thomas Mauro, Esq.
1020 19th Street, N.W.
Suite 400
Washington, DC 20036

  Re: Ellipso, Inc. v. Mann Technologies, LLC et al.
     Civil Action No. 05-1186

Dear Mr. Mauro:

  This is to confirm our conversation this afternoon in which you declined my request that we reschedule Thursday's deposition of Mr. Tomassoni given the lack of reasonable notice. Despite your statement that Mr. Tomassoni will be out of town for a few weeks, given your understanding that he is expected to return in six weeks -- well before the close of discovery -- there is no need to have the deposition on Thursday. As I am certain you are aware, Local Rule 30.1 requires five days advance notice of a deposition, excluding weekends and legal holidays. Therefore, the earliest the deposition could take place is June 6th, 2006 – not June 1, 2006.

  Also, as discussed, I am scheduled to be in trial on Thursday, June 1, 2006. In the future, when scheduling depositions it would be helpful if you would notify us of the date in advance to avoid any prior commitments, including court appearances.

  As we discussed, given your position, we have no choice but to move for a protective order which I understand you oppose.

              Sincerely,

              Matthew H. Goodman