IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC.,

    Plaintiff and Counterclaim
    Defendant,

      v.

JOHN B. MANN, ET AL.,

    Defendants and Counterclaim
    Plaintiffs.

Case No. 05cv001186   (RCL)

**OPPOSITION OF JOHN B. MANN AND MANN TECHNOLOGIES, L.L.C.
TO ELLIPSO'S MOTION FOR PROTECTIVE ORDER**

Counterclaim Plaintiffs John B. Mann and Mann Technologies, L.L.C., by and through

their undersigned counsel and pursuant to the Rules of this Honorable Court, hereby submit this

Opposition to the motion for Protective Order regarding the Rule 45 subpoena for the deposition

of Juan Tomassoni,  now set for June 1, 2006.

The Plaintiff/Counter Defendant in this case, through its attorney Mr. Goodman,

informed undersigned counsel of his intention to file a Motion for Protective Order, or to

otherwise object to, the Deposition of Mr. Juan Tomassoni scheduled for June 1, 2006.  Mr. Juan

Tomassoni is not a party to this litigation.  He is a third party witness, and already has his own

legal counsel.  Mr. Goodman does not represent Mr. Tomassoni.

**Exigent Circumstances**

The Deposition has been scheduled on six calendar days notice to opposing counsel, Ms.

Ludaway and Mr. Goodman, because exigent circumstances exist.  Immediately upon learning of

the exigent circumstances, the undersigned attorney sent the Subpoena to Mr. Goodman by

facsimile at 2:41 p.m. on Friday, May 26, 2006. Counsel's electronic notice followed later that day.

The scheduled Deponent, Juan Tomassoni, is an international businessman. He is planning to leave the country for a period of at least six weeks, beginning June 5, 2006.  The testimony of Mr. Tomassoni is  urgently needed during this period of time because Mr. Tomassoni has critical information about central issues in this case now before the Court, particularly with respect to the Mann Counterclaims now pending a motion to dismiss by Ellipso before the Court. It is earnestly believed that the Court would be well served by the testimony of Mr. Tomassoni.  Even upon Mr. Tomassoni's return, in light of his frequent international travel, it is uncertain when or even if he will be available for a Deposition at a later time.

Therefore, it is earnestly and respectfully submitted that exigent circumstances exist, and that this Deposition should go forward as scheduled. This is a Rule 45 deposition to which the deponent does not object (and a motion to vacate by other than the proposed deponent does not apply). On information and belief, counsel for Mr. Tomissoni has advised counsel for Ellipso that Mr. Tomissoni is prepared to attend the deposition.

**Reply to Reasons Given by Mr. Goodman for a  Delay**

During a telephone conference today, May 30, 2006, Mr. Goodman asserted to the undersigned attorney that he, Mr. Goodman, was unavailable on any day this week, and had a prior commitment.  However, Mr. Goodman asserted that he had not discussed the availability of the other attorney of record in this litigation, Ms. Ludaway, who also works in the same firm as Mr. Goodman.  It is respectfully submitted that Ms. Ludaway can attend the Deposition. The motion does not state otherwise.

Mr. Goodman also suggested that he and Ms. Ludaway need more time to "prepare" for this Deposition. Inasmuch as the scheduled Deponent Mr. Tomassoni is a third party, it is respectfully submitted that no such preparation should be needed, or if it is, that the Deposition remain open to a future time when Mr. Goodman is prepared.

**Summary and Conclusion**

The undersigned attorney needs to get this case ready for trial and the facts before the Court, and Plaintiff's attorney Mr. Goodman is delaying this.

Moreover, the Plaintiff/Counter Defendant has asked the Court, in its Motion to Dismiss the Counterclaims, to make findings of fact against Defendants/Counter-Plaintiffs, but is unwilling to let Mann find out what the facts are. It is clear that Plaintiff/Counter Defendant is trying to stop the Mann Defendants from discovering facts that will help the Court from a key witness about to leave the country.

Thus, the Plaintiff/Counter Defendant wants the Court to make factual conclusions based on the record, and that record has not yet been created. This Deposition, if it goes forward, will begin creation of a record of the facts in this case.

It is respectfully and earnestly submitted that the Plaintiff has not demonstrated sufficient reasons for delaying this deposition and that the Deposition of Juan Tomassoni under Rule 45 should go forward as scheduled.

Respectfully submitted,

_____/s/_____
Thomas A. Mauro, Bar No. 184515
1020 Nineteenth Street, N.W.
Suite 400
Washington, D.C. 20036

3

Tel.: (202) 452-9865
Fax: (202) 452-0092
Attorney for the Counterclaim Plaintiffs, John B.
Mann and Mann Technologies, L.L.C.

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Opposition has been mailed first class, postage prepaid, this 30th day of May, 2006 to :

Robert B. Patterson, *pro se*
1643 Hunting Creek Drive
Alexandria, Virginia 22314

_____
Thomas A Mauro

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC.,

     Plaintiff and Counterclaim
Defendant,

        v.

JOHN B. MANN, ET AL.,

     Defendants and Counterclaim
Plaintiffs.

Case No. 05cv001186  (RCL)

## ORDER

     This matter is before the Court on the Motion of Defendant, Ellipso, Inc., for a Protective

Order vacating the Rule 45 subpoena to Juan Tomissoni.  The Court has considered the Motion,

the Memoranda submitted in support of and in opposition to the Motion and the entire record in

this case.  ACCORDINGLY, it is this ___ day of _____ 2006,

     ORDERED, that the Motion  of Defendant, Ellipso, Inc., for a Protective Order is

DENIED.

                             _____
                             Royce C. Lamberth
                             United States District Judge

Copies to:

Thomas A. Mauro, Esq.
1020 Nineteenth Street, N.W.
Suite 400
Washington, D.C. 20036

Matthew Goodman, Esq.
Natalie O. Ludaway, Esq.
1400 K Street, N.W.
Suite 1000
Washington, D.C. 20005