MAURO LAW OFFICES, P.C.
Attorneys At Law
1020 Nineteenth Street, N.W.
Suite 400; Washington, D.C. 20036

VOICE:      202 452 9865
FACSIMILE:  202 452 0092

# IMPORTANT!
## FACSIMILE COVER LETTER

FROM:          Thomas A. Mauro, Esq.

TO:            Natalie Ludaway, Esq.and Matthew H. Goodman, Esq.

COMPANY:       Leftwich & Ludaway LLC

OUR
REFERENCE:     Ellipso v. Mann, et al.

YOUR
REFERENCE:     Same

FAX NO:        202 783 3420

DATE:          May 15, 2006

IF YOU DO NOT RECEIVE __4__ PAGES, PLEASE TELEPHONE, TELEFAX, OR TELEX US
AT THE ABOVE INDICATED NUMBERS.

SPECIAL COMMENTS OR INSTRUCTIONS:

THIS COMMUNICATION IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THIS COMMUNICATION TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, COPYING, OR OTHER USE OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE. THANK YOU.

TRANSMISSION VERIFICATION REPORT

```
TIME  : 05/15/2006 18:17
NAME  : MAUROCLAW OFFICES
FAX   : 2024520092
TEL   : 2024520092
```

```
DATE,TIME          05/15  18:16
FAX NO./NAME       7833420
DURATION           00:01:02
PAGE(S)            04
RESULT             OK
MODE               STANDARD
                   ECM
```

**MAURO LAW OFFICES, P.C.**
**Attorneys At Law**
**1020 Nineteenth Street, N.W.**
**Suite 400; Washington, D.C. 20036**

VOICE:      202 452 9865
FACSIMILE:  202 452 0092

# IMPORTANT!
## FACSIMILE COVER LETTER

FROM:            Thomas A. Mauro, Esq.

TO:              Natalie Ludaway, Esq. and Matthew H. Goodman, Esq.

COMPANY:         Leftwich & Ludaway LLC

OUR
REFERENCE:       Ellipso v. Mann, et al.

YOUR
REFERENCE:       Same

FAX NO:          202 783 3420

DATE:            May 15, 2006

IF YOU DO NOT RECEIVE __4__ PAGES, PLEASE TELEPHONE, TELEFAX, OR TELEX US
AT THE ABOVE INDICATED NUMBERS.

SPECIAL COMMENTS OR INSTRUCTIONS:

THIS COMMUNICATION IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE AND MAY CONTAIN
INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT, OR
THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THIS COMMUNICATION TO THE INTENDED
RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, COPYING, OR OTHER
USE OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION
IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE. THANK YOU.

# MAURO LAW OFFICES, P.C.
## ATTORNEYS AT LAW
1020 NINETEENTH STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036

THOMAS A. MAURO
ADMITTED IN THE DISTRICT OF COLUMBIA AND MARYLAND

VOICE:202 452 9865
FACSIMILE:202 452 0092
email: tmauro@tmaurolaw.com

May 15, 2006

**BY FACSIMILE / THEN MAIL**

Natalie Ludaway, Esq.
Matthew H. Goodman, Esq.
Leftwich & Ludaway LLC
1400 K Street, N.W.
Suite 1000
Washington, D.C. 20005

Robert B. Patterson, *pro se*
1643 Hunting Creek Drive
Alexandria, Virginia 22314

> Re:    Ellipso, Inc. v. Mann Technologies, LLC
>         Civil Action No. 05ca1186

Gentlemen:

Pursuant to F. R. Civ. P. 26(a) Defendants John B. Mann and Mann Technologies, L.L.C. ("Mann Defendants") provide the following initial disclosures:

Preliminarily, and further to the initial disclosure letter of Matthew H. Goodman dated May 9, 2006, the Mann Defendants, through their attorneys, point out that the hard drive(s) of Ellipso's and David Castiel's computer(s) contain evidence pertinent and relevant to this action which will support the defenses and counterclaims of the Mann Defendants. Accordingly, the Mann Defendants hereby demand that the hard drive(s) of any and all such computers be immediately secured against alteration or deletion. The Mann Defendants, through their attorneys, hereby further demand that such hard drive(s) be identified and immediately turned over to the attorneys for the Mann Defendants for inspection and analysis.

In addition, please provide copies to us of the IRS notice you have identified in your disclosure in Section II. k) and of the undated Stipulation by Robert Patterson identified in Section II. j).

Natalie Ludaway, Esq.
Matthew H. Goodman, Esq.
May 15, 2006
Page 2

     Pursuant to FRCP 26(a), the Mann Defendants provide the following further initial disclosures.

I.    Witnesses

    a)  All those witnesses noted in the initial disclosure letter of Matthew H. Goodman dated May 9, 2006 (Castiel, Patterson, Mann, Piper).

    b) All individuals identified during discovery.

II.    Documents:

    a)  All those documents set forth in the initial disclosure letter of Matthew H. Goodman dated May 9, 2006, i.e. those noted at subparagraphs (a) through (l) thereof.

    b)  copy of e-mail sent by Mann to Castiel on November 9, 2004 regarding Sunburst and Mr. Abrams, which also includes the e-mail dated November 9, 2004 from Castiel to Mann regarding Sunburst and the earlier e-mail dated Nov. 6, 2004 from Mann to Castiel regarding draft or pending contract between KPN and Ellipso.

    c)  copy of e-mail sent by Castiel to Mann dated September 29, 2004 setting up meeting with Mann and Castiel for following Friday at 10:00 at Silver Diner.

    d)  copy of e-mail sent by Castiel to Mann dated September 23, 2004 mentioning meeting between Patterson and Castiel, and asking Mann–as a result of that meeting between Castiel and Patterson–that Mann provide a loan to Ellipso, in order to help Castiel "develop this business."

    e) Joint Sale Memorandum, August 11, 2004.

    f) e-mail dated March 4, 2004 from Mann to Patterson and Castiel, regarding contracts between KPN and Sunburst, and between Ellipso and Sunburst.

    g) Collateralized Loan Agreement - Exhibit 4.1 Pledge Agreement, dated January 30, 2004 with attached schedule I.

    h) "Exhibit A to Pledge Agreement of January 13, 2004", dated January 30, 2004.

    I) "Exhibit B to Pledge Agreement of January 30, 2004", dated January 30, 2004.

    j) "Amendment to Collateralized Loan Agreement", dated Aug. 2, 2004.

Natalie Ludaway, Esq.
Matthew H. Goodman, Esq.
May 15, 2006
Page 3

    k)  All documents on the computers and hard drives noted in the preliminary comment above.

III.    Damages Calculations

    a)  Retention and return of the approximately 455,000 ICOHA shares, or the highest market value achieved by such shares.

    b)  Retention and return of the approximately 40,000 ICOHA shares and the retention of the approximately $4,000 in cash.

    c)  Return of the $350,000 invested in Ellipso by the Mann Defendants.

    d)  Compensatory payment for Mann's services to Ellipso and lost time spent pursuing services promised but not delivered by Ellipso.

    e)  Punitive damages

    f)  Compensatory damages including, but not limited to, goodwill, opportunity costs, costs of replacement telephony services promised but not delivered by Ellipso, attorneys' fees.

Sincerely yours,

Thomas A. Mauro