IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> JOHN B. MANN, ET AL., <br><br> Defendants and Counterclaim Plaintiffs. | Case No. 05cv001186  (RCL) |

**RESPONSE OF JOHN B. MANN AND MANN TECHNOLOGIES, L.L.C.
TO THE NEW MATTERS RAISED IN ELLIPSO'S REPLY TO THE
OPPOSITION TO ELLIPSO'S MOTION TO DISMISS COUNTERCLAIM**

Comes now the Counterclaim Plaintiffs John B. Mann and Mann Technologies, LLC "Mann"), through their counsel, and respectfully submit this Response to the new matters raised in the May 17, 2006, Reply of Ellipso, Inc. to Mann's Opposition to Ellipso's Motion to Dismiss the Mann Counterclaim ("Reply").

Throughout its Reply Ellipso makes factual arguments that do not appear in its original motion. Ellipso's Reply implicitly asks the Court to assume the truth of these contentions and to find that Mann's dispute with Ellipso arises only from the TRSC Agreement (Reply, page 2) while Ellipso's dispute with Mann, on the other hand, arises from: (1) John Mann's personal relationship with Dr. Castiel and Ellipso and (2) the Mann Technologies Loan Agreement, as well as the TRSC Agreement. Ellipso further asks the Court to reject Mann's central assertion that John Mann was fundamentally deceived by Dr. Castiel's false claims about a telephone service that did not exist and that this fundamental deception led, in turn, to other deceptions (the service was always just over the horizon and

1

only tens of thousands of John Mann's and Mann Tech's dollars away) and to the losses claimed by John Mann and Mann Technologies in their Amended Counterclaim.[1] Thus, Ellipso's Reply characterizes the Mann claims as "extraneous" (Reply, page 2), and "disingenuous" (Reply, page 2).

An example of its new contentions is its reference to the March 31, 2004, Amendment to the TRSC Agreement for the disputed factual proposition that "any monies expended by [the Mann] Defendants to [the establishment of the operational telephone service] arise from and are subject to the binding arbitration clause …." (Reply, page 6.) Of course, the monies expended do not arise from the arbitration clause. But aside from this mistake, Ellipso also mistakenly argues that this Amendment supports its factual contention that only the TRSC Agreement was to serve as the source of funds Mann claims they lost as a result of Ellipso's fraud. The Reply fails to note that this Amendment was never implemented and was expressly <u>abrogated and declared void</u> by an August 2, 2004 Amendment to the TRSC Agreement (Reply, Exhibit 1, last page) and that on the same date, August 2, 2004, the Collateralized Loan Agreement, which is properly before the Court, was amended to provide Ellipso further funds to establish the telephone service. On this date Mann Technologies agreed to (and did) pay Ellipso an immediate, additional $10,000.00 in cash and agreed to liquidate certain of the ICO collateral shares for the mutual benefit of Mann and Ellipso "<u>in order to … enable the orderly introduction of 881 services</u>." A copy

---

[1] In its first footnote Ellipso argues that the First Amended Counterclaim was not filed until May 17, 2006. The correct date of the filing is May 10, 2006, the date on which Mann filed their Opposition. The Counterclaim was filed with the Clerk by e-mail because the Court's electronic filing system does not provide a specific selection for filing of the Counterclaim as an initial pleading initial. The pleading was filed by e-mail in accordance with the electronic filing instructions issued by the Clerk. The undersigned attorney confirmed this filing date by a telephone conference with the Clerk on May 11, 2006 and, in fact, the pleading in the Court's docket bears the filing date of May 10, 2006.

of this Amendment is attached to Ellipso's Complaint as Exhibit 3 and to this Response as **Exhibit 1**. Plainly, then, this record supports the Mann Technologies' Counterclaim contention that it used its own resources in response to Ellipso's fraud that the fully operational telephone service was only just over the horizon. The record which Ellipso selectively omitted in its Reply thus directly contradicts its assertion that "Defendants' counterclaim is predicated on payments made by Defendants under the TRSC Agreement." (Reply, page 2). The Court cannot sort out these conflicting factual assertions in a motion to dismiss under Rule 12(b).

Ellipso argues for the first time in its Reply the "undisputed fact" that Robert Patterson was Mann's "agent" and one of the sources of Ellipso's fraud. Since Mann could not be defrauded by its own agent (Patterson), Mann's fraud counts must be dismissed. (Reply, page 10.) Patterson's true factual role is a matter of substantial dispute. Ellipso's own motion characterizes him differently, as Mann's "fiduciary." Motion at page 10. The Mann Counterclaim Plaintiffs believe the facts will show that Patterson was not their agent. But if, and only for the sake of argument, we were to accept Patterson's purported agency as Ellipso now urges in its Reply, Ellipso's fraud claims against Mann must be dismissed. Black's Law Dictionary defines an "agent" as "one who <u>represents</u> and acts for another under the contract or relation of agency." If Patterson was Mann's agent, as Ellipso now claims, than Ellipso's claim of fraud relating to the execution of the Loan Agreement, which is based solely on Ellipso's contention that Patterson's relationship to Mann was <u>withheld</u> to Ellipso, must necessarily be dismissed.

For the above additional reasons, it is respectfully submitted that Ellipso's Motion to Dismiss should be denied.

Respectfully submitted,

Thomas A. Mauro, Bar No. 184515
1020 Nineteenth Street, N.W.
Suite 400
Washington, D.C. 20036
Tel.: (202) 452-9865
Fax: (202) 452-0092
Attorney for the Mann Defendants

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Response of John B. Mann and Mann Technologies, LLC to the New Matters Raised in Ellipso's Reply to the Opposition to Ellipso's Motion to Dismiss Counterclaim has been mailed first class, postage prepaid, this 9th day of June, 2006, to :

Robert B. Patterson, *pro se*
1643 Hunting Creek Drive
Alexandria, Virginia 22314

_____
Thomas A Mauro