**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

———————————————————

| | | |
|---|---|---|
| **ELLIPSO, INC.** | ) | |
| | ) | |
| **Plaintiff and Counterclaim** | ) | |
| **Defendant** | ) | |
| | ) | |
| **v.** | ) | **Case No. 05cv01186 (RCL)** |
| | ) | |
| **JOHN B. MANN, et al.** | ) | **Judge: Royce C. Lamberth** |
| | ) | |
| **Defendants and Counterclaim** | ) | |
| **Plaintiffs** | ) | |

———————————————————

## PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER AND TO COMPEL DISCOVERY AGAINST DEFENDANTS JOHN MANN AND MANN TECHNOLOGY

Plaintiff, Ellipso, Inc., by way of an Emergency Motion for Protective Order and to Compel Discovery pursuant to FRCP 26(c) and Rule 37 respectively, hereby requests that this Court enter an order compelling Defendants John Mann and Mann Technology to provide full and complete Answers to Interrogatories and to produce all documents responsive to Plaintiff's Request for Production of Documents within 10 days. Additionally, Plaintiff seeks a stay of Dr. David Castiel's deposition scheduled for Monday, September 18, 2006, for the reasons more fully set forth below:

1.    Defendants John Mann and Mann Technology were served Plaintiff's Interrogatories and Request for Production of Documents on July 20, 2006.

2.    Pursuant to the Federal Rules, Defendant's discovery responses were due by August 22, 2006.

3.      By correspondence dated August 30, 2006, Plaintiff inquired into the status of Defendants' outstanding discovery responses.  (Exhibit 1)  Defendants responded by stating that discovery would be provided by September 14, 2006 – three weeks past their due date.  (Exhibit 2)  By e-mail on September 8, 2006, the undersigned advised counsel that the self-created deadline of September 14, 2006 was not acceptable – especially if Defendants intended to move forward with the deposition of David Castiel, CEO of Ellipso, Inc., on Monday, September 18, 2006.  (Exhibit 3).   Later that afternoon, the undersigned spoke to counsel for Defendants to inform him that the reason Plaintiff could not accommodate Defendants' September 14th deadline and the reason for the delay in objecting to Defendants' deadline was due to the undersigned having sustained a severe fracture to his hand while on vacation the week of August 18th which not only resulted in a myriad of doctor's appointments, but caused a terrific backlog on the undersigned's already busy schedule.  Typing was extremely difficult and slow and resulted in all tasks taking longer than expected, including responding to Defendants' 40+ Request for Production of Documents and 40+ Requests for Admissions.  Plus, various depositions in cases with impending discovery deadlines had been scheduled for the week of September 11th which hindered the undersigned's ability to adequately prepare for Plaintiff's deposition scheduled for September 18, 2006.

4.      Given the fact that no scheduling order has yet to be entered in this case and given Defendants' outstanding discovery responses, the undersigned requested from counsel for Defendants a continuation of the deposition of David Castiel, president of Ellipso, to allow the undersigned time to catch up in cases requiring more immediate attention.   There currently is no discovery deadline in this case, as there has been no entry of the scheduling order, leaving the parties ample time to conduct discovery.

2

5.      Counsel for Defendant refused to continue the deposition.  (Exhibit 4).  Instead, he offered to provide discovery responses by Monday, September 11.   The responses were received at approximately 5:15 p.m.

6.      Defendants' discovery responses are a complete sham.  Defendants' Answers to Interrogatories are evasive, unresponsive and replete with untimely, unfounded and baseless objections.  Not only did Defendants fail to respond to nearly every one of Plaintiff's Interrogatories, Defendants failed to produce a single document responsive to Plaintiff's requests and have asserted various untimely and baseless objections.  In a complete disregard of professional courtesy and despite having been appraised of the undersigned's tremendous scheduling difficulties, Defendants merely offered to make the requested documents available for inspection at counsel for Defendants' offices.  This, too, was a sham.  The undersigned immediately contacted counsel by e-mail to make arrangements to review the documents but this effort was ignored and Defendants have still denied Plaintiff access to these documents.  (Exhibit 5)

7.      Most egregious, however, were the complete lack of responsiveness of Defendants' answers to interrogatories so as to make them utterly useless.  By the paucity of the answers, one can only assume that Defendants' answers represent a conscious and deliberate effort by Defendants to hinder Plaintiff's ability to prepare for his deposition and trial.  As noted by the court in *Lee v. Flagstaff Industries, 173 F.R.D. 651, 653 (U.S.D.C. Md. 1997)*,

> If a party served with interrogatories fails to answer them on time, or at all, or fails to answer the questions completely and responsively, such action can have a spiraling effect on the future scheduling of discovery, and inject into the litigation collateral disputes which typically require the intervention of the court to resolve.

Here, Dr. Castiel had intended to review documents and discovery responses from all Defendants in preparing for his deposition, especially in light of the Counterclaim asserted by the Defendants against his company. Defendants had an additional three weeks to provide this discovery and have still not provided any semblance of a response.

8.    Plaintiff immediately sent counsel a deficiency letter detailing each defective and evasive answer and requested supplementation by Wednesday, September 13th. (Exhibit 6) Defendants have neither responded to the letter or provide any supplement to their patently defective answers. The undersigned is cognizant of Local Rule 26.2(d) which requires the identification and quote of each interrogatory and request in full. However, given the undersigned's physical limitations[1], the numerous defective responses (exceeding 100 in total), and the time constraints caused by the impending deposition, the undersigned hereby requests that this Court accept the attached September 11th correspondence (attached as Exhibit 6) and Defendants' discovery responses (attached as Exhibits 7a, b, c and d) in lieu of typing out each offending discovery response.

9.    Plaintiff seeks a stay of Dr. Castiel's deposition scheduled for September 18th so as to allow time for receipt of Defendants discovery responses and documents (in addition to the less compelling reason of allowing counsel time to catch up in other, time-sensitive cases). In addition to the reasons stated above, Plaintiff seeks a stay of the deposition for the additional reason that on Wednesday, September 13, 2006 at approximately 4:45 p.m., Dr. Castiel learned that a very important business high-level executive from Germany will be flying to the United States for a meeting on the West Coast on Monday, September 18th. This executive will be stopping at Dullus airport for only a few hours to discuss a prospective business arrangement

---

[1]    The undersigned must remain in a hard cast for the next two weeks.

4

with Ellipso that does not present itself very often and comes after months of planning.  The

executive is arriving at Dullus at approximately 12:00 a.m. and will be departing to the West

Coast later in the afternoon.  There is no possibility of a meeting at any other time during this

trip.  As the CEO, Dr. Castiel is important to the meeting with this executive.[2] (Exhibit 8,

Original signature to follow).   Under Rule 26(c) and (d), the court may make any order which

justice requires, including a stay of the deposition.

10.     Federal Rule 37(d) provides that if a party fails to timely serve answers or

objections, the Court may make any such orders in regard to the failure as are just.  Additionally,

Rule37(a)(4) provides that if a Motion to Compel is granted or if the requested discovery is

provided after the Motion is filed, the Court shall, after affording an opportunity to be heard,

require the party to whose conduct necessitated the motion to pay the moving party the

reasonable expenses incurred in making the motion, including attorney's fees, unless the Court

finds that non-compliance was substantially justified or other circumstances make an award

unjust.

11.     Defendant's failure to cooperate in discovery and respond to Plaintiff's

correspondence regarding when such discovery could be expected are without substantial

justification.

12.     Plaintiff apologizes for the belated filing of this Motion.  Every effort was taken

to both secure Defendants' cooperation with discovery and to gain their consent to continuing the

deposition, prior to resorting to the Court.   Not until late Wednesday, September 13th was it

---

[2]     Dr. Castiel had intended to seek a stay of his deposition notwithstanding the prospective business meeting,
given Defendants complete lack of cooperation and candor in discovery.  However, while not grounds in and of
itself, the prospective harm to Plaintiff's business in missing this meeting greatly outweighs the lack of any harm
suffered by Defendants in delaying the deposition –especially since the parties have at least another four months to
conduct discovery.

clear that this Motion would be necessary. Moreover, the undersigned has expended substantial time ensuring a timely response to Defendants' numerous discovery requests.

13.    The undersigned expended 2.5 hours at an hourly rate of $285 to prepare the instant Motion.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order compelling Defendants Mann and Mann Technology to provide full and complete Answers to Interrogatories and produce all documents responsive to Plaintiff's Request for Production of Documents within 10 days and award Plaintiff a reasonable attorney's fee for costs incurred in connection with the instant motion. Plaintiff also seeks an order staying the Deposition of David Castiel until a date mutually convenient to the parties following receipt of Defendants' discovery responses and documents.

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**

_____//s//_____
Natalie Ludaway, #405149
Matthew H. Goodman, #445404
1400 K Street, NW
Suite 1000
Washington, DC  20005
(202) 434-9109 (voice)
*Counsel for Ellipso, Inc.*

6

## CERTIFICATE OF GOOD FAITH

I hereby certify that prior to the filing of the instant Motion to Compel, I attempted to

secure the discovery responses from Defendants, who do not consent.



_____//s//_____
Matthew Goodman

## CERTIFICATE OF SERVICE

I certify that on this 14th day of September, 2006, the foregoing Plaintiff's Emergency
Motion to Compel Discovery and for Protective Order was served electronically upon:

THOMAS MAURO, ESQ.
1020 19th Street, N.W., Suite 400
Washington, D.C. 20036
Counsel for Defendant John B. Mann and Mann Technologies

And via regular, first-class mail upon:

ROBERT B. PATTERSON, pro se
PO Box 2051
Middleburg, VA 20118

_____//s//_____
Matthew H. Goodman

Counsel for Ellipso, Inc.

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| **ELLIPSO, INC.** ) | |
| ) | |
| **Plaintiff and Counterclaim** ) | |
| **Defendant** ) | |
| ) | |
| **v.** ) | **Case No. 05cv01186 (RCL)** |
| ) | |
| **JOHN B. MANN, et al.** ) | **Judge: Royce C. Lamberth** |
| ) | |
| **Defendants and Counterclaim** ) | |
| **Plaintiffs** ) | |

---

## <u>ORDER</u>

UPON CONSIDERATION of Plaintiff's Emergency Motion for Protective Order and to

Compel Discovery Against Defendants John Mann and Mann Technology and any Opposition

filed thereto, it is by the Court this _____ day of _____;

ORDERED, that Plaintiff's Motion be and the same is hereby  granted; and it is further

ORDERED, that Defendants John Mann and Mann Technology shall provide full and

complete Answers to Interrogatories and produce all documents responsive to Plaintiff's Request

for Production of Documents within 10 days of the date of this order; and it is further

ORDERED, that Defendants John Mann and Mann Technology shall pay to Plaintiff the

sum of $712.50 as a reasonable attorney fee for costs incurred with the preparation of Plaintiff's

Motion, this Court being of the opinion that Defendants discovery failures were without

substantial justification; and it is further

ORDERED, that the Deposition of Dr. David Castiel scheduled for September 18, 2006,

shall be stayed and rescheduled to a date mutually acceptable to the parties and following

Defendants' compliance with this Order

8

_____
JUDGE LAMBERTH