

*Willie L. Leftwich Retired*

September 12, 2006

<u>*Via Electronic Delivery and First-Class Mail*</u>

Thomas Mauro, Esq.
1020 19th Street, N.W.
Suite 400
Washington, D.C. 20036

      RE:    *Ellipso, Inc. v. Mann Tech, LLC, et. al.*

Dear Mr. Mauro:

      It is disappointing that despite your clients having had an additional three weeks to prepare responses to Plaintiff's discovery requests nearly every one of your clients' answers was unresponsive, evasive and failed to comport with the letter and spirit of the Federal Rules of Discovery.

      Specifically, the following discovery responses are deficient and require immediate supplementation:

**Answers from Defendant John Mann**

      Interrogatories #1 and #2: Your client has failed to provide the requested information from 1990, as requested. This interrogatory is reasonably calculated to lead to the discovery of admissible evidence concerning any business relationship between Mann and Robert Patterson prior to the events beginning in 2003 that form the basis of this action.

      Interrogatories #4 and #5: Your objections to these interrogatory is untimely, without merit. The answer provided was deficient in many regards. First, the substance and date of the conversations were not provided. Your client's response merely restates the interrogatory without providing the details of the conversations. Additionally, simply referring Plaintiff to the Amended Complaint and unspecified written correspondence and e-mails is equally unavailing.

      Interrogatories #6 and #7: Your objections are untimely, entirely without merit and in bad faith. This interrogatory does not seek a legal conclusion but the factual basis for each of the claims asserted against the Plaintiff in your client's Counterclaim. Does your client truly expect to avoid discovery into these areas?

**Leftwich&Ludaway** LLC

Interrogatory #8: This interrogatory is directly relevant to the issue of under what contract the payments and time incurred by Mann were allegedly incurred, especially since the Collateral Loan Document does not require any expenditure of time and money by John Mann. Additionally, Mann has not identified any other contract under which his alleged efforts were undertaken.

Interrogatory #9: Your objection is untimely, entirely without merit and in bad faith. First, you have not produced any documents. Second, Plaintiff need not rummage through various documents in order to ascertain the "proposals" that form the basis for your client's Counterclaim.

Interrogatories #10, #11 and #12: Your objections are untimely, entirely without merit and in bad faith. The response provided is evasive and unresponsive. Your client has alleged payments to Ellipso in excess of $350,000 and time incurred in excess of $200,000. These interrogatories are merely intended to obtain information on the basis of these allegations.

Interrogatories #13 thru #16: Your objections are untimely, entirely without merit and in bad faith. Each of these interrogatories seek the factual basis for various contentions asserted against the Plaintiff. Referring Plaintiff to the Amended Counterclaim and non-produced documents is inappropriate. Mann's referral to himself as a source is disingenuous. If Mann cannot recall the source of the information he must state this in his answer. Plaintiff is entitled to a complete response, including Mann's understandings as to the reason 881 service was never implemented. Mann's refusal to identify Ellipso related activities worked on by him which support his Counterclaim is also improper.

Interrogatory #17: Your objection is untimely and without merit. The distribution of ICOHA share proceeds is highly relevant to this case, as is the amount of monies realized by your client.

Interrogatory #18: For obvious reasons, your objections are untimely, entirely without merit and in bad faith. This is a standard interrogatory to which an affirmative response is required.

Interrogatory #20: Your objection to this interrogatory is untimely and without merit. The answer provided was deficient in many regards. First, the substance and date of the conversations were not provided. Your client's response merely restates the interrogatory without providing the details of the conversations. Second, simply referring Plaintiff to the Amended Complaint is improper. Third, the answer does not provide the date Ellipso expected the service to be operational.

Interrogatory #21: Your objections are patently deficient, and the lack of a response to this standard interrogatory is without merit.

**Answers from Defendant Mann Tech**

Interrogatory #4: Your objections are untimely, entirely without merit and in bad faith. This interrogatory does not seek a legal conclusion but the factual basis for each of the claims asserted against the Plaintiff in your client's Counterclaim.

Interrogatory #5: Requiring Plaintiff to rummage through various documents in order to formulate a response to this important interrogatory is inappropriate. That you have refused to produce any documents makes this answer even more objectionable.

Interrogatory #6: Your objections are untimely, entirely without merit and in bad faith. Referring Plaintiff to another defective response does not satisfy your client's discovery obligations. Also, since Patterson was Mann Tech's agent, a detailed accounting on his efforts is also required from your client.

Interrogatory #7: Your objections are untimely and without merit. No legal conclusion is requested, but the factual basis for any payments made to Ellipso outside of the specified agreements.

Interrogatory #8: Your objection is untimely and entirely without merit. Moreover the response provided is snide and inappropriate.

Interrogatory #10, #11 and #12: Your objections are untimely, entirely without merit and in bad faith. The response provided is evasive and unresponsive. Your client has alleged payments to Ellipso in excess of $350,000 and time incurred in excess of $200,000. These interrogatories are merely intended to obtain information on the basis of these allegations.

Interrogatories #9-#12: Your objections are untimely, entirely without merit and in bad faith. Each of these interrogatories seek the factual basis for various contentions asserted against the Plaintiff. Referring Plaintiff to the Amended Counterclaim and non-produced documents is inappropriate. These interrogatories address the crux on your client's counterclaim.

Interrogatories #13 and #14: Your objections are untimely and without merit. No legal conclusion is requested, but the factual basis for your client's counterclaim. Your client cannot allege a breach of contract without specifying the manner by which it contends the contract was breached. The response "any notice of default are reflected in documents produced" is in bad faith. Plaintiff is entitled to know if any notice of default exists and the date and manner the notice was given. Further, no documents have been produced by Defendant, as alleged.

Interrogatory #15: The answer provided fails to identify those persons who participated in the negotiations and drafting, and who each such person represented.

Interrogatory #16: The response provided was unresponsive and no documents have been produced.

Interrogatory #17:   Your objections are untimely and entirely without merit. The loan documents do not speak to your client's understanding as to the contractual language regarding the use of funds.

Interrogatory #18:   Your objections are patently deficient, and the lack of a response to this standard interrogatory is without merit and unworthy of comment.

Interrogatory #20:   Your objections are patently deficient, and the lack of a response to this standard interrogatory is without merit and unworthy of comment.

Interrogatory #21:   Your objections are patently deficient, and the lack of a response to this standard interrogatory is without merit and unworthy of comment.

**Response to Documents to John Mann:**

Privileges:
Your objections on privilege are untimely and not properly asserted. In addition, your reliance on a "joint defense" privilege is disingenuous. First, Mr. Patterson is representing himself. Second, you have provided no authority for the existence of such a privilege. Third, even if such privilege exists and is applicable to this case, you did not properly preserve your objection.

Requests #20, 24 thru 35:   The objections on over breadth are without merit. The objections as to the lack of any time limit are disingenuous. Since your clients have denied any business relationship prior to 2004 and given the first meeting between your clients and Ellipso took place in late 2003, the time covered by these requests are readily ascertainable and not overly broad.

**Response to Documents from Mann Tech:**

See above comments.

Request #1 and #2 and #12:   The articles of incorporation for TRSC is relevant to the date of formation and identity of the members of the corporation at that time. Tax returns may contain information relating to payment to and from Plaintiff that are clearly relevant to this action. Payments by TRSC are discoverable to the extent that these payments may form part of Defendant's damages claim against Plaintiff.

Request #3:   The privilege and time objections are improper for reasons stated above.

Request #14:   Specifically, default notices are covered by this request.

Request #17:   If John Mann's wife received proceeds, Plaintiff is entitled to this information and she could be added as a party.

Request #24:   Your objection is without merit. An itemization of damages is a proper discovery request.

Requests #30 thru 39: The objections on over breadth are without merit. The objections as to the lack of any time limit are disingenuous. Since your clients have denied any business relationship prior to 2004 and given the first meeting between your clients and Ellipso took place in late 2003, the time covered by these requests are readily ascertainable and not overly broad. The "catch all" requests are proper, as well.

My client was anticipating full and complete discovery responses three weeks ago. The meager and evasive responses now provided undoubtedly hinder his ability to adequately prepare for next Monday's deposition. If full and complete answers are not provided by 4:00 p.m. on Thursday, September 14th, I will have no option but to move to compel discovery and seek sanctions for what plainly appears to be a purposeful attempt to frustrate Plaintiff's discovery efforts. I will also have to move Monday's deposition to a date following your client's compliance with discovery.

Sincerely,

Matthew H. Goodman

cc: David Castiel

jmc/MHG