IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC., ) | |
| ) | |
| Plaintiff and Counterclaim ) | |
| Defendant, ) | |
| ) | Case No. 05cv001186 (RCL) |
| v. ) | |
| ) | Judge: Royce C. Lamberth |
| John B. Mann, et al., ) | |
| ) | |
| Defendants and Counterclaim ) | |
| Plaintiffs ) | |

## JOHN B. MANN'S ANSWERS TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

COMES NOW Defendant and Counterclaim Plaintiff John B. Mann ("Defendant"), through his undersigned attorney, and respectfully submits these Answers to Plaintiff and Counterclaim Defendant's First Set of Interrogatories as follows:

(a)    The information contained in these Answers is being provided in accordance with F. R. Civ. P 33. Accordingly, by providing these responses Defendant does not waive objections to their admission in evidence on grounds of materiality or relevancy or other proper grounds for objection.

(b) The word usage and sentence structure are that of the attorney preparing these Responses.

(c) These Answers are provided in accordance with F. R. Civ. P 33, and not necessarily in accordance with any instructions or definitions in the Interrogatories. Defendant objects to any instructions or definitions which extend the scope of discovery allowed by or the requirements of the Civil Rules of the Court.

GENERAL OBJECTIONS

1

The following objections are hereby incorporated in each and every of the specific answers by reference, as though fully forth below:

1. The Answers and objections set forth below represent only information currently available and known following a reasonable and diligent investigation in responding to these Interrogatories with the time and resources available, and do not preclude Defendant from later relying upon facts or documents discovered or generated pursuant to further investigation or discovery which may be conducted subsequent to the date of these Answers. Defendant reserves the right to supplement or revise these Answers and objections at any time, as required under any rule of Court at Defendant's sole discretion.

2. Defendant objects to each and every Interrogatory to the extent it seeks admission of confidential communications between Defendant and his attorneys or to the extent it seeks information protected from disclosure by the doctrine of attorney work product or trial preparation materials.

3. Defendant objects to Plaintiff's definitions on the grounds that they are overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

4. Defendant objects to Plaintiff's "Instructions" on the grounds that they are overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to the First Set of Interrogatories as exceeding the number of Interrogatories allowed by the Rules.

## ANSWERS AND SPECIFIC OBJECTIONS TO INTERROGATORIES

**Interrogatory #1:** Please identify each and every business venture (i.e., corporation, limited liability company, partnership) created/formed by you or in which you served as an officer, director or member from 1990 to the present. Include in your answer: a) the date any such corporation or partnership was formed, b) the State of incorporation or formation; c) all titles held by you; and d) whether the corporation or partnership remains in existence.

**ANSWER:** Objection as to information requested for the period of time from 1990 as irrelevant and otherwise not reasonably calculated to lead to the discovery of admissible evidence. Since 2004 John Mann has served in the following capacity: (1) Chief officer of Mann Enterprises, Inc., a Delaware corporation incorporated on August 5, 1993. Remains in existence; (2) Chief officer of The Registry Solutions Company, incorporated under the laws of the Island of Nevis on February 13, 2004. Remains in existence; (3) Managing Member of Mann Technologies, LLC, organized under the laws of the State of Nevada on February 25, 2004. Remains in existence.

**Interrogatory #2:** For each such corporation and/or partnership identified in the preceding interrogatory answer, please state any and all positions (i.e. director, officer, member, partner, etc.) held by Robert Patterson, the date of his initial involvement, whether he continues to be actively involved in the business, and briefly describe the nature of his involvement.

**ANSWER:** (1) Robert Patterson has no position or interest in Mann Enterprises, Inc. Mr. Patterson is an officer of The Registry Solutions Company, assisted in its incorporation, and maintains an ownership interest in it. Mr. Patterson is a member of Mann Technologies, LLC, assisted in its incorporation, and maintains an ownership interest in it.

**Interrogatory #3:** State whether you have in the past or presently have any business relationship with Juan Tomossoni or any company in which Mr. Tomossoni is employed or associated with? If so, please state the nature of the business relationship, the date the business relationship first came into existence and whether the relationship has ceased or is continuing.

**ANSWER:** It is assumed the question relates to Juan Tomassoni. Objection as to the meaning of "business relationship" which term is vague and overbroad. Without waiver of these objections and subject thereto, none.

**Interrogatory #4:** State the substance and date(s) of all communications, written or oral, between yourself, Robert Patterson, and/or David Castiel regarding Ellipso's financial condition.

3

**ANSWER**: Objection on the ground that this question is vague overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is a compound question which includes several distinct questions and thus it does not comply with the requirements of Rule 33. Without waiver of these objections and subject thereto, regarding meetings with David Castiel, at each meeting I had with David Castiel, we discussed the financial condition of Ellipso, Inc. The dates and times are reflected in the Amended Counterclaim and in written correspondence and e-mails between myself and David Castiel. Regarding meetings with Robert Patterson, at each meeting with David Castiel, which I have identified in this Answer, we discussed Ellipso's financial condition. The substance of these communications were Mr. Castiel's representations about the financial conditions of his company.

**Interrogatory #5:** State the substance and date(s) of all communications, written or oral, between yourself, Robert Patterson and/or David Castiel regarding the development, implementation and maintenance of Ellipso's 881 telephone service.

**ANSWER**: Objection on the ground that this question is vague, overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is a compound question which includes several distinct questions and thus it does not comply with the requirements of Rule 33. Without waiver of these objections and subject thereto, regarding discussions with David Castiel and Robert Patterson regarding the development, implementation and maintenance of Ellipso's 881 telephone service, The dates and times are reflected in the Amended Counterclaim and in written correspondence and e-mails between myself and David Castiel and Robert Patterson which have been produced.

**Interrogatory #6:** Identify each and every contract, oral or in writing, you contend was entered into between John B. Mann and David Castiel and/or Ellipso, Inc. Include in your answer the date of the contract, whether said contract was oral or in writing, the parties to the

4

contract and the substance of the contract. Attach copies of all such written contracts to your answers.

**ANSWER:** Defendant objects to this interrogatory on the basis that it calls for the interpretation of case law and, therefore, a legal conclusion, which this defendant is not qualified to make. As to my contentions, please see the Amended Counterclaim which my attorney has prepared.

**Interrogatory #7:** Identify each and every payment made by you personally (not as officer or member of any company) to David Castiel and/or Ellipso, Inc. Include in your answer: a) the amount of each such payment; b) the date of the payment and c) the purpose for each such payment identified, and d) the name of the payee.

**ANSWER:** Defendant objects to this interrogatory on the basis that it calls for the interpretation of case law and, therefore, a legal conclusion, which this defendant is not qualified to make.

**Interrogatory #8:** Identify each and every payment made by you on behalf of The Registry Solutions Company to either David Castiel or Ellipso, Inc. Include in your answer: a) the amount of each such payment; b) the date of the payment and c) the purpose for each such payment identified, and d) the name of the payee.

**ANSWER:** Objection. The information requested is irrelevant and otherwise not reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory #9:** State the factual basis for the contention in paragraph 17 of your Amended Counterclaim that "Mann had already spent well over $100,000 in connection with the proposals made by Castiel and accepted by Mann." Include in your answer the specific "proposals" you contend were made by Castiel and accepted by you; the date of these "proposals"; which, if any, of these proposals were in writing; and identify the date and amount of each payment you allege were made in furtherance of these "proposals".

**ANSWER:** The allegations of Paragraph 17 speak for themselves. The sum and proposals mentioned are documented by the documents which I have produced.

**Interrogatory #10:** Identify each and every hour of time incurred by you personally (not as an officer or member of any company) with respect to Ellipso's 881 telephone service from December 2002 until June 2005 and identify the purpose for which the time was expended by you.

**ANSWER**: Defendant objects to this interrogatory on the basis that it calls for the interpretation of case law and, therefore, a legal conclusion, which this defendant is not qualified to make. Further, Objection on the ground that this question is burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of these objections and subject thereto, I engaged in the following types of activities with respect to Ellipso's 881 telephone service from December 2003 until June 2005: Meetings; travel; research; and business contacts. These required my full time and attention four days a week and are reflected in the documents being produced. Thus, during that period, to the best of my knowledge and belief, I spent 2,304 hours on these matters.

**Interrogatory #11:** Identify each and every hour of time incurred by you on behalf of The Registry Solutions Company with respect to Ellipso's 881 telephone service from December 2002 until June 2005, and identify the purpose for which the time was expended by you.

**ANSWER**: Objection. The information requested is irrelevant and otherwise not reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory #12:** Identify each and every hour of time incurred by you personally (not as officer of Mann Technology or The Registry Solutions Company) with respect to Ellipso's 881 telephone service from June 2005 until the present and identify the purpose of each hour so identified.

**ANSWER**: Objection as to time spent on behalf of The Registry Solutions Company as irrelevant and otherwise not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory on the basis that it calls for the interpretation of case law and, therefore, a legal conclusion, which this defendant is not qualified to make. Further, Objection on the ground that this question is burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of these objections and subject thereto, I engaged in the following types of activities with respect to Ellipso's 881 telephone

6

service from June 2005 until November 2, 2005: Meetings; travel; research; and business contacts. These required my full time and attention three days a week and are reflected in the documents being produced. Thus, during that period, to the best of my knowledge and belief, I spent 480 hours on these matters.

**Interrogatory #13:** State the factual basis and source of your information for the allegations set forth in paragraph 18 of your Amended Counterclaim that "Ellipso's satellite business was no longer a viable business or opportunity" and that "Ellipso could not launch the vanity telephone number service" due to the non-existent satellite service.

**ANSWER**: The source is David Castiel. The facts described arose from the events as they occurred. The allegations of Paragraph 18 speak for themselves. I incorporate into this Answer all of the events set out in Paragraphs 1 through 17 of the Amended Counterclaim.

**Interrogatory #14:** State the factual basis and source of your information for the allegations set forth in paragraph 19 of your Amended Counterclaim. Include in your answer, your understanding of the amount of David Castiel's salary in or around January 2004, the costs of his home and mortgage payment, the amount of his children's tuition payments, and identify any other extravagant expense incurred by him.

**ANSWER:** The source is David Castiel. The facts described arose from the events as they occurred. The allegations of Paragraph 19 speak for themselves.

**Interrogatory #15:** State the factual basis and source of your information for your contention that Ellipso knew and had ample reason to expect that Ellipso lacked the ability or capacity to implement the 881 telephone service and provide your understanding of why the 881 telephone service was allegedly not implemented.

**ANSWER**: The source is David Castiel. The facts described arose from the events as they occurred. The allegations of fact are set out in the Amended Counterclaim. I incorporate into this Answer all of the events set out in the Amended Counterclaim.

**Interrogatory #16:** State the factual basis and source of your information for the allegation contained in Paragraph 44 of the Amended Counterclaim that "Mann has spent approximately twenty months of his time, generally two to three days per week, on Ellipso related activities." Identify each "Ellipso related activities" worked on by you during this period and the amount of time spent working on each such activity.

**ANSWER**: Objection. This interrogatory includes two separate questions and thus does not comply with the requirements of Rule 33. Without waiver of these objections and subject thereto, the source of my information and factual basis are my recollections and the documents I have produced. The facts described arose from the events as they occurred. The Ellipso related activities included, in addition to those identified in answer to Interrogatory 10, the collateral loan agreement and amendments thereto and the audio text service.

**Interrogatory #17:** Identify any agreement between you and Robert Patterson concerning the distribution of funds received from the sale of the ICOHA shares and identify all monies received by you in your individual capacity (not as an officer of Mann Technology) or your wife as a result of the sale of any ICOHA shares and the date(s) you received such funds.

**ANSWER**: Objection on the ground that this question is vague overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is a compound question because it calls for the interpretation of case law and, therefore, a legal conclusion, which this defendant is not qualified to make. Without waiver of these objections and subject thereto, there was no agreement with Robert Patterson.

**Interrogatory #18:** Identify all persons who possess information relevant to this case, provide a description of the information possessed by each such individual identified, and state whether any such named persons are known or related to you, and the extent and character of the acquaintanceship or nature of the relationship.

**ANSWER**: Objection on the ground that this question is vague, overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Further the information requested is privileged from disclosure by the attorney work product doctrine. Without waiver of these objections and subject thereto, among the persons who have knowledge of the events related to this case are all of the persons identified in the Complaint or in the Amended Counterclaim for the reasons recited therein, which persons are known to Mr. Castiel. As discovery and new information is received, this answer will be supplemented.

**Interrogatory #19:** Name all experts whom you propose to call as a witness and state the subject matter on which the expert is expected to testify, the substance of the facts and opinions of which the expert is expected to testify and a summary of the grounds for each opinion.

**ANSWER:** Currently, there are no such experts. When they are identified this Answer will be supplemented.

**Interrogatory #20:** State each and every conversation between yourself and David Castiel regarding the date Ellipso expected vanity telephone service to be operational. Identify all parties to this conversation and the date(s) thereof.

**ANSWER:** Objection on the ground that this question is vague, overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of these objections and subject thereto, each of the meetings identified in the documents produced and in answers to these Interrogatories include the dates and times of the meetings requested. In addition, the dates and times are included in the Amended Counterclaim which I incorporate into this Answer.

**Interrogatory #21:** If you have had any conversations with any person or entity not heretofore mentioned regarding any matter set forth in Plaintiff's Complaint or your Amended Counterclaim, please identify each such individual, the date and substance of the communication.

**ANSWER:** Objection on the ground that this question is vague, overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is a compound question which includes several distinct questions and thus it does not comply with the requirements of Rule 33. Further, Defendant objects to this Interrogatory to the extent that it seeks the discovery of information or material protected by the attorney-client privilege, work product doctrine.

I declare under penalty of perjury that the above Answers are true and correct to the best of my knowledge and belief.

Dated: September 11, 2006

_____
John B. Mann

**AS TO OBJECTIONS**:

_____
Thomas A. Mauro, Esq.
Bar No. 184515
Mauro Law Offices, P.C.
1020 19th Street, NW, Suite 400
Washington, DC 20036
Phone: (202) 452-9865; Fax:(202) 452-0092
Attorney for Defendant John B. Mann
DATED: September 11, 2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copy of the foregoing John B. Mann's Answers to Plaintiff's First Set of Interrogatories was hand delivered this 11th day of September, 2006 to:

Matthew Goodman, Esq.
Natalie O. Ludaway, Esq.
1400 K Street, N.W.
Suite 1000
Washington, DC 20005

_____
Thomas A. Mauro