IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC., )<br>)<br>    Plaintiff and Counterclaim )<br>    Defendant, )<br>)<br>v. )<br>)<br>John B. Mann, et al., )<br>)<br>    Defendants and Counterclaim )<br>    Plaintiffs ) | Case No. 05cv001186 (RCL)<br><br>Judge: Royce C. Lamberth |

## MANN TECHNOLOGIES, LLC'S ANSWERS TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

COMES NOW Defendant and Counterclaim Plaintiff Mann Technologies, LLC ("Defendant"), through its undersigned attorney, and respectfully submits these Answers to Plaintiff and Counterclaim Defendant's First Set of Interrogatories as follows:

(a)     The information contained in these Answers is being provided in accordance with F. R. Civ. P 33. Accordingly, by providing these responses Defendant does not waive objections to their admission in evidence on grounds of materiality or relevancy or other proper grounds for objection.

(b) The word usage and sentence structure are that of the attorney preparing these Responses.

(c)  These Answers are provided in accordance with F. R. Civ. P 33, and not necessarily in accordance with any instructions or definitions in the Interrogatories. Defendant objects to any instructions or definitions which extend the scope of discovery allowed by or the requirements of the Civil Rules of the Court.

GENERAL OBJECTIONS

1

The following objections are hereby incorporated in each and every of the specific answers by reference, as though fully forth below:

1.      The Answers and objections set forth below represent only information currently available and known following a reasonable and diligent investigation in responding to these Interrogatories with the time and resources available, and do not preclude Defendant from later relying upon facts or documents discovered or generated pursuant to further investigation or discovery which may be conducted subsequent to the date of these Answers. Defendant reserves the right to supplement or revise these Answers and objections at any time, as required under any rule of Court at Defendant's sole discretion.

2.      Defendant objects to each and every Interrogatory to the extent it seeks admission of confidential communications between Defendant and his attorneys or to the extent it seeks information protected from disclosure by the doctrine of attorney work product or trial preparation materials.

3.      Defendant objects to Plaintiff's definitions on the grounds that they are overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendant objects to Plaintiff's "Instructions" on the grounds that they are overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

5.      Defendant objects to the First Set of Interrogatories as exceeding the number of Interrogatories allowed by the Rules.

## ANSWERS AND SPECIFIC OBJECTIONS TO INTERROGATORIES

**Interrogatory #1:**    Identify the full name of the corporation, the State and date of incorporation, the identity of all officers, directors, and members at the time of incorporation and at present, and describe the purpose of the corporation.

**ANSWER:** Mann Technologies, LLC, organized under the laws of the State of Nevada on

February 25, 2004. Officers and Members: John B. Mann, Robert Patterson.

**Interrogatory #2:** Identify all "other business activities" that Mann Technology continues to be engaged in and, specifically, identify those business activities related to the implementation, maintenance or development of the 881 telephone service and the creation of the Registry, as alleged in Paragraph 37 of your Amended Counter-claim. Include in your answer, the identify all persons/entities with whom you have associated and/or transacted respecting such business matters, and the most recent date Mann Technology engaged in any such business.

**ANSWER:** Objection on the ground that this question is vague overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is a compound question which includes several distinct questions and thus it does not comply with the requirements of Rule 33. Without waiver of these objections and subject thereto, regarding Defendant's continuing engagement in the matters addressed, none.

**Interrogatory #3:** State whether Mann Technology had or currently has any business relationship, written or oral, with Juan Tomassoni or any company employing Juan Tomassoni? If so, please state the nature of the business relationship, the date the business relationship first came into existence and whether you presently maintain a business relationship.

**ANSWER:** No.

**Interrogatory #4:** Identify each and every contract, orally or in writing, entered into between Mann Technology and David Castiel and/or Ellipso, Inc. Include in your answer the date of the contract, whether said contract was oral or in writing, the parties to the contract and the substance of the contract. Attach a copy of any such contract to your Answers.

**ANSWER:** Defendant objects to this interrogatory on the basis that it calls for the interpretation of case law and, therefore, a legal conclusion, which this defendant is not qualified to make.

**Interrogatory #5:** Identify each and every payment made by Mann Technology to David Castiel and/or Ellipso, Inc. Include in your answer: a) the amount of each such payment; b) the date of the payment and c) the purpose for the payment and d) to whom the payment was made.

**ANSWER:** The payments made are identified in the documents produced by Defendant.

**Interrogatory #6:** Identify each and every hour of time incurred by Mann Technology towards the implementation, development or maintenance of Ellipso's 881 telephone service from December 2002 until June 2005, and describe a) the reason why this time was expended by

3

you, b) under whose authority such expenditure of time was undertaken and c) whether this time was expended on behalf of Mann Tech or TRSC.

**ANSWER**: Objection as to time spent on behalf of The Registry Solutions Company as irrelevant and otherwise not reasonably calculated to lead to the discovery of admissible evidence. Objection on the ground that this question is vague overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Further, it is a compound question which includes several distinct questions and thus it does not comply with the requirements of Rule 33. Without waiver of these objections and subject thereto, regarding the time incurred by Defendant, please see John B. Mann's Answers to Interrogatory Nos. 10 and 12 to John Mann. In addition, Robert Patterson spent time on these matters, the amount and details of which are in his possession.

**Interrogatory #7:** If you contend that Mann Technology made any payment to David Castiel and/or Ellipso pursuant to any agreement or promise outside of the Collateralized Loan Agreement and amendments thereto, please state the factual basis for your contention and identify in detail each such payment and date thereof.

**ANSWER**: Whether any payment made by the defendant was outside the written documents is a determination of law which depends on the facts and which defendant is not qualified to make.

**Interrogatory #8:** State the factual basis for the allegations contained in Paragraph 21 of your Amended Counterclaim concerning false statement by Ellipso. Describe how the statements were false, your source for this information and the date this information was received by you, and when you determined the information was false.

**ANSWER**: Objection on the ground that this question is vague and not reasonably calculated to lead to the discovery of admissible evidence. Further, it is a compound question which includes several distinct questions and thus it does not comply with the requirements of Rule 33. Without waiver of these objections and subject thereto, The source is David Castiel. The facts described arose from the events as they occurred. The allegations of Paragraph 21 speak for themselves.

The representations made by Mr. Castiel were false because they were untrue. That is how they were false. The falsity of the representations made by Mr. Castiel was gradually determined by the defendant and came to be known by the defendant in time as set forth in the Amended Counterclaim and reflected in the documents produced.

**Interrogatory #9:.**   With respect to the allegations contained Paragraph 24 of your Amended Counterclaim that "Mann was not aware on January 30 or February 24 that Castiel personally and Ellipso generally were involved in numerous, ongoing, extensive and financially draining litigation...", please identify by case number, caption and jurisdiction, all litigation referenced in the paragraph, the manner by which you obtained this information and the date this information was first acquired by you.

**ANSWER**: Objection on the ground that this question is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, it is a compound question which includes several distinct questions and thus it does not comply with the requirements of Rule 33. Without waiver of these objections and subject thereto, the information requested is in the possession of Mr. Castiel and of Ellipso. The source is David Castiel. This specific information requested is privileged from disclosure by the doctrine of attorney work product since Ellipso is already in possession of the information requested.

**Interrogatory #10:**   State the factual basis and source of your information for the allegations in Paragraph 24 of your Amended Counterclaim that neither Castiel nor Ellipso could nor would provide the telephone service required by the new registry and the date this information was first acquired by you.

**ANSWER**: The source is John Mann. The facts described arose from the events as they occurred. The allegations of Paragraph 24 speak for themselves.

**Interrogatory #11:**   State the factual basis for the allegations in Paragraph 40 of your Amended Counterclaim that Mann Technology expended approximately $350,000 in cash payments to Ellipso and performed thousands of man-hours of work, and itemize all such payments and detail all such man-hours worked, including any requests or authorizations made by Ellipso for Mann Tech to expend such time.

**ANSWER**: Objection on the ground that this is a compound question which includes several distinct questions and seeks a legal conclusion and thus it does not comply with the requirements of Rule 33. Without waiver of these objections and subject thereto, the factual basis is set out in the allegations of the Amended Counterclaim leading up to Paragraph 40. Without waiver of these objections, regarding the time and amount claimed, the answer is included in the documents produced and in our Answer to No. 6, above.

**Interrogatory #12:** State the substance and date of each and every conversation between David Castiel, Mann Technology and/or Robert Patterson with respect to the expected date of implementation of the 881 telephone service.

**ANSWER**: Objection on the ground that this question is burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is a compound question which includes several distinct questions and thus it does not comply with the requirements of Rule 33. Without waiver of these objections and subject thereto, regarding discussions with David Castiel and Robert Patterson regarding the expected date of implementation of the 881 telephone service, the dates and times are reflected in the Amended Counterclaim and in written correspondence and e-mails between myself and David Castiel and Robert Patterson which have been produced.

**Interrogatory #13:** If you contend that Ellipso breached any part of the Collateralized Loan Agreement and/or amendment thereto, please identify the provisions of the contract you contend were breached, how you contend the contract was breached, and the date of each such alleged breach.

**ANSWER**: Defendant objects to this interrogatory on the basis that it calls for the interpretation of case law and, therefore, a legal conclusion, which this defendant is not qualified to make. As to the defendants' contentions, please see the Amended Counterclaim.

**Interrogatory #14:** Identify each notice of default, oral or written, provided to Ellipso under the Collateralized Loan Agreement. Include in your answer, the date of the notice, the manner by which notice was given, and attach a copy of any such notice to your answers.

**ANSWER:** Defendant objects to this interrogatory on the basis that it calls for the interpretation of case law and, therefore, a legal conclusion, which this defendant is not qualified to make. Without waiver of these objections and subject thereto, any notice of default are reflected in the documents produced.

**Interrogatory #15:** Identify each person or entity who participated in the negotiation and drafting of the Collateralized Loan Agreement, the TRSC Agreement and the amendments thereto, including which party such person or entity represented in said negotiation and drafting.

**ANSWER:** Objection on the ground that this question is vague and not reasonably calculated to lead to the discovery of admissible evidence. Further, it is a compound question which includes several distinct questions and thus it does not comply with the requirements of Rule 33. Without waiver of these objections and subject thereto, Mr. Castiel drafted the document. Mr. Mann accepted Mr. Castiel's writing.

**Interrogatory #16:** Identify all ICOHA shares sold by Mann Technology, the date and number of shares sold, the price per share, all monies received by Mann Technology as a result of the sale, and details of all transfers to any entity of such proceeds and state the number of any unsold ICOHA shares currently in the possession, custody and/or control of Mann Technology.

**ANSWER:** The transactions requested are reflected in the documents produced by the defendant.

**Interrogatory #17:** If you contend that Ellipso was required to use the proceeds of the loan provided by you under the Loan Agreement in a specific manner or put the funds to a particular use, please state in detail the factual basis for your contention and identify that portion of the Loan Agreement or amendments thereto that require such action by Ellipso.

**ANSWER:** Objection on the ground that this question is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of these objections and subject thereto, defendant's contentions are set forth in the Amended Counterclainm. The Loan Agreement speaks for itself.

**Interrogatory #18:**   Identify all persons who possess information relevant to this case and provide a description of the information possessed by each such individual identified and state which of the persons named are known or related to you and the extent and character of the acquaintanceship or nature of the relationship.

**ANSWER**: Objection on the ground that this question is vague, overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Further the information requested is privileged from disclosure by the attorney work product doctrine. Without waiver of these objections and subject thereto, among the persons who have knowledge of the events related to this case are all of the persons identified in the Complaint or in the Amended Counterclaim for the reasons recited therein, which persons are known to Mr. Castiel. As discovery and new information is received, this answer will be supplemented.

**Interrogatory #19:**   Name all experts whom you propose to call as a witness and state the subject matter on which the expert is expected to testify, the substance of the facts and opinions of which the expert is expected to testify and a summary of the grounds for each opinion.

**ANSWER**:  Currently, there are no such experts. When they are identified this Answer will be supplemented.

**Interrogatory #20:**   Itemize all damages, including opportunity costs, you contend Mann Technology has sustained as a result of each of the counts contained in the Amended Counterclaim, and describe how these amounts were calculated.

**ANSWER**: Defendant objects to this interrogatory on the basis that it calls for the interpretation of case law and, therefore, a legal conclusion, which this defendant is not qualified to make.

**Interrogatory #21:**   Describe the factual basis for each and every affirmative defense pled by you in this matter.

**ANSWER**:  Objection. This is a compound question which includes several distinct questions and thus it does not comply with the requirements of Rule 33. As a result, this question far exceeds the allowable number of questions allowed by the Rules. Further objection on the ground

8

that this question is vague, overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence and calls for a legal conclusion. Without waiver of these objections and subject thereto, the factual basis for each of the affirmative defenses are set out in the Amended Counterclaim.

I declare under penalty of perjury that the above Answers are true and correct to the best of my knowledge and belief.

Dated: September 11, 2006            MANN TECHNOLOGIES, LLC

by: _____
John B. Mann

**AS TO OBJECTIONS**:

_____
Thomas A. Mauro, Esq.
Bar No. 184515
Mauro Law Offices, P.C.
1020 19th Street, NW, Suite 400
Washington, DC 20036
Phone: (202) 452-9865; Fax:(202) 452-0092
Attorney for Defendant John B. Mann
DATED: September 11, 2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copy of the foregoing Mann Technologies, LLC's Answers to Plaintiff's First Set of Interrogatories was hand delivered this 11th day of September, 2006 to:

Matthew Goodman, Esq.
Natalie O. Ludaway, Esq.
1400 K Street, N.W.
Suite 1000
Washington, DC 20005

_____
Thomas A. Mauro