IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ELLIPSO, INC., | ) | |
| | ) | |
| Plaintiff and Counterclaim Defendant, | ) ) | |
| | ) | Case No. 05cv001186 (RCL) |
| v. | ) | |
| | ) | Judge: Royce C. Lamberth |
| John B. Mann, et al., | ) | |
| | ) | |
| Defendants and Counterclaim Plaintiffs | ) ) | |

## JOHN B. MANN'S RESPONSE TO PLAINTIFF'S
## FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW Defendant and Counterclaim Plaintiff John B. Mann ("Defendant"), through his undersigned attorney, and respectfully submits these Responses to Plaintiff and Counterclaim Defendant's First Requests for Production of Documents as follows:

(a)     The information contained in these Responses is being provided in accordance with F. R. Civ. P 34.  Accordingly, by providing these responses Defendant does not waive objections to their admission in evidence on grounds of materiality or relevancy or other proper grounds for objection.

(b) The word usage and sentence structure are that of the attorney preparing these Responses.

(c) These Responses are provided in accordance with F. R. Civ. P 34, and not necessarily in accordance with any instructions or definitions in the Requests. Defendant objects to any instructions or definitions which extend the scope of discovery allowed by or the requirements of the Civil Rules of the Court.

GENERAL OBJECTIONS

1

The following objections are hereby incorporated in each and every of the specific responses by reference, as though fully forth below:

1.     The Responses and objections set forth below represent only information currently available and known following a reasonable and diligent investigation in responding to these Requests with the time and resources available, and do not preclude Defendant from later relying upon facts or documents discovered or generated pursuant to further investigation or discovery which may be conducted subsequent to the date of these Responses. Defendant reserves the right to supplement or revise these Responses and objections at any time, as required under any rule of Court at Defendant's sole discretion.

2.     Defendant objects to each and every Request to the extent it seeks admission of confidential communications between Defendant and his attorneys or to the extent it seeks the production of attorney work product or trial preparation materials.

3.     Defendant objects to Plaintiff's definitions on the grounds that they are overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

4.     Defendant objects to Plaintiff's "Instructions" on the grounds that they are overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSES AND SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION**

Request #1:     Copies of any electronic data, including e-mail, correspondence, handwritten notes, memoranda or other document between John Mann and Robert Patterson concerning David Castiel and/or Ellipso.

RESPONSE:     Defendant objects to this Request to the extent it requires documents created after

2

this lawsuit was filed. Such documents are subject to a joint defense agreement and are therefore privileged. Defendant further objects to this request because it does not limit the time period covered by the request. Notwithstanding the latter objection, the documents which are not subject to privilege will be produced and are available for inspection at the offices of Counsel for the Defendant.

Request #2:    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other document containing any representation or promise made to John Mann by David Castiel or Ellispo concerning the viability of 881 telephone service.

RESPONSE: The documents will be produced and are available for inspection at the offices of Counsel for the Defendant.

Request #3:    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other document containing any representation or promise made to John Mann by David Castiel or Ellispo concerning the expected or anticipated date of implementation of the 881 telephone service.

RESPONSE: The documents will be produced and are available for inspection at the offices of Counsel for the Defendant.

Request #4:    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other document containing any representation or promise made to John Mann by David Castiel or Ellispo concerning all aspects of the 881 telephone service.

RESPONSE: The documents will be produced and are available for inspection at the offices of Counsel for the Defendant.

Request #5:    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other document containing that supports your allegation that David Castiel and/or

3

Ellipso engaged in fraud against you, or fraudulently induced you to invest in Ellipso.

RESPONSE: The documents will be produced and are available for inspection at the offices of Counsel for the Defendant.

Request #6:    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other document containing that supports your contention that David Castiel and/or Ellipso made false statements, omissions and deceptions concerning their ability to develop and implement the 881 telephone service.

RESPONSE: The documents will be produced and are available for inspection at the offices of Counsel for the Defendant.

Request #7:    Copies of all invoices, receipts, memoranda, electronic data, including email or other document evidencing each payment made by John Mann to David Castiel and/or Ellipso.

RESPONSE: The documents will be produced and are available for inspection at the offices of Counsel for the Defendant.

Request #8:    Copies of any document supporting your contention that John Mann has incurred expenditures of cash in excess of $350,000 and time of over $200,000, as alleged in the Amended Counterclaim.

RESPONSE: The documents will be produced and are available for inspection at the offices of Counsel for the Defendant.

Request #9:    Copies of any document reflecting payment made by Ellipso to John Mann.

RESPONSE: There are no such documents in Defendant's possession at this time.

Request #10:   Copies of any documents reflecting payments made by John Mann to Ellipso and/or David Castiel.

RESPONSE: The documents will be produced and are available for inspection at the offices of

4

Counsel for the Defendant.

Request #11:    Copies of any default notices sent by John Mann to David Castiel and/or Ellipso.

RESPONSE: There are no such documents.

Request #12:   Copies of all correspondence, letters or emails sent by John Mann to David

Castiel and/or Ellipso relating to the Collateralized Loan Agreement and amendments thereto.

RESPONSE: The documents will be produced and are available for inspection at the offices of

Counsel for the Defendant.

Request #13:   Copies of all documents reflecting the sale of any ICOHA shares by John Mann.

RESPONSE: There are no such documents.

Request #14:   Copies of all documents reflecting monies received by John Mann from the sale

of any ICOHA shares.

RESPONSE: There are no such documents.

Request #15:   Copies of any written contracts, agreements or memoranda between David Castiel

and/or Ellipso and John Mann.

RESPONSE: The documents will be produced and are available for inspection at the offices of

Counsel for the Defendant.

Request #16:   Copies of any amendments or modifications to any written contracts, agreement

or memoranda between David Castiel and/or Ellipso and John Mann.

RESPONSE: There are no such documents.

Request #17:   Copies of any and all electronic data, including emails, correspondence and other

documents between John Mann and Juan Tomossoni or any company employing Juan

Tomossoni from January 1, 2005 to the present.

RESPONSE: It is assumed that reference is made to Juan Tomassoni. Such documents will be

produced and are available for inspection at the offices of Counsel for the Defendant.

Request #18:    Copies of any agreements or contracts between any company owned and/or operated by John Mann and any other person or entity (excluding Ellipso) concerning the development, implementation and/or maintenance of 881 telephone service.

RESPONSE: Defendant John Mann has no such documents in his individual capacity.

Request #19:    Copies of all documents which support the claim for damages asserted by Mann Technology.

RESPONSE: It is assumed that reference is made to Mann Technologies, LLC. Defendant will produce such documents, with the exception of their legal bills, which are privileged at this time but which will be produced after respondents obtain an award of attorneys fees in this case. The documents will be produced and are available for inspection at the offices of Counsel for the Defendant.

Request #20:    An itemization of damages allegedly incurred by John Mann as to each count of the Amended Counterclaim.

RESPONSE: Objection. This is not the proper subject of a Rule 34 request for production of documents.

Request #21:    Copies of any documents that support your claim for damages of lost opportunity costs.

RESPONSE: It is assumed that reference is made to Mann Technologies, LLC. Such documents will be produced and are available for inspection at the offices of Counsel for the Defendant.

Request #22:    Copies of any documents reviewed and/or prepared by an expert witness you intend to call at the trial of this matter.

RESPONSE:  Currently, there are no expert reports. When they are created, they will be

produced.

Request #23:   Copies of any charts, diagrams or other tangible items you intend to introduce at the trial of this matter.

RESPONSE:  Currently, there are no such documents. If they are required to be produced by a Pretrial Order, when they are created they will be produced.

Request #24:   Copies of any signed statements, transcripts or other recorded statement from any party or witness to this matter.

RESPONSE: Objection. This request calls for the production of documents in the possession of Defendant's attorneys and are privileged as work product.

Request #25:   Any document which supports or refutes any defense pled by you in this matter.

RESPONSE: Defendant objects to this Request as being overbroad and not in compliance with Rule 34 of the Civil Rules of the Court.

Request #26:   Any document that relates to the development, implementation, and maintenance of 881 telephone service.

RESPONSE: Objection. This request is vague and indefinite. In addition, Defendant objects to this Request as being overbroad and not in compliance with Rule 34 of the Civil Rules of the Court.

Request #27:   All electronic data generated by, received by, containing any information about or otherwise related in any way to Plaintiff.

RESPONSE: Objection. This request is vague, indefinite and overbroad, calls for the production of documents which are irrelevant to the issues raised in this case and of documents privileged as attorney client communications and privileged under the doctrine of attorney work product. Further,  Defendant further objects to this request because it does not limit the time period

7

covered by the request and is not in compliance with Rule 34 of the Civil Rules of the Court.

Request #28:    All electronic data generated by, received by, containing any information about or otherwise related in any way to Robert Patterson and/or Consulting Management, Ltd.

RESPONSE: Objection. This request is vague, indefinite and overbroad, calls for the production of documents which are irrelevant to the issues raised in this case and of documents privileged as attorney client communications and privileged under the doctrine of attorney work product. Further, Defendant objects to this Request as being not in compliance with Rule 34 of the Civil Rules of the Court. Further still, Defendant objects to this Request to the extent it requires documents created after this lawsuit was filed. Such documents are subject to a joint defense agreement and are therefore privileged.

Request #29:   Any document contained in any stand-alone personal computer, network workstation, personal digital assistant, blackberry or cell phone containing any information relating to Plaintiff, the 881 telephone service or the Registry.

RESPONSE:  Objection. This request is vague, indefinite and overbroad, calls for the production of documents which are irrelevant to the issues raised in this case and of documents privileged as attorney client communications and privileged under the doctrine of attorney work product. Further, Defendant objects to this Request as being not in compliance with Rule 34 of the Civil Rules of the Court. Further still, Defendant objects to this Request to the extent it requires documents created after this lawsuit was filed which are privileged, because it does not limit the time period covered by the Request.

Request #30:   Any and all backup tapes or other storage media, whether on-line or offline, which may contain electronic data identified and requested herein, and refrain from overwriting or deleting information contained thereon.

8

RESPONSE: Objection. Defendant incorporates all of the above objections into this Response. Defendant further objects to this request because it duplicates the documents requested in all of the above Requests.

Request #31:   All electronic versions, whether original or draft, of all contracts by and between the parties to this action.

RESPONSE: Objection. This request is vague and indefinite.

Request #32:   Electronic data including calendars, diaries, schedules and/or planners that relate or refer to Plaintiff, the 881 telephone service, or the Registry.

RESPONSE: Objection. This request is vague, indefinite and overbroad, calls for the production of documents which are irrelevant to the issues raised in this case and of documents privileged as attorney client communications and privileged under the doctrine of attorney work product. Further, Defendant objects to this Request as being not in compliance with Rule 34 of the Civil Rules of the Court. Further still, Defendant objects to this Request to the extent it requires documents created after this lawsuit was filed which are privileged and because it does not limit the time period covered by the Request.

Request #33:   Any document that relates to any allegation contained in the Amended Counterclaim.

RESPONSE: Objection. This request is vague, indefinite and overbroad and is not in compliance with Rule 34 of the Civil Rules of the Court.

Request #34:   Any document that relates to any allegation contained in Plaintiff's Complaint.

RESPONSE: Objection. This request is vague, indefinite and overbroad and is not in compliance with Rule 34 of the Civil Rules of the Court.

Request #35:   All electronic versions of any document requested herein.

9

RESPONSE:  Objection. Defendant incorporates all of the above objections into this Response.

Defendant further objects to this request because it duplicates the documents requested in all of

the above Requests.

Thomas A. Mauro (Bar # 184515)
Mauro Law Offices, P.C.
1020 19th Street, NW, Suite 400
Washington, DC 20036
Phone: (202) 452-9865; Fax:(202) 452-0092
Attorney for Defendant John B. Mann
DATED: September 11, 2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copy of the foregoing John B. Mann's
Response to Plaintiff's First Requests for Production of Documents was hand delivered this 11th
day of September, 2006 to:

Matthew Goodman, Esq.
Natalie O. Ludaway, Esq.
1400 K Street, N.W.
Suite 1000
Washington, DC 20005

Thomas A. Mauro