IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC.,<br><br>    Plaintiff and Counterclaim<br>    Defendant,<br><br>        v.<br><br>JOHN B. MANN, ET AL.,<br><br>    Defendants and Counterclaim<br>    Plaintiffs. | Case No. 05cv001186   (RCL) |

**OPPOSITION OF JOHN B. MANN AND MANN TECHNOLOGIES, L.L.C.
TO ELLIPSO'S SEPTEMBER 14, 2006 EMERGENCY MOTIONS
TO COMPEL AND FOR PROTECTIVE ORDER**

Counterclaim Plaintiffs John B. Mann and Mann Technologies, L.L.C., ("Defendants") by and through their undersigned counsel and pursuant to the Rules of this Honorable Court, hereby submit this Opposition to the Emergency Motion to Compel and for Protective Order regarding the deposition of David Castiel which arises out of the Amended Notice of Deposition for Mr. Castiel which Defendants issued by consent on August 2, 2006.

**Brief Summary of Reasons the Motion Should be Denied**

The Motion should be denied for several reasons, which are briefly listed below and which are discussed more extensively hereunder:

A. The discovery issues are not ripe. The Motion itself contains egregious misstatements of facts, which render the Motion utterly baseless and unfounded. The misstatements are proven by the attached correspondence, and the discussion hereunder.

1

B. Plaintiff's Motion is deceptive because it omits a number of crucially important communications (attached hereto) bearing upon the issues in the Motion.

C. On August 2, 2006, Dr. Castiel himself suggested the date of the Deposition; his Counsel agreed to the date, without setting any conditions whatsoever on discovery.

D. The purported discovery issues referred to by Plaintiff's Motion are misleading and incorrect, inasmuch as undersigned Counsel has responded to those issues by his letter of September 13, 2006, prior to the filing of the Motion (a fact not mentioned in the Plaintiff's Motion), and the Plaintiff has made no further effort to resolve these with the undersigned Counsel, and, in fact, has refused to review the documents produced, stating falsely that Counsel for Defendants have not made them available, and refused to discuss it further with undersigned Counsel, choosing, instead, to file this meretricious Motion and to follow it with an equally baseless and intemperate letter to Counsel.

E. The Plaintiff's objections to the Discovery materials are inapt, and show ignorance of or complete disregard for the Federal Rule 33(a) which permits an answer to an Interrogatory to be by way of production of business records.

F. The Plaintiff's Counsel has failed to appear today, September 14, 2006, to examine the produced documents, which have been made available to him, even though there is ample time before the scheduled Deposition (September 18) to review these papers.

**Brief Summary of Relevant Facts**

1.  Facts Concerning the Deposition

The sequence of events leading up to the present situation is as follows. On July 27, 2006 the undersigned Counsel sent to Plaintiff's Counsel Mr. Goodman a letter (**Exhibit 1**, copy attached) requesting preferred dates for the Deposition of Dr. Castiel. A Notice of Deposition dated July 28, 2006 was sent at that time (**Exhibit 2**, copy attached). Mr. Goodman, by a letter of August 2, 2006 (**Exhibit 3**, copy attached) specified his preferred dates for the Deposition of Dr. Castiel. The undersigned Counsel then sent an amended Notice of Deposition dated August 2, 2006 (**Exhibit 4**, copy attached) setting forth the consented-to date, September 18, 2006.

2.  Facts Concerning the Discovery Issues

The original due date for Defendant's response to the Plaintiff's discovery requests was August 22, 2006. By the undersigned Counsel's letter of August 16, 2006 (**Exhibit 5**, copy attached), extra time was requested for response to the discovery requests (in view of the undersigned's late August vacation plans extending through Labor Day weekend). No response to this letter was received, and agreement to the extension was therefore presumed. Instead, Plaintiff's Counsel simply chose to ignore this letter, and in the letter of Mr. Goodman dated August 30, 2006 (copy attached to Plaintiff's motion) Mr. Goodman makes no mention whatsoever of the August 16 letter. Instead, Mr. Goodman asks for production of the documents by September 5, 2006. Upon returning on September 5, 2006, the undersigned Counsel discovered the letter of August 30, and promptly responded by an email (**Exhibit 6**, copy attached) dated September 5, 2006, requesting until September 14, 2006 to comply with

discovery. Mr. Goodman responded by his email of September 8, 2006 (copy attached to Plaintiff's motion) granting the extension until September 11, 2006. Replies to this email on September 8, 2006 (**Exhibit 7**, copy attached) and September 9 (copy attached to Plaintiff's motion) accepted this date.  The discovery materials were delivered to Mr. Goodman as he requested on September 11, 2006, as evidenced by the cover sheet dated September 11, 2006 (**Exhibit 8**, copy attached). Plaintiff's Counsel then sent a letter dated September 12, 2006 with detailed objections to the Response he received to the Interrogatories (a copy of this was supplied with the Motion); this letter also set forth a deadline of 4:00 p.m. September <u>14</u>, 2006 for correction of the alleged deficiencies.  By his letter of September 13, 2006 (**Exhibit 9**, copy attached), the undersigned Counsel responded to these detailed objections by noting that the objections are overcome by reference to the Federal Rule 33(d), offering a meeting to resolve any remaining outstanding discovery/interrogatory issues, <u>and advising Mr. Goodman that the documents were available for his review at 3:00 p.m., September 14</u>. Plaintiff's Counsel, Mr. Goodman, without waiting even for his own self-imposed deadline of 4:00 p.m. September 14, 2006, filed the instant Motion at 11:19 a.m. on September 14, 2006 and did not appear at Counsel's office to review the documents being produced. Instead, he sent a letter dated September 14, 2006 (**Exhibit 10**, copy attached), received at approximately 5:35 p.m. refusing to review the documents while continuing his string of intemperate and unfounded accusations directed to Defendants' Counsel in his September 14 letter.

**Misstatements of Fact Contained in the Motion**

The Plaintiff's Motion is grounded on material and substantial misstatements of fact. Paragraph 6 of the Motion is particularly noteworthy, and is discussed in detail as follows.

In Paragraph 6 of the Motion, Mr. Goodman writes, "Defendants' Answers to Interrogatories are evasive, unresponsive and replete with untimely, unfounded and baseless objections." In fact, Defendants' Answers are direct, to the point, and are sincere efforts to answer correctly and completely. There were objections raised, but in large part the questions were answered.

Further in Paragraph 6 of the Motion, Mr. Goodman states, "... Defendant's failed to produce a single document responsive to Plaintiff's requests..."   This is completely untrue, as evidenced by the Responses to the document requests themselves, stating that the documents are available in the undersigned Counsel's office. Furthermore, in undersigned Counsel's letter of September 13, 2006, (**Exhibit 9** hereto) in the penultimate paragraph thereof, it is stated that "I can be available, however, at 3 o'clock tomorrow [September 14] at my office for you to review the documents we are producing, and I look forward to seeing you."

Further in Paragraph 6 of the Motion, immediately following the above-quoted passage, Mr. Goodman writes, "This too was a sham. The undersigned [Goodman] immediately contacted counsel by e-mail [on September 12] to make arrangements to review the documents but this effort was ignored and Defendants have still denied Plaintiff access to these documents." This statement is a rank falsity; the undersigned Counsel's letter of September 13, 2006 was indeed a response, and did invite Mr. Goodman to review the documents, offering a time of availability to do so, as noted in the above-noted penultimate paragraph of the undersigned Counsel's

September 13 letter: "I can be available, however, at 3 o'clock tomorrow at my office for you to review the documents we are producing, and I look forward to seeing you." Moreover, Mr. Goodman **himself** acknowledged the September 13 letter by his own letter of September 14, 2006 (which is itself filled with inaccuracies and misstatements, **Exhibit 10**, copy attached).

Moreover, far from denying access to the documents, the undersigned Counsel has waited diligently until the filing of this Opposition at 11 p.m. Thursday evening, September 14, 2006, awaiting any call, visit, or other sign of interest from opposing Counsel in reviewing the documents.

In numbered Paragraph 7 of the Motion, opposing Counsel falsely alleges lack of responsiveness in the Interrogatories. As pointed out above, a good faith effort was made to answer all of the interrogatories, even though their number far exceeded the permissible limit of 25 interrogatories per party (due to the presence of multiple part questions as well as compound questions). The few which were objectionable and not answered at this stage were indeed objected to in good faith; the undersigned Counsel would in the future be happy to discuss any of these in detail with opposing Counsel and hear his reasons why the objections do not apply, in an effort to resolve any disputes without resorting to the Court's intervention. It appears, however, that Mr. Goodman as Plaintiff's Counsel believes such discussions or meetings are "a waste of my client's resources." *See* **Exhibit 10**.

In numbered Paragraph 8 of the Motion, opposing Counsel falsely states that "Defendants have neither responded to the [September 12, 2006] letter or provide any supplement to their patently defective answers." In fact, the undersigned Counsel did indeed respond to that letter, by the above-noted letter of September 13, 2006 (**Exhibit 9** hereto) which was specifically

cknowledged in the letter by Mr. Goodman of September 14, 2006 (**Exhibit 10 hereto**) in which in the very first two lines thereof he acknowledges the September 13 letter.

In light of the other false representations in the Motion documented hereinabove, as to the curiously-timed excuse for non-attendance proffered for Dr. Castiel at Paragraph 9 of the Motion, Dr. Castiel's affidavit should be given no credence by the Court. Moreover, Dr. Castiel has not explained why he did not place his highest priority on his duty as Plaintiff to this Court, to attend the deposition and thus disclose the factual bases for his many contentions.

**Detailed Discussion of Above-noted Points**

The briefly summarized points noted above, lettered points A-F, are discussed in greater detail as follows.

    A.    The discovery issues are not ripe, because the undersigned Counsel's letter of September 13, 2006 resolved most, if not all, of the purported discovery issues raised by Mr. Goodman, by reference to the Federal Rule 33(d) supporting the manner of the response, and which letter also offered a meeting with Mr. Goodman to resolve any remaining issues. Mr. Goodman has not chosen to do this, and has thus refused to make any effort whatsoever to resolve these issues with undersigned Counsel. In addition, the Motion does not conform to the format of a motion to compel as required by the Local Rules of Court. Mr. Goodman has utterly failed to explain why he has not withdrawn those objections which have proven already to be baseless in view of Rule 33(d) pointed out to him in the undersigned Counsel's letter of September 13. By Mr. Goodman's own letter of

    September 14, 2006 (copy attached), Mr. Goodman specifically refuses to meet to discuss any of the discovery issues he raises, and this letter fails to modify his own discovery objections in light of the response and explanation provided to him; he specifically does not acknowledge Rule 33(d). This plus his failure to comply with the Local Rules make his Motion premature and not ripe.

B.    Plaintiff's Motion is deceptive because it omits a number of crucially important communications (attached hereto) bearing upon the issues in the Motion and plainly misstates the record. The attached copies of crucial and important documents illustrates the inappropriateness of the Plaintiff's Motion.

C.    Plaintiff himself suggested the date of the Deposition and agreed to it, without setting any conditions whatsoever on discovery. Thus, the Plaintiff was not concerned about this at any prior time, suddenly raising that issue to apparently win a delay of the scheduled Deposition.

D.    The purported discovery issues referred to by Plaintiff's Motion are misleading and incorrect, inasmuch as undersigned Counsel has responded to those issues by his letter of September 13, 2006, prior to the filing of the Motion (a fact not mentioned in the Plaintiff's Motion), and the Plaintiff has made no further effort to resolve these with the undersigned Counsel. This is discussed in detail with in above paragraph A, which is therefore not being repeated herein.

E.    The Plaintiff's objections to the Discovery materials are inapt, and show ignorance of or complete disregard for the Federal Rule 33(a) which permits an answer to an Interrogatory to be by way of production of business records. This is

       likewise discussed in detail in the above paragraph A.

F.     The Plaintiff's Counsel has failed to appear today (as of 11:00 p.m. September 14, 2006) to examine the produced documents which have been made available to him, even though there is ample time before the scheduled Deposition to review these papers.

G.     The reason given in the Motion for the delay are that Plaintiff's Counsel Mr. Goodman has an injured wrist, but Mr. Goodman does not assert that he would be unable to sit through a deposition on September 18. Instead, he has chosen to expend his time and effort by filing the instant Motion, in order to seek an unnecessary delay in the case. This creates an appearance that Mr. Goodman's injured wrist and alleged time constraints are not a factor; rather his goal seems to be merely the interposition of delay.

**There is no Connection Between the Scheduled Deposition and the Discovery**

      The Plaintiff argues in the Motion (at paragraph 9 thereof) that the Deposition of Dr. Castiel should be postponed, pending receipt of discovery materials. No citations are provided by Plaintiff in support of this contention. The Plaintiff is in error in asserting any such connection, and the Federal Rules of Civil Procedure do not support Plaintiff's position. There is no requirement for completion of discovery before conducting of a Deposition.

**CONCLUSION**

The Motion is completely baseless and not filed in good faith. It seeks only delay, provides no basis whatsoever for a protective order, and should be denied. In light of the egregious misstatements of the record to which this lengthy response was required, Defendant's request their costs in having to respond to this Motion.

Respectfully submitted,

_____/s/_____
Thomas A. Mauro, Bar No. 184515
1020 Nineteenth Street, N.W.
Suite 400
Washington, D.C. 20036
Tel.: (202) 452-9865
Fax: (202) 452-0092
Attorney for the Counterclaim Plaintiffs, John B. Mann and Mann Technologies, L.L.C.

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Opposition has been mailed first class, postage prepaid, this 14th day of September, 2006 to :

Robert B. Patterson, *pro se*
1643 Hunting Creek Drive
Alexandria, Virginia 22314

_____

Thomas A Mauro

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC.,

    Plaintiff and Counterclaim Defendant,

v.

JOHN B. MANN, ET AL.,

    Defendants and Counterclaim Plaintiffs.

Case No. 05cv001186 (RCL)

## **ORDER**

This matter is before the Court on the Emergency Motion of the Plaintiff to Compel and for Protective Order. The Court has considered the Motion, the Memoranda submitted in support of and in opposition to the Motion and the entire record in this case. ACCORDINGLY, it is this ___ day of _____ 2006,

ORDERED, that the Motion of Defendant, Ellipso, Inc., for a Protective Order is DENIED; and it is further

ORDERED, that the Plaintiff shall pay the costs of the Defendants in having to oppose the Motion; and it is further

ORDERED, that within ___ days of this Order counsel for the defendants shall submit their requests for attorneys fees and costs in having to oppose this Motion.

_____
Royce C. Lamberth
United States District Judge

Copies to:

Thomas A. Mauro, Esq.
1020 Nineteenth Street, N.W.
Suite 400
Washington, D.C. 20036

Matthew Goodman, Esq.
Natalie O. Ludaway, Esq.
1400 K Street, N.W.
Suite 1000
Washington, D.C. 20005

Robert B. Patterson, *pro se*
1643 Hunting Creek Drive
Alexandria, Virginia 22314