**MAURO LAW OFFICES, P.C.**
ATTORNEYS AT LAW
1020 NINETEENTH STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036

THOMAS A. MAURO
ADMITTED IN THE DISTRICT OF COLUMBIA AND MARYLAND

VOICE: 202 452 9865
FACSIMILE: 202 452 0092
email: tmauro@tmaurolaw.com

September 13, 2006

**BY FACSIMILE / THEN MAIL**

Matthew H. Goodman, Esq.
Leftwich & Ludaway LLC
1400 K Street, N.W.
Suite 1000
Washington, D.C. 20005

      Re:    Ellipso, Inc. v. Mann Technologies, LLC
               Civil Action No. 05ca1186

Dear Mr. Goodman:

      This responds to your emails e-mails of September 12, 2006. My absence from the office yesterday prevented me from discovering those emails and responding earlier. In the future, I hope you will feel free to call my office in case you are expecting a same-day response, which will provide you with this information.

      For future reference, in the spirit of mutual cooperation good faith efforts, I strongly prefer that all communications be in writing, e.g. by a signed letter sent via facsimile. I ask that you please observe this formality. It ensures that I will know about incoming communications at the time they are sent, and that there will be a hard copy that is signed.

      I am very glad to see that your own schedule has apparently opened up considerably since the time of our telephone conversation on September 8, 2006. At that time, you informed me that the press of several other litigation deadlines in other cases made it impossible for you to address this case.

      Further, I am also glad that your reported arm injury has not prevented you from preparing the lengthy (six page, single spaced) letter to us, or from filing your motion to compel against Mr. Patterson. This represents good progress, and I am happy to address your concerns, as discussed further below.

      Turning to your September 12, 2006, letter, it was shocking that you casually made accusations against me about the discovery responses, without even contacting me to discuss these with you. I have to wonder, in view of this, whether your Firm's accusations against my

Matthew H. Goodman, Esq.
September 13, 2006
Page 2

clients will not ultimately prove to have been so cavalierly made or made without any factual basis.

 I can assure you that we addressed each of your 42 interrogatories (the actual number of which far exceed 42) and 73 document requests individually and carefully, and in good faith. I am happy to discuss individual issues with you at a suitable time, perhaps next week when both our schedules may permit.

 I note that individual ones of the interrogatories actually constituted multiple questions, so that the actual number of interrogatories (i.e., well over 50 per defendant) far exceeded the number permitted under Rule 33(a), namely 25 interrogatories per defendant.[1] Despite this, all of the interrogatories were answered, in order to make every possible good faith effort to advance this litigation.

 I note that Rule 33(d) permits an answer to an interrogatory to be made by reference to the documents being produced.[2] We have availed ourselves of this provision, thereby rendering moot the majority of the objections you raised in your September 12 letter. The documents are available for inspection, as so indicated in the response.

 I trust that we can differ professionally on the application of any privilege that we believe

---

[1] Rule 33(a) provides that, without a written stipulation or leave of Court, "a party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts ..."

[2] Rule 33(d) provides as follows:

> "(d) **Option to Produce Business Records**
>
> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit, or inspection of such business records, including a compilation, abstract, or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit, or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be sufficient in detail to permit the interrogating party to locate and to identify, as readily as the party served, the records from which the answer may be ascertained."

Matthew H. Goodman, Esq.
September 13, 2006
Page 3

may apply, without resorting to the type of derogatory name-calling found in your letter.

    I note that these responses and answers were provided to you within the deadline you abruptly set on September 8, after having initially agreed to an extension of time for us to respond.  We had taken you at your word in not objecting to our August 15, 2006, rrequest for extension of time, yet accelerated the time frame as soon as you asked, as an act of good faith.  We want to work out any problem you may have with the interrogatory answers, but ask you to recognize that some were very difficult for us to understand and your reading of them may well be different than ours; even so, we did our best to respond within the Rules and in light of the document production we are making.

    I will be very happy to meet with you at a time convenient for both of us after Mr. Castiel's deposition next week, to discuss your concerns and our position on the answers.  I believe all of these issues can be resolved satisfactorily in this manner, and I am willing to make the effort to do so.  If you are unwilling to do that, however, we will be happy to respond in due course and in detail to your September 12 letter, albeit without the benefit of your explanation of the interrogatory questions where a misunderstanding may exist.

    I note that I will be out of town on Friday, and will be preparing tomorrow (Thursday) for Mr. Castiel's deposition.  I can be available, however, at 3 o'clock tomorrow at my office for you to review the documents we are producing, and I look forward to seeing you.

    Please let me know your preferences.

Sincerely yours,

Thomas A. Mauro

cc:    Robert B. Patterson