IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELLIPSO, INC.** )<br>)<br>   **Plaintiff and Counterclaim** )<br>   **Defendant** )<br>)<br>   v. )<br>)<br>**JOHN B. MANN, et al.** )<br>)<br>   **Defendants and Counterclaim** )<br>   **Plaintiffs** )  | Case No. 05cv01186 (RCL)<br><br>Judge: Royce C. Lamberth |

### PLAINTIFF'S REPLY TO EMERGENCY MOTION FOR PROTECTIVE ORDER AND TO COMPEL DISCOVERY

Plaintiff takes the following exceptions to various statements contained in the Opposition filed by Defendants John Mann and Mann Technology:

1.  The undersigned attempted to resolve this discovery dispute prior to seeking judicial intervention. An e-mail was sent to counsel for Defendant on September 12th seeking the opportunity to review responsive documents. A deficiency letter was sent to counsel for Defendant by e-mail on September 12, 2006, as well. The undersigned had not received any response to these correspondences when the instant motion was filed. Admitted, Defendants' September 13, 2006, fax was received in the office, but the undersigned was unaware of the letter until counsel for Defendant responded to another e-mail indicating that such a document had been sent. E-mail had been the common mode of communication with counsel for Defendant prior to this correspondence.

2.  At no time did Plaintiff consent to a delay in discovery. In fact, shortly following the 30-day period to respond to discovery, a letter was sent seeking discovery responses by

September 5th. Defendants somehow interpret this letter as giving consent to their having been untimely with their responses. Defendants were already late in providing discovery and the September 5th date was included only to allow Defendants the courtesy of an additional week to provide its answers before filing a Motion.

    3.    Defendants did not meet the September 5th date, as alleged, since under the Federal Rule 37(a)(3) Defendants evasive and incomplete responses are treated as a failure to respond.

    4.    Contrary to Defendants' representations, Defendants were served with discovery sufficiently prior to the scheduled deposition so as to allow ample time for Plaintiff to review these materials prior to the deposition, as is a common practice with many attorneys. Counsel for Defendants was specifically advised of Plaintiff's intent to review these materials as part of his preparation for the deposition several days before the instant motion was filed.

    5.    Plaintiff was hopeful that Defendants' discovery responses and documents would be sufficiently complaint with the Rules as to allow David Castiel a reasonable opportunity to prepare for the deposition and gain a better understanding of the claims asserted against his company – especially in light of the Defendants' vague allegations of "promises" by the Plaintiff and the expenditure of hundreds of thousands of dollars that is unsupported by any disclosed written or verbal agreement between the parties. The Defendants through their vague allegations and lack of discovery are seeking to sandbag the deponent at his deposition, which is not a result intended by the Federal Rules.

    6.    Finally, Defendants have not issued a subpoena to the deponent, a non-party. Had Defendants noticed the deposition under Rule 30(b)(6), Defendants would have had to disclose the subject matters into which inquiry would be sought, and Plaintiff would have had the

2

opportunity to file any necessary motion for protective order. Instead, in an apparent attempt to keep the Deponent in the dark about various aspects of its defenses and counterclaim, the deposition was noticed under Rule 30(a).

7.  Plaintiff specifically refers this Court to Defendant Mann Tech's Answer to Interrogatory #8 as evidence of their deliberate attempt to frustrate Plaintiff's right to discovery. Additionally, the undersigned refers this Court to Mr. Mauro's September 13th correspondence as evidence of his cankerous vitriol in this case.

8.  As indicated to Mr. Mauro as early as September 8th, there is no discovery deadline yet established in this case. This case is one of the undersigned's few cases in which an important deadline is not approaching. Defendants will suffer no prejudice should the deposition be rescheduled.

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**

_____//s//_____
Natalie Ludaway, #405149
Matthew H. Goodman, #445404
1400 K Street, NW
Suite 1000
Washington, DC  20005
(202) 434-9109 (voice)
*Counsel for Ellipso, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 15th day of September, 2006, the foregoing Reply was served electronically upon:

THOMAS MAURO, ESQ.
1020 19th Street, N.W., Suite 400
Washington, D.C. 20036
Counsel for Defendant John B. Mann and Mann Technologies

And via regular, first-class mail upon:

ROBERT B. PATTERSON, pro se
PO Box 2051
Middleburg, VA 20118

                                                                     _____//s//_____
                                                                     Matthew H. Goodman

                                                                     Counsel for Ellipso, Inc.