IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> JOHN B. MANN, ET AL., <br><br> Defendants and Counterclaim Plaintiffs. | Case No. 05cv001186  (RCL) |

### JOHN B. MANN'S AND MANN TECHNOLOGIES, L.L.C. MOTION TO COMPEL DISCOVERY RESPONSES TO THE SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AGAINST <u>PLAINTIFF ELLIPSO, INC</u>.

Counterclaim Plaintiffs John B. Mann and Mann Technologies, L.L.C. ("Defendants"), by and through their undersigned counsel and pursuant to F. R. Civ. P. 37, hereby submit this Motion to Compel Discovery against Plaintiff Ellipso, Inc. ("Plaintiff Ellipso") and respectfully request that this Honorable Court enter an order compelling Plaintiff Ellipso to provide full and complete responses to the Defendants' Second Request for Production of Documents to Plaintiff Ellipso within ten (10) days, as more fully set forth below.

**Preamble to this Motion**

This Motion is being filed to preserve the Defendants' rights, and to protect the Defendants' position. This is necessary in light of the letter by counsel for Plaintiff, dated September 21, 2006, **Exhibit F** discussed below, in order to prevent or avoid any implication that the Plaintiff was not served with the Defendants' Second Request for Production of Documents to Plaintiff Ellipso.

1

**Background of this Motion**

1. The Defendants served by hand the Defendants' Second Request for Production of Documents to Plaintiff Ellipso on August 16, 2006. A copy is attached as **Exhibit A** to this Motion. On the same day, Defendants served a Certificate of Discovery on Counsel for Plaintiff Ellipso, Inc. specifically referencing the Second Request. Copy attached as **Exhibit B** hereto.

2. Pursuant to the Federal Rules, Plaintiff's discovery responses were due by September 15, 2006.

3. Furthermore, by Defendants' e-mail of September 5, 2006, sent to counsel for Plaintiff Ellipso, an electronic copy was also provided to counsel for Plaintiff Ellipso of the Defendants' Second Request for Production of Documents to Plaintiff Ellipso. This is noted on the second page of that e-mail, showing the named attachments. Copy attached as **Exhibit C** hereto.

4. By letter of September 14, 2006, counsel for Plaintiff Ellipso raises issues unrelated to the Defendants' Second Request for Production of Documents to Plaintiff Ellipso, but in the last line of that letter Mr. Goodman states, "In the meantime, if you have propounded any discovery on Ellipso other than the first request for admission and first request for documents, please advise." Copy attached as **Exhibit D** hereto.

5. In prior correspondence not pertinent to this Motion, counsel for Defendants responded to the unrelated issues in the aforementioned letter of September 14, 2006. Since counsel for Defendants had by now twice provided to the counsel for Plaintiff the Defendants' Second Request for Production of Documents to Plaintiff Ellipso, it was not deemed necessary or appropriate to address the above-quoted comment.

6. By letter of September 20, 2006, counsel for Defendants informed counsel for Plaintiff Ellipso that the Responses were past due for the Defendants' Second Request for Production of Documents to Plaintiff Ellipso. Copy attached as **Exhibit E** hereto. In this letter, counsel for Defendants demanded production of the responsive documents by noon of Friday, September 22, 2006.

7. By letter of September 21, 2006, counsel for Plaintiff states that his file "did not reflect having received discovery from your client other than Defendants' First Request for Admissions and Request for Production of Documents" and that he is "unaware" of such discovery. Copy attached as **Exhibit F** hereto. However, these representations cannot be true because Plaintiff's Counsel has acknowledged receipt of the September 5 e-mail (**Exhibit C**) and the attachments. He attached the e-mail as Exhibit 2 to Ellipso's Emergency Motion for Protective Order, filed September 14, 2006. *See* **Exhibit 2** to said Emergency Motion (also **Exhibit C** hereto). As noted above, counsel for Defendants has **twice** provided to counsel for Plaintiff the Defendants' Second Request for Production of Documents to Plaintiff Ellipso. In this letter of September 21, 2006, counsel for Plaintiff Ellipso does not set a specific date by which he intends to comply with the discovery requests.

8. As of this date, September 22, 2006, as of 9:00 p.m. Plaintiff Ellipso has not submitted Ellipso's Responses to the Second Request for Production of Documents and has not stated when it will do so.

9. Plaintiff's responses to the Second Request for Production of Documents are now seven days past due.

**Request for Relief**

10. Federal Rule 37(a)(4) provides that if a Motion to Compel is granted or if the requested

discovery is provided after the Motion is filed, the Court shall, after affording an opportunity to be heard, require the party whose conduct necessitated the motion to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the Court finds that non-compliance was substantially justified or other circumstances make an award unjust.

11. Plaintiff's failure to cooperate in discovery regarding when such discovery could be expected and response to Defendants' letter of September 20, 2006 are without substantial justification.

12. The undersigned counsel required 3.75 hours at an hourly rate of $250 to prepare the instant Motion. This includes the time required to carefully study all of the above-noted correspondence and to assemble those documents with this Motion.

**WHEREFORE**, Defendants respectfully request that this Court enter an order compelling Plaintiff Ellipso to provide full and complete Responses to the Defendants' Second Request for Production of Documents to Plaintiff Ellipso within ten (10) days and award Defendants a reasonable attorney's fee for costs incurred in connection with the instant Motion.

          Respectfully submitted,

          _____
          Thomas A. Mauro
          Bar No. 184515
          1020 Nineteenth Street, N.W.
          Suite 400
          Washington, D.C. 20036
          202 452 9865
          Attorney for Defendants

## **CERTIFICATE OF GOOD FAITH**

I hereby certify that prior to the filing of the instant Motion to Compel, I attempted to secure the discovery Responses from Plaintiff Ellipso, Inc, as indicated in the attached **Exhibit E**.

          _____/s/_____

          Thomas A. Mauro

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that true and correct copy of the foregoing John B. Mann's and Mann Technologies, L.L.C. Motion to Compel Discovery Responses to the Second Request for Production of Documents Against Plaintiff Ellipso, Inc. and accompanying proposed Order was mailed, postage prepaid to:

Robert B. Patterson, *pro se*
1643 Hunting Creek Drive
Alexandria, Virginia 22314

          _____
          Thomas A. Mauro

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC.,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>        v.<br><br>JOHN B. MANN, ET AL.,<br><br>    Defendants and Counterclaim Plaintiffs. | Case No. 05cv001186   (RCL) |

**ORDER**

This matter is before the Court on the Motion of John B. Mann's and Mann Technologies, L.L.C. to Compel Discovery Responses to the Second Request for Production of Documents Against Plaintiff Ellipso, Inc.  The Court has considered the Motion, the Memoranda submitted in support of and in opposition to the Motion and the entire record in this case. ACCORDINGLY, it is this ___ day of _____ 2006,

ORDERED, that the Motion of John B. Mann's and Mann Technologies, L.L.C. to Compel Discovery Responses to the Second Request for Production of Documents Against Plaintiff Ellipso, Inc. is GRANTED; and it is further

ORDERED, that the Plaintiff Ellipso, Inc. shall provide full and complete Responses to Defendants' Second Request for Production of Documents within ten (10) days of this Order; and it is further

ORDERED, that Plaintiff Ellipso, Inc. shall pay to Defendants John B. Mann and Mann Technologies, L.L.C. the sum of $_____ as reasonable attorneys fees for costs incurred for the preparation of Defendant's Motion, the Court being of the opinion that Plaintiff's discovery failure was without substantial justification.

_____
Royce C. Lamberth
United States District Judge

Copies to:

Thomas A. Mauro, Esq.
1020 Nineteenth Street, N.W.
Suite 400
Washington, D.C. 20036

Matthew Goodman, Esq.
Natalie O. Ludaway, Esq.
1400 K Street, N.W.
Suite 1000
Washington, D.C. 20005

Robert B. Patterson, *pro se*
1643 Hunting Creek Drive
Alexandria, Virginia 22314