IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC., ) | |
| ) | |
|    Plaintiff and Counterclaim ) | |
|    Defendant, ) | |
| ) | Case No. 05cv001186 (RCL) |
| v. ) | |
| ) | Judge: Royce C. Lamberth |
| John B. Mann, et al., ) | |
| ) | |
|    Defendants and Counterclaim ) | |
|    Plaintiffs ) | |

JOHN B. MANN'S AND MANN TECHNOLOGIES, L.L.C.
SECOND REQUEST FOR PRODUCTION OF DOCUMENTS
TO PLAINTIFF ELLIPSO, INC.

COMES NOW the DEFENDANTS, by counsel, and pursuant to Rule 34 of the Civil Rules of the Superior Court of the District of Columbia propounds the following Requests for Production of Documents to the PLAINTIFF ELLIPSO, INC. Production of the documents are to be made at the offices of the attorney for the plaintiff, Thomas A. Mauro, at 1020 Nineteenth Street, N.W., Suite 400, Washington, D.C. 20036 by no later than September 15, 2006.

**Definitions and Instructions**

a. "You" and "Your" refers to the party (as defined herein) to whom these Requests are above directed. Information sought in these Requests from you shall include information within the knowledge or possession of your agents, attorneys, investigators (including investigators for your attorneys), and any other persons or firms directly or indirectly subject to your control in any way whatsoever. The word "party" shall include any partnership, corporation, joint venture or other entity formed by, controlled by or otherwise directed by the named party

b.      "Communication" shall mean any contact, oral or written, formal or informal, at any time or place and under any circumstances whatsoever, whereby information of any nature was recorded, transmitted or transferred.

c.      "Document" means any written, recorded or graphic matter however produced or reproduced and whether or not now in existence, including but not limited to correspondence, telegrams, notes or sound recordings of any type of personal or telephone conversations, or meetings or of conferences, minutes of directors or committee meetings or of memoranda, inter-office communications, studies, analysis, reports, results of investigations, reviews, contracts, agreements, working papers, statistical records, ledgers, books of account, vouchers, bank checks, invoices, receipts, computer data, stenographer's notebooks, desk calendars, appointment books, diaries or papers similar to any of the foregoing, however denominated. It includes all matter that relates or refers in whole or part to the subjects referred to in a specific Interrogatory. If a document has been prepared in several copies, or additional copies have been made, and the copies are not identical, each non-identical copy is a separate "document.

d.      "Identify" means:

  I.      wherever in these Requests you are asked to "identify" a document you shall specifically designate the type of document (i.e., letter, inter-office memorandum., report, etc.) and

  ii.     shall state: (1) information sufficient to enable this party to identify the document such as its date, the name of the signer or signers, the title or heading of the document, and its approximate number of pages; (2) the identity and address or addresses of the person or persons to whom copies were sent; (3) the present or last known location of the possessor of the original of the document (or if that is unavailable, the most legible copy.)

    iii.    wherever in these Requests you are asked to "identify a person. you, shall furnish information sufficient to enable this party to identify the person, including his name, his present whereabouts, (home address, employment address, telephone number), his present position, prior relevant positions he has held and similar identifying information;

    iv.    wherever in these Requests you are asked to "identify" a communication, indicate the date thereof, whether the communication was oral or written, identify the document if the communication was written (or if the oral communication is recorded in any manner in a document), identify the person or persons who sent, received or had knowledge of the communication, and state the information communicated.

    e.    If you cannot respond to any portion of any of the following Requests in full, after exercising due diligence to secure the information to do so, so state, and respond to the extent possible, specifying your inability to respond to the remainder, and stating whatever information or knowledge you have concerning the unanswered portion.

    f.    If you claim privilege as to any communication requested by these Requests or as to any answer requested by these Requests, specify the privilege claimed, the communication and/or answer as to which that claim is made, the topic discussed in the communication, and the basis on which you assert that claim.

    g.    If in answering these Requests you encounter any ambiguities construing either a question. instruction or definition, set forth the matter deemed ambiguous and the construction used in responding.

    h.    These Requests are continuing in character so as to require Supplemental responses if you obtain further or different information with respect to the same between the time your responses are served and the time of trial.

I.  "Mann" refers to John B. Mann; "Mann Tech" refers to Mann Technologies, L.L.C.

j.  "Castiel" refers to David Castiel; "Ellipso" refers to Ellipso, Inc.

k.  "Patterson" refers to Robert Patterson.

l.  "Plaintiff" refers to Ellipso, Inc.

## REQUESTS

51. The articles of incorporation and all corporate Minutes for Ellipso, Inc. for the period January 1, 2003 to the present.

52. All documents relating or referring to Sunburst Communications.

53. All documents which support the claim for damages asserted by Ellipso, Inc.

54. All documents reviewed and/or prepared by an expert witness you intend to call at the trial of this matter.

55. All charts, diagrams or other tangible items you intend to introduce at the trial of this matter.

56. All signed statements, transcripts or other recorded statement from any party or witness to this matter.

57. All documents which support or refute any defense pled by you in this matter.

58. All documents that relate to the development, implementation, and maintenance of 881 telephone service by Ellipso, Inc.

59. All documents contained in any stand-alone personal computer, network workstation, personal digital assistant, blackberry or cell phone containing any information relating to Plaintiff, the 881 telephone service or the Registry.

60. Any and all backup tapes or other storage media, whether on-line or offline, which may contain electronic data identified and requested herein, and refrain from overwriting or deleting

information contained thereon.

61. All electronic versions, whether original or draft, of all contracts by and between the parties to this action.

62. Electronic data including calendars, diaries, schedules and/or planners that relate or refer to John B. Mann, Robert Patterson, Mann Technologies, LLC, David Castiel, Juan Tomassoni, TRSC, the 881 telephone service, or the Registry.

63. All documents that relate to any allegation contained in Ellipso's Complaint or to David Castiel Declaration dated August 12, 2005.

64. Copies of any written contracts, agreements or memoranda between David Castiel and/or Ellipso and John Mann.

65. Copies of any amendments or modifications to any written contracts, agreement or memoranda between David Castiel and/or Ellipso and John Mann.

66. All electronic data generated by, received by, containing any information about or otherwise related in any way to Robert Patterson, Consulting Management Ltd., TRSC, John B. Mann, or Mann Technologies, LLC.

67. All documents that relate to any allegation contained in Plaintiff's Complaint.

68. All electronic versions of any document requested herein.

                                                _____
                                                Thomas A. Mauro, Esq.;  Bar No. 184515
                                                1020 Nineteenth Street, N.W.
                                                Suite 400
                                                Washington, D.C. 20036
                                                202 452 9865
                                                Attorney for Defendants

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that true and correct copy of the foregoing John B. Mann's and Mann Technologies, L.L.C.'s Second Request for Production of Documents to Plaintiff Ellipso, Inc. was hand delivered this 16th day of August, 2006 to:

Matthew Goodman, Esq.
Natalie O. Ludaway, Esq.
1400 K Street, N.W.
Suite 1000
Washington, DC 20005

                                                                              _____
                                                                              Thomas A. Mauro