IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. )<br>)<br>   Plaintiff and Counterclaim )<br>   Defendant )<br>)<br>v. )<br>)<br>JOHN B. MANN, et al. )<br>)<br>   Defendants and Counterclaim )<br>   Plaintiffs ) | Case No. 05cv01186 (RCL)<br><br>Judge: Royce C. Lamberth |

**PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN MANN AND MANN TECHNOLOGY'S MOTION TO COMPEL**

Plaintiff, Ellipso, Inc., by way of Opposition to the Motion to Compel filed by Defendants John Mann and Mann Technology ("Mann Defendants"), respectively states as follows:

1. Federal Rule of Civil Procedure 37(a)(2) requires Defendants to make a "good faith" effort to resolve any discovery dispute prior to resorting to the court. At the time their Motion was filed, Defendants were aware that Plaintiff had inquired as to whether there existed any outstanding discovery propounded upon it other than the First Request for Admissions and First Request for Production of Documents so that a timely response could be prepared. Instead of responding and providing a copy of the outstanding discovery, Defendants filed the instant Motion. Plaintiff avers that Defendants rush to the Court violates both the letter and spirit of Rule 37.

2. The Mann Defendants served Plaintiff with an exhaustive First Request for Production of Documents containing 50 separate requests along with a First Request for

Admissions on August 15, 2006. Plaintiff timely responded to this discovery on September 14, 2006.[1]

3. The undersigned acknowledges having received the September 5, 2006 e-mail from Defendants in which copies of the Mann Defendant's Request for Admissions and First and Second Request for Documents were presumably attached. In preparing this Opposition, the undersigned revisited this e-mail and was reminded that only Defendants' First Request for Production of Documents and First Request for Admissions could be opened in the electronic format they were received.[2] Ironically, the Mann Defendants' requested that the Plaintiff forward them an electronic version of Plaintiff's discovery in a September 5, 2006 e-mail. Plaintiff promptly responded by providing the requested electronic versions on September 8, 2006. (Exhibit 1).

4. By e-mail correspondence on September 14, 2006, the undersigned inquired into the existence of any other outstanding discovery propounded upon the Plaintiff. (Exhibit 2) Counsel for the Mann Defendants did not directly respond to Plaintiff's request but instead sent a reply e-mail which stated "if you will fax me a letter I will give you an answer to your question." (Exhibit 3) Plaintiff immediately prepared and faxed to Defendants the requested correspondence. (Exhibit 4) Counsel for the Mann Defendants either inadvertently failed to read the request located at the end of the correspondence or decided that it would be more advantageous to disregard the request to create the appearance of Plaintiff's non-compliance.

---

[1] Plaintiff notes that Defendants' discovery responses were served several weeks beyond the time required by these Rules, and were entirely non-responsive, evasive and patently improper when finally produced.

[2] For reasons unknown, Defendants' Second Request for Documents was sent in a different electronic format than the other attached discovery requests. As the undersigned was finalizing Plaintiff's discovery responses on September 14th he recalled the possibility of additional discovery having been served.

Either way, Defendants are undeserving of any relief from this Court caused by their own inadvertence or calculated effort to hinder Plaintiff's ability to timely respond to discovery.

5.  By correspondence dated September 21, 2006 (faxed to Defendants two hours prior to the filing of their Motion), Plaintiff once again requested copies of any outstanding discovery served upon the Plaintiff. (Exhibit 5). Defendants' response to this correspondence was to file the instant Motion.

6.  Having received a copy of Defendants' Second Request for Production of Documents as an attachment to their Motion, Plaintiff requests an extension of time of twenty (20) days to review the request and locate any additional responsive documents. Plaintiff notes that many of the requests contained in Defendants' Second Request for Documents are duplicative, having been previously requested in Defendants' First Request for Documents. For example, new Request #55 is identical to original Request #38. New Requests #59 and #67 seek the same documents requested in the original Requests #45 and #63. Several other "new" requests are simply reworded requests that fall under the ambit of one or more prior requests.[3]

7.  Plaintiff is unaware of any other discovery having been propounded by Defendants other than the First and, now, Second Request for Documents and First Request for Admissions. In the event that Defendants have served Plaintiff with any additional discovery requests, Plaintiff requests an additional twenty (20) days to respond upon receipt of any such document.

8.  Should the Court be of the opinion that Defendants' failed to make a good faith effort to resolve this "dispute" prior to filing their motion, as required by Rule 37, Plaintiff seeks

---

[3] While Rule 34 is silent with respect to the number of document requests a party is permitted to propound, Defendants 68 requests are excessive and unnecessarily burdensome given the needs of the case.

3

reimbursement of attorney fees of $997.50, representing 3.5 hours at $285/hour expended preparing this Opposition.

WHEREFORE, Plaintiff respectfully requests that this Court denies the Motion to Compel filed by the Mann Defendants and to allow additional time by which Plaintiff has to respond to any outstanding discovery.

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**

_____//s//_____
Natalie Ludaway, #405149
Matthew H. Goodman, #445404
1400 K Street, NW
Suite 1000
Washington, DC 20005
(202) 434-9109 (voice)
*Counsel for Ellipso, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on this 28th day of September, 2006, the foregoing Plaintiff's Opposition to Motion to Compel Discovery was served electronically upon:

THOMAS MAURO, ESQ.
1020 19th Street, N.W., Suite 400
Washington, D.C. 20036
Counsel for Defendant John B. Mann and Mann Technologies


And via regular, first-class mail upon:

ROBERT B. PATTERSON, pro se
PO Box 2051
Middleburg, VA 20118


                                                      _____//s//_____
                                                      Matthew H. Goodman

                                                      Counsel for Ellipso, Inc.

# EXHIBIT 1

# Matthew Goodman

| | |
|---|---|
| **From:** | Matthew Goodman |
| **Sent:** | Friday, September 08, 2006 1:48 PM |
| **To:** | 'Thomas A. Mauro' |
| **Cc:** | Natalie Ludaway |
| **Subject:** | RE: Ellipso v. Mann |

   

Interrogatories to Mann.doc (5...  Interrogatories to Mann Tech.d...  Request for Documents for John...  Request for Documents from Man...

Mr. Mauro

Per your request, please find attached electronic versions of Plaintiff's discovery to your clients which are now nearly three weeks past due.

Unfortunately, I cannot wait until the 14th for receipt of Defendants' discovery responses. I will need them by 4:00 p.m. on Monday, September 11th if the deposition is to proceed on the 18th, otherwise I can allow a few more days if the deposition is moved to a later date.

I have been trying to schedule the depositions of Mr. Mann, Mann Tech and Robert Patterson for the past couple of weeks. I would like to schedule them for October 5th or the afternoon of the 12th. Please let me know your availability and provide me with suitable dates if these are not good for you.

Matthew H. Goodman, Esq.
Leftwich & Ludaway, LLC
1400 K Street, N.W., Suite 1000
Washington, D.C. 20005
202-434-9100 (main)
202-434-9116 (direct)
202-783-3420 (facsimile)
email: mgoodman@leftwichlaw.com

-----Original Message-----
From: Thomas A. Mauro [mailto:tmauro@tmaurolaw.com]
Sent: Tuesday, September 05, 2006 7:47 PM
To: Matthew Goodman
Subject: Re: Discovery Letter

Dear Mr. Goodman,

I have just returned from vacation and have not been able to complete the discovery responses. I will need until September 14 to do so. Please let me have your consent.

While I was gone, your office requested an electronic version of our discovery requests and requests for admission. They are attached. The Second Request for Documents and Requests for Admission are in Word Perfect format. The first request for documents are in Word format. Let me know if you cannot read them. I would appreciate your sending me an electronic version of your interrogatories to Mann and Mann Tech.

Sincerely,

Thomas A. Mauro

Matthew Goodman wrote:

> Please see the attached correspondence. A hard copy will follow.
>

1

# EXHIBIT 2

```
From: Matthew Goodman
Sent: Thursday, September 14, 2006 10:42 AM
To: 'Thomas A. Mauro'
Subject: RE: Ellipso discovery responses

Am I correct that the discovery propounded to date on Ellipso consists of
Defendants First Request for Admissions and first Request for Documents?  If so,
you should have responses by the close of business.

Matthew H. Goodman, Esq.
Leftwich & Ludaway, LLC
1400 K Street, N.W., Suite 1000
Washington, D.C. 20005
202-434-9100 (main)
202-434-9116 (direct)
202-783-3420 (facsimile)
email:  mgoodman@leftwichlaw.com
```

# EXHIBIT 3

## Matthew Goodman

**From:** Thomas A. Mauro [tmauro@tmaurolaw.com]
**Sent:** Thursday, September 14, 2006 12:29 PM
**To:** Matthew Goodman
**Subject:** Re: Ellipso discovery responses

Dear Mr. Goodman,

Please see my letter which I faxed to you last evening. For the reasons I noted in my letter, if you will fax me a letter I will give you an answer to your question.

Thomas A. Mauro



Matthew Goodman wrote:

>Am I correct that the discovery propounded to date on Ellipso consists
>of Defendants First Request for Admissions and first Request for
>Documents?  If so, you should have responses by the close of business.
>
>Matthew H. Goodman, Esq.
>Leftwich & Ludaway, LLC
>1400 K Street, N.W., Suite 1000
>Washington, D.C. 20005
>202-434-9100 (main)
>202-434-9116 (direct)
>202-783-3420 (facsimile)
>email:   mgoodman@leftwichlaw.com
>
>
>
>

--
THIS IS A PRIVILEGED ATTORNEY CLIENT COMMUNICATION

Thomas A. Mauro
Mauro Law Offices, P.C.
1020 Nineteenth Street, N.W.
Suite 400
Washington, D.C. 20036
Telephone: 202 452 9865
Facsimile: 202 452 0092

The information contained in this e-mail message, including all attachments, is confidential and/or privileged communication and is transmitted solely for the purposes of the intended recipient(s) who is (are) named in the header that appears either at the beginning or at the conclusion (depending on your e-mail software) of all material in this message. If the reader of this message is not an intended recipient or recipients, or if this message has been inadvertently directed to your attention, you are hereby notified that you have received this message and any attachment(s) in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this message in error, please notify us immediately by return e-mail and delete and destroy all copies of the original message.

# EXHIBIT 4


# Leftwich&Ludaway LLC
*Willie L. Leftwich Retired*

September 14, 2006

<u>*Via Fascimile and First-Class Mail*</u>

Thomas Mauro, Esq.
1020 19th Street, N.W.
Suite 400
Washington, D.C. 20036

**RE:** *Ellipso, Inc. v. Mann Tech, LLC, et. al.*

Dear Mr. Mauro:

Once again, I am impressed by your ability to take incivility to new levels. Your September 13, 2006 letter would be worthy of publication in such a journal. I will not, however, join you in your compulsion but simply note that your lack of professional courtesy is unnecessary and strongly discouraged by the Bar.

Let me also point out, again, that you and your clients took an additional three weeks to prepare discovery responses. Given the lack of responsiveness, it does not appear that any of this additional time was expended on actually preparing the responses. As for your accusations of "name calling", please direct me to the statement upon which you are relying – I've read the letter and none exist. Equally incorrect is your statement that I agreed to an extension of time to respond to Plaintiff's discovery. Not only did I not agree to an extension of time, but demanded your clients' discovery responses earlier than your artificially created deadline.

I am confident that the court will agree with my objections over the adequacy of your clients' discovery responses. Time will tell. Given the tone and demeanor of you letter, I do not believe a meeting would be counter-productive and a waste of my client's resources. In the meantime, if you have propounded any discovery on Ellipso other than the first request for admissions and first request for documents, please advise.

Sincerely,

Matthew H. Goodman

cc: David Castiel



**1400 K Street NW, Suite 1000**
**Washington, DC 20005-2403**
**(202) 434-9100**
**FACSIMILE: (202) 783-3420**

## FACSIMILE TRANSMITTAL COVER SHEET

**DATE: September 14, 2006**

**TO: Thomas Mauro, Esq.**

**FACSIMILE NO: 202-452-0092**

**FROM: Matthew Goodman, Esquire**     **CLIENT MATTER NO.: 2801.003**

**NUMBER OF PAGES (including cover sheet): 2**

**ORIGINAL WILL:**   ☒ Follow via mail         ☐ Follow via messenger

☐ Follow via overnight service   ☐ Not be sent

**COMMENTS: Please see following pages.**

**CONFIDENTIALITY NOTICE**

THIS FACSIMILE TRANSMISSION (AND/OR THE DOCUMENTS ACCOMPANYING IT) MAY CONTAIN CONFIDENTIAL INFORMATION BELONGING TO THE SENDER WHICH IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED BELOW. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS INFORMATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE TO ARRANGE FOR THE RETURN OF THE DOCUMENT. THANK YOU.

```
           TRANSMISSION VERIFICATION REPORT

                                        TIME  : 09/14/2006 17:17
                                        NAME  :
                                        FAX   :
                                        TEL   :
                                        SER.# : BROJ4J119467


 DATE,TIME             09/14  17:17
 FAX NO./NAME          2024520092
 DURATION              00:00:35
 PAGE(S)               02
 RESULT                OK
 MODE                  STANDARD
                       ECM
```



## Leftwich & Ludaway LLC

1400 K Street NW, Suite 1000
Washington, DC  20005-2403
(202) 434-9100
FACSIMILE:  (202) 783-3420

### FACSIMILE TRANSMITTAL COVER SHEET

**DATE: September 14, 2006**

**TO: Thomas Mauro, Esq.**

**FACSIMILE NO: 202-452-0092**

**FROM:  Matthew Goodman, Esquire**      **CLIENT MATTER NO.: 2801.003**

**NUMBER OF PAGES (including cover sheet): 2**

**ORIGINAL WILL:**   ☒ Follow via mail                ☐ Follow via messenger

                     ☐ Follow via overnight service   ☐ Not be sent

**COMMENTS: Please see following pages.**

# EXHIBIT 5



## Leftwich & Ludaway LLC

*Willie L. Leftwich Retired*

September 21, 2006

<u>**Via Fax and First-Class Mail**</u>

Thomas Mauro, Esq.
1020 19th Street, N.W.
Suite 400
Washington, D.C. 20036

    RE:   *Ellipso, Inc. v. Mann Tech, LLC, et. al.*

Dear Mr. Mauro:

    In my e-mail of September 14th and corresponding letter faxed to you that same day, I indicated that my file did not reflect having received discovery from your client other than Defendants' First Request for Admissions and Request for Production of Documents.

    Since I had not heard from you on this issue, I had assumed that no such discovery was outstanding. According to your September 20, 2006 letter, you apparently served some additional discovery. Obviously, I cannot respond to discovery I am unaware of. If you would forward me copies of this discovery, I will promptly respond.

    As for Ellipso's document production, I am currently in possession of 171 documents. Additional documents should be received in the next day or two.

    Please advise on the number of documents produced by the Mann Defendants and whether copies of these documents are available for pick up or it we can agree to an exchange of these documents by courier or mail.

Sincerely,

Matthew H. Goodman

```
TRANSMISSION VERIFICATION REPORT

                                    TIME  : 09/21/2006 15:40
                                    NAME  :
                                    FAX   :
                                    TEL   :
                                    SER.# : BROJ4J119467

DATE,TIME            09/21  15:40
FAX NO./NAME         2024520092
DURATION             00:00:32
PAGE(S)              02
RESULT               OK
MODE                 STANDARD
                     ECM
```



**Leftwich&Ludaway** LLC

1400 K Street NW, Suite 1000
Washington, DC 20005-2403
(202) 434-9100
FACSIMILE: (202) 783-3420

### FACSIMILE TRANSMITTAL COVER SHEET

DATE: September 21, 2006

TO: Thomas Mauro, Esq.

FACSIMILE NO: 202-452-0092

FROM: Matthew Goodman, Esquire          CLIENT MATTER NO.: 2801.003

NUMBER OF PAGES (including cover sheet): 2

ORIGINAL WILL:   ☒ Follow via mail                ☐ Follow via messenger

                 ☐ Follow via overnight service   ☐ Not be sent

COMMENTS: Please see following page.



**Leftwich & Ludaway** LLC

1400 K Street NW, Suite 1000
Washington, DC 20005-2403
(202) 434-9100
FACSIMILE: (202) 783-3420

## FACSIMILE TRANSMITTAL COVER SHEET

DATE: September 21, 2006

TO: Thomas Mauro, Esq.

FACSIMILE NO: 202-452-0092

FROM: Matthew Goodman, Esquire         CLIENT MATTER NO.: 2801.003

NUMBER OF PAGES (including cover sheet): 2

ORIGINAL WILL:   ☒ Follow via mail                ☐ Follow via messenger

                 ☐ Follow via overnight service   ☐ Not be sent

COMMENTS: Please see following page.

**CONFIDENTIALITY NOTICE**

THIS FACSIMILE TRANSMISSION (AND/OR THE DOCUMENTS ACCOMPANYING IT) MAY CONTAIN CONFIDENTIAL INFORMATION BELONGING TO THE SENDER WHICH IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED BELOW. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS INFORMATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE TO ARRANGE FOR THE RETURN OF THE DOCUMENT. THANK YOU.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. ) | |
| ) | |
| **Plaintiff and Counterclaim** ) | |
| **Defendant** ) | |
| ) | |
| v. ) | Case No. 05cv01186 (RCL) |
| ) | |
| JOHN B. MANN, et al. ) | Judge: Royce C. Lamberth |
| ) | |
| **Defendants and Counterclaim** ) | |
| **Plaintiffs** ) | |

## ORDER

UPON CONSIDERATION of Defendants John Mann and Mann Technology Motion to Compel and the Opposition filed thereto, it is by the Court this _____ day of _____;

ORDERED, that Defendants' Motion be and the same is hereby denied; and it is further

ORDERED, that Plaintiff shall respond to Defendants' Second Request for Production of Documents within 20 days of the date of this Order, and Defendants shall provide to Plaintiff copies of any other discovery requests within five (5) days of the date of this Order. Plaintiff shall then have an additional twenty (20) days to respond; and it is further

ORDERED, that Defendants John Mann and Mann Technology shall pay to Plaintiff the sum of $997.50, as a reasonable attorney fee, this Court being of the opinion that Defendants did not make a good faith effort to resolve their discovery dispute with Plaintiff prior to filing their Motion.

_____
JUDGE LAMBERTH

6