IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC.,<br><br>　　Plaintiff and Counterclaim<br>　　Defendant,<br><br>　　v.<br><br>JOHN B. MANN, ET AL.,<br><br>　　Defendants and Counterclaim<br>　　Plaintiffs. | Case No. 05cv001186   (RCL) |

## REPLY OF JOHN B. MANN AND MANN TECHNOLOGIES, L.L.C. TO PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL DISCOVERY RESPONSES TO THE SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF ELLIPSO, INC.

Defendants and Counterclaim Plaintiffs, John B. Mann and Mann Technologies, L.L.C. ("Defendants"), by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 37, hereby file this Reply to Plaintiff's Opposition to Defendant John Mann and Mann Technology's (sic) Motion to Compel (Docket No. 80) ("Plaintiff's Opposition"). Defendants respectfully submit that it is wholly appropriate to request this Honorable Court to enter an order compelling Plaintiff Ellipso to provide full and complete responses to the Defendants' Second Request for Production of Documents to Plaintiff Ellipso within ten (10) days, for the reasons originally set forth in the Motion and in light of this Reply.[1]

---

[1] In Footnote No. 3 of the Opposition, Plaintiff suggests that it be protected from answering all of the requests because sixty-eight (68) requests are excessive in number. Plaintiff, however, has sought neither a protective order nor explained how Plaintiff's seventy-four (74) total requests to Defendants, "given the needs of this case", are not similarly excessive.

1

**Preface**

Prior to the Plaintiff's September 28, 2006, Opposition, Plaintiff's Counsel declined to admit that he had been served with the Defendants' Second Request for Documents **at any time**. Plaintiff now concedes in Footnote No. 2 in its Opposition that on September 14, 2006, its attorney "recalled the possibility of additional discovery [i.e, the Second Requests] having been served." Yet, in his September 21, 2006, letter on the subject (**Exhibit 5** to Plaintiff's Opposition (Document No. 80), which letter prompted the instant Motion), he flatly asserts – untruthfully as the Motion has forced him to concede – that he was "unaware of " the discovery, that "my file did not reflect having received discovery from your client [after August 15, 2006]", and that he cannot respond to the Second Request. He thereby questioned the integrity of Defendants' Counsel's process by which he serves papers in this case and the integrity of Defendants' counsel himself.[2] Moreover, this September 21 letter persists in the contention (that he did not receive service of the Second Requests) that his own files show is false. Thus, quite aside from the continuing *ad hominem* nature of Plaintiff's arguments and contentions, this Motion to Compel became necessary. The necessity for the Motion is even further demonstrated by the fact that **only the Motion produced the Plaintiff's admission to the truth of the situation**, that Plaintiff's counsel was indeed served with the Defendants' Second Request for Production of Documents.

Had this only been a question of whether Plaintiff needed more time to respond to the Second Requests, the undersigned Counsel would have gladly agreed (having himself made the

---

[2] On August 16, 2006, Defendants Counsel caused to be served by hand on Counsel for the Plaintiff Defendants' Certificate of Discovery and Defendants' Second Request for Production of Documents. *See* pages 4 - 5, below, and the Declaration of Vincent Close accompanying this Reply.

2

same requests to Plaintiff's Counsel on August 16 and September 5).[3] Similarly, had Plaintiff's Counsel asked for additional copies, the same would have been provided in whatever manner Plaintiff requested, whether by e-mail or paper copy; indeed, this was already done once on September 5, 2006 (**Exhibit C** of the instant Motion).[4]

The undersigned Counsel notes he would have readily agreed to any reasonable extension of time had Plaintiff's Counsel so requested at any time prior to his use of a tactic involving false assertions and which tries to shift responsibility for the additional time to the party serving the discovery requests. The necessity for this Motion is thus highlighted once more by Plaintiff's Opposition wherein Plaintiff continues to use this tactic in Paragraph 7 of its Opposition, by asking a rhetorical question which has no basis in the record and the answer to which lies in Plaintiff Counsel's own file. Plaintiff should not be allowed to engage in such continuing contrivance and device.

**Response to Plaintiff's Arguments**

The numbered paragraphs below address the newly raised issues in the Plaintiff's Opposition.

---

[3] Defendants' Counsel expected, but has not received, the same courtesy from Plaintiff's Counsel following his August 16, 2006, letter and September 5 e-mail to Plaintiff's Counsel. *See* Footnote 1 to Plaintiff's Opposition (Document No. 80) at page 2.

[4] Yet, Plaintiff even now refuses to concede that the **September 5 e-mail referred expressly to the Second Requests**, attached an electronic version thereof to the e-mail to facilitate his answers, and invited Plaintiff's counsel to "let me [Defendants' Counsel] know if you cannot read [the attachments]." The Opposition states only that Plaintiff sent electronic versions of its own discovery requests "promptly", three days later, on September 8. **Only the instant Motion produced the dubious and belated contention that the September 5 e-mail attachment which was the Second Request could not be read**. There is no explanation, however, of why the undersigned Counsel was not informed until September 28 that the September 5 attachment allegedly could not be read.

3

1.      Defendants John B. Mann and Mann Technologies, LLC did indeed make a good faith effort to resolve the discovery dispute. This is reflected in the letter of September 20, 2006 (**Exhibit E** of the originally-filed Motion to Compel). Plaintiff's reply letter of September 21, 2006 (**Exhibit F** of the originally-filed Motion to Compel) did **not** agree to the proposed deadline for production **nor did it propose a new deadline nor request an extension of time** for response. Instead, the Plaintiff's letter of September 21, 2006 wrongfully and falsely alleged that Plaintiff had not received the Defendants' Second Request for Production. **Plaintiff now admits having received the Defendants' Second Request for Production of Documents** (which admission the instant Motion necessitated).

2.      Defendants' Counsel served the Second Set of Requests **by hand** on Plaintiff's Counsel on August 16, 2006. Thus, he prepared a package for Plaintiff's Counsel which included a cover letter expressly referencing the Second Requests dated August 16, 2006, a Certificate of Discovery dated August 16, 2006, and the Second Requests themselves which includes its own Certificate of Service noting that the Requests were hand-delivered to Plaintiff's Counsel, Mr. Goodman, on August 16. A copy of the August 16, 2006, letter is attached to this Reply as **Exhibit 1. Plaintiff's Counsel in his September 28 Opposition has not denied receiving this letter**, even though it has been a part of this record since September 14, 2006 (as **Exhibit 5** to Defendants' Opposition to Plaintiff's Motion to Compel (Document No. 75)). The Certificate of Discovery served by hand on Plaintiff's Counsel refers expressly to the Second Requests and is attached to the originally-filed instant Motion to Compel as **Exhibit B**. Again, Plaintiff's Counsel has not denied receiving this Certificate in Plaintiff's Opposition.

To verify the original service of the August 16, 2006, letter, the August 16 Certificate of Discovery, and the Second Request for Production, attached hereto is the **Declaration of Vincent**

**M. Close**, who hand-delivered the package to the Plaintiff Counsel's Offices on the morning of August 16, 2006. The Declaration speaks for itself.

3.  Regarding the Footnote 1 on page 2 of the Plaintiff's Opposition, the undersigned Counsel is compelled to note that the gratuitous and false statements in that Footnote are incorrect in their entirety. Since those comments are not germane to the instant Motion, however, they are dealt with only briefly herein. The Defendants' Mann and Mann Technologies timely served the responses by an agreed-to time (September 11, 2006), pursuant to an extension of time requested by the undersigned Counsel and agreed to by Plaintiff's Counsel. The discovery responses were and are believed to be full and complete, and in fact far exceed Plaintiff's own document production by a factor of about four to one. However, by letter of September 12 Plaintiff challenged those responses. Defendants' September 13, 2006, responsive letter, which Plaintiff's Opposition now concedes their Counsel received by facsimile on September 13, offered to discuss the interrogatory answers and allow Plaintiff's Counsel to inspect Defendants' documents on September 14 (**Exhibit 9** to Defendants's Opposition to the Motion for Protective Order (Document 75)). When Defendant deemed this responsive letter "cankerous vitriol" (Plaintiff's September 15 Reply at Page 3, (Document 76)), its counsel wrote on September 14 that it would be a "waste of my client's resources" to meet and discuss the Defendants' interrogatory answers, Opposition to the instant Motion to Compel, **Exhibit 4** (Document No. 80), and falsely alleged in this Court the next day in its September 14 Motion to Compel (Document No. 75) that Defendants "failed to produce a single document responsive to Plaintiff's requests" ... "and Defendants have still [as of September 14]

denied Plaintiff access to these documents." Motion at ¶6, page 3. Defendant's September 13, 2006, letter shows these contentions to be simple falsities.[5]

**Conclusion**

In light of the above, Defendants respectfully submit that the instant Motion was necessitated by the Plaintiff's baseless and false allegations and its continuing stratagem of ignoring and misstating the record to suit a particular purpose; that absent the instant Motion to Compel, Plaintiff's admissions that its Counsel actually received the discovery requests would not have been made; and that an Order granting the instant Motion to Compel is altogether appropriate under the circumstances and under Rule 37.

Respectfully submitted,

_____
Thomas A. Mauro, Esq.; Bar No. 184515
1020 Nineteenth Street, N.W.
Suite 400
Washington, D.C. 20036
202 452 9865
Attorney for Defendants

---

[5] It would also seem plain that by Plaintiff's own measure, as stated in the instant Plaintiff's Opposition, its refusal to discuss Defendants' September 11 interrogatory answers in response to Defendants' September 13 invitation to do so or to acknowledge that the documents Defendants produced were actually available for its inspection on September 14, its September 14 Motion to Compel (Document No. 75) was, at best, premature and filed for purposes other than resolving a discovery dispute.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN B. MANN et al., <br> Defendants. | Case No. 05cv001186  (RCL) |

### DECLARATION OF VINCENT M. CLOSE

VINCENT M. CLOSE, under penalty of perjury, hereby states as follows:

1. I am over eighteen years of age and otherwise competent to testify on all matters contained herein.

2. At all times relevant to these proceedings I have been a legal assistant to Mauro Law Offices, P.C., 1020 Nineteenth Street, N.W., Suite 400, Washington, D.C. 20036.

3. I am aware that our Law Firm is counsel to John B. Mann and Mann Technologies, L.L.C., in the above-referenced action.

4. On August 16, 2006, I arrived at our Offices at 9:00 a.m. to find a manila folder-sized, sealed envelop addressed to Matthew H. Goodman, Esq., Leftwich & Ludaway LLC, 1400 K Street, N.W., Suite 1000, Washington, D.C. 2005, with a "BY HAND" notion on the address label. On the previous evening, Mr. Mauro, my employer, advised me that the package would be on my desk in the morning, to be delivered to Mr. Goodman's offices when I arrived in the morning.

5. Following Mr. Mauro's instructions, I walked the package over to Mr. Goodman's Office at 1400 K Street, N.W., Suite 1000, between 9:30 a.m. and 10:00 a.m. When I arrived at

1

1400 K Street, I proceeded through security and took the elevator to the tenth floor.

6. I proceeded through the front door of the Law Offices to a rather small reception area which consisted of a desk, two chairs and a table. In the back of the desk is something that looks like a partition made of wood and what looks like glass and on which is marked "Leftwich & Ludaway." A computer was placed on the right side of the receptionist's desk that morning. Adjacent to the left and right of the reception area are two entrance ways leading to what appeared to be offices and conference rooms. I did not see any other personnel.

7. I then handed the package to the receptionist who was not an attorney and who was sitting at the front desk, stating "This is for Mr. Goodman.". I did not ask for the name of the receptionist. The receptionist said "ok", took the package from me and told me it would be delivered to Mr. Goodman. I did not take a signature for delivery and the receptionist did not ask me to sign any type of a log indicating delivery of the package.

8. I returned to the Office immediately. Later that morning Mr. Mauro called me from the airport and asked about the package. I told him I delivered it as instructed.

I declare, pursuant to 28 U.S.C. Sec. 1746 and under the penalty of perjury, that the foregoing is true and correct to the best of my personal knowledge and belief.

Date: October 3, 2006

_____
Vincent M. Close

# EXHIBIT 1

**MAURO LAW OFFICES, P.C.**
ATTORNEYS AT LAW
1020 NINETEENTH STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036

THOMAS A. MAURO
ADMITTED IN THE DISTRICT OF COLUMBIA AND MARYLAND

VOICE: 202 452 9865
FACSIMILE: 202 452 0092
email: tmauro@tmaurolaw.com

August 16, 2006

**BY HAND**

Matthew H. Goodman, Esq.
Leftwich & Ludaway LLC
1400 K Street, N.W.
Suite 1000
Washington, D.C. 20005

        Re:    Ellipso, Inc. v. Mann Technologies, LLC
              Civil Action No. 05ca1186

Dear Matthew:

    We are attaching our Certificate of Discovery and the Mann Defendant's Second Request for Production of Documents.

    Vacation plans have prevented me from clearing a date with John Mann for his deposition. I will be out of the office and on vacation myself beginning August 16 and will not be returning to the Office until September 5. I will arrange for dates with John Mann upon my return. In addition, I will need some extra time to get responses and answers to you on your discovery requests because I will not be here when the answers are due. I am assuming you have no objection to this request.

    While I am on vacation, it will be difficult for me to retrieve my e-mails. If you wish to get a message to me, please call Vincent at my office during normal business hours. I appreciate your accommodating my schedule in this.

                                                          Sincerely yours,

                                                           Thomas A. Mauro

cc:    Robert B. Patterson

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that true and correct copy of the foregoing Reply of John B. Mann's and Mann Technologies, L.L.C. to the Plaintiff's Opposition to the Motion to Compel Discovery Responses to the Second Request for Production of Documents Against Plaintiff Ellipso, Inc. and accompanying Declaration and Exhibit were mailed, postage prepaid to:

Robert B. Patterson, *pro se*
1643 Hunting Creek Drive
Alexandria, Virginia 22314

*October 4, 2006*

                                              Thomas A. Mauro