**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ELLIPSO, INC.** ) <br> ) <br>     **Plaintiff and Counterclaim** ) <br>     **Defendant** ) <br> ) <br>     v. ) <br> ) <br> **JOHN B. MANN, et al.** ) <br> ) <br>     **Defendants and Counterclaim** ) <br>     **Plaintiffs** ) | Case No. 05cv01186 (RCL) <br><br> Judge: Royce C. Lamberth |

**PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

Plaintiff, Ellipso, Inc., pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, respectfully requests that this Court amend that portion of its November 2, 2006 Memorandum Opinion and Order denying Plaintiff's Motion to Dismiss Count II (Fraud Inducement) of Mann Technologies' Amended Counterclaim, for the reasons more fully set forth in the attached Memorandum of Points and Authorities.

                                                                          Respectfully submitted,

                                                                          **LEFTWICH & LUDAWAY, LLC**

                                                                          _____//s//_____
                                                                          Natalie Ludaway, #405149
                                                                          Matthew H. Goodman, #445404
                                                                          1400 K Street, NW
                                                                          Suite 1000
                                                                          Washington, DC  20005
                                                                          (202) 434-9116 (voice)
                                                                          *Counsel for Ellipso, Inc.*

## CERTIFICATE OF GOOD FAITH

I hereby certify that pursuant to Local Rule 7(m), prior to the filing of the instant Motion to Alter or Amend Judgment, I communicated with opposing counsel by phone to ascertain his position with respect to the relief requested in this Motion. Counsel for the Mann Defendants opposes this Motion.

_____//s//_____
Matthew Goodman

## CERTIFICATE OF SERVICE

I certify that on this 16th day of November, 2006, the foregoing Plaintiff's Motion to Alter or Amend Judgment and Memorandum in Support was served electronically upon:

THOMAS MAURO, ESQ.
1020 19th Street, N.W., Suite 400
Washington, D.C. 20036
*Counsel for Defendant John B. Mann and Mann Technologies*

And via regular, first-class mail upon:

ROBERT B. PATTERSON, pro se
PO Box 2051
Middleburg, VA 20118

_____//s//_____
Matthew H. Goodman
*Counsel for Ellipso, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ELLIPSO, INC.** | ) | |
| | ) | |
| **Plaintiff and Counterclaim Defendant** | ) ) | |
| | ) | |
| v. | ) | Case No. 05cv01186 (RCL) |
| | ) | |
| **JOHN B. MANN, et al.** | ) | Judge: Royce C. Lamberth |
| | ) | |
| **Defendants and Counterclaim Plaintiffs** | ) ) | |

## **ORDER**

UPON CONSIDERATION of Plaintiff's Motion to Alter or Amend Judgment, any Opposition filed thereto, it is by the Court this _____ day of _____, 2006;

ORDERED, that Plaintiff's Motion be and the same is hereby granted; and it is further

ORDERED, that Count Two of the Amended Counterclaim filed by Defendant Mann Technologies, LLC, is hereby dismissed with prejudice.

_____
JUDGE LAMBERTH

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELLIPSO, INC.** ) | |
| ) | |
|     **Plaintiff and Counterclaim** ) | |
|     **Defendant** ) | |
| ) | |
|     v. ) | Case No. 05cv01186 (RCL) |
| ) | |
| **JOHN B. MANN, et al.** ) | Judge: Royce C. Lamberth |
| ) | |
|     **Defendants and Counterclaim** ) | |
|     **Plaintiffs** ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

**I.   BACKGROUND**

Ellipso, Inc. ("Ellipso") is a satellite communications company that markets telecommunication products to third parties for their use in routing telephone calls. On January 30, 2004, Mann Technologies, LLC ("Mann Tech") entered into a Collateralized Loan Agreement ("Loan Agreement") with Ellipso, Inc. ("Ellipso") whereby Mann Tech agreed to loan Ellipso $90,000. In return, Ellipso pledged 492,611 shares of ICOHA stock held by the company.

On August 2, 2004, Ellipso and Mann Tech executed an Amendment to Collateralized Loan Agreement ("August 2, 2004 Amendment"). Exhibit 1.[1]  The purpose of the August 2, 2004 Amendment was to "free up and provide further marginal capital that Ellipso said it needed

---

[1] This Amendment was attached as Exhibit 4 to Plaintiff's Complaint and incorporated into Mann Tech's Amended Counterclaim. Attachment of the August 2, 2004 Amendment is not intended to convert Ellipso's Motion to Dismiss into one for summary judgment. The courts may look to documents referred to but not attached to the complaint so long as the authenticity is not challenged. See Pryor v. National Colegiate Athletic Ass'n, 288 F.3rd 548 (3rd Cir. 2002)(court may consider extrinsic evidence if its contents are alleged in the complaint and no one questions authenticity); Duferco Steel v. M/V Kalisti, 121 F.3d 321 (7th Cir. 1997)(documents referred to, but not attached to, a complaint may be considered in ruling on a motion to dismiss).

to start the [881 Vanity] service." Amended Counterclaim ¶27. According to Mann Tech, when the August 2, 2004 Amendment was executed Ellipso had already failed to make its first two quarterly interest payments required by the Loan Agreement. (Amended Counterclaim ¶32; *see also*, Exhibit 1). Notwithstanding Ellipso's nonpayment status, Mann Tech agreed to advance Ellipso another $10,000. Amended Counterclaim ¶29.

Ellipso subsequently learned that the Loan Agreement and all subsequent amendments had been procured by Defendants' fraud. On June 14, 2005, Ellipso filed a several count lawsuit against the Defendants. On or about April 4, 2006, Defendants' John Mann ("Mann") and Mann Tech, collectively "Mann Defendants," filed a several count Counterclaim against Ellipso. On April 25, 2006, Ellipso moved to dismiss the Counterclaim in its entirety. Thereafter, the Mann Defendants filed an Amended Counterclaim containing nebulous allegations of representations by Ellipso concerning the 881 Vanity Service, the registry business, reliance by Mann, Mann Tech and/or The Registry Solutions Company ("TRSC"), and ill-defined payments purportedly made to Ellipso by these various individuals and entities.[2]

By Memorandum Opinion and Order dated November 2, 2006, the Court granted Plaintiff's Motion to Dismiss with respect to Counts III, IV, V and VI, but denied the motion with respect to Count I (Breach of Contract) and Count II (Fraudulent Inducement). With respect to Count II, the Court found that Mann Tech had pled a claim of fraudulent inducement by "the thinnest of margins." Memorandum Opinion p. 9. The Court's decision was based upon the following representations alleged in the Amended Counterclaim: 1) that during the 2003

---

[2] For instance, throughout the Amended Counterclaim the terms "Mann" and "Mann Tech" are used interchangeably, making it difficult to ascertain which entity is making the allegation or asserting its reliance. Additionally, the Amended Counterclaim largely fails to specifically identify which of the alleged misrepresentations pertain to Mann, Mann Tech or TRSC, so as to provide Ellipso the opportunity to address the allegations in its Reply to the Opposition to Motion to Dismiss. Given that Mann is barred by this Court's prior orders from seeking redress in this litigation for any and all claims relating to his other company, TRSC, the Amended Counterclaim's lack of clarity is understandable.

holiday season Mann met with Castiel who "represented that the 881 codes had already been 'loaded' in 23 separate countries," 2) that "arrangements for service with local telephone companies were simply a matter of being 'switched on,'" 3) that "the 881 Vanity Service 'could be implemented immediately,'" and 4) that Ellipso allegedly failed to disclose its involvement in multiple lawsuits at the time the Loan Agreement was executed. Memorandum Opinion p. 9. The Court further found that Mann Tech alleged its reliance on these representations when it entered the Loan Agreement. Memorandum p. 9.

However, Count II of the Amended Counterclaim does not allege that Mann Tech was fraudulently induced into executing the Loan Agreement. Instead, Mann Tech alleges that it was fraudulently induced to enter into the August 2, 2004 Amendment. By this date, Mann Tech had full knowledge of Ellipso's precarious financial situation and the delay in introduction of 881 Vanity Service such that any alleged misrepresentations were no longer material or reasonably relied upon by Mann Tech. Since the allegations contained in the Amended Counterclaim, as deconstructed by the Court in its Memorandum Opinion, do not support a claim of fraudulent inducement of the August 2, 2004 Amendment, Count II must be dismissed.

**II.   ARGUMENT**

It is axiomatic that a party pleading fraud must do so with particularity. Fed. R. Civ. P. 9(b). In addition to stating the time, place and content of the false misrepresentation, the pleader must also plead what was retained or given up as a consequence of the fraud. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271 (D.C. Cir. 1994)(*quoting United States ex. Rel. Joseph v. Cannon*, 642 F.2d 1373, 1385 (D.C. Cir. 1981)). Ellipso acknowledges that Mann Tech's Amended Counterclaim alleges the time, place and content of alleged misrepresentations, but

maintains that Mann Tech has not alleged that these representations were of a material fact for which it reasonably relied upon when executing the August 2, 2004 Amendment.

        1.        <u>Mann Tech has not alleged a misrepresentation of material fact as to the August 2, 2004 Amendment to the Loan Agreement.</u>

"A misrepresentation is material if it would be likely to induce a reasonable person to manifest his assent, or if the maker knows that it would be likely to induce the recipient to do so." <u>RESTATEMENT (SECOND) OF CONTRACTS § 162(2)</u>. The misrepresentations cited by the Court in its Memorandum Order were hardly material to Mann Tech's claim that Ellipso fraudulently induced it to execute the August 2, 2004 Amendment. For example, the alleged misrepresentation in ¶15 of the Amended Counterclaim that "Castiel represented to Mann that the 881 codes had already been 'loaded' in 23 separate countries," plainly relate to the registry business and not the Loan Agreement or the August 2, 2004 Amendment. This entire paragraph addresses Castiel and Mann's negotiations over the registry business and Mann's formation of The Registry Solutions Company ("TRSC"), and is otherwise silent as to the Loan Agreement or the August 2, 2004 Amendment.[3] Likewise, the alleged misrepresentation by Ellipso that "arrangements for service with local telephone companies were simply a matter of being 'switched on,'" and that "the 881 Vanity Service 'could be implemented immediately,'" were not material misrepresentations by the time Mann Tech executed the August 2, 2004 Amendment.

Of all the indistinguishable allegations of misrepresentations by Ellipso, the registry business, the TRSC Agreement, and the Mann Defendants' purported expenditures of time and money, the **only** alleged misrepresentations relating to the Loan Agreement are contained in paragraphs 21-33 of the Amended Counterclaim. In these paragraphs (under the heading "Mann

---

[3] At best, Mann Tech has alleged a claim of fraud arising from and related to the formation of TRSC which, as previously held by the Court, is governed by a binding arbitration clause and not part of this proceeding.

and Ellipso Execute a Non-Recourse Loan Agreement and Mann Forms Mann Tech"), Mann Tech alleges two misrepresentations by Ellipso: 1) that the purportedly lucrative exclusive registry business would serve as a hedge on the risk of making a loan to Ellipso, and 2) that the proposed loan to Ellipso would facilitate Ellipso's meeting its obligation to provide the vanity 881 telephone service.  Amended Counterclaim ¶21.  Neither of these statements involves a material fact with reference to the August 2, 2004 Amendment.  As noted by the Court in its Memorandum Opinion of November 2, 2006, "commendatory statements, trade talk, or puffing, do not constitute fraud because statements of this nature are generally regarded as mere expressions of opinion."  *Citing Lambert v. Downtown Garage, Inc.*, 262 Va. 707, 553 S.E.2d 714, 717 (Va. 2001).  Ellipso's alleged statement concerning the "lucrative exclusive registry business" and that a loan from Mann Tech "would facilitate Ellipso's meeting its obligation to provide the vanity 881 telephone service" are nothing more than puffery of an anticipated future event.[4]   Nor do these statements relate to a material fact with respect to the August 2, 2004 Amendment.  As expressly indicated in the August 2, 2004 Amendment, Mann Tech was fully aware that the introduction of 881 Vanity Service was allegedly delayed and that Ellipso would require additional capital to assist it with the introduction of the 881 Vanity Service.

  2. <u>Mann Tech failed to allege its reasonable reliance on any misstatement of material fact when it executed the August 2, 2004 Amendment.</u>

As part of Mann Tech's heightened pleading requirements, Mann Tech must allege that it reasonably relied upon any material misrepresentation by Ellipso prior to execution of the August 2, 2004 Amendment.  *Anderson v. Leitch,* 67 Va. Cir. 440, 442 (Cir. Ct. Amherst

---

[4]While Ellipso's alleged representation as to the profitability of the registry business arguably may be material to the registry business and TRSC Agreement, the statement is hardly material to the Loan Agreement or August 2, 2004 Amendment, since neither of these agreements was secured by the registry business.

5

1998)(a party must reasonably rely upon the misrepresentations of another in order to prevail on a claim of fraud).

A plain reading of Mann Tech's Amended Counterclaim makes clear that by August 2, 2004, Mann Tech was aware of Ellipso's precarious financial situation and its alleged difficulty in establishing the 881 Vanity Service.  "Notwithstanding Ellipso's defaults on The Loan Agreement and its failure to provide the necessary carrier service for the registry business, Mann agreed to … two [amendments] to The Loan Agreement."  Amended Counterclaim ¶27.  Mann Tech acknowledges that it was "Mann's intention and his understanding with Castiel that the amendments would free up and provide further marginal capital that Ellipso said it needed to **start the service**." (Amended Counterclaim ¶27)(emphasis added).

Therefore, any alleged misrepresentations by Ellipso concerning the immanency of the 881 Vanity Service prior to execution of the Loan Agreement in January 2004 were not reasonably relied upon by the time Mann Tech executed the August 2, 2004 Amendment.

3.   <u>Alleged Misrepresentations by Ellipso's concerning its involvement in multiple lawsuits were not made to Mann Tech and not reasonably relied upon by Mann Tech when it executed the August 2, 2004 Amendment.</u>

In denying Ellipso's Motion to Dismiss as to Count II, the Court also based its decision on Mann Tech's allegation that Ellipso misrepresented its involvement in multiple lawsuits at the time Mann Tech executed the Loan Agreement.  Memorandum Opinion p. 9.  As noted above, Mann Tech has not alleged that it was fraudulently induced to execute the Loan Agreement.  Even if true, any misrepresentations by Ellipso concerning pending litigation against at the time the Loan Agreement was executed cannot be presumed to have misled Mann Tech several months later.

Mann Tech cannot rely on Ellipso's alleged misrepresentation of pending litigation to support a claim of Fraudulent Inducement since the Amended Complaint fails to allege that Ellipso made any such allegation to Mann Tech. In addition, Mann Tech did not reasonably rely on these representations when it entered into the August 2, 2004 Amendment since by that time Mann Tech had full knowledge of Ellipso's precarious financial situation.

      a.    <u>Mann Tech has not alleged that Ellipso misrepresented to it the existence of any pending litigation</u>.

Mann Tech has not alleged that it was unaware of any litigation involving Ellipso when it executed the Loan Agreement or August 2, 2004 Amendment. Instead, Mann Tech alleges that John Mann was unaware on January 30 or February 24 that, "Castiel personally and Ellipso generally were involved in numerous, ongoing, extensive and financially draining litigation." Amended Counterclaim ¶24. This distinction is hardly insignificant. Mann Tech does not dispute that Patterson was a member of Mann Tech and purported agent for Ellipso[5] at the time the Loan Agreement was executed, "Neither Mr. Patterson nor I made any secret that the money was coming from my companies…in which Mr. Patterson and I had ownership interests." Declaration of John Mann ¶9, attached to the Mann Defendants' Opposition to Motion for Preliminary Injunction. Thus, Patterson's knowledge of Ellipso's affairs (including any knowledge of pending lawsuits against the company) would be imputed to Mann Tech. *Yamada v. McLeod*, 243 Va. 426, 433, 416 S.E.2d 222, 226 (1992). Regardless of the reason underlying Mann Tech's failure to plead that it was misled as to Ellipso's legal affairs, given Mann Tech's heightened pleading requirements it should not be presumed that its failure to properly allege these facts was inconsequential or inadvertent. In any event, the Amended Counterclaim fails to

---

[5] Mann Tech understood Patterson's role to be that of facilitator and advisor to Ellipso prior to and during the time the Loan Agreement was executed. Amended Counterclaim ¶13.

allege that when Mann Tech executed the August 2, 2004 Amendment it was still unaware of Ellipso's alleged involvement in multiple lawsuits. For these reasons, any misrepresentations concerning lawsuits pending against Ellipso were not material to Mann Tech's execution of the August 2, 2004 Amendment.

        b.    <u>Mann Tech did not reasonably rely on any misrepresentation as to Ellipso's pending litigation when it executed the August 2, 2004 Amendment.</u>

Even if one were to assume that Mann Tech was misled by Ellipso as to its "extensive and financially draining litigation" prior to execution of the Loan Agreement, Mann Tech did not reasonably rely upon this misrepresentation when it executed the August 2, 2004 Amendment.

The Amended Counterclaim alleges that prior to executing the August 2, 2004 Amendment, Ellipso had failed to make any payments to Mann Tech under the Loan Agreement. Amended Counterclaim ¶32. More specifically, Mann Tech alleges that Ellipso was in default of the Loan Agreement when the Amendment was executed. Amended Counterclaim ¶27. Despite this knowledge, Mann Tech made another advance of $10,000 to Ellipso under the August 2, 2004 Amendment. Amended Counterclaim ¶29. By continuing to loan Ellipso money in disregard of its "default" status and in spite of the known delays in the introduction of 881 Vanity Service, Mann Tech ratified any earlier material misrepresentations by Ellipso and cannot support its claim of fraudulent inducement on these alleged misrepresentations. *See Alvarez et al. v. Dekar Homes, Inc.*, et al. 22 Va. Cir. 88, 89 (Cir. Ct. Fairfax 1990).

### III. CONCLUSION

Wherefore, Ellipso respectfully requests that this Court reconsider that portion of its November 2, 2006 Order denying its Motion to Dismiss as to Count II (Fraudulent Inducement) of the Amended Counterclaim.

8

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**


_____//s//_____
Natalie Ludaway, #405149
Matthew H. Goodman, #445404
1400 K Street, NW
Suite 1000
Washington, DC  20005
(202) 434-9116 (voice)
*Counsel for Ellipso, Inc.*

# EXHIBIT 1

# AMENDMENT
# TO
## COLLATERALIZED LOAN AGREEMENT

Whereas Mann Technologies and Ellipso entered into a loan agreement on or about January 16, 2004;

Whereas said loan agreement pledged and transferred 492,611 shares of ICO stock held by Ellipso to Mann Technologies as collateral for said loan;

Whereas Ellipso has failed to timely make the interest payments to MannTech as required under the Collateralized Loan Transaction,

Whereas the Parties agreed in May 2004 to sell 92,611 shares and share the proceeds jointly;

Whereas Mann Technologies and Ellipso desire to dispose of the collateral shares in order to minimize their mutual risks and enable the orderly introduction of 881 services while preserving some "upside" potential in relation to ICO shares;

Now Therefore, the Parties agree to dispose of the 492,611 as follows:

1) A corporate resolution authorizing the transfer of shares to Mann Technologies will be issued by Ellipso and forms part of this agreement

2) 442,611 shares represented by Certificate A2008 for 492,611 shares of ICO Common Stock will be sold by Mann Technologies at no less than $0.55 per share and for each and any sale transaction of said 442,611 shares, the proceeds shall be distributed evenly (50%-50%) between Ellipso and Mann Technologies and shall satisfy the obligations of Ellipso under the Loan Agreement as specified in paragraph (8) herein.

3) Immediately upon the placing of the ICOHA shares for sale by a recognized securities broker, Mann Technologies shall pay to Ellipso $10,000, even if no sale of shares has yet been consummated.

4) Mann Technologies shall recover an additional $12,500 from the proceeds of the stock sale upon the sale of shares in excess of 100,000 shares.

5) If the market price falls below $0.55 per share, Mann Technologies may, at its discretion, sell all or a portion of the unsold shares and distribute the proceeds evenly among Ellipso and Mann Technologies.

6) The remaining 50,000 shares shall remain the property of Mann Technologies and shall constitute partial payment of the principal of the loan as set forth in paragraph 8) below

7) As of October 1st, 2004 all shares not sold shall be subject to the terms of the original January 16, 2004 Loan Agreement.

8) Each share of stock sold to pursuant this Amendment shall constitute repayment of $0.1827 (90,000/492,611) of the principal of the loan.

Signed on this 2nd day of August, 2004:

Mann Technologies

_____
John B. Mann, Managing Member

Ellipso, Inc

_____
David Castiel, CEO