IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELLIPSO, INC.** ) | |
| ) | |
|     **Plaintiff and Counterclaim** ) | |
|     **Defendant** ) | |
| ) | |
|     v. ) | Case No. 05cv01186 (RCL) |
| ) | |
| **JOHN B. MANN, et al.** ) | Judge: Royce C. Lamberth |
| ) | |
|     **Defendants and Counterclaim** ) | |
|     **Plaintiffs** ) | |

**PLAINTIFF/COUNTER-DEFENDANT ELLIPSO'S ANSWERS TO AMENDED COUNTERCLAIM**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Plaintiff/Counter-Defendant, Ellipso, Inc. ("Ellipso"), respectfully submits the following Answer to Count I (Breach of Contract) of the Amended Counterclaim filed by Defendant/Counter-Plaintiff Mann Technologies. Ellipso has filed a Motion to Alter or Amend Judgment with respect to Count II (Fraudulent Inducement) and will file an Answer to Count II upon disposition of the Motion. In support thereof, Ellipso avers as follows:

    1.    The allegations set forth in paragraph 1 of the Amended Counterclaim are admitted.

    2.    The allegations set forth in paragraph 2 of the Amended Counterclaim are admitted.

    3.    Ellipso is without sufficient knowledge to admit or deny the allegations set forth in paragraph 3 of the Amended Counterclaim.

4. Ellipso is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4 of the Amended Counterclaim.

5. The allegations set forth in paragraph 5 of the Amended Counterclaim are admitted, with the clarification that Ellipso's principal place of business is located at 4410 Massachusetts Ave., N.W., Unit 385, Washington, D.C. 20016.

6. Ellipso is without sufficient information to admit or deny the allegations set forth in the first sentence of paragraph 6 of the Amended Counterclaim. The remaining allegations are denied.

7. Ellipso admits the allegations set forth in paragraph 7 of the Amended Counterclaim, that it was established to develop and implement the communications satellite technology and has been granted a series of patents pertaining to this technology.

8. Ellipso admits to meeting with Mann and Patterson on at least two occasions in 2002 and that these meetings produced no business relationship between Mann and Ellipso. Ellipso is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 8.

9. Ellipso admits to meeting with Mann during the time set forth in paragraphs 9A-9D. All other allegations in these paragraphs contain conclusory allegations of fact, conclusions of law, argument of counsel, and relate to a binding arbitration clause in the TRSC Agreement. To the extent that a response is required, these allegations are denied.

10. The allegations set forth in paragraph 10 of the Amended Counterclaim are admitted.

11. The allegations set forth in paragraph 11 relate to counts that have been dismissed by the Court and subject to a binding arbitration clause in the TRSC Agreement. To the extent that a response to paragraph 11 is necessary, the allegations in paragraph 11 are denied.

12. The allegations set forth in paragraph 12 of the Amended Counterclaim are denied.

13. The allegations set forth in paragraph 13 of the Amended Counterclaim are denied.

14. The allegations set forth in paragraph 14 relate to counts that have been dismissed by the Court and subject to a binding arbitration clause in the TRSC Agreement. To the extent that a response to paragraph 14 is necessary, the allegations in paragraph 14 are denied.

15. The allegations set forth in paragraph 15 relate to counts that have been dismissed by the Court and subject to a binding arbitration clause in the TRSC Agreement. To the extent that a response to paragraph 15 is necessary, the allegations in paragraph 15 are denied.

16. The allegations set forth in paragraph 16 relate to counts that have been dismissed by the Court and subject to a binding arbitration clause in the TRSC Agreement. To the extent that a response to paragraph 16 is necessary, the allegations in paragraph 16 are denied.

17. The allegations set forth in paragraph 17 relate to counts that have been dismissed by the Court and subject to a binding arbitration clause in the TRSC Agreement. To the extent that a response to paragraph 17 is necessary, the allegations in paragraph 17 are denied.

18. The allegations set forth in paragraph 18 relate to counts that have been dismissed by the Court and subject to a binding arbitration clause in the TRSC Agreement. To the extent that a response to paragraph 18 is necessary, the allegations in paragraph 18 are denied.

19. The allegations set forth in paragraph 19 relate to counts that have been dismissed by the Court and subject to a binding arbitration clause in the TRSC Agreement. To the extent that a response to paragraph 19 is necessary, the allegations in paragraph 19 are denied.

. 20. The allegations set forth in paragraph 20 relate to counts that have been dismissed by the Court and subject to a binding arbitration clause in the TRSC Agreement. To the extent that a response to paragraph 20 is necessary, the allegations in paragraph 20 are denied.

21. The allegations set forth in paragraph 21 of the Amended Counterclaim are denied.

22. The allegations set forth in paragraph 22 of the Amended Counterclaim are denied.

23. Ellipso admits the allegation in paragraph 23 that it directed the re-issuance of 492,611 shares of ICOHA shares to Mann Tech. Whether this act was in accordance with the provisions of the Loan Agreement calls for a legal conclusion. Additionally, the terms of the Loan Agreement speak for themselves. To the extent that a response to the remaining allegations is paragraph 23 is necessary, the remaining allegations are denied.

24. The allegations set forth in paragraph 24 of the Amended Counterclaim are denied.

25. The allegations set forth in paragraph 25 relate to counts that have been dismissed by the Court and subject to a binding arbitration clause in the TRSC Agreement. To the extent that a response to paragraph 25 is necessary, the allegations in paragraph 25 are denied.

26. The allegations set forth in paragraph 26 of the Amended Counterclaim are denied.

27.     The allegations set forth in paragraph 27 of the Amended Counterclaim are denied.

28.     Ellipso admits to the execution of an August 2, 2004 Amendment to the Loan Agreement. Ellipso is without sufficient information to admit or deny the execution of a March 20, 2004 Amendment. The remaining allegations in paragraph 28 are denied.

29.     Ellipso admits the allegation set forth in paragraph 29 of the Amended Counterclaim that or about August 2, 2004 it entered into an Amendment to the Loan Agreement. Ellipso states that the remaining allegations contained in paragraph 29 call for an interpretation of the Amendment and legal conclusion. To the extent that a response to the remaining allegations in paragraph 29 is necessary, the allegations are denied.

30.     Ellipso admits those allegations in paragraph 30 that the pledged ICOHA shares were transferred to Mann Tech through an undated Sale Order, and that the Sale Order indicates that it was signed by Robert Patterson on behalf of Mann Tech. Ellipso also admits that it received approximately half of $13,000 from the sale of ICOHA shares in or around September 2004. Ellipso is without sufficient information to admit or deny the number of ICOHA shares sold by Mann Tech in September 2004.

31.     Ellipso denies the allegation set forth in paragraph 31 of the Amended Counterclaim alleging that Ellipso defaulted on the next quarterly interest payment due. The remaining allegations call for conclusory allegations of fact and law. To the extent that a response to the remaining allegations in paragraph 31 is necessary, the allegations are denied.

32.     The allegations set forth in paragraph 32 of the Amended Counterclaim are denied.

33. The allegations set forth in paragraph 33 of the Amended Counterclaim are denied.

34. The allegations set forth in paragraph 34 of the Amended Counterclaim are denied.

35. The allegations set forth in paragraph 35 of the Amended Counterclaim are denied.

36. Ellipso admits to having meetings with Mann and Patterson on or around November or December 2004. The remaining allegations set forth in paragraph 36 of the Amended Counterclaim are denied.

37. Ellipso is without sufficient knowledge to admit or deny the allegations in paragraph 37 of the Amended Counterclaim as to Mann Tech's business activities. The remaining allegations set forth in paragraph 37 of the Amended Counterclaim are denied.

38. The allegations set forth in paragraph 38 relate to counts that have been dismissed by the Court and subject to a binding arbitration clause in the TRSC Agreement. To the extent that a response to paragraph 38 is necessary, the allegations in paragraph 38 are denied.

39. The allegations set forth in paragraph 39 of the Amended Counterclaim are denied.

40. The allegations set forth in paragraph 40 of the Amended Counterclaim are denied.

41. The allegations set forth in paragraph 41 of the Amended Counterclaim are denied.

42. The allegations set forth in paragraph 42 of the Amended Counterclaim are denied.

43. The allegations set forth in paragraph 43 of the Amended Counterclaim are denied.

44. The allegations set forth in paragraph 44 of the Amended Counterclaim are denied.

45. The allegations set forth in paragraph 45 do not require an admission or denial.

46. The allegations set forth in paragraph 46 of the Amended Counterclaim are denied.

47. The allegations set forth in paragraph 47 of the Amended Counterclaim are denied.

48. The allegations set forth in paragraph 48 of the Amended Counterclaim are denied.

49. The allegations set forth in paragraph 49 of the Amended Counterclaim are denied.

50. The allegations set forth in paragraph 50 – 53 of the Amended Counterclaim relate to a claim for which Ellipso has filed a Motion to Alter or Amend Judgment. Upon disposition of the Motion, Ellipso will timely respond to the allegations set forth in paragraphs 50-53 of the Amended Counterclaim.

51. The allegations set forth in paragraphs 54 through 67 relate to claims that have been dismissed by the Court pursuant to its November 2, 2006 Order. To the extent that any response is necessary, the allegations are denied.

52. The allegations set forth in paragraphs 68 and 69 do not require an admission or denial.

53. Any allegation that requires an admission or denial and has not heretofore been admitted or denied is hereby denied.

## AFFIRMATIVE DEFENSES

1. The Amended Counterclaim is barred by the applicable statute of limitations.

2. The Amended Counterclaim is barred by the doctrine of laches.

3. The Amended Counterclaim is barred by the doctrine of estoppel.

4. The Amended Counterclaim is barred by the doctrine of unclean hands.

5. The Amended Counterclaim is barred by the doctrine of ratification.

6. The Amended Counterclaim fails to state a cause of action for which relief can be granted.

7. The Amended Counterclaim is barred by a failure of consideration.

8. The Amended Counterclaim is barred by Fraud.

9. The Amended Counterclaim is barred by the doctrines of payment and accord and satisfaction.

10. The Amended Counterclaim is barred by the doctrine of waiver.

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**


_____//s//_____
Natalie Ludaway, #405149
Matthew H. Goodman, #445404
1400 K Street, NW
Suite 1000
Washington, DC 20005
(202) 434-9116 (voice)
*Counsel for Ellipso, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 16th day of November, 2006, the foregoing Answer to Amended Counterclaim was electronically delivered to

THOMAS MAURO, ESQ.
1020 19th Street, N.W., Suite 400
Washington, D.C. 20036
*Counsel for Defendant John B. Mann and Mann Technologies*

And sent via regular, first-class mail upon:

ROBERT B. PATTERSON, pro se
11775 Stratford House Place
#407
Reston, VA 20190

_____//s//_____
Matthew H. Goodman

Counsel for Ellipso, Inc.