IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> JOHN B. MANN, ET AL., <br><br> Defendants and Counterclaim Plaintiffs. | Case No. 05cv001186   (RCL) |

**OPPOSITION OF MANN TECHNOLOGIES, L.L.C.
TO ELLIPSO'S MOTION TO ALTER OR AMEND JUDGMENT**

Counterclaim Plaintiff, Mann Technologies, L.L.C. (Mann Tech), by and through its undersigned counsel and pursuant to the Rules of this Honorable Court, hereby submits this Opposition to the Motion to Alter or Amend Judgment filed by Ellipso, Inc. on November 16, 2006.

**Applicable Legal Standard**

Pursuant to F. R. Civ. P. 59(e) Ellipso moves for an order altering or amending the Court's "Judgment" entered on November 2, 2006, denying Ellipso's Motion to Dismiss Count II (sic) (Fraud in the Inducement) of Mann Tech's Amended Counterclaim. Since Rule 59 applies only where there has been "a trial by jury" or an "action tried without a jury", Rule 59(a), and a "judgment", Rule 59(b), the instant motion is not a Rule 59 motion. Since the motion misapplies the Rule and seeks relief

1

(to alter a judgment) which cannot yet exist in this case, it is respectfully urged that this amounts to a procedural error which should prevent consideration of the motion. Stated another way, there is nothing in this record which will allow the Court to entertain the motion as drafted.

This Opposition should end here because Ellipso has chosen not to qualify its use of Rule 59 in the way the Court has previously instructed the parties to do, by calling its motion one for reconsideration with the standard of review provided by Rule 59. Rather, in its moving paper Ellipso states that its Motion is filed "pursuant to Rule 59(e)." Since Ellipso is, or should be, aware of the proper procedural stance to take, it would seem appropriate to contend, therefore, that Ellipso's has not filed a motion for reconsideration nor relied upon the applicable standard for reconsideration because it cannot meet the applicable standard. Ellipso's Motion certainly has not argued the applicable standard. In order to grant a motion for reconsideration this Court has held that the movant must demonstrate and the Court must find, "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice (citation omitted)."[1]

---

[1] *See* the Court's Memorandum Opinion dated November 14, 2005, denying Mann Tech's motion for reconsideration of the Order granting Ellipso a preliminary injunction, at 1-2.

2

**ARGUMENT**

Ellipso cannot meet the standard set out by the Court, even if the Court recasts Ellipso's motion as one for reconsideration, which Ellipso has not even indirectly asked the Court to do. There is no change of law. There is no new evidence, since the underlying motion is directed only to the pleadings. And Ellipso's Motion demonstrates no clear error or manifest injustice in allowing Mann Tech to prove its fraud in the inducement claims against Ellipso.

Rather, Ellipso simply disagrees with the Court's view of Mann Tech's pleading. By incorrectly characterizing its motion so it is not bound to any standard, it argues its own disputed version of the facts and invites the Court and Mann Tech to engage in an inappropriate debate over those disputed facts at this stage of the case. Specifically, Ellipso's Motion argues that the Court has misread the allegations of the Amended Counterclaim, that the Court should have interpreted the allegations of the Counterclaim in the selective manner in which Ellipso wants the Court to read them, and that the Court should find that by August 2, 2004, Mann Tech knew that the implementation of the 881 telephone service would be "delayed" and that, therefore, Mann Tech ratified any earlier material misrepresentations by Ellipso. Ellipso Memorandum, at 8.

Ellipso's recognition that a party by its conduct can obviate a claim of fraud in the inducement by choosing to perform under the contract after the alleged fraudulent act inducing performance is disclosed may yet prove a critical, if belated, concession by

3

Ellipso in this case. But Count Two is not based on an alleged "delay" in implementing the telephone service, as Ellipso argues. Ellipso Memorandum, at page 3. In January 2004, Mann Tech loaned $90,000.00 to Ellipso. On August 2, 2004, Mann Tech paid Ellipso an additional $10,000.00 in cash, agreed to the transfer of the 492,611 shares of ICO to Mann Tech, and agreed to a time-limited process whereby the shares would be sold by Mann Tech and the proceeds split between the parties as set out in the Amendment. Count Two depends upon <u>all</u> of the facts alleged preceding the allegations of Count Two as well as new facts as to the details of the Amendment set out in Count Two. Thus, the allegations of Count Two are considered, as the Court's November 2, 2006, Order makes clear, in light of: (1) the continuing misrepresentations by Ellipso, set out in ¶¶ 6 - 49 of the Counterclaim, as to the asserted imminent implementation of the 881 telephone service; that is, that the telephone service was always just over the horizon;[2] and (2) the fact that Ellipso "could not" provide the telephone service because of technical obstacles making the service impossible and because of debilitating financial burdens, despite Ellipso's continuing misrepresentations that it could and would provide the service. *See, for example*, Counterclaim ¶¶ 9B, 20, 21, 24, 27, 28, 34, 38, and 43. Count Two cannot be read, as Ellipso argues in its Motion, independently of the allegations that precede it. The Count in ¶ 50 expressly

---

[2] Those representations continued beyond August 2, 2004 Amendment. Thus, the Counterclaim asserts that in September 2004 and October 2004, Dr. Castiel continued his misrepresentations to Mann Tech, seeking more money from Mann Tech because the telephone service was just around the corner. Counterclaim, ¶9D.

incorporates all of the allegations preceding it. There are no allegations in the Counterclaim that Mann Tech ever accepted the truth of the situation before August 2, 2004; nor can the Counterclaim be fairly read to find that Mann Tech ratified such misrepresentations.

## **CONCLUSION**

Ellipso's Motion to Alter or Amend Judgment does not admit to or address any of the standards applicable to a motion seeking reconsideration of the Court's November 2, 2006, Order. Having failed to ask for reconsideration, Ellipso's application for relief provides the Court no procedural basis to grant the relief it requests. Further, it misreads and selectively alters Mann Tech's allegations in an inappropriate attempt to recast and dispute the actual allegations of the Counterclaim.

WHEREFORE, Plaintiff Mann Technologies, LLC respectfully requests that Ellipso's motion to alter or amend judgment be denied and that this case proceed in due course. An Order is attached for the consideration of the Court.

                                           Respectfully submitted,

                                           _____/s/_____
                                           Thomas A. Mauro, Bar No. 184515
                                           1020 Nineteenth Street, N.W.
                                           Suite 400
                                           Washington, D.C. 20036
                                           Tel.: (202) 452-9865
                                           Fax: (202) 452-0092
                                           Attorney for the Counterclaim Plaintiff Mann Technologies, L.L.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> JOHN B. MANN, ET AL., <br><br> Defendants and Counterclaim Plaintiffs. | Case No. 05cv001186   (RCL) |

## ORDER

This matter is before the Court on the Motion of the Counterclaim Defendant, Ellipso, Inc., to Alter or Amend Judgment pursuant to F. R. Civ. P. 59. The Court has considered the Motion, the Memoranda submitted in support of and in opposition to the Motion and the entire record in this case. ACCORDINGLY, it is this ___ day of _____ 2006,

ORDERED, that the Motion of the Counterclaim Defendant, Ellipso, Inc., to Alter or Amend Judgment is DENIED.

_____
Royce C. Lamberth
United States District Judge

1

Copies to:

Thomas A. Mauro, Esq.
1020 Nineteenth Street, N.W.
Suite 400
Washington, D.C. 20036

Natalie O. Ludaway, Esq.
Matthew H. Goodman, Esq.
1400 K Street, N.W., Suite 1000
Washington, D.C. 20005

Robert B. Patterson, *pro se*
1643 Hunting Creek Drive
Alexandria, Virginia 22314

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing Opposition of Mann Technologies, L.L. C. to Ellipso's Motion to Alter or Amend Judgment has been mailed first class, postage prepaid, this 1st day of December, 2006 to :

Robert B. Patterson, *pro se*
11775 Stratford House Road
Reston, Virginia 20190

                                              _____
                                              Thomas A Mauro