IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ELLIPSO, INC.** ) | | |
| ) | | |
|    **Plaintiff and Counterclaim** ) | | |
|    **Defendant** ) | | |
| ) | | |
|    v. ) | Case No. 05cv01186 (RCL) | |
| ) | | |
| **JOHN B. MANN, et al.** ) | Judge: Royce C. Lamberth | |
| ) | | |
|    **Defendants and Counterclaim** ) | | |
|    **Plaintiffs** ) | | |

**PLAINTIFF'S REPLY TO MANN TECHNOLOGIES OPPOSITION TO MOTION TO ALTER OR AMEND JUDGMENT**

Plaintiff, Ellipso, Inc. ("Ellipso") hereby submits this Reply to Defendant Mann Technologies, LLC, Opposition to Motion to Alter or Amend Judgment. In its Opposition, Mann Tech argues that Ellipso would have the Court interpret the allegations in the Amended Counterclaim in the way Ellipso wants the Court to read them. To the contrary, Mann Tech needs the Court to overlook its pleading deficiencies and assume facts that were not actually pled by it in order to avoid a dismissal of Count Two. In its Motion to Dismiss, Ellipso not only explained how Mann Tech failed to allege the elements of a claim of fraudulent inducement vis-à-vis the August 2, 2004 Amendment to the Loan Agreement (hereinafter "August 2nd Amendment" or "Amendment"), but how Mann Tech clearly and unequivocally ratified any alleged fraud by entering into the August 2nd Amendment. The Opposition filed by Mann Tech does little to refute these arguments. Instead, Mann Tech contends that somewhere contained in ¶¶6-49 of the Amended Counterclaim exist the elements of its fraud claim, and that Ellipso has not established Mann Tech's ratification of any fraud as a matter of law.

I.  APPLICABLE STANDARD

In its Opposition, Mann Tech asserts that Ellipso's Motion to Alter or Amend Judgment is procedurally improper.  As noted by the Court in its November 14, 2005 Memorandum Opinion denying Mann Tech's Motion for Reconsideration, motions to reconsider are routinely construed as motions to alter or amend judgments.  Memorandum Opinion p. 2.  A motion to reconsider filed within ten days following the court's decision, is treated as a motion to alter or amend judgment under Rule 59(e).  *McMillian v. District of Columbia*, 233 F.R.D. 179, n.1 (D.D.C. 2005)  A motion for reconsideration filed beyond ten days from the entry of judgment is treated as a motion under Rule 60.[1]  *Id.*

Ellipso is asking the Court to reconsider its ruling that Count Two of the Amended Counterclaim states a cause of action for fraud, particularly in light of Mann Tech's failure to allege any material misrepresentation, detrimental reliance, or resulting damages relating to Mann Tech's execution of the August 2nd Amendment.[2]  In addition, Ellipso asserts that that August 2nd Amendment represents new evidence before the Court which further establishes Mann Tech's ratification of any prior misrepresentation as to the "imminent implementation" of 881 vanity service or Ellipso's precarious financial situation.[3]

---

[1] Ellipso's Motion to Alter or Amend was filed within the ten days following this Court's November 2, 2006 Order.

[2] Ellipso asserts that the allegations of Count Two not only fail to satisfy the basic pleading requirements under the rules, but fall far short of satisfying the heightened pleading requirement under Rule 9.

[3] The August 2nd Amendment was not attached to Ellipso's Motion to Dismiss because the relevancy of the document was unknown at that time.  It was not until the subsequently filed Amended Counterclaim alleged misrepresentations as to the "imminent implementation" of 881 vanity service (as contained in ¶¶9(B), 9(C), and 9(D)) that the significance of the August 2nd Amendment was known.

II.   ARGUMENT

   A.   Mann Tech Failed to Allege any Misrepresentation of Material Fact Concerning its Execution of the August 2, 2004 Amendment to the Loan Agreement.

An essential element of a fraud claim is a material misrepresentation. *Glaser v. Enzo Biochem, Inc.*, 126 Fed. Appx. 593, 599 (4th Cir. 2005). "A fact is material when it influences a person to enter into a contract, when it deceives him and induces him to act, or when without it the transaction would not have occurred." *Packard Norfolk* v. *Miller*, 95 S.E.2d 207, 211-12 (Va. 1956). This Court's November 2, 2006 Opinion denying Ellipso's Motion to Dismiss as to Count Two was predicated on alleged misrepresentations concerning the imminent implementation of 881 vanity service at the time Mann Tech "entered the loan agreement." Memoradum Opinion, p. 9.   Count Two of the Amended Counterclaim, however, is predicated on the August 2nd Amendment and fails to allege any material misrepresentation by Ellipso with respect to that Amendment.   In its Opposition, Mann Tech would have this Court believe that it alleged an on-going misrepresentation by Ellipso, but this is simply not the case. Opposition p.4 fn.2. The allegations in ¶9D merely allege (1) a "false promise" in the spring of 2004 that Mann's continuing investment would be offset by other revenue;[4] (2) a meeting in September 2004 in which Ellipso asked for more money from Mann – not Mann Tech, as stated in the Opposition; and (3) a meeting in October 2004 in which Castiel requested more money (presumably from John Mann).   Amended Counterclaim at ¶9D.   None of these allegations supports Mann Tech's claim that in Ellipso made any material misrepresentation when it entered into the August 2nd Amendment.   Absent allegations stated with sufficient particularity as to

---

[4] Since the Loan Agreement did not require a continuing investment by Mann, this representation clearly relates to the Ellipso/TRSC Agreement (which required the payment of a monthly fee by TRSC) that is subject to binding arbitration.

material misrepresentations in connection with Ellipso's alleged requests for additional money, ¶9(D) of the Amended Counterclaim does not save Mann Tech from its defective pleading.

      B.    <u>Mann Tech Did Not Reasonably Rely on any Misrepresentation by Ellipso and Subsequently Ratified Such Misrepresentation by Entering into the August 2nd Amendment.</u>

Mann Tech cannot have reasonably relied on any misrepresentation as to the imminent start of 881 vanity service or Ellipso's alleged involvement in pending litigation when it executed the August 2nd Amendment, since Mann Tech knew that the implementation of 881 vanity service had been delayed and of Ellipso's precarious financial situation. For instance, Mann Tech acknowledges that "notwithstanding Ellipso's defaults on The Loan Agreement and its failure to provide the necessary carrier [881 vanity] service for the registry business, Mann agreed to three amendments to the TRSC/Ellipso agreement and two to The Loan Agreement." Amended Counterclaim ¶27. Mann Tech again concedes that "[i]t was Mann's intention and his understanding with Castiel that the amendments would free up and provide the further marginal capital that Ellipso said it needed to **start the service**." *Id.* The August 2nd Amendment further establishes that additional capital was required to "enable the orderly **introduction** of 881 services" and that Mann Tech's alleged reliance on these representations was unreasonable. See Exhibit 1 to Motion to Alter or Amend (emphasis added). Thus, any misrepresentations as to the imminent start of 881 vanity service were either immaterial to the August 2nd Amendment or subsequently ratified by Mann Tech when it executed the August 2nd Amendment.

      C.    <u>Mann Tech Failed to Allege Damages Caused by its Detrimental Reliance</u>.

Another element of a claim of fraud is damages. *Glaser,* p. 599. An allegation of fraud in the abstract cannot give rise to a cause of action unless the allegation is accompanied by proof of damages. *Klaiber v. Freemason Assoc.*, 587 S.E2d 548 (Va. 2003). A party is not damaged

"where the position of the complaining party is no worse than it would be had the alleged fraud not been committed." *Community Bank v. Wright*, 267 S.E. 2d 158, 160 (Va. 1980)(quoting *Cooper v. Wesco Builders, Inc.*, 281 P.2d 669, 672 (Idaho 1955). Put another way, Mann Tech must allege damages which are caused by its detrimental reliance on Ellipso's material misrepresentations. *See Murray v. Hadid*, 385 S.E.2d 898, 903 (VA. 1989)(complaining party must prove damages caused by his detrimental reliance).

Count Two fails to allege damages caused by any misrepresentation by Ellipso. Instead, the damages alleged in Count Two arise from Ellipso's performance under the Loan Agreement and Amendment. Mann Tech does not allege, not can it, that its damages were the result of its detrimental reliance on misrepresentations as to the imminent implementation of 881 vanity service. The Amended Counterclaim even acknowledges that Ellipso performed its obligations under the August 2nd Amendment. The August 2nd Amendment called for (1) the transfer of 442,611 ICOHA shares to Mann Tech, (2) payment of $10,000 by Mann Tech to Ellipso immediately upon placement of the shares for sale by a recognized securities broker, even if no sale of shares had been consummated[5], (3) recovery of an additional $12,500 by Mann Tech from the proceeds of the stock sale upon the sale of shares in excess of 100,000 shares, and (4) Mann Tech's continued possession of the remaining 50,000 ICOHA shares that were pledged as collateral for the loan. According to the Amended Counterclaim, Ellipso "found a way" to transfer all of the pledged ICOHA shares to Mann Tech. Amended Counterclaim ¶30. In August 2004, the sale order was executed. *Id*. In September 2004, 25,000 shares of ICOHA stock were sold and the proceeds shared between Mann Tech and Ellipso. *Id.* When the shares began to take a precipitous decline, it was Mann Tech who elected not to sell any additional

---

[5] Mann Tech's obligation to pay Ellipso an additional $10,000 was conditioned solely upon the transfer of pledged ICOHA shares and was unrelated to the status of 881 vanity service.

shares under the August 2nd 2004 Amendment. *Id*. Ellipso's complete performance under the August 2nd Amendment is further established by the fact that Mann Tech sold 453,000 ICOHA shares and retained possession of 40,000 shares (and $4,000 in proceeds from the sale of the shares), as memorialized in the Court's November 14, 2005 Memorandum Opinion. Even when the allegations of the Amended Counterclaim are viewed in a light most favorable to Mann Tech, there is no factual or legal basis for allowing Mann Tech to proceed with its claim of fraud based on the execution of the August 2nd Amendment.

        D.      <u>Ellipso's Alleged Misrepresentations as to Pending Litigation was Not Material to Mann Tech's Execution of the August 2nd Amendment.</u>

Lastly, allegations as to Ellipso's involvement in multiple lawsuits do not revive Mann Tech's otherwise defective pleading. Any misrepresentation as to involvement in multiple lawsuits was immaterial or subsequently ratified at the time the August 2nd Amendment was executed. By August 2, 2004, Mann Tech had first-hand knowledge of Ellipso's precarious financial situation. The Amended Counterclaim is replete with allegations of Ellipso's failure to make a single payment under the Loan Agreement and its need for additional capital. Amended Counterclaim at ¶27(Ellipso in default), ¶31(Ellipso never made any of the interest payments), and ¶32 (Ellipso had not made a single payment on the Loan Agreement). In executing the August 2nd Agreement, Mann Tech further understood that the "amendments would free up and provide further marginal capital that Ellipso said it needed to start the service." Amended Counterclaim ¶27. Ellipso's financial situation was clear when the August 2nd Amendment was executed by Mann Tech and no juror could reasonably conclude that any omission by Ellipso as to pending litigation was a material misrepresentation with respect to the August 2nd Amendment.

III.     CONCLUSION

The Amended Counterclaim alleges many things, but Mann Tech having been fraudulently induced into executing the August 2nd Amendment is not one of them. Mann Tech has failed to allege the elements of a claim for the fraudulent inducement of the August 2nd Amendment, and its alleged damages are not causally related to any misrepresentation by Ellipso. Mann Tech was aware of both the delay in the implementation of 881 vanity service and Ellipso's precarious financial situation when it executed the August 2nd Amendment. As such, these misrepresentations were immaterial or, alternatively, subsequently ratified by Mann Tech when it executed the August 2nd Amendment. For these reasons, Ellipso respectfully requests that the Court reconsider its November 2, 2006 Opinion and Order by dismissing Count Two of the Amended Counterclaim with prejudice.

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**

_____//s//_____
Natalie Ludaway, #405149
Matthew H. Goodman, #445404
1400 K Street, NW
Suite 1000
Washington, DC  20005
(202) 434-9116 (voice)
mgoodman@leftwichlaw.com
*Counsel for Ellipso, Inc.*

## **CERTIFICATE OF SERVICE**

      I certify that on this 8th day of December, 2006, the foregoing Reply to Mann Technologies Opposition to Motion to Alter or Amend was served electronically upon:

THOMAS MAURO, ESQ.
1020 19th Street, N.W., Suite 400
Washington, D.C. 20036
*Counsel for Defendant John B. Mann and Mann Technologies*

And via regular, first-class mail upon:

ROBERT B. PATTERSON, pro se
PO Box 2051
Middleburg, VA 20118

                                                              _____//s//_____
                                                               Matthew H. Goodman
                                                               *Counsel for Ellipso, Inc.*