# Leftwich & Ludaway LLC

*Willie L. Leftwich Retired*

November 14, 2006

***Via Fascimile and First-Class Mail***

Thomas Mauro, Esquire
1020 19th Street, N.W.
Suite 400
Washington, D.C. 20036

***Via First-Class Mail***
Robert Patterson, pro se
111775 Stratford House Place
#407
Reston, VA 20190

      RE:    ***Ellipso, Inc. v. Mann Tech, LLC, et. al.***

Gentleman:

It was a pleasure meeting you to discuss Plaintiff's objections to the adequacy (or non-production) of Defendants' Answers to Interrogatories. The purpose of this letter is to memorialize the agreements reached at our November 9, 2006 meeting.

**PATTERSON**:

Mr. Patterson will provide full and complete Answers to Interrogatories and respond to Plaintiff's Request for Production of Documents no later than close of business December 4, 2006.

As for the Interrogatories propounded upon Consulting Management, in light of your representation that Consulting Management was never incorporated or a viable business entity but merely a trade name for Robert Patterson, I will withdraw Plaintiff's Interrogatories to Consulting Management except for Interrogatories #1 and 11. If my understanding is incorrect, please advise immediately and I will reinstate this discovery.

I will forward you copies of documents produced by Ellipso in response to the Mann Defendants' discovery requests by November 29, 2006.

**JOHN MANN**:

John Mann will supplement the following Interrogatories, as described below:

    Interrogatory #2:    The requested date will be provided.

Leftwich&Ludaway LLC

Thomas Mauro and Robert Patterson
November 14, 2006
Page 2 of 4

  Interrogatory #4:  Mann will provide the substance of the communications relating to Ellipso's financial condition, the dates of these communications and identify those documents that are relied upon in his response to this interrogatory.

  Interrogatory #5:  Mann will supplement this interrogatory by providing the dates, times and substance of any communications not reflected in Amended Counterclaim (i.e. e-mails and written documents). If the only communications responsive to this interrogatory are identified in the Amended Counterclaim, a statement to this effect will suffice.

  Interrogatory #6:  Mann will supplement this response by identifying all oral and written contracts he contends were entered into between the parties that relate to the allegations in the Complaint and Amended Counterclaim.

  Interrogatory #7:  Mann will revisit this interrogatory in light of the Court's Nov. 2, 2006 Order. Ellipso maintains that payments made by Mann are relevant to the issue of the nature and extent of the damages claimed by Mann Tech. The Amended Counterclaim claims that both Mann and Mann Tech made expenditures in excess of $350,000, this interrogatory seeks information that will help Ellipso distinguish between payments made by Mann and those made by Mann Tech.

  Interrogatory #8:  In light of the Court's November 2, 2006 Order, this interrogatory no longer appears necessary at this time and Plaintiff is withdrawing the interrogatory.

  Interrogatory #9:  In light of the Court's November 2, 2006 Order, this interrogatory no longer appears necessary at this time and Plaintiff is withdrawing the interrogatory.

  Interrogatory #10:  In light of the Court's November 2, 2006 Order, this interrogatory no longer appears necessary at this time and Plaintiff is withdrawing the interrogatory. However, Mann Tech will supplement its answer to this interrogatory by providing a breakdown of the hours it allegedly incurred.

  Interrogatory #11:  In light of the Court's November 2, 2006 Order, this interrogatory no longer appears necessary at this time and Plaintiff is withdrawing the interrogatory.

  Interrogatory #12:  In light of the Court's November 2, 2006 Order, this interrogatory no longer appears necessary at this time and Plaintiff is withdrawing the interrogatory.

  Interrogatory #13:  Mann will supplement his answer to provide the factual basis for the contentions set forth in his Amended Counterclaim.

Thomas Mauro and Robert Patterson
November 14, 2006
Page 3 of 4

      Interrogatory #14:     Mann will revisit this interrogatory. Ellipso maintains that this interrogatory is relevant and that the factual basis for the allegations is discoverable.

      Interrogatory #15:     Mann will revisit this interrogatory. Ellipso maintains that this interrogatory is relevant and that the factual basis for the allegations is discoverable. Ellipso is entitled to discover the factual basis for Mann's allegations.

      Interrogatory #16:     Mann will revisit this interrogatory. As noted above, in order for Ellipso to distinguish between those expenses incurred by Mann versus those incurred by Mann Tech, Ellipso is entitled to this information.

      Interrogatory #17:     Mann will supplement his answer by providing the requested information.

      Interrogatory #18:     Mann will identify those persons whom he believes possesses personal knowledge of facts relevant to this case, the substance possessed by each such person and their relationship, if any, to Mann.

      Interrogatory #20:     Mann will supplement this interrogatory and identify any documents he relies upon in his response.

      Interrogatory #21:     This interrogatory is withdrawn.

**MANN TECH**

      Interrogatory #1:     Mann Tech will supplement by providing the purpose of its corporation.

      Interrogatory #4:     Mann Tech will revisit this interrogatory with the understanding that Plaintiff seeks the identification of those oral and written contracts that Mann Tech **contends** were entered into between the parties.

      Interrogatory #5:     Mann Tech will supplement its answer to this interrogatory.

      Interrogatory #6:     Mann Tech will supplement its answer to this interrogatory.

      Interrogatory #7:     Mann Tech will supplement its answer to this interrogatory.

      Interrogatory #8:     Mann Tech will supplement its answer to this interrogatory. Mann Tech will not have to provide the date it determined the statements to be false (as indicated at the end of the interrogatory).

      Interrogatory #9:     Mann Tech will supplement its answer to this interrogatory.

Thomas Mauro and Robert Patterson
November 14, 2006
Page 4 of 4

| | |
|---|---|
| Interrogatory #10: | Mann Tech will supplement its answer to this interrogatory by providing the factual basis for its allegations. |
| Interrogatory #11: | Mann Tech will supplement its answer to this interrogatory. References will be made to any documents relied upon by Mann Tech in its response. |
| Interrogatory #12: | Mann Tech will supplement its answer to this interrogatory. |
| Interrogatory #13: | Mann Tech will supplement its answer to this interrogatory. |
| Interrogatory #14: | Mann Tech will supplement its answer to this interrogatory. |
| Interrogatory #15: | Mann Tech will supplement its answer to this interrogatory by identifying all persons who participated in the negotiation and drafting of the agreements, excluding the TRSC Agreement. |
| Interrogatory #16: | Mann Tech will supplement its answer to this interrogatory. |
| Interrogatory #17: | Mann Tech will supplement its answer to this interrogatory. |
| Interrogatory #18: | Mann Tech will supplement its answer to this interrogatory. |
| Interrogatory #20: | Mann Tech will supplement its answer to this interrogatory. |
| Interrogatory #21: | This interrogatory is withdrawn. |

Given that Plaintiff's Interrogatories have been pending since July 20, 2006, I would request that your clients supplement their responses by November 27, 2006, which affords them four months to formulate a response. I respectfully disagree with Mr. Mauro's desire to hold off setting a date certain by which Plaintiff can expect his clients' discovery responses until resolution of all other discovery disputes.

We still need to address Plaintiff's objections to the sufficiency of Defendants' document production, as well as the Mann Defendants' objections to the adequacy of Ellipso's document production. We should be able to resolve these remaining issues at Thursday's meeting.

Sincerely,

Matthew H. Goodman

cc: David Castiel