IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC.,

      Plaintiff and Counterclaim
      Defendant,

          v.                   Case No. 05cv001186   (RCL)

JOHN B. MANN, ET AL.,

      Defendants and Counterclaim
      Plaintiffs.

**RESPONSE OF JOHN B. MANN AND MANN TECHNOLOGIES, L.L.C.
TO ELLIPSO'S PRAECIPE (DOCUMENT 92) SUBMITTING PROPOSED
SCHEDULING ORDER**

John B. Mann and Mann Technologies, L.L.C. ("Mann") by and through its

undersigned counsel, hereby submits this Response to the Praecipe (Document 92) filed by

Ellipso December 12, 2006r. Mann opposes the entry of the Scheduling Order contemplated

by the Praecipe (no proposed order was attached to the Praecipe) for the following reasons:

     1.     The Praecipe along with an e-mail sent to the Judge presiding in this case

effectively constitutes a motion requesting relief. Since such a motion is subject to the prior

consultation requirement of Local Rule 7(m) and counsel for Ellipso failed to consult with the

other parties in this case prior to the filing of its Praecipe or the scheduling order.

     2.     It is not correct that the parties submitted a proposed Scheduling Order with the

March 22, 2006, Joint Rule 26(f) Report (sic). Prior Counsel for Ellipso, Mark Guberman

who filed the Joint Statement (Document 45), abruptly withdrew from this case on March 22,

2006. Subsequent Counsel for Ellipso never submitted a draft proposal of a Scheduling Order

to the other parties in the case. Moreover, Mr. Guberman's abrupt departure apparently

resulted in a failure by the parties to meet to try to resolve the issues left open by the March 22 Joint Statement. Those issues were: (1) the length of time for discovery (Defendant Patterson requested six months); (2) the creation of a master deposition schedule; (3) the time for expert disclosures; and (4) whether the claims existing at that time should be bifurcated for trial.

3.     The case, moreover, has taken a considerably different posture since March 22, 2006. Defendant Patterson's Counterclaim has been dismissed; Mann Technologies' Counterclaim was subsequently filed and has been sustained as to two Counts; and the parties have exchanged written discovery as to which there is still considerable disagreement. The deficiencies in Ellipso's responses to the Mann Defendants's document requests, for example, were set out in a twenty page letter on October 14 to Counsel for Ellipso. Counsel for Mann has yet to receive a response. A copy of the letter is attached as **Exhibit 1** to this Response. The parties have yet to discuss the deficiencies in the face to face meeting ordered by the Court.

4.     Especially in light of the significant changes to the case since March 22 and the still outstanding discovery questions, it is respectfully submitted that it would have been more efficient and effective for the parties to confer about a proposed scheduling order before one was unilaterally submitted to the Court without notice to the parties this week by Ellipso.

5.     Accordingly, the Mann Defendants request that the Court not enter the order proposed by Ellipso. Instead, Mann requests the Court to order the parties to meet and discuss the outstanding scheduling issues in light of developments since March 22, 2006, and submit a Supplemental Rule 26(f) Statement. Alternatively, Mann asks that the Court convene a Status Conference with the parties at the Court's convenience. Counsel for Mann are available for

such a Status Conference on December 28, January 3, 4, and January 8 -11.

Respectfully submitted,

_____/s/_____
Thomas A. Mauro, Bar No. 184515
1020 Nineteenth Street, N.W.
Suite 400
Washington, D.C. 20036
Tel.: (202) 452-9865
Fax: (202) 452-0092
Attorney for the Counterclaim Plaintiff Mann
Technologies, L.L.C.

**EXHIBIT 1**

# MAURO LAW OFFICES, P.C.
### ATTORNEYS AT LAW
1020 NINETEENTH STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036

THOMAS A. MAURO

ADMITTED IN THE DISTRICT OF COLUMBIA AND
MARYLAND

VOICE:202 452 9865
FACSIMILE:202 452 0092
email: tmauro@tmaurolaw.com

October 14, 2006

**BY FACSIMILE / THEN MAIL**

Matthew H. Goodman, Esq.
Leftwich & Ludaway LLC
1400 K Street, N.W.
Suite 1000
Washington, D.C. 20005

Re:    Ellipso, Inc. v. Mann Technologies, LLC
       Civil Action No. 05ca1186
       First Requests for Production of Documents

Dear Mr. Goodman:

This responds to the Plaintiff's Objections and Responses to the Defendant's First Request for Production of Documents and will constitute our Rule 37 letter requesting Plaintiff to provide complete answers to our First document requests.

**Deficiencies**

We believe your client's responses to the First Requests for Production of Documents were deficient in at least the following respects:

27.    **Request for Production No. 2.**  Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, containing indication of your reliance on the ability of Patterson to provide legal services, or instructing Patterson to provide legal services.

**Response**    Objection.  This request is vague and confusing.  However, without waiving such objection, Plaintiff is attempting to locate documents that satisfy this request to the extent that its meaning can be ascertained.

Matthew H. Goodman, Esq.
October 14, 2006
Page

      The objection provides no basis for the objection asserted. The meaning of the Request is clear: the materials requested are those "containing indication of your reliance on the ability of Patterson to provide legal services" or those "instructing Patterson to provide legal services". Please withdraw the objections immediately.

**27.**    **Request for Production No. 3.** Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to lending institutions identified by Patterson.

      **Response**     Objection. This request is overly broad, unbridled in time and scope and seeks information which is irrelevant and immaterial to this proceeding.

      The objection is improper; the request is limited in time by the duration of Castiel's acquaintance with Patterson, a time completely within the interval in which the events of this case have unfolded. The scope is likewise very limited by the very language of the Request itself. Further, the objection is improper because relevance and materiality are not proper grounds for objection. The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence." Moreover, the objection provides no basis for the objection asserted or reference to authority in prior Court rulings upon which you rely and does not identify the rulings. The Request is, indeed, reasonably calculated to lead to admissible evidence. Please withdraw the objections, and provide a valid, responsive Response immediately.

27.    **Request for Production No. 4.** Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to Patterson's negotiations between Ellipso and The Registry Solutions Co.

      **Response**     Objection. This request is overly broad, unbridled in time and scope and seeks information which is irrelevant and immaterial to this proceeding.

      The objection is improper; the request is limited in time by the duration of Castiel's acquaintance with Patterson, a time completely within the interval in which the events of this case have unfolded. The scope is likewise very limited by the very language of the Request itself. Further, the objection is improper because relevance and materiality are not proper grounds for objection. The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence." Moreover, the objection provides no basis for the objection asserted or reference to authority in prior Court rulings upon which you rely and does not identify the rulings. The Request is, indeed, reasonably calculated to lead to admissible evidence. Please withdraw the objections, and provide a valid, responsive answer immediately.

Matthew H. Goodman, Esq.
October 14, 2006
Page

27. **Request for Production No. 5.**    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to Patterson's negotiations between Ellipso and Ineva, Inc., and between Ellipso and ISP.NET, LLC.

    **Response**    Objection    This request is overly broad, unbridled in time and scope and seeks information which is irrelevant and immaterial to this proceed [sic].

The objection is improper; the request is limited in time by the duration of Castiel's acquaintance with Patterson, a time completely within the interval in which the events of this case have unfolded.  The scope is likewise very limited by the very language of the Request itself.  Further, the objection is improper because relevance and materiality are not proper grounds for objection.  The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence".  Moreover, the objection provides no basis for the objection asserted or reference to authority in prior Court rulings upon which you rely and does not identify the rulings.  The Request is, indeed, reasonably calculated to lead to admissible evidence.  Please withdraw the objections, and provide a valid, responsive answer immediately.

27. **Request for Production No. 7.**    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to the Consulting Agreement executed by Ellipso and Patterson.

    **Response**    Objection    This request seeks information irrelevant and immaterial to the dispute between these parties.  Additionally, this request is overly broad and unbridled in time and scope.

The objection is improper; the request is limited in time by the duration of Castiel's acquaintance with Patterson, a time completely within the interval in which the events of this case have unfolded.  The scope is likewise very limited by the very language of the Request itself.  Further, the objection is improper because relevance and materiality are not proper grounds for objection.  The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence."  The relationship between Castiel and Patterson is at the very heart of this case.  Moreover, the objection provides no basis for the objection asserted or reference to authority in prior Court rulings upon which you rely and does not identify the rulings.  The Request is, indeed, reasonably calculated to lead to admissible evidence.  Please withdraw the objections, and provide a valid, responsive answer immediately.

27. **Request for Production No. 8.**    The hard drives of any computer or computers owned by Castiel or Ellipso, from the time 2002 to the present, the time in 2002 beginning at the introduction of Castiel and Patterson.

Matthew H. Goodman, Esq.
October 14, 2006
Page

**Response**    Objection    This request is overly broad, unduly burdensome and seeks information which is irrelevant and immaterial to this proceeding, as well as proprietary in nature.  Further, this Request would require the production of items protected by the attorney-client privilege.

The objection is improper; the request is limited in time by the duration of Castiel's acquaintance with Patterson, a time completely within the interval in which the events of this case have unfolded.  The scope is likewise very limited by the very language of the Request itself.  Regarding the claim of attorney-client privilege, attention is directed to lettered paragraph f of the Defendant's Request for Production which states "If you claim privilege as to any communication requested by these Requests or as to any answer requested by these Requests, specify the privilege claimed, the communication and/or answer as to which that claim is made, the topic discussed in the communication, and the basis on which you assert that claim."  Your objection fails to state the above-enumerated information as to allegedly privileged matter. Please withdraw the objections, and provide a valid, responsive answer immediately.

27.    **Request for Production No. 9.**    Copies of any data stored on CD, DVD, floppy disk, or other portable storage medium, or printed documents, relating to correspondence including email correspondence between Patterson and Castiel, or between Mann and Castiel, or between Ellipso and Mann, or between Ellipso and Patterson.

**Response**    Objection    This request is overly broad, unbridled in time and scope.  Without waiving such objection, correspondence and e-mails are available for inspection at a date and time convenient to the parties.

The objection is improper; the request is limited in time by the duration of Castiel's acquaintance with Patterson and with Mann, a time completely within the interval in which the events of this case have unfolded.  The scope is likewise very limited by the very language of the Request itself.  The Request is, indeed, reasonably calculated to lead to admissible evidence.  Please withdraw the objections.  Additionally, if the copies of the records noted in your answer have already been supplied to undersigned Counsel, please so state.

27.    **Request for Production No. 10**.    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to the cash flow problems of Ellipso during the years 2002, 2003 and 2004.

**Response**    Objection    Plaintiff objects to this request to the extent that it seeks financial information following execution of the August 1, 2004

Matthew H. Goodman, Esq.
October 14, 2006
Page

> Amendment to the Collateral Loan Agreement. However, without waiving such objection, Plaintiff will make available for inspection and copying year-end 2002 and 2003 and third-quarter 2004 financial statements which will be made available for inspection at a date and time convenient to the parties.

The objection is improper; the request cannot be limited in time by the date of the August 1, 2004 Amendment to the Collateral Loan Agreement. The financial situation of Ellipso during the remainder of 2004 has a bearing on motivation for Plaintiff on other matters involved in this proceeding. Please withdraw the objections, and provide a valid, responsive answer immediately. Additionally, if the copies of the records noted in your answer have already been supplied to undersigned Counsel, please so state.

27.    **Request for Production No. 11.**    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to the potential legal claims faced by Ellipso (which are referred to at numbered paragraph 14 of the Complaint).

> **Response**    Objection    This request is overly broad and burdensome as there are thousands of documents relating to prior litigation which is irrelevant and immaterial to this proceeding. This request would also seek the production of documents protected by attorney-client and attorney work-product privileges. Additionally, Plaintiff states that this documentation is already in the possession of Robert Patterson and Mann Technology.

The objection is improper because relevance and materiality are not proper grounds for objection. The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence." The Request is, indeed, reasonably calculated to lead to admissible evidence. Regarding the claim of attorney-client privilege, attention is directed to lettered paragraph f of the Defendant's Request for Production which states "If you claim privilege as to any communication requested by these Requests or as to any answer requested by these Requests, specify the privilege claimed, the communication and/or answer as to which that claim is made, the topic discussed in the communication, and the basis on which you assert that claim." Your objection fails to state the above-enumerated information as to allegedly privileged matter. Moreover, the claim that the documentation is already in possession of Patterson or Mann, is incorrect and does not relieve Ellipso from producing the documents. Additionally, as to the objection that the request is unduly burdensome, it is presumed that Plaintiff can and will make available for inspection the non-privileged documents, thereby obviating this ground of objection. Please withdraw the objections, and provide a valid, responsive answer immediately.

Matthew H. Goodman, Esq.
October 14, 2006
Page

27. **Request for Production No. 12.**   Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to Patterson and Ellipso Private Holdings, LLC.

   **Response**     Objection     This request seeks information irrelevant and immaterial to this proceeding. However, without waiving this objection, Plaintiff will make available all such documents for inspection and copying at a date and time mutually acceptable to all parties.

   The objection is improper because relevance and materiality are not proper grounds for objection.   The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence." The Request is, indeed, reasonably calculated to lead to admissible evidence.   Please withdraw the objection immediately.   Regarding the availability of the documents, please immediately provide a time and date and location where the documents will be made available for inspection.

27. **Request for Production No. 13.**   Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to the meeting in late 2003 between Patterson, Ellipso, and Mann or Mann Tech, including the names of all persons in attendance.

   **Response**     Objection     This request is vague and incapable of a response as phrased. However, without waiving such objection, Plaintiff states that no such documents are known to exist.

   The objection is improper.   The question is clear; it seeks materials "pertaining to the meeting in late 2003 between Patterson, Ellipso, and Mann or Mann Tech, including the names of all persons in attendance."   Since this request seeks materials including emails, such documents are indeed known to exist.   Therefore, the answer must be incorrect.   Please withdraw the objections, and provide a valid, responsive answer immediately.

27. **Request for Production No. 14.**   Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to Patterson and Ellipso's joint efforts to obtain financing or money from Mann or Mann Tech.

   **Response**     Objection   To the extent that Patterson breached his fiduciary duty to Ellipso by conspiring with Mann and Mann Tech, Plaintiff is unable to identify all efforts undertaken by him to obtain financing or funding from Mann or Mann Tech.   However, without waiving such objection, Plaintiff states that all efforts to obtain financing or funding from Mann or Mann Tech were

Matthew H. Goodman, Esq.
October 14, 2006
Page

           initiated by Patterson and that he would possess this information.  Those
           documents that Ellipso was privy to are available for inspection as a date and
           time mutually convenient to both parties.

      The objection is improper, and is argumentative and conclusory, and purports to change
the Request by introducing a new element ("fiduciary duty") which is not part of the question and
has no bearing whatsoever on the question.  It is noted that this is true because the documents
either do exist, or do not exist, regardless of any fiduciary duty.  Please withdraw the objections,
and provide a valid, responsive answer immediately.  Regarding the availability of the
documents, please immediately provide a time and date and location where the documents will
be made available for inspection, and categorize those documents by reference to this Request.

27.    **Request for Production No. 15.**   Copies of any electronic data, including e-mail,
        correspondence, handwritten notes or other documents between you and any other person
        or entity, between the years 2002 through 2004 pertaining to the estimated date at which
        the Registry Business would develop a stable income stream in the summer of 2004.

        **Response**    This request seeks information irrelevant and immaterial to this proceeding.
        In addition, as Defendant was a member of the entity responsible for the creation of the
        Registry Business, this Defendant has greater access to the information requested.

      The objection is improper because relevance and materiality are not proper grounds for
objection.  The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead
to the discovery of admissible evidence.  The Request is, indeed, reasonably calculated to lead to
admissible evidence.  Further, while Defendant may or may not have some of the requested
materials, it is clear that Defendant does not have all documents, particularly those between
Castiel and persons or entities other than Defendant.  Please withdraw the objections, and
provide a valid, responsive answer immediately.

14.    **Request for Production No. 16.**   Copies of any electronic data, including e-mail,
        correspondence, handwritten notes or other documents between you and any other person or
        entity, pertaining to the negotiations via telephone, facsimile, and e-mail exchanges, in which
        Patterson, Mann, and Castiel negotiated the terms and conditions of the financing arrangement in
        which Mann Tech would loan Ellipso funds.

        **Response**    All such documents are available for inspection at a date and time mutually
               convenient to both parties.

      Regarding the availability of the documents, please immediately provide a time and date
and location where the documents will be made available for inspection, and categorize those

Matthew H. Goodman, Esq.
October 14, 2006
Page

documents by reference to this Request.  If all such documents have already been copied and supplied to the undersigned Counsel, please so state.

15.    **Request for Production No. 17.**   Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to Patterson's role in advising, counseling or urging Ellipso and Castiel of the necessity of signing the documents referred to at number paragraph 20 of the Complaint.

> **Response**     All such documents are available for inspection at a date and time mutually convenient to both parties.

Regarding the availability of the documents, please immediately provide a time and date and location where the documents will be made available for inspection, and categorize those documents by reference to this Request.  If all such documents have already been copied and supplied to the undersigned Counsel, please so state.

16.    **Request for Production No. 18.**   Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to Patterson and the Pledge Agreement.

> **Response**     All such documents are available for inspection at a date and time mutually convenient to both parties.

Regarding the availability of the documents, please immediately provide a time and date and location where the documents will be made available for inspection, and categorize those documents by reference to this Request.  If all such documents have already been copied and supplied to the undersigned Counsel, please so state.

27.    **Request for Production No. 19.**   Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to Patterson and the Amendment to Collateralized Loan Agreement.

> **Response**     All such documents are available for inspection at a date and time mutually convenient to both parties.

Regarding the availability of the documents, please immediately provide a time and date and location where the documents will be made available for inspection, and categorize those documents by reference to this Request.  If all such documents have already been copied and supplied to the undersigned Counsel, please so state.

Matthew H. Goodman, Esq.
October 14, 2006
Page

18.    **Request for Production No. 20.**    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to the Memorandum of Agreement with Registry, and also pertaining to the three amendments to the Memorandum.

      **Response**    Objection    This request seeks information irrelevant and immaterial to this proceeding.

      The objection is improper because relevance and materiality are not proper grounds for objection.  The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence."  Moreover, the objection provides no basis for the objection asserted or reference to authority in prior Court rulings upon which you rely and does not identify the rulings.  The Request is, indeed, reasonably calculated to lead to admissible evidence.  Please withdraw the objections and provide a valid, responsive answer immediately.

19.    **Request for Production No. 21.**  Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to Ellipso's failure to meet several of the scheduled payments on the Memorandum or Amended Memorandum.

      **Response**    Objection    Thos [sic] request is vague in that it fails to identify the Memorandum or Amended Memorandum referred to.  To the extent that this request seeks information relating to TRSC, Plaintiff objects on relevancy and materiality grounds.

      The request is not vague, because in regard to Ellipso, there is only one Memorandum and one Amended Memorandum requiring scheduled payments.  The request is thereby clear.  Further, the objection is improper because relevance and materiality are not proper grounds for objection.  The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence.  The information goes to motive of Ellipso and Castiel.  The Request is, indeed, reasonably calculated to lead to admissible evidence.  Please provide a valid, responsive answer immediately.

20.    **Request for Production No. 22.**  Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to the Asset Purchase Agreement with ISP.NET and Ineva, including a copy of the contract or contracts between Ellipso and ISP.NET or between Ineva and ISP.NET.

      **Response**    Objection    This request seeks information irrelevant and immaterial to this proceeding.  However, without waiving such objection, all such

Matthew H. Goodman, Esq.
October 14, 2006
Page

>       documents are available for inspection at a date and time convenient to the
>       parties.

   The objection is improper because relevance and materiality are not proper grounds for
objection. The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead
to the discovery of admissible evidence." The Request is, indeed, reasonably calculated to lead to
admissible evidence related to motive. Please provide a valid, responsive answer immediately.
Regarding the availability of the documents, please immediately provide a time and date and
location where the documents will be made available for inspection, and categorize those
documents by reference to this Request. If all such documents have already been copied and
supplied to the undersigned Counsel, please so state.

21.    **Request for Production No. 23.**   Copies of any electronic data, including e-mail,
correspondence, handwritten notes or other documents between you and any other person or
entity, pertaining to the "accounting" provided to Ellipso by ISP.NET.

>       **Response**    Objection    This request seeks information irrelevant and immaterial to
>       this proceeding.   However, without waiving such objection, all such
>       documents are available for inspection at a date and time convenient to the
>       parties.

   The objection is improper because relevance and materiality are not proper grounds for
objection. The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead
to the discovery of admissible evidence." The Request is, indeed, reasonably calculated to lead to
admissible evidence. Please provide a valid, responsive answer immediately. Regarding the
availability of the documents, please immediately provide a time and date and location where the
documents will be made available for inspection, and categorize those documents by reference to
this Request. If all such documents have already been copied and supplied to the undersigned
Counsel, please so state.

22.    **Request for Production No. 24.**    Copies of any electronic data, including e-mail,
correspondence, handwritten notes or other documents between you and any other person or
entity, pertaining to communications by Patterson in connection with the Purchase Agreement
referred to at numbered paragraph 35 of the Complaint.

>       **Response**    Objection    This request seeks information irrelevant and immaterial to
>       this proceeding.   However, without waiving such objection, all such
>       documents are available for inspection at a date and time convenient to the
>       parties.
   The objection is improper because relevance and materiality are not proper grounds for
objection. The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead

Matthew H. Goodman, Esq.
October 14, 2006
Page

to the discovery of admissible evidence." The Request is, indeed, reasonably calculated to lead to admissible evidence, and the relevance is certain to exist since founded in Plaintiff's own Complaint. Thus, this objection cannot have been made in good faith. Please withdraw the objections and provide a valid, responsive answer immediately. Regarding the availability of the documents, please immediately provide a time and date and location where the documents will be made available for inspection, and categorize those documents by reference to this Request. If all such documents have already been copied and supplied to the undersigned Counsel, please so state.

23.    **Request for Production No. 25.**    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to the "financial and other advice" that the Lender allegedly gave to Ellipso, referred to at numbered paragraphs 45(c) and 46(b) of the Complaint.

>    **Response**    All such documents, if any, are available for inspection at a date and time mutually convenient to both parties.

Regarding the availability of the documents, please immediately provide a time and date and location where the documents will be made available for inspection, and categorize those documents by reference to this Request. Regarding the existence of such documents, please state whether such documents do or do not in fact exist. If all such documents have already been copied and supplied to the undersigned Counsel, please identify which ones and so state.

24.    **Request for Production No. 26.**    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to all meetings between Castiel and Mann, and between Castiel and Patterson and Mann.

>    **Response**    All such documents, if any, are available for inspection at a date and time mutually convenient to both parties.

Regarding the availability of the documents, please immediately provide a time and date and location where the documents will be made available for inspection, and categorize those documents by reference to this Request. Regarding the existence of such documents, please state whether such documents do or do not in fact exist. If all such documents have already been copied and supplied to the undersigned Counsel, please identify which ones and so state.

25.    **Request for Production No. 28.**    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to financial records relating to payments, loans, or investments provided to Ellipso or to Castiel by Mann or by Mann Tech.

Matthew H. Goodman, Esq.
October 14, 2006
Page

      **Response**    Objection    This request is vague and confusing.  Also, the compound nature of the Request hinders a proper response.

    The objection is improper, since the Request clearly states that materials "pertaining to financial records" of the type specified, i.e. those provided by Mann or Mann Tech to Ellipso or Castiel.  Rule 26 requires a good faith attempt to read the Request.  Please withdraw the objections and provide a valid, responsive answer immediately.

26.    **Request for Production No. 29.**    A copy of the federal and state tax returns for Ellipso, Inc. for the years 2002 through 2006.

      **Response**    Objection    Plaintiff objects to this request on the grounds that it seeks information which is irrelevant and immaterial to this proceeding, as the collateral securing the loan was not tied to Ellipso's business.

    The objection is improper because relevance and materiality are not proper grounds for objection.  The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence." The Request is, indeed, reasonably calculated to lead to admissible evidence.  The requested materials go to motive and damages, among other things.  Please withdraw the objections and provide a valid, responsive answer immediately.  Regarding the availability of the documents, please immediately provide a time and date and location where the documents will be made available for inspection, and categorize those documents by reference to this Request.

27.    **Request for Production No. 30**.  A copy of the federal and state tax returns for David Castiel for the years 2002 through 2006.

      **Response**    Objection    This request seeks information irrelevant and immaterial to this proceeding.  It also exceeds the relevant time frame set forth in the various pleadings in this case.  David Castiel also asserts a privacy interest in these documents.

    The objection is improper because relevance and materiality are not proper grounds for objection.  The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence." The Request is, indeed, reasonably calculated to lead to admissible evidence.  The requested materials go to motive and damages, among other things.  Regarding the time frame, this is well within the parameters of this proceeding, inasmuch as the issues of fraud and motive extend throughout this period.  Please withdraw the objections and provide a valid, responsive answer immediately.  Regarding the availability of the documents,

Matthew H. Goodman, Esq.
October 14, 2006
Page

please immediately provide a time and date and location where the documents will be made available for inspection, and categorize those documents by reference to this Request.

28     **Request for Production No. 31.**  A copy of the federal and state tax returns for the years 2002 through 2006 for any company or corporation wholly or partially owned by Ellipso, Inc.

        **Response**     Objection    This request seeks information irrelevant and immaterial to this proceeding. It also exceeds the relevant time frame set forth in the various pleadings in this case.

        The objection is improper because relevance and materiality are not proper grounds for objection.  The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence." The Request is, indeed, reasonably calculated to lead to admissible evidence.  The requested materials go to motive and damages, among other things. Regarding the time frame, this is well within the parameters of this proceeding, inasmuch as the issues of fraud and motive extend throughout this period.  Please withdraw the objections and provide a valid, responsive answer immediately.  Regarding the availability of the documents, please immediately provide a time and date and location where the documents will be made available for inspection, and categorize those documents by reference to this Request.

29     **Request for Production No. 32**.  A copy of the federal and state tax returns for the years 2002 through 2006 for any company or corporation wholly or partially owned by David Castiel.

        **Response**     Objection    This request seeks information irrelevant and immaterial to this proceeding. It also exceeds the relevant time frame set forth in the various pleadings in this case.

        The objection is improper because relevance and materiality are not proper grounds for objection.  The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence." The Request is, indeed, reasonably calculated to lead to admissible evidence.  The requested materials go to motive and damages, among other things. Regarding the time frame, this is well within the parameters of this proceeding, inasmuch as the issues of fraud and motive extend throughout this period.  Please withdraw the objections and provide a valid, responsive answer immediately.  Regarding the availability of the documents, please immediately provide a time and date and location where the documents will be made available for inspection, and categorize those documents by reference to this Request.

30     **Request for Production No. 33.**  Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to John Mann.

Matthew H. Goodman, Esq.
October 14, 2006
Page

**Response**    Objection    This request is overly broad, unbridled in time and scope and seeks information which is irrelevant and immaterial to this proceeding. Without waiving such objection, all such documents are available for inspection at a date and time mutually convenient to both parties.

The objection is improper because relevance and materiality are not proper grounds for objection. The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence." The Request is, indeed, reasonably calculated to lead to admissible evidence. Please withdraw the objections immediately. The objection states that the documents are available for inspection; if all such documents have already been copied and supplied to the undersigned Counsel, please so state.

31    **Request for Production No. 34.**    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to Mann Tech.

**Response**    Objection    This request is overly broad, unbridled in time and scope and seeks information which is irrelevant and immaterial to this proceeding. Without waiving such objection, all such documents are available for inspection at a date and time mutually convenient to both parties.

The objection is improper because relevance and materiality are not proper grounds for objection. The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence." The Request is, indeed, reasonably calculated to lead to admissible evidence. Please withdraw the objections immediately. The objection states that the documents are available for inspection; if all such documents have already been copied and supplied to the undersigned Counsel, please so state.

32    **Request for Production No. 35.**    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to David Patterson.

**Response**    Objection    Plaintiff is unaware of any documents that pertaining [sic] to David Patterson.

The Request should properly have read "Robert Patterson" rather than "David Patterson". Please change the Request to read "Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to Robert Patterson." Please respond to this revised Request.

Matthew H. Goodman, Esq.
October 14, 2006
Page

33    **Request for Production No. 36.**    Copies of employment agreements, invoices,
receipts, of any consultants hired or otherwise employed by Ellipso, Inc. or by David Castiel,
during the period 2002-2006.

> **Response**    Objection    This request is overly broad and seeks information irrelevant
> and immaterial to the dispute between these parties.

The objection is improper because relevance and materiality are not proper grounds for
objection.  The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead
to the discovery of admissible evidence." The Request is, indeed, reasonably calculated to lead to
admissible evidence, inasmuch as the information requested will yield witnesses to the facts and
motives in this proceeding.  Please provide a valid, responsive answer immediately.

34    **Request for Production No. 37.**    Copies of employment agreements, invoices, and
receipts, pertaining to Juan Tomassoni during the period 2002-2006.

> **Response**    Objection    This request is overly broad and seeks information irrelevant
> and immaterial to the dispute between these parties.

The objection is improper because relevance and materiality are not proper grounds for
objection.  The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead
to the discovery of admissible evidence." The Request is, indeed, reasonably calculated to lead to
admissible evidence, inasmuch as the information requested will yield details of facts and
motives pertinent in this proceeding.  Please provide a valid, responsive answer immediately.

35    **Request for Production No. 39.**    Copies of any document which supports or refutes
any allegation in the Complaint.

> **Response**    All such documents will be available for inspection and copying at a date
> and time mutually convenient to both parties.

The objection states that the documents are available for inspection; if all such documents
have already been copied and supplied to the undersigned Counsel, please so state.

36    **Request for Production No. 41.**    A list of companies in which David Castiel held the
position of officer and/or director from 1990 to the present.

> **Response**    Objection    This request is overly broad and seeks information irrelevant
> and immaterial to the dispute between these parties.

Matthew H. Goodman, Esq.
October 14, 2006
Page

The objection is improper because relevance and materiality are not proper grounds for objection. The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence." The Request is, indeed, reasonably calculated to lead to admissible evidence, since Castiel's associations and past positions may be relevant to motive or past similar patterns of conduct relevant to issues present in this proceeding. Please withdraw the objections and provide a valid, responsive answer immediately.

37    **Request for Production No. 42.**    All electronic data generated by, received by, containing any information about or otherwise relating to John Mann, Mann Tech, David Patterson, or Juan Tomassoni.

**Response**    Objection    This request is overly broad and seeks information irrelevant and immaterial to this proceeding. Without waiving such objection, documents by and between Ellipso, John Mann and Mann Tech will be available for inspection and copying at a date and time mutually convenient to all parties. Plaintiff is unaware of any documents pertaining to a David Patterson. Documents pertaining to Juan Tomassoni are irrelevant and immaterial to this proceeding, and covered by a confidentiality agreement.

The objection is improper because relevance and materiality are not proper grounds for objection. The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence." The Request is, indeed, reasonably calculated to lead to admissible. Regarding the confidentiality agreement, such agreements are not applicable in court proceedings; testimony and evidence must be given. Please withdraw the objections. If all such documents have already been copied and supplied to the undersigned Counsel, please so state. Regarding the availability of the documents, please immediately provide a time and date and location where the documents will be made available for inspection. Regarding the objection to the name "David Patterson", the Request should properly have read "Robert Patterson" rather than "David Patterson". Please change the Request to read "All electronic data generated by, received by, containing any information about or otherwise relating to John Mann, Mann Tech, David Patterson, or Juan Tomassoni." Please respond to this revised Request.

38    **Request for Production No. 43.**    All electronic data generated by, received by, containing any information about or otherwise relating to the 881 Telephone Service or the Registry.

**Response**    Objection    Objection to the extent that this request seeks information which is irrelevant and immaterial to this proceeding. This request is also overly broad and vague as phrased.

Matthew H. Goodman, Esq.
October 14, 2006
Page

The objection is improper because relevance and materiality are not proper grounds for objection. The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence." Moreover, the objection provides no basis for the objections. The Request is, indeed, reasonably calculated to lead to admissible evidence. Regarding the objection as overly broad and vague, the Request specifically delimits itself to the 881 Telephone Service or the Registry, both clearly delimited in time and extent, and both clearly relevant to the matters in dispute in this proceeding. Please withdraw the objections and provide a valid, responsive answer immediately.

39    **Request for Production No. 44.**    Any and all backup tapes or other storage media, whether on-line or offline, which may contain electronic data identified and requested herein, and refrain from overwriting or deleting information contained thereon.

   **Response**  Objection    Plaintiff repleads and incorporates the objections by Defendant to this same request propounded by the Plaintiff.

The objection is improper, because it does not assert any specific grounds of objection. Reference to other materials in other sources is not proper. Moreover, objections applicable to one party are not necessarily applicable to another party; the objections must be stated specifically and not by reference. Please withdraw your objections, or state your objections with specificity, and provide a valid, responsive answer immediately.

40    **Request for Production No. 45.**    Electronic data including calendars, diaries, schedules and/or planners that relate or refer to John Mann, Mann Tech, David Patterson, Juan Tomassoni, the Registry, or the 881 Telephone Service.

   **Response**  Objection    Plaintiff repleads and incorporates the objections by Defendant to this same request propounded by the Plaintiff. Without waiving such objection, documents by and between Ellipso, John Mann and Mann Tech will be available for inspection and copying at a date and time mutually convenient to all parties. Plaintiff is unaware of any documents pertaining to a David Patterson. Documents pertaining to Juan Tomassoni are irrelevant and immaterial to this proceeding and covered by a confidentiality agreement. Documents pertaining to the Registry and 881 Telephone service are irrelevant and immaterial and covered by a binding arbitration agreement.

The objection is improper, because it does not assert any specific grounds of objection. Reference to other materials in other sources is not proper. Moreover, objections applicable to one party are not necessarily applicable to another party; the objections must be stated specifically and not by reference. Please withdraw your objections, or state your objections with

Matthew H. Goodman, Esq.
October 14, 2006
Page

specificity, and provide a valid, responsive answer immediately.  Further, the objection is improper because relevance and materiality are not proper grounds for objection.  The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence."  Moreover, the objection provides no basis for the objection.  The Request is, indeed, reasonably calculated to lead to admissible evidence.  Please provide a valid, responsive answer immediately.  Regarding the confidentiality agreement, such agreements are not applicable in court proceedings; testimony and evidence must be given. . Regarding the objection to the name "David Patterson", the Request should properly have read "Robert Patterson" rather than "David Patterson".  Please change the Request to read "Electronic data including calendars, diaries, schedules and/or planners that relate or refer to John Mann, Mann Tech, Robert Patterson, Juan Tomassoni, the Registry, or the 881 Telephone Service."  Please respond to this revised Request.

41     **Request for Production No. 46.**     All electronic versions of any document requested herein.

        **Response**     Objection     Plaintiff repleads and incorporates the objections by Defendant to this same request propounded by the Plaintiff.

The objection is improper, because it does not assert any specific grounds of objection.  Reference to other materials in other sources is not proper.  Moreover, objections applicable to one party are not necessarily applicable to another party; the objections must be stated specifically and not by reference.   Please withdraw your objections, or state your objections with specificity, and provide a valid, responsive answer immediately.

42     **Request for Production No. 47.**     Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to Sunburst.

        **Response**     Objection     This request seeks information irrelevant and immaterial to this proceeding.

The objection is improper because relevance and materiality are not proper grounds for objection.  The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence."  Moreover, the objection provides no basis for the objection.  The Request is, indeed, reasonably calculated to lead to admissible evidence.  Please withdraw the objections and provide a valid, responsive answer immediately.

43     **Request for Production No. 48.**     All electronic data generated by,  received by, containing any information about or otherwise relating to Sunburst.

Matthew H. Goodman, Esq.
October 14, 2006
Page

      **Response**      Objection     This request seeks information irrelevant and immaterial to this proceeding.

      The objection is improper because relevance and materiality are not proper grounds for objection. The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence." Moreover, the objection provides no basis for the objection. The Request is, indeed, reasonably calculated to lead to admissible evidence. Please withdraw the objections and provide a valid, responsive answer immediately.

44    **Request for Production No. 49.**    Copies of any checks, W2's, 1099's, or time records relating to Patterson.

      **Response**      Objection     This request seeks information irrelevant and immaterial to this proceeding. Plaintiff also states that since Patterson is a member of Mann Tech, this Defendant has equal to greater access to the requested information.

      The objection is improper because relevance and materiality are not proper grounds for objection. The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence." Moreover, the objection provides no basis for the objection. The Request is, indeed, reasonably calculated to lead to admissible evidence; the specific financial relationship and working relationship between Castiel and Patterson is highly relevant to this proceeding. Further, regarding access to the information in question, such information is believed to be entirely within the control of Castiel and/or Ellipso; moreover, Defendants seek those records held by Castiel and Ellipso. Please withdraw the objections and provide a valid, responsive answer immediately.

45.    **Request for Production No. 50.**    Copies of all complaints filed for and against Castiel and/or Ellipso, whether filed in a court of law or filed in an administrative proceeding.

      **Response**      Objection     This request is overly broad and seeks information irrelevant and immaterial to this proceeding.

      The objection is improper because relevance and materiality are not proper grounds for objection. The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence." Moreover, the objection provides no basis for the objection. The Request is, indeed, reasonably calculated to lead to admissible evidence. As to the objection as overly broad, the Request delimits the materials clearly, and all such materials have relevance as to motive, past patterns of conduct which may have a bearing on the present proceeding, and past business relationships which may have a bearing on the present dispute. Please withdraw the objections and provide a valid, responsive answer immediately.

Matthew H. Goodman, Esq.
October 14, 2006
Page

     This concludes our discussion. We look forward to your prompt response.

                Sincerely yours,

                 /s/
                Thomas A. Mauro

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Response of John B. Mann and Mann Technologies, L.L.C. to Ellipso's Praecipe (Document 92) Submitting Proposed Scheduling Order has been mailed first class, postage prepaid, this 15th day of December, 2006 to :

Robert B. Patterson, *pro se*
11775 Stratford House Road
Reston, Virginia 20190

_____
Thomas A Mauro