IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ELLIPSO, INC.** | ) | |
| | ) | |
|     **Plaintiff and Counterclaim** | ) | |
|     **Defendant** | ) | |
| | ) | |
|     v. | ) | Case No. 05cv01186 (RCL) |
| | ) | |
| **JOHN B. MANN, et al.** | ) | Judge: Royce C. Lamberth |
| | ) | |
|     **Defendants and Counterclaim** | ) | |
|     **Plaintiffs** | ) | |

### PLAINTIFF'S REPLY TO MANN'S RESPONSE TO PRAECIPE REQUESTING ENTRY OF SCHEDULING ORDER

Ellipso, Inc. ("Ellipso"), through counsel, hereby submits the following Reply to clarify statements contained in the Mann Defendant's Response to Praecipe Requesting Entry of Scheduling Order, and states as follows:

1. Counsel for Mann Defendants is aware that the undersigned took over the handling of this file from another attorney in April 2006.

2. On July 25, 2006, counsel for Mann Defendants telephoned the undersigned to suggest that Ellipso's discovery requests were premature since the Court had not entered the scheduling order. During this conversation, the undersigned commented on the fact that the scheduling order had been pending with the Court for since March and inquired into whether counsel for the Mann Defendants received any indication that the scheduling order had been entered. Counsel for Mann Defendants confirmed his lack of receipt of the scheduling order. At no time during this conversation, or anytime thereafter, did counsel for Mann Defendants indicate that a scheduling order had never been submitted to the Court.

3. On September 8, 2006, the undersigned contacted Tom Bedner, the clerk for Judge Lamberth, to inquire into the status of the scheduling order and Plaintiff's March 6, 2006 Motion to Dismiss. Counsel was advised that Judge Lamberth had been presiding over a lengthy trial.

4. By correspondence dated September 29, 2006, the Mann Defendants' objected to a subpoena issued by Ellipso to UBS Financial Services based on a January 31, 2006 Order preventing the re-issuance of the subpoena until the Court issued the scheduling order.[1] (Exhibit 1) Again, counsel for Mann Defendants was silent as to lack of a proposed scheduling order having been submitted to the Court even though Local Rule 16.3(d) requires all parties to submit a written report outlining the discovery plan and a proposed scheduling order. Given the repeated silence by counsel for Mann Defendants, the undersigned was under the impression that a proposed scheduling order had been submitted to the Court for approval.

5. The Mann Defendants' sudden interest in a master deposition schedule is perplexing. The Mann Defendants were not concerned by the lack of a master deposition schedule when they attempted to schedule the deposition of Mr. Tomassoni in June 2006 or the deposition of Mr. Castiel in September 2006. In fact, the first time the Mann Defendants raised the issue of a master deposition schedule occurred when Ellipso sought to schedule the depositions of Defendants John Mann and Robert Patterson.[2]

6. The Mann Defendants have also mislead the Court by stating that Ellipso never responded to their October 14, 2006 correspondence concerning discovery. To the contrary, it was counsel for Ellipso who initiated a meeting on November 9, 2006 to discuss outstanding

---

[1] Ellipso withdrew the subpoena.

[2] Not until December 18, 2006, did counsel for the Mann Defendants mention an agreement to discuss a master deposition schedule with former counsel for Ellipso.

discovery disputes. The parties were unable to address all outstanding discovery issues at this meeting and agreed to meet the following week at the law offices of counsel for the Mann Defendants. A day before the scheduled meeting, counsel for Mann Defendants contacted the undersigned to apologize for having to cancel the meeting on such short notice and indicated that he would reschedule the meeting once he had a better idea as to his availability. Counsel made no subsequent effort to reschedule the meeting.

7. If a proposed scheduling order was not previously submitted to the Court, Ellipso apologizes for the omission and for any confusion caused by its recently submitted Praecipe. Ellipso requests that the proposed scheduling order be issued, but will defer to the Court on how to best proceed.

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**

_____//s//_____
Natalie Ludaway, #405149
Matthew H. Goodman, #445404
1400 K Street, NW
Suite 1000
Washington, DC  20005
(202) 434-9116 (voice)
*Counsel for Ellipso, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 19th day of December, 2006, the foregoing Reply to Response to Praecipe was served electronically upon:

THOMAS MAURO, ESQ.
1020 19th Street, N.W., Suite 400
Washington, D.C. 20036
*Counsel for Defendant John B. Mann and Mann Technologies*

And via regular, first-class mail upon:

Robert Patterson, pro se
111775 Stratford House Place
#407
Reston, VA 20190

_____//s//_____
Matthew H. Goodman
*Counsel for Ellipso, Inc.*