## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELLIPSO, INC.** ) | |
| ) | |
| **Plaintiff and Counterclaim** ) | |
| **Defendant** ) | |
| ) | |
| **v.** ) | **Case No. 05cv01186 (RCL)** |
| ) | |
| **JOHN B. MANN, et al.** ) | **Judge: Royce C. Lamberth** |
| ) | |
| **Defendants and Counterclaim** ) | |
| **Plaintiffs** ) | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN MANN AND MANN TECHNOLOGY'S MOTION FOR AN EXTENSION OF TIME WITHIN WHICH TO FILE THIRD PARTY OR CROSS CLAIMS

Plaintiff, Ellipso, Inc. ("Ellipso"), by way of Opposition to the Motion for Extension of Time Within Which To File Third Party or Cross Claims filed by Defendants John Mann and Mann Technology ("Mann Defendants"), respectively states that Mann Defendants have had ample opportunity to file any necessary third-party or cross-claims in this matter, and that their eleventh hour is untimely, disingenuous and should be denied.

I.    FACTUAL BACKGROUND:

Ellipso first filed its lawsuit against Defendants on June 14, 2005.   On April 4, 2006, Mann Defendants filed a Consent Motion for Leave to File Counterclaim and attached a Counter-claim to their motion.   On May 10, 2006, the Mann Defendants filed an Amended Counter-claim.

The parties engaged in substantial discovery over the following 10 months.  Ellipso propounded interrogatories and a request for production of documents on Co-defendant Robert Patterson ("Patterson") and the Mann Defendants in July 2006.  Patterson never responded to

Ellipso's discovery requests.[1]  The Mann Defendants objected to several of Ellipso's discovery requests on the grounds that the requested information was subject to a "joint defense agreement" and thus privileged.   (Exhibit 1).  As recently as January 29, 2007, during a meeting between the parties to discuss outstanding discovery issues and to formulate a new scheduling order, the Mann Defendants reasserted their "joint defense privilege" in refusing to produce information requested by Ellipso during discovery.

Robert Patterson did not propound any discovery upon the parties.  The Mann Defendants propounded discovery upon Ellipso only.  The Mann Defendants have not propounded any discovery upon Robert Patterson, presumably since Patterson is cooperating with his Co-defendants under the aforementioned "joint defense agreement."

II.    LEGAL ARGUMENT

In support of their motion, Mann Defendants state that they have not received any discovery materials from Patterson and that "without such discovery materials [Mann Defendants] have been unable to determine whether they should file third party or cross claims." Mann Defendants' position is disingenuous, without merit and cannot support the eleventh-hour relief requested in their motion.  As noted above, Mann Defendants and Patterson have been defending this case under a 'joint defense agreement" for nearly two years.  To justifiably assert the privilege, Mann Defendants and Patterson were required to be part of an on-going and joint effort to set up a common legal defense strategy in connection with the litigation.  Minebea Co.,

---

[1] By Order dated January 5,, 2007, the Court granted Ellipso's Motion to Compel Discovery and requested that Ellipso file an affidavit setting forth its attorney's fees within ten days of the date of the Order.  An Affidavit for Attorney's Fees was filed on January 8, 2007.  No action has been taken by the Court with respect to the Affidavit.

Ltd., v. Papst, 228 F.R.D. 13 (U.S.D.C. 2005).[2] Through their instant motion, the Mann

Defendants would now have this Court declare that the "joint defense agreement" asserted by

them was a hoax and that their interests are now, perhaps, not common.   Defendants cannot have

it both ways.

    In addition, the Mann Defendants do not require Patterson's discovery responses to

Ellipso's discovery requests in order to ascertain whether there exist any outstanding third-party

claims or cross-claims.  Had this discovery been so important to their case, Mann Defendants

would have served discovery requests on Patterson.   Moreover, Ellipso's discovery requests to

Patterson relate to Patterson's communications with and role in Mann Technologies. They do not

seek information which was not known to Mann Defendants or which would disclose the

existence of a third-party claim or cross-claim – especially in light of Mann Defendants' recent

representations that the potential subject of its third-party claim is David Castiel, CEO of

Ellipso.[3]

    This litigation has been pending before the Court for nearly two years, during which time

Mann Defendants asserted a Counterclaim and sought and received leave to amend their

Counterclaim.  Now, at the eleventh hour, Mann Defendants seek to bootstrap their request for

leave to add new parties to this case on the specious ground that Patterson, a joint defense co-

defendant, has not responded to Ellipso's discovery responses.   Mann Defendants have known

for months that Patterson had not responded to Ellipso's discovery requests, yet at no time did

the Mann Defendants seek to protect their own alleged interests by serving discovery on

---

[2]    By correspondence dated October 30, 2006, counsel for Mann Defendants was advised of the requirement that Mann Defendants and Patterson share a common legal defense for the agreement to be effective.  (Exhibit 2)(only the relevant first page of the correspondence is provided due to the document's length)

[3]    It defies all logic that Ellipso's discovery requests to Patterson will somehow assist the Mann Defendants in ascertaining whether a third-party claim against David Castiel or cross-claim against Patterson is warranted.

Patterson or joining in Ellipso's efforts to compel Patterson to provide his discovery responses. Ellipso maintains that Mann Defendants' stated basis for extending the time to add parties to this case is insufficient and that their motion should be denied. Moreover, extending the time to file third-party or cross-claims will undoubtedly cause yet another delay in the Scheduling Order, as the parties would need additional time to propound discovery and schedule depositions.

If the Court is inclined to grant Mann Defendants' motion, which Ellipso strenuously opposes, Ellipso would request that the deadline not be limited to third-party or cross-claims, but to extend the time for asserting new claims.[4]

WHEREFORE, Ellipso respectfully requests that Mann Defendants' Motion For An Extension of Time Within Which To File Third Party Or Cross-Claim be denied.

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**


_____//s//_____
Natalie Ludaway, #405149
Matthew H. Goodman, #445404
1400 K Street, NW
Suite 1000
Washington, DC  20005
(202) 434-9109 (voice)
*Counsel for Ellipso, Inc.*

---

[4]    During discovery, Mann Tech revealed its ongoing involvement in Ellipso's 881-vanity service.  If Mann Defendants are permitted to add new parties, Ellipso requests to amend the Complaint based on Mann Tech's apparent misappropriation or expropriation of Ellipso's 881-vanity service.

4

## CERTIFICATE OF SERVICE

I certify that on this 19th day of March 2007, the foregoing Plaintiff's Opposition to Motion for an Extension of Time Within Which to File Third-Party or Cross-Claim was served electronically upon:

THOMAS MAURO, ESQ.
1020 19th Street, N.W., Suite 400
Washington, D.C. 20036
Counsel for Defendant John B. Mann and Mann Technologies


And via regular, first-class mail upon:

ROBERT B. PATTERSON, pro se
11775 Stratford House Place
#407
Reston, VA 20190

_____//s//_____
Matthew H. Goodman

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELLIPSO, INC., | ) | |
| | ) | |
| Plaintiff and Counterclaim | ) | |
| Defendant, | ) | |
| | ) | Case No. 05cv001186 (RCL) |
| v. | ) | |
| | ) | Judge: Royce C. Lamberth |
| John B. Mann, et al., | ) | |
| | ) | |
| Defendants and Counterclaim | ) | |
| Plaintiffs | ) | |

**JOHN B. MANN'S RESPONSE TO PLAINTIFF'S
FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

COMES NOW Defendant and Counterclaim Plaintiff John B. Mann ("Defendant"),

through his undersigned attorney, and respectfully submits these Responses to Plaintiff and

Counterclaim Defendant's First Requests for Production of Documents as follows:

(a)    The information contained in these Responses is being provided in accordance

with F. R. Civ. P 34.  Accordingly, by providing these responses Defendant does not waive

objections to their admission in evidence on grounds of materiality or relevancy or other proper

grounds for objection.

(b) The word usage and sentence structure are that of the attorney preparing these

Responses.

(c) These Responses are provided in accordance with F. R. Civ. P 34, and not necessarily

in accordance with any instructions or definitions in the Requests. Defendant objects to any

instructions or definitions which extend the scope of discovery allowed by or the requirements of

the Civil Rules of the Court.

GENERAL OBJECTIONS

1

The following objections are hereby incorporated in each and every of the specific responses by reference, as though fully forth below:

1.    The Responses and objections set forth below represent only information currently available and known following a reasonable and diligent investigation in responding to these Requests with the time and resources available, and do not preclude Defendant from later relying upon facts or documents discovered or generated pursuant to further investigation or discovery which may be conducted subsequent to the date of these Responses. Defendant reserves the right to supplement or revise these Responses and objections at any time, as required under any rule of Court at Defendant's sole discretion.

2.    Defendant objects to each and every Request to the extent it seeks admission of confidential communications between Defendant and his attorneys or to the extent it seeks the production of attorney work product or trial preparation materials.

3.    Defendant objects to Plaintiff's definitions on the grounds that they are overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

4.    Defendant objects to Plaintiff's "Instructions" on the grounds that they are overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSES AND SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

Request #1:    Copies of any electronic data, including e-mail, correspondence, handwritten notes, memoranda or other document between John Mann and Robert Patterson concerning David Castiel and/or Ellipso.

RESPONSE:    Defendant objects to this Request to the extent it requires documents created after

2

this lawsuit was filed. Such documents are subject to a joint defense agreement and are therefore privileged. Defendant further objects to this request because it does not limit the time period covered by the request. Notwithstanding the latter objection, the documents which are not subject to privilege will be produced and are available for inspection at the offices of Counsel for the Defendant.

Request #2:    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other document containing any representation or promise made to John Mann by David Castiel or Ellispo concerning the viability of 881 telephone service.

RESPONSE: The documents will be produced and are available for inspection at the offices of Counsel for the Defendant.

Request #3:    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other document containing any representation or promise made to John Mann by David Castiel or Ellispo concerning the expected or anticipated date of implementation of the 881 telephone service.

RESPONSE: The documents will be produced and are available for inspection at the offices of Counsel for the Defendant.

Request #4:    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other document containing any representation or promise made to John Mann by David Castiel or Ellispo concerning all aspects of the 881 telephone service.

RESPONSE: The documents will be produced and are available for inspection at the offices of Counsel for the Defendant.

Request #5:    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other document containing that supports your allegation that David Castiel and/or

3

Ellipso engaged in fraud against you, or fraudulently induced you to invest in Ellipso.

RESPONSE: The documents will be produced and are available for inspection at the offices of Counsel for the Defendant.

Request #6:    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other document containing that supports your contention that David Castiel and/or Ellipso made false statements, omissions and deceptions concerning their ability to develop and implement the 881 telephone service.

RESPONSE: The documents will be produced and are available for inspection at the offices of Counsel for the Defendant.

Request #7:    Copies of all invoices, receipts, memoranda, electronic data, including email or other document evidencing each payment made by John Mann to David Castiel and/or Ellipso.

RESPONSE: The documents will be produced and are available for inspection at the offices of Counsel for the Defendant.

Request #8:    Copies of any document supporting your contention that John Mann has incurred expenditures of cash in excess of $350,000 and time of over $200,000, as alleged in the Amended Counterclaim.

RESPONSE: The documents will be produced and are available for inspection at the offices of Counsel for the Defendant.

Request #9:    Copies of any document reflecting payment made by Ellipso to John Mann.

RESPONSE: There are no such documents in Defendant's possession at this time.

Request #10:    Copies of any documents reflecting payments made by John Mann to Ellipso and/or David Castiel.

RESPONSE: The documents will be produced and are available for inspection at the offices of

4

Counsel for the Defendant.

Request #11:    Copies of any default notices sent by John Mann to David Castiel and/or Ellipso.

RESPONSE: There are no such documents.

Request #12:    Copies of all correspondence, letters or emails sent by John Mann to David

Castiel and/or Ellipso relating to the Collateralized Loan Agreement and amendments thereto.

RESPONSE: The documents will be produced and are available for inspection at the offices of

Counsel for the Defendant.

Request #13:    Copies of all documents reflecting the sale of any ICOHA shares by John Mann.

RESPONSE: There are no such documents.

Request #14:    Copies of all documents reflecting monies received by John Mann from the sale

of any ICOHA shares.

RESPONSE: There are no such documents.

Request #15:    Copies of any written contracts, agreements or memoranda between David Castiel

and/or Ellipso and John Mann.

RESPONSE: The documents will be produced and are available for inspection at the offices of

Counsel for the Defendant.

Request #16:    Copies of any amendments or modifications to any written contracts, agreement

or memoranda between David Castiel and/or Ellipso and John Mann.

RESPONSE: There are no such documents.

Request #17:    Copies of any and all electronic data, including emails, correspondence and other

documents between John Mann and Juan Tomossoni or any company employing Juan

Tomossoni from January 1, 2005 to the present.

RESPONSE: It is assumed that reference is made to Juan Tomassoni. Such documents will be

produced and are available for inspection at the offices of Counsel for the Defendant.

Request #18:    Copies of any agreements or contracts between any company owned and/or

operated by John Mann and any other person or entity (excluding Ellipso) concerning the

development, implementation and/or maintenance of 881 telephone service.

RESPONSE: Defendant John Mann has no such documents in his individual capacity.

Request #19:    Copies of all documents which support the claim for damages asserted by Mann

Technology.

RESPONSE: It is assumed that reference is made to Mann Technologies, LLC. Defendant will

produce such documents, with the exception of their legal bills, which are privileged at this time

but which will be produced after respondents obtain an award of attorneys fees in this case. The

documents will be produced and are available for inspection at the offices of Counsel for the

Defendant.

Request #20:    An itemization of damages allegedly incurred by John Mann as to each count of

the Amended Counterclaim.

RESPONSE: Objection. This is not the proper subject of a Rule 34 request for production of

documents.

Request #21:    Copies of any documents that support your claim for damages of lost opportunity

costs.

RESPONSE: It is assumed that reference is made to Mann Technologies, LLC. Such documents

will be produced and are available for inspection at the offices of Counsel for the Defendant.

Request #22:    Copies of any documents reviewed and/or prepared by an expert witness you

intend to call at the trial of this matter.

RESPONSE:  Currently, there are no expert reports. When they are created, they will be

produced.

Request #23:   Copies of any charts, diagrams or other tangible items you intend to introduce at

the trial of this matter.

RESPONSE:  Currently, there are no such documents. If they are required to be produced by a

Pretrial Order, when they are created they will be produced.

Request #24:   Copies of any signed statements, transcripts or other recorded statement from any

party or witness to this matter.

RESPONSE: Objection. This request calls for the production of documents in the possession of

Defendant's attorneys and are privileged as work product.

Request #25:   Any document which supports or refutes any defense pled by you in this matter.

RESPONSE: Defendant objects to this Request as being overbroad and not in compliance with

Rule 34 of the Civil Rules of the Court.

Request #26:   Any document that relates to the development, implementation, and maintenance

of 881 telephone service.

RESPONSE: Objection. This request is vague and indefinite. In addition, Defendant objects to

this Request as being overbroad and not in compliance with Rule 34 of the Civil Rules of the

Court.

Request #27:   All electronic data generated by, received by, containing any information about or

otherwise related in any way to Plaintiff.

RESPONSE: Objection. This request is vague, indefinite and overbroad, calls for the production

of documents which are irrelevant to the issues raised in this case and of documents privileged as

attorney client communications and privileged under the doctrine of attorney work product.

Further,  Defendant further objects to this request because it does not limit the time period

7

covered by the request and is not in compliance with Rule 34 of the Civil Rules of the Court.

Request #28:   All electronic data generated by, received by, containing any information about or otherwise related in any way to Robert Patterson and/or Consulting Management, Ltd.

RESPONSE: Objection. This request is vague, indefinite and overbroad, calls for the production of documents which are irrelevant to the issues raised in this case and of documents privileged as attorney client communications and privileged under the doctrine of attorney work product. Further, Defendant objects to this Request as being not in compliance with Rule 34 of the Civil Rules of the Court. Further still, Defendant objects to this Request to the extent it requires documents created after this lawsuit was filed. Such documents are subject to a joint defense agreement and are therefore privileged.

Request #29:   Any document contained in any stand-alone personal computer, network workstation, personal digital assistant, blackberry or cell phone containing any information relating to Plaintiff, the 881 telephone service or the Registry.

RESPONSE:  Objection. This request is vague, indefinite and overbroad, calls for the production of documents which are irrelevant to the issues raised in this case and of documents privileged as attorney client communications and privileged under the doctrine of attorney work product. Further, Defendant objects to this Request as being not in compliance with Rule 34 of the Civil Rules of the Court. Further still, Defendant objects to this Request to the extent it requires documents created after this lawsuit was filed which are privileged, because it does not limit the time period covered by the Request.

Request #30:   Any and all backup tapes or other storage media, whether on-line or offline, which may contain electronic data identified and requested herein, and refrain from overwriting or deleting information contained thereon.

RESPONSE: Objection. Defendant incorporates all of the above objections into this Response. Defendant further objects to this request because it duplicates the documents requested in all of the above Requests.

Request #31:   All electronic versions, whether original or draft, of all contracts by and between the parties to this action.

RESPONSE: Objection. This request is vague and indefinite.

Request #32:   Electronic data including calendars, diaries, schedules and/or planners that relate or refer to Plaintiff, the 881 telephone service, or the Registry.

RESPONSE: Objection. This request is vague, indefinite and overbroad, calls for the production of documents which are irrelevant to the issues raised in this case and of documents privileged as attorney client communications and privileged under the doctrine of attorney work product. Further, Defendant objects to this Request as being not in compliance with Rule 34 of the Civil Rules of the Court. Further still, Defendant objects to this Request to the extent it requires documents created after this lawsuit was filed which are privileged and because it does not limit the time period covered by the Request.

Request #33:   Any document that relates to any allegation contained in the Amended Counterclaim.

RESPONSE: Objection. This request is vague, indefinite and overbroad and is not in compliance with Rule 34 of the Civil Rules of the Court.

Request #34:   Any document that relates to any allegation contained in Plaintiff's Complaint.

RESPONSE: Objection. This request is vague, indefinite and overbroad and is not in compliance with Rule 34 of the Civil Rules of the Court.

Request #35:   All electronic versions of any document requested herein.

RESPONSE:  Objection. Defendant incorporates all of the above objections into this Response.

Defendant further objects to this request because it duplicates the documents requested in all of

the above Requests.

Thomas A. Mauro (Bar # 184515)
Mauro Law Offices, P.C.
1020 19th Street, NW, Suite 400
Washington, DC 20036
Phone: (202) 452-9865; Fax:(202) 452-0092
Attorney for Defendant John B. Mann
DATED: September 11, 2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copy of the foregoing John B. Mann's
Response to Plaintiff's First Requests for Production of Documents was hand delivered this 11th
day of September, 2006 to:

> Matthew Goodman, Esq.
> Natalie O. Ludaway, Esq.
> 1400 K Street, N.W.
> Suite 1000
> Washington, DC 20005

Thomas A. Mauro

10

**EXHIBIT 2**

October 30, 2006

*Via First-Class Mail and facsimile*

Thomas Mauro, Esq.
1020 19th Street, N.W.
Suite 400
Washington, D.C. 20036
Fax: 202-452-0092

RE:    *Ellipso, Inc. v. Mann Tech, LLC, et. al.*

Dear Mr. Mauro:

Having had the opportunity to review the documents produced by your clients in response to Plaintiff's Requests for Production of Documents, it is evident that numerous documents have not been produced or that the request was met with an unfounded and improper objection, as detailed below.

## RESPONSE FROM JOHN MANN

**Request #1:**    Copies of any electronic data, including e-mail, correspondence, handwritten notes, memoranda or other document between John Mann and Robert Patterson concerning David Castiel and/or Ellipso.

In order for Defendants to avail themselves to the "joint defense privilege," the documents must first satisfy the traditional attorney-client or attorney work product privilege. Then, shared or jointly created material must be disclosed pursuant to a common legal interest and pursuant to an agreement to pursue a joint defense. The specific communications at issue must be **designed** to facilitate a common legal interest. The party asserting the attorney-client or work product privilege always bears the burden of demonstrating that the communications/documents sought to be shielded are, in fact, privileged. Additionally, the privilege attaches only upon the date the agreement was executed.

Please provide a copy of any written agreement upon which you are relying upon in asserting this privilege. I also note that the privilege does not apply to communications between John Mann and Robert Patterson not intended to facilitate their common legal interest, assuming they have a common legal interest. All correspondence between John Mann and Robert Patterson prior to any joint defense agreement is not privileged. As for any documents for which you contend are protected by this privilege, please prepare privilege log so as to allow Plaintiff and the Court the opportunity to assess the validity of the privilege to each particular document or communication.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELLIPSO, INC.** ) | |
| ) | |
| **Plaintiff and Counterclaim** ) | |
| **Defendant** ) | |
| ) | |
| **v.** ) | **Case No. 05cv01186 (RCL)** |
| ) | |
| **JOHN B. MANN, et al.** ) | **Judge: Royce C. Lamberth** |
| ) | |
| **Defendants and Counterclaim** ) | |
| **Plaintiffs** ) | |

## ORDER

UPON CONSIDERATION of Defendants John Mann and Mann Technology Motion for

an Extension of Time Within Which to File Third Party or Cross Claim, the Opposition filed

thereto, and after a review of the entire record, it is by the Court this _____ day of

_____, 2007;

ORDERED, that Defendants' Motion be and the same is hereby denied.


_____
JUDGE LAMBERTH