## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ELLIPSO, INC.** | ) | |
| | ) | |
| **Plaintiff and Counterclaim** | ) | |
| **Defendant** | ) | |
| | ) | |
| **v.** | ) | **Case No. 05cv01186 (RCL)** |
| | ) | |
| **JOHN B. MANN, et al.** | ) | **Judge: Royce C. Lamberth** |
| | ) | |
| **Defendants and Counterclaim** | ) | |
| **Plaintiffs** | ) | |
| | ) | |

## PLAINTIFF'S SECOND MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA ISSUED TO ICO GLOBAL COMMUNICATIONS (HOLDINGS) LTD

Plaintiff, Ellipso, Inc., pursuant to Federal Rules of Civil Procedure 26(c) and 45(c), respectfully requests that this Court quash the subpoena issued by Defendants John Mann and Mann Technologies to ICO Global Communications (Holdings) LTD which seeks discovery into all business transactions between ICO Global Communications (Holdings) LTD and Ellipso, Inc., Ellipso Private Holdings, ESBH, Mobile Communications, Inc., and David Castiel from January 1, 2001, to the present. The requested information is irrelevant and immaterial to this proceeding and solely intended to harass, annoy and embarrass Ellipso, its subsidiaries, and business entities with whom they transact business, with vexations litigation, as more fully set forth in the attached memorandum of points and authorities.

1

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**

_____//s//_____
Natalie Ludaway, #405149
Matthew H. Goodman, #445404
1400 K Street, NW
Suite 1000
Washington, DC  20005
(202) 434-9100 (voice)
*Counsel for Ellipso, Inc.*

## <u>CERTIFICATE OF GOOD FAITH</u>

I hereby certify that prior to the filing of the instant Motion for Protective Order and to

Quash Subpoena, I attempted to secure the consent of counsel for John Mann and Mann

Technologies.  Counsel does not consent to the relief requested.

_____//s//_____
Matthew Goodman

2

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 19th day of March, 2007, the foregoing Motion for Protective Order and to Quash Subpoena was served electronically upon:

THOMAS MAURO, ESQ.
1020 19th Street, N.W., Suite 400
Washington, D.C. 20036
Counsel for Defendant John B. Mann and Mann Technologies

And via regular, first-class mail upon:

ROBERT B. PATTERSON, pro se
11775 Stratford House Place
#407
Reston, VA 20190


_____//s//_____
Matthew H. Goodman

Counsel for Ellipso, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ELLIPSO, INC.** ) | |
| ) | |
| **Plaintiff and Counterclaim** ) | |
| **Defendant** ) | |
| ) | |
| **v.** ) | **Case No. 05cv01186 (RCL)** |
| ) | |
| **JOHN B. MANN, et al.** ) | **Judge: Royce C. Lamberth** |
| ) | |
| **Defendants and Counterclaim** ) | |
| **Plaintiffs** ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENA ISSUED TO ICO GLOBAL COMMUNICATIONS HOLDING, LTD.**

I.     FACTUAL BACKGROUND

Ellipso refers the Court to the factual background contained in its Motion for Protective Order and Motion to Quash Subpoena Issued to UBS Financial Services which Ellipso repleads and incorporates herein.     In addition, the following additional background information is provided.

The January 30, 2004 Collateralized Loan Agreement ("Loan Agreement") between Ellipso and Mann Tech required Ellipso to pledge 492,000 shares of ICO Global Communications (Holdings) LTD ("ICOHA") stock in exchange for a $90,000 loan.   In 2001, Ellipso received the 492,6110 ICOHA shares from ICO Global Communications (Holdings) LTD ("ICO Global") as part of a business deal.   Of the 492,611 ICOHA shares Ellipso pledged to Mann Tech pursuant to the Loan Agreement, Mann Tech sold over 442,000 shares in 2004.

4

According to its most recent report filed with the Court, Mann Tech retains possession of just 37,611 ICOHA Shares which remain the subject of this Court's preliminary injunction.

On March 6, 2007[1], Mann Tech issued a subpoena to ICOHA seeking the following documentation:

1. All documents, accounts, account activity, agreements, or contracts relating to Ellipso, Inc., Mobile Communications Holdings, Inc., ESBH, Ellipso Private Holdings, or any subsidiaries of Ellipso, Inc. of which you are aware.

2. Copies of a contract dated July 12, 2002, entered into by ICO Global Communications (Holdings) LTD and relating to Ellipso, Inc., Mobile Communications Holdings, Inc., ESBH, Ellipso Private Holdings, or any subsidiaries of Ellipso, Inc. Include copies of all attachments and appendices to such contract including stock certificates, promissory notes, checks and the like.

3. Copies of any and all modifications and addenda to the July 12, 2002, contract referred to in Paragraph 2, above, including checks, stock certificates and notes issued by ICO Global Communications (Holdings) LTD or any of its subsidiaries or affiliates to Ellipso, Inc., Mobile Communications Holdings, Inc., ESBH, Ellipso Private Holdings, or any subsidiaries of Ellipso, Inc. at any time after July 12, 2002.

4. Copies of the stock ledger(s) evidencing the date and amount of the stock or securities of ICO Global Communications (Holdings) LTD stock or securities to Ellipso, Inc., Mobile Communications Holdings, Inc., ESBH, Ellipso Private Holdings, or any subsidiaries of Ellipso, Inc. or to David Castiel for the period January 2001 to present.

Exhibit 1. The subpoena seeks confidential financial information and other records from entities that are neither a party to the instant dispute nor involved in any way to the claims asserted in Ellipso's Complaint or the remaining claims in the Amended Counterclaim. As to Ellipso, the subpoena is not reasonably calculated to lead to the discovery of admissible evidence since there is no dispute that Ellipso transferred legal title of the ICOHA shares to Mann Tech.

---

[1]    The subpoena requires the production of documents by March 12, 2007. Rule 45 generally contemplates a party to provide at least 14 days advanced notice of a subpoena.

## II.     ARGUMENT

Parties may obtain discovery regarding any matter that is relevant to the claim or defense of a party. Federal Rule of Civil Procedure 26(b)(1). Relevant information is that which is "reasonably calculated to lead to the discovery of admissible evidence." Id. Federal Rule of Civil Procedure 26(c) provides that upon a showing of good cause, the Court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including an order that discovery not be had. Id.

Ellipso is cognizant of Defendants' right to conduct discovery into issues that are relevant to the matters raised in this litigation. However, the subpoena issued by Mann Tech to ICO Global seeks discovery of information which is irrelevant and immaterial to any issue raised in the parties' respective pleadings (namely, whether the parties fraudulently induced the other to execute the Loan Agreement and subsequently breached the Loan Agreement).[2]     Ellipso received the ICOHA shares pledged to Mann Tech in 2001.[3]  Exhibit 2. Ellipso possessed legal title to the ICOHA shares when they were transferred to Mann Tech in 2004. Mann Tech apparently had no difficulty selling these over 442,000 of these shares on the open market in late 2004.

Mann Tech has not alleged, nor can it, that Ellipso was not the legal owner of the ICOHA shares it pledged as collateral. Nor has Mann Tech alleged that it was unable to sell the ICOHA shares that Ellipso pledged as collateral due to a cloud over the title to the shares. Other than to satisfy Defendants' idle curiosity, the details over how Ellipso first acquired the shares from ICO

---

[2]     Ellipso is concerned that the ICO Global and UBS subpoenas recently issued by Defendants appear to be part of a strategy to tarnish Ellipso's standing with companies with whom it transacts business.

Global and how many shares it acquired are not relevant to the issues raised in the Complaint or Amended Counterclaim.[4]

In addition to Ellipso's concerns over the relevancy of the documents requested by the subpoena, the time period covered by the subpoena is overly broad. According to Defendants' Amended Counterclaim, negotiations over the Loan Agreement began in November 2003. The parties' business relationship and last communications ceased in December 2004. Defendants' subpoena, however, is not so limited. The subpoena would have ICO Global produce documents relating to all business transactions between Ellipso and its subsidiaries and ICO Global for a period of twenty-seven months following the termination of the parties' business relationship. For these reasons, the subpoena issued to ICO Global should be quashed.

## III.    CONCLUSION

Defendants' subpoena is not reasonably calculated to lead to the discovery of admissible evidence. For these reasons, Ellipso's Motion for Protective Order and Motion to Quash Subpoena Issued to ICO Global (Holdings) LTD must be granted.

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**

_____\\s\_____
Natalie Ludaway, #405149
Matthew H. Goodman, #445404
1400 K Street, NW
Suite 1000
Washington, DC  20005
(202) 434-9100 (voice)
*Counsel for Ellipso, Inc.*

---

[4] Ellipso notes for the record that neither ESBH, Ellipso Private Holdings, Inc. nor David Castiel received any stock or securities from ICO Global. Mobile Communications Holdings, Inc. received shares from ICOHA that were unrelated to the shares Ellipso pledged to Mann Tech pursuant to the Loan Agreement.

7

# EXHIBIT 1

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

Ellipso, Inc. et al

V.

John Mann, et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  05-01186

TO: John Flynn, Executive Vice President;
ICO Global Communications (Holdings) LTD;
11700 Plaza America Drive, Suite 1010
Reston, VA 20190

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE ATTACHED**

| PLACE    Mauro Law Offices, P.C.; 1020 19th Street NW, Suite 400; Washington, D.C. 20036 | DATE AND TIME<br>3/19/2007 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  3/6/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Thomas A. Mauro
Mauro Law Offices, P.C.; 1020 19th Street NW, Suite 400; Washington, D.C. 20036; (202) 452-9865

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                                    SIGNATURE OF SERVER

                                                          _____
                                                          ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

1       All documents, accounts, account activity, agreements, or contracts relating to Ellipso, Inc., Mobile Communications Holdings Inc., ESBH, Ellipso Private Holdings, Inc. or any subsidiaries of Ellipso, Inc. of which you are aware.

2.      Copies of a contract dated July 12, 2002, entered into by ICO Global Communications (Holdings) LTD and relating to Ellipso, Inc., Mobile Communications Holdings Inc., ESBH, Ellipso Private Holdings, Inc. or any subsidiaries of Ellipso, Inc. Include copies of all attachments and appendices to such contract including stock certificates, promissory notes, checks, and the like.

3.      Copies of any and all modifications and addenda to the July 12, 2002, Contract referred to in Paragrpah 2, above, including any checks, stock certificates and notes issued by ICO Global Communications (Holdings) LTD. or any of its subsidaries or affliates to Ellipso, Inc., Mobile Communications Holdings Inc., ESBH, Ellipso Private Holdings, Inc. or any subsidiaries of Ellipso, Inc. at any time after July 12, 2002.

4.      Copies of the stock ledger(s) evidencing date and amount of stock or securities of  ICO Global Communications (Holdings) LTD. stock or securities to Ellipso, Inc., Mobile Communications Holdings Inc., ESBH, Ellipso Private Holdings, Inc. or any subsidiaries of Ellipso, Inc. or to David Castiel for the period January 2001 to the present.

# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ELLIPSO, INC. | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No.: 05-01186 |
| | ) | |
| JOHN B. MANN, et al. | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |

## AFFIDAVIT OF DAVID CASTIEL

1.    I am over the age of eighteen and otherwise competent to testify on all matters contained herein.

2.    At all relevant times I have been the Chief Executive Officer of Ellipso, Inc. and, as such, have personal knowledge of all facts contained herein.

3.    Ellipso Private Holdings is a holding company comprised of various small investors owning Ellipso stock. Ellipso Private Holdings has never been involved in any activity relating to 881-vanity service. Ellipso Private Holdings does not and has never held an account with UBS Financial Services.

4.    ESBH is a subsidiary of Ellipso owned by Ellipso and ICO Global Communications (Holding) LTD ("ICOHA"). ESBH was created for the purpose of exploring satellite telephony services, but has been dormant since its merger with ICO was not approved by the Federal Communications Commission. ESBH has never been involved in any activity relating to 881-vanity service.

5.    Mobile Communications Holding ("MCHI") is a subsidiary of Ellipso. MCHI initially received 492,611 shares from ICOHA in 2001. Thereafter, MCHI

transferred the shares to Ellipso. Ellipso subsequently pledged the 492,611 ICOHA shares to Mann Technologies pursuant to the January 2004 Collateralized Loan Agreement. MCHI was never involved in any activity relating to 881-vanity service and has been inactive since 2004.

6.    On or around December 2003, I attended a meeting with Robert Patterson and John Mann at which time a collateralized loan agreement was first discussed.

7.    A Collateralized Loan Agreement was entered on January 30, 2004. The last Amendment to the Loan Agreement was executed on August 2, 2004. By December 2004, the business relationship between Ellipso and Mann Tech had completely ceased to exist. My last communication with Robert Patterson, John Mann and Mann Technologies relating to the Collateralized Loan Agreement occurred in December 2004.

8.    Ellipso remains actively involved in promoting and maintaining its 881-vanity service. It holds an account with UBS Financial Services that contains information relating to its financial transactions with past and present business associates, customers, vendors and other entities working with Ellipso in furtherance of 881-vanity service and other business.

I declare, pursuant to 28 U.S.C. § 1746 and under the penalty of perjury, that the foregoing is true and correct.

March 13, 2007

_____
Date

_____
David Castiel
CEO
Ellipso, Inc.

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELLIPSO, INC.** ) | |
| ) | |
| **Plaintiff and Counterclaim** ) | |
| **Defendant** ) | |
| ) | |
| **v.** ) | **Case No. 05cv01186 (RCL)** |
| ) | |
| **JOHN B. MANN, et al.** ) | **Judge: Royce C. Lamberth** |
| ) | |
| **Defendants and Counterclaim** ) | |
| **Plaintiffs** ) | |
| ) | |

### ORDER

UPON CONSIDERATION of Plaintiff's Motion for Protective Order and to Quash

Subpoena Issued to ICO Global Holdings, LTD, any opposition filed thereto, and after a review

of the entire record it is by the Court this _____ day of _____, 2007

ORDERED, that Plaintiff's Motion for Protective Order be and the same is hereby

granted; and it is further

ORDERED, that the March 6, 2007 Subpoena issued by Defendants to ICO Global

(Holdings) LTD, be and the same is hereby quashed; and it is further

ORDERED, that the originals and copies of any and all documents obtained by

Defendants pursuant to the ICO Global (Holdings) subpoena shall be returned to Ellipso's

counsel within five (5) days of the date of this Order.


_____
JUDGE LAMBERTH

8