UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>JOHN B. MANN, et al. )<br>)<br>  Defendants. )<br>_____) | Civil Action No.: 05-01186 (RCL) |

### DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR AN EXTENSION OF TIME WITHIN WHICH TO FILE THIRD PARTY OR CROSS CLAIMS

Defendants and Counterclaim Plaintiffs John B. Mann and Mann Technologies, L.L.C. ("Mann Defendants"), by and through their undersigned counsel, submit this Reply to the Ellipso's Opposition to the Mann Defendants' Motion for an Extension of Time within which to File Third Party or Cross Claims ("Plaintiff's Opposition"), and state as follows:

**Response to Plaintiff's Arguments**

The Plaintiff's Opposition in main is based on two premises: (a) that granting the Motion for Extension of Time would result in delay or a new scheduling order, and (b) that Patterson's discovery materials are not needed by the Mann Defendants because of the existence of a Joint Defense Agreement. However, these premises are not correct, and the Mann Defendants disagree strongly therewith.

**Unfairness to the Mann Defendants**

There are substantial and significant discovery that have not yet been produced by Ellipso and Patterson. Ellipso filed its lawsuit against the Mann Defendants on June 14, 2005. In response

1

to numerous discovery requests, now including interrogatories which it has not yet answered, Ellipso has produced only 405 pages of documents, the great part of which are copies of the contracts and drafts that it attached to its Complaint, which are not segregated in any way or broken down by document request number as required by the Rules. After filing a wide-ranging complaint of fraud based solely on the word of its CEO, David Castiel, alleging a conspiracy among the Mann Defendants and Patterson, Ellipso has resisted for over six months Mann's attempts to depose Mr. Castiel. Plaintiff has also opposed every subpoena Mann has issued to a third party for information relating to the relationship among Castiel, Patterson and Mann (subpoena to Juan Tomassoni), for any financial information about Ellipso or its subsidiaries relating to the allegations made in its Complaint (subpoena to UBS) and to the ICOHA stock which appears to be at the heart of Ellipso's claims (subpoena to ICO Global).

Ellipso's document production is equally obstructive and non-responsive. As noted below there are no documents produced among and between Ellipso, Castiel and Patterson. There is not a single documented instance of one-to-one communication between Castiel and Patterson or a single email from or to Ellipso or Castiel from anyone prior to June, 2004. While Ellipso has asserted an intimate business relationship with Patterson over the time frame October, 2002, through 2004, it has provided no supporting discovery. The only information it has produced is through its pleadings. This leaves Mann and Mann Tech without any contemporaneous information about the working relationship and motivations among Mr. Castiel, Mr. Patterson and Ellipso with respect to its various claims.

Thus, there was no way for the Mann Defendants to know at the time the instant Motion was filed if any additional counterclaims or cross claims should be made. It is manifestly <u>unfair for Plaintiff to benefit from its own obstructive discovery tactics and delay in production of documents</u>.

It is likewise <u>unfair for Co-defendant Patterson to benefit from his delay</u> in production of documents.

Ellipso suggests that its opposition is justified because it is the Mann Defendants, not Ellipso, that have been dilatory in discovery. Although this is no justification for Ellipso's position, the record belies this assertion. Other than communications created after this lawsuit was filed between Patterson and the Mann Defendants, which Mann contends are covered by their Joint Defense Agreement with Patterson, as noted below, the Mann Defendants have responded exhaustively to the four sets of document requests and interrogatories promulgated by Ellipso, including providing a detailed designation of document production by request number, something Ellipso has refused to do.

**No Delay Will Result**

The addition of any new counterclaims or cross claims would necessarily revolve around the issues already in existence in this action and involve essentially the same parties and essentially the same discovery. There would be little if any effect on the burdens of the various parties; this is weighed against potentially serious loss of rights of the Mann Defendants.

**No Presumptions From Joint Defense Agreement**

There can be no presumptions about the Joint Defense Agreement of the type Plaintiff makes in its Opposition. Contrary to what Plaintiff supposes in that Opposition, the Mann Defendants and Patterson have acted separately throughout this action, and remain entirely separate in their actions and motivations. The Mann Defendants and Patterson have a joint defense to the Plaintiffs' claims because the claims are patently false and because they have defenses in common; they have entered into a wholly proper Joint Defense Agreement.

The Mann Defendants await discovery from Patterson, just as Plaintiff does. Inasmuch as Defendant Patterson must produce documents in response to Plaintiff's discovery requests, and

3

inasmuch as those documents must also be produced to the Mann Defendants, the Motion of Extension is entirely consistent and reasonable.

**Significant Discovery Materials Not Yet Produced**
**by Plaintiff, Nor by Co-Defendant Patterson**

Key discovery materials, described further hereunder, have been agreed to be produced by Plaintiff Ellipso, but have not yet been produced. No explanation has been provided for this unwarranted and excessive delay. Moreover, the Mann Defendants still await discovery from Co-defendant Patterson. He, too, has provided no explanation for this unwarranted and excessive delay.

**Significance of the Discovery Materials Not Yet Produced**

The missing/non-produced discovery materials appear to be highly significant. Some significant areas are identified below; the list is not intended to be exhaustive.

1. Financial information has not yet been produced by Plaintiff, despite agreement with Plaintiff to do so. Such information may or may not demonstrate material new issues upon which the Mann Defendants could act, such as the possibility of individual action by Castiel resulting in piercing of the corporate veil. In that case, it could be necessary to amend the Counterclaims accordingly.

2. There has been no discovery yet (by Plaintiff or by Patterson) of correspondence between Ellipso and Patterson, or between Castiel or Patterson. This is so, despite the fact that such correspondence must exist. Such correspondence might or might not demonstrate collusion against Defendants Mann, in which event a cross claim might become necessary.

3. Oddly, Plaintiff has not produced a single email from or to Ellipso or Castiel from anyone, prior to June, 2004. This is despite the fact that Ellipso has asserted an intimate business relationship between Patterson and Ellipso over the time frame of October 2002 through

2004. There has been no explanation of this fact, and the significance thereof cannot be ascertained until the Patterson discovery materials are produced.

## CONCLUSION

Without providing the relief requested in the Mann Motion for Extension of Time, Defendants Mann may be unfairly harmed by the delays of Plaintiff Ellipso and Defendant Patterson. There is no way for Mann to know whether additional Counterclaims are warranted, nor whether any Cross Claims are warranted, without the above-described discovery materials which have not yet been produced. Accordingly, it is respectfully submitted that good cause exits for granting the Motion for an Extension of Time, and such action is earnestly solicited.

_____/s/_____
Thomas A. Mauro
Bar No. 184515
1020 Nineteenth Street, N.W.
Suite 400
Washington, D.C. 20036
202 452 9865
Facsimile: 202 452 0092
Attorney for Defendants John B. Mann and Mann Technologies, LLC

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that true and correct copy of the foregoing Defendants' Reply to Plaintiff's Opposition to Motion for an Extension of Time Within Which to File Third Party or Cross Claims to Robert Patterson by first class mail, postage prepaid, this 27th day of March, 2007, as follows:

Robert Patterson
11775 Stratford House Place
Unit 407
Reston, VA. 20190

                                                   _____
                                                   Thomas A. Mauro