IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC.,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>JOHN B. MANN, ET AL.,<br><br>    Defendants and Counterclaim Plaintiffs. | Case No. 05cv001186 (RCL) |

## OPPOSITION OF JOHN B. MANN AND MANN TECHNOLOGIES, L.L.C. TO ELLIPSO'S SECOND MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA ISSUED TO ICO GLOBAL COMMUNICATIONS (HOLDINGS) LTD

John B. Mann and Mann Technologies, L.L.C., ("Defendants") by and through their undersigned counsel and pursuant to the Rules of this Honorable Court, hereby submit this Opposition to the "Second Motion" of the Plaintiff (hereinafter "Ellipso") for Protective Order and to Quash the March 6, 2007, subpoena Defendants served on ICO Global Communications (Holdings) Ltd. The return date for the subpoena was initially March 12, 2007 and was extended to April 2, 2007.

It is clear that Ellipso, the Plaintiff in this case, does not want any of its claims challenged or corroborated by discovery. Each time the Defendants submit discovery requests to a third party central to its claims, Ellipso responds with a formulaic objection and motion. The formula includes a boilerplate recitation of alleged facts, a boilerplate objection that the subpoenaed records are not relevant to selected issues in the case and are issued to annoy and embarrass the Plaintiff, and a boilerplate affidavit from Mr. Castiel, who seems compelled to misstate facts tailored to the particular objective.

1

In the instant motion Mr. Castiel swears that the ICO records subpoenaed have nothing to do with Ellipso's 881 service, that it holds an account with UBS Financial Services, and that it is not in dispute that the 492,611 ICO shares which Ellipso used to obtain the loan from Mann Technologies were initially received by Mobile Communications Holding, Inc ("MCHI"), an Ellipso subsidiary, in 2001 then transferred to Ellipso in late 2003. Ellipso's Complaint asserts that the 492,611 shares were Ellipso's sole asset at the time of the loan. It says that the Defendants defrauded Ellipso out of that sole asset.

What ICO records identifying the actual assets ICO transferred to Ellipso and its affiliated companies,[1] which are the subject of the disputed subpoena, have to do with the 881 service and UBS Financial Services remains unexplained in the Motion. And we know that Mr. Castiel's assertion that the 492,611 shares came first to MCHI is untrue, as noted below. Why, then, should not the Mann Defendants be entitled to test the allegations of the Complaint from discovery obtained from the source? The Defendants need to know what assets all of the Castiel entities received from ICO were in order to support their defenses to the claim that the 492,611 ICO shares were Ellipso's sole asset and to prevent Ellipso from doing what it has done in the instant Motion, shift assets via a Castiel affidavit from one Castiel entity to another (here from Ellipso to MCHI). Indeed, the very assertion by the complainant in a sworn statement that the ICO records are not relevant make the records themselves discoverable, if only to demonstrate the lack of truth in the Complaint, and now the lack of truth in Mr. Castiel's sworn statement. As he knows the certificate of ICO stock he transferred to the Mann Defendants in August 2004 was numbered A-2008 and was issued by ICO Global Communications (Holdings) Ltd. to Ellipso, not to MCHI, and was dated December 14, 2001.  See Document No. Mann 00012, **Exhibit A**

---

[1] Magistrate Judge Facciola referred to these entities simply as the "Castiel entities."

**hereto**, which was produced to counsel for Ellipso in November 2006. There was no transfer of the stock from Ellipso to MCHI. It thus cannot be true, as Mr. Castiel now swears in ¶5 of his boilerplate affidavit, that "MCHI initially received 492,611 shares from ICOHA in 2001" and that "[t]hereafter, MCHI transferred the shares to Ellipso." On the face of the stock certificate, and contrary to Mr. Castiel's sworn statement, MCHI never had the stock.

Defendants are further entitled to obtain the documents from ICO to allow them to determine for themselves – from the source and not from Mr. Castiel's untrue sworn statements – where the stock came from at the time of the loan and what ICO assets were transferred to the Castiel entities. Ellipso's own pleadings in fact make the assets owned by the Castiel entities a central issue in this case.

Finally, the subpoena cannot be a burden on Ellipso since it is directed to ICO.

## CONCLUSION

For the above reasons, the Mann Defendants submit that Ellipso's Motion for Protective Order as to the subpoena issued to ICO Global Communications (Holdings) Ltd. be denied and that the Mann Defendants be awarded its costs, including its reasonable attorneys fees, in having to file this Opposition.

An Order is attached for the Court's consideration.

Respectfully submitted,

/s/
Thomas A. Mauro, Bar No. 184515
1020 Nineteenth Street, N.W.
Suite 400
Washington, D.C. 20036
Tel.: (202) 452-9865
Fax: (202) 452-0092
Attorney for John B. Mann and Mann Technologies, L.L.C.

# EXHIBIT A



MANN 00012

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC.,

    Plaintiff and Counterclaim Defendant,

v.

Case No. 05cv001186 (RCL)

JOHN B. MANN, ET AL.,

    Defendants and Counterclaim Plaintiffs.

## ORDER

This matter is before the Court on Ellipso's Second Motion for Protective Order and to Quash Subpoena Issued to ICO Global Communications (Holdings) Ltd. The Court has considered the Motion, the Memoranda submitted in support of and in opposition to the Motion and the entire record in this case. ACCORDINGLY, it is this ___ day of _____ 2007,

ORDERED, that the Second Motion of Defendant, Ellipso, Inc., for Protective Order and to Quash Subpoena Issued to ICO Global Communications (Holdings) Ltd. is DENIED; and it is further

ORDERED, that the Plaintiff shall pay the costs of the Defendants in having to oppose the Motion; and it is further

ORDERED, that within ___ days of this Order counsel for the defendants shall submit their requests for attorneys fees and costs in having to oppose this Motion.

**SO ORDERED.**

/s/
ROYCE C. LAMBERTH
United States District Judge

cc:    Counsel of Record
       Robert B. Patterson, *pro se*

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the foregoing Opposition of John B. Mann and Mann Technologies, L.L.C. to Ellipso's Second Motion for Protective Order and to Quash Subpoena Issued to Ico Global Communications (Holdings) Ltd. has been mailed first class, postage prepaid, this 4th day of April, 2007 to:

Robert B. Patterson, *pro se*
11775 Stratford House Place
Unit 407
Reston, VA 20190

                                            Thomas A Mauro