## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC.                               )
                                            )
    **Plaintiff and Counterclaim**       )
    **Defendant**                        )
                                            )
    v.                                   )     Case No. 05cv01186 (RCL)
                                            )
JOHN B. MANN, et al.                        )     Judge: Royce C. Lamberth
                                            )
    **Defendants and Counterclaim**      )
    **Plaintiffs**                       )
                                            )

### PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA ISSUED TO ICO GLOBAL COMMUNICATIONS (HOLDINGS) LTD

Ellipso, Inc. ("Ellipso") is cognizant of Defendants' right to conduct discovery into matters **reasonably calculated to lead to the discovery of admissible evidence**. Federal Rule Civ. Pro. 26(b)(1). However, the subpoena issued by Defendants to ICO Global Communication does not fall into this category. Rather, the subpoena is intended to harass Ellipso and companies with whom it conducts business, and to cause harm to Ellipso's reputation.

The issues raised in this proceeding are well-documented in various pleadings and other documents filed by the various parties. At bottom, the dispute between Ellipso, John Mann and Mann Technologies ("Mann Defendants") concerns the circumstances surrounding the execution of a Collateralized Loan Agreement in January 2004 in which Ellipso pledged 492,611 shares of ICO Global stock in exchange for a $90,000 loan. Ellipso alleges, among other things, that Defendants conspired to fraudulently induce it to tender 492,611 shares of ICO Global stock held by the company. The Complaint does not allege, as Mann Defendants' claim, that the ICO

1

Global shares were Ellipso's sole asset. To the contrary, the Complaint states that the shares were Ellipso's most valuable asset. Complaint ¶96.[1]  In its Amended Counterclaim, Mann Technologies alleges that Ellipso fraudulently induced it to make the loan based on representations over the viability of 881-vanity service and pending litigation. Not disputed is the fact that Ellipso was the legal owner of the ICO Global shares tendered to Mann Technologies following execution of the Loan Agreement, as evidenced by Defendants' wholesale liquidation of the shares in excess of $550,000 over the period of a few months.[2]

    The Mann Defendants' contention that they need to know how Ellipso acquired the 492,611 ICO Global shares in order to defend itself is without merit.  As long as Ellipso held legal title to the shares it pledged to Mann Technologies, the circumstances surround how it received the shares is not relevant. The subpoena issued by Defendants is akin to a subpoena issued to a former owner of an automobile by a party in a contract dispute over the financing of the vehicle.  Such a subpoena would be irrelevant to the issue of whether the financing agreement was fair or legally binding upon the parties provided there was no dispute as to ownership of the vehicle that secured the loan.  In the present case, the subpoena issued to ICO Global is even more vexatious since it has the potential -- if not intended -- effect of damaging Ellipso's reputation.  While such adverse consequences are sometimes inevitable, the Mann Defendants should have to make a stronger showing than mere curiosity as to the relevancy of Ellipso's initial acquisition of the ICO Global shares that it subsequently transferred to Mann

---

[1] Even if Ellipso were to make such an allegation, Defendants subpoena would still be improper absent any allegation that Ellipso lacked legal ownership of the shares transferred to Mann Technologies.

[2] To clarify the record, Ellipso received several separate transfers of ICO Global shares. A first transfer occurred in 2001 and was made directly to Ellipso.  Another transfer occurred in 2002 and was first made to MCHI, Ellipso's wholly owned subsidiary, and later transferred to Ellipso.  In his Affidavit, Mr. Castiel erroneously believed the 492,611 shares at issue were originally transferred to MCHI. In any event, Ellipso received legal possession of the shares from ICO Global and tendered legal title of the shares to Mann Technologies.

Technology with a clear title.   Moreover, Ellipso's receipt of the ICO Global shares has nothing to do with its 881-vanity service.   Ellipso received the ICO Global shares in exchange for granting ICO Global use of a FCC license and other assets concerning telephony services entirely unrelated to Ellipso's 881-vanity business.

Lastly, Defendants' subpoena goes far beyond requesting the source of the 492,611 ICO Global shares.   The subpoena requires ICO Global to produce copies of all documents, including all contracts, relating to Ellipso, Inc., Mobile Communications Holdings, Inc., Ellipso Private Holdings, Inc., or any other subsidiary of Ellipso.   Thus, the subpoena is not limited to records relating to the 492,611 ICO Global shares, but seeks all records pertaining to Ellipso and its non-party subsidiaries.

Having failed to sufficiently proffer a reasonable explanation as to how the subpoena issued to ICO Global is reasonably calculated to lead to the discovery of admissible evidence, the subpoena issued to ICO Global should be quashed.

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**


_____//s//_____
Natalie Ludaway, #405149
Matthew H. Goodman, #445404
1400 K Street, NW
Suite 1000
Washington, DC  20005
(202) 434-9100 (voice)
*Counsel for Ellipso, Inc.*

3

**CERTIFICATE OF SERVICE**

I certify that on this 11[h] day of April, 2007, the foregoing Reply was served electronically upon:

THOMAS MAURO, ESQ.
1020 19th Street, N.W., Suite 400
Washington, D.C. 20036
Counsel for Defendant John B. Mann and Mann Technologies

And via regular, first-class mail upon:

ROBERT B. PATTERSON, pro se
11775 Stratford House Place
#407
Reston, VA 20190

_____//s//_____
Matthew H. Goodman