IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC.,<br><br>     Plaintiff and Counterclaim<br>     Defendant,<br><br>     v.<br><br>JOHN B. MANN, ET AL.,<br><br>     Defendants and Counterclaim<br>     Plaintiffs. | Case No. 05cv001186   (RCL) |

**OPPOSITION OF JOHN B. MANN AND MANN TECHNOLOGIES, L.L.C.
TO ELLIPSO'S MOTION FOR LEAVE TO FILE REPLY TO OPPOSITION
TO MOTION FOR PROTECTIVE ORDER AND TO QUASH
<u>SUBPOENA ISSUED TO UBS FINANCIAL SERVICES</u>**

John B. Mann and Mann Technologies, L.L.C., ("Defendants") by and through their undersigned counsel and pursuant to the Rules of this Honorable Court, hereby submit this Opposition to the Motion of the Plaintiff (hereinafter "Ellipso") for leave to file its Reply to the Opposition filed by the Mann Defendants to Ellipso's Motion for Protective Order and to Quash the subpoena the Mann Defendants served on UBS Financial Services. The Mann Defendants respectfully request that the Motion be denied for the reasons noted below.

**1.    THE MANN OPPOSITION WAS TIMELY FILED.
       CORRECTION TO ELLIPSO'S CALCULATION OF THE DATE ON WHICH
       MANN OPPOSITION WAS TO BE FILED.**

Ellipso's motion for leave to late file should be denied because it begins by incorrectly asserting as a rationalization for its own substantially untimely Motion that Mann's Opposition to its March 14 Motion for Protective Order was itself untimely. That is not the case. Ellipso's counsel has misapplied basic and well known Rules in two ways. First they fail to apply F. R.

Civ. P. 6(a) which states that 'the day of the act ... from which the designated period of time begins to run shall not be included." This means that the eleven day period from March 14 (the day Ellipso's Motion was filed) does not begin to run until March 15. That means the eleven day period expires on Monday, March 26. Second, Ellipso's counsel fails to apply F. R. Civ. P. 6(e). Rule 6(e) states that when a paper requiring a response is served electronically pursuant to F. R. Civ. P. 5(b)(2)(D), as was the case here, "three days shall be added to the prescribed period." Thus, the prescribed period in which to file the Opposition was fourteen (14) days beginning on March 15. Adding fourteen days to March 15 leaves March 29 as the last day in which to file the Opposition. The Court's record, of course, shows that the Mann Opposition was filed on March 29 and was therefore timely.

Relying on the frivolous and unsupportable argument that wrongfully asserted untimeliness by Mann justifies untimeliness by Ellipso just wastes the Court's and counsel's time. For this reason alone the Reply should not be allowed.

**2**.      **IF MANN'S OPPOSITION SHOULD BE STRICKEN BECAUSE IT WAS ALLEGEDLY ONE DAY LATE, THEN, A FORTIORI, ELLIPSO'S REPLY MUST BE STRICKEN BECAUSE IT WAS EIGHT DAYS LATE**.

Ellipso Reply should have been filed by April 5, 2007. It was not filed until April 13, 2007. In applying its flawed argument that Mann's Opposition should be stricken because it was three days late (which it was not), then under its own standard its Reply brief, which was eight days late, must be stricken and must not be considered.

3. **MANN'S SUBPOENA DOES NOT EXCEED "ALL BOUNDS OF REASONABLENESS" BECAUSE ELLIPSO ITSELF QUESTIONED ROBERT PATTERSON IN HIS APRIL 17, 2007, DEPOSITION ON THE SUBJECTS AND TIME PERIOD COVERED BY THE SUBPOENA**.

Ellipso repeats its original argument throughout its Reply that the time period 2002 and 2003 and 2004 are not relevant. Yet, when its counsel took the deposition of Robert Patterson on April 17, 2007, it examined Mr. Patterson on events beginning in October 2002 and on Mr. Patterson's knowledge of Ellipso's financial condition from 2002 through 2005 and 2006. Its argument, therefore, that these periods are not relevant for discovery by Mann (with a proper protective order in place) has no merit whatsoever.

Similarly, that Mann is not entitled to information concerning INEVA, for example, (Ellipso Reply at page 4) is belied by Ellipso's own conduct during the Patterson deposition. Ellipso counsel asked Mr. Patterson extensively about INEVA and the related entity, ISP.NET during his deposition. Obviously, the same broad standard of discovery which Ellipso is applying to its discovery requests should be applied to requests it receives from the Mann Defendants.

4. **ELLIPSO'S ARGUMENT THAT "EVERYONE" KNEW OF ELLIPSO'S "PRECARIOUS FINANCIAL CONDITION" IS A MISSTATEMENT OF THE RECORD AS WELL AS A MISLEADING ARGUMENT AS TO WHAT FACTS THE PLEADINGS PUT IN ISSUE**

The reference to the John Mann affidavit at page 2 of the Reply as to what Mr. Mann understood was the only asset Ellipso could put up as collateral for the loan does not mean that Ellipso has no other income or business opportunities. According to Mr. Patterson's deposition testimony Mr. Castiel routinely touted the billions of dollars to be made in his satellite business to whomever would listen. To suggest that the Mann Defendants are not entitled to inquire as to these areas in discovery is silly. Similarly, to brush off Mr. Castiel's misstatement about the

origin of the asset that was put up as collateral, the 492,611 shares of ICO, as simply Mr. Castiel's "confusion over exactly how Ellipso first obtained the ICO Global shares" (Ellipso Reply at page 2) is a breathtaking admission that a sworn statement – which provides the purported foundation for the subject Motion for Protective Order – made to this Court by Mr. Castiel was untrue, and it brings his entire credibility into question. For that reason alone the Motion for Protective Order should be denied and this Reply not admitted into the record.

## CONCLUSION

For the above reasons, the Mann Defendants submit that Ellipso's Motion for leave to late file its Reply should be denied and the Mann Defendants be awarded their costs, including its reasonable attorneys fees, in having to file this Opposition.

An Order is attached for the Court's consideration.

Respectfully submitted,

_____/s/_____
Thomas A. Mauro, Bar No. 184515
1020 Nineteenth Street, N.W.
Suite 400
Washington, D.C. 20036
Tel.: (202) 452-9865
Fax: (202) 452-0092
Attorney for John B. Mann and Mann Technologies, L.L.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC.,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>    v.<br><br>JOHN B. MANN, ET AL.,<br><br>    Defendants and Counterclaim Plaintiffs. | Case No. 05cv001186   (RCL) |

### ORDER

This matter is before the Court on Ellipso's Motion for Leave to File Reply to Opposition To Motion for Protective Order and to Quash Subpoena Issued to UBS Financial Services. The Court has considered the Motion, the Memoranda submitted in support of and in opposition to the Motion and the entire record in this case. ACCORDINGLY, it is this ___ day of

_____ 2007,

ORDERED, that the Motion of Defendant, Ellipso, Inc., for Leave to File Reply to Opposition To Motion for Protective Order and to Quash Subpoena Issued to UBS Financial Services is DENIED; and it is further

ORDERED, that the Plaintiff shall pay the costs of the Defendants in having to oppose the Motion; and it is further

ORDERED, that within ___ days of this Order counsel for the defendants shall submit their requests for attorneys fees and costs in having to oppose this Motion.

**SO ORDERED.**

                              /s/
                              ROYCE C. LAMBERTH
                              United States District Judge

cc:    Counsel of Record
       Robert B. Patterson, *pro se*

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the foregoing Opposition of John B. Mann and Mann Technologies, L.L.C. to Ellipso's for Leave to File Reply to Opposition To Motion for Protective Order and to Quash Subpoena Issued to UBS Financial Services has been mailed first class, postage prepaid, this 20h day of April, 2007 to:

Robert B. Patterson, *pro se*
11775 Stratford House Place
Unit 407
Reston, VA 20190

_____

Thomas A Mauro