IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> JOHN B. MANN, ET AL., <br><br> Defendants and Counterclaim Plaintiffs. | Case No. 05cv001186   (RCL) |

### RESPONSE OF THOMAS A. MAURO
### TO THE OBJECTION OF JOHN B. MANN TO
### THE MOTION FOR LEAVE TO WITHDRAW AS COUNSEL

COME NOW, Thomas A. Mauro and the Law Firm of Mauro Law Offices, P.C., and respectfully respond to the Objection of John B. Mann to their Motion to Withdraw as Counsel for John B. Mann and Mann Technologies, L.L.C. (Document 114). No other party has filed an Opposition. Oppositions were due no later than April 26, 2007.

The undersigned Counsel respectfully requests that the Motion to Withdraw be granted without delay.  Mr. Mann provides no factual basis for his Objection and does not dispute the factual bases set out in the Motion.

The substantial difficulties to Counsel's continued representation of Mr. Mann and Mann Technologies, L.L.C. created by the facts underlying the Motion remain unchanged with no end in sight.

While there have been limited communications on discovery matters since the Motion was filed, the circumstances leading to the failure and unwillingness of Counsel's clients to fulfill their obligations to Counsel have remained unchanged, have been in existence for several

months, and will not be resolved. *See* D. C. Rule of Professional Conduct 1.16(b)(3). These circumstances have created substantial and unnecessary obstacles to Counsel's ability to provide the diligent and zealous representation required under Rule 1.3. Ultimately, they will create insurmountable obstacles to Counsel's ability to comply with Rule 1.3.

   This representation, moreover, has and is causing a severe and unreasonable financial burden on Counsel not contemplated or agreed to in Counsel's original contract for legal services with its clients. Although Counsel's clients are and have been well aware of this burden for many months, they have not reacted to or sought to resolve the situation. This in turn has resulted in work flow pressures that go substantially beyond the obstruction and personal inconvenience referred to in the Comments to Rule 1.3. If the representation is not terminated it will soon lead to unsustainable work flow pressures on Counsel, whose Office employs only one attorney, and on the resources to which Counsel has, but can no longer, turn in order to carry out the representation in the manner required by the Rule. These unreasonable and unsustainable burdens which the representation has created and will create on Counsel and his Law Firm result from conduct of its clients who have failed to resolve the situation after several and long standing requests, reasonable notices, warnings, and offers to remedy the situation. Such conduct of the clients fall squarely within the conduct on the part of the clients which make the representation unreasonably difficult and justify withdrawal under Rule 1.16(b)(4). These unreasonable burdens have continued and, for this solo practice, grow more so exponentially every day.

   It is apparent that the Mann Defendants need new counsel. Under the circumstances that have been evolving for many months now, they have had ample and reasonable warning that they would need new counsel and have had ample and reasonable opportunity to obtain new

counsel. The irreconcilable differences which are a consequence of their conduct make it impossible for the undersigned Counsel to effectively discharge his duties to adequately represent these parties or for his Firm to utilize or obtain the necessary resources to do so. Although the record is constrained by the limitations imposed on Counsel by the Rules of Professional Conduct, Counsel respectfully submits that the representations made herein are true and correct, are supported by the facts, are undisputed, and that his clients have acted in a manner that permits counsel to withdraw pursuant to D.C. Rules of Professional Conduct 1.3, 1.16(b)(3) and (4), and, if necessary 1.16(b)(5).

There are no other reasons militating against immediate withdrawal under the applicable Rules of Professional Conduct. Withdrawal will not unduly delay these proceedings or result in a materially adverse effect on the interests of John B. Mann and Mann Technologies, L.L.C. No trial date is set. Several discovery motions are ripe for decision and there remains ample time for new counsel to come in and complete discovery and see this case to resolution.

WHEREFORE, the undersigned Counsel pray that the Court grant Thomas A. Mauro and the Law Firm of Mauro Law Offices, P.C. immediate leave to withdraw.

                                            Respectfully submitted,

                                          _____/s/_____
                                          Thomas A. Mauro, Bar No. 184515
                                          Mauro Law Offices, P.C.
                                          1020 Nineteenth Street, N.W.
                                          Suite 400
                                          Washington, D.C. 20036
                                          Tel.: (202) 452-9865
                                          Fax: (202) 452-0092

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I have caused a true and correct copy of the foregoing Response of Thomas A. Mauro to the Objection of John B. Mann to the Motion for Leave to Withdraw as Counsel to be sent electronically and by first class mail, postage prepaid, this 4th day of May, 2007, as follows:

Robert Patterson
11775 Stratford House Place
Unit 407
Reston, VA. 20190

John B. Mann
9330 Harts Mill Road
Warrenton, VA. 20186

Mann Technologies, L.L.C.
c/o John B. Mann
9330 Harts Mill Road
Warrenton, VA. 20186

                                                      _/s/_
                                         Thomas A. Mauro