## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. | ) |
| | ) |
|     **Plaintiff and Counterclaim** | ) |
|     **Defendant** | ) |
| | ) |
|     **v.** | )    **Case No. 05cv01186 (RCL)** |
| | ) |
| **JOHN B. MANN, et al.** | )    **Judge: Royce C. Lamberth** |
| | ) |
|     **Defendants and Counterclaim** | ) |
|     **Plaintiffs** | ) |

## EMERGENCY MOTION FOR PROTECTIVE ORDER

Plaintiff, Ellipso, Inc., pursuant to Federal Rule of Civil Procedure 26(c), respectfully requests that this Court enter a protective order concerning: 1) the deposition noticed for Juan Tomassoni scheduled for September 5, 2007, 2) the depositions of Jack Anderson and John Piper scheduled for September 19, 2007, and 2) the deposition noticed for Ellipso, Inc., scheduled to take place on September 20, 2007. With respect to the deposition of Juan Tomassoni, counsel for Ellipso has filed a Motion to Withdraw as Counsel and it would be prejudicial and unproductive to Ellipso and its future counsel to move forward with the deposition at this time. As for Defendants' attempt to notice the deposition of Ellipso, Ellipso has already been subjected to a 9-hour deposition in this matter, all of which is more fully set forth in the attached memorandum of points and authorities.

WHEREFORE, Plaintiff respectfully requests that its Motion for Protective Order be granted.

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**

_____//s//_____
Natalie Ludaway, #405149
Matthew H. Goodman, #445404
1400 K Street, NW
Suite 1000
Washington, DC  20005
(202) 434-9100 (voice)
*Counsel for Ellipso, Inc.*

## LOCAL RULE 7(m)  CERTIFICATE

Defendants do no consent to the relief requested.

## CERTIFICATE OF SERVICE

I certify that on this 29th day of August, 2007, the foregoing was served via electronic filing upon

Christopher Hoge, #203257
1710 Rhode Island Ave., N.W.
7th Floor
Washington, D.C. 20036

And by regular, first-class mail upon:

ROBERT B. PATTERSON, pro se
11775 Stratford House Place
#407
Reston, VA 20190

_____//s//_____
Matthew H. Goodman

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ELLIPSO, INC.** | ) | |
| | ) | |
| **Plaintiff and Counterclaim Defendant** | ) | |
| | ) | |
| **v.** | ) | **Case No. 05cv01186 (RCL)** |
| | ) | |
| **JOHN B. MANN, et al.** | ) | **Judge: Royce C. Lamberth** |
| | ) | |
| **Defendants and Counterclaim Plaintiffs** | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER

In support of its Emergency Motion for Protective Order, Plaintiff respectfully states as follows:

1.      Ellipso, Inc., is incorporated in the District of Columbia.  Its President is David Castiel.  Mr. Castiel is the only current officer of Ellipso with knowledge of any facts relating to this case.  It was Mr. Castiel who signed the Loan Agreement on behalf of Ellipso and who, according to the Mann Defendants' Amended Complaint, allegedly misrepresented the status of 881-vanity service.  There is no other officer or director for Ellipso who would be designated as the corporate designee for purposes of a deposition in this matter.

2.      Defendants John Mann and Robert Patterson are still members of Mann Technologies.  As is well-documented in this case, the Mann Defendants and Patterson have been operating under a joint defense privilege.  Elliipso has repeatedly requested proof that such

3

an agreement exists in order to assess the validity of their claimed privilege, but no documentation has been provided.

3.    The Mann Defendants first noticed the Deposition of David Castiel, in his capacity as President of Ellipso, to take place on March 28, 2007, however, the deposition was postponed. Exhibit 1.

4.    The parties subsequently formulated a deposition schedule and prepared a joint scheduling order.[1] Exhibit 2. Essentially, the parties agreed that the deposition of Robert Patterson would take place first, following by the deposition of Ellipso's president, David Castiel, followed by the depositions of John Mann and Mann Technologies. To this end, Robert Patterson noticed the deposition of David Castiel, as President of Ellipso, for May 2, 2007. Exhibit 3.

5.    Before any depositions took place, the Mann Defendants' prior counsel filed a Motion to Withdraw. Ellipso was concerned about moving forward with the deposition of David Castiel considering the likelihood that the Mann Defendants would be securing new counsel and might seek to depose Ellipso a second time. Counsel for Ellipso advised then-counsel for the Mann Defendants that Ellipso would agree to continue the deposition until new counsel was retained so as to avoid any efforts by future counsel to re-depose Mr. Castiel. Exhibit 4. This offer was rejected, and the Mann Defendants demanded the deposition of David Castiel, as President of Ellipso, proceed.

6.    On May 2, 2007, David Castiel, as President of Ellipso, was deposed for nearly nine hours, excluding a one-hour lunch break. The scope of the examination covered every issue raised in the Complaint and Amended Counter –claim, and more. In fact, during this deposition

---

[1] The draft joint scheduling order was prepared by the Mann Defendants' prior counsel, Thomas Mauro. This consent order was not filed due to counsel's withdrawal from the case.

Defendants inquired into the same topics identified in the Mann Defendants' Rule 30(b)(6) Deposition Notice. Very little of the examination related matters solely applicable to Mr. Castiel, nor could it, since Mr. Castiel is not a party and this Court has already denied Defendants' request for leave to amend the pleadings. Counsel for Mann Defendants participated in the examination of David Castiel.

7.    Pursuant to Federal Rule of Civil Procedure 30(a)(2), a party must obtain leave of court if it seeks to depose a person who has already been deposed in the case. Not only was David Castiel, as President of Ellipso, deposed, the deposition exceeded the seven-hour limit provided in FRCP 30(d). Defendants never sought leave of court prior to noticing the Deposition of Ellipso's corporate designee, David Castiel, and said deposition should not be allowed to take place given that Ellipso was already deposed at length by Defendants.[2]

8.    Federal Rule of Civil Procedure 26(c) provides that this Court may make any order which justice requires to protect a party or person from a deposition, including that the deposition take place on specified terms and conditions, including a designation of time and place.

9.    The Mann Defendants have also noticed the deposition of Juan Tomassoni to occur on September 5, 2007, and Jack Anderson and John Piper to take place on September 19, 2007. The undersigned counsel has already requested a stay of discovery so as to allow Ellipso reasonable time to secure new counsel should the Court grant counsel's Motion for Leave to

---

[2] Any contention by the Mann Defendants that they are entitled to notice their own deposition of Ellipso would be disingenuous for two reasons: 1) The Mann Defendants and Robert Patterson have been operating under a joint defense agreement and working together throughout discovery. Thus, they should not be allowed to disavow their alliance when it proves detrimental.

Withdraw.[3] Plaintiff specifically requests a protective order as to these depositions so that Ellipso's future counsel can be present and participate as it deems appropriate.

10.    Ellipso notes that when prior counsel for the Mann Defendants moved to withdraw, counsel for Ellipso refrained from pursuing discovery and scheduling necessary depositions until new counsel was retained.   Exhibit 5.

11.    Alternatively, if the court is inclined to allow Defendants to take the deposition of David Castiel, Plaintiff requests that said deposition be postponed until Ellipso's new counsel can participate.

12.    As noted in the pending Motion to Withdraw and Stay Discovery, all of the delays in this case to date have been the result of the actions of Defendants and their prior counsel, and not attributable to Ellipso.

WHEREFORE, Counsel respectfully requests that this Court stay the depositions of Juan Tomassoni, Jack Anderson and John Piper until new counsel is retained by Ellipso, and that the Court enter an order protecting Ellipso from the deposition scheduled for September 20, 2007.

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**


_____//s//_____
Natalie Ludaway, #405149
Matthew H. Goodman, #445404
1400 K Street, NW
Suite 1000
Washington, DC  20005
(202) 434-9100 (voice)
*Counsel for Ellipso, Inc.*

---

[3] The undersigned's efforts to persuade counsel for Mann Defendants to voluntarily refrain from moving forward with the depositions until this Court ruled on the Motion to Withdraw and To Stay Discovery without requiring an emergency motion were unsuccessful.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ELLIPSO, INC.** | ) | |
| | ) | |
| **Plaintiff and Counterclaim Defendant** | ) | |
| | ) | |
| **v.** | ) | **Case No. 05cv01186 (RCL)** |
| | ) | |
| **JOHN B. MANN, et al.** | ) | **Judge: Royce C. Lamberth** |
| | ) | |
| **Defendants and Counterclaim Plaintiffs** | ) | |
| | ) | |

### ORDER

UPON CONSIDERATION of Plaintiff's Emergency Motion for Protective Order, and any Opposition filed thereto, it is by the Court this _____ day of _____;

ORDERED, that Plaintiff's Emergency Motion for Protective Order be and the same is hereby granted; and it is further

ORDERED, that the depositions of Juan Tomassoni, Jack Anderson and John Piper shall be postponed until such time as this Court decides the Motion to Withdraw and Stay Discovery filed by counsel for Ellipso; and it is further

ORDERED, that the notice of deposition of David Castiel, as president of Ellipso, for September 20, 2007, is hereby stricken as Defendants have already deposed Ellipso's president in this matter.

_____
JUDGE LAMBERTH

7

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC.,

        Plaintiff,

       v.                         Case No. 05cv001186  (RCL)

JOHN B. MANN et al.,
        Defendants.

## NOTICE OF DEPOSITION

Defendants and Counterclaim Plaintiffs, Mann Technologies, L.L.C. and John B. Mann, ,

through their undersigned Counsel, hereby give notice counsel will take the deposition of Dr.

David Castiel , President of Ellipso, Inc., at the time and the place below listed before a Notary

Public. Said examination will be for the purpose of discovery or for use as evidence in this

action, or both, pursuant to the Federal Rules of Civil Procedure:

| | |
|---|---|
| **Person to be deposed:** | Dr. David Castiel |
| **Time:** | 10:00 a.m. |
| **Date:** | March 28, 2006 |
| **Place:** | Mauro Law Offices, P.C. |
| | 1020 Nineteenth Street, N.W.; Suite 400 |
| | Washington, D.C. 20036 |

Dated : March 14, 2007

Thomas A. Mauro, Esq.; Bar No. 184515
1020 Nineteenth Street, N.W.
Suite 400
Washington, D.C. 20036
202 452 9865

Attorney for Mann Technologies, L.L.C. and John
B. Mann

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copy of the foregoing Notice of Deposition was delivered this 14th day of March, 2007, was delivered by first class mail, postage prepaid to:

Robert B. Patterson, *pro se*
11775 Stratford House Place
Unit 407
Reston, VA 20190

and by facsimile at 202 783 3420 to

Matthew H. Goodman, Esq.
Leftwich & Ludaway LLC
1400 K Street, N.W.
Suite 1000
Washington, D.C. 20005

Thomas A Mauro

# Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC                          )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )          Civil Action No.: 05-01186 (RCL)
                                      )
JOHN B. MANN, et al.                  )
                                      )
        Defendants.                   )

## CONSENT SCHEDULING ORDER

The parties through counsel have agreed to a schedule for the deposition of Robert

Patterson, David Castiel, President of Ellipso, Inc., and John B. Mann. In light of the agreement,

it is this __ day of _____ , 2007

**ORDERED** that the deposition of the following individuals shall proceed in the

following order:

1.    Deposition of Robert Patterson by Ellipso, Inc. on April 17, 2007, at 10:00 a.m. at the

Offices of counsel for Ellipso;

2.    Deposition of David Castiel, President of Ellipso, Inc., by counsel for John B. Mann and

Mann Technologies, Inc. on April 19, 2007, at 10:00 a.m. at the Offices of counsel for John B.

Mann and Mann Technologies, Inc.;

3.    Deposition of David Castiel, President of Ellipso, Inc., by Robert Patterson, pro se, on

April 20 2007, at 10:00 a.m. at the Offices of counsel for John B. Mann and Mann Technologies,

Inc.; and

4.    Deposition of John B. Mann by counsel for Ellipso, Inc. on May 8, 2007, at 10:00 a.m. at

the Offices of counsel for Ellipso, Inc.

        **SO ORDERED.**

                                    */s/*
                                    ROYCE C. LAMBERTH
                                    United States District Judge

cc:    Counsel of Record

# Exhibit 3

April 20, 2007

Matthew Goodman, Esq.
Natalie O. Ludaway, Esq.
1400 K Street, N.W., Suite 1000
Washington, DC 20005

     Re: Ellipso, Inc. v John Mann, et al, USDC, Civil Action No. 05ca001186(RCL)

Dear Mr. Goodman:

    This is notice that Defendant Robert Patterson will take the deposition of David

Castiel, President of Ellipso, Inc., at the time and place below listed before a Notary

Public. Said examination will be for the purpose of discovery or for use as evidence in

this action, or both, pursuant to the Federal Rules of Civil Procedure.

| | |
|---|---|
| Person to be deposed: | David Castiel |
| Tlime: | 10:00 a.m. |
| Date: | May 2, 2007 |
| Place: | Reston, Virginia (exact address to be provided) |

    This notice is being served pursuant to the agreement of the parties that David Castiel

will appear at the above date and time for deposition. Should you require a formal

subpoena, please let me know and I shall provide one.

                     Very truly yours,

                     Robert B. Patterson, pro se
                     11775 Stratford House Place, #407
                     Reston, Virginia 20190
                     (571) 278-7076

Cc: Thomas A. Mauro, Esq.
     1020 Nineteenth Street, N.W.
     Suite 400
     Washington, D.C. 20036

# Exhibit 4



 Leftwich&Ludaway LLC

*Willie L. Leftwich Retired*

April 25, 2007

***Via Fascimile and First-Class Mail***

Thomas Mauro, Esquire
1020 19th Street, N.W.
Suite 400
Washington, D.C. 20036

***Via First-Class Mail***

Robert Patterson, pro se
11775 Stratford House Place
#407
Reston, VA 20190

  RE:   ***Ellipso, Inc. v. Mann Tech, LLC, et. al.***

Gentleman:

   Mr. Castiel is prepared to appear at his deposition scheduled for May 2, 2007.  In light of Defendants' previous effort to schedule Mr. Castiel's deposition to take place on different days, and given Mr. Mauro's pending Motion to Withdraw, I take this opportunity to remind Defendants that Mr. Castiel will make himself available for a single deposition.

   Since Mr. Patterson and Mr. Mann have been operating under a joint defense agreement, I assume that Mr. Mann has no objection to Mr. Patterson moving forward with Mr. Castiel's deposition, notwithstanding the possibility that Mr. Mauro may not be representing the Mann Defendants at trial.

   My client is agreeable to continuing his deposition to a date following a ruling on Mr. Mauro's pending motion to allow the Mann Defendants to retain new counsel, if necessary.  Unless I hear otherwise, I will take it that Mr. Mann desires to move forward with the deposition as scheduled.

                          Sincerely,

                          Matthew H. Goodman

cc:  David Castiel

```
┌─────────────────────────────────────────┐
│   TRANSMISSION VERIFICATION REPORT        │
└─────────────────────────────────────────┘
                              TIME  : 04/26/2007 12:16
                              NAME  :
                              FAX   :
                              TEL   :
                              SER.# : BROJ4J119467
```

```
┌───────────────────────────────────────────────────────────────┐
│   DATE,TIME          04/26  12:15                               │
│   FAX NO./NAME       2024520092                                 │
│   DURATION           00:00:33                                   │
│   PAGE(S)            02                                         │
│   RESULT             OK                                         │
│   MODE               STANDARD                                   │
│                      ECM                                        │
└───────────────────────────────────────────────────────────────┘
```



## Leftwich & Ludaway LLC

**1400 K Street NW, Suite 1000**
**Washington, DC 20005-2403**
**(202) 434-9100**
**FACSIMILE: (202) 783-3420**

## FACSIMILE TRANSMITTAL COVER SHEET

### DATE: April 26, 2007

**TO: Thomas Mauro, Esq.**

**FACSIMILE NO: 202.452.0092**

**FROM: Matthew H. Goodman, Esquire          CLIENT MATTER NO.: 2801.003**

**NUMBER OF PAGES (including cover sheet): 2**

**ORIGINAL WILL:** ☒ **Follow via mail**              ☐ **Follow via messenger**

                    ☐ **Follow via overnight service**     ☐ **Not be sent**

**COMMENTS:**

# Exhibit 5


**Leftwich&Ludaway** LLC
*Willie L. Leftwich Retired*

June 21, 2007

***Via Electronic* (legalmanagement@yahoo.com; rbplaw@hotmail.com) *and First-Class Mail***

John Mann, pro se
9330 Harts Mill Road
Warrenton, VA 20186

Robert Patterson, pro se
11775 Stratford House Place
#407
Reston, VA 20190

      ***Re:***   *Ellipso, Inc. v. Mann Tech, LLC, et. al.*

Dear Mr. Mann and Mr. Patterson:

      Several weeks ago, Mr. Mann indicated that Mann Tech would be securing new counsel. As you are aware, Plaintiff has refrained from rescheduling depositions and conducting other discovery to allow Mann Tech time to obtain new counsel. It is imperative that Mann Tech retain new counsel immediately, as its delay is hindering Plaintiff's discovery efforts.

      Please ensure that Mann Tech retains new counsel no later than June 29, 2007, and have counsel enter his/her appearance in this case. In the meantime, I would like to reschedule the deposition of John Mann to take place in mid-July. Please provide me with dates for your availability.

                     Sincerely,

                     Matthew H. Goodman

cc: David Castiel
     (dcastiel@ellipso.com)