UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC., ) | |
| ) | |
|     Plaintiff and ) | |
|     Counter-Defendant ) | |
| ) | |
| v. ) | Civil Action No. 05-1186 (RCL) |
| ) | |
| JOHN B. MANN, *et al.*, ) | |
| ) | |
|     Defendants and ) | |
|     Counter-Plaintiffs ) | |

**CONSOLIDATED RESPONSE OF JOHN B. MANN AND
MANN TECHNOLOGIES, LLC TO MOTION
FOR LEAVE TO WITHDRAW AS COUNSEL
AND REQUEST FOR STAY OF DISCOVERY, AND
EMERGENCY MOTION FOR PROTECTIVE ORDER**

Come now John B. Mann and Mann Technologies, LLC, Defendants and Counter-Plaintiffs herein (collectively the "Mann Defendants"), by their undersigned counsel, and hereby file the following consolidated response to the Motion for Leave to Withdraw as Counsel and Request for Stay of Discovery, filed August 27, 2007, and the Emergency Motion for Protective Order, filed August 30, 2007.

1. The Mann Defendants take no position with regard to the Motion to Withdraw.

2. The Mann Defendants do not oppose a stay of discovery until new counsel has entered an appearance, except that they seek permission to take one brief deposition of a third party fact witness on the currently scheduled date of September 5, 2007. Juan Tomassoni is an important witness who resides in Reston, Virginia. He travels extensively to his home country of Argentina, and is currently dealing with medical emergencies on the part of his father-in-law who resides in Argentina and his son-in-law who resides in California. On September 4, 2007, he

advised counsel for the Mann Defendants that his son-in-law is about to face serious colon surgery, and Mr. Tomassoni and his wife will be flying to California shortly after September 5 to assist. From there they are likely to go to Argentina for an unknown period of time. When asked if he would be available for deposition in October, Mr. Tomassoni replied that it would be unlikely because of these situations, and that it would be best if he could be deposed on September 5, as scheduled. The deposition would likely take no more than two to three hours.

3. The Mann Defendants oppose Plaintiffs' contention, in their Emergency Motion for a Protective Order, that the Mann Defendants should be permanently barred from taking a Rule 30(b)(6) deposition of Ellipso, Inc. The previous deposition of David Castiel was taken in his capacity as an individual, not as a designated corporate representative of Ellipso. As discussed below, that deposition bore none of the ear-marks of a Rule 30(b)(6) deposition. Moreover, Plaintiff has not presented the Court with several significant documents which clearly demonstrate that a Rule 30(b)(6) deposition of Ellipso has not yet occurred.

4. Fed. R. Civ. P. 30(b)(6) provides as follows:

> A party may in the party's notice and in a subpoena *name as the deponent a public or private corporation* or a partnership or association or governmental agency *and describe with reasonable particularity the matters on which examination is requested.* In that event, the *organization so named* shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify....

(Emphasis supplied).

5. The previous Notice of Deposition of Dr. David Castiel, Exhibit "1" attached to the Emergency Motion for a Protective Order, did not name a public or private corporation as the deponent, as required by Rule 30(b)(6); it named Dr. Castiel. The Notice did not cite Rule

30(b)(6), as is the custom for such proceedings, and it did not describe at all "the matters on which examination is requested", as required by that rule.

6. Attached hereto as Exhibit "A" are three pages from the deposition of David Castiel, taken on May 2, 2007. The first page indicates that this was the "[D]eposition of David Castiel, Witness". Page 7 starts out with examination by co-defendant Patterson: "We're here for the deposition of David Castiel". There is no indication that it was a Rule 30(b)(6) deposition.

7. Attached as Exhibit "B" is the Notice of Rule 30(b)(6) Deposition of Ellipso, Inc., served on counsel for Plaintiffs in August of 2007. That Notice is clearly directed to a private corporation, namely, Plaintiff Ellipso, Inc., and it does describe with particularity "the matters on which examination is requested", as required by the rule.

8. Plaintiff argues in its emergency motion that David Castiel has already given lengthy deposition testimony covering the same areas set forth in the Rule 30(b)(6) notice to Ellipso. First, the Mann Defendants dispute that the May 2, 2007 Castiel deposition covered the areas set forth in the Ellipso notice, and it would require a careful reading of the entire transcript to determine which party is correct about that. Secondly, Ellipso has clearly demonstrated its understanding of the difference between a deposition of the individual CEO of a company and that of the company itself by recently serving the Mann Defendants with a Second Notice of Taking Deposition of John Mann (Exhibit "C") and a Second Notice of Taking Deposition of Defendant Mann Technologies (Exhibit "D"). Exhibit "D" makes clear reference to Rule 30(b)(6) and contains a detailed list of matters to be addressed. It is completely different from the Notice of Deposition previously served on David Castiel.

9. It has been repeatedly held that:

> A Rule 30(b)(6) deponent's testimony does not represent the knowledge or opinions of the deponent, but that of the business entity.... The designee, in essence, represents the corporation just as an individual represents him or herself at a deposition....
>
> The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. *Thus, there is a qualitative difference in the testimony that one witness may give as an individual and as a Rule 30(b)(6) deponent.*

*Alloc, Inc. v. Unilin Decor N.V.*, No. 02-1266, 2006 U.S. Dist. LEXIS 65889 (E.D. Wis. Aug. 29, 2006) (emphasis supplied). *See also, Requa v. C.B. Fleet Holding Co.*, 2007 U.S. Dist. LEXIS 55486 (D. Colo. July 31, 2007). In the oft-cited case of *United States v. Taylor*, 166 F.R.D. 356, 1996 U.S. Dist. LEXIS 5491 (M.D.N.C. Feb. 27, 1996), the Court described some distinctions between a Rule 30(b)(6) deposition and that of an individual:

> The Rule 30(b)(6) designee does not give his personal opinions. Rather, he presents the corporation's "position" on the topic... Moreover, the designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions.... The corporation must provide its interpretation of documents and events....
>
> While the Rule 30(b)(6) deposition of a corporation and an individual are similar, there is one factor which can distinguish them. An individual's personal memory is no more extensive than his or her life. However, a corporation has a life beyond that of mortals....

166 F.R.D. at 361 (citations omitted).

10. Thus, it is clear that no Rule 30(b)(6) deposition of Ellipso has yet occurred, and the Mann Defendants must be allowed an opportunity to inquire into matters related to its corporate history and activities. If, *arguendo*, Plaintiffs' contention that such a deposition has already occurred, then the Mann Defendants should be allowed to depose David Castiel, individually.

WHEREFORE, that portion of the Motion for Protective Order seeking to prevent the Rule 30(b)(6) deposition of Ellipso, Inc. should be denied.

Respectfully submitted,

/s/ Christopher G. Hoge
Christopher G. Hoge #203257
Counsel for Defendants/Counter-Plaintiffs
 John B. Mann and Mann Technologies, LLC

CROWLEY, HOGE & FEIN, P.C.
1710 Rhode Island Avenue, N.W.
7th Floor
Washington, D.C. 20036
(202) 483-2900

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true copies of the foregoing Consolidated Response were, this 4th day of September, 2007, served electronically upon:

NATALIE LUDAWAY, ESQ.
MATTHEW H. GOODMAN, ESQ.
LEFTWICH & LUDAWAY, LLC
1400 K Street, N.W.
Suite 1000
Washington, D.C. 20005
Counsel for Plaintiff/Counter-Defendant

and via first class mail, postage prepaid, upon:

ROBERT B. PATTERSON
11775 Stratford House Place
#407
Reston, VA 20190
Defendant/Counter-Plaintiff *Pro Se*

/s/ Christopher G. Hoge
Christopher G. Hoge

cgh/z/wpdirs/civil
mannprotectorderresponse.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC., | ) |
|     Plaintiff and Counter-Defendant | ) ) ) ) |
| v. | )    Civil Action No. 05-1186 (RCL) |
| JOHN B. MANN, *et al.*, | ) ) ) |
|     Defendants and Counter-Plaintiffs | ) ) |

**ORDER**

UPON CONSIDERATION of the Motion for Leave to Withdraw as Counsel filed by current counsel for Plaintiff/Counter-Defendant Ellipso, Inc. ("Ellipso"), and of Ellipso's Request for Stay of Discovery, and Emergency Motion for Protective Order, and of the responses to these motions filed by Defendants/Counter-Plaintiffs, and for good cause shown, it is by the Court, this ____ day of _____, 2007, hereby

ORDERED, that the Motion to Withdraw be, and it is hereby (GRANTED) (DENIED); and it is further

ORDERED, that Ellipso's Request for Stay of Discovery be, and it is hereby, GRANTED, except insofar as the third party witness deposition of Juan Tomassoni, which shall proceed as scheduled on September 5, 2007, at 2:00 p.m. The remainder of discovery shall be stayed until new counsel has entered an appearance for Ellipso. And it is further

ORDERED, that the Motion for Protective Order with regard to the Rule 30(b)(6) deposition of Ellipso, Inc. Be, and it is hereby, DENIED.

 

_____
UNITED STATES DISTRICT JUDGE

Copies:

NATALIE LUDAWAY, ESQ.
MATTHEW H. GOODMAN, ESQ.
LEFTWICH & LUDAWAY, LLC
1400 K Street, N.W.
Suite 1000
Washington, D.C. 20005
mgoodman@leftwichlaw.com

CHRISTOPHER G. HOGE, ESQ.
CROWLEY, HOGE & FEIN, P.C.
1710 Rhode Island Avenue, N.W.
7th Floor
Washington, D.C. 20036
chfcgh@aol.com

ROBERT B. PATTERSON
11775 Stratford House Place
#407
Reston, VA 20190