UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC.,                                )
                                              )
            Plaintiff and                     )
            Counter-Defendant                 )
                                              )
      v.                                      )      Civil Action No. 05-1186 (RCL)
                                              )
JOHN B. MANN, *et al.*,                       )
                                              )
            Defendant and                     )
            Counter-Plaintiffs                )

## NOTICE OF RULE 30(b)(6) DEPOSITION
## OF ELLIPSO, INC.

PLEASE TAKE NOTICE that Defendant/Counter-Plaintiff John B. Mann shall take the

deposition of Plaintiff/Counter-Defendant Ellipso, Inc. on Thursday, September 20, 2007, at 10

a.m., at the law offices of Crowley, Hoge & Fein, P.C., 1710 Rhode Island Avenue, N.W., Suite

700, Washington, D.C. 20036.

This deposition shall be taken pursuant to Fed. R. Civ. P. 30(b)(6), and in accordance

with the civil rules of this Court; shall be taken for purposes of discovery and/or for use as

evidence at trial; and shall continue from day to day until completed.

Pursuant to Rule 30(b)(6), Ellipso, Inc. shall designate one or more officers, directors,

managing agents, or other persons who will testify on its behalf, and may set forth, for each

person designated, the matters requested below on which each person will testify.  The persons

so designated shall testify as to matters known or reasonably available to the organization.

EXHIBIT

B

## TOPICS TO BE COVERED BY THE CORPORATE DESIGNEE

1.    Ellipso's corporate tax returns for 2002 through 2004.

2.    Matters discussed at Ellipso's Board of Directors and Shareholder meetings from 2002 through 2004, and any minutes, notes or records kept with regard to such meetings.

3.    Loan applications and/or negotiations concerning borrowing funds by Ellipso between 2002 and 2004, and all correspondence, including but not limited to e-mails, related to such applications.

4.    Efforts to raise capital by Ellipso between 2002 and 2004, and all correspondence, including but not limited to e-mails, related to such applications.

5.    All correspondence and communications, including but not limited to e-mails, between or among any officers, directors or employees of Ellipso and/or any of its subsidiaries and John Mann, Mann Tech, Inc. and/or Robert Patterson between 2002 and 2004.

6.    Any defaults on any loans by Ellipso prior to December 31, 2004.

7.    Any credit ratings received by Ellipso between 2002 and 2004, including all documents related thereto.

8.    Any litigation involving Ellipso that was pending or threatened between 2002 and 2004.

9.    Ownership by Ellipso or any of its subsidiaries of shares of ICOHA between 2002 and 2004, and any transactions involving ICOHA stock by Ellipso or any of its subsidiaries during that period.

10.     Contracts and business projects worked on by Ellipso between 2002 and 2004.

11.     The financial condition of Ellipso and its subsidiaries, including but not limited to MCHI, between 2002 and 2004, including but not limited to its income, expenses, and payments to any Ellipso officers, directors or employees.

12.     Information regarding computers and servers belonging to Ellipso or any of its subsidiaries, including but not limited to MCHI, between 2002 and 2004, including but not limited to the location and operational status of every computer and/or server used by any officer, director or employee of Ellipso and/or its subsidiaries to transmit or receive e-mails relating to John Mann, Mann Tech, Inc., Robert Patterson and/or Juan Tomassoni.

13.     The relationships between Ellipso and Mann Tech, John Mann, Robert Patterson, Juan Tomassoni and The Registry Solutions Company between 2002 and 2004.

14.     The facts and circumstances surrounding the execution of the Collateralized Loan Agreement referred to in the Complaint, as well as any proposed or executed amendments thereto.

15.     Information about any accounts held by Ellipso and/or any of its subsidiaries at any bank or financial institution between 2002 and 2004.

16.     Any financial transactions involving Ellipso and Mann Tech, Inc., John Mann, Robert Patterson, Juan Tomassoni and/or The Registry Solutions Company between 2002 and 2004.

17.     Any financial transactions by Ellipso or its subsidiaries, including but not limited to MCHI, involving UBS Financial Services, including but not limited to the

3

acquisition, sale or transfer of ICOHA stock, between 2002 and 2004.

18.     Ellipso's involvement with and/or implementation of any 881 service between
2002 and 2004.

19.     Any communications between Ellipso and any other person or entity concerning:
a) any 881 service; b) Robert Patterson's interest in Mann Tech, Inc.; c) the
receipt, sale or contemplated sale of ICOHA stock; and/or d) Ellipso's
performance under the Collateralized Loan Agreement.

20.     Any changes in the manner in which e-mails to or from any officer, director or
employee of Ellipso and/or its subsidiaries, including but not limited to MCHI,
were transmitted or received between 2002 and 2005, including but not limited to
any contractual arrangements or understandings with any third parties.

21.     Any issue identified in the Complaint or the Amended Counterclaim herein.

22.     Any matters discussed in Ellipso's answers to interrogatories.

23.     Any matters related to any document produced by any party in discovery.

Pursuant to Fed. R. Civ. P. 30(b)(5), Deponent is requested to produce the following
documents at the deposition:

1.     Ellipso's corporate tax returns for 2002 through 2004.

2.     All minutes, notes and records relating to Ellipso's Board of Directors and
Shareholder meetings from 2002 through 2004.

3.     All documents and correspondence, including but not limited to e-mails, related to
loan applications and/or negotiations concerning borrowing funds by Ellipso
between 2002 and 2004.

4

4.     All documents and correspondence, including but not limited to e-mails, related to efforts to raise capital by Ellipso between 2002 and 2004.

5.     All correspondence and written communications, including but not limited to e-mails, between or among any officers, directors or employees of Ellipso and/or any of its subsidiaries and John Mann, Mann Tech, Inc. and/or Robert Patterson between 2002 and 2004.

6.     All documents relating to any defaults on any loans by Ellipso prior to December 31, 2004.

7.     All documents relating to any credit ratings received by Ellipso between 2002 and 2004.

8.     All documents relating to any litigation involving Ellipso that was pending or threatened between 2002 and 2004.

9.     All documents relating to ownership by Ellipso or any of its subsidiaries of shares of ICOHA between 2002 and 2004, and any transactions involving ICOHA stock by Ellipso or any of its subsidiaries during that period.

10.    All documents relating to contracts and business projects worked on by Ellipso between 2002 and 2004.

11.    All documents relating to the financial condition of Ellipso and its subsidiaries, including but not limited to MCHI, between 2002 and 2004, including but not limited to its income, expenses, and payments to any Ellipso officers, directors or employees.

12.    All documents relating to computers and servers belonging to Ellipso or any of its

5

subsidiaries, including but not limited to MCHI, between 2002 and 2004,
including but not limited to the location and operational status of every computer
and/or server used by any officer, director or employee of Ellipso and/or its
subsidiaries to transmit or receive e-mails relating to John Mann, Mann Tech,
Inc., Robert Patterson and/or Juan Tomassoni.

13.  All documents relating to the relationships between Ellipso and Mann Tech, John
Mann, Robert Patterson, Juan Tomassoni and The Registry Solutions Company
between 2002 and 2004.

14.  All documents relating to the facts and circumstances surrounding the execution
of the Collateralized Loan Agreement referred to in the Complaint, as well as any
proposed or executed amendments thereto.

15.  All documents containing information about any accounts held by Ellipso and/or
any of its subsidiaries at any bank or financial institution between 2002 and 2004.

16.  All documents relating to any financial transactions involving Ellipso and Mann
Tech, Inc., John Mann, Robert Patterson, Juan Tomassoni and/or The Registry
Solutions Company between 2002 and 2004.

17.  All documents relating to any financial transactions by Ellipso or its subsidiaries,
including but not limited to MCHI, involving UBS Financial Services, including
but not limited to the acquisition, sale or transfer of ICOHA stock, between 2002
and 2004.

18.  All documents relating to Ellipso's involvement with and/or implementation of
any 881 service between 2002 and 2004.

6

19.    All documents reflecting or evidencing any communications between Ellipso and any other person or entity concerning: a) any 881 service; b) Robert Patterson's interest in Mann Tech, Inc.; c) the receipt, sale or contemplated sale of ICOHA stock; and/or d) Ellipso's performance under the Collateralized Loan Agreement.

20.    All documents relating to any changes in the manner in which e-mails to or from any officer, director or employee of Ellipso and/or its subsidiaries, including but not limited to MCHI, were transmitted or received between 2002 and 2005, including but not limited to any contractual arrangements or understandings with any third parties.

21.    All documents relating to any issue identified in the Complaint or the Amended Counterclaim herein.

22.    All documents relating to any matters discussed in Ellipso's answers to interrogatories.

Respectfully submitted,

Christopher G. Hoge #203257
Counsel for Defendants/Counter-Plaintiffs
John B. Mann and Mann Technologies, LLC

CROWLEY, HOGE & FEIN, P.C.
1710 Rhode Island Avenue, N.W.
7th Floor
Washington, D.C.  20036
(202) 483-2900

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true copies of the foregoing Notice of Deposition were, this 15th day of August, 2007, served by first class mail, postage prepaid, upon:

> NATALIE LUDAWAY, ESQ.
> MATTHEW H. GOODMAN, ESQ.
> LEFTWICH & LUDAWAY, LLC
> 1400 K Street, N.W.
> Suite 1000
> Washington, D.C. 20005
> Counsel for Plaintiff/Counter-Defendant

> and

> ROBERT B. PATTERSON
> 11775 Stratford House Place
> #407
> Reston, VA 20190
> Defendant/Counter-Plaintiff *Pro Se*

Christopher G. Hoge

cgh/z/wpdirs/civil
mannnod2.wpd

8