## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. ) | |
| ) | |
| **Plaintiff and Counterclaim** ) | |
| **Defendant** ) | |
| ) | |
| v. ) | **Case No. 05cv01186 (RCL)** |
| ) | |
| JOHN B. MANN, et al. ) | **Judge: Royce C. Lamberth** |
| ) | |
| **Defendants and Counterclaim** ) | |
| **Plaintiffs** ) | |
| ) | |

## PLAINTIFF'S SECOND NOTICE OF TAKING DEPOSITION OF DEFENDANT MANN TECHNOLOGIES

Please take notice that Plaintiff Ellipso, Inc., by and through their undersigned counsel, will take the Rule 30(b)(6) deposition of Mann Technologies, LLC, for use in discovery and as evidence at trial on September 12, 2007 at 9:30 a.m. at the law offices Leftwich & Ludaway, LLC, 1400 K Street, N.W., Suite 1000, Washington, D.C. 20005.  Said deposition is to be taken before an officer authorized to administer oath in the District of Columbia and will continue until completed.

The following matters will be addressed during the deposition:

1.      All issues identified in Plaintiff's Complaint and Defendants' Amended Counter-claim.

2.      The relationship between Mann Tech and John Mann, Robert Patterson, Juan Tomassoni, Mann Enterprises and The Registry Solutions Company.

3.      The facts and circumstances surrounding execution of the Collateralized Loan Agreement.

1

**EXHIBIT**

**D**

4.    The name and account number of all accounts held by Mann Technologies with all banking and other financial institutions.

5.    Any and all financial transactions by and between Mann Tech and John Mann, Robert Patterson, Juan Tomassoni, Mann Enterprises, and The Registry Solutions Company.

6.    All financial transactions by and between Mann Tech and Ellipso.

7.    All financial transactions by Mann Technologies at UBS Financial Services, including the sale of ICOHA stock.

8.    All issues relating to the sale by Mann Tech of ICOHA stock, including the use of the proceeds from the sale of the stock.

9.    Mann Tech's involvement in the implementation of 881 vanity service.

10.    All communications between Mann Tech and any other person or entity concerning 881 vanity service, Robert Patterson's interest in Mann Tech, the sale or contemplated sale of ICOHA stock, and Ellipso's performance under the Collateralized Loan Agreement.

11.    All matters addressed in Plaintiff's Interrogatories.

Pursuant to Federal Rule 30(b)(5), the Deponent is hereby requested to bring to the deposition the following documents:

1.    All documents requested in Plaintiff's Request for Production of Documents.

2.    All documents that evidence all monies paid by John Mann or Mann Technologies, LLC to Ellipso, Inc. in furtherance of or pursuant to the Collateralized Loan Agreement or any Amendments thereto.

2

3.    A copy of the statements for any banking or financial accounts held by Mann Tech from January 2004 to January 2006.

4.    A copy of all documents reflecting the sale of ICOHA stock and Mann Tech's use of the proceeds from the sale.

5.    Copies of all statements, checks, wire transfers, or other documents reflecting the manner by which the proceeds from the sale of ICOHA stock were utilized.

6.    Copies of all documents that reflect the monies, income, bonuses, or other payments received by John Mann and Robert Patterson from Mann Technologies, LLC.

7.    Copies of all documents that reflect monies received by Mann Technologies from the sale of ICOHA stock.

8.    Copies of all documents that reflect monies paid by Mann Technologies to John Mann and/or Robert Patterson.

9.    Copies of all documents reflecting the use, transfer or dissipation of monies received by Mann Technologies pursuant to the sale of ICOHA stock.

10.    All bank statements for Mann Technologies from January 2004 to the present.

11.    All financial statements for Mann Technologies from January 2004 to the present.

12.    Any documents which supports your contention that Robert Patterson's financial and/or ownership interest in Mann Technologies, LLC was disclosed to David Castiel and/or Ellipso.

3

13.     Any document which supports your contention that Mann Technologies was misled as to 881-vanity service when it entered into the Collateralized Loan Agreement with Ellipso.

14.     Copies of all contracts between Mann Tech and Ellipso.

15.     Copies of all correspondence, emails and other documents between Mann Tech and Ellipso.

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**

Natalie Ludaway, #405149
Matthew H. Goodman, #445404
1400 K Street, NW
Suite 1000
Washington, DC 20005
(202) 434-9109 (voice)
*Counsel for Ellipso, Inc.*

4

## CERTIFICATE OF SERVICE

I certify that on this 10th day of August, 2007, the foregoing Plaintiff's Second Amended Notice of Taking Deposition of Mann Technologies was served via regular, first-class mail upon:

Christopher Hoge, Esq.
1710 Rhode Island Ave., N.W.
7th Floor
Washington, D.C. 20036
Counsel for John Mann and Mann Technologies, Inc.

ROBERT B. PATTERSON, pro se
11775 Stratford House Place
#407
Reston, VA 20190

DLC Reporting
123 Walnut Farms Parkway
Fredericksburg, Virginia 22405

Matthew H. Goodman

5