THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. | ) |
|     Plaintiff, Counterclaim Defendant | ) ) ) ) |
| v. | ) ) |
| JOHN B. MANN, et al. | ) CASE NUMBER: 1:O5CV01186 ) JUDGE: ROYCE C. LAMBERTH |
|     Defendants, Counterclaim Plaintiff | ) ) ) |

OPPOSITION OF DEFENDANT ROBERT PATTERSON
TO
PLAINTIFF, ELLIPSO, INC.'S MOTION FOR EXTENSION OF TIME
WITHIN WHICH TO RESPOND TO
MOTION TO QUASH PRELIMINARY INJUNCTION

**COMES NOW, DEFENDANT, ROBERT PATTERSON ("PATTERSON"), pro se,** and states in response to Defendant, Ellipso, Inc.'s, ("Ellipso"), Motion for Extension of Time Within Which to Respond to Patterson's Motion to Quash Preliminary Injunction as follows:

While under ordinary circumstances, Patterson would accord counsel the courtesy of the requested extension of time, Patterson has refused to accede to Ellipso's Counsels' request for the extension of time because, as set forth herein – I. The basis stated by counsel for the extension are false; II. The requested extension is a continuation of a pattern and practice of abusive delays by Ellipso; and III. This matter was filed, and has been, and continues to be prosecuted in bad faith.

RECEIVED
NOV 1 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

I.  **THE STATED REASONS FOR THE EXTENSION OF TIME ARE FALSE.**

A. Ellipso's counsel first states that the extension is needed because counsel is new to the case and requires additional time to familiarize herself with the record. However, attorney Linda Awkard, who is on the motion, entered her appearance in this matter on October 28, 2005, at the hearing on the Preliminary Injunction, the very matter at issue here. Clearly her's is not a "recent appearance" in the case. The representation is misleading, and false.

B. Ellipso's counsels next state that additional time is required to examine the "extensive history of the case." The "extensive history" here (after two years of discovery) consists of three depositions and a few hundred documents (most of which are pleadings from other litigations filed by Ellipso). The representation is misleading and false.

C. Ellipso's counsels then state that Veterans Day and Thanksgiving fall in November this year, and that responding timely interferes with their holiday plans. While this certainly does not warrant an extension of time, Patterson again, would accommodate such a request, but for the other factors extant here.

D. Finally, Ellipso's counsels suggest that Patterson should be sanguine to the requested extension, as he waited six months after David Castiel's deposition to request the quashing of the Preliminary Injunction. Patterson waited until the close of discovery to seek relief, to afford Ellipso every opportunity to substantiate its case. When discovery closed and it was evident that Ellipso had no further substantiation for its case, the motion became timely.

II. **THE EXTENSION SOUGHT IS PART OF A PATTERN AND PRACTICE OF ABUSE OF THE LEGAL PROCESS BY ELLIPSO.**

A. Ellipso has a well established pattern and practice of suing those individuals and entities to whom it owes money, having been involved in almost a score of lawsuits in the past five years, employing more than a dozen attorneys. (David Castiel testified at his deposition that Ellipso owes in excess of six hundred thousand dollars -$600.000.00- to the attorneys who have represented Ellipso in these matters. This is a company that has never been an operating company, has no employees, and operates from a post office box.) Ellipso's only business is litigation. (Ellipso's most recent legal action is a plaintiff's securities suit filed for it by Milbank, Weiss.) Elipso/Castiel are serial suers.

B. The best example of Ellipso's tactics is John Draim v. Virtual Geo, et.al, U.S.D.C., D.C., No. 01-2690. That matter is entering its seventh (7th) year and its sixth (6th) set of attorneys for Ellipso – and it is still before the district court, where Ellipso is challenging the court's finding (following a bench trial), that Ellipso failed to pay Draim for his inventions.

C. Ellipso's prosecution of this matter is following the same pattern.(entering its third year with its third set of attorneys):

    1. In two years of discovery Ellipso has taken only one deposition.

    2. Ellipso has failed to make discovery by, *inter alia,* a) failing to produce any corporate documents prior to June 2004; b) failing to produce the two incriminating emails wherein Castiel admits knowing of Patterson's interest in MannTech in June 2004, even though Castiel admits authoring them; and c) admitting that in responding to discovery Castiel never consulted with others

3

  affiliated with Ellipso who would have documents nor searching two storage bins of corporate documents located in Rockville, Maryland.

3. Ellipso has filed repeated motions to delay or avoid discovery.

4. Ellipso has twice cancelled its own scheduled discovery, and moved to extend the discovery cutoff both times as a consequence.

5. Ellipso/Castiel delayed for more than two months retaining replacement counsel.

6. Ellipso has and continues to make disingenuous representations to the Court in furtherance of its strategy of deception and delay.

7. Castiel/Ellipso have now given multiple and conflicting versions of the relevant facts here, changing them to fit the hard evidence as it has developed.

### III. THIS CASE WAS FILED AND HAS BEEN PROSECUTED IN BAD FAITH.

A. Castiel/Ellipso now admits that the representations it made to this Court in its Complaint, (and to the Court of Appeals), concerning Castiel's knowledge of Patterson's interest in MannTech were, at best, disingenuous, and probably pergurous; as set forth in the Motion to Quash the Preliminary Injunction. Whether the misrepresentations to this Court were by commission or omission, the result is the same – the Court was misled and justice is derailed.

B. The Verified Complaints were signed by attorney Mark Gubberman, who has since been disbarred for forging the Clerk's Office stamp on pleadings which were never

filed. The affidavits accompanying the Verified Complaints were executed by David Castiel, who has since admitted that they contained material falsehoods.

C. Following Castiel's deposition on May 2, 2007, wherein Castie'ls lies were exposed, Ellipso's replacement counsel, Natalie Ludaway and Matthew Goodman a) cancelled their scheduled discovery; b) moved to extend discovery; c) moved to withdraw; d) again cancelled their scheduled discovery; e) again moved to extend discovery; and f) never filed a substantive pleading thereafter.

D. Ellipso's third set of attorneys continue to seek to delay and extend this matter.

**CONCLUSION AND REQUESTED RELEIF.**

Ellipso/Castiel are a litigation machine constituting a menace to the Courts, a menace to the bar, and a menace to all who have the misfortune to do business with them. To grant the requested delay merely rewards Ellipso's abusive litigation tactics. The Court should not countenance Ellipso's schemes and deceptions.

It is respectfully requested that the Motion for Extension of Time be **DENIED**, and that the Preliminary Injunction be **Quashed** forthwith.

Respectfully submitted,

Robert Patterson, *pro se*
P.O. Box 3106
Reston, VA 20195
(571) 278-7076

## CERTIFICATE OF SERVICE.

    I certify that a true and correct copy of the forgoing was mailed, fist class postage paid, this /9th day of Nov, 2007, to:

Vanessa Carpenter Lourie, Esq.
4400 MacArthur Blvd., N.W.
Suite #205
Washington, D.C. 20007-2521

Christopher Hoge, Esq.
1717 Rhode Island Ave., N.W.
Seventh Floor
Washington, D.C. 20036

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELLIPSO, INC. | ) | |
| | ) | |
|    Plaintiff, Counterclaim | ) | |
|     Defendant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN B. MANN, et al. | ) | CASE NUMBER: 1:O5CV01186 |
| | ) | JUDGE: ROYCE C. LAMBERTH |
|    Defendants, Counterclaim | ) | |
|     Plaintiff | ) | |
| _____ | ) | |

**ORDER DENYING EXTENSION OF TIME TO FILE OPPOSITION TO
MOTION TO QUASH THE PRELIMINARY INJUNCTION
AS TO DEFENDANT ROBERT PATTERSON
AND
GRANTING MOTION TO QUASH THE PRELIMINARY INJUNCTION**

UPON CONSIDERATION of Plaintiff's Motion for Extension of Time to File an Opposition to Defendant Robert Patterson's Motion to Quash the Preliminary Injunction, together with Defendant Robert Patterson's Opposition thereto and Motion to Quash the Preliminary Injunction, it is by the Court this _____ day of _____, 2007,

    **ORDERED,** that the plaintiff's motion for an extension of time be and hereby is **DENIED,** and it is further,

    **ORDERED,** that Defendant Robert Patterson's Motion to Quash the Preliminary Injunction be and hereby is **GRANTED,** and it is further,

    **ORDERED,** that Plaintiff shall pay all costs occasioned by imposition of the Preliminary Injunction.

 

_____
JUDGE ROYCE C. LAMBERTH