IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC.  )<br>  )<br>    Plaintiff and Counterclaim  )<br>    Defendant  )<br>  )<br>  v.  )<br>  )<br>JOHN B. MANN, et al.  )<br>  )<br>    Defendants and Counterclaim  )<br>    Plaintiffs  )<br>  ) | Case No. 05cv01186 (RCL)<br><br>Judge: Royce C. Lamberth |

### PLAINTIFF'S REPONSE TO FIRST REQUEST FOR ADMISSIONS

Pursuant to Federal Rule 36, Plaintiff, Ellipso, Inc., hereby submits the following response to request for admissions:

1. Prior to Your execution of a document entitled Collateralized Loan Agreement dated Jan. 30, 2004, You knew of Robert Patterson's planned participation in Mann Technologies.

Response:   Denied.

2. Prior to Your execution of a document entitled Collateralized Loan Agreement dated Jan. 30, 2004, You knew of Robert Patterson's planned financial interest in Mann Technologies.

Response:   Denied.

3. Prior to Your execution of a document entitled Collateralized Loan Agreement dated Jan. 30, 2004, You communicated with John Mann or Robert Patterson or any other third party, concerning Robert Patterson's planned participation in Mann Technologies.

1

EXHIBIT 6

Response: Denied.

4. Prior to Your execution of a document entitled Collateralized Loan Agreement dated Jan. 30, 2004, You communicated with John Mann or Robert Patterson or any other third part, concerning Robert Patterson's planned financial interest in Mann Technologies.

Response: Denied.

5. Prior to Your signing a document entitled Amendment to Collateralized Loan Document dated August 2, 2004, You knew of Robert Patterson's participation in Mann Technologies.

Response: Denied.

6. Prior to Your signing a document entitled Amendment to Collateralized Loan Document dated August 2, 2004, You knew of Robert Patterson's financial interest in Mann Technologies.

Response: Denied.

7. Prior to Your signing a document entitled Amendment to Collateralized Loan Document dated August 2, 2004, You communicated with John Mann or Robert Patterson or any other third part, concerning Robert Patterson's participation or financial interest in Mann Technologies.

Response: Denied.

8. Prior to receiving funds from the Mann Technologies' UBS account pursuant to the terms of the Amendment to Collateralized Loan Document dated August 2, 2004, You knew of Robert Patterson's participation or financial interest in Mann Technologies.

Response: Denied.

9. Prior to receiving funds from the Mann Technologies UBS account pursuant to the terms of the Amendment to Collateralized Loan Document dated August 2, 2004, You communicated with other third parties or parties to this lawsuit information concerning Robert Patterson's participation or financial interest in Mann Technologies.

Response: Denied.

10. Prior to a meeting on August 12, 2004 held at UBS with Mr. John Piper, in which were present Robert Patterson, David Castiel, John Mann and John Piper, You and Robert Patterson (signing for Mann Technologies) executed a document titled JOINT SALE ORDER communicating to John Piper orders for the sale of ICO stock.

Response: Denied.

11. At a meeting with John Piper at UBS on August 12, 2004, David Castiel was present when Robert Patterson's interest in Mann Technologies was discussed among those present at the meeting.

Response: Denied.

12. On February 11, 2004, You were present in a meeting with John Mann, Robert Patterson, Juan Tomassoni and several other third parties in which Robert Patterson's relationship to TRSC was discussed.

Response: Objection. This Request seeks discovery on matters that are irrelevant to this proceeding. TRSC has been dismissed from this proceeding and any dispute involving TRSC is subject to binding arbitration. However, subject to the above objection, this Request is denied.

13. On February 18, 2004, You were present in a meeting with John Mann, Robert Patterson, Juan Tomassoni and several other third parties in which Robert Patterson's relationship to TRSC was discussed.

Response: Objection. This Request seeks discovery on matters that are irrelevant to this proceeding. TRSC has been dismissed from this proceeding and any dispute involving TRSC is subject to binding arbitration. However, subject to the above objection, this Request is denied.

14. On March 1, 2004, You were present in a meeting with John Mann, Robert Patterson, Juan Tomassoni and several other third parties in which Robert Patterson's relationship to TRSC was discussed.

Response: Objection. This Request seeks discovery on matters that are irrelevant to this proceeding. TRSC has been dismissed from this proceeding and any dispute involving TRSC is subject to binding arbitration. However, subject to the above objection, this Request is denied.

15. On March 16, 2004, You were present in a meeting with John Mann, Robert Patterson, Juan Tomassoni and several other third parties in which Robert Patterson's relationship to TRSC was discussed. .

Response: Objection. This Request seeks discovery on matters that are irrelevant to this proceeding. TRSC has been dismissed from this proceeding and any dispute involving TRSC is subject to binding arbitration. However, subject to the above objection, this Request is denied.

16. On March 19, 2004, You were present in a meeting with John Mann, Robert Patterson, Juan Tomassoni and several other third parties in which Robert Patterson's relationship to TRSC was discussed. .

Response: Objection. This Request seeks discovery on matters that are irrelevant to this proceeding. TRSC has been dismissed from this proceeding and any dispute involving TRSC is subject to binding arbitration. However, subject to the above objection, this Request is denied.

17. In December 2003, You knew of negotiations to sell 500,000 shares of ICO stock held by Ellipso to Mann Technologies.

0/02/2006  16:44    2024520092                MAUROCLAW OFFICES                              PAGE  02/02

Response:   Plaintiff is unable to admit or deny if any negotiations took place between Patterson and Mann Technologies concerning the sale of ICO stock. Ellipso had no direct negotiations with Mann Technologies concerning the sale of stock.

18.   In December 2003, You knew of a proposed document entitled CONTRACT FOR SALE OF SECURITIES that provided for, among other things, the sale of 500,000 shares of ICO stock held by Ellipso Inc. to Mann Technologies.

Response:   Admitted.

19.   In May, 2003, You communicated with Mr. Ronald Patterson concerning David Castiel's willingness or availability to testify at Robert Patterson's sentencing hearing.

Response:   Admitted to the extent that Ronald Patterson contacted David Castiel requesting him to testify at the sentencing hearing of Robert Patterson. Plaintiff cannot recall if the communication took place in May 2003.

20.   On at least one occasion between May and November, 2003, David Castiel communicated with other Ellipso employees, consultants or third parties regarding Robert Patterson's incarceration.

Response:   Admitted.

21.   Prior to Your execution of a document entitled Collateralized Loan Agreement dated Jan. 30, 2004, You communicated with Robert Patterson's Parole Officer, Cynthia Sutter.

Response:   The existence of a communication with Cynthia Sutter is admitted. Plaintiff cannot recall the date of the communication but avers that it was after January 30, 2004.

22.   On January 30, 2004 You issued written instructions to re-issue stock certificate #A-2008 for 492,611 shares of ICO Class A Common Stock to the benefit of Mann Technologies.

5

Response: Admitted to having executed the document at the direction of Mr. Patterson.

23. You have made no payments to John Mann or Mann Technologies, either directly or indirectly, at any time.

Response: Denied.

24. Prior to executing the Collateralized Loan Agreement dated Jan. 30, 2004, You communicated Your interest in selling ICO stock held by Ellipso to John Mann or Mann Technologies.

Response: Denied. Plaintiff is unaware of what efforts, if any, were taken by Patterson with respect to selling ICO stock to Mann or Mann Technologies.

25. Prior to executing the Collateralized Loan Agreement dated Jan. 30, 2004, You participated in negotiations with Argyll Equities to obtain funds secured by ICO stock on terms equal to or less favorable than those contained in the Collateralized Loan Agreement dated Jan. 30, 2004.

Response: Objection. This Request seeks information which is irrelevant and immaterial to this proceeding. Without waiving such objection, Plaintiff states that to the extent that Patterson was purportedly acting as agent for Ellipso, Mr. Patterson had such negotiations.

26. In July, 2004, You communicated with Robert Patterson or other third parties concerning Ellipso's default of the terms of a document executed by You entitled Collateralized Loan Agreement dated Jan. 30,2004.

Response: Denied.

27. In the Amendment to Collateralized Loan Document dated August 2, 2004, You acknowledged that Ellipso had not made any interest payments called out in a document executed by You entitled Collateralized Loan Agreement dated Jan. 30, 2004.

6

Response: Plaintiff avers that the document speaks for itself.

28. On Jan. 29, 2004, You communicated in a document that had Ellipso's name or logo affixed to Robert Paterson a draft document entitled Collateralized Loan Agreement naming Ellipso as "Borrower" and Mann Technologies as "Lender".

Response: Plaintiff can neither admit nor deny the communication identified above as Plaintiff does not recall the document. To the extent such a document exists, Plaintiff states that the document speaks for itself.

29. David Castiel went skiing from December 24 to December 31 in 2003.

Response: Objection. This Request seeks information which is irrelevant and immaterial to this proceeding.

30. In 2003, You attempted to sell ICO stock held by You or Your subsidiary.

Response: Admitted.

31. In 2003, You attempted to obtain a loan using ICO stock as collateral.

Response: To the extent that Patterson was purportedly acting as agent for Ellipso, Mr. Patterson represented to the company his efforts to obtain a loan using ICO stock as collateral.

32. You suffered no damages to which you are legally entitled as a result of any agreement you made with John Mann.

Response: Objection, to the extent that this request seeks a legal conclusion. Without waiving such objection, denied.

33. You suffered no damages to which you are legally entitled as a result of any agreement You made with Mann Technologies.

Response: Denied.

7

34. Your statement in Paragraph 5 of David Castiel's Declaration dated August 12, 2005, that "(a)t no time prior to, during or after the negotiations did Patterson, Mann or Mann Tech disclose to Ellipso the material fact that Patterson was a member of Mann Tech" is not factually correct.

Response: Denied. Robert Patterson never disclosed his membership, he confessed it.

35. John Mann has not engaged in any wrongful conduct concerning You.

Response: Denied.

36. Mann Technologies has not engaged in any wrongful conduct concerning You.

Response: Denied.

37. Your Board of Directors did not authorize You to file this lawsuit against John Mann or Man Technologies.

Response: Objection. This request seeks information which is irrelevant and immaterial to this proceeding. This Defendant lacks standing to challenge actions by the Board of Directors.

38. At no time prior to the execution of the document entitled Collateralized Loan Agreement dated Jan. 30, 2004, or the document entitled Memorandum of Agreement bearing the effective date of December 15, 2003 did you advise Mann or Mann Tech of Your agreement and arrangement with Sunburst Communications.

Response: Objection. This Request seeks discovery on matters that are irrelevant to this proceeding. TRSC has been dismissed from this proceeding and any dispute involving TRSC is subject to binding arbitration. However, subject to the above objection, this Request is denied.

39. You executed the document entitled Memorandum of Agreement bearing the effective date of December 15, 2003 in January 2004.

Response: Admitted.

40. Prior to Your execution of a document entitled Memorandum of Agreement bearing the effective date of December 15, 2003, You knew of Robert Patterson's planned participation in Mann Technologies.

Response: Denied.

41. Prior to Your execution of a document entitled Memorandum of Agreement bearing the effective date of December 15, 2003 , You knew of Robert Patterson's planned financial interest in Mann Technologies.

Response: Denied.

42. Prior to Your execution of a document entitled Memorandum of Agreement bearing the effective date of December 15, 2003, You communicated with John Mann or Robert Patterson or any other third party, concerning Robert Patterson's planned participation in Mann Technologies.

Response: Denied.

43. Prior to Your execution of a document entitled Memorandum of Agreement bearing the effective date of December 15, 2003, You communicated with John Mann or Robert Patterson or any other third part, concerning Robert Patterson's planned financial interest in Mann Technologies.

Response: Denied.

44. Prior to Your signing a document entitled Addendum to Memorandum of Agreement dated January 30, 2004, You knew of Robert Patterson's participation in TRSC.

Response: Objection. This Request seeks discovery on matters that are irrelevant to this proceeding. TRSC has been dismissed from this proceeding and any dispute involving TRSC is subject to binding arbitration. Notwithstanding this objection, denied.

9

45. Prior to Your signing a document entitled Amendment dated March 31, 2004, You knew of Robert Patterson's financial interest in TRSC.

Response: Objection. This Request seeks discovery on matters that are irrelevant to this proceeding. TRSC has been dismissed from this proceeding and any dispute involving TRSC is subject to binding arbitration. Notwithstanding this objection, denied.

46. While you were receiving funds from TRSC, You knew of Robert Patterson's participation or financial interest in TRSC.

Response: Objection. This Request seeks discovery on matters that are irrelevant to this proceeding. TRSC has been dismissed from this proceeding and any dispute involving TRSC is subject to binding arbitration. Notwithstanding this objection, denied.

47. Any paragraph which requires an admission or denial and is not heretofore admitted or denied is hereby denied.

ELLIPSO, Inc.

By: David Castiel, CEO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. )<br>)<br>   Plaintiff and Counterclaim )<br>   Defendant )<br>)<br>v. )<br>)<br>JOHN B. MANN, et al. )<br>)<br>   Defendants and Counterclaim )<br>   Plaintiffs )<br>_____) | Case No. 05cv01186 (RCL)<br><br>Judge: Royce C. Lamberth |

**PLAINTIFF'S AMENDED REPONSE TO FIRST REQUEST FOR ADMISSIONS**

Pursuant to Federal Rule 36, Plaintiff, Ellipso, Inc., hereby submits the following amended responses to Defendants' First Request for Admissions.

**GENERAL OBJECTION**

Plaintiff objects to the definition of "you", as defined in the instructions to the First Requests for Admissions. "You" is defined to include Ellipso, its agents and representatives. Ellipso asserts that while Robert Patterson was hired by it to act as its agent and representative, Mr. Patterson breached his fiduciary duties owed to Ellipso in furtherance of his own personal gain. Given Ellipso's breach of fiduciary duty and fraud claims against Mr. Patterson, Ellipso is unable to admit or deny any request for admission that relates to actions, or possible actions, undertaken by Patterson on the purported behalf of Ellipso. Therefore, to ensure accurate and appropriate responses, Robert Patterson is excluded from the definition of "you", unless otherwise indicated. Additionally, Ellipso objects to those requests which seek admissions or denials that are solely within the knowledge of Robert Patterson.

1

## AMENDED RESPONSES

22. On January 30, 2004 You issued written instructions to re-issue stock certificate #A-2008 for 492,611 shares of ICO Class A Common Stock to the benefit of Mann Technologies.

Response:   Admitted.

24. Prior to executing the Collateralized Loan Agreement dated Jan. 30, 2004, You communicated Your interest in selling ICO stock held by Ellipso to John Mann or Mann Technologies.

Response:   Denied.

25. Prior to executing the Collateralized Loan Agreement dated Jan. 30, 2004, You participated in negotiations with Argyll Equities to obtain funds secured by ICO stock on terms equal to or less favorable than those contained in the Collateralized Loan Agreement dated Jan. 30, 2004.

Response:   Objection. This Request seeks information which is irrelevant and immaterial to this proceeding. Without waiving such objection, Ellipso admits that it participated in negotiations with Argyll Equities to obtain funds secured by ICO stock. Ellipso is unable to admit or deny that the terms were equal to or less favorable than those in the Collateralized Loan Agreement of January 30, 2004, but admits that such representation was made by Patterson.

27. In the Amendment to Collateralized Loan Document dated August 2, 2004, You acknowledged that Ellipso had not made any interest payments called out in a document executed by You entitled Collateralized Loan Agreement dated Jan. 30, 2004.

Response:   Admitted.

31. In 2003, You attempted to obtain a loan using ICO stock as collateral.

Response:   Admitted.

2

34. Your statement in Paragraph 5 of David Castiel's Declaration dated August 12, 2005, that "(a)t no time prior to, during or after the negotiations did Patterson, Mann or Mann Tech disclose to Ellipso the material fact that Patterson was a member of Mann Tech" is not factually correct.

Response: Denied.

47. Any paragraph which requires an admission or denial and is not heretofore admitted or denied is hereby denied.

ELLIPSO, Inc.

By: /David Castiel, CEO

3

Respectfully submitted,

LEFTWICH & LUDAWAY, LLC

Natalie Ludaway, #405149
Matthew H. Goodman, #445404
1400 K Street, NW
Suite 1000
Washington, DC 20005
(202) 434-9109 (voice)
*Counsel for Ellipso, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 1th day of October, 2006, the foregoing Plaintiff's Amended Responses to Defendants First Request for Admissions was sent via regular, first-class mail upon:

THOMAS MAURO, ESQ.
1020 19th Street, N.W., Suite 400
Washington, D.C. 20036
Counsel for Defendant John B. Mann and Mann Technologies

ROBERT B. PATTERSON, pro se
PO Box 2051
Middleburg, VA 20118

Matthew H. Goodman

Counsel for Ellipso, Inc.

4