IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC.                      )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )    Civil Action No.: 05-01186 (RCL)
                                   )
JOHN B. MANN, et al.               )
                                   )
                                   )
    Defendants.                    )
                                   )

## PLAINTIFF'S ANSWERS TO INTERROGATORIES OF JOHN MANN AND MANN TECHNOLOGIES, LLC.

Pursuant to Rules 26 and 33 of the Superior Court Rules for the District of Columbia, Plaintiff Ellipso, Inc., through undersigned counsel, hereby submits the following responses to Defendant John Mann and Mann Technologies, LLC, Interrogatories and states as follows:

### GENERAL OBJECTIONS

a.  Ellipso objects to the Requests to the extent they call for disclosure of confidential information or documents protected by the attorney-client, work product, or other privilege or protection.

b.  Ellipso objects to the Requests to the extent they call for disclosure of information prepared or obtained in anticipation of litigation and/or trial preparation material without the showing required under the rules of this Court.

c.  Ellipso objects to the Requests to the extent they call for disclosure of information not relevant to the issues raised in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence.

EXHIBIT 22

d.	Ellipso objects to the Requests to the extent they are vague, overly broad, unduly burdensome and oppressive as to render it impossible to respond in any reasonable manner or amount of time.

e.	Ellipso objects to the Requests to the extent they seek information or **documents originating from persons other than** himself, or that are generally available and in the public domain, and information or documents that are not in the custody, possession, or control of Ellipso.

f.	Ellipso objects to the Requests to the extent they seek to extend the obligations or responsibilities of Ellipso beyond those mandated by the U.S. District Court for the District of Columbia Rules of Civil Procedure.

g.	Ellipso objects to all definitions and instructions by Defendant which are in addition to or in contravention of the U.S. District Court for the District of Columbia Rules of Civil Procedure.

h.	Ellipso will not provide information which does not involve the subject matter of the pending action, is irrelevant, exceeds the scope of permissible discovery, is confidential in nature, is not reasonably calculated to lead to the discovery of admissible evidence or for which responding would be oppressive or overly burdensome.

i.	Ellipso will not provide information which: (i) reflects communications between Ellipso and his attorneys; (ii) has been prepared in anticipation of litigation or trial; and/or (iii) is otherwise work-product prepared by or at the direction of its attorneys.

j.	Ellipso will not provide information where the burden of deriving, ascertaining, or securing such information is substantially the same for Plaintiff as it is for itself.

***************************

## ANSWERS TO INTERROGATORIES

**Interrogatory No. 1:** Please describe each instance (oral, written or otherwise) in which You first learned of any aspect or element of Defendant Robert Patterson's role or interest in Mann Technologies, L.L.C. Include in Your answer all details including the circumstances, date, location, identity of documents, and person or persons involved in or present at each such instance or disclosure and describe, in detail, the information learned.

ANSWER:   I first learned of Robert Patterson's interest in Mann Technologies, L.L.C., following the parties' execution of the Joint Sale Order on or about August 12, 2004. Mann, Patterson and I had met at a Starbucks coffee shop for a meeting. Following the meeting, Patterson confessed his financial interest in Mann Technologies. I asked him if that did not create a conflict of interest. He responded "yes" and something to the effect that he "hoped it didn't come down to that." No other persons were involved or present during these discussions.

**Interrogatory No. 2:** Please describe each and every action You took in consequence of each instance You describe in Your answer to Interrogatory No. 1, regarding Defendant Robert Patterson's role or interest in Mann Technologies, L.L.C.

ANSWER:   I sought the advice of counsel in November/December 2004.

**Interrogatory No. 3:** Please describe each instance (oral, written or otherwise) in which You first learned of any aspect or element of Defendant Robert Patterson's role or interest in The Registry Solutions Company. Include in Your answer all details including the circumstances, date, location, identity of documents, and person or persons involved

in or present at each such instance or disclosure and describe, in detail, the information learned.

**ANSWER:** I recall first learning of Patterson's role or interest in The Registry Solutions Company sometime following the August 12, 2004 meeting at Starbucks coffee shop, as described in Answer to Interrogatory #1, but prior to my October 20, 2004 e-mail to Robert Patterson. I do not recall the circumstances, precise date, location or persons present at the disclosure.

**Interrogatory No. 4:** Please describe each and every action You took in consequence of each instance You describe in Your answer to Interrogatory No. 3, regarding Defendant Robert Patterson's role or interest in The Registry Solutions Company.

**ANSWER:** I sought the advice of counsel in November/December 2004.

**Interrogatory No. 5:** Itemize all transactions of income and disbursements (in cash or stock or options) received or disbursed by or for the benefit of Ellipso, Inc. or its subsidiaries or affiliates during the period from June 2002 through December 2005, and provide the amount and description of the transaction, the date of the transaction, and the party or parties to the transaction.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it seeks information which is irrelevant and immaterial to this proceeding. It is also overly broad in time and scope. In addition, the information requested by this interrogatory seeks confidential financial information from non-parties.

**Interrogatory No. 6:** Itemize all payments (in cash or stock or options) made to any employees, consultants, officers, directors or trustees of Ellipso, Inc. during the period

2002 through 2005, identifying the recipient and the dates and amount of each payment.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it seeks information which is irrelevant and immaterial to this proceeding. It is also overly broad in time and scope. In addition, the information requested by this interrogatory seeks confidential financial information from non-parties.

Ellipso, Inc.

By: _____
David Castiel, CEO

Respectfully submitted,

LEFTWICH & LUDAWAY, LLC

_____
Natalie Ludaway, #405149
Matthew H. Goodman, #445404
1400 K Street, NW
Suite 1000
Washington, DC 20005
(202) 434-9100 (voice)
*Counsel for Ellipso, Inc.*

### CERTIFICATE OF SERVICE

I certify that on this 28th day of March, 2007, the foregoing Answers to Interrogatories were served via regular, first-class mail upon:

THOMAS MAURO, ESQ.
1020 19th Street, N.W., Suite 400
Washington, D.C. 20036
Counsel for Defendant John B. Mann and Mann Technologies

And via regular, first-class mail upon:

ROBERT B. PATTERSON, pro se
11775 Stratford House Place
#407
Reston, VA 20190

/s/ Matthew H. Goodman
Matthew H. Goodman

Counsel for Ellipso, Inc.