IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Civil Action No.: 05-01186 (RCL) |
| ) | |
| JOHN B. MANN, et al. ) | |
| ) | |
| Defendants/Counter-Plaintiffs. ) | |
| _____) | |

**PLAINTIFF/COUNTER-DEFENDANT'S
MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS
SHOULD NOT HELD IN CONTEMPT OF COURT**

Plaintiff/Counter-Defendant Ellipso, Inc. ("Plaintiff" or "Ellipso") hereby submits the instant motion seeking to have Defendants John Mann, Robert Patterson and Mann Technologies ("Mann Tech") held in contempt of court for their violation of the Court's November 2, 2005 injunction which prohibits the Defendants from disposing of any assets obtained via its sale of ICOHA stock.

**Preliminary Statement**

Mere months after the Court entered its November 2, 2005 preliminary injunction which prohibited the Defendants from disposing of any ICOHA stock it still held or any proceeds from the sale thereof, Defendants received funds from a business deal in which Mann Tech invested using funds obtained from its sale of ICOHA stock. Not only did Defendants fail to disclose these assets in their November 29, 2005 Report to the Court, but the Defendants also failed to disclose the bank account in which these funds were deposited on or about February 9, 2006 as ordered by the Court in its November 14, 2005

Order. The reason for doing so is obvious. The Defendants had hoped to avoid detection of these funds – and perhaps other funds – by Ellipso and/or this Court.

That Defendants, after defrauding Ellipso out of corporate stock worth in excess of $500,000 (valued, for purposes of this motion, by the amount of funds Defendants obtained via their sale of ICOHA stock), and after this Court entered an injunction to prevent further depletion of the remaining ICOHA stock and funds, have the temerity to hide assets and provide false information to this Court. Their actions demonstrate the continuing necessity of the injunction. More importantly and of greater urgency, Ellipso respectfully requests that the Court not countenance such blatant disregard for this Court's Orders and Ellipso's rights, and appropriately sanction Defendants.

## Procedural Background

On November 2, 2005, this Court entered a preliminary injunction which enjoined Defendants from selling, transferring or otherwise removing from the jurisdiction of this Court all unsold ICOHA shares and all cash proceeds from the sale thereof. On November 14, 2005, the Court entered a second Order which clarified that the injunction governed <u>all</u> funds held by all Defendants which were obtained via the sale of ICOHA shares. The November 14, 2005 Order also required the Defendants to file a report identifying, among other items, all banking and like institutions which held cash proceeds from the sale of ICOHA stock.

On November 29, 2005, in response to the Court's November 14th Order, Mann Tech and John Mann filed a Report identifying UBS Financial Services, Inc. as the sole institution holding cash proceeds from the sale of ICOHA shares. At no time since filing their November 29th Report have any of the Defendants amended this Report.

**Statement of Facts**

At the time of the injunction, Mann Tech possessed 399,000 shares of publicly traded Coastal Services Group, Inc. ("Coastal") stock which was traded in the pink sheet. *See* Exhibit 1 - List of shareholders as of January 2006. Mann Tech acquired these shares in May 2005. Mann Tech did not disclose this asset in its November 14, 2005 Report.

Mann Tech acquired that stock from an entity known as Dolphin Bay Capital, Inc. ("Dolphin Bay") as a result of a series of transactions beginning in or about December 23, 2004. *See* Exhibit 2 – Convertible Promissory Note ("Note")  The Note specifies 13.33 shares per dollar, hence $30,000.00 (399,900 divided by 13.13) was paid by Mann Tech to acquire this stock.

Mann Tech obtained stock in Coastal using the proceeds Mann Tech received from its sale of ICOHA stock.  The February 2005 UBS Account Statement for Mann Tech identifies an outgoing wire in the amount of $30,000 made on February 9, 2005. *See* Exhibit 3, page 3. That the money to fund the loan came from the cash proceeds realized from the sale of ICOHA stock is supported by this Court's finding in its Memorandum accompanying its November 2, 2005 Order that "Mann Tech has no business operations and its only significant assets are Ellipso's ICOHA Shares and the cash proceeds from its sale" thereof.  Mann Tech has not disputed this characterization and, indeed, as noted in the opinion of the Court of Appeals for the D.C. Circuit sustaining the preliminary injunction, Mann Tech conceded as much.  Hence, the Coastal stock was subject to the injunction.

As of August 2005 Mann Tech still owned the 399,900 shares of Coastal as evidenced by their execution of a "Secured Promissory Note" dated August 30, 2005. *See* Exhibit 4. Mann Tech did not disclose that Note in its November 14, 2005 Report.

On February 9, 2006, three (3) months after the Court's entry of the preliminary injunction, via a stock purchase agreement between an entity known as Dolphin Bay Capital, Inc. ("Dolphin Bay") and Mann Tech Fountain Capital Fund ("Fountain"), on behalf of Dolphin Bay, tendered a check to Mann Tech in the amount of $30,000, and in return Dolphin received legal title to all Coastal stock held by Mann Tech. *See* Exhibit 5 - February 9, 2006 check payable to Mann Tech.

This check for $30,000 was not deposited into Mann Tech's account with UBS. Rather, it was endorsed and deposited by Robert Patterson in a Virginia bank account with BB&T. In neither its November 29, 2004 Report or anytime thereafter did the Defendants disclose any account with BB&T as holding proceeds from the sale of ICOHA stock.

## **Argument**

The above demonstrates that Defendants have not been forthright in disclosing all proceeds held by them from the sale of ICOHA stock nor have they disclosed, as this Court so ordered, all accounts and institutions in which stock sale proceeds are held. Indeed, it appears that Defendants used an undisclosed BB&T account, outside this Court's jurisdiction, as opposed to Mann Tech's disclosed UBS account, knowing that the UBS account statements would be obtained by Ellipso in this case.

Whether Defendants' intent was to deceive Ellipso and this Court, or something less than outright deception, Defendants nonetheless are in violation of the terms of the preliminary injunction and should be held in contempt of court. SEC v. Bankers Alliance Corp., 881 F. Supp. 673, 678 (D.D.C. 1995) (holding that violation of preliminary injunction, even a non-intentional violation, warrants contempt sanctions); National Organization for Women v. Operation Rescue, 747 F. Supp 772, 774 (D.D.C. 1991) (holding that plaintiffs are allowed to recover attorney's fees and compensatory damages for violations of injunctions).

## Conclusion

Defendants' contempt for this Court's preliminary injunction warrants several sanctions. First, Defendants should be required to post with the Court's registry the sum of $30,000.00, plus interest accrued from February 9, 2006, in addition to any other assets obtained or disposed of in a similar fashion, to ensure full compliance with the November 2, 2005 preliminary injunction. Second, to ensure that there have been no other violations of the Court's preliminary injunction, each Defendant should be ordered to separately file, and certify as true and correct, a report with this Court identifying every financial institution account in his or its name, the name of any individual Defendant's spouse, or the name of an entity owned or controlled by any of the Defendants.[1] Third, Ellipso should be provided leave of Court to serve subpoenas *duces tecum* on every institution so identified, with all attorneys' fees and copying costs associated therewith payable by Defendants. Finally, Defendants should be required to

---

[1] See Exhibit 6 which is a check written to Robert Patterson on a personal account in the name of John Mann and his wife, but with a notation in the memo section that it was for Mann Technologies.

pay Ellipso's attorneys' fees associated with the filing and prosecution of this motion. These sanctions and remedies, it is hoped, will not only impress upon the Defendants that their days of deception are over, but will serve to ensure compliance with, and respect for this Court's Orders.

```
                              Respectfully submitted,


                                      /s/
                              _____
                              Vanessa Carpenter Lourie, #250068
                              4400 MacArthur Blvd., N.W.
                              Suite #205
                              Washington, D.C. 20007-2521
                              (202) 342-8000 (Telephone)
                              (202) 342-9000 (Facsimile)
                              vlourie@carpenterlourie.com (e-mail)



                                      /s/
                              _____
                              Linda Awkard, #38748
                              4201 Cathedral Avenue, N.W.
                              Suite 1416 W
                              Washington, D.C. 20016
                              (202) 237-1535 (Telephone)
                              (202) 237-1204 (Facsimile)
                              lawkard@earthlink.net (e-mail)

                              Counsel for Plaintiff
```

**CERTIFICATE PURSUANT TO LCvR 7(m)**

　　I HEREBY CERTIFY that I conferred with counsel for the Mann defendants and he opposes this request. I called the telephone number on the last pleading filed by defendant Robert Patterson and a recording indicates that the number is no longer working and no new number is provided. I inquired of counsel for the Mann defendants if he had any contact with Mr. Patterson and he had not.

```
                                      /s/
                              _____
                              Vanessa Carpenter Lourie, Esquire
```

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing Motion was served this December 28, 2007, on:

>Christopher Hoge, Esquire
>Crowley, Hoge & Fein, P.C.
>1719 Rhode Island Avenue, N.W.
>Suite 700
>Washington, D.C. 20036-3125

by electronic delivery by CM/ECF and on,

>Robert B. Patterson
>11775 Stratford House Place
>#407
>Reston, Virginia 20190

by first class mail, postage prepaid.

                                          /s/
                             Vanessa Carpenter Lourie, Esquire