**CONVERTIBLE PROMISSORY NOTE**
Dolphin Bay Capital, Inc.
7787 Leesburg Pike, Ste. 200
Falls Church, VA 22043

$ _25,000._                                                              _Dec 23_, 2004

FOR VALUE RECEIVED, the undersigned Dolphin Bay Capital, Inc. a Texas Corporation (hereinafter "Company"), promises to pay to the order of _Mann Technologies, L.L.C._ whose address is _1643 Hunting Creek Drive, Alexandria, VA 22314_ (hereinafter "Holder") the principal sum of _twenty-five thousand dollars_ as set out herein at Holder's address set forth above or such place as Holder may designate in writing.

1. <u>Payment.</u>   Subject to the terms hereof, the principal on this Note shall be payable as follows:

    a. The Company shall make a payment of the entire principal to the Holder within six months of the date on this Note, unless the Company exercises the option in Paragraph 1b.

    b. The Company shall have the right to convert at any time the entire principal owed on this Note into 13.33 common shares of Coastal Services Group, Inc. ("Coastal") per one dollar ($1.00) of the Note. The Holder understands the Company is negotiating an investment in Coastal and accepts all the risks inherent in this conversion, as well as represents that it is an accredited investor per Paragraph 4 and 5 hereof.

    c. There shall be no interest on this Note.

2. <u>Collateral.</u>   The indebtedness evidenced by this Note is unsecured pursuant to the terms and conditions of this note.

3. <u>Subordination.</u> The indebtedness evidenced by this Note will be subordinated to the secured lenders of the Company.

4. <u>Accredited Investor Representation.</u> As the Company may convert payment on this Note into shares of Coastal, the Holder represents and warrants that it (he or she, as applicable) is an "accredited investor" as that term is defined under Rule 501(a) under the *Securities Act of 1933* ("1933 Act") for one or more of the following reasons (Please check one or more reasons, as applicable):

    (A) If an individual, his/her individual net worth, or joint net worth with his/her spouse, at the time of this purchase exceeds $1,000,000

    (B) If an individual, he/she had an individual income in excess of $200,000 in each of the two most recent years or joint income with his/her spouse in excess of $300,000 in each of those years and has a reasonable expectation of reaching the same income level in the current year

    (C) If an individual, he/she is an executive officer or director of the Company

    (D) It is an organization described in section 501(c)(3) of the Internal Revenue

PLAINTIFF'S EXHIBIT 2  ALL-STATE LEGAL®

Code, corporation, Massachusetts or similar business trust, or partnership, not formed for the specific purpose of acquiring the securities offered, with total assets in excess of $5,000,000

(E) It is a trust, with total assets in excess of $5,000,000, not formed for the specific purpose of acquiring the securities offered, whose purchase is directed by a sophisticated person who, either alone or with his purchaser representative(s), has such knowledge, sophistication and experience in financial and business matters that he is capable of evaluating the merits and risks of the prospective investment (Please describe basis): _____

_____

(F) It is a bank as defined in section 3(a)(2) of the 1933 Act, or any savings and loan association or other institution as defined in section 3(a)(5)(A) of the 1933 Act whether acting in its individual or fiduciary capacity; a broker or dealer registered pursuant to section 15 of the Securities Exchange Act of 1934 ("Exchange Act"); an insurance company as defined in section 2(13) of the 1933 Act; an investment company registered under the Investment Company Act of 1940 or a business development company as defined in section 2(a)(48) of that Act; a Small Business Investment Company licensed by the Small Business Administration under section 301(c) or (d) of the Small Business Investment Act of 1958; a plan established and maintained by a state, its political subdivisions, or any agency or instrumentality of a state or its political subdivisions, for the benefit of its employees, if such plan has total assets in excess of $5,000,000; an employee benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 if the investment decision is made by a plan fiduciary, as defined in section 3(21) of such Act, which is either a bank, savings and loan association, insurance company, or registered investment adviser, or if the employee benefit plan has total assets in excess of $5,000,000 or, if a self-directed plan, with investment decisions made solely by persons that are accredited investors

(G) It is a private business development company as defined in section 202(a)(22) of the Investment Advisers Act of 1940

(H) It is an entity in which all of the equity owners are accredited investors

5. **Representations and Warranties.** The Holder hereby acknowledges, represents, warrants, covenants, agrees and understands that (please initial each space provided):

(a) _NAP_    The Holder has carefully reviewed the risks of, and other considerations relevant to, the conversion of this Note into shares of Coastal and fully understands all such risks. The Holder, either alone or with the Holder's representative(s), has such knowledge and experience in financial and business matters and investments in particular that the Holder is or they are capable of evaluating the merits and risks of the Holder's receipt of shares of Coastal as payment for this Note. The Holder has adequate means of providing for current needs and personal contingencies, has no need for liquidity in this investment, and can bear the economic risk of this investment (that is, can afford a complete loss of this investment and can hold the Securities indefinitely). The Holder has obtained, in the Holder's judgment, sufficient

information relating to Coastal and its proposed business to evaluate the merits and risks of this investment.

(b) _RRP_    The Holder confirms that, if requested, all documents, records, books and information pertaining to the Holder(s) proposed conversion to Coastal shares, and the business of Coastal have been made available to the Holder. The Holder has been given access to any additional information necessary to verify the accuracy of any representation made to the Holder by Coastal's management team.

(c) _RRP_    The Holder has had an adequate opportunity to ask questions of a person or persons acting on behalf of Coastal concerning the proposed business and affairs of Coastal and the terms and conditions of the Holder's conversion to shares of Coastal, and all such questions have been answered to the satisfaction of the Holder.

(d) _RRP_    The Holder understands that if requested the Business Plan of Coastal provided in connection with this Note is for informational purposes only, and while believed to be accurate, the information contained therein is subject to change.

(e) _RRP_    The Holder understands that neither the Securities and Exchange Commission nor any state securities commission or other state regulatory agency has made any finding or determination relating to the fairness of investment in the shares of Coastal and that no such commission or agency has recommended or endorsed or will recommend or endorse the receipt of these shares of Coastal.

(f) _RRP_    The Holder acknowledges and agrees that unless the Company purchases free trading shares under the Rule 504 exception, (i) the shares the Holder will receive in Coastal will not be registered with the Securities and Exchange Commission under the 1933 Act or under state securities laws; (ii) accordingly, it may not be possible for the Holder readily to liquidate or transfer the Securities and (iii) the certificate representing the shares of Coastal will bear a restrictive legend substantially similar to the following: and may not be sold or otherwise transferred unless registered under the 1933 Act and applicable state securities laws or unless an exemption from registration is available under such laws and will bear restrictive legends to such effect:

THESE SECURITIES HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933 (THE "ACT") OR APPLICABLE STATE SECURITIES LAWS. THEY MAY NOT BE SOLD, OFFERED FOR SALE, PLEDGED OR HYPOTHECATED IN THE ABSENCE OF AN EFFECTIVE REGISTRATION STATEMENT AS TO THE SECURITIES UNDER THE ACT AND APPLICABLE STATE SECURITIES LAWS OR AN OPINION OF COUNSEL REASONABLY SATISFACTORY TO THE CORPORATION THAT SUCH REGISTRATION IS NOT REQUIRED.

(g) _RRP_    The Holder confirms that no representations or promises have been made by the Company or its principals to induce the Holder to enter into this Agreement, except as specifically included herein.

(h) _RRP_    The Holder confirms that it did not enter into this Note to receive, under a conversion, the shares of Coastal hereunder as a result of any general solicitation or advertising.

(i) _RRP_    The Holder acknowledges that the conversion of this Note into shares of Coastal entails a high degree of risk. The Holder further acknowledges that it understands the following risks, among others: that Coastal has inadequate current cash flow to satisfy its

proposed business needs and that there can be no assurances that Coastal can raise additional financing upon favorable terms or any terms; that Coastal is dependent upon certain key contracts that may be terminated or not renewed; that Coastal has limited number of key management; and that the Coastal shares have no trading history.

(j) *[initials]* The foregoing representations, acknowledgments, and covenants are made by the Holder with the intent that they be relied upon in determining the undersigned's suitability as a holder of shares of Coastal, and the Holder hereby agrees to indemnify the Company, its affiliates, and its respective officers, directors, employees, agents, and representatives (including the Company's legal counsel) against all losses, claims, costs, expenses, damages, or liabilities that any of them may suffer or incur, caused or arising from their reliance thereon. The Holder undertakes to notify the Company immediately of any change in any representation or warranty or other information relating to the Holder set forth herein that takes place prior to the conversion of the Note into shares of Coastal.

6. No Waiver. No course of dealing between the Holder and any other party hereto or any failure to delay on the part of the Holder in exercising any rights or remedies hereunder shall operate as a waiver of any rights or remedies of the Holder under this or any other applicable instrument. No single or partial exercise of any rights or remedies hereunder shall operate as a waiver or preclude the exercise of any other rights or remedies hereunder.

7. No Impairment of Rights. The rights of the Holder and its successors or assigns hereunder shall not be impaired by the Holder's sale, hypothecation of this Note, or by any indulgence, including, but not limited to:
   a. Any renewal, extension or modification which the Holder may grant with respect to the indebtedness of any part thereof, or;
   b. Any surrender, compromise, release, renewal, extension, exchange or substitution which the Holder may grant in respect of the collateral, or;
   c. Any indulgence granted in respect of any endorser, guarantor or surety. The purchaser, assignee, transferee or pledge of this Note, sold, assigned, transferred, pledged, or re-pledged, shall forthwith become vested with and entitled to exercise all the powers and rights given by this Note as if said purchaser, assignee, transferee or pledgee were originally named as the Holder in this Note.

8. Remedies. If the Company shall breach or default in the performance of any of the terms, conditions, covenants and agreements hereunder, then, the entire unpaid balance on this Note, together with all accrued interest hereon, shall, at the option of the Holder, without notice, immediately become due and payable for all purposes, and the Holder may exercise all rights and remedies provided under applicable law.

9. Governing Law. This Note shall be construed according to and governed by the laws of the Commonwealth of Virginia.

IN WITNESS WHEREOF, the undersigned has caused this Note to be executed on the day and year first above written.

Dolphin Bay Capital, Inc.

Witness: _____

By: _____
Name:
Its: President

Acknowledged by Holder:

*[signature]*

Name: Robert B PATTERSON
MANAGING Member

Wiring Instructions:

Bank: Bank of America, Vienna, VA 22182 (703) 760-8515
Account Name: Dolphin Bay Capital, Inc.
Account #: 004128067167
Routing/ABA#: 026009593

Or mail check to:
Dolphin Bay Capital, Inc.
7787 Leesburg Pike, Suite 200
Falls Church, Virginia 22043