UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC., ) | |
| ) | |
| Plaintiff and ) | |
| Counter-Defendant ) | |
| ) | |
| v. ) | Civil Action No. 05-1186 (RCL) |
| ) | |
| JOHN B. MANN, *et al.*, ) | |
| ) | |
| Defendants and ) | |
| Counter-Plaintiffs ) | |

**RESPONSE OF JOHN B. MANN AND MANN TECHNOLOGIES, LLC
TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR
ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE
HELD IN CONTEMPT OF COURT**

John B. Mann and Mann Technologies, LLC, Defendants and Counter-Plaintiffs herein (collectively the "Mann Defendants"), by their undersigned counsel, respond as follows to the Motion of Plaintiff/Counter-Defendant for an Order to Show Cause why the Defendants should not be held in contempt of Court:

The contention of Ellipso, Inc. that the Mann Defendants violated this Court's November 14, 2005 Order is not only untimely, but also rests on a factual foundation as untenable as its allegations concerning conspiracy and fraud (to be addressed in detail in the Mann Defendants' forthcoming reply to Ellipso's opposition to the motion for summary judgment). The true facts are that the Mann Defendants have fully complied with all requirements imposed by this Court, and that the documents attached as exhibits to Ellipso's motion demonstrate nothing more than that Mann Tech loaned money to a company called Dolphin Bay Capital, Inc. ("Dolphin") in December of 2004, and that the loan to Dolphin may have been converted into an investment in shares of a company called Coastal Services Group, Inc. ("Coastal") prior to May 31, 2005,

almost six months prior to the Order in question.

There is a threshold question regarding when and how Ellipso gained possession of the documents attached to its motion.  They were not produced in discovery, as evidenced by the lack of "Bate numbers" on any of the pages.  If they were subpoenaed by Ellipso from UBS or Dolphin or Coastal, no copies of the subpoenas were served on counsel for the Mann Defendants, as required by Fed. R. Civ. P. 45(b)(1).  This matters not because the Mann Defendants desire to hide the transactions evidenced by these documents, but because Ellipso has strenuously tried to avoid giving discovery as to any of its financial records which are not related to the specifics of this case, as witnessed by its previous, successful motions to quash Mann subpoenas to UBS and   ICO Global Communications (Holdings) LTD.  It also matters how long Ellipso was in possession of this information before coming forward at the eleventh hour with its motion for contempt.

Moving past this threshold question, the simple response to the motion is that 1) Ellipso has not established that the Mann Tech funds invested in Dolphin and/or Coastal constitute proceeds from the sale of ICOHA shares;  2) there is nothing in the Mann Tech charter, and no representations have been made about Mann Tech, which would limit it from using its funds, no matter where derived, for investments in businesses other than Ellipso; and 3) even if the investment was funded by ICOHA stock sale proceeds, neither Dolphin nor Coastal is a "financial, banking ... [or] like institution".

With respect to the first and second points, John Mann attested in his declaration, attached as Exhibit 1 to the Mann Defendants' Motion for Summary Judgment, that Mann Tech was first conceived during a Thanksgiving meeting among David Castiel, Robert Patterson and

John Mann as a vehicle to purchase 500,000 shares of ICOHA stock from Ellipso. *See,* Declaration of John B. Mann Under Penalty of Perjury, dated November 30, 2007 ("MSJ Ex. 1"), at par. 7. *See also*, Ex. A hereto, a December 5, 2003 e-mail from Patterson to Mann attaching, among other things, a draft contract by which the still unformed Mann Tech would purchase 500,000 shares of "ICOHoldings".

Subsequently, when the discussion turned to Mann making a loan to Ellipso, rather than purchasing ICOHA stock, Dr. Castiel and Patterson "suggested to [Mann] that the loan be made by the company they had previously proposed to buy the shares, Mann Tech, LLC....". MSJ Ex. 1, at par. 12. Nothing was stated about limiting the business of Mann Tech to transactions with Ellipso, and there is certainly nothing in Mann Tech's corporate charter setting such a limitation. *See*, Ex. 12 to the Motion for Summary Judgment.

Attached to this opposition as Ex. B is a second declaration of John B. Mann in which he attests that Mann Tech came to possess funds other than the proceeds of sale of ICOHA stock, and that such funds were from time to time invested in other ventures, such as Dolphin and Coastal. John Mann was and is an investor in technology companies, and there is nothing that would prevent him from making some of these investments through Mann Tech. The evidence in this case is that Mann paid some $200,000 to Ellipso during the course of their relationship, and that was money which Mann had before one share of ICOHA stock was ever sold. Ex. B and C.

While it is true that Mann wrote a $25,000 personal check to Robert Patterson on December 20, 2004, the same month in which some ICOHA stock was sold by Mann Tech, the $25,000 came from a personal account at the Fauquier Bank, not from Mann Tech's UBS

account into which the ICOHA proceeds had been deposited.  Ellipso's Ex. 6 to its Motion for Contempt.  That $25,000 may or may not have been used by Patterson to loan to Dolphin on December 23, 2004.  Ellipso's Ex. 2.  And the $30,000 paid by Fountain Capital Fund, Inc. to Mann Technologies on February 9, 2006 may or may not have been in repayment of the $25,000 loan to Dolphin.   Ellipso has offered no evidence that would "connect the dots" to show a nexus between the proceeds of sale of the ICOHA stock by Mann Tech and funds received by Dolphin or Coastal.

In any event, none of the above is relevant to the issue of whether the Mann Defendants are in contempt of this Court's Order.  Even if Ellipso could clearly establish that Mann Tech used proceeds of sale of ICOHA stock to invest in Dolphin and/or Coastal, it would not be a violation of this Court's November 14, 2005 Order for the simple reason that neither entity is a "financial, banking or like institution".  Mann Tech's November 29, 2005 Report to the Court did in fact accurately list the only bank or brokerage account to have received ICOHA sale proceeds, namely, its account at UBS.  For that reason alone, Ellipso's motion must be denied.

WHEREFORE, the Mann Defendants respectfully pray that Ellipso's Motion for Order to Show Cause be denied, and that they be awarded their reasonable attorney's fees for responding to Ellipso's untimely and frivolous motion.

                Respectfully submitted,

                /s/ Christopher G. Hoge
                Christopher G. Hoge #203257
                Counsel for Defendants/Counter-Plaintiffs
                 John B. Mann and Mann Technologies, LLC

>CROWLEY, HOGE & FEIN, P.C.
>1710 Rhode Island Avenue, N.W.
>7th Floor
>Washington, D.C. 20036
>(202) 483-2900

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true copies of the foregoing Opposition were, this 8th day of January, 2008, served electronically upon:

>VANESSA CARPENTER LOURIE, ESQ.
>4400 MacArthur Blvd., N.W.
>Suite #205
>Washington, D.C. 20007-2521
>Co-Counsel for Plaintiff/Counter-Defendant

>and

>LINDA AWKARD, ESQ.
>4201 Cathedral Ave., N.W.
>Suite #1416W
>Washington, D.C. 20016
>Co-Counsel for Plaintiff/Counter-Defendant

and via first class mail, postage prepaid, upon:

>ROBERT B. PATTERSON
>11775 Stratford House Place
>#407
>Reston, VA 20190
>Defendant/Counter-Plaintiff *Pro Se*

>/s/ Christopher G. Hoge
>Christopher G. Hoge

cgh/z/wpdirs/civil
mannoppcontemptmtn.wpd