THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC.　　　　　　　　　　) <br> 　　　　　　　　　　　　　　　　) <br> 　　Plaintiff, Counterclaim　　　) <br> 　　Defendant　　　　　　　　　　) <br> 　　　　　　　　　　　　　　　　) <br> v.　　　　　　　　　　　　　　　) <br> 　　　　　　　　　　　　　　　　) <br> JOHN B. MANN, et al.　　　　　　) <br> 　　　　　　　　　　　　　　　　) <br> 　　Defendants, Counterclaim　　　) <br> 　　Plaintiff　　　　　　　　　　) | CASE NUMBER: 1:05CV01186 <br> JUDGE: ROYCE C. LAMBERTH |

RESPONSE OF DEFENDANT ROBERT PATTERSON
TO
PLAINTIFF, ELLIPSO, INC.'S MOTION TO HOLD DEFENDANTS
IN CONTEMPT OF COURT

COMES NOW, DEFENDANT, ROBERT PATTERSON ("PATTERSON"), pro se, and asks this Court to deny Defendant, Ellipso, Inc.'s, ("Ellipso"), Motion to Hold Defendants in Contempt of Court. Ellipso's Motion is devoid of factual or legal substance, and appears to be filed for purposes of harassment and delay. Moreover, attached to the Motion as exhibits are confidential financial documents (including bank statements and account numbers) which have obviously been obtained in contravention of the rules of this Court and the explicit agreements among counsel that such personal financial information would be neither sought nor introduced in this proceeding until entry of a protective order insuring the confidentiality of such information. No such protective order has been entered. It is particularly disturbing that counsel has now made



1

this information (without redaction of account numbers) a matter of public record. This appears to be for the purpose of vexing and harassing defendants.

The Preliminary Injunction issued here, required that defendants refrain from the sale of additional ICOHA stock which they held, and to retain the proceeds, if any, which defendants than held from such sales. Defendants have fully complied with this stricture. In fact, even prior to issuance of the Preliminary Injunction, defendants voluntarily refrained from the sale of any ICOHA stock from and after the time that defendants learned of this litigation. The Preliminary Injunction does prohibit defendants from further sales of stock, but does not prohibit defendants from conducting their other business, nor mandate any recovery of stock or proceeds previously sold, converted or disbursed.

At the time of the issuance of the injunction, Defendant Patterson held no ICOHA stock, or proceeds from the sale of such stock. Other business transactions of Patterson, and for that matter the other defendants, are simply not relevant to this litigation; and are not subject to the strictures of the injunction.

While not relevant to any issues here, and subject to the objections set forth herein, Patterson notes that the transaction upon which Ellipso's motion rests involves the sale of shares in an unrelated company, Coastal Services Group, Inc., to another unrelated company, Fountain Capital Fund, Inc., which occurred on February 2006, long after the transactions upon which this law suit is based were completed. Ellipso's Exhibit 6, is a personal check from a personal bank account to Patterson personally. None of these transactions involve any sale of ICOHA shares and are simply not germane to this proceeding. Ellipso's final leap of illogic is the assertion that a transfer on February 9,

2005, (nine month prior to the issuance of the instant injunction), was somehow related to a previous December 2004 transaction with an unrelated entity, Dolphin Bay Capital, Inc. Recognizing that there is no support for this assertion, Ellipso asserts that MannTech's only significant assets were the ICOHA shares and the proceeds there from, and therefore the loan to Dolphin Bay Capital, Inc., must constitute "proceeds" from the sale of the stock. However, it is not disputed that the capital for MannTech was provided by John Mann and/or his businesses. If John Mann was repaid some of his capital prior to the injunction, those funds became his personal property. If John Mann or Patterson made additional investment in MannTech, or Dolphin Bay Capital, Inc., or Coastal Services Group, Inc., or any other investment or expenditure, that would not convert those moneys into "proceeds" from the ICOHA stock. Any interests in Coastal Services Group, Inc., whether held by Patterson, John Mann or MannTech, are simply not "proceeds" subject to the injunction.

Counsel in this proceeding, Matthew Goodman, Thomas Maro, and Patterson agreed than personal financial information of the principals was not relevant to this action, and further that no financial information would be either sought through discovery or introduced in court, until entry of a protective order securing the confidentiality of the party's information. This followed several orders by this court prohibiting such discovery absent such a protective order. Here, Ellipso has obtained, and has now disseminated defendant's confidential financial information, including bank account numbers, in contravention of the agreement of counsel, and inconsistent with the orders of this Court. This confidential information was not obtained through appropriate judicially authorized discovery. Counsel for Ellipso has refused to disclose the source the

documentation, and refused to expunge this personal, confidential information from the record. This is not the first time that Ellipso has attempted to introduce illicitly obtained confidential documentation in this Court.

Defendant Patterson asks this Court to DENY Plaintiff Ellipso's Motion to Show Cause; to expunge from the record the six exhibits attached to Ellipso's motion; to require Ellipso to disclose the source of the documentation, to award Patterson reasonable reimbursement for the time and expenses of responding to this motion; and to grant such other relief as may be just and proper.

                                                Respectfully submitted,

                                                Robert Patterson, *pro se*
                                                P.O. Box 3106
                                                Reston, VA  20195
                                                (571) 278-7076

**CERTIFICATE OF SERVICE.**

    I certify that a true and correct copy of the forgoing was mailed, fist class postage paid, this 11th day of Jany_____, 2008, to:

Vanessa Carpenter Lourie, Esq.
4400 MacArthur Blvd., N.W.
Suite #205
Washington, D.C. 20007-2521

Christopher Hoge, Esq.
1717 Rhode Island Ave., N.W.
Seventh Floor
Washington, D.C. 20036

                                                Robert Patterson