IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. | ) |
|     Plaintiff/Counter-Defendant | ) |
| v. | ) Civil Action No.: 05-01186 (RCL) |
| JOHN B. MANN, et al. | ) |
|     Defendants/Counter-Plaintiffs | ) |

**PLAINTIFF/COUNTER-DEFENDANT'S REPLY TO RESPONSE OF JOHN B. MANN AND MANN TECHNOLOGIES, LLC TO MOTION TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT OF COURT**

Plaintiff/Counter-Defendant Ellipso, Inc. ("Plaintiff" or "Ellipso") hereby submits the instant reply to the Response filed by John Mann and Mann Technologies ("MannTech") to its motion for them to show cause why they should not be held in contempt of court for their violation of the Court's November 2, 2005 injunction which prohibits the Defendants from disposing of any assets obtained via its sale of ICOHA stock.

**Preliminary Statement**

Contrary to Defendants' assertions, the threshold issue here is not one of discovery but whether they disclosed fully and completely the assets of MannTech during and after the injunction hearing and whether their disclosures to this Court were truthful. John Mann proposes yet another "declaration" under oath in which he attempts to cover with a thick veil the origin of the funds for the Coastal/Dolphin Bay transaction, which Ellipso has demonstrated was enabled by funds ultimately derived from the sale of ICOHA stock, and not disclosed during the injunction hearing. Confronted with

LAW OFFICES
OF
JESSA CARPENTER LOURIE, P.C.
400 MACARTHUR BLVD, N.W.
SUITE 205
WASHINGTON, D.C.
20007-2521
(202) 342-8000

undeniable facts, Mann utters the vagueness that MannTech "came to possess funds that did not come from the proceeds of sale of the ICOHA stock". Faced with the seriousness of the allegation that he misled this Court and circumvented the injunction, in connivance with Patterson, John Mann cannot produce more than such vagueness.

In fact, Defendants John Mann and MannTech (the "Mann Defendants") do not deny the sequence of events which Ellipso contends is in violation of the November 2, 2005 injunction. Rather, the Mann Defendants disingenuously argue that: (1) the funding for the Dolphin Bay loan "may or may not" have derived from the proceeds of ICOHA stock sales and (2) even if the funding did come for ICOHA stock sale proceeds, Dolphin Bay Capital, Inc. ("Dolphin Bay") is not a financial institution and, thus, the Mann Defendants were not required to disclose this asset. Both arguments are decidedly without merit and should not detract the attention of this Court from the fact that the Mann Defendants did not disclose material assets during the injunction hearing and their statements to this Court were thus untruthful.[1]

## Argument

Taking the Mann Defendants' second contention first, it seems that the Mann Defendants either do not understand the basis of Ellipso's instant motion or, more frightening to Ellipso, do not actually comprehend their obligations pursuant to the Court's injunction. Ellipso's motion is not based on the fact that MannTech loaned

---

[1] The Mann Defendants express befuddlement at the fact that Ellipso presents the instant violation of the Court's preliminary injunction on the basis of documents not previously disclosed to the Mann Defendants. Of course, the Mann Defendants do not go so far as to allege that Ellipso failed to produce documents responsive to any discovery request – which they could not. Rather their befuddlement stems from the fact that the Dolphin Bay loan documents attached to Ellipso's motion are <u>Defendants'</u> documents that Ellipso obtained despite the fact that <u>Defendants</u> failed to produce them in response to Ellipso's discovery request and these were not disclosed to this Court during the injunction phase.

LAW OFFICES
OF
JESSA CARPENTER LOURIE, P.C.
400 MacARTHUR BLVD, N.W.
SUITE 205
WASHINGTON, D.C.
20007-2521
(202) 342-8000

2

Dolphin Bay funds.[2] Rather, Ellipso's motion is based on the fact that, after receiving a return of its investment from Dolphin Bay – an investment made with funds derived from the sale of ICOHA stock, a fact not disputed by the Mann Defendants, MannTech, through Patterson, deposited those funds into an account with BB&T, which may or may not be in the name of MannTech, although the disbursement was made to the order of MannTech. BB&T is irrefutably a financial institution, and the Mann Defendants <u>did not disclose, pursuant to the Court's November 14, 2005 Order, either the existence of these funds or the banking account</u>. This brazen attempt to defy or circumvent the Court's November 2nd and November 14th, 2005 Orders constitutes the Mann Defendants' contempt of court.

Second, the Mann Defendants, without demonstrating that the funds loaned to Dolphin Bay actually came from any source of funds other than ICOHA stock sale proceeds, defiantly state that Ellipso cannot prove as much. Without denying that the origin of the funds is from the sale of ICOHA stock, Defendants simply state that these proceeds "may or may not" be from such source and claim that Ellipso has failed to "connect the dots".[3] Ellipso, of course, demonstrated that fact definitively in its motion and need not revisit this issue again as it is not seriously contested by the Mann Defendants. In any event, the Mann Defendants can hardly contend that its funding of the Dolphin Bay loan came from some other source when the Mann Defendants all along

---

[2] It should be noted that, absent the luxury of having Robert Patterson consult for Dolphin Bay, Mann Tech extracted far less favorable loan terms than in comparison to its fraudulent deal with Ellipso.

[3] As mentioned earlier, John Mann in his declaration simply states that MannTech "came to possess funds that did not come from the proceeds of sale of the ICOHA stock". Mann however does not address *where* these funds related to the Coastal/Dolphin Bay transaction came from and implicitly admits Ellipso's contention. A simple denial would have sufficed. John Mann thus fails to address head-on Ellipso's contention that he violated the terms of this Court's injunction.

LAW OFFICES
OF
JESSA CARPENTER LOURIE, P.C.
400 MACARTHUR BLVD, N.W.
SUITE 205
WASHINGTON, D.C.
20007-2521
(202) 342-8000

have contended that the Court's injunction is a substantial burden to MannTech given that the ICOHA stock sale proceeds are its only substantial asset and source of funds. See Ellipso's Motion at 4. Contrary to Defendants' assertions, both Dolphin Bay Capital and Fountain Capital Fund are financial institutions[4]

---

[4] Both fall under the definition of "financial institutions provided by CFR 31 as shown below (emphases added in italics):
§5312. Definitions and application.
(a) In this subchapter—
(1) "financial agency" means a person acting for a person (except for a country, a monetary or financial authority acting as a monetary or financial authority, or an international financial institution of which the United States Government is a member) as a financial institution, bailee, depository trustee, or agent, or acting in a similar way related to money, credit, securities, gold, or a transaction in money, credit, securities, or gold.
(2) "financial institution" means—
(A) an insured bank (as defined in section 3(h) of the Federal Deposit Insurance Act (12 U.S.C. 1813 (h)));
(B) a commercial bank or trust company;
(C) *a private banker;*
(D) an agency or branch of a foreign bank in the United States;
(E) any credit union;
(F) a thrift institution;
(G) *a broker or dealer registered with the Securities and Exchange Commission under the Securities Exchange Act of 1934 (15 U.S.C. 78a et seq.);*
(H) a broker or dealer in securities or commodities;
(I) *an investment banker or investment company;*
(J) a currency exchange;
(K) an issuer, redeemer, or cashier of travelers' checks, checks, money orders, or similar instruments;
(L) an operator of a credit card system;
(M) an insurance company;
(N) a dealer in precious metals, stones, or jewels;
(O) a pawnbroker;
(P) *a loan or finance company;*
(Q) a travel agency;
(R) *a licensed sender of money or any other person who engages as a business in the transmission of funds, including any person who engages as a business in an informal money transfer system or any network of people who engage as a business in facilitating the transfer of money domestically or internationally outside of the conventional financial institutions system;*
(S) a telegraph company;
(T) a business engaged in vehicle sales, including automobile, airplane, and boat sales;
(U) persons involved in real estate closings and settlements;
(V) the United States Postal Service;
(W) an agency of the United States Government or of a State or local government carrying out a duty or power of a business described in this paragraph;
(X) a casino, gambling casino, or gaming establishment with an annual gaming revenue of more than $1,000,000 which—
(i) is licensed as a casino, gambling casino, or gaming establishment under the laws of any State or any political subdivision of any State; or
(ii) is an Indian gaming operation conducted under or pursuant to the Indian Gaming Regulatory Act other than an operation which is limited to class I gaming (as defined in section 4(6) of such Act);

LAW OFFICES
OF
JESSA CARPENTER LOURIE, P.C.
400 MACARTHUR BLVD, N.W.
SUITE 205
WASHINGTON, D.C.
20007-2521
(202) 342-8000

Accordingly, all Defendants are in violation of the terms of the preliminary injunction and should be held in contempt of court. <u>SEC v. Bankers Alliance Corp.</u>, 881 F. Supp. 673, 678 (D.D.C. 1995) (holding that violation of preliminary injunction, even a non-intentional violation, warrants contempt sanctions); <u>National Organization for Women v. Operation Rescue</u>, 747 F. Supp 772, 774 (D.D.C. 1991) (same).

## Conclusion

Defendants' contempt for this Court's preliminary injunction warrants several sanctions. First, Defendants should be required to post with the Court's registry $30,000, plus accrued compounded interest, to ensure full compliance with the November 2, 2005 preliminary injunction. Second, Defendants should be required to pay Ellipso's attorney fees associated with the filing and prosecution of this motion. Third, to ensure that there have been no other violations of the Court's preliminary injunction, each Defendant should be ordered to separately file, and certify as true and correct, a report with this Court identifying every financial institution account in his or its name, the name of any Defendant's spouse or the name of an entity owned or controlled by a Defendant. Finally, Ellipso should be provided leave of Court to serve subpoenas on every so identified institution with all attorney's fees and copying costs associated therewith payable by Defendants. These sanctions and remedies, it is hoped, will impress upon the Defendants that its days of deception are over.

---

LAW OFFICES
OF
VESSA CARPENTER LOURIE, P.C.
400 MACARTHUR BLVD, N.W.
SUITE 205
WASHINGTON, D.C.
20007-2521
(202) 342-8000

(Y) any business or agency which engages in any activity which the Secretary of the Treasury determines, by regulation, to be an activity which is similar to, related to, or a substitute for any activity in which any business described in this paragraph is authorized to engage; or
(Z) any other business designated by the Secretary whose cash transactions have a high degree of usefulness in criminal, tax, or regulatory matters.

January 18, 2008                              Respectfully submitted,

                                              /s/
                                              Vanessa Carpenter Lourie, #250068
                                              4400 MacArthur Blvd., NW, Suite #205
                                              Washington, D.C. 20007-2521
                                              (202) 342-8000 (Telephone)
                                              (202) 342-9000 (Facsimile)
                                              vlourie@carpenterlourie.com (e-mail)

                                              /s/
                                              Linda Awkard, #38748
                                              4201 Cathedral Avenue, N.W.
                                              Suite 1416 W
                                              Washington, D.C. 20016
                                              (202) 237-1535 (Telephone)
                                              (202) 237-1204 (Facsimile)
                                              lawkard@earthlink.net (e-mail)
                                              Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply was served this January 18, 2008 on:

                    Christopher Hoge, Esquire
                    Crowley, Hoge & Fein, P.C.
                    1719 Rhode Island Avenue, N.W.
                    Suite 700
                    Washington, D.C. 20036-3125

by electronic delivery by CM/ECF, and on:

                    Robert B. Patterson
                    P.O. Box 3106
                    Reston, Virginia 20195

by first class mail, postage prepaid.

                                              /s/
                                              Vanessa Carpenter Lourie, Esquire

LAW OFFICES
OF
VANESSA CARPENTER LOURIE, P.C.
4400 MACARTHUR BLVD, N.W.
SUITE 205
WASHINGTON, D.C.
20007-2521
(202) 342-8000