IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. ) | |
| ) | |
| Plaintiff/Counter-Defendant ) | |
| ) | |
| v. ) | Civil Action No.: 05-01186 (RCL) |
| ) | |
| JOHN B. MANN, et al. ) | |
| ) | |
| Defendants/Counter-Plaintiffs ) | |
| ) | |

**PLAINTIFF/COUNTER-DEFENDANT'S REPLY TO RESPONSE OF ROBERT PATTERSON TO ITS MOTION TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT OF COURT**

Plaintiff/Counter-Defendant Ellipso, Inc. ("Plaintiff" or "Ellipso") hereby submits the instant reply to Robert Patterson's Response to its motion to show cause why Defendants John Mann, Robert Patterson and Mann Technologies ("MannTech") should not be held in contempt of court for their violation of the Court's November 2, 2005 injunction which prohibits the Defendants from disposing of any assets obtained via its sale of ICOHA stock.

**Preliminary Statement**

Defendant Robert Patterson submitted a response to Plaintiff's Motion to Show Cause untimely. The Motion was filed on December 28, 2007 and, after accounting for weekends and holidays, a response was due on or about January 8, 2008. Without requesting an extension of time Patterson, who has refused in the past to consent to extensions by Plaintiff's counsel, nonetheless submitted his Response several days late. As a result, Plaintiff has been forced to file two (2) separate replies, and this Court has to consider two (2) replies rather than a consolidated brief. Nonetheless, as it turns out,

Patterson's arguments in his response actually provide support for Ellipso's contention that Patterson and Mann violated the terms of the injunction and are in contempt of court. Patterson inexplicably describes a money laundering scheme to remove all proceeds from the sale of ICOHA from being subject to the injunction issued by this Court.

## **Argument**

### 1. **Laundering The Proceeds of the Sale of ICOHA Stock.**

Notwithstanding the untimeliness of Patterson's opposition, Patterson unaccountably and surprisingly provides this Court with a blueprint on how the injunction can be and was evaded. The defendants simply disbursed funds derived from the sale of ICOHA stock as payments to John Mann and Patterson, hence converting the money into private "personal" funds of these individuals who then reinvested these same funds in MannTech. MannTech in turn then claims that these proceeds do not derive from the sale of ICOHA stock, and are thus not subject to the injunction.

Of course, such a scheme would essentially render the injunction worthless. As of this date, because of the closing of discovery, Plaintiff does not know if any of the funds and assets deposited at UBS, and presumably subject to the injunction, have been so laundered and if they are even in existence. Patterson and Mann may have disposed of them via "personal" payments and either "reinvested" them or simply depleted them. This Court and Ellipso are entitled to know whether any teeth remain in the injunction.

Patterson's invective about "personal" data is simply trying to distract the Court from the essential point. If indeed funds derived from sources other than the proceeds of the sale of ICOHA stock were used in the Coastal/Dolphin Bay transaction, he or Mann should just say so, provide proof of their assertion, and put the matter to rest. Of course, neither Mann nor Patterson can say so, because it is not so.

Funds from the sale of ICOHA stock were used to purchase an interest in Coastal via Dolphin Bay Capital, a financial institution, ten (10) months before the injunction was entered by this Court. That interest was converted some four (4) months in to the injunction back into cash and interest to the benefit of MannTech. The Coastal interest was not disclosed as an asset of MannTech during the injunction proceeding, and the cash to which it was converted was secretly deposited into an account controlled by Mann and Patterson, although the proceeds were clearly to be deposited to the benefit of MannTech, hence subject to the injunction. John Mann and Patterson chose to launder the money via an account with BB&T which may or may not be in the name of MannTech. This comingling of personal and corporate funds is of Mann-Patterson's doing, not Ellipso's as Patterson would want this Court to believe.

Based on the above, it is clear that Mann-Patterson and MannTech are in violation of the injunction and in contempt of court.

### 2. The Facts In Support of Ellipso's Motion Have Not Been Challenged or Disputed.

Ellipso's motion is based on the fact that, after receiving a return on its investment from Dolphin Bay – an investment made with funds derived from the sale of ICOHA stock (a fact not disputed by the Mann Defendants) – MannTech, through Patterson, deposited those funds into an account with BB&T, which may or may not be in

3

the name of MannTech, although the disbursement was made to the order of MannTech. BB&T is irrefutably a financial institution, and the Mann Defendants <u>did not disclose, per the Court's November 14, 2005 Order, either the existence of these funds or the banking account</u>. This brazen attempt to defy the Court's November 2 and 14 Orders constitutes the Mann Defendants' contempt of court.

Contrary to Patterson's assertions, the issue here is not one of discovery but whether he and John Mann disclosed fully and completely the assets of MannTech during and after the injunction hearing, and whether their disclosures to this Court were truthful. To John Mann's vagueness that MannTech "came to possess funds that did not come from the proceeds of sale of the ICOHA stock", Patterson proposes the laundering scheme described in his response as a justified approach to make these funds outside the purview of the injunction. Faced with the seriousness of the allegation that they misled this Court and circumvented the injunction, John Mann and Patterson chose to evade the issue. Neither of them has denied Ellipso's allegations and neither of them has identified a source of the funds for the Coastal/Dolphin Bay transaction other than the proceeds of the sale of ICOHA stock.

In any event, prior to the motion for contempt, the Mann Defendants had already represented to this Court that the ICOHA stock sale proceeds are its only substantial asset and source of funds. <u>See</u> Ellipso's Motion at 4. Therefore, there is already an admission in the record that the funding of the Dolphin Bay loan could not have come from some other source. The Mann Defendants all along have contended that the Court's injunction is a substantial burden on MannTech because of its limited resources. Accordingly, all Defendants are in violation of the terms of the preliminary injunction and should be held

4

in contempt of court. SEC v. Bankers Alliance Corp., 881 F. Supp. 673, 678 (D.D.C. 1995) (holding that violation of preliminary injunction, even a non-intentional violation, warrants contempt sanctions); National Organization for Women v. Operation Rescue, 747 F. Supp 772, 774 (D.D.C. 1991).

### Conclusion

Plaintiff believes that it has sufficiently established that the Defendants acted in violation of the injunction and should be held in contempt of Court for doing so. Neither of the oppositions filed by the Defendants controverts the salient assertions made by the Plaintiff. As a consequence, Plaintiff asserts that each of the Defendants should be held in contempt of Court, and an Order for appropriate sanctions as requested should issue.

January 24, 2008                                    Respectfully submitted,

/s/
Vanessa Carpenter Lourie, #250068
4400 MacArthur Blvd., N.W.
Suite #205
Washington, D.C. 20007-2521
(202) 342-8000 (Telephone)
(202) 342-9000 (Facsimile)
vlourie@carpenterlourie.com (e-mail)


/s/
Linda Awkard, #38748
4201 Cathedral Avenue, N.W.
Suite 1416 W
Washington, D.C. 20016
(202) 237-1535 (Telephone)
(202) 237-1204 (Facsimile)
lawkard@earthlink.net (e-mail)

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Reply to Patterson's Response to its Motion to Show Cause was served this January 24, 2008 on:

>Christopher Hoge, Esquire
>Crowley, Hoge & Fein, P.C.
>1719 Rhode Island Avenue, N.W.
>Suite 700
>Washington, D.C. 20036-3125

by electronic delivery by CM/ECF and on:

>Robert B. Patterson
>PO Box 3106
>Reston, Virginia 20195

by first class mail, postage prepaid.

/s/
Vanessa Carpenter Lourie, Esquire