UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELLIPSO, INC., | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counter-Defendant | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1186 (RCL) |
| | ) | |
| JOHN B. MANN, *et al.*, | ) | |
| | ) | |
| Defendants and | ) | |
| Counter-Plaintiffs | ) | |

**UPDATED STATUS REPORT OF THE MANN DEFENDANTS**
**PURSUANT TO THE ORDER OF COURT ENTERED APRIL 1, 2008**

John B. Mann and Mann Technologies, LLC, Defendants and Counter-Plaintiffs herein (collectively the "Mann Defendants"), by their undersigned counsel, hereby submit their updated status report, as required by this Court's Order entered herein on April 1, 2008.

(1) *Listing of all financial contributions to Mann Tech, clearly identifying the extent to which Mann Tech is funded by ICOHA proceeds and the extent to which contributions were received from other sources.*

**Response**: Prior to its sale of any ICOHA stock, Mann Tech was funded entirely via loans by John B. Mann personally to Mann Tech. Even before Mann Tech was incorporated in late February, 2004, Mann wrote personal checks to Ellipso, Inc. to fund contributions and/or loans to be made by Mann Tech to Ellipso. Thus, John Mann made the following payments on behalf of Mann Tech to Ellipso:

        a)    1/12/04    -    $10,000 (by check)

        b)    2/2/04    -    $90,000 (by wire transfer)

  c) 2/21/04 - $15,000 (by check)

  d) 3/15/04 - $15,000 (by check)

  e) 4/6/04 - $25,000 (by check)

  f) 8/2/04 - $15,000 (by check)

  g) 8/12/04 - $10,000 (by check)

These payments are accurately characterized as loans from John Mann to Mann Tech for purposes of funding Mann Tech's loan and contributions to Ellipso.

On December 20, 2004 and January 4, 2005, John Mann loaned a total of $30,000 to Mann Tech to fund a convertible loan by Mann Tech to Coastal Services Group, Inc., as more particularly discussed in the next section.

In addition, on May 26, 2005, John Mann deposited $30,000 from his personal funds into the Mann Tech UBS account.

(2) *Whether any ICOHA proceeds were transferred to locations (not restricted to financial, banking or like institutions) other than the previously disclosed UBS bank account.*

**Response:** All shares of ICOHA stock received by Mann Tech from Ellipso have been held at all times in Mann Tech's UBS account. All cash proceeds from any sales of ICOHA stock held by Mann Tech were also credited directly to its UBS account. After November 2, 2005, and until the present time, no ICOHA shares or proceeds of the sale of ICOHA shares have been transferred or paid out to third parties from the Mann Tech UBS account.

With the exception of the $5,934.73 payment to Ellipso pursuant to the ICOHA stock sale on August 27, 2004, there were no withdrawals from Mann Tech's UBS account until the month of January, 2005. Of the $519,138 received into the Mann Tech UBS account from the sale of

ICOHA shares as of November 2, 2005, a total of $516,558 was paid out of that account to John Mann, Robert Patterson and third parties for expenses, services rendered to Mann Tech and/or Ellipso, or repayment of loans made by Mann to Mann Tech.  All these cash payments occurred prior to November 2, 2005.

On December 20, 2004, John Mann wrote a personal check to Robert Patterson in the amount of $25,000 for a loan, convertible into 399,900 shares of Coastal stock, which Mann Tech had agreed to make to Coastal Services Group, Inc.  On January 4, 2005, John Mann wrote a check to Dolphin Bay in the amount of $5,000, to complete the $30,000 convertible loan to Coastal Services.

The Mann Defendants did not include the Coastal Services convertible loan obligation to Mann Tech in their report to the Court dated November 29, 2005, because they believed they were only ordered to identify "financial, banking and like institutions ... holding ICOHA shares and/or cash proceeds from the sale of ICOHA stock".  Additionally, the Mann Defendants believed that such funds advanced to Coastal would be offset, over time, by services to be provided to Mann Tech and Ellipso by Coastal's principals.  Due to the preliminary injunction and Ellipso's bad faith and fraudulent inducement, Mann tech was precluded from continuing the activities it had begun with Coastal's principals.

On February 9, 2006, Patterson, on behalf of Mann Tech, received a $30,000 check from Fountain Capital Fund, Inc. in repayment of its loan to Coastal services.  Upon information and belief, those funds were deposited into Robert Patterson's BB&T checking account.

As of November 2, 2005, Mann Tech's only tangible assets were:

a) 37,611 shares of ICOHA shares held in its UBS account.

b) $2,580 in cash held in its UBS account.

c) 399,900 shares of Coastal Services stock, held as collateral for the $30,000 loan.

## ADDENDUM

      The Mann Defendants continue to be highly concerned that Ellipso has been able to obtain Mann Tech's UBS account records, apparently without going through the requisite subpoena process. The Court will recall that a previous Ellipso subpoena for Mann Tech's UBS account records was quashed by this Court's Order dated January 31, 2006 (Docket #42). While the Protective Order was without prejudice, to the Mann Defendants' knowledge, no subsequent subpoena was ever issued by Ellipso to UBS. While there was some discussion between Thomas Mauro, then counsel for the Mann Defendants, and Matthew Goodman, then counsel for Ellipso, about a Protective Order regarding these UBS statements, those conversations never came to fruition. The Mann Defendants have never been notified of a second UBS subpoena; nor have they ever received copies of any documents produced pursuant to such a subpoena.

      The Mann Defendants have asked its UBS account representatives how Mann Tech's statements, such as Ex. 3 to the Motion for Order to Show Cause, could have gotten into Ellipso's possession. No answer has been given. The Mann Defendants intend to investigate this further and, if improper conduct has occurred, they will bring it to this Court's attention.

      Respectfully submitted,

/s/ Christopher G. Hoge
Christopher G. Hoge #203257
Counsel for Defendants/Counter-Plaintiffs
John B. Mann and Mann Technologies, LLC

>CROWLEY, HOGE & FEIN, P.C.
>1710 Rhode Island Avenue, N.W.
>7th Floor
>Washington, D.C. 20036
>(202) 483-2900

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true copies of the foregoing Status Report were, this 10th day of April, 2008, served electronically upon:

>VANESSA CARPENTER LOURIE, ESQ.
>4400 MacArthur Blvd., N.W.
>Suite #205
>Washington, D.C. 20007-2521
>Co-Counsel for Plaintiff/Counter-Defendant

>and

>LINDA AWKARD, ESQ.
>4201 Cathedral Ave., N.W.
>Suite #1416W
>Washington, D.C. 20016
>Co-Counsel for Plaintiff/Counter-Defendant

and via first class mail, postage prepaid, upon:

>ROBERT B. PATTERSON
>11775 Stratford House Place
>#407
>Reston, VA 20190
>Defendant/Counter-Plaintiff *Pro Se*

>/s/ Christopher G. Hoge
>Christopher G. Hoge

cgh/z/wpdirs/civil
mannreport.wpd