IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. )<br>)<br>  Plaintiff/Counter-Defendant )<br>)<br>          v. )<br>)<br>JOHN B. MANN, et al. )<br>)<br>  Defendants/Counter-Plaintiffs )<br>_____) | Civil Action No.: 05-01186 (RCL) |

**PLAINTIFF/COUNTER-DEFENDANT'S OPPOSITION TO JOHN MANN AND
MANN TECHNOLOGIES, LLC'S MOTION FOR RECONSIDERATION**

Plaintiff/Counter-Defendant Ellipso, Inc. ("Plaintiff" or "Ellipso") hereby submits the instant Opposition to Defendants John Mann and Mann Technologies, LLC's ("Mann Tech") motion for reconsideration of the Court's April 1, 2008 Order granting in part an denying in part Mann Tech's motion for summary judgment. For the reasons expressed below, the motion should be denied. Further, Plaintiff submits that a ruling of this Court affirming its earlier findings is warranted.

**PRELIMINARY STATEMENT**

Mann Tech claims that the Court made three (3) erroneous findings of fact which resulted in the Court's partial denial of Mann Tech's motion for summary judgment. It is Mann Tech that is in error, however, not the Court. First, the December 24, 2003 e-mail upon which Mann Tech believes the Court solely relied as its basis for denying summary judgment as to Ellipso's fraud claim is, despite Mann Tech's attempt to obfuscate the issue, evidence of Defendant Robert Patterson's duplicitous dealings. Moreover, and perhaps more importantly, it is not the only evidence presented to the Court of Patterson's duplicity.

Second, Mann Tech argues that the Court erred in finding that Patterson was an agent of Ellipso. However, all Mann Tech succeeds in demonstrating is that there is, at worst, a dispute of fact respecting this issue.[1] As Mann Tech concedes, the language of the consulting agreement between Patterson and Ellipso is not strictly determinative. Rather, what is determinative is that by undertaking to provide consulting services which were to "develop a Strategy to defend and protect [Ellipso] in all business matters…. and such Strategy will have as its primary aim to preserve the Company's assets" (paragraph 2.4 Patterson Consulting Agreement), Patterson placed himself in a position which carried with it a particular duty of good faith and candor owed to Ellipso. Patterson's position and relationship carried with it a greater responsibility of disclosure and transparency which arose because Ellipso had come to rely on Patterson's advice, counsel, representations and conduct as a result of their course of dealings. Likewise, Mann Tech, the lender, had a duty to disclose to Ellipso, the borrower, the fifty percent (50%) ownership stake that Patterson had in the lender ( Mann Tech) knowing all the while, that Patterson was also Consultant to Ellipso in the same transaction for the purpose of protecting, not risking  Ellipso's assets. Moreover, the fact that Patterson purported to negotiate and draft the loan terms on behalf of Ellipso when all the while his only allegiance, as Mann Tech – and only Mann  Tech – well knew ,, was the lining of his own pockets, rather than preserving Ellipso's assets and protecting its business interests, is equally determinative.

Third, Mann Tech incorrectly contends that the Court erred in finding that Patterson derived a benefit from the loan transaction. The Court made no such finding.

---

[1] Of course, Ellipso's position is that there is no genuine dispute that Patterson acted as Ellipso's agent throughout the negotiation of the loan and thereafter or that Mann Tech had a duty to disclose Patterson's duplicity to Ellipso.

Rather, it appears that Mann Tech misconstrues and twists the Court's Opinion in order to present a new and baseless argument that Ellipso is entitled to no damages. The Court need not consider new argument on a motion for reconsideration and, even if it does entertain this third point, Mann Tech's argument is wholly without merit.

Accordingly, there being no basis under Rules 59 or 60 for this Court to reconsider its April 1, 2008 Order, Ellipso respectfully requests that this Court deny the motion for reconsideration.

## ARGUMENT

**I.    Standard of Review**

Mann Tech moves for reconsideration under Federal Rules of Civil Procedure 59(e), 60(b)(1) and/or 60(b)(6). Reconsideration under any or all of these provisions is not warranted.

First, given that Mann Tech filed its motion for reconsideration within ten (10) days of the Court's April 1, 2008 Order, its motion is governed solely by Rule 59(e). <u>Lightfoot v. District of Columbia</u>, 355 F. Supp. 2d 414, 420-21 (D.D.C. 2005).[2] Next, pursuant to Rule 59(e), an order is subject to reconsideration only if based on "extraordinary circumstances" such as a showing of "clear error." <u>Lightfoot v. District of Columbia</u>, 355 F. Supp. 2d 414, 421 (D.D.C. 2005). Moreover, a "Rule 59(e) motion is not a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been

---

[2]    Even if the Court did consider Mann Tech's motion under Rule 60(b)(1) and/or (b)(6), Mann Tech cannot satisfy either standard in any event. Pursuant to Rule 60(b)(1), similar to 59(e), an order is subject to reconsideration only upon a showing that the Court's order was based on a clear mistake of fact. <u>United States v. Pollard</u>, 290 F. Supp. 2d 153, 157 (D.D.C. 2003). For the same reasons discussed above and throughout, Mann Tech cannot satisfy this standard. Neither can it satisfy the standard required under Rule 60(b)(6) which applies only to "extraordinary situations" and permits reconsideration only "when a    party . . . presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust." <u>Id</u>.

advanced earlier." Id. (internal citations and quotations omitted). In light of this standard, and as argued below, it is quite clear reconsideration is not warranted under Rule 59(e).

## II. The Motion for Reconsideration Should Be Denied

The three (3) purported errors addressed in Mann Tech's motion are nothing of the kind. As discussed below, there were no errors and, even if the Court did err in its factual finding, no error was of such a magnitude requiring reconsideration and reversal.

### A. There are Sufficient Facts To Prove That Mann Tech Intended To Deceive Ellipso

Mann Tech seizes upon the Court's citation to a December 24, 2003 which Mann Tech claims relates not to the loan in question but to a separate agreement between Ellipso and The Registry Solutions Company ("TRSC"), another entity secretly owned in tandem by John Mann and Robert Patterson. See Complaint at ¶¶ 9, 17 and 103. Even if the e-mail primarily concerns a transaction between Ellipso and TRSC, the e-mail serves to demonstrate how Patterson and Mann were operating as business partners and keeping Ellipso in the dark. Indeed, Patterson goes so far as to reveal Ellipso's position respecting the parties' negotiations. See Motion for Reconsideration at Exhibit 1 ("David told me he did not want to insist on anything that you would not agree to. . . . I would urge you to make what changes you want. . . .").

Although the Court's Memorandum Opinion only cited to this particular e-mail, other documentation – and the lack thereof – has been provided to demonstrate the Defendants' intent to deceive. First, contrary to all logic and business custom – but consistent with an intent to deceive – neither Mann Tech, Mann nor Patterson advised Ellipso in writing of Patterson's dual role in the loan transaction. Certainly, one would

4

expect sophisticated, honest businessmen, if for no other reason than to protect themselves from a future claim of non-disclosure, to apprise a negotiating partner of a conflict of interest known only to them.

Second, other e-mail messages demonstrate and leave no doubt that Mann and Patterson were acting in concert in their successful attempt to deceive Ellipso. For instance, in a January 31, 2004 e-mail from Mann to Patterson, Mann opined that

> [o]n reading the agreement, I think we need to add the conversion option to Ellipso shares, and we need to get the shares in our company's name. I think it best not to tender the funds until the company is formed and the shares assigned to us.

(emphases added). See Ellipso Opposition to Motion for Summary Judgment at Exhibit 5. In addition, on February 11, 2004, Patterson, addressing the terms of the loan agreement between Mann Tech and Ellipso, advised Mann that he "was satisfied that we [Patterson and Mann] are protected." (emphasis added). See Ellipso Opposition to Motion for Summary Judgment at Exhibit 4.

Irrespective of the Court's citation to the December 23rd e-mail, and whether or not any reliance on this e-mail was in error, there can be no argument that sufficient facts exist to demonstrate that Mann Tech intended to deceive Ellipso about Patterson's duplicitous role in the loan transaction.

### B.  Ellipso Reasonably Relied on Patterson's Advice and Guidance

Mann Tech argues that the Court erred in finding that Patterson acted as Ellipso's agent in negotiating the loan transaction. There being no agency relationship, Mann Tech contends, Mann Tech had no duty to disclose its secret business relationship with Patterson. This argument is quite misplaced.

5

First, even if it were necessary to establish as much, it is exceedingly clear that Patterson acted as Ellipso's agent and representative with respect to the loan transaction. Indeed, Patterson was engaged as a consultant, acting as Ellipso's legal and business representative in an agency relationship to defend and protect Ellipso's business matters and to protect its assets. As Mann Tech concedes, the language of the consulting agreement between Patterson and Ellipso does not prevail over the actual conduct of the parties. See Motion for Reconsideration at 6. Here, Patterson drafted the proposed loan terms, consulted with Ellipso during negotiations, and presented Ellipso's counteroffers and positions to Mann which, taken together, are hallmarks of an agency relationship. Moreover, it is inconceivable that neither Mann nor Patterson could possibly have believed that Patterson was not Ellipso's agent, given their exclusive knowledge of Patterson's duplicity, it certainly was reasonable for Ellipso to believe, based on all the presented facts, that Patterson was Ellipso's agent with respect to, at the very least, the loan transaction. Accordingly, whether Patterson actually was an agent of Ellipso or Mann Tech knew that Ellipso believed Patterson was its agent, Mann Tech had a duty to disclose the fact that Patterson was a fifty percent (50%) owner of Mann Tech. See Memorandum Opinion at 11.

Second, there is no requirement that Patterson have been Ellipso's agent in fact for Mann to have been required to disclose Patterson's dual role to Ellipso. That Patterson had divided loyalties was a material fact known exclusively to Patterson and Mann and, hence, Mann Tech, and therefore should have been disclosed to Ellipso. Toledano v. O'Connor, 501 F. Supp. 2d 127, 145 (D.D.C. 2007) (acknowledging that a duty to disclose will exist where the "facts are known or accessible only to defendant, and

6

defendant knows they are not known or reasonably discoverable by the plaintiff." (internal citations and quotations omitted).; see also Falk v. General Motors Corp., 496 F. Supp. 2d 1088, 1095 (N.D. Cal. 2007) (holding that a defendant has a duty to disclose a material fact where the defendant has exclusive knowledge of that fact); D.C. Code 28.1-203 (requiring good faith and fair dealing in all contracts). Thus, the Court was correct in its analysis and in denying summary judgment as to Count IV for Fraudulent Non-disclosure and Count VIII for Fraud.

    **C.**    **The Court Did Not Make Any Finding Respecting the Benefits Patterson Derived From His Duplicity**

Finally, Mann Tech asserts as error the Court's purported finding that "Patterson derived a benefit from the execution of the Loan Agreement." See Motion for Reconsideration at 2. However, Mann Tech does not cite any portion of the Court's Opinion that is in error on this point nor any specific finding respecting the benefit derived by Patterson.[3] Rather, Mann Tech uses this purported error simply to offer fresh argument on the issue of damages which, at this late stage, is untimely. Lightfoot v. District of Columbia, 355 F. Supp. 2d at 421 (holding that a party may not advance new arguments or theories on a motion for reconsideration). Accordingly, the Court need not and should not entertain this argument and, accordingly, should deny the motion on this point.[4]

---

[3] If there is any question whether Patterson reaped a great benefit for his duplicitous acts, it has been answered by Ellipso's Response to Mann Tech's Updated Status Report which provides documentation of the thousands of dollars Patterson obtained through the sale of the ICOHA shares fraudulently obtained by Mann Tech, in addition to a 50% ownership in Mann Tech and TRSC, which rightly belong to Ellipso.

[4] Although no response is necessary, its goes without saying that Mann Tech's argument respecting Ellipso's recoverable damages is misplaced. See Millard v. Lorain Investment Corp., 194 A.2d 630, 632 (D.C. 1962) (holding that a party's continued performance of contractual obligations after knowledge of fraudulent representation does not waive or limit money damages); Sage v. Broadcasting Pubs. Inc., 997 F.

Importantly, Mann Tech all but concedes (see Motion for Reconsideration at 10) that Patterson may not be entitled to the five percent (5%) commission he received from Ellipso as a result of his efforts on behalf of Ellipso in obtaining a loan from Mann Tech. In fact, it can be argued as well that Patterson *is* entitled to these Four Thousand Dollars ($4,500.00) from Ellipso but should *reimburse* Ellipso the benefits obtained from Mann Tech, to wit at least thirty Thousand Dollars ($30,000.00) and ownership of fifty percent (50%) of Mann Tech and TRSC, since Patterson's agreement with Ellipso preceded by at least one year his secret arrangement with John Mann and Mann Tech.

## **CONCLUCION**

It is now undisputed that Ellipso did not know of Patterson's dual role, prior, during and immediately after the negotiations and execution of the loan agreement between Mann Tech and Ellipso. This Court found that it is undisputed that Ellipso did not know before June 2004 of Patterson's ownership in Mann Tech[5]. Defendants do not contest this fact either. Accordingly, rather than reconsider its Order as requested by Mann Tech, this Court should actually rule in favor of Plaintiff as to Count IV, Fraudulent Non Disclosure, and as a consequence as to Counts VIII, IX, X and XI, on the same basis it denied summary judgment to Defendants on these same counts.

---

Supp. 49, 53 (D.D.C. 1998) (acknowledging that, under District of Columbia law, a party may affirm a fraudulently-induced contract and sue for damages).

[5]     Ellipso maintains it discovered the <u>ownership</u> of Patterson in August 2004, although it knew in June, 2004 of a potential success bonus that Mann would pay Patterson, notwithstanding the ill drafted e-mail of November 2005 erroneously amalgamating these facts and on which this Court based its decision to dissolve the injunction.

Upon consideration of the foregoing, Ellipso respectfully requests that this Court deny Mann Tech's motion for reconsideration.

April 28, 2008                                              Respectfully submitted,


                                                            _/s/_____
                                                            Vanessa Carpenter Lourie, #250068
                                                            4400 MacArthur Blvd., N.W.
                                                            Suite #205
                                                            Washington, D.C. 20007-2521
                                                            (202) 342-8000 (Telephone)
                                                            (202) 342-9000 (Facsimile)
                                                            vlourie@carpenterlourie.com (e-mail)


                                                            __/s/_____
                                                            Linda Awkard, #38748
                                                            4201 Cathedral Avenue, N.W.
                                                            Suite 1416 W
                                                            Washington, D.C. 20016
                                                            (202) 237-1535 (Telephone)
                                                            (202) 237-1204 (Facsimile)
                                                            lawkard@earthlink.net (e-mail)

                                                            Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Opposition to Mann Defendants' Motion for Reconsideration was served this April 28, 2008 on:

>Christopher Hoge, Esquire
>Crowley, Hoge & Fein, P.C.
>1719 Rhode Island Avenue, N.W.
>Suite 700
>Washington, D.C. 20036-3125

by electronic delivery by CM/ECF and on:

>Robert B. Patterson
>PO Box 3106
>Reston, Virginia 20195

by first class mail, postage prepaid.

>\_\_\_/s/_____
>Vanessa Carpenter Lourie, Esquire