# MAURO LAW OFFICES, P.C.
### ATTORNEYS AT LAW
1020 NINETEENTH STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036

THOMAS A. MAURO
ADMITTED IN THE DISTRICT OF COLUMBIA AND MARYLAND

VOICE:202 452 9865
FACSIMILE:202 452 0092
email: tmauro@tmaurolaw.com

March 2, 2007

**BY FACSIMILE / THEN MAIL**

Matthew H. Goodman, Esq.
Leftwich & Ludaway LLC
1400 K Street, N.W.
Suite 1000
Washington, D.C. 20005

Re:    Ellipso, Inc. v. Mann Technologies, LLC
Civil Action No. 05ca1186

Dear Matthew:

This follows our January 29, 2007, meeting and responds to the Ellipso's Objections and Responses to the Defendant's Second and Third Requests for Production of Documents. It will constitute our Rule 37 letter requesting Plaintiff to provide complete answers to our discovery requests. We note that your letter of February 23, 2007, while addressing the preliminary matters noted below, does not address Defendants' Document Requests Nos. 51 - 86. We would like to summarize the various agreements we reached or the issues raised by Plaintiff's responses to these requests.

**Preliminary Matters**

A.    We agreed that Plaintiff will specifically identify, by Bates stamp number (i.e., the P-numbers), the subjects (i.e. the Request numbers) covered by the documents already supplied. We are preparing a similar designation and hope to have it completed next week.

B.    We agreed that if there are no documents responsive to a Request, then Plaintiff will state "none". Defendants are still awaiting receipt of this information.

C.    We agreed to send a Joint Subpoena to UBS. In light of the February 23, 2007, Subpoena

**EXHIBIT**

**1**

Matthew H. Goodman, Esq.
March 2, 2006
Page 2

you have already sent to UBS, we have prepared our own and served it on UBS today. A copy is being sent to you under separate cover. In this regard, we have agreed that the documents produced pursuant to the subpoenas issued to UBS by both parties will be subject to the Protective Order which is discussed below.

D.      Protective Order:  Regarding Request numbers 47, 48, 52 and 58, including the UBS documents subpoenaed by both sides, and perhaps others Plaintiff agreed to produce documents subject to a Protective Order on an "attorneys' eyes only" basis.  Attached hereto is a draft Protective Order.  Please indicate your agreement or suggested changes as soon as possible.

E.      Joint Defense Agreement.  As you indicated in your February 23, 2007, letter, we conditionally agreed to produce the Joint Defense Agreement between the Mann parties and Robert Patterson.  Our agreement was conditioned on our further inquiry into whether such agreements are discoverable. We believe they are not.  Please see *Minebea Co., Ltd. v. Papst*, 228 F.R.D. 13 (D.D.C. 2005).  Accordingly, we respectfully decline to produce the Joint Defense Agreement.

F.      In light of your February 23, 2007, letter, the parties have now agreed that as to electronically stored information, instead of producing computer hard drives, each party will prepare a signed statement to the effect that all discoverable material that may reside on computer hard drives, and/or in computer storage media, has been converted to paper form and produced. We ask that each party preserve whatever electronically stored information they have in its original electronic form pending resolution of this case. We must decide who will draft the statement.

G.      We did not agree on how to address the discovery of any documents Mr. Patterson has, but did agree to leave the issue open pending further developments.

**Deficiencies and Agreed-Upon Modifications**

        We believe your client's discovery responses were deficient in at least the following respects, subject to the agreed-upon modifications as set forth below:

**I.      Response to the Second and Third Requests for Production, Request Numbers 51-86**

1.      **Request for Production Number 51**:  The articles of incorporation and all corporate Minutes for Ellipso, Inc. for the period January 31, 2003 to the present.

        Plaintiff agrees to produce the corporate minutes, limited to those mentioning or referring to "Mann" or to the "Collateral Loan Agreement".  Please provide these documents immediately.

Matthew H. Goodman, Esq.
March 2, 2006
Page 3

2.    **Request for Production Numbers 52 and 58**: Plaintiff will produce these documents subject to the attorneys eyes only provision in the proposed Protective Order discussed at paragraph "D" above.

3.    **Request for Production Number 61**:  Plaintiff agreed to provide identification numbers of documents responsive to this request, as discussed at Paragraph "A".  In this case you agreed to produce any electronic version of the proposals sent to John Mann.

4.    **Request for Production Number 62**:  Electronic data including calendars, diaries, schedules and/or planners that relate or refer to John B. Mann, Robert Patterson, Mann Technologies, LLC, David Castiel, Juan Tomassoni, TRSC, the 881 telephone service, or the Registry.

Plaintiff agreed to provide calendars responsive to the above.

5.    **Request for Production Numbers 66 and 68**: This is subject to our agreement on handling electronically stored information.

6.    **Request for Production Number 69**: All documents pertaining to any transactions or contracts whereby Ellipso or any subsidiaries of Ellipso (either wholly or partially owned) sold assets to, or acquired assets from ICO Global Holdings.

**Plaintiff's Response**: Plaintiff objects to the request on the grounds that the documents requested are irrelevant and immaterial to this proceeding.

We were unable to reach agreement on this Request.  We respectfully disagree with Plaintiff's objection. This request properly seeks documents which shed light on the subject of the dispute as set forth by Plaintiff in the Complaint itself.  Specifically, the ICO stock itself is a subject of this litigation, and the transfer of monies and/or ICO stock may well go to the relationship of the parties as well as to the use of monies and funds obtained from Mann or Mann Technologies which may shed light on matters raised in the Defendants' Counterclaims.  Further, the objection is improper because relevance and materiality are not proper grounds for objection.  The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence."  Moreover, there is no basis for the objection asserted or reference to authority in prior Court rulings upon which you rely and the objection does not identify the rulings.  The Request is, indeed, reasonably calculated to lead to admissible evidence.  Please provide a valid, responsive answer immediately.

6.    **Request for Production No. 70**:  Copies of the July 12, 2002 Contract in which Ellipso or any subsidiaries of Ellipso (either wholly or partially owned), Ellipso Private Holdings,

Matthew H. Goodman, Esq.
March 2, 2006
Page 4

Inc.(EPHI), or Mobile Communications Holdings, Inc. (MCHI) sold assets to ICO in exchange for cash, notes or stock. Include copies of all attachments and appendices to such contract including stock certificates, Promissory Notes, checks.

**Plaintiff's Response**: Plaintiff objects to the request on the grounds that the documents requested are irrelevant and immaterial to this proceeding.

We were unable to reach agreement on this Request. This request properly seeks documents which shed light on the subject of the dispute as set forth by Plaintiff in the Complaint itself. Specifically, the ICO stock itself is a subject of this litigation, and the transfer of monies and/or ICO stock may well go to the relationship of the parties as well as to the use of monies and funds obtained from Mann or Mann Technologies which may shed light on matters raised in the Defendants' Counterclaims.

Moreover, this request refers, with specificity, to transactions in which Ellipso, or its subsidiaries, acquired ICO stock and funding. It is relevant because it goes to Ellipso's financial condition at the time of the Mann agreements, Mr. Patterson's and Mr. Castiel's role in such transactions, Ellipso's dealings with other potential sources of funding for its operations, and Ellipso's or its subsidiaries right to pledge the ICO stock to Mann.

Ellipso has also characterized the ICO stock pledged to Mann Tech as "its sole asset of any significant value" (Castiel 8/2005 Affidavit), and has characterized Ellipso's financial situation as "desperate" and "distressed". Ellipso's prior actions to obtain cash and other assets prior to its arrangements with Mann and Mann Tech are clearly relevant.

Further, the objection is improper because relevance and materiality are not proper grounds for objection. The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence." Moreover, the objection provides no basis for the objection asserted or reference to authority in prior Court rulings upon which you rely and does not identify the rulings. The Request is, indeed, reasonably calculated to lead to admissible evidence. Please provide a valid, responsive answer immediately.

7.     **Request for Production No. 71**:   Copies of any and all modifications and addenda to the July 12,2002 Contract including any changes, modifications or addenda and any checks, stock certificates and notes issued by ICO to Ellipso and any subsidiaries of Ellipso (either wholly or partially owned) in October, 2002.

**Plaintiff's Response**: Plaintiff objects to the request on the grounds that the documents requested are irrelevant and immaterial to this proceeding

Matthew H. Goodman, Esq.
March 2, 2006
Page 5

This request properly seeks documents which shed light on the subject of the dispute as set forth by Plaintiff in the Complaint itself. Specifically, the ICO stock itself is a subject of this litigation, and the transfer of monies and/or ICO stock may well go to the relationship of the parties as well as to the use of monies and funds obtained from Mann or Mann Technologies which may shed light on matters raised in the Defendants' Counterclaims.

Moreover, this request refers, with specificity, to transactions in which Ellipso, or its subsidiaries, acquired ICO stock and funding. It is relevant because it goes to Ellipso's financial condition at the time of the Mann agreements, Mr. Patterson's and Mr. Castiel's role in such transactions, Ellipso's dealings with other potential sources of funding for its operations, and Ellipso's or its subsidiaries right to pledge the ICO stock to Mann.

Ellipso has also characterized the ICO stock pledged to Mann Tech as "its sole asset of any significant value" (Castiel 8/2005 Affidavit), and has characterized Ellipso's financial situation as "desperate" and "distressed". Ellipso's prior actions to obtain cash and other assets prior to its arrangements with Mann and Mann Tech are clearly relevant.

Further, the objection is improper because relevance and materiality are not proper grounds for objection. The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence." Moreover, the objection provides no basis for the objection asserted or reference to authority in prior Court rulings upon which you rely and does not identify the rulings. The Request is, indeed, reasonably calculated to lead to admissible evidence. Please provide a valid, responsive answer immediately.

8.    **Request for Production No. 72**: All documents pertaining to any negotiations, transactions or contract between You and any potential sources of loans or financing for You that occurred between October, 2002 and August, 2004.

**Plaintiff's Response**: Plaintiff objects to the request on the grounds that the documents requested are irrelevant and immaterial to this proceeding

This request properly seeks documents which shed light on the subject of the dispute as set forth by Plaintiff in the Complaint itself. The documents sought can speak to Ellipso's negative claims with respect to Patterson's and or Consulting Management's roles with Ellipso, Castiel's involvement with potential funding sources, and fairness of the Mann loan terms.

Further, the objection is improper because relevance and materiality are not proper grounds for objection. The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence." Moreover, the objection provides no basis for the objection asserted or reference to authority in prior Court rulings upon which you rely and does not identify the rulings. The Request is, indeed, reasonably calculated to lead to

Matthew H. Goodman, Esq.
March 2, 2006
Page 6

admissible evidence.  Please provide a valid, responsive answer immediately.

9.      **Request for Production No. 73**:  All documents pertaining to meetings, discussions and correspondence among and between members of the Board of Directors of Ellipso, in which Mann Tech, Mann, or Patterson are referenced, either directly, or indirectly.

**Plaintiff's Response**:  Plaintiff objects to the request on the grounds that the documents requested are irrelevant and immaterial to this proceeding.

        You agreed to consult Plaintiff for information on this request, presumably to determine if the answer to this request can be stated to be "none".  Please respond to this point if the answer is "none" pursuant to the agreement reached.

        The materiality of the requested items is clear, inasmuch as the relationships of the parties, as well as the state of knowledge of each of the parties as to the other parties actions and intentions, are at the very heart of this case.

        Further, the objection is improper because relevance and materiality are not proper grounds for objection.  The scope of discovery under Rule 26 is that it "appears reasonably calculated to lead to the discovery of admissible evidence."  Moreover, the objection provides no basis for the objection asserted or reference to authority in prior Court rulings upon which you rely and does not identify the rulings.  The Request is, indeed, reasonably calculated to lead to admissible evidence.  Please provide a valid, responsive answer immediately.

10.     **Requests for Production Nos. 74-83**:  You have previously stated that these documents will be produced.  Please provide these documents immediately.

        We appreciate your assistance on this and look forward to your prompt response on the matters agreed to.

                                        Sincerely yours,


                                        Thomas A. Mauro

cc:     Robert B. Patterson

Attachment

# MAURO LAW OFFICES, P.C.
## ATTORNEYS AT LAW
1020 NINETEENTH STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036

THOMAS A. MAURO

ADMITTED IN THE DISTRICT OF COLUMBIA AND MARYLAND

VOICE:202 452 9855
FACSIMILE:202 452 0092
email: tmauro@tmaurolaw.com

March 14, 2007

**FACSIMILE / THEN MAIL**

Matthew H. Goodman, Esq.
Leftwich & Ludaway LLC
1400 K Street, N.W.
Suite 1000
Washington, D.C. 20005

Re:    Ellipso, Inc. v. Mann Technologies, LLC
Civil Action No. 05ca1186

Dear Matthew:

This responds to your March 13, 2007, letter and follows up our telephone conversation last Friday, March 9, and my letter of February 23, 2007, asking you for deposition dates for Mr. Castiel. We have agreed that when we establish Mr. Castiel's date, you can take Mr. Patterson before that date and Mr. Mann after that date. We also agreed on Friday that we would make it a priority to complete these three depositions by April 15. During our Friday conversation, you still had no dates from Mr. Castiel and we agreed to talk by phone on Monday or Tuesday about the deposition schedule. We have not conferred by telephone this week. I assume your March 13 letter is intended to substitute for the telephone conversation, but it is silent on the deposition schedule. Having had no response to our February 23 letter and subsequent communications on Mr. Castiel's available dates, we have issued a Notice of Deposition for Mr. Castiel for March 28, 2007, in our Offices at 10:00 a.m.  This is one of the dates I asked you to clear in my February 23 letter. Please find the Notice enclosed.

Concerning the UBS subpoena, in light of our agreement that the UBS documents will be covered by the protective order, your inability to respond to the draft protective order I have proposed in my March 2, 2007, letter makes moot the delay in getting the documents from UBS. I also note that I have had all of the UBS monthly bank statements available to you since our January 5 meeting, waiting only for the protective order. Mr. Mann will not provide UBS or Ellipso with his social security number. He is aware that when Mr. Tomassoni provided Ellipso his social security number, Ellipso released the number in a public filing it made with the Court. For this reason and for the additional reason that, notwithstanding the information you have received from UBS, John Mann does not have any individual accounts at UBS.  He is willing to

**EXHIBIT**

**2**

Matthew H. Goodman, Esq.
March 14, 2007
Page 2

give you a statement under oath to that effect; he is not willing to give either you or UBS his social security number. We note in this regard that the only obstacle preventing you from obtaining the only account information at UBS regarding the Mann defendants – the Mann Technologies account(s) – is entry of the protective order, the draft of which you have had since March 2.

Referring the ICO subpoena, please refer to our March 2, 2007, letter and to our detailed face to face meeting on January 29 for the reasons we believe the Mann Defendants are entitled to the ICO documents in discovery. We respectfully decline to repeat those reasons or to withdraw the subpoena.

We appreciate your consideration of this.

Sincerely yours,

Thomas A. Mauro

Enclosures
cc:    Robert B. Patterson