1

```
 1           IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF COLUMBIA
 2     - - - - - - - - - - - - - - -x
                                    :
 3     ELLIPSO, INC.,                :
                                    :
 4       Plaintiff/Counterclaim      :
         Defendant,                  :
 5                                  :
           v.                        :  Case No. 05-cv01186(RCL)
 6                                  :
       JOHN B. MANN, et al.,         :
 7                                  :
         Defendants/Counterclaim     :
 8       Plaintiffs.                 :
                                    :
 9     - - - - - - - - - - - - - - -x

10                      Reston, Virginia

11                      Wednesday, May 2, 2007

12          Deposition of DAVID CASTIEL, Witness, called for

13     examination by counsel for the Defendant/Counterclaim

14     Plaintiff, at the Metro Offices, 11710 Plaza America,

15     Reston, Virginia, before Diana L. Cox, CCR, a stenographic

16     reporter and notary public in and for the District of

17     Columbia, commencing at 10:20 a.m., when were present on

18     behalf of the respective parties:

19

20

21

22
```

**EXHIBIT 3**

```
 1   APPEARANCE:

 2     On Behalf of the Plaintiff/Counterclaim Defendant:
          MATTHEW H. GOODMAN, ESQ.
 3        Leftwich & Ludaway
          1400 K Street, Northwest
 4        Suite 1000
          Washington, DC 20036
 5        202-434-9100

 6     On Behalf of the Defendants/Counterclaim Plaintiffs:
          THOMAS A. MAURO, ESQ.
 7        Mauro Law Offices, PC &
          1020 Nineteenth Street, Northwest
 8        Suite 400
          Washington, DC 20036
 9        202-452-9865

10        ROBERT PATTERSON, PRO SE
          11775 Stratford House Place, #407
11        Reston, Virginia 20190

12

13

14

15

16

17

18

19

20

21

22
```

1       MR. GOODMAN:  That's fine.  And if it
2  turns out that the judge finds that I was improper
3  in analyzing the question and making sure it wasn't
4  misleading and didn't have a foundation, then so be
5  it.  But I am confident that it will not reflect
6  that.
7  BY MR. PATTERSON:
8       Q    Let's take this a step at a time.  Dr. Castiel
9  you signed the August 2nd amendment, correct?
10      A    Yes.
11      Q    And your testimony is that when you signed the
12 August 2nd amendment, you did not know what Mr.
13 Patterson's interest in Mann Technologies was; is that
14 correct?
15      A    That's correct, the interest ownership.
16      Q    Right, ownership interest, right.
17      A    I knew he had a kickback from Mr. Mann, though.
18      Q    Right.  Now, how did this lack of knowledge of
19 Mr. Patterson's ownership interest in Mann Tech harm
20 Ellipso?
21      A    Is that the end of the question?
22      Q    Yes.