UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELLIPSO, INC., | ) |
| | ) |
| Plaintiff and Counter-Defendant, | ) |
| | ) |
| v. | ) Civil Action No. 05-1186 (RCL) |
| | ) |
| JOHN B. MANN, *et al.*, | ) |
| | ) |
| Defendants and Counter-Plaintiffs | ) |

MEMORANDUM AND ORDER

Now before the Court comes defendants and counter-plaintiffs John B. Mann and Mann Technologies, LLC's (collectively "Mann") motion [171] for reconsideration of this Court's Order [169] dated April 1, 2008, which disposed of three motions including Mann's motion [153] for summary judgment on all counts directed against Mann. The Court granted in part and denied in part that motion. Mann now seeks reconsideration of the portions of the Court's decision that denied summary judgment—Count IV, Fraudulent Non-Disclosure; Count VIII, Common Law Fraud; Count IX, Conversion; Count X, Trover/Replevin, and Count XI, Civil Conspiracy.[1] Upon full consideration of the motion for reconsideration, the opposition brief, the reply, the entire record herein, and applicable law, the Court finds that the motion will be DENIED. Although the partial denial of summary judgment as to Mann shall stand, the parties' recent filings convince the Court that further clarification of the bases for its Order are required.

---

[1] As Mann's motion points out, the Court found that Counts IX, X, and XI were derivative of the fraud claims (Counts IV and VIII). *See Ellipso, Inc. v. Mann*, No. 05-cv-1186, 2008 WL 852500, at *7 (D.D.C. Apr. 1, 2008). Thus, although Mann seeks reconsideration of the Court's decision on five counts, the outcome of the motion is wholly dependent on the sustainability of the fraud claims.

Accordingly, the discussion below assesses each of Mann's three mistake of fact contentions, analyzes their impact on the Court's Opinion,[2] and explains why summary judgment remains improper on the five counts of the complaint currently at issue.[3]

## I. LEGAL STANDARD

### A. Motions for Reconsideration Under Rule 59(e)

Motions for reconsideration of this Court's own orders pursuant to Federal Rule of Civil Procedure 59(e) are subject to the standard set forth by the District of Columbia Circuit in *Firestone v. Firestone*, 76 F.3d 1205 (D.C. Cir. 1996) (per curiam). In that decision, the Circuit made clear that a district court should, in its discretion, only grant a motion for reconsideration if the court "finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* at 1208 (citations omitted). "Motions under FED. R. CIV. P. 59(e) are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998)). Additionally, motions for reconsideration are not granted on the basis of new arguments that could have been raised previously. *Taylor v. U.S. Dep't of Justice*,

---

[2] The nature of a court's duty in ruling on a motion for summary judgment is to determine, when viewing the evidence in a light most favorable to the non-moving party, whether a reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (explaining the term "genuine issue of material fact"). The Court's Opinion must be viewed in light of that standard.

[3] For an overview of the factual background of this case, see this Court's Memorandum Opinion [168], *Ellipso*, 2008 WL 852500, at * 1–3.

268 F. Supp. 2d 34, 35 (D.D.C. 2003) (citing *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993)).

      **B.**    **Common Law Fraud**

Fraud consists of five elements: "(1) a false representation (2) made in reference to a material fact, (3) with knowledge of its falsity, (4) with intent to deceive, and (5) an action that is taken in reliance upon the representation. . . ." *See Park v. Sandwich Chef, Inc.*, 651 A.2d 798, 801 (D.C. 1994) (quoting *Hercules & Co. v. Sharma Rest. Corp.*, 613 A.2d 916, 923 (D.C. 1992)). Additionally, there is a sixth element in cases involving commercial contracts negotiated at arm's length: "that the defrauded party's reliance be *reasonable*." *Id.* (quoting *Hercules*, 613 A.2d at 923). "An actionable misrepresentation is made either by an affirmative representation or the 'concealment of a fact which should have been disclosed.'" *BCCI Holdings (Luxembourg), Societe Anonyme v. Khalil*, 56 F. Supp. 2d 14, 64 (D.D.C. 1999), *rev'd on other grounds*, 214 F.3d 168 (D.C. Cir. 2000) (citing *Jacobs v. Dist. Unemployment Comp. Bd.*, 382 A.2d 282, 286 n.4 (D.C. 1978)). Yet, non-disclosure can be the source of fraud only if there is a duty to speak. *See Kapiloff v. Abington Plaza Corp.*, 59 A.2d 516, 517 (D.C. 1948).

**II.**    **DISCUSSION**

Mann contends that the Court relied on three erroneous findings of fact in determining that summary judgment on the fraud counts could not be granted in its favor: (1) that an email dated December 24, 2003, from Robert Patterson to John Mann related to the January 30, 2004 loan agreement between Ellipso and Mann Tech; (2) that Mr. Patterson was Ellipso's agent; and,

(3) that Mr. Patterson derived a benefit from the loan agreement's execution.   (*See* Mot. for Recons. at 2.)

    A.    **Email Dated December 24, 2003**

In finding that Mann's summary judgment motion would be denied in part, the Court reviewed the elements of fraud and explained that a genuine issue of material fact remained on each element such that a reasonable jury could return a verdict for Ellipso at trial. *Ellipso*, 2008 WL 852500, at *6–7. When discussing the fourth fraud element, intent to deceive, the Court mischaracterized an email dated December 24, 2003, from Robert Patterson to John Mann. *See id.* at *7 (citing Email, Ex. 1 to Opp. to Mot. for Summ. J.). This email related to a separate memorandum of agreement between Ellipso and The Registry Solutions Company rather than to the loan agreement between Ellipso and Mann Tech. (*See* Email & Attachment, Ex. 3 to Reply to Opp. to Mot. for Summ. J.) However, even when putting aside the December 24th email, the Court nonetheless concludes that a genuine issue of material fact exists regarding whether Mann intended to defraud Ellipso. There is simply nothing in the record that convinces the Court that a reasonable jury could not find that Mann engaged in the alleged misrepresentation with intent to defraud Ellipso. Such "questions of motivation are particularly inappropriate for resolution on a motion for summary judgment." *Robinson v. Diamond Housing Corp.*, 463 F.2d 853, 861 (D.C. Cir. 1972) (citing *Poller v. Columbia Broad. Sys., Inc.*, 368 U.S. 464, 473 (1962)). Further, determination of Mann's intent will necessarily require weighing credibility, which is properly a jury role, not that of a judge ruling on a summary judgment motion. *See George v. Leavitt,* 407 F.3d 405, 410 (D.C. Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)); *see also Agosto v. INS*, 436 U.S. 748, 756 (1978) (noting that a district court "cannot

grant summary judgment based on its assessment of the credibility of the evidence presented"). For these reasons, summary judgment cannot be entered in favor of Mann on the issue of intent.

**B.   Mr. Patterson as Ellipso's Agent**

Mann contends that by viewing Mr. Patterson as Ellipso's agent, the Court erred in finding a genuine issue of material fact regarding the first two fraud elements: a false representation made in reference to a material fact. Because any error as to Mr. Patterson's agency status would not have altered the outcome of Mann's motion for summary judgment, this argument is futile, and a fact-issue as to whether Mann made a material false representation still exists.

A duty to disclose may arise not only in the agency context, but also when material "undisclosed facts are known or accessible only to defendant, and defendant knows they are not known or reasonably discoverable by the plaintiff." *Toledano v. O'Connor*, 501 F. Supp. 2d 127, 144 (D.D.C. 2007) (applying California law) (citation omitted). Under District of Columbia law, non-disclosure of a material fact may be considered a misrepresentation when the maker of the non-disclosure has knowledge that disclosure:

> (a) is necessary to prevent a previous assertion from being a misrepresentation or from being fraudulent or material, (b) would correct a mistake of the other party as to a basic assumption on which the party is making the contract, if non-disclosure amounts to a failure to act in good faith and in accordance with reasonable standards of fair dealing, or (c) would correct a mistake of the other party as to the contents or effect of a writing.

*Resolution Trust Corp. v. District of Columbia*, 78 F.3d 606, 610 (D.C. Cir. 1996) (citing *Barrer v. Women's Nat'l Bank*, 761 F.2d 752, 758 (D.C. Cir. 1985)). Although non-disclosure may constitute a false representation in these specific contexts, "a party making a contract is not expected to tell all that he knows to the other party, even if he knows that the other party lacks

knowledge on some aspects of the transaction." *Toledano*, 501 F. Supp. 2d at 145 (citing Restatement (Second) of Contracts § 161 cmt. a).

Based on the current record in this case, a reasonable jury could find that Mr. Patterson's alleged non-disclosure of his Mann Tech ownership constitutes a misrepresentation for purposes of fraud under District of Columbia law. Mr. Patterson made assertions that he would act on behalf of Mann in his effort to identify potential third-parties to lend to Ellipso. (*See*, *e.g.*, Consulting Agreement at 1.) In fact, Mr. Patterson had a 50% stake in the lender that he identified, and which eventually entered into agreement with Ellipso. Disclosure of Mr. Patterson's Mann Tech stake could have prevented previous assertions regarding his allegiance to Ellipso from being fraudulent or material misrepresentations. Further, it would be reasonable to believe that disclosure of this relationship would have corrected Ellipso's mistake as to a basic assumption on which it made the contract, and that Mann did not act in good faith in accordance with the reasonable standards of fair dealing. Any misrepresentation on Mann's part would surely be *material*, as the Court does not doubt that disclosure of Mr. Patterson's self-dealing could reasonably have had a bearing on Ellipso's decision-making. *See Castaneda-Gonzalez v. INS*, 564 F.2d 417, 431 (D.C. Cir. 1977) (noting that a misrepresentation is material if it is shown that the correct facts would have had a bearing on the action of the decision-maker). For these reasons, the Court maintains its previous finding that "[g]iven that Mann was clearly aware of Mr. Patterson's 50% Mann Tech stake—a fact that Ellipso was not privy to until June 2004—Mann had a duty to disclose this information to its borrower, Ellipso." *Ellipso*, 2008 WL

852500, at *6. Thus, the Court concludes that summary judgment cannot be granted to Mann on the grounds that it did not make a material misrepresentation.[4]

### C.  Benefit Derived from Loan Agreement

In its motion for reconsideration, Mann for the first time asserts that Ellipso cannot prove by clear and convincing evidence that damages resulted from Mann's alleged fraud. *See Kitt v. Capital Concerts, Inc.*, 742 A.2d 856, 860–61 (D.C. 1999) (citing *Dresser v. Sunderland Apartments Tenants Ass'n*, 465 A.2d 835, 839 (D.C. 1983)) (requiring a showing of "provable damages" for a meritorious fraud claim); *see Bennett v. Kiggins*, 377 A.2d 57, 59 (D.C. 1977), *cert denied*, 434 U.S. 1034 (1978) (noting that fraud must be established by clear and convincing evidence). Recognizing that litigants may not use motions for reconsideration to raise arguments that could have been raised previously, Mann contends that its lack of damages argument did not become possible until the Court found that the loan agreement itself was not unconscionable. *See Ellipso*, 2008 WL 852500, at *4. Under Mann's logic, no harm could come to Ellipso from

---

[4] Having determined that granting summary judgment in Mann's favor is inappropriate regardless of whether Mr. Patterson was Ellipso's agent, the Court still considers Mann's argument that the Court erred in describing Mr. Patterson as an agent. According to his consulting agreement, Mr. Patterson was an independent contractor to Ellipso, not an agent. (*See* Consulting Agreement ¶ 8.) Similarly, the actual course of dealings between Ellipso and Mr. Patterson offers no indication that the parties acted contrary to the independent contractor relationship specified in the agreement. Ellipso argues that "Patterson drafted the proposed loan terms, consulted with Ellipso during negotiations, and presented Ellipso's counteroffers and positions to Mann which, taken together, are hallmarks of an agency relationship." (Opp. to Mot. for Recons. at 6.) Yet, these actions are not inconsistent with the actions of an independent contractor; further, Ellipso does not mention the five factors of agency and cites no case law for the proposition that its cited actions are hallmarks of agency. *See C & E Servs., Inc.*, 498 F. Supp. 2d 242, 264 (D.D.C. 2007) (citing *Judah v. Reiner*, 744 A.2d 1037, 1040 (D.C. 2000)) (listing the five factors of agency). Accordingly, the Court's prior Opinion should not be relied on to foreclose argument that Mr. Patterson was an independent contractor rather than Ellipso's agent.

the proper enforcement of a fair and conscionable loan agreement that was performed in good faith by Mann and affirmed by Ellipso. (*See* Mot. for Recons. at 7–8.)

The Court is not convinced that Mann was unable to raise its damages argument in its motion for summary judgment. In that motion, Mann contended that the loan agreement was conscionable. (*See* Mot. for Summ. J. at 18–20.) Further, Mann maintained that it performed in good faith and that Ellipso affirmed the agreement. (*See id.* at 16–17, 23–24.) Consistent with these arguments, Mann had the opportunity to assert lack of damages in its motion for summary judgment. It chose not to do so. A Rule 59(e) motion is not the appropriate mechanism for now asserting that claim.[5]

---

[5] Having determined that Mann cannot properly seek summary judgment on the grounds of lack of damages, the Court nonetheless wishes to emphasize that upon a defendant's material misrepresentation, a plaintiff may affirm a contract and still maintain a right to sue for damages. *See Ellipso*, 2008 WL 852500, at *3 (citing *Ellipso v. Mann*, 480 F.3d 1153, 1158 (D.C. Cir. 2007)). Additionally, Mann misinterprets the significance of the Court's finding that the loan agreement was not unconscionable. The Court held that the loan agreement, on its face, did not show "an absence of meaningful choice on the part of the parties together with contract terms which unreasonably favor the other party." *Id.* at *4 (citing *Williams v. First Gov't Mortgage & Investors Corp.*, 225 F.3d 738, 748 (D.C. Cir. 2000)). Such a holding is quite different from finding that Ellipso cannot prove damages or that the contract was "fair" to Ellipso in the sense that Ellipso would have entered the contract even if it had full knowledge of Mr. Patterson's dual role or that Ellipso would have otherwise entered into a contract with the same or similar terms with another lender. These and other damages issues remain fact questions for the jury's consideration.

### III.    CONCLUSION

For the reasons set forth above, upon full consideration of the parties' filings, applicable law, and the record herein, it is hereby

ORDERED that the motion [171] for reconsideration is DENIED.

SO ORDERED.


Signed by Royce C. Lamberth, Chief Judge, on May 23, 2008.