IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. | ) |
| | ) |
| Plaintiff/Counter-Defendant | ) |
| | ) |
| v. | ) Civil Action No.: 05-01186(RCL) |
| | ) |
| JOHN B. MANN, et al. | ) |
| | ) |
| Defendants/Counter-Plaintiffs. | ) |

**PROPOSED SPECIAL JURY INSTRUCTIONS OF ELLIPSO, INC.**

Patterson entered into a contractual arrangement with Ellipso under the name of a corporation which he purported owned called Consulting Management, Inc.  The relationship formed between parties of a contract gives rise to certain reasonably well-defined duties and obligations of good faith and fair dealing.  The contractual relationship established by the parties precludes one party from keeping secret or not disclosing important facts or situations which may have an impact on the contract.

Ellipso has asserted that Patterson was in a business relationship with defendant Mann and that this business relationship was not disclosed when Patterson entered into a contract with Ellipso.

If you find that the Patterson owed Ellipso the duty of good faith and fair dealing, and he breached his obligations, then you may award Ellipso damages to compensate for Patterson's wrongdoing.

Allworth v. Howard Univ., 890 A.2d 194, 201 (D.C. 2006).

The Parties do not dispute that the contract was putatively entered into by Ellipso and Consulting Management Ltd. ("CM"), with Mr. Patterson acting as CM's agent. CM is not, and never has been, incorporated in the United States. Only validly formed corporations have the capacity to contract.

If you are satisfied from the evidence that CM was not incorporated, then you may find that the contract between CM and Ellipso is not a legally enforceable contract.

D.C. Stat. § 29.101-04(8); Va. Code Ann. §13.1-627(7); Model Bus. Corp. Act § 4(h); Fletcher CYC. Corp. § 4059; and, Restatement (Second) of Contracts §§ 12(1).

Individuals purporting to act on behalf of a corporation with knowledge that no corporation in fact exists is liable for any liabilities so incurred.

If you are satisfied from the evidence that Mr. Patterson acted on behalf of CM as its agent and that Mr. Patterson knew that CM was not a validly incorporated entity, then you shall find that Mr. Patterson is personally liable for any liabilities incurred by CM.

D.C. Stat. § 29.101.139; and Flethcher CYC. Corp. § 4059, cf. 2A C.J.S. Agency § 369.

The right of a party to seek avoidance of a contract can rest on many bases, three (3) of which are that it was executed under duress; it is unconscionable; or there was no consideration given.

No contract can be enforced if it was obtained under duress or the party seeking to enforce the contract gave no consideration for its execution. Further, the law in the District of Columbia allows you to refuse to enforce a contract if you find it to be unconscionable.

Rizzi v. Fanelli, 63 A.2d 872 (1949); O'Toole v. Lamson, 41 App. D.C. 276 (1914); 29 D.C. Code §28:2-302.

Duress is defined as "a condition of mind resulting from such improper pressure that the will is overcome and an involuntary act or contract induced".

Interdonato v. Interdonato, 521 A.2d 1124 (1987). Rizzi v. Fanelli, 63 A.2d 872 (1949); O'Toole v. Lamson, 41 App. D.C. 276 (1914).

The law in the District of Columbia is that "where an element of unconscionability is present at the time a contract is made, the contract should not be enforced." Unconscionability is defined as "an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party. The meaningfulness of the choice is negated by a gross inequality of bargaining power". You must also look to the manner in which the contract is entered into in determining whether Ellipso had a meaningful choice in the execution of the Amendment to the Collateralized Loan Agreement.

Williams v. Walker-Thomas Furniture, 350 F.2d 445, 121 U.S. App. D.C. 315

Ellipso asserts that it executed the Amendment to the Collateralized Loan Agreement on August 2, 2004 under duress because Ellipso was in dire financial straits and the defendants realizing this, along with having inside knowledge of Ellipso's operations, were able to craft an agreement that essential forced Ellipso's compliance under duress. Ellipso also claims that the Amendment is unconscionable for the same reason.

If you find that Ellipso executed the Amendment under duress, or that it was unconscionable, then you may find that Ellipso is not bound by the Amendment, and it is void and unenforceable and does not preclude him from obtaining judgment against the defendants.

Interdonato v. Interdonato, 521 A.2d 1124 (1987). Rizzi v. Fanelli, 63 A.2d 872 (1949); O'Toole v. Lamson, 41 App. D.C. 276 (1914); Williams v. Walker-Thomas Furniture Co., 121 U.S. App. D.C. 315, 350 F.2d 445 (1965)

8

All contracts must have consideration. Ellipso claims that it did not receive any real consideration for execution of the Amendment to the Collateralized Loan Agreement on August 2, 2004 and that is another basis for its claim that the Amendment is not enforceable. If you find that Ellipso did not receive any consideration for the Amendment, then you may find that the Amendment is not valid and is unenforceable.

_Maynard v. Durham and Southern Railway Company_, 365 U.S. 160, 81 S. Ct. 561, 5 L. Ed 2d 486 (1961).

Ellipso and Mann entered into a contractual loan arrangement. Mann held as collateral Ellipso's shares of ICO Global Communications (Holdings) Ltd. (the "ICOHA Shares") in the event of a default on loan payments. Ellipso has asserted that it did not default on its loan payments, nevertheless Mann sold portions of the ICOHA Shares.

If you are satisfied from the evidence that Mann received securities from Ellipso, with specific instructions agreed to in the parties' contractual agreement, as to how these securities were to be used, then Mann had a duty to follow the instructions that were given. If Mann used the securities for some purpose other than the purposes identified in the specific instructions, than you shall find that Mann breached the duty owed to Ellipso.

Virtanen v. O'Connell, 140 Cal. App. 4th 688, 44 Cal. Rptr. 3d 702, 703 (2006), Wirtz v. Massachusetts Mut. Life Ins. Co., 898 S.W.2d 414 (Tex. App. 1995), and Adelson v. Adelson, 60 Mass. App. Ct. 753, 806 N.E.2d 108, 119 (2004).