IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
ELLIPSO, INC.                         )
                                      )
     Plaintiff/Counter-Defendant,     )
                                      )
              v.                      ) CA No.: 05-01186(RCL)
                                      ) Next Event: Trial
JOHN B. MANN, et al.                  ) 07/28/2008
                                      )
     Defendants/Counter-Plaintiffs.   )
```

**PLAINTIFF'S MOTION TO PARTIALLY QUASH SUBPOENAS**

Comes now plaintiff, Ellipso, Inc., by and through its undersigned counsel, and pursuant to this Court's Order dated July 7, 2008 and FRCP 45(c), respectfully requests that this Court modify the subpoena issued by defendants John Mann and Mann Technologies to plaintiff and to UBS Financial Services, Inc., which seeks documents related to the financial and other affairs of Ellipso, Inc., and any of its subsidiaries between November 1, 2003 and June 30, 2005, on the grounds that the requested information is irrelevant and immaterial to this proceeding; requests privileged documents; and, that the request to plaintiff is unduly burdensome.

Respectfully submitted,

```
      /s/
```
Vanessa Carpenter Lourie, #250068
4400 MacArthur Boulevard, N.W.
Suite 205
Washington, D.C. 20007-2521
(202) 342-8000 (Office)
(202) 342-9000 (Facsimile)
vlourie@carpenterlourie.com

```
      /s/
```
Linda Awkard, #38748
4201 Cathedral Avenue, N.W.
Suite 1416 W
Washington, D.C. 20016
(202) 237-1535 (Telephone)
(202) 237-1204 (Facsimile)
lawkard@earthlink.net (e-mail)

Counsel for Plaintiff

## CERTIFICATE OF GOOD FAITH

I hereby certify that prior to the filing of the instant Motion to Partially Quash Subpoenas, I attempted to secure the consent of counsel John Mann and Mann Technologies. Counsel did not respond to the voice mail message left for him.

```
      /s/
```
Vanessa Carpenter Lourie, Esquire

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of Plaintiff's Motion to Partially Quash Subpoena was served this July 14, 2008 on:

>Christopher Hoge, Esquire
>Crowley, Hoge & Fein, P.C.
>1719 Rhode Island Avenue, N.W.
>Suite 700
>Washington, D.C. 20036-3125

by electronic delivery by CM/ECF and on:

>Robert B. Patterson
>PO Box 3106
>Reston, Virginia 20195

by first class mail, postage prepaid.

                      /s/
                Vanessa Carpenter Lourie

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC.                          )
                                       )
    Plaintiff/Counter-Defendant,   )
                                       )
                 v.                 ) CA No.: 05-01186(RCL)
                                       ) Next Event: Trial
JOHN B. MANN, et al.                   ) 7/8/08
                                       )
    Defendants/Counter-Plaintiffs.)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION TO PARTIALLY QUASH SUBPOENAS**

**I.  BACKGROUND**

Defendant, Robert B. Patterson (hereinafter "Patterson"), a business consultant for Ellipso since October 2002, was hired to identify debt and/or investor financing on favorable rates and terms and to protect Ellipso's intellectual property and assets. As Ellipso's business consultant, Patterson was intimately familiar with plaintiff's operations and its financial condition.

In December 2003 Patterson negotiated a loan agreement with Mann Technologies, Inc. (hereinafter "Mann Tech"), which provided Ellipso a loan of $90,000 which was secured by over 492,000 shares of publicly traded ICO Global Communications Ltd. stock (hereinafter "ICOHA Shares"). Patterson presented the loan as Ellipso's only realistic option given its precarious financial state. Relying on the

advice of Patterson, Ellipso's financial consultant, Ellipso executed the loan documents in January 2004.

Patterson introduced Ellipso to Mann Tech and its other owner, John Mann, (hereinafter "Mann") and conducted much of the negotiations with Mann Tech and Mann on behalf of Ellipso. Unbeknownst to plaintiff, John Mann and Patterson were business partners. John Mann and Patterson incorporated Mann Tech on February 25, 2004, a month after they had entered the collateralized loan agreement with Ellipso on January 30, 2004.

At the time of the loan transaction, the ICOHA Shares were Ellipso's sole asset of any significant value. The loan documents also provided that a default allowed Mann Tech to take control of the collateral. Although the loan documents only required Ellipso to pledge its ICOHA Shares as collateral, Patterson later advised Ellipso that the loan documents required that title and possession to the ICOHA shares be transferred to, and placed in the sole name of Mann Tech.

As a consequence, on or about August 12, 2004, the ICOHA shares were deposited into Mann Tech's account at UBS Financial Services in Washington, D.C. As a result, Ellipso lost all ownership and control of its major asset, and Mann Tech obtained full title and control of the ICOHA shares,

most of which it liquidated with no notice to the plaintiff.  Upon the sale of the stock, defendants collected $513,516 from the sale of 455,000 shares in less than a year, and retained 37,611 shares valued at approximately $124,116 all out of a $90,000 loan, more than six (6) times the initial loan amount, or an annual return of over eight hundred percent (800%).

On or about June 24, 2008 defendants issued a trial subpoena to a non-party, UBS Financial Services, Inc., a copy of which is attached. The UBS subpoena requested all financial records of plaintiff and plaintiff's affiliates. On July 7, 2008, Mann Tech issued a trial subpoena to plaintiff seeking the following information:

1. All laptop computers used in connection with Ellipso, Inc.'s business between November 1, 2004 and June 30th, 2005.

2. All electronic communications in electric form, including but not limited to e-mails and attachments to e-mails, between any officer, director, shareholder, employee and/or agent of Ellipso, Inc., and John B. Mann, Robert Patterson or any officer, director, shareholder, employee and or/ agent of Mann Tech, Inc. between November 1, 2003 and June 30, 2005.

3. All financial statements, audited, prepared by or on behalf of Ellipso, Inc. and any of its subsidiaries including but not limited to MCHI, between November 1, 2003 and June 30, 2005.

4. All documents evidencing or reflecting loan application prepared by or on behalf of Ellipso. Inc. and any of its subsidiaries, including nit limited to MCHI, between November 1, 2003 and June 30, 2005.

5. All income tax returns. Including federal and local, prepared by or on behalf of Ellipso, Inc. and any of its subsidiaries including but limited to MCHI, between November 1, 2003 and June 30,th 2005.

6. All documents evidencing or reflecting liabilities of Ellipso, Inc. between November 1, 2004 and June 30, 2005.

7. All documents evidencing or reflection defaults on liabilities of Ellipso, Inc. between November 1, 2003 and June 30, 2005.

8. All minutes of Board of Directors meetings of Ellipso, Inc. between November 1, 2003 and June 30, 2005.

The subpoenas seek confidential financial information and other records from plaintiff, and also from its affiliates, which are neither parties to the instant dispute, nor involved in any way with the claims asserted in Ellipso's Complaint or the defendants' Counterclaim. The financial records of Ellipso and its affiliates which have been subpoenaed are not relevant to any issue raised by the parties. For these reasons, the subpoenas directed to plaintiff and UBS should be modified and defendants prohibited from obtaining any documents related to the finances of Ellipso, Inc., or and any of its affiliates.

**II.  ARGUMENT**

With respect to each of the requests, plaintiff objects as follows:

    **A.  <u>All Laptop Computers Used in Connection With Ellipso, Inc and All Electronic Communications in Electric Form.</u>**

The laptop computer and electronic communications in electric form would allow Mann Tech access to Ellipso's confidential and proprietary information, including the identity of its business associates and customers, the history of its financial transactions,

5

and any other confidential information as to its business operations.

The defendants have equal access to all electronic correspondence among Ellipso and the defendants, and should not place the burden on Ellipso to produce such communications. Since the probative value of the requested information is outweighed by the resulting prejudice to Ellipso, Mann Tech's subpoena for laptop computers and electronic communications in electronic form should be quashed.

    **B.** **All Financial Statements, All Documents Evidencing or Reflecting Loan Applications, All Income Tax Returns, All Documents Evidencing or Reflecting Liabilities and All Documents Reflecting Defaults on Liabilities With Respect to Ellipso and MCHI.**

Mann Tech has not alleged, nor can it, that Ellipso misrepresented its financial condition in order to secure a loan from Mann Tech, especially since Patterson, an owner of Mann Tech, had full knowledge of Ellipso's financial status in the months leading up to execution of the Loan Agreement. Since Ellipso is not accused of inflating its financial condition as part of its efforts to secure a loan from Mann Tech, Ellipso's financial situation prior to,

during, and following execution of the Loan Agreement has no relevancy to this litigation, and compliance with the subpoenas would result in the disclosure of confidential and protected information.

### C. All Minutes of Board of Directors Meetings.

Production of the minutes of Ellipso's board of director meetings, unrelated to the transactions in this litigation, would result in the disclosure of private, privileged corporate communications which are entirely irrelevant to this litigation.

### III. CONCLUSION

Mann Tech's issuance of these trial subpoenas for documents which were already the subject of a protective order and order to quash is intended merely to harass and unnecessarily burden Ellipso.[1] Plaintiff requests that this Court modify the subpoenas accordingly, so that Ellipso can spend its time properly preparing for trial rather than gathering documents that will be irrelevant and not otherwise admissible.

                Respectfully Submitted,

                /s/
                Vanessa Carpenter Lourie, Esquire

---

[1] Document No. 121; Document No. 105.

7

Case 1:05-cv-01186-RCL    Document 185    Filed 07/14/2008    Page 11 of 11