IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC.                        )
                                     )
    Plaintiff/Counter-Defendant,     )
                                     )
        v.                           )  CA No.: 05-01186(RCL)
                                     )
JOHN B. MANN, et al.                 )
                                     )
    Defendants/Counter-Plaintiffs.   )

### MOTION IN LIMINE OF DEFENDANT ROBERT PATTERSON

Comes Now Defendant, Robert Patterson, ("Patterson") and files this Motion In Limine to exclude the introduction of any evidence pertaining to the following:

1. Plaintiff's asserted lack of knowledge of Patterson's interest in Defendant Mann Technologies, LLC, ("MannTech"), based on any statements or conduct outside of the written contract between MannTech and Plaintiff Ellipso, Inc. ("Ellipso"), in that the written contract precludes any claims based on any representations not specifically included in the written contract.

2. Plaintiff's asserted lack of knowledge of Patterson's interest in MannTech from and after June 2004, in that this Court has previously found that Plaintiff Ellipso knew of Patterson's interest in MannTech at least as of June 2004.

3. Evidence pertaining to the disposition and/or value of the ICOHA shares after termination of the loan agreement in October 2004 due to Ellipso's breach of the loan agreement with MannTech by failure to repay the loan.

This Motion is based on the entire record herein and the Memorandum of Points and Authorities filed in support thereof.



Defendant Patterson respectfully moves this Court to enter orders precluding the introduction of evidence pertaining to the matters set forth above.

Respectfully submitted,

Robert Patterson, pro se
571-278-7076
P.O. 3106
Reston, VA 20195

## CERTIFICATE OF SERVICE.

I certify that a true and correct copy of the forgoing was mailed, fist class postage paid, this 14th day of July, 2008, to:

Vanessa Carpenter Lourie, Esq.
4400 MacArthur Blvd., N.W.
Suite #205
Washington, D.C. 20007-2521

Christopher Hoge, Esq.
1717 Rhode Island Ave., N.W.
Seventh Floor
Washington, D.C. 20036

Robert Patterson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
ELLIPSO, INC.                         )
                                      )
    Plaintiff/Counter-Defendant,      )
                                      )
    v.                                )   CA No.: 05-01186(RCL)
                                      )
JOHN B. MANN, et al.                  )
                                      )
    Defendants/Counter-Plaintiffs.    )
```

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF
## DEFENDANT, ROBERT PATTERSON'S
## MOTION IN LIMINE

Comes now Defendant, Robert Patterson ("Patterson") and submits this Memorandum of Points and Authorities in support of his Motion in Limine to preclude the introduction of any evidence pertaining to the following, each of which is addressed in turn below:

1. Plaintiff's asserted lack of knowledge of Patterson's interest in Defendant Mann Technologies, LLC, ("MannTech"), based on any statements or conduct outside of the written contract between MannTech and Plaintiff Ellipso, Inc. ("Ellipso"), in that the written contract precludes any claims based on any representations not specifically included in the written contract.

2. Plaintiff's asserted lack of knowledge of Patterson's interest in MannTech from and after June 2004, in that this Court has previously found that Plaintiff Ellipso knew of Patterson's interest in MannTech at least as of June 2004.

3. Evidence pertaining to the disposition and/or value of the ICOHA shares after termination of the loan agreement in October 2004 due to Ellipso's breach of the loan agreement with MannTech by failure to repay the loan.

1. This Court should preclude evidence of Plaintiff's asserted lack of knowledge of Patterson's interest in Defendant Mann Technologies, LLC, ("MannTech"), based on any statements or conduct outside of the written contract between MannTech and Plaintiff Ellipso, Inc. ("Ellipso"), in that the written contract precludes any claims based on any representations not specifically included in the written contract.

Plaintiff, Ellipso, Inc.'s claims for relief here are based on the sole assertion that Defendants, Patterson and John Mann, defrauded Ellipso by not disclosing to Ellipso that Patterson had an ownership interest in MannTech, LLC, the entity that entered in to a Stock Margin Loan Agreement ("Loan Agreement") with Ellipso on January 30, 2004, and amended and reaffirmed by the parties on August 2, 2004. The January 30, 2004, Loan Agreement provides,

> " 8.7. Entire Agreement: This Loan Agreement and other Loan Documents contain the entire agreement between the parties hereto and may be amended only by an instrument in writing signed by the parties hereto."

The August 2 2004, Amendment provides,

> " 7) As of October 1st, 2004, all shares not sold shall be subject to the terms of the original January 16 (sic), 2004 Loan Agreement."

The law in the District of Columbia is clear, a fully integrated contract precludes introduction of extraneous representations made outside the four corners of the written agreement. (*Hercules & Co. v. Sharma Rest. Corp., 613 A.2nd 916 (D.C. 1992).*

The January 30, 2004, Loan Agreement contains no representations concerning the ownership of MannTech, as indeed it could not as MannTech was not incorporated until February 2004. Moreover, Ellipso has been forced in this proceeding to admit that Ellipso was aware of Patterson's interest in MannTech, at least as of June 2004. Thereafter, Ellipso reaffirmed the Loan Agreement on August 2, 2004, with knowledge of Patterson's interest in MannTech. Having reaffirmed the Loan Agreement with knowledge of Patterson's interest in MannTech, Plaintiff Ellipso should not be permitted

to confuse the jury by continuing to assert that it entered the Loan Agreement without knowledge of the ownership of MannTech.

2. Evidence of Plaintiff's asserted lack of knowledge of Patterson's interest in MannTech from and after June 2004, should be precluded, in that this Court has previously found that Plaintiff Ellipso knew of Patterson's interest in MannTech at least as of June 2004.

This is a corollary to the statement set forth above. Plaintiff Ellipso continues to assert that it executed the August 2, 2004 Amended Agreement to the Loan Agreement without knowledge of Patterson's interest in MannTech. Based upon Ellipso's own emails, this Court has stated.

"When the Court of Appeals considered Mann's challenge to this Court's November 2, 2005, preliminary injunction, Mann relied on an October 20, 2004 email from Mr. Castiel to Mr. Patterson, which purportedly showed Ellipso's knowledge of Mr. Patterson's dual role as early as June 2004. However, the Court of Appeals found that the email in question could reasonably have been interpreted to mean that Ellipso found out at some later date—as late as October 20, 2004—that Mr. Patterson had been a principal in Mann Tech since June 2004.
Now, Mann points to a different email dated November 16, 2004 from Mr. Castiel to Mr. Patterson and argues that it proves Ellipso's knowledge of Mr. Patterson"s dual roles prior to the actions that allegedly affirmed the loan agreement. (See Email from Castiel to Patteron (Nov. 16, 2004, Ex. 21 to Mot. For Summ.J.) In this email, Mr. Castiel states: "In particular I never knew until May-June 2004 that you were the 50% owner of Mann Tech and you had a stake in the upside of the [ICOHA] stock." The Court finds that the only reasonable interpretation of this statement, unlike the content of the October 20, 2004 email, is that Ellipso had knowledge of Mr. Patterson's stake in Mann Tech no later than June 2004. Thus the Court next considers whether Ellipso continued to perform on the contract after June 2004." [The Court found that Ellipso continued to perform and reaffirmed the Loan Agreement] Memorandum Opinion, April 1, 2008.

Having found that the only reasonable interpretation of the evidence is that Ellipso knew of Patterson's interest in MannTech at least as early as June 2004, this Court should not permit Ellipso to confuse the jury by continuing to assert that it lacked knowledge of Patterson's interest from and after June 2004.

3. This Court should preclude evidence pertaining to the disposition and/or value of the ICOHA shares after termination of the loan agreement in October 2004 due to Ellipso's breach of the loan agreement with MannTech by failure to repay the loan.

Ellipso admits that it failed to make the loan payment due on October 15, 2004, thereby breaching the Loan Agreement. The loan made by MannTech to Ellipso was a non-recourse loan – Ellipso could forfeit the ICOHA shares securing the loan and walk away, keeping MannTech's $100,000.00 in loans. In October 2004, the ICOHA shares were trading below ten cents per share and had no market value. Ellipso elected to walk away and forfeit the ICOHA shares in October 2004. The Loan Agreement was over.

The ultimate disposition of the ICOHA shares forfeited by Ellipso to MannTech, has no relevance to any issue in this matter. The contract was over, and MannTech was free to dispose of the ICOHA shares as it saw fit. It is immaterial here whether MannTech sold the shares for one cent, or gave them to charity, or traded them for magic beans. The Loan Agreement ended in October 2004, when Ellipso opted to forego repayment of the loan from MannTech. Whether or not MannTech was able to recover on its collateral is of no consequence here. Ellipso is attempting to assert some sort of post contract claim for damages based on MannTech's subsequent disposition of the ICOHA shares. Apparently Ellipso wants damages assessed as of the date of the sale of each individual share of ICOHA stock [which must include future sales of the shares still held by MannTech]. Ellipso cites no authority for such a claim. In short, Ellipso availed itself of the benefits of the non-recourse contract in October 2004, and must now lie in the bed it made. Damages, if any, to Ellipso must be assessed as of the date Ellipso breached the contract by deciding to forgo the loan repayment. [n.b. At that point Ellipso had full knowledge of Patterson's ownership interest in MannTech.]

This Court should not permit Ellipso to confuse the jury by the introduction of post contract matters which are irrelevant.

## REQUESTED RELIEF

Defendant Patterson moves this Court to enter orders precluding the evidence as set forth herein, and to grant such other relief as may be just and proper.

Respectfully submitted,

Robert Patterson, pro se
571-278-7076
P.O. 3106
Reston, VA 20195