UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELLIPSO, INC., | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counter-Defendant | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1186 (RCL) |
| | ) | |
| JOHN B. MANN, *et al.*, | ) | |
| | ) | |
| Defendants and | ) | |
| Counter-Plaintiffs | ) | |

## **MOTION TO QUASH**

Come now John B. Mann and Mann Technologies, LLC, Defendants and Counter-Plaintiffs herein (collectively the "Mann Defendants"), by their undersigned counsel, and respectfully move this Court to quash that portion of the subpoena served on John B. Mann on July 16, 2008, which seeks production of electronic communications between "John Mann and/or Robert Patterson and any officer and/or agent of Coastal, Dolphin Bay and their affiliates or partners, between November 1, 2003 and June 30, 2005".

As grounds for this motion, the Mann Defendants state as follows:

Under this Court's Pretrial Order dated July 7, 2008, it was ordered *inter alia* that "any motion to quash shall be filed within 7 days of service of the subpoena at issue; ...".

On July 16, 2008, undersigned counsel was served with the subpoena attached hereto as Ex. 1. The subpoena seeks production of nine categories of material, including laptop computers, documents and electronic communications. The only portion which the Mann Defendants object to is that portion of category no. 2 which seeks production of electronic communications between "John Mann and/or Robert Patterson and any officer and/or agent of

Coastal, Dolphin Bay and their affiliates or partners, between November 1, 2003 and June 30,

2005".   Even though Ellipso has itself filed a motion to quash a subpoena seeking production of

its laptop computer and other documents, the Mann Defendants will voluntarily produce all

documents and electronic communications which they possess other than those relating to

Coastal and Dolphin Bay.  Mann has no laptop computers "used in connection with Man Tech's,

Mann Enterprises or John Mann's business between November 1, 2003 and June 30, 2005", and

there are other categories of documents in the subpoena, such as Mann Tech income tax returns,

which have never existed.

     The reason the Mann Defendants do not think they should be required to produce

materials related to Coastal and Dolphin Bay is that they could not possibly have any relevance

to the dispute going to trial.  As this Court may recall from the several pleadings relating to

Plaintiff/Counter-Defendant's Motion for Order to Show Cause Why Defendants Should Not Be

Held in Contempt of Court (Document No. 156, filed 12/28/07), Ellipso contended that the Mann

Defendants were in violation of this Court's Order dated November 14, 2005, requiring a report

on the sale of ICOHA stock and the disposition of the proceeds.   Ellipso alluded to a convertible

loan by Mann Tech to a company called Dolphin Bay Capital, Inc. ("Dolphin") in December of

2004, which was converted into an investment in shares of a company called Coastal Services

Group, Inc. ("Coastal") in 2005.  The gist of Ellipso's argument was that the Mann Defendants

ought to have included those transactions in their November, 2005 report, since likely it was

proceeds from the sale of ICOHA stock which were used to invest in Dolphin/Coastal.

     In its April 1, 2008 Order granting in part and denying in part the Mann Defendants'

Motion for Summary Judgment, this Court denied Ellipso's motion to show cause, but did

require the Mann Defendants to file an updated report indicating, *inter alia*, whether any ICOHA proceeds were transferred to locations (not restricted to financial, banking or like institutions) other than the previously disclosed UBS bank account.  On April 10, 2008, the Mann Defendants did in fact file the updated report disclosing the details of the Dolphin/Coastal transaction. According to the report, the first activity in relation to Dolphin/Coastal occurred on December 20, 2004, when "John Mann wrote a personal check to Robert Patterson in the amount of $25,000 for a loan, convertible into 399,900 shares of Coastal stock, ...".

Ellipso thereupon filed a lengthy response to the updated report (Document 172, filed 4/25/08), and the Mann Defendants filed their reply to that response on May 2, 2008 (Document 174).  No action has been taken by the Court in connection with the updated report.

Ellipso now seeks documents related to the Dolphin/Coastal transactions for use at trial. However, the only issues before the Court for trial are whether the Mann Defendants and Patterson defrauded Ellipso into entering into the Collateralized Loan Agreement of January 30, 2004, and, if so, what damages flowed from such fraud.[1]    The last activity relevant to those claims occurred in October of 2004, when the Mann Defendants declared Ellipso to be in default of the Loan Agreement and took possession of the collateral.

Even if some or all of the money which John Mann loaned to Dolphin/Coastal two months later was derived from the sale of ICOHA stock, what he did with the money after liquidating the stock has no bearing on any issue before this Court.  At most it has a bearing on whether the Mann Defendants violated the November 14, 2005 Order, which is not an issue to be decided at the upcoming trial.

---

[1]The other remaining counts in the Complaint are all derivative of the fraud claim.

WHEREFORE, for the foregoing reasons, the Mann Defendants respectfully request this Court to quash that portion of the subpoena served on John B. Mann on July 16, 2008, which seeks production of electronic communications between "John Mann and/or Robert Patterson and any officer and/or agent of Coastal, Dolphin Bay and their affiliates or partners, between November 1, 2003 and June 30, 2005".

Respectfully submitted,

/s/ Christopher G. Hoge
Christopher G. Hoge #203257
Counsel for Defendants/Counter-Plaintiffs
John B. Mann and Mann Technologies, LLC

CROWLEY, HOGE & FEIN, P.C.
1710 Rhode Island Avenue, N.W.
7th Floor
Washington, D.C.  20036
(202) 483-2900

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true copies of the foregoing Motion were, this 23rd day of July, 2008, served electronically upon:

VANESSA CARPENTER LOURIE, ESQ.
4400 MacArthur Blvd., N.W.
Suite #205
Washington, D.C.  20007-2521
Co-Counsel for Plaintiff/Counter-Defendant

and via first class mail, postage prepaid, upon:

LINDA AWKARD, ESQ.
4201 Cathedral Ave., N.W.
Suite #1416W
Washington, D.C. 20016
Co-Counsel for Plaintiff/Counter-Defendant

ROBERT B. PATTERSON
P.O. Box 3106
Reston, VA 20195
Defendant/Counter-Plaintiff *Pro Se*

/s/ Christopher G. Hoge
Christopher G. Hoge

cgh/z/wpdirs/civil
mannquashmtn.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELLIPSO, INC., | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counter-Defendant | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1186 (RCL) |
| | ) | |
| JOHN B. MANN, *et al.*, | ) | |
| | ) | |
| Defendants and | ) | |
| Counter-Plaintiffs | ) | |

## **ORDER**

UPON CONSIDERATION of the Motion to Quash Subpoena filed by Defendants/Counter-Plaintiffs, John B. Mann and Mann Technologies, LLC, and of the Plaintiffs' memorandum in opposition thereto, and for good cause shown, it is by the Court, this _____ day of _____, 2008, hereby

ORDERED, that the Motion be, and it is hereby, GRANTED; and it is further

ORDERED, that the portion of the subpoena served on John B. Mann on July 16, 2008, which seeks production of electronic communications between "John Mann and/or Robert Patterson and any officer and/or agent of Coastal, Dolphin Bay and their affiliates or partners, between November 1, 2003 and June 30, 2005" be, and it is hereby, quashed.

CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies:

VANESSA CARPENTER LOURIE, ESQ.
4400 MacArthur Blvd., N.W.
Suite #205
Washington, D.C.  20007-2521
vlourie@carpenterlourie.com

LINDA AWKARD, ESQ.
4201 Cathedral Ave., N.W.
Suite #1416W
Washington, D.C.  20016
lawkard@earthlink.net

CHRISTOPHER G. HOGE, ESQ.
CROWLEY, HOGE & FEIN, P.C.
1710 Rhode Island Avenue, N.W.
7th Floor
Washington, D.C.  20036
chfcgh@aol.com

ROBERT B. PATTERSON
P.O. Box 3106
Reston, VA 20195