UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC., )<br>)<br>    Plaintiff and )<br>    Counter-Defendant )<br>)<br>v. )<br>)<br>JOHN B. MANN, *et al.*, )<br>)<br>    Defendants and )<br>    Counter-Plaintiffs ) | Civil Action No. 05-1186 (RCL) |

**MANN DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO PARTIALLY QUASH SUBPOENAS**

Come now John B. Mann and Mann Technologies, LLC, Defendants and Counter-Plaintiffs herein (collectively the "Mann Defendants"), by their undersigned counsel, and respectfully submit this supplement to their previously filed Memorandum in Opposition to Motion to Partially Quash Subpoenas.

At the Pretrial Hearing held in this matter on July 24, 2008, the Court raised the question whether failure to request documents in the discovery process constitutes a waiver of the right to obtain such materials through a trial subpoena duces tecum. Since this issue had not been raised by Ellipso, the Court allowed the Mann Defendants twenty-four hours to submit a short brief addressing this question.

The answer is that, under some circumstances failure to execute discovery rights can constitute a waiver, but under the circumstances of this case, where discovery requests for the subpoenaed material were made and Ellipso clearly violated its discovery obligations, there is no waiver and the subpoena should be allowed to stand.

## I. <u>RELEVANT FACTS</u>

On March 29, 2007, Ellipso filed its response to the Mann Defendants' First Request for Production of Documents. Ex. 1. That document sets forth 49 categories of documents which had been requested by the Mann Defendants, including *inter alia*:

> 9. Copies of any data stored on CD, DVD, floppy disk, or other storage medium, or printed documents, relating to correspondence including email correspondence between Patterson and Castiel, or between Mann and Castiel, or between Ellipso and Mann, or between Ellipso and Patterson.
>
> 10. Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to the cash flow problem of Ellipso during the years 2002, 2003 and 2004.
>
> 11. Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to the potential legal claims faced by Ellipso....

Many other, similar requests for such materials are included in Ex. 1.

Subsequent thereto[1] Ellipso filed a response to the Mann Defendants' Second Request for Production of Documents. Ex. 2. That document sets forth 19 further categories of documents requested by the Mann Defendants, including *inter alia*:

> 60. Any and all backup tapes or other storage media, whether on-line or off-line, which may contain electronic data identified and requested herein, and refrain from overwriting or deleting information contained thereon.
>
> 61. All electronic versions, whether original or draft, of all contracts by and between the parties to this action.
>
> 62. Electronic data including calendars, diaries, schedules and/or planners that relate or refer to John B. Mann, Robert Patterson, Mann Technologies, LLC, David Castiel, Juan

---

[1] The Mann Defendants do not know the date because Ex. 2 is undated and they have no records indicating the date it was created.

Tomassoni, TRSC, the 881 telephone service, or the Registry.

In response to these requests, Ellipso produced some documents but claimed that certain categories, such as the calendar and diary information, did not exist.

These matters were addressed in correspondence between Ellipso's prior counsel, Matthew Goodman, and the Mann Defendants' prior lawyer, Thomas Mauro. Ex. 3 and 4. Ex. 4, a letter from Mr. Mauro dated March 2, 2007, reflects certain agreements between the parties about discovery issues, including the subpoena to UBS and the need for a Protective Order before UBS statements could be released. It is this agreement which the Mann Defendants believe was violated by Ellipso when it obtained Mann Tech's UBS statements by subpoena when no Protective Order was in place.

Ellipso has always taken the position that both its laptop and its desktop computers had crashed and that it had lost all electronic data predating June 2004. However, among the trial exhibits Ellipso seeks to introduce are Plaintiff's Ex. 20 and 21, attached hereto as Ex. 5 and 6. These documents, which were never produced in discovery (as evidenced by the lack of Bate numbers), have computer screen captions indicating that they were taken from an Ellipso computer and contain documents from 2003, well before the alleged "crashes". Ex. 5 (Plaintiff's Ex. 20) has a caption indicating that it came from a computer on June 23, 2008, and indicates a modification as of December 3, 2003. Ex. 6 (Plaintiff's Ex. 21) has a caption indicating the presence of documents from 2003 and 2004. Thus, based on these two documents just recently produced by Ellipso, the Mann Defendants have great reason to be skeptical of the crash assertions.

Regarding documents created after June, 2004, Ex. 7 contains examples of e-mails from

the highly relevant period of September - December, 2004.  The first five were produced in discovery by Ellipso, as evidenced by the Bate numbers beginning with "P".  The remaining were produced by Patterson and the Mann Defendants.  All of them indicate the traffic of e-mails during that period.  However, the two e-mails which this Court found particularly significant, and on which summary judgment was predicated, dated October 20 and November 16, 2004, were *never produced by Ellipso*.

It is clear that Ellipso has played "fast and loose" with its discovery obligations, despite repeated efforts by the Mann Defendants to get this information.

## II.  ARGUMENT

In their treatise on federal practice and procedure, Wright and Miller write that "... a subpoena duces tecum directed to a party, if challenged, could be enforced only if the party who had it issued was able to make the same showing of good cause that he or she would have had to make on a motion under Rule 34." 9A Wright & Miller, Federal Practice & Procedure, Section 2452 (West 2008) (citations omitted).

Here, based on the foregoing circumstances, the Mann Defendants would have been entitled to an Order compelling discovery had they filed a motion under Rule 34.  Since the same standard applies to enforcement of a subpoena duces tecum as to the grant or denial of a motion to compel under Rule 34, the subpoena ought to be enforced.  Ellipso ought not to benefit from its recalcitrance, some of which was not discovered by the Mann Defendants until the exchange of exhibits for trial.

## CONCLUSION

Because Ellipso has failed to provide discovery despite the good faith efforts of the Mann Defendants, the subpoena duces tecum served on it by the Mann Defendants should be allowed and the motion to partially quash it should be denied.

Respectfully submitted,

/s/ Christopher G. Hoge
Christopher G. Hoge #203257
Counsel for Defendants/Counter-Plaintiffs
 John B. Mann and Mann Technologies, LLC

CROWLEY, HOGE & FEIN, P.C.
1710 Rhode Island Avenue, N.W.
7th Floor
Washington, D.C.  20036
(202) 483-2900

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true copies of the foregoing Supplemental Opposition were, this 25th day of July, 2008, served electronically upon:

VANESSA CARPENTER LOURIE, ESQ.
4400 MacArthur Blvd., N.W.
Suite #205
Washington, D.C.  20007-2521
Co-Counsel for Plaintiff/Counter-Defendant

and via first class mail, postage prepaid, upon:

LINDA AWKARD, ESQ.
4201 Cathedral Ave., N.W.
Suite #1416W
Washington, D.C. 20016
Co-Counsel for Plaintiff/Counter-Defendant

        ROBERT B. PATTERSON
        P.O. Box 3106
        Reston, VA 20195
        Defendant/Counter-Plaintiff *Pro Se*

        /s/ Christopher G. Hoge
        Christopher G. Hoge

cgh/z/wpdirs/civil
mannsuppquashopp .wpd