IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ELLIPSO, INC.** | ) | |
| | ) | |
| **Plaintiff and Counterclaim Defendant** | ) | |
| | ) | |
| v. | ) | Case No. 05cv01186 (RCL) |
| | ) | |
| **JOHN B. MANN, et al.** | ) | Judge: Royce C. Lamberth |
| | ) | |
| **Defendants and Counterclaim Plaintiffs** | ) | |

## PLAINTIFF ELLIPSO, INC'S OBJECTIONS AND ANSWERS TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 33 of the U.S. District Court for the District of Columbia Rules of Civil Procedure, Plaintiff Ellipso, Inc., through undersigned counsel, hereby submits the following responses to Defendant's Interrogatories and states as follows:

### GENERAL OBJECTIONS

a.    Ellipso, Inc. objects to the Requests to the extent they call for disclosure of confidential information or documents protected by the attorney-client, work product, or other privilege or protection.

b.    Ellipso, Inc. objects to the Requests to the extent they call for disclosure of information prepared or obtained in anticipation of litigation and/or trial preparation material without the showing required under the rules of this Court.

1

EXHIBIT

1

c.    Ellipso, Inc. objects to the Requests to the extent they call for disclosure of information not relevant to the issues raised in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence.

d.    Ellipso, Inc. objects to the Requests to the extent they are vague, overly broad, unduly burdensome and oppressive as to render it impossible to respond in any reasonable manner or amount of time.

e.    Ellipso, Inc. objects to the Requests to the extent they seek information or documents originating from persons other than himself, or that are generally available and in the public domain, and information or documents that are not in the custody, possession, or control of Ellipso, Inc..

f.    Ellipso, Inc. objects to the Requests to the extent they seek to extend the obligations or responsibilities of Ellipso, Inc. beyond those mandated by the U.S. District Court for the District of Columbia Rules of Civil Procedure.

g.    Ellipso, Inc. objects to all definitions and instructions by Defendant which are in addition to or in contravention of the U.S. District Court for the District of Columbia Rules of Civil Procedure.

h.    Ellipso, Inc. will not provide information which does not involve the subject matter of the pending action, is irrelevant, exceeds the scope of permissible discovery, is confidential in nature, is not reasonably calculated to lead to the discovery of admissible evidence or for which responding would be oppressive or overly burdensome.

i.    Ellipso, Inc. will not provide information which: (i) reflects communications between Ellipso, Inc. and his attorneys; (ii) has been prepared in anticipation of litigation or trial; and/or (iii) is otherwise work-product prepared by or at the direction of his attorneys.

2

j.    Ellipso, Inc. will not provide information where the burden of deriving,

ascertaining, or securing such information is substantially the same for Plaintiff as it is for

himself.

## **REQUESTS**

1.    Copies of any electronic data, including e-mail, correspondence, handwritten notes or

other documents between you and any other person or entity, indicating your knowledge that

Patterson had been disbarred or had been incarcerated in a federal prison.

RESPONSE:  None.

2.    Copies of any electronic data, including e-mail, correspondence, handwritten notes or

other documents between you and any other person or entity, containing any indication of your

reliance on the ability of Patterson to provide legal services, or instructing Patterson to provide

legal services.

RESPONSE:  Objection.  This request is vague and confusing.  However, without waiving such

objection, Plaintiff refers Defendants to Bates Nos. P0277-P0405.

3.    Copies of any electronic data, including e-mail, correspondence, handwritten notes or

other documents between you and any other person or entity, pertaining to lending institution or

entity identified by Patterson to Castiel or Ellipso.

RESPONSE:  Objection.  This request is overly broad, unbridled in time and scope and seeks

information which is irrelevant and immaterial to this proceeding.  However, without waiving

such objection, Plaintiff refers Defendants to Bates Nos. P00001-2, P00022, P00026, P0031-108,

P00226-00227, P00229, P00248. P00260, P00264, as well as e-mail and other correspondence

referencing the names John Mann or Mann Technology.

4.    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to Patterson's negotiations between Ellipso and The Registry Solutions Co.

RESPONSE: Objection. This request is overly broad, unbridled in time and scope and seeks information which is irrelevant and immaterial to this proceeding.    Following a discovery meeting held on January 29, 2007 at the undersigned's offices, this request was limited to any documents pertaining to Patterson's role or interest in TRSC.  Plaintiff refers Defendants to Bates Nos. P00172  ADD OCTOBER 20 EMAIL FROM DAVID TO PATTERSON.

5.    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to Patterson's negotiations between Ellipso and Ineva, Inc., and between Ellipso and ISP.NET, LLC.

RESPONSE: Objection. This request is overly broad, unbridled in time and scope and seeks information which is irrelevant and immaterial to this proceed.

6.    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to representations by Patterson that he (Patterson) had considerable experience in the telecommunications industry and had numerous investor and financial contacts in the industry.

RESPONSE:  None.

7.    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to the Consulting Agreement executed by Ellipso and Patterson.

RESPONSE:  Objection. This request seeks information irrelevant and immaterial to the dispute between these parties.  Additionally, this request is overly broad and unbridled in time and scope.

4

However, without waiving such objection, Plaintiff refers the Defendants to Bates Nos. P00115-P00152, P00154, P00156-00167, P00169-P00171, P00216-00223, and P00226-228.

8.    The hard drives of any computer or computers owned by Castiel or Ellipso, from the time 2002 to the present, the time in 2002 beginning at the introduction of Castiel and Patterson.

RESPONSE: Objection.    This request is overly broad, unduly burdensome and seeks information which is irrelevant and immaterial to this proceeding, as well as proprietary in nature.    Furthermore, this Request would require the production of items protected by the attorney-client privilege.  Without waiving such objection, the parties have agreed to certify that all computers have been searched for responsive documents in lieu of producing the computers themselves.

9.    Copies of any data stored on CD, DVD, floppy disk, or other portable storage medium, or printed documents, relating to correspondence including email correspondence between Patterson and Castiel, or between Mann and Castiel, or between Ellipso and Mann, or between Ellipso and Patterson.

RESPONSE: Objection. This request is overly broad, unbridled in time and scope.  Without waiving such objection, Ellipso is unaware of any CD, DVD or other portable storage medium that contain information not already contained on its computers and produced to Defendants.

10.    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to the cash flow problems of Ellipso during the years 2002, 2003 and 2004.

RESPONSE: Plaintiff objects to this request to the extent that it seeks financial information following execution of the August 1, 2004 Amendment to the Collateral Loan Agreement. However, without waiving such objection, Plaintiff will produce year-end 2002 and 2003 and

third-quarter 2004 financial statements, with a "Confidential" designation upon entry of a protective order by the Court.

11.    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to the potential legal claims faced by Ellipso (which are referred to at numbered paragraph 14 of the Complaint).

RESPONSE: Objection.  This request is overly broad and unduly burdensome as there are thousands of documents relating to prior litigation which is irrelevant and immaterial to this proceeding.  This request would also seek the production of documents protected by the attorney -client and attorney work-product privileges.    Additionally, Plaintiff states that this documentation is already in the possession of Robert Patterson and Mann Technology.  Without waiving such objection, Plaintiff refers Defendants to Bates No. P00277 - P00349

12.    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to Patterson and Ellipso Private Holdings, LLC.

RESPONSE: Objection.  This request seeks information which is irrelevant and immaterial to this proceeding.   Following a discovery meeting held on January 29, 2007 at the undersigned's offices, the Defendants agreed to table this request.

13.    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to the meeting in late 2003 between Patterson, Ellipso, and Mann or Mann Tech, including the names of all persons in attendance.

RESPONSE: Objection.  This request is vague and incapable of a response as phrased. However, without waiving such objection, Plaintiff states no such documents are known to exist.

6

14.     Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to Patterson and Ellipso's joint efforts to obtain financing or money from Mann or Mann Tech.

RESPONSE: Objection. To the extent that Patterson breached his fiduciary duty to Ellipso by conspiring with Mann and Mann Tech, Plaintiff is unable to identify all efforts undertaken by him to obtain financing or funding from Mann or Mann Tech. However, without waiving such objection, Plaintiff states that all efforts to obtain financing or funding from Mann or Mann Tech were initiated by Patterson and that he would possess this information. Without waiving such objections, Plaintiff refers Defendants to Bates No. P00001-P00087, P00226-00227, P00229, P00241-00249, P00260.

15.     Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, between the years 2002 through 2004 pertaining to the estimated date at which the Registry Business would develop a stable income stream in the summer of 2004.

RESPONSE: Objection. This request seeks information which is irrelevant and immaterial to this proceeding. In addition, as Defendant was a member of the entity responsible for the creation of the Registry Business, this Defendant has greater access to the information requested. Following a discovery meeting held on January 29, 2007 at the undersigned's offices, this request was withdrawn.

16.     Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to the negotiations via telephone, facsimile, and e-mail exchanges, in which Patterson, Mann, and Castiel negotiated the

terms and conditions of the financing arrangement in which Mann Tech would loan Ellipso funds.

RESPONSE: Other than the Loan Agreements, amendments thereto and copies of drafts of these agreements, no other responsive documents have been identified at this time.

17.     Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to Patterson's role in advising, counseling or urging Ellipso and Castiel of the necessity of signing the documents referred to at number paragraph 20 of the Complaint.

RESPONSE: Other than the Loan Agreements, amendments thereto and copies of drafts of these agreements, Plaintiff refers Defendants to Bates Nos. P00115-P00142.

18.     Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to Patterson and the Pledge Agreement.

RESPONSE:   Other than the Pledge Agreement (P0040-P00048), none.

19.     Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to Patterson and the Amendment to Collateralized Loan Agreement.

RESPONSE:   Plaintiff refers Defendants to Bates Nos. P00226-P00227, P00229, P00236-P00249, P00260 –P00264.

20.     Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to the Memorandum of Agreement with Registry, and also pertaining to the three amendments to the Memorandum.

8

RESPONSE: Objection. This request seeks information irrelevant and immaterial to this proceeding. Following a discovery meeting held on January 29, 2007 at the undersigned's offices, this request was withdrawn.

21.    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to Ellipso's failure to meet several of the scheduled payments on the Memorandum or Amended Memorandum.

RESPONSE: Objection. Thos request is vague in that it fails to identify the Memorandum or Amended Memorandum referred to. To the extent that this request seeks information relating to TRSC, Plaintiff objects on relevancy and materiality grounds.

22.    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to the Asset Purchase Agreement with ISP.NET and Ineva, including a copy of the contract or contracts between Ellipso and ISP.NET or between Ineva and ISP .NET.

RESPONSE: Objection. This request seeks information irrelevant and immaterial to this proceeding. Without waiving such objection, Plaintiff will produce these documents, Bates No. 00723-00757, upon entry of the Consent Protective Order.

23.    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to the "accounting" provided to Ellipso by ISP.NET.

RESPONSE: Objection. This request seeks information irrelevant and immaterial to this proceeding. Without waiving such objection, Plaintiff will produce these documents, Bates No. 00758-00764, upon entry of the Consent Protective Order.

24.    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to communications by Patterson in connection with the Purchase Agreement referred to at numbered paragraph 35 of the Complaint.

RESPONSE: Objection.    This request seeks information irrelevant and immaterial to this proceeding.    However, without waiving such objection, Plaintiff will produce these documents, Bates No. 00723-00757, upon entry of the Consent Protective Order.

25.    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to the "financial and other advice" that the Lender allegedly gave to Ellipso, referred to at numbered paragraphs 45(c) and 46(b) of the Complaint.

RESPONSE: Other than Loan Agreement and subsequent amendments thereto, no such documents have been identified at this time.

26.    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to all meetings between Castiel and Mann, and between Castiel and Patterson and Mann.

RESPONSE:    Plaintiff refers Defendants to Bates Nos. P00193, P00207, P00209. P00218-P00221, P00234-00237, P00244, P00256-P00258, and P00266.

27.    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to promises by Ellipso or Castiel to Mann or to Mann Tech to induce Mann or Mann Tech to enter into a loan agreement with Ellipso.

RESPONSE:  None.

10

28.    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to financial records relating to payments, loans, or investments provided to Ellipso or to Castiel by Mann or by Mann Tech.

RESPONSE:  Objection.  This request is vague and confusing.  Also, the compound nature of the Request hinders a proper response.  Following a discovery meeting held on January 29, 2007 at the undersigned's offices, this request was tabled.

29.    A copy of the federal and state tax returns for Ellipso, Inc. for the years 2002 through 2006.

RESPONSE:  Plaintiff will provide copies of its tax returns for 2002, 2003 and 2004, with any necessary redactions.

30.    A copy of the federal and state tax returns for David Castiel for the years 2002 through 2006.

RESPONSE:  Objection.  This request seeks information which is irrelevant and immaterial to this proceeding.  It also exceeds the relevant time frame set forth in the various pleadings in this case.  David Castiel also asserts a privacy interest in these documents.

31.    A copy of the federal and state tax returns for the years 2002 through 2006 for any company or corporation wholly or partially owned by Ellipso, Inc.

RESPONSE:  Objection.  This request seeks information which is irrelevant and immaterial to this proceeding.  It also exceeds the relevant time frame set forth in the various pleadings in this case.  Plaintiff states that only Virtual Geo filed separate returns and this company's financial information is not relevant to this proceeding.

11

32.    A copy of the federal and state tax returns for the years 2002 through 2006 for any company or corporation wholly or partially owned by David Castiel.

RESPONSE: Objection. This request seeks information which is irrelevant and immaterial to this proceeding. It also exceeds the relevant time frame set forth in the various pleadings in this case.

33.    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to John Mann.

RESPONSE: Objection. This request is overly broad, unbridled in time and scope and seeks information which is irrelevant and immaterial to this proceeding. However, without waiving such objection, Plaintiff refers Defendants to Bates Nos. P00001-P00087, P00109-00113, P00172-P00227, P00230-P00248, P00254-P00260, P00264, and P00266-P00269.

34.    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to Mann Tech.

RESPONSE: Objection. This request is overly broad, unbridled in time and scope and seeks information which is irrelevant and immaterial to this proceeding. Without waiving such objection, Plaintiff refers Defendants to its response to #33 since John Mann was purportedly acting on behalf of Mann Technologies.

35.    Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to David Patterson.

RESPONSE: At a discovery meeting held on January 29, 2007 at the undersigned's offices, Defendants clarified this request as seeking documents pertaining to Robert Patterson. Plaintiff objects to this request as being overly broad and unduly burdensome in that it is unbridled in

time and scope, and seeks the production of documents relating to TRSC, other business ventures by Ellipso, and other topics which are not at issue in this case.

36.    Copies of employment agreements, invoices, receipts, of any consultants hired or otherwise employed by Ellipso, Inc. or by David Castiel, during the period 2002-2006.

RESPONSE:  Objection.  This Request is overly broad and seeks information which is irrelevant and immaterial to this proceeding.  Without waiving such objection, Plaintiff is attempting to locate copies of its consulting agreement with Juan Tomassoni and Jim Moreno for the years 2002-2004.

37.    Copies of employment agreements, invoices, and receipts, pertaining to Juan Tomassoni during the period 2002-2006 matter.

RESPONSE:  Objection.  This Request is overly broad and seeks information which is irrelevant and immaterial to this proceeding.    However, without waiving such objection, Plaintiff will produce copies of Juan Tomassoni's Employment Agreement and invoices still in Ellipso's possession.

38.    Copies of charts, diagrams, or other tangible items you intend to produce at trial of this matter.

RESPONSE:  None at this time.  Plaintiff will identify such tangible items in accordance with the court's scheduling order.

39.    Copies of any document which supports or refutes any allegation in the Complaint.

RESPONSE:  Following a discovery meeting held on January 29, 2007 at the undersigned's offices, this request was withdrawn.

40.    Copies of any email by David Castiel concerning the conviction, incarceration, or other legal problems of Robert Patterson.

13

RSPONSE:    None.

41.    A list of companies in which David Castiel held the position of officer and/or director from 1990 to the present.

RESPONSE: Following a discovery meeting held on January 29, 2007 at the undersigned's offices, this request was withdrawn

42.    All electronic data generated by, received by, containing any information about or otherwise relating to John Mann, Mann Tech, David Patterson, or Juan Tomassoni.

RESPONSE: Objection. This request is overly broad and seeks information that is irrelevant and immaterial to this proceeding.

42.    All electronic data generated by, received by, containing any information about or otherwise relating to the 881 Telephone Service or the Registry.

RESPONSE: Objection to the extent that this Request seeks information which is irrelevant and immaterial to this proceeding. This request is also overly broad and vague as phrased.

43.    Any and all backup tapes or other storage media, whether on-line or offline, which may contain electronic data identified and requested herein, and refrain from overwriting or deleting information contained thereon.

RESPONSE: Without waiving such objection, the parties have agreed to certify that all computers have been searched for responsive documents in lieu of producing the computers themselves.

44.    Electronic data including calendars, diaries, schedules and/or planners that relate or refer to John Mann, Mann Tech, David Patterson, Juan Tomassoni, the Registry, or the 881 Telephone Service.

14

RESPONSE:  Objection.  Plaintiff repleads and incorporates the objections by Defendant to this same request propounded by the Plaintiff. Without waiving such objection, following a discovery meeting held on January 29, 2007 at the undersigned's offices, Defendants narrowed the request as to applying only to calendars.  Plaintiff states that no such calendars exist.

45.     All electronic versions of any document requested herein.

RESPONSE:  The parties have agreed to certify that all computers have been searched for responsive documents in lieu of producing electronic versions of documents produced in hard copy.

46.     Copies of any electronic data, including e-mail, correspondence, handwritten notes or other documents between you and any other person or entity, pertaining to Sunburst.

RESPONSE:  Objection.  This request seeks information which is irrelevant and immaterial to this proceeding and unbridled in time and scope.  The requested documents were executed in March 2003 – over 9 months prior to Mann Tech's loan to Ellipso.  .Moreover, the requested documents are covered by a non-disclosure agreement with Sunburst.

47.     All electronic data generated by, received by, containing any information about or otherwise relating to Sunburst.

RESPONSE:  Objection.  This request seeks information which is irrelevant and immaterial to this proceeding and unbridled in time and scope.

48.     Copies of any checks, W2' s, 1099' s, or time records relating to Patterson.

RESPONSE:  Objection.  This request seeks information which is irrelevant and immaterial to this proceeding.    Plaintiff also states that since Patterson is a member of Mann Tech, this Defendant has equal or greater access to the requested information.  Without waiving such objection, Plaintiff is attempting to locate the 1099's for Patterson.  No time records exist.

15

49.    Copies of all complaints filed for and against Castiel and/or Ellipso, whether filed in a

court of law or filed in an administrative proceeding.

RESPONSE:  Objection.  This request is overly broad and seeks information which is irrelevant

and immaterial to this proceeding.    As any complaint filed against Ellipso, Plaintiff refers

Defendants to Bates Nos. P000277-338.

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**

_____\\s\_____
Matthew H. Goodman, #445404
1400 K Street, NW
Suite 1000
Washington, DC  20005
(202) 434-9109 (voice)

*Counsel for Ellipso, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on this 29th day of March 2007, the foregoing was served via regular,

first-class mail upon:

THOMAS MAURO, ESQ.
1020 19th Street, N.W., Suite 400
Washington, D.C. 20036
Counsel for Defendant John B. Mann and Mann Technologies

ROBERT B. PATTERSON, pro se
11775 Stratford House Place
#407
Reston, VA 20190

_____//s//_____
Matthew H. Goodman

16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC.                )
                              )
    **Plaintiff and Counterclaim**   )
    **Defendant**                 )
                              )
    **v.**                      )     **Case No. 05cv01186 (RCL)**
                              )
**JOHN B. MANN, et al.**       )     **Judge: Royce C. Lamberth**
                              )
    **Defendants and Counterclaim** )
    **Plaintiffs**                )
                              )

## PLAINTIFF ELLIPSO, INC'S OBJECTIONS AND RESPONSES TO MANN DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 33 of the U.S. District Court for the District of Columbia Rules of Civil Procedure, Plaintiff Ellipso, Inc., through undersigned counsel, hereby submits the following responses to Defendants' Second Request for Production of Documents and states as follows:

### GENERAL OBJECTIONS

a.    Ellipso, Inc. objects to the Requests to the extent they call for disclosure of confidential information or documents protected by the attorney-client, work product, or other privilege or protection.

b.    Ellipso, Inc. objects to the Requests to the extent they call for disclosure of information prepared or obtained in anticipation of litigation and/or trial preparation material without the showing required under the rules of this Court.

**EXHIBIT**

**2**

c.      Ellipso, Inc. objects to the Requests to the extent they call for disclosure of information not relevant to the issues raised in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence.

d.      Ellipso, Inc. objects to the Requests to the extent they are vague, overly broad, unduly burdensome and oppressive as to render it impossible to respond in any reasonable manner or amount of time.

e.      Ellipso, Inc. objects to the Requests to the extent they seek information or documents originating from persons other than itself, or that are generally available and in the public domain, and information or documents that are not in the custody, possession, or control of Ellipso, Inc..

f.      Ellipso, Inc. objects to the Requests to the extent they seek to extend the obligations or responsibilities of Ellipso, Inc. beyond those mandated by the U.S. District Court for the District of Columbia Rules of Civil Procedure.

g.      Ellipso, Inc. objects to all definitions and instructions by Defendant which are in addition to or in contravention of the U.S. District Court for the District of Columbia Rules of Civil Procedure.

h.      Ellipso, Inc. will not provide information which does not involve the subject matter of the pending action, is irrelevant, exceeds the scope of permissible discovery, is confidential in nature, is not reasonably calculated to lead to the discovery of admissible evidence or for which responding would be oppressive or overly burdensome.

i.      Ellipso, Inc. will not provide information which: (i) reflects communications between Ellipso, Inc. and his attorneys; (ii) has been prepared in

anticipation of litigation or trial; and/or (iii) is otherwise work-product prepared by or at the direction of his attorneys.

j.       Ellipso, Inc. will not provide information where the burden of deriving, ascertaining, or securing such information is substantially the same for Defendants as it is for itself.

## RESPONSES

51.    The articles of incorporation and all corporate Minutes for Ellipso, Inc. for the period January 1, 2003 to the present.

**RESPONSE:** Plaintiff will produce a copy of its articles of incorporation. Plaintiff objects to the production of all corporate minutes as they are irrelevant and immaterial to this proceeding.

52.    All documents relating or referring to Sunburst Communications.

**RESPONSE:**    Plaintiff objects to this request. Documents relating to Sunburst Communications are irrelevant to this proceeding and relate to the agreement between Plaintiff and TRSC and subject to binding arbitration. Any and all documents between Ellipso with Sunburst relate solely to the implementation of 881 vanity service, creation of the registry, and Ellipso's agreement with The Registry Solutions Company which contains a binding arbitration clause. Plaintiff objects to Defendants apparent use of this case as a vehicle to conduct discovery in that matter.

53.    All documents which support the claim for damages asserted by Ellipso, Inc.

**RESPONSE:** All such documents were provided in Plaintiff's response to Defendants' First Request for Production of Documents. These documents include, but are not

limited to, the Collateralized Loan Agreement and Amendments thereto, various e-mails

between Robert Patterson and John Mann, all documents relating to the sale of ICOHA

stock by the Defendants.   In addition, Plaintiff identifies the complete file from UBS.

This file is also within the sole custody and control of Defendants.

54.    All documents reviewed and/or prepared by any expert witness you intend

to call at the trial of this matter.

**RESPONSE:** No expert witness has been identified at this time.  If, and when, an expert

is identified, this request will be supplemented.

55.    All charts, diagrams or other tangible items you intend to introduce at the

trial of this matter.

**RESPONSE:** Plaintiff objects to this request as the same request was made in

Defendants' First Request for Production of Documents.

56.    All signed statements, transcripts or other recorded statement from any

party or witness to this matter.

**RESPONSE:** Other than the affidavits and declarations of John Mann and Robert

Patterson, attached to various pleadings, none. ( what about (???) )

57.    All documents which support or refute any defense pled by you in this

matter.

**RESPONSE:** Plaintiff objects to this request on the grounds that any defenses pled by

Ellipso relate to claims arising from the agreement between TRSC and Ellipso which

contains a binding arbitration clause.  Moreover, Plaintiff is incapable of responding to

this request to the extent that it is unclear as to the basis of Defendants' Counterclaim.

Plaintiff is unaware of any "promises" between Plaintiff and Defendants, as referred to

in the Counterclaim, outside of the written agreements between the parties.   With

respect to documents which support or refute Plaintiff's defenses to any counterclaim

asserted by the Mann Defendants that does not fall under the binding arbitration clause of

the Ellipso/TRSC Agreement, all such documents have been produced.  In addition,

Plaintiff refers Defendants to various documents within their sole possession, custody and

control that were not produced in response to Plaintiff's Request for Production of

Documents, including, but not limited to, copies of any and all documents reflecting time

incurred by the Mann Defendants or payments allegedly made to Plaintiff by John Mann,

Mann Technology, TRSC and Robert Patterson.   Plaintiff also incorporates the complete

file of UBS in response to this request.  This file is within the sole custody and control of

Defendants.

      58.    All documents that relate to the development, implementation, and

maintenance of 881 telephone service by Ellipso, Inc.

**RESPONSE:** Plaintiff objects to this request as it is overly broad, unduly burdensome

and would have Ellipso produce documents that are irrelevant and immaterial to this

proceeding.   In addition, Ellipso objects to producing proprietary information, including

trade secrets, to an adversary who, by its own admission in Defendant's Opposition to

Motion for Preliminary Injunction, is attempting to expropriate Plaintiff's technology for

their own individual and corporate purposes.

      59.    All documents contained in any stand-alone personal computer, network

workstation, personal digital assistant, blackberry or cell phone containing any

information relating to Plaintiff, the 881 telephone service or the Registry.

**REPONSE:**  Plaintiff objects to this request as it is overly broad, unduly burdensome and would have Ellipso produce documents that is irrelevant and immaterial to this proceeding.  Plaintiff cannot reasonably produce all documents related to itself and the request for documents pertaining to the registry are irrelevant to this proceeding.  In addition, Ellipso objects to producing proprietary information concerning 881 telephone service, including trade secrets, to an adversary who, by its own admission in Defendant's Opposition to Motion for Preliminary Injunction, is attempting to expropriate Plaintiff's technology for their own individual and corporate purposes.

60.    Any and all backup tapes or other storage media, whether on-line or offline, which may contain electronic data identified and requested herein, and refrain from overwriting or deleting information contained thereon.

**RESPONSE:** Subject to the objections set forth herein and with the exception of those documents, if any, protected by the attorney work-product and attorney-client privileges, any available backup tapes or storage media have been preserved.  (cont)

61.    All electronic versions, whether original or draft, of all contracts by and between the parties to this action.

**RESPONSE:** None, other than those documents previously provided in Plaintiff's Response to Defendants' First Request for Documents.  Since Defendant Robert Patterson was largely responsible for the preparation of these documents, Defendant Patterson may be in possession, custody and/or control of additional documents responsive to this request.

62.     Electronic data including calendars, diaries, schedules and/or planners that relate or refer to John B. Mann, Robert Patterson, Mann Technologies, LLC, David Castiel, Juan Tomassoni, TRSC, the 881 telephone service, or the Registry.

**RESPONSE:** Plaintiff objects to this request as it is overly broad, unduly burdensome and would have Ellipso produce documents relating to TRSC and the Registry that are irrelevant and immaterial to this proceeding.     However, without waiving such objection, Plaintiff states none.

63.     All documents that relate to any allegation contained in Ellipso's Complaint or to David Castiel Declaration dated August 12, 2005.

**RESPONSE:** Plaintiff objects to this request as the term "relate to" is overly broad and incapable of reasonable construction. In addition, Plaintiff has already responded to that portion of this request that relates to the allegations set forth in Ellipso's Complaint. However, without waiving such objection, Plaintiff states that all documents previously produced by both Ellipso and the Mann Defendants "relate to" the Complaint and/or the Castiel Declaration. In addition, Plaintiff states that documents responsive to this request are equally within the possession, custody and control of the Mann Defendants.

64.     Copies of any written contracts, agreements or memoranda between David Castiel and/or Ellipso and John Mann.

**RESPONSE:** None, other than those contracts previously produced between Ellipso and signed by John Mann on purported behalf of Mann Technology.

65.     Copies of any amendments or modifications to any written contracts, agreement or memoranda between David Castiel and/or Ellipso and John Mann.

**RESPONSE:** None, other than those contracts previously produced between Ellipso and signed by John Mann on the purported behalf of Mann Technology.

66.    All electronic data generated by, received by, containing any information about or otherwise related in any way to Robert Patterson, Consulting Management Ltd., TRSC, John B. Mann, or Mann Technologies, LLC.

**RESPONSE:** Plaintiff objects to this request as the Mann Defendants have made the identical request in their First Request for Production of Documents. Notwithstanding the duplicity of this request, all such documents, other than those pertaining to TRSC which is subject to a binding arbitration proceeding, have been produced.

67.    All documents that relate to any allegation contained in Plaintiff's Complaint.

**RESPONSE:** Objection. This request is duplicative and has already been responded to by Plaintiff.

68.    Copies of electronic versions of any document requested herein.

**RESPONSE:** Objection. This request is duplicative and has already been responded to by Plaintiff.

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**

_____
Natalie Ludaway, #405149
Matthew H. Goodman, #445404
1400 K Street, NW
Suite 1000
Washington, DC 20005
(202) 434-9109 (voice)
*Counsel for Ellipso, Inc.*

EXHIBIT

3

 Leftwich&Ludaway LLC

Willie L. Leftwich Retired

February 23, 2007

**Via Facsimile and First-Class Mail**

Thomas Mauro, Esquire
1020 19th Street, N.W.
Suite 400
Washington, D.C. 20036

RE:    *Ellipso, Inc. v. Mann Tech, LLC, et. al.*

Dear Mr. Mauro:

This is to confirm various agreements reached at our last discovery meeting and to address additional discovery issues.

My client is willing to certify that he has searched all working computers in producing the documents provided in response to the Mann Defendants' discovery requests. As for Ellipso's inoperable computers (e.g. old laptop and pre-2003 server), my client believes that any data responsive to Defendants' discovery requests was transferred or already contained on its newer computers and has been, or is in the process of, being produced.

We have also agreed to specifically identify by Bates number which documents already produced (and to be produced in the future) a responsive to each party's individual document request. Given that your clients have propounded over 85 document requests, it will take some time to sort through all of the documents and determine which document satisfies which request. I hope to have this to you within the next week or so. I await your clients' designations as well.

As for documents possessed by UBS Financial Services, it is my understanding that the account at UBS was established for the sole purpose of holding and selling the ICOHA shares pledged as collateral. While I fail to see the need for these documents to be covered by a protective order, I would not object to a general protective order that prohibits dissemination of these documents to non-parties, excluding witnesses. I have reissued the subpoena to UBS to "get the ball rolling," since Ellipso has been seeking these documents for a year now. A copy the subpoena is attached. In the meantime, we can hammer out the details of your requested protective order.

As for Plaintiff's document requests, it is my understanding that we have agreed to the following resolutions:

 Leftwich&Ludaway LLc

Thomas Mauro
February 23, 2007
Page 2 of 4

     **John Mann Request #1:** (a) You agreed (conditionally) to provide a copy of the agreement relied upon in asserting the "joint defense privilege." Again, I state my belief that if you intend to assert this privilege you must produce a copy of the document establishing the privilege. (b) You agreed to confirm that all documents responsive to this request existing prior to the creation of the alleged joint defense privilege have been produced. (c) Please provide a privilege log as to any documents to which you are asserting the privilege.

     **Mann Request #8:** (a) Bank statements will be provided under a protective order. Assuming it is reasonable, I am amenable to using the same protective order for the UBS documents. (b) You will verify that all cancelled checks have been produced, since my recollection of my review of Defendants' documents is that no cancelled checks were provided. (c) Defendant will specify which documents already produced are responsive to this request.

     **Mann Request #10:** Same agreements reached for #8.

     **Mann Request #14:** Given your representation that all documents responsive to this request are contained in the UBS account, this discovery dispute should be resolved upon receipt of the documents from UBS.

     **Mann Request #19:** Defendant will specify by Bates number which documents are responsive to this request.

     **Mann Request #24:** Defendant agreed to identify the date and name of the person from whom a written, signed or recorded statement was obtained in furtherance of your claim of privilege.

     **Mann Request #26:** Defendant agreed to produce all responsive documents up to the date Plaintiff's lawsuit was filed. It is my understanding that Defendant will not produce any documents relating to 881-vanity service post-lawsuit without a court order.

     **Mann Request #28:** Defendant agreed to produce all responsive documents up to the date Plaintiff's lawsuit was filed. If any responsive documents exist following the filing of Plaintiff's lawsuit, you agreed to prepare a privilege log identifying the documents, along with a copy of the joint defense agreement.

     **Mann Request #32:** Defendant is to produce copies of any calendars responsive to this request, if such documents exist.

     **Mann Tech Request #2:** Given your representation that Mann Tech has not filed tax returns, please supplement Defendant's response to indicate that no such documents exist.

Thomas Mauro
February 23, 2007
Page 3 of 4

Mann Tech Request #3:  Defendant agreed to produce all responsive documents up to the date Plaintiff's lawsuit was filed.  If any responsive documents exist following the filing of Plaintiff's lawsuit, you agreed to prepare a privilege log identifying the documents.

Mann Tech Requests #4-10:  Defendant will specify by Bates number all responsive documents to these requests.

Mann Tech Request #10-11:  Mann Tech bounced at least one check and made several other payments to Ellipso, yet documentation of these payments has not been produced.  Unless these payments were made in cash, there exists a paper trial, including cancelled checks and bank statements that are responsive to this request.  You agreed to look into why these documents have not been produced.

Mann Tech Request # 13:  You agreed to check into whether any such documents exists and, if so, produce a copy.  If there are no such documents, you agreed to supplement Defendant's response accordingly.

Mann Tech Requests #15 - #18: Given your representation that all documents responsive to these requests are contained in the UBS account, this discovery dispute should be resolved upon receipt of the documents from UBS.

Mann Tech Request #28:  Defendant agreed to identify the date and name of the person from whom a written, signed or recorded statement was obtained in furtherance of your claim of privilege.

Mann Tech Request #29-#32: Defendant agreed to produce all responsive documents (or designated which documents already produced satisfy these requests) up to the date of filing of Plaintiff's lawsuit.  As for any responsive documents following this date for which a joint defense privilege is claimed, you agreed to provide a privilege log identifying such documents.

Mann Tech Request #33:  Defendant is to produce copies of any calendars responsive to this request, if such documents exist.

Thomas Mauro
February 23, 2007
Page 4 of 4

Now that our discovery clock is ticking, please forward these documents no later than March 2, 2007.

Your courtesy and cooperation is appreciated.

Sincerely,

Matthew H. Goodman

cc: David Castiel

AO 88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the

# United States District Court

### DISTRICT OF COLUMBIA

| | |
|---|---|
| Ellipso, Inc et al | **SUBPOENA IN A CIVIL CASE** |
| **V.**<br>John Mann, et al | CASE NUMBER:   05-01186 (RCL) |

To: Coe Magruder, Branch Manager; UBS Financial Services; 1501 K Street NW, Suite 1200; Washington, DC 20005

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE ATTACHED

| PLACE Leftwich & Ludaway, LLC; 1400 K Street NW, Suite 1000; Washington, DC 20005-2403 | DATE AND TIME 10am March 9, 2007 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *Matthew ~~~~ atty for Plaintiff* | DATE  *Feb. 23, 2007* |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Leftwich & Ludaway, LLC; 1400 K Street NW, Suite 1000; Washington, DC 20005; (202) 434-9116

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1 If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | | |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____ Date

_____ Signature of Server

_____ Address of Server

RULE 45, Federal Rules of Civil Procedure, Part C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises, if objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. if objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that

person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial be held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(vi) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that Cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) when information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

Please produce the following:

1. All documents reflecting deposits, disbursements or any other activity in connection with any account solely or jointly owned, controlled or in the name of Mann Technologies, LLC, John B. Mann or Robert B. Patterson (the "Mann Parties") from January 1, 2004 to the present.

2. All documents concerning, referring or relating to account number "WS 47874 PM."

3. All correspondence, including, but not limited, electronic mail, between UBS Financial Services, its employees, officers and agents ("UBS"), on the one hand, and the Mann Parties or its agents respecting any account solely or jointly owned, controlled or in the name of Mann Technologies, LLC, John B. Mann or Robert B. Patterson from January 1, 2004 to the present.

4. To the extent not produced in response to the above requests, all account statements, deposit slips, withdrawal slips, check copies, wire instructions and/or authorizations and all other documents reflecting or referring to any activity whatsoever in connection with any account solely or jointly owned, controlled or in the name of Mann Technologies, LLC, John B. Mann or Robert B. Patterson from January 1, 2004 to the present.

5. All other documents not specifically requested above which refer in any way to any account solely or jointly owned, controlled or in the name of Mann Technologies, LLC, John B. Mann or Robert B. Patterson from January 1, 2004 to the present.