IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | CA No.: 05-01186(RCL) |
| ) | |
| JOHN B. MANN, et al. ) | |
| ) | |
| Defendants/Counter-Plaintiffs.) | |

**OPPOSITION OF PLAINTIFF/COUNTER-DEFENDANT ELLIPSO, INC. TO DEFENDANT/COUNTER-PLAINTIFFS' MOTIONS *IN LIMINE***

Plaintiff/Counter-Defendant, Ellipso, by undersigned counsel, submits this Memorandum in Opposition to the defendants' motions *in limine* filed by Defendants/Counter-Plaintiffs, stating as follows:

**BACKGROUND**

Ellipso filed its lawsuit on June 14, 2005 against the above named defendants in an action to recover money and shares of stock that it claims were wrongfully acquired through a fraudulent contract with the defendants. This Court granted Ellipso's motion for preliminary injunction on November 2, 2005, determining in part that Ellipso had shown a likelihood of success on the merits of its fraud claim against the defendants. See Ellipso, Inc. v. Mann, No 05-cv-1186, at *3, 2005 WL 5298646 (D.D.C. Nov. 2, 2005). According to this

Court's November 14, 2005 Order, defendants were prohibited from disposing of any ICO Global Communications Holding Ltd. Stock ("ICOHA shares") they still held or any proceeds from the sale thereof. The Court of Appeals affirmed this Court's preliminary injunction on March 23, 2007. See Ellipso, Inc. v. Mann, 480 F.3d 1153 (D.C. Cir. 2007).

When the Court of Appeals considered defendant Mann's challenge to this Court's November 2, 2005 preliminary injunction, defendant Mann relied on an October 20, 2004 e-mail between Dr. Castiel, Ellipso's president and Chief Financial Officer, and defendant Robert Paterson, which purportedly showed Ellipso's knowledge of Mr. Patterson's dual role as an advisor to Ellipso and also an interested party with Mann Technologies, L.L.C. ("Mann Tech") which loaned Ellipso $90,000 secured by 492,611 ICOHA shares.

While Mr. Patterson was acting as Ellipso's agent to secure financing from Mann Tech he, unbeknownst to Ellipso, stood to benefit from the loan in that he was also a principal in Mann Tech. The Court of Appeals, however, found the e-mail in question could have been interpreted to mean that Ellipso found out at some later date – as late as October 20, 2004 – that Mr. Patterson

had been a principal in Mann Tech since June 2004. Id. at 159.

On April 1, 2008 this Court partially granted defendants' Motion for Summary Judgment which lifted the preliminary injunction when Mann offered a *different* e-mail dated November 16, 2004 from Dr. Castiel to Mr. Patterson which this Court has interpreted to mean that Ellipso had knowledge of Mr. Patterson's stake in Mann Tech no later than June, 2004.

Defendants/Counter-Plaintiffs now seek through two (2) Motions *In Limine*, which are virtually identical to one another, to suppress Ellipso's testimony regarding any evidence of Ellipso's lack of knowledge of Mr. Patterson's dual roles, and to suppress any information regarding the ICOHA shares after the alleged breach of contract.

### STANDARD OF REVIEW

A Motion *in Limine* should be granted only where the evidence the moving party seeks to exclude is inadmissible. The District of Columbia Court of Appeals held that:

> The purpose in allowing a motion *in limine* is to permit a witness to testify without threat of use of inadmissible evidence. If the threatened use of inadmissible evidence can prevent the defendant from testifying altogether and also deny her the opportunity to appeal an erroneous ruling on the admissibility of the evidence, the State would have multiple illegitimate

opportunities to silence defendants, and the very purpose of the motion *in limine* would be lost.

Butler v. United States, 688 A.2d 381, 395 (1996) citing State v. Lamb, 84 N.C. App. 569, 353 S.E.2d 857, 865 (1987), aff'd, 321 N.C. 633, 365 S.E.2d 600 (1988).

> The purpose of [a motion in limine] is to allow a party to obtain an order excluding inadmissible evidence "without having to object to, and thereby emphasize, the evidence before the jury." Dept. of Public Works, Etc. v. Sun Oil Co., 66 Ill. App. 3d 64, 22 Ill. Dec. 826, 828 383 N.E. 2d 634, 636 (1978). An in limine order is designed among other things, to obviate the need to instruct jurors to forget what they have just heard, or for counsel to have to make frantic requests for a bench conference while the jury wonders what he is trying to hide.

Banks v. District of Columbia, 551 A.2d 1304, 1310 (1988) Schwelb, Associate Judge concurring in part and dissenting in part).

Here, there is no such inadmissible evidence in question.

### ARGUMENT

Defendants/Counter-Plaintiffs seek to exclude three (3) categories of evidence from this trial. Defendants/Counter-Plaintiffs first seek to suppress any and all evidence offered to support Ellipso's lack of knowledge of Patterson's interest in Mann Tech.

This Court found on April 1, 2008 that Ellipso had knowledge of Mr. Patterson's dual role no later than June, 2004. Defendant/Counter-Plaintiffs seek to suppress Ellipso's testimony regarding any lack of knowledge *before* June, 2004. Such an exclusion would prevent Ellipso from establishing that indeed, in the beginning of the parties' relationship, it was not known that Mr. Patterson stood to benefit from deal with Mann Tech. Ellipso must be able to testify as to the evolution of Ellipso's knowledge of Patterson's dual role, as it is essential to the establishment of any fraud claim.

This Court noted on May 23, 2008 in a Memorandum and Order that "Based on the current record in this case, a reasonable jury could find that Mr. Patterson's alleged non-disclosure of his Mann Tech ownership constitutes a misrepresentation for purposes of fraud under the District of Columbia law". If Defendant/Counter-Plaintiffs' Motions *In Limine* succeeds, then Ellipso will be unable to testify as to the extent of its knowledge and the progression of the facts surrounding how and when Ellipso learned of Mr. Patterson's relationship with Mann Tech.

Additionally, Mann Tech did not make any representation as to the status of Patterson. In a claim of fraud the integration clause must be viewed in light of the fraud committed, consequently if there was fraud in representations, there was fraud in establishing the clause in the contract limiting the representations to the written representations. Scrimgeour v. Magazine, 429 A.2d 187, 188 (D.C. 1981) (finding that when a contract contains an integration clause the written language embodying the terms of an agreement will govern unless there is fraud). Ellipso's testimony to this effect is paramount in establishing claims of fraud. Without the ability to testify, Ellipso will be unable to present a claim of fraud to a jury.

Next, Defendants/Counter-Plaintiffs seek to suppress any and all evidence offered to support Ellipso's lack of knowledge of Patterson's interest in Mann Tech after June 2004. If Ellipso is prevented from testifying as to the nature of its knowledge regarding Patterson's interests, then a jury would be without pertinent information when deciding whether or not Ellipso affirmed the loan contract. "It is the [defendants'] burden to show that Ellipso knew of Patterson's dual roles before the actions Mann Tech argues affirmed the loan agreement". Ellipso, Inc. v. Mann, 541 F.

6

Supp. 2d 365, 371 (D.C. 2008). Therefore, when the Defendant/Counter Plaintiffs argue that Ellipso affirmed the agreement, either before or after June, 2004, Ellipso should be able to testify as to its knowledge regarding Patterson's roles. If defendant/Counter-Plaintiffs' Motions *In Limine* are granted then the jury would be without this vital testimony.

Finally, Defendant/Counter-Plaintiffs seek to suppress any and all evidence regarding the value and/or disposition of the ICOHA shares after Ellipso's alleged breached of the loan agreement with Mann Tech. Here, Defendant/Counter-Plaintiffs assume that a jury has already reached a conclusion concerning their claims of breach, default and termination. Defendant/Counter-Plaintiffs have yet to establish, and have only alleged their claims under the loan agreement. A jury could find that there was indeed no breach, default or termination on behalf of Ellipso. UCC § 1-205 (course of dealing) has been used to estop a lender from repossessing collateral without giving notice that the late payment was immediately due and payable. It is for the jury to decide whether or not notice should have been given here, when the collateral was seized. Further, even if there was a default, there is a serious question as to whether the defendants had the right to liquidate any of the

7

stock with no notice to the plaintiff.

Therefore, Ellipso should have the opportunity to testify regarding the disposition and/or value of the ICOHA shares and should not be precluded from doing so because of unresolved allegations. To grant Defendant/Counter-Plaintiffs' Motions *In Limine* would effectively remove Plaintiff/Counter-Defendant's ability to have their day in court, as testimony of great relevance would be suppressed.

WHEREFORE, Plaintiff/Counter-Defendant requests that this Court enter an order denying Defendant/Counter-Plaintiffs' Motions *In Limine*.

Respectfully submitted,

_____/s/_____
Vanessa Carpenter Lourie, #250068
4400 MacArthur Blvd., N.W., #205
Washington, D.C. 20007-2521
(202) 342-8000 (Office)
(202) 342-9000 (Facsimile)
vlourie@carpenterlourie.com

_____/s/_____
Linda Awkard, #38748
4201 Cathedral Avenue, N.W.
Suite 1416 W
Washington, D.C. 20016
(202) 237-1535 (Telephone)
(202) 237-1204 (Facsimile)
lawkard@earthlink.net (e-mail)
Counsel for Plaintiff/Counter-Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Opposition of Plaintiff/Counter-Defendant Ellipso, Inc. to Defendant/Counter-Plaintiffs' Motions *In Limine* was served this July 25, 2008 on:

>Christopher Hoge, Esquire
>Crowley, Hoge & Fein, P.C.
>1719 Rhode Island Avenue, N.W.
>Suite 700
>Washington, D.C. 20036-3125

by electronic delivery by CM/ECF and on:

>Robert B. Patterson
>PO Box 3106
>Reston, Virginia 20195

by first class mail, postage prepaid.

>__/s/_____
>Vanessa Carpenter Lourie, Esquire