IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC.                           )
                                        )
      Plaintiff/Counter-Defendant,      )
                                        )
             v.                         )  CA No.: 05-01186(RCL)
                                        )
JOHN B. MANN, et al.                    )
                                        )
      Defendants/Counter-Plaintiffs.)

**OPPOSITION OF PLAINTIFF ELLIPSO, INC.
TO DEFENDANTS' MOTION FOR DAMAGES SUFFERED AS A
CONSEQUENCE OF PRELIMINARY INJUNCTION**

Comes now Plaintiff, Ellipso, Inc., by and through the undersigned counsel, and hereby opposes Defendants' Motion for Damages Suffered as a Consequence of Preliminary Injunction in the above-styled case on the grounds that Defendants' motion seeks relief which is not supported by case law.  In support of this opposition Ellipso, Inc. has attached hereto a Memorandum of Points and Authorities.

WHEREFORE, the premises considered, Ellipso, Inc. respectfully requests that this Honorable Court:

1.  Deny Defendants' Motion for Damages Suffered as a Consequence of Preliminary Injunction; and,

2.  Grant such other and further relief as this Court deems just and reasonable.

1

Respectfully submitted,


_____/s/_____
Vanessa Carpenter Lourie, #250068
4400 MacArthur Blvd., N.W., #205
Washington, D.C. 20007-2521
(202) 342-8000 (Office)
(202) 342-9000 (Facsimile)
vlourie@carpenterlourie.com
Counsel for Plaintiff/Counter-Defendant

_   _____/s/_____
Linda Awkard, #38748
4201 Cathedral Avenue, N.W.
Suite 1416 W
Washington, D.C. 20016
(202) 237-1535 (Telephone)
(202) 237-1204 (Facsimile)
lawkard@earthlink.net (e-mail)
Counsel for Plaintiff/Counter-Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC.                        )
                                     )
     Plaintiff/Counter-Defendant,    )
                                     )
          v.                         ) CA No.: 05-01186(RCL)
                                     )
JOHN B. MANN, et al.                 )
                                     )
     Defendants/Counter-Plaintiffs.  )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR DAMAGES SUFFERED AS A CONSEQUENCE OF
PRELIMINARY INJUNCTION**

Plaintiff Ellipso, Inc. respectfully submits this
Memorandum of Points and Authorities in support of its
opposition to Defendants' Motion for Damages Suffered as a
Consequence of Preliminary Injunction.

## I.  INTRODUCTION

Ellipso filed its lawsuit on June 14, 2005 against the
above-named defendants in an action to recover money and
shares of stock that it claims were wrongfully acquired
through a fraudulent contract with the defendants.  This
Court granted Ellipso's motion for preliminary injunction on
November 2, 2005, determining in part that Ellipso had shown
a likelihood of success on the merits of its fraud claim
against the defendants.  See Ellipso, Inc. v. Mann, No 05-CV-
1186, at *3, 2005 WL 5298646 (D.D.C. November 2, 2005).
According to this Court's November 14, 2005 Order, defendants

were prohibited from disposing of any ICO Global Communications Holding Ltd. Stock ("ICOHA shares") they still held or any proceeds from the sale thereof. The Court of Appeals affirmed this Court's preliminary injunction on March 23, 2007. See Ellipso, Inc. v. Mann, 480 F.3d 1153 (D.C. Cir. 2007).

When the Court of Appeals considered defendant Mann's challenge to this Court's November 2, 2005 preliminary injunction, defendant Mann relied on an October 20, 2004 e-mail between Dr. Castiel, who at that time was Ellipso's president and Chief Financial Officer, and defendant Robert Patterson, which purportedly showed Ellipso's knowledge of Mr. Patterson's dual role as an advisor to Ellipso and also an interested party with Mann Technologies, L.L.C. ("Mann Tech") which loaned Ellipso $90,000 secured by 492,611 ICOHA shares.

While Mr. Patterson was acting as Ellipso's agent to secure financing from Mann Tech he, unbeknownst to Ellipso, stood to benefit from the loan in that he was also a principal in Mann Tech. The Court of Appeals, however, found the e-mail in question could have been interpreted to mean that Ellipso found out at some later date – as late as October 20, 2004 – that Mr. Patterson had been a principal in

2

Mann Tech since June 2004. <u>Id.</u> at 159.

On April 1, 2008 this Court partially granted defendants' Motion for Summary Judgment and lifted the preliminary injunction, when Mann offered a *different* e-mail dated November 16, 2004 from Dr. Castiel to Mr. Patterson which this Court held to mean that Ellipso had knowledge of Mr. Patterson's stake in Mann Tech no later than June, 2004.

Defendants now seek damages for the freeze placed on the ICOHA shares, and the hold placed on any assets from the proceeds of the sale of any ICOHA shares.

## II.  ARGUMENT

### A.  Legal Standard

In the District of Columbia any presumption that may exist for damages may be overcome by a showing that the lawsuit was not frivolous, and a showing that the plaintiff's lawsuit raised legitimate questions. <u>National Kidney Patients Ass'n v. Sullivan</u>, 958 F.2d 1127, 1134 (D.C. Cir. 1992) and <u>Page Communications Engineers, Inc. v. Froehlke</u>, 475 F.2d 994, 996 (D.C. Cir. 1973). Clearly, plaintiff's lawsuit has already been established as not being frivolous, and has raised legitimate questions about the rights and responsibilities of the parties.

Once the plaintiff is shown to have not brought a frivolous lawsuit, and is shown to have raised legitimate questions, the Court is within its discretion in the interests of equity and justice to rule that no liability be imposed on the injunction bond. Id. at 996 (holding that when a preliminary injunction was issued and at a later time the defendants produced evidence in favor of vacating the injunction, because it was likely that the court would not have initially issued the preliminary injunction given the defendants' new evidence, it was inequitable to hold the plaintiff liable on the injunction bond). The facts surrounding the issuance and vacating of the preliminary injunction in the instant case fits closely with Page Communications Engineers, Inc. Therefore, Defendants are not entitled to an award of damages.

### B. Plaintiff's Complaint is Not Frivolous and Raises Legitimate Legal Questions.

In the District of Columbia, when a preliminary injunction is ordered, an injunction bond is then issued pursuant to Rule 65 (c). The key purpose of the bond, and the presumption of enforceability, is to make the plaintiff consider the damage it may inflict by pressing ahead with a potentially losing claim. National Kidney Patients Ass'n, 958 F.2d at 1135. This Court has twice rejected Defendants'

4

request to dismiss the counts of fraud, conversion and conspiracy. Therefore, this Court has found that indeed a jury could find for the plaintiff on the facts of this case. Consequently, it is without question that Ellipso's case is not frivolous and contains legitimate legal issues.

   **C. The Preliminary Injunction Was Lifted After Defendants Produced New Evidence Which Was In Their Possession Nearly Three (3) Years After Ellipso's Motion For Preliminary Injunction.**

Ellipso's motion for Preliminary Injunction was first filed on August 16, 2005. On November 2, 2005 this Court granted the injunction. This Court upheld the injunction upon defendants' request for reconsideration on November 14, 2005. Upon appeal, the District of Columbia Court of Appeals upheld the issuance of the injunction. Only several years later, when filing a Motion for Summary Judgment, did the defendants produce an e-mail dated November 16, 2004 which ultimately led this Court to vacate its preliminary injunction order.

Defendants had the opportunity to present the November 16, 2004 e-mail when the Motion for Preliminary Injunction was first filed on August 16, 2005. It has been upheld that when an injunction might never have been granted if the defendant had brought a specific document to the court's attention, it is inequitable to award damages to the defendant. National Kidney Patients Ass'n v. Sullivan, 958 F.2d 1127, 1134 (D.C. Cir. 1992). Therefore, the defendants are not entitled to recovery.

**D. Defendants' Motion Relies Heavily Upon Case Law Which is From Foreign Jurisdictions, and Those Cases Which are From the District of Columbia Have Substantially Different Factual and Procedural Histories or Have Been Cited Outside of the Context of the Cases.**

Defendants' motion for damages has cited a variety of cases which are from foreign jurisdictions and have dissimilar procedural histories and facts. <u>Pro Edge L.P. v. Gue</u>, 451 F.Supp. 2d 1026 (D. Iowa 2006), for example, involves the invalidation of an injunction because the underlying contract, which was the basis for the injunction, was found to be an invalid contract. <u>Mitchell v. Riegal Textile</u>, 259 F.2d 954 (D.C. Cir. 1958) deals with a preliminary injunction; however, it does not speak to the methods of overcoming a presumption of recovery. Therefore, this 1958 case must be read in conjunction with the more modern case of <u>National Kidney Patients Ass'n v. Sullivan</u>, 958 F.2d 1127, 1134 (D.C. Cir. 1992) which specifically involves the process for overcoming a presumption of recovery in a preliminary injunction case.

6

## III. CONCLUSION

Defendants have failed to set forth sufficient facts to support its position that current District of Columbia case law supports an award of damages. A review of all laws, rules, procedures, and established standards for a successful motion for damages clearly reveal that defendants' motion should be denied.

Respectfully submitted,


_____/s/_____
Vanessa Carpenter Lourie, #250068
4400 MacArthur Blvd., N.W., #205
Washington, D.C. 20007-2521
(202) 342-8000 (Office)
(202) 342-9000 (Facsimile)
vlourie@carpenterlourie.com
Counsel for Plaintiff/Counter-Defendant

_____/s/_____
Linda Awkard, #38748
4201 Cathedral Avenue, N.W.
Suite 1416 W
Washington, D.C. 20016
(202) 237-1535 (Telephone)
(202) 237-1204 (Facsimile)
lawkard@earthlink.net (e-mail)
Counsel for Plaintiff/Counter-Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Opposition of Plaintiff Ellipso, Inc. to Defendants' Motion for Damages Suffered as a Consequence of Preliminary Injunction, Memorandum of Points and Authorities, and proposed Order were served this August 3, 2008 on:

> Christopher G. Hoge, Esquire
> 1710 Rhode Island Avenue, NW
> 7th Floor
> Washington, DC 20036

by electronic delivery by CM/ECF and on:

> Robert B. Patterson
> PO Box 3106
> Reston, Virginia 20195

by first class mail, postage prepaid.

> _____/s/_____
> Vanessa Carpenter Lourie, Esquire

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
ELLIPSO, INC.                        )
                                     )
     Plaintiff/Counter-Defendant,    )
                                     )
               v.                    )  CA No.: 05-01186(RCL)
                                     )
JOHN B. MANN, et al.                 )
                                     )
     Defendants/Counter-Plaintiffs.  )
```

### ORDER DENYING DEFENDANTS' MOTION
### FOR DAMAGES SUFFERED AS A CONSEQUENCE OF
### PRELIMINARY INJUNCTION

Upon consideration of Defendants' Motion for Damages Suffered as a Result of Preliminary Injunction, and Plaintiff's opposition thereto, it is hereby ordered that Defendants' motion is hereby **DENIED**.

_____
ROYCE C. LAMBERTH, CHIEF JUDGE

Copies by electronic delivery to:

Vanessa Carpenter Lourie, Esquire
4400 MacArthur Blvd., N.W.
Suite #205
Washington, D.C. 20007-2521

Christopher Hoge, Esquire
1710 Rhode Island Ave., N.W.
7th Floor
Washington, D.C. 20036

Copies by first class mail to:

        Linda Awkard, Esquire
        4201 Cathedral Avenue, N.W.
        Suite 1416 W
        Washington, D.C. 20016

        Robert B. Patterson
        P.O. Box 3106
        Reston, Virginia 20190