THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**
AUG - 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| ELLIPSO, INC. )<br>)<br>Plaintiff, Counterclaim )<br>Defendant )<br>)<br>v. )<br>)<br>JOHN B. MANN, et al. )<br>)<br>Defendants, Counterclaim )<br>Plaintiff )<br>_____) | CASE NUMBER: 1:O5CV01186<br>JUDGE: ROYCE C. LAMBERTH |

MEMORANDUM OF POINTS AND AUTHORITIES
OF
DEFENDANT ROBERT PATTERSON
IN RESPONSE TO
PLAINTIFF ELLIPSO, INC.'S
MOTION TO RECONSIDER THIS COURT'S ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTIONS IN LEMINE

**COMES NOW DEFENDANT, ROBERT PATTERSON,** and files this Memorandum of Points and Authorities In Response to Plaintiff's Motion to Reconsider this Court's Order Granting In Part and Denying In Part Defendant's Motions In Lemine. For the reasons set forth herein, Ellipso's Motion for Reconsideration should be denied.

**1. Ellipso has waived any claim for mitigation of damages.**

A claim for mitigation of damages is an affirmative defense which must be specifically pled pursuant to Rule 8(c), Fed.R.Civ.P. In the absence of the plea, the defense of mitigation of damages is waived, *Consolidated Mortg. And Finance Corp. v Landrieu, 493 F.Supp 1284 (D.D.C., 1980); Camalier & Buckley-Madison, Inc. v Madison Hotel, Inc., 168 U.S.App.D.C. 149, 161 n. 91 (1975); George Washington University v Waas, 648 A.2d 178; 5 C Wrilght & A. Miller, Federal Practice § 1273 (1969).* As Ellipso asserts no claim of mitigation of damages in

response to the counter claims, Ellipso is barred from offering evidence of any asserted mitigation of damages. Ellipso's principal argument for reconsideration of this Court's Ruling on Defendant's Motions in Lemine, is that the evidence would be admissible on a mitigation of damages claim. As no such claim has been asserted, the position is without foundation.

While the general rule is that amendment of pleadings is to be liberally granted, here the prejudice to defendants precludes any amendment of Ellipso's pleadings in the middle of trial. The affirmative defense of mitigation of damages a) was never asserted; b) was not the subject of discovery; c) was not (as it could not be) the subject of any pretrial motions; and d) appears to arise only as a last desperate attempt to find some theory of damages for Ellipso's case. The prejudice to defendants of allowing Ellipso to assert the affirmative defense of mitigation of damages for the first time on the sixth day of trial is extreme. How are defendants to prepare a defense? Witnesses, trial exhibits, direct and cross examination of witnesses, jury instructions, etc. have all been prepared in the absence of this new defense. The jury, and the Court, have patiently listened to what appears to be ninety percent (90%) of the case. Would the conduct of the trial have been different had this new affirmative defense been presented? This horse is long gone out of the barn. The affirmative defense of mitigation of damages has been waived by Ellipso.

**2. Damage for the loss of personalty is determined as of the time of the loss.**

Ellipso also asserts that it should be allowed to present evidence of the value of the ICOHA stock at times after October 2004, when the loss occurred. However, damages from the loss of personalty are determined as of the date of the loss, *United States v State of Maryland, 322 F.2d 1009, 1015-16 (D.D.C., 1963); ("In the usual case …courts seek to compensate an injured party for its loss…and the loss in personalty is in terms of value at the time of the loss. An objective*

*measure of value is usually meant ... what a willing buyer would have paid a willing seller in an arm's length transaction for the article just before it was lost, or, in other words, market value."* Citing *United States v Toronto, etc., Nav. Co.,* 338 U.S. 396, 70 S.Ct. 217, 94 L.E. 195 (1949). This, of course, is only logical. Would Ellipso agree that if the value of the ICOHA stock had been ten dollars ($10.00) as share in October 2004, and subsequently fell to four cents a share (4¢) that it could claim no losses? What if the Defendants had given the stock away in October 2004, and taken a tax write off? Would Ellipso's damage theory claim be the amount of tax saving realized by Defendants the following April 15?

For the reasons set forth herein, Ellipso's Motion to Reconsider this Court's ruling on the Motions in Lemine should be denied.

Respectfully submitted,

Robert Patterson, pro se
PO 3106
Reston, VA 20195
(571) 278-7076

## CERTIFICATE OF SERVICE.

I certify that a true and correct copy of the forgoing was mailed, fist class postage paid, this 3rd day of *Cerry*, 2008, to:

Vanessa Carpenter Lourie, Esq.
4400 MacArthur Blvd., N.W.
Suite #205
Washington, D.C. 20007-2521

Christopher Hoge, Esq.
1717 Rhode Island Ave., N.W.
Seventh Floor
Washington, D.C. 20036

Robert Patterson