**DECLARATION OF JOHN B. MANN UNDER PENALTY OF PERJURY**

1. I am over the age of eighteen and competent to testify from personal knowledge on the matters set forth herein.

2. I am an engineer and business consultant. I reside in Warrenton, Virginia.

3. In March 2007, I first learned from Robert Patterson of the existence of an email from David Castiel to Patterson dated Nov. 16, 2004, in which Castiel stated that he first learned of Patterson's interest in Mann Technologies in "May/June 2004".

4. After learning of this email, I asked Patterson to go to a legal computer forensic firm called Sensei, Inc. in Fairfax, Va. in order that all the emails from Patterson's Yahoo email account could be downloaded to Sensei's computers and the chain of custody could be preserved from Yahoo's computers to Sensei's. I suggested these precautions because I knew that David Castiel had perjured himself in his affidavits and I concluded that he would therefore attempt to deny authorship of the email.

5. I provided a copy of the email to my Counsel, Thomas Mauro, Esq., who suggested that we attempt to ask Castiel about the email in what we hoped would be his imminent Deposition. Absent Castiel's admission of authorship, Mauro expressed to me doubts about the wisdom and efficacy of attempting yet another try to get the Injunction lifted.

6. Since it had been 15 months since the Injunction had been imposed, with the attendant demise of all of Mann Technologies' business operations (and the forfeiture of all of my investment in it), I concluded that the Mann Technologies could not become "more dead" with the passage of a few months and I agreed to continue to drift through the procedural "glue" that justice seems to demand.

7. Patterson produced the Nov. 16 2004 email in discovery in May 2007, and Castiel admitted authoring it in his May 2007 deposition.

8. When I retained current counsel Christopher Hoge in July 2007, he advised that his research suggested that the injunction would be unlikely to be lifted prior to the end of discovery. He suggested that it would be more efficient of my and MannTech's dwindling resources to wait until we filed our Motion for Summary Judgment.

9. As the Managing Member of Mann Technologies LLC from its inception until Nov. 2005, I know that Mann Technologies LLC spent $485,898 in building its business, including its implementation of the 881 service.

10. As a direct result of the Preliminary Injunction issued on Nov. 2 2005, Mann Technologies LLC has lost all of its cash investments and the additional investment of thousands of hours of time spent by me and other consultants to Mann Technologies LLC.

11. As of this date, Mann Technologies LLC has incurred over $220,000 in legal fees to defend against Ellipso's claims in this case.

I declare, pursuant to 28 U.S.C. Sec. 1746 and under the penalty of perjury, that the foregoing is true and correct to the best of my personal knowledge and belief.

Date: August 8, 2008

John B. Mann