**DECLARATION OF ROBERT B. PATTERSON UNDER PENALTY OF PERJURY**

1. I am over the age of eighteen and competent to testify from personal knowledge on the matters set forth herein.

2. I am a business consultant. I reside in San Francisco, CA.

3. In March 2007, while laboriously perusing my emails for discovery in the case of Ellipso v John B. Mann et al, I came across an email from David Castiel to me dated Nov. 16, 2004, in which Castiel states that he first learned of my interest in Mann Technologies in "May/June 2004".

4. After finding this email, I sent a copy to John Mann, since I knew that it was a critical element in exposing David Castiel's perjures statements in this litigation. In particular, the email resolved the "ambiguity" in a similarly worded email dated Oct. 20 2004 that I had produced in the Preliminary Injunction hearing on October 28, 2005. In appeal of the Injunction, Ellipso had affirmed an alternate meaning of the Oct 20 2004 email in its appeal.

5. In discussions with Mr. Mann and the Mann defendants' attorney, I concluded that I needed to have an independent third party download all of my emails from the Yahoo servers and save them for discovery.

6. Mr. Mann accompanied me to an established computer forensic firm called Sensei, Inc. in Fairfax, Va. and I gave them my password and authorized them to download, and retain all emails from the Yahoo email account that I used for all email communications during the relevant time frame of this case.

7. After reviewing all of the several hundred emails thus downloaded, I provided to all parties all the documents responsive to discovery requests or relevant to this case.

Most of these documents were provided in April 2007.

8. At the time of the preliminary Injunction hearing and my accompanying Hearing Memorandum on October 28, 2005, I did not recall nor had I retrieved the Nov. 16 2004 email from the Yahoo network server. (A very tedious and laborious process) However, the Oct. 20 2004 email that I had retrieved said much the same thing as the Nov 16 2004 email, and I did not foresee that Ellipso, and David Castiel personally, would mislead not only this Court, but the Appellate Court as well. I did not, at that time appreciate his willingness to commit perjury.

I declare, pursuant to 28 U.S.C. Sec. 1746 and under the penalty of perjury, that the foregoing is true and correct to the best of my personal knowledge and belief.

Date: August 7, 2008

Robert B. Patterson