IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | CA No.: 05-01186(RCL) |
| ) | |
| JOHN B. MANN, et al. ) | |
| ) | |
| Defendants/Counter-Plaintiffs. ) | |

**DEFENDANT ROBERT PATTERSON'S MOTION FOR COSTS AND DAMAGES OCCASIONED BY THE PRELIMINARY INJUNCTION ISSUED NOVEMBER 2, 2005**

COMES NOW DEFENDANT ROBERT PATTERSON, to move this honorable court to grant Patterson costs and damages occasioned by the Preliminary Injunction improvidently granted by this court based on Plaintiff Ellipso, Inc.'s perjured testimony by Dr. David Castiel, its owner and CEO, concerning his lack of knowledge that Patterson was part owner of Defendant MannTechnologies, LLC. Castiel's false testimony was the sole basis upon which the injunction was issued.

For the reasons set forth in the accompanying Memorandum of Points and Authorities, Patterson moves this honorable court to grant Patterson, costs and damages in the amount of sixty one thousand three hundred eighty dollars and seventy three cents ($61,380.73), and to grant such other relief as may be just and proper.

Respectfully submitted,

Robert Patterson, pro se
PO 3106
Reston, VA 20195
(571) 278-7076

RECEIVED
AUG 1 5 2008
NANCY MAYER WHITTINGTON CLERK
U.S. DISTRICT COURT

## CERTIFICATE OF SERVICE.

I certify that a true and correct copy of the forgoing was mailed, fist class postage paid, this 14th day of August, 2008, to:

Vanessa Carpenter Lourie, Esq.
4400 MacArthur Blvd., N.W.
Suite #205
Washington, D.C. 20007-2521

Christopher Hoge, Esq.
1717 Rhode Island Ave., N.W.
Seventh Floor
Washington, D.C. 20036

Robert Patterson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC.                              )
                                           )
    Plaintiff/Counter-Defendant,           )
                                           )
        v.                                 ) CA No.: 05-01186(RCL)
                                           )
JOHN B. MANN, et al.                       )
                                           )
    Defendants/Counter-Plaintiffs.         )

**DEFENDANT ROBERT PATTERSON'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS
MOTION FOR COSTS AND DAMAGES OCCASIONED BY THE
PRELIMINARY INJUNCTION ISSUED NOVEMBER 2, 2005**

COMES NOW DEFENDANT ROBERT PATTERSON, and files this Memorandum of Points and Authorities in Support of His Motion for Costs and Damages Occasioned by the Preliminary Injunction Issued November 2, 2005.

BACKGROUND. Patterson adopts and incorporates the factual statement contained in the Mann Defendant's Motion for Costs and Damages Occasioned by the Preliminary Injunction Issued on Nov. 2, 2005, and will not repeat them here. Patterson would only note that this court in its order affirming and modifying the Preliminary Injunction, entered November 2, 2005, that the defendants could submit a bill of costs for all damages caused by the issuance of the Preliminary Injunction, should the injunction be found to be improvidently granted. This court has now found the issuance of the injunction was improper.

PATTERSON'S COSTS. As set forth in the accompanying affidavit, Patterson was required to spend two hundred twenty three and three quarters of an hour (223.75) of professional time defending against, and ultimately succeeding in having the Preliminary

Injunction quashed. Additionally, Patterson incurred expenses occasioned by the defense against this Preliminary Injunction in the amount of five thousand four hundred fifty-three dollars and twenty-three cents ($5,453.23).

CASTIEL/ELLIPSO'S ACTIONS. Had Ellipso's owner and CEO, David Castiel, been truthful in his testimony and representations to this court, the Preliminary Injunction could not have issued. The actions of Castiel and Ellipso were deliberately taken to injure Patterson, and to the extent set forth here, succeeded in harming Patterson in the amount of sixty one thousand, three hundred eighty dollars, and seventy three cents ($61,380.73). It is unconscionable that Castiel and Ellipso be allowed to use this court as an instrument to rob Patterson of his time and his property.

WHEREFORE, Patterson moves this honorable court to grant a money judgment against Ellipso, Inc., and its owner and CEO, David Castiel, in the amount of sixty one thousand, three hundred eighty dollars and seventy three cents ($61,380.73), and to grant such other relief as may be just and proper.

Respectfully submitted,

Robert Patterson, pro se
PO 3106
Reston, VA 20195
(571) 278-7076

Ellipso, Inc. v John Mann, et al, Civil Action No. 05-01186

**AFFIDAVIT OF ROBERT PATTERSON IN SUPPORT OF HIS MOTION FOR THE RECOVERY OF HIS COSTS CAUSED BY THE WRONGFUL ISSUANCE OF THE PRELIMINARY INJUNCTION IN THIS MATTER ON NOVEMBER 2, 2005.**

1. My name is Robert Patterson. My mailing address is PO Box 3106, Reston, Virginia 20195. I am over the age of twenty-one and I make this affidavit upon personal knowledge of the facts set forth herein.

2. As a direct consequence of the actions taken by Plaintiff, Ellipso, Inc. and its owner and CEO, David Castiel, I was forced to devote two hundred twenty three and three quarters hours (223.75) of my professional time to responding to, and defending against the Preliminary Injunction sought by Ellipso/Castiel against me. The cost at which my time is charged, is the same value which Ellipso agreed to pay me for the three years I worked for Ellipso, two hundred fifty dollars per hour ($250.00). [n.b. Ellipso paid only a tiny fraction of the amounts owed to me; and still owes me in excess of three hundred thousand dollars for the work I provided to them].

3. In addition to the costs in time, I also incurred out of pocket costs for experts, travel, deposition transcripts, copies and postage, in the amount of five thousand four hundred fifty three dollars and twenty-three cents ($5,453.23). None of these costs would have been incurred but for Castiel/Ellipso's wrongful and perjured testimony before this court (and also before the court of appeals).

4. In the Order affirming the Preliminary Injunction entered November 2, 2005, , this court allowed defendants to recover any costs associated with the issuance of the

Preliminary Injunction. All the costs set forth herein were directly and solely caused by the improvident granting of the injunction.

Sworn to under penalty of perjury, the statements herein are true and correct.

*[signature]*

Robert Patterson        August 14, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
ELLIPSO, INC.                           )
                                        )
     Plaintiff/Counter-Defendant,       )
                                        )
              v.                        )  CA No.: 05-01186(RCL)
                                        )
JOHN B. MANN, et al.                    )
                                        )
     Defendants/Counter-Plaintiffs.     )
```

**ORDER**

Defendant Robert Patterson has moved for the recovery of costs in both time and moneys associated with his defense against the issuance of this court's Preliminary Injunction on November 2, 2005, and its ultimate lifting on April 1, 2008. Upon consideration of the motion and the responsive pleadings thereto, together with the entire record, it is **ORDERED**:

That Plaintiff Ellipso, Inc. and its owner and CEO, David Castiel, are jointly and severally liable to Defendant Robert Patterson in the amount of sixty one thousand three hundred eighty dollars and seventy three cents ($61,380.73), together with statutory interest thereon from the date of this Order, as a consequence of their wrongful actions before this court.

**ENTERED** this ____ day of _____, 2008.

Royce C. Lamberth, Chief Judge
United States District Court