IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC.                              )
                                           )
     Plaintiff/Counter-Defendant,          )
                                           )
          v.                               ) CA No.: 05-01186(RCL)
                                           )
JOHN B. MANN, et al.                       )
                                           )
     Defendants/Counter-Plaintiffs.        )


**MOTION OF DEFENDANT ROBERT PATTERSON
FOR
RULE 11 SANCTIONS AGAINST DEFENDANT ELLIPSO, INC.
AND
DAVID CASTIEL INDIVIDUALLY**

COMES NOW DEFENDANT ROBERT PATTERSON and moves this Court to impose sanctions pursuant to Rule 11, Fed.R.Civ.P, for bringing and prosecuting this case in bad faith, and for committing numerous acts of perjury, concealment of evidence, and for making deliberate and knowing misrepresentations of fact to this Court, the Court of Appeals for the District of Columbia, and The United States Bankruptcy Court for the District of Columbia; all for the purpose of harassing, vexing, and demeaning the defendants herein.

For the reasons set forth in the accompanying Memorandum of Points and Authorities, Defendant Robert Patterson moves this Court to impose Rule 11 Sanctions on Defendant Ellipso, Inc., and David Castiel, individually, jointly and severally, in the

**RECEIVED**

AUG 1 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

amount of five hundred thousand dollars ($500,000.00), and to grant such other relief as may be just and proper.

Respectfully submitted,

Robert Patterson, pro se
PO 3106
Reston, Virginia 20195
(571) 278-7076

**CERTIFICATE OF SERVICE.**

I certify that a true and correct copy of the forgoing was mailed, fist class postage paid, this 15th day of August, 2008, to:

Vanessa Carpenter Lourie, Esq.
4400 MacArthur Blvd., N.W.
Suite #205
Washington, D.C. 20007-2521

Christopher Hoge, Esq.
1717 Rhode Island Ave., N.W.
Seventh Floor
Washington, D.C. 20036

Robert Patterson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | CA No.: 05-01186(RCL) |
| ) | |
| JOHN B. MANN, et al. ) | |
| ) | |
| Defendants/Counter-Plaintiffs.) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF
DEFENDANT ROBERT PATTERSON'S
MOTION FOR RULE 11 SANCTIONS AGAINST DEFENDANT ELLIPSO, INC.
AND
DAVID CASTIEL INDIVIDUALLY

COMES NOW DEFENDANT ROBERT PATTERSON and files this Memorandum of Points and Authorities in support of his Motion for Rule 11 Sanctions against Defendant Ellipso, Inc. and its owner and president, David Castiel, individually. This entire proceeding rested on the knowingly false testimony of David Castiel ("Castiel") that he was not aware that Defendant Robert Patterson ("Patterson") had an ownership interest in Defendant MannTechnologies, LLC (MannTech"), and thus was defrauded. This knowingly perjured assertion was repeatedly sworn to by Castiel from his first affidavit in this matter up to and including his testimony at trial where he continued to state that he did not know of Patterson's interest in MannTech on or after June 2004, despite this Court's factual finding that Castiel, and Ellipso, had knowledge "at least as early as June 2004." Based on Castiel's perjury, this Court both issued a Preliminary Injunction, and denied Defendant's Motion for Summary Judgment. Absent Castiel's

perjury, neither action could have been taken by this Court, and six days of trial time would not have been wasted.

To conceal his perjury, Castiel concealed incriminating evidence. Defendants produced two incriminating emails from Castiel, October 20, 2004, and November 16, 2004, in which Castiel admits knowing of Patterson's interest in June 2004. [Castiel obtained the Preliminary Injunction and defended it before the Court of Appeals by falsely asserting that the October 20, 2004, email was ambiguous and that he had no knowledge of the interest in June 2004. It was only after Defendant confronted Castiel with the November 16, 2004, email that Castiel admitted he had some knowledge in June 2004.] While Castiel produced numerous emails from June through December 2004, these two dispositive emails were never produced; and no plausible explanation was ever offered of why these two particular emails were not on his computer. Despite repeated efforts, Defendants were never able to obtain access to Castiel's personal computer that would contain the metadata to show his destruction of evidence.

Likewise in sworn Answers to Interrogatories and Responses to Requests for Admissions Castiel repeatedly and consistently submits perjured testimony, denying knowledge of Patterson's interest in MannTech, and even concocting elaborate stories about "confessions" at Starbucks in an attempt to make his lies seem plausible. Absent all these lies, this case could never have been brought.

But this is not the first time that Castiel has committed perjury to subvert the judicial process. On the stand at trial he was forced to admit that he had filed fraudulent schedules in a bankruptcy proceeding in this Court by knowingly concealing ownership of more than one million five hundred thousand (1,500,000) shares of ICOHA stock from

the creditors. Castiel/Ellipso have been involved in more than twenty (20) law suits in the past five years. Many of these involved litigants who claimed that Ellipso/Castiel owed them money (mostly wages or fees for services). Castiel/Ellipso have refused to pay Patterson for the two and half years of services he provided to them, in an amount exceeding three hundred thousand dollars ($300,000,00)

Other litigations involved an investor in Ellipso, Peter Sehagen, from whom Castiel/Ellipso accepted nine million two hundred thousand dollars, ($9,200.000.00). Castiel/Ellipso then spent three million dollars ($3,000,000.00) of Mr. Sehagen's money to divest Mr. Sehagen of his ownership interest in Ellipso, keeping the remaining six million dollars ($6.000.000.00). [n.b. Castiel testified that he did not plan to pay almost one million dollars ($1,000,000,00) of the legal fees due on this litigation, thus further increasing Castiel's "take."]

It appears that Castiel/Ellipso have learned how to make the courts their accomplice. At trial Castiel admitted that he continues his litigious behavior, most recently suing ICO in the Superior Court for the District of Columbia.

This action, specifically Castiel's perjury and concealment of evidence, show a total disregard for the integrity of this Court and the judicial system.

As a consequence of Castiel's perjury, Patterson has been required to devote more than two thousand (2,000) hours of his time to defending this matter. Defendant John Mann has expended a like amount of effort to fend off this totally fabricated law suit. It is clear that Castiel was counting on Patterson and Mann agreeing to settle with him rather than incur the two hundred thousand dollar plus ($200,000,00+) legal fees and loss of personal time required to defend. This is not a case of an honest litigant, or a fair

disagreement over the meaning of some contract term. This is a totally fabricated case, deliberately and knowingly brought and prosecuted by Castiel, designed to harass, vex, embarrass, cheat, and discredit the defendants.

Defendant Ellispo, of course has no persona. It is Ellipso's owner and president, Castiel, who acts for Ellipso, and it is Castiel who has committed the perjury here on Ellipso's behalf. It is also Castiel, the principal owner of Ellipso, who stood to benefit from this litigation. As such, this Court should assess sanctions against both Ellipso and David Castiel, jointly and severally. [Given the evidence of Castiel's willingness to move corporate assets from one Ellipso entity to another to defraud his creditors, assessing Castiel personally may be the only way to afford Defendants any real possibility of collecting.]

Defendant Robert Patterson asks this Court to impose Rule 11 Sanctions in the amount of five hundred thousand dollars ($500,000.00), jointly and severally, against Ellipso, Inc., and David Castiel, and to grant such other relied as may be just and proper.

Respectfully submitted,

Robert Patterson, pro se
PO 3106
Reston, VA 20195
(571) 278-7076

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. | ) |
|    Plaintiff/Counter-Defendant, | ) ) ) |
|                v. | ) CA No.: 05-01186(RCL) ) |
| JOHN B. MANN, et al. | ) ) |
|    Defendants/Counter-Plaintiffs. | ) |

## ORDER

Defendant Robert Patterson has moved this Court to impose sanctions pursuant to Rule 11, Fed.R.Civ.P., on both Plaintiff, Ellipso, Inc. and its owner and CEO, David Castiel, infividually. Upon consideration of the motion and the responsive pleadings thereto, together with the entire record, it is **ORDERED:**

That Plaintiff Ellipso, Inc. and its owner and CEO, David Castiel, are jointly and severally liable to Defendant Robert Patterson pursuant to Rule 11, Fed.R.Civ.P. in the amount of five hundred thousand dollars ($500,000.00), together with statutory interest thereon from the date of this Order, as a consequence of their wrongful actions before this court and the Court of Appeals pursuant to this matter.

**ENTERED** this ____ day of _____, 2008.

                                                                 Royce C. Lamberth, Chief Judge
                                                                  United States District Court

Seen:

---
Vanessa Carpenter Lourie, Esq.
Counsel for Ellipso, Inc.
4400 MacArthur Blvd., N.W.
Suite #205
Washington, D.C. 20007-2521

---
David Castiel
4819 Indian Lan, N.W.
Washington, D.C. 20016-3203

---
Christopher Hoge, Esq.
Counsel for MannTechnologies, LLC, and
John Mann
1717 Rhode Island Ave., N.W.
Seventh Floor
Washington, D.C. 20036

---
Robert Patterson, pro se
PO 3106
Reston, VA 20195