IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
ELLIPSO, INC.                          )
                                       )
    Plaintiff/Counter-Defendant        )
                                       )
            v.                         ) CA No.: 05-01186 (RCL)
                                       )
JOHN B. MANN, et al.                   )
                                       )
    Defendants/Counter-Plaintiffs.     )
_____)
```

**OPPOSITION TO MOTION OF DEFENDANT ROBERT PATTERSON
FOR COSTS AND DAMAGES OCCASIONED BY THE PRELIMINARY
INJUNCTION ISSUED NOVEMBER 2, 2005.**

Plaintiff/Counter-Defendant Ellipso, Inc. ("Plaintiff" or "Ellipso") hereby submits its Opposition to Motion of Defendant Robert Patterson for Costs and Damages Occasioned by the Preliminary Injunction Issued November 2, 2005.

**PRELIMINARY STATEMENT**

On or about July 14, 2008, defendant Mann Technologies, LLC filed its Motion for Costs and Damages Occasioned by the Preliminary Injunction Issued November 2, 2005. Plaintiff filed its opposition thereto on August 3, 2008. The injunction placed a freeze on the ICOHA shares which were the subject of this litigation, including prohibiting the further sale of any assets obtained from the proceeds of the sale of any ICOHA shares. Patterson filed his instant motion on or about August 18, 2008

claiming entitlement to damages as a result of the injunction.

Plaintiff incorporates by reference its argument made in opposition to the motion for costs filed by Mann Technologies, LLC. (hereinafter referred to as "Mann Tech"). With respect to Patterson's motion, for the additional reasons stated below, the motion should be denied as wholly without merit.

## ARGUMENT

### A. Patterson Had No Interest In The Stock As It Was Wholly Owned by Defendant Mann Tech.

The collateralized loan agreement was executed between Ellipso and Mann Tech, not with Patterson. The stock was the property of Mann Tech, and not Patterson. Patterson has failed to articulate any basis upon which he had a personal claim to the stock separate and apart from his interest in Mann Tech. Thus, Patterson suffered no compensable damages as a result of the injunction placed on the collateral of the Collateralized Loan Agreement, and is not entitled to an award of damages as a result of the injunction.

**B. Patterson Has Failed To Provide Any Legal Or Factual Basis To Support The Fees and Costs Requested**

Patterson filed his *pro se* opposition to plaintiff's motion for a preliminary injunction on or about October 28, 2005. Inexplicably, Patterson failed to apprise the Court of the November 16, 2004 e-mail that purportedly established plaintiff's knowledge of his dual role with Ellipso and Mann Tech until almost sixteen (16) months years after entry of the injunction. Of all the parties to this litigation, Patterson was the one most likely to have possession of the e-mail, since it was supposedly sent to him by Dr. Castiel, and not copied to John Mann.

Further, there is absolutely no dispute that Ellipso was having computer problems in 2004 and in fact, lost a significant portion of the data on its computer. To this date, Patterson has failed to explain why and how this e-mail appeared just a few months ago. Patterson neither made reference to it, nor alleged that such an e-mail existed, despite a heated contest of the request made by Ellipso.

Most importantly, Patterson makes the unheard of claim for reimbursement for his time, not as a lawyer, but at his consultant's rates. It is not surprising that he has failed to cite even one case to support his request, as there is

none. Even if he attempted to claim the equivalent of attorney's fees, there are two (2) very basic reasons why he could not prevail on such a claim. One, he was disbarred from the practice of law in the District of Columbia. Two, even if he had not been disbarred, a pro se lawyer is not entitled to recover legal fees. Kay v. Ehrler, 499 U.S. 432; 111 S.Ct. 1435; 113 L.Ed. 2d 486 (1991).

Additionally, Patterson's request is completely lacking in supporting documentation, which is mandatory. Williams v. Central Money Co., 1997 U.S. Dist. LEXIS 23834; Kattan v. The District of Columbia, 1997 U.S. Dist. LEXIS 14543. Even if Patterson could overcome all of the legal hurdles to his claim, there is no factual basis to support the request. He has made bald assertions as to his "losses" without one shred of proof of even his claimed out-of-pocket expenses. Consequently, his motion utterly fails to comply with the rules by any measure.

**CONCLUSION**

Defendant Patterson has failed to set forth any law, facts, or documents to support his position that he is entitled to an award of damages as a result of the injunction. Consequently, his motion should be summarily denied.

Respectfully submitted,

/s/
Vanessa Carpenter Lourie, #250068
4400 MacArthur Blvd., N.W., #205
Washington, D.C. 20007-2521
(202) 342-8000 (Office)
(202) 342-9000 (Facsimile)
vlourie@carpenterlourie.com
Counsel for Plaintiff/Counter-Defendant


_____/s/_____
Linda Awkard, #38748
4201 Cathedral Avenue, N.W.
Suite 1416 W
Washington, D.C. 20016
(202) 237-1535 (Telephone)
(202) 237-1204 (Facsimile)
lawkard@earthlink.net (e-mail)
Counsel for Plaintiff/Counter-Defendant

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the Opposition to Motion of Defendant Robert Patterson for Costs and Damages Occasioned by the Preliminary Injunction Issued November 2, 2005, Memorandum of Points and Authorities, and proposed Order were served this August 29, 2008 on:

        Christopher G. Hoge, Esquire
        1710 Rhode Island Avenue, NW
        7th Floor
        Washington, DC 20036

by electronic delivery by CM/ECF and on:

        Robert B. Patterson
        PO Box 3106
        Reston, Virginia 20195

by first class mail, postage prepaid.

                /s/
        Vanessa Carpenter Lourie, Esquire