IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
ELLIPSO, INC.                          )
                                       )
    Plaintiff/Counter-Defendant,       )
                                       )
           v.                          ) CA No. 05-01186 (RCL)
                                       )
JOHN B. MANN, et al.                   )
                                       )
    Defendants/Counter-Plaintiffs.     )
_____)
```

**OPPOSITION TO MOTION OF DEFENDANT ROBERT PATTERSON
FOR RULE 11 SANCTIONS AGAINST DEFENDANT ELLIPSO, INC.
AND DAVID CASTIEL, INDIVIDUALLY**

Plaintiff/Counter-Defendant Ellipso, Inc. ("Plaintiff" or "Ellipso") and David Castiel hereby submit their Opposition to Motion of Defendant Robert Patterson for Rule 11 Sanctions Against Defendant Ellipso, Inc. and David Castiel.

**PRELIMINARY STATEMENT**

Plaintiff filed its Complaint on June 14, 2005. After many dispositive motions, none of which was a motion for sanctions, trial commenced in this case on July 28, 2008, more than three (3) years after it was initially filed. Now, after trial, Patterson files this untimely, and wholly baseless motion against plaintiff, and a non-party, David Castiel. As set forth below, Patterson's motion fails to comply in any regard to the standards and requirements for

the imposition of Rule 11 sanctions as requested and should be denied.

## ARGUMENT

### I. Overview of Applicable Rule

In order to obtain sanctions under FRCP 11, a motion for sanctions must be made separately from any other motion or request, and must be served in accordance with FRCP-5 twenty-one (21) days prior to presentation to the Court, and only if "the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected". No proposed motion for sanctions was served in compliance with that rule. Having failed to take the requisite steps to comply with the "safe harbor" requirements, FRCP-11 does not support Patterson's claim for sanctions. Further, because of the "safe harbor" requirement, FRCP-11 motions cannot be filed after the entry of judgment. See Benedict v. Allen, 2001 U.S. Dist. LEXIS 26292 (CA #00-1923).

## II. Even if Patterson Had Complied with the "Safe Harbor" Requirements, The Motion for Sanctions Should Be Denied On The Merits

### A. Plaintiff Had A Meritorious Claim

Despite Patterson's assertions, plaintiff firmly believes that the claim was both meritorious when it was filed, and that there was a justifiable basis for continuing to pursue it. Contrary to the allegations made by Patterson, the instant lawsuit was filed to seek damages resulting from the fraud perpetrated as a result of Patterson's dual role as a consultant and advisor to Ellipso, and as a co-owner of the lender, defendant Mann Technologies, LLC (hereinafter "Mann Tech").

In directing verdict for the defendants, this Court did not make a finding as to the claim of fraud, but rather based its judgment on a finding of the absence of damages. Patterson and Mann were not absolved of the claim of fraud, with or without damages, as that question was never put to the jury. The Court had already ruled in its denial of defendants' motion for summary judgment that a reasonable jury could find fraud based on the facts of this case. As a result, this case was filed and prosecuted well within the rules.

In order to support his claim for sanctions, Patterson relies primarily on an e-mail written in November of 2004, almost a year after the defendants claim that knowledge of Patterson's ownership interest in Mann Tech was revealed to Dr. Castiel. The e-mail states: "I did not know until June [2004] that you were a 50% owner of Mann Tech". That sentence, if accepted at face value, establishes that plaintiff was not aware at the time of the execution of the loan documents in January of 2004 that Patterson was indeed a Trojan Horse undermining Ellipso's position at every turn, and in every round of negotiations, until at the earliest in June of 2004. Therefore, and consistent with this Court's ruling with respect to the request for summary judgment, the jury could have found that there was fraud at the inception of the transaction.

Since Patterson cannot clearly establish any basis for perjury prior to June of 2004, he must necessarily rely on claims of lack of knowledge by Dr. Castiel of Patterson's duplicity after June of 2004. First, all statements made by Ellipso through Dr. Castiel in support of the preliminary injunction were presented "to the best of his knowledge and belief". Dr. Castiel testified that he still believed his statements in support of the preliminary injunction on behalf of plaintiff to be the truth, notwithstanding the

November 16, 2004 e-mail purporting to confirm his knowledge some six (6) months earlier, in June of 2004.

In any event, with respect to period of time from June to November 2004, the only impact of the timing of plaintiff's knowledge, is whether the August amendment was a ratification of the fraudulent contract obtained by defendants John Mann and Patterson, not whether there was fraud at the outset. In fact, based on that November e-mail of which Patterson makes much, a reasonable jury could have found that there was fraud since the e-mail clearly supports the plaintiff's assertion that the loan agreement with Mann Tech was entered into without the knowledge of Patterson's dual role.

Other than their own testimony, neither Mann nor Patterson presented any evidence at the trial to support their claims that plaintiff was aware of their joint ownership of Mann Tech. In fact, in a June 15, 2004 e-mail to Patterson which was introduced at trial, Dr. Castiel refers to Mann Tech as "they", not "you", obviously strongly suggesting that at least as of that date, Patterson's role was still unknown to him. When confronted with this e-mail during his examination, Patterson had the temerity to testify that "they" could be used in the singular or the plural forms. Other than this assertion,

5

the defendants had no reasonable explanation for why the June 15, 2004 e-mail, which was their trial exhibit, refers to "they" when Dr. Castiel presumably knew as early as the previous Thanksgiving that Mann Tech was partially owned by Patterson.

In support of their assertion that the plaintiff knew of their relationship, the defendants claimed in their testimony that Dr. Castiel was at a meeting on "the Saturday of Thanksgiving" where all three parties discussed Patterson's interest in Mann Tech. Since Dr. Castiel was in New York for the entire Thanksgiving weekend with his family, this supposed testimony claiming to prove his knowledge at the outset of the relationship was patently false.

Finally, Patterson, and perhaps Mann as well, had access to the November e-mail prior to the injunction hearing, during the reconsideration filing, and during the appeal process. Ellipso did not have that e-mail, as well as many others, because of computer problems which have been acknowledged by all parties. Since the e-mail was supposedly sent to Patterson, any assertion that Ellipso willfully withheld it is patently ridiculous. If Ellipso knew of the existence of the e-mail, or if Dr. Castiel had

6

any memory of sending it, to pretend it did not exist would have been foolish.

Why Patterson waited until March 2007, some twenty (20) months after the filing of the lawsuit, to produce such evidence that would have defeated the injunction remains a mystery. Had Ellipso known of such evidence, and the fact that Mann Tech had depleted most of the ICO assets by the time of the injunction request, it would not have filed for an injunction, and would have conducted its case in a more efficient manner. The absence of the e-mail in the beginning weeks of the case prejudiced Ellipso much more than the defendants.

### B. Neither Plaintiff Nor Dr. Castiel Violated FRCP-11.

As the Court held in the Estate of Delaney v. Elliott, 819 A.2d 968: "courts are to exercise their inherent power to sanction by awarding attorneys' fees with 'restraint and discretion'". Id. at 998 citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). FRCP 11 is merely a very narrow exception to the American Rule and is not to be used to deter litigation based on a fear of losing and being forced to pay substantial legal fees. Estate of Delaney, supra.

7

As previously stated, plaintiff had a good faith basis for filing its Complaint. There is no evidence, other the claim regarding when plaintiff knew of Patterson's dual role, that plaintiff did not prosecute its Complaint in good faith. The only impact of the November 16, 2004 e-mail relates to the nature of plaintiff's claim, not whether it had a claim.

### C.  Patterson Is Not Entitled to Sanctions

Defendant Patterson is not entitled to any sanctions as requested in his motion. He seeks the imposition of a penalty of Five Hundred Thousand Dollars ($500,000.00), and he has set forth absolutely no basis for his claim. Clearly, the sum sought cannot be legal fees since Patterson represented himself *pro se.* More importantly, he is not entitled to legal fees even as a *pro se* party since he was disbarred from the practice of law in the District of Columbia.

Even if he was entitled somehow to legal fees, he has not set forth any reason why the "American Rule" that requires that each party bear its own attorneys' fees should not be applied to this case. Derzavis v. Security Storage Company of Washington, 703 A.2d 839 (1997) The cited rule upon which Patterson relies does not support his claim for sanctions in any respect.

### D. The Sanction Sought by Patterson Has No Legal Basis.

Even if Patterson were entitled to the imposition of sanctions, he is not entitled to any fine pursuant to FRCP-11. There is absolutely no provision in the rule for a sanction of this nature to a party. Even if he was entitled to the relief requested, the amount claimed is so exorbitant as to be not just unreasonable, but completely unconscionable. It clearly is not requested to deter the complained of conduct in the future, it is an obvious attempt to recoup what Patterson believes to be his unpaid compensation, and other losses as a result of his relationship with the plaintiff. Clearly, he is not entitled to such relief by means of rule 11 sanctions.

**CONCLUSION**

In making the claim his claim for sanctions, defendant has sought to circumvent the requirements of FRCP-Civil 11. Plaintiff respectfully urges the Court to deny Patterson's request in whole.

August 29, 2008        Respectfully submitted,

                       _/s/_____
                       Vanessa Carpenter Lourie, #250068
                       4400 MacArthur Blvd., N.W.
                       Suite #205
                       Washington, D.C. 20007-2521
                       (202) 342-8000 (Telephone)
                       (202) 342-9000 (Facsimile)
                       vlourie@carpenterlourie.com (e-mail)

                       __/s/_____
                       Linda Awkard, #38748
                       4201 Cathedral Avenue, N.W.
                       Suite 1416 W
                       Washington, D.C. 20016
                       (202) 237-1535 (Telephone)
                       (202) 237-1204 (Facsimile)
                        lawkard@earthlink.net (e-mail)

                       Counsel for Plaintiff

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Opposition was served this August 29, 2008 on:

>Christopher Hoge, Esquire
>Crowley, Hoge & Fein, P.C.
>1710 Rhode Island Avenue, N.W.
>Suite 700
>Washington, D.C. 20036-3125

by electronic delivery by CM/ECF and on:

>Robert B. Patterson
>PO Box 3106
>Reston, Virginia 20195

by first class mail, postage prepaid.

                        __/s/_____
                        Vanessa Carpenter Lourie, Esquire

11