IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELLIPSO, INC.** ) | |
| ) | |
| Plaintiff/Counter-Defendant ) | |
| ) | |
| v. ) | Civil Action No.: 05-01186 (RCL) |
| ) | |
| **JOHN B. MANN, et al.** ) | |
| ) | |
| Defendants/Counter-Plaintiffs ) | |
| _____) | |

**PLAINTIFF/COUNTER-DEFENDANT'S OPPOSITION TO ROBERT PATTERSON'S MOTION TO REINSTATE COUNTER CLAIMS AND TO ENTER JUDGMENT AGAINST PLAINTIFF/COUNTER-DEFENDANT**

Plaintiff/Counter-Defendant Ellipso, Inc. ("Plaintiff" or "Ellipso") hereby submits the instant Opposition to Defendant Robert Patterson's motion for reconsideration of the Court's April 27, 2006 Order dismissing, *inter alia*, his counterclaims of breach of contract, *quantum meruit* and unjust enrichment, and for entry of judgment on his claims. For the reasons expressed below, the motion should be denied.

**PRELIMINARY STATEMENT**

Defendant Robert Patterson (hereinafter "Patterson") filed his Counterclaims against Ellipso on or about February 24, 2006. Ellipso filed its motion to dismiss the Counterclaims on March 6, 2006. This Court granted Ellipso's motion on April 27, 2006. Now, over two (2) years later, and after trial, Patterson seeks inexplicably to have the Court not only reinstate his counterclaims, but to enter judgment against Ellipso. This request is so patently frivolous that the Court should sua sponte order Patterson to reimburse Ellipso's its legal fees in having to respond to the motion.

First, Patterson argues that this Court erred in denying his breach of contract claim because according to Patterson the contract was made with him personally in addition to the unincorporated Consulting Management Ltd. ("CM") of which Patterson was acting as agent. Second, Patterson argues that the Court erred in finding that the doctrine of unclean hands precluded his counterclaims of *quantum meruit* and unjust enrichment. The Court found, however, that Patterson engaged in deceitful representation in purporting to contract with Ellipso on behalf of a non-existent corporation. The Court further found that such misrepresentation and bad faith dealings indeed warranted the dismissal of the counterclaims of *quantum meruit* and unjust enrichment.

Patterson has set forth no basis in law or procedure for this Court to reconsider its original ruling at this stage of the litigation. Patterson never requested that the Court reinstate his counterclaims based on evidence adduced during discovery. Patterson did not request that the Court reinstate his counterclaims for trial as part of the pretrial process. Patterson waited until after the entry of judgment and conclusion of the trial to not only request that his counterclaims be reinstated, but that this Court enter judgment in his favor. He has not cited one rule that would allow such extraordinary relief because no such rule exists. Accordingly, there being no basis under Rules 59 or 60, which he cited, for this Court to reconsider its April 27, 2006 Order, Ellipso respectfully requests that this Court deny the motion for reconsideration.

## **ARGUMENT**

I. **Standard of Review**

Patterson moves for reconsideration under Federal Rules of Civil Procedure 59(e), and 60(b)(1). Pursuant to Rule 59(e) an order is subject to reconsideration only if based on "extraordinary circumstances" such as a showing of "clear error", and must be filed within ten (10) days, which the instant motion was not. <u>Lightfoot v. District of Columbia</u>, 355 F. Supp. 2d 414, 421 (D.D.C. 2005). Moreover, a "Rule 59(e) motion is not a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier". <u>Id</u>. (internal citations and quotations omitted). This is exactly what Patterson is attempting to do in his motion, and even if it was filed timely, would still not meet the requirements of Rule 59(e).

Rule 60(b)(1) allows relief from a "final judgment, order, or proceeding" as the result of a mistake or inadvertence, and must be filed within one year after entry of the Order. Patterson's motion does not articulate any mistake or inadvertence that would justify reinstatement of his counterclaims. Therefore, as to Rule 60(b)(1), the motion is not only untimely, but the arguments in support thereof are unavailing, and the request should be summarily denied.

In light of these standards, and as argued below, it is quite clear reconsideration is not warranted under the rules cited by Patterson.

## II.     The Motion for Reconsideration Should Be Denied

### A.     There are Insufficient Facts To Prove That Ellipso Contracted With Patterson.

Patterson's Counterclaim for Breach of Contract alleged that he had a contract personally with Ellipso. The Court found that the "contract" upon which he was relying was entered into with CM and not with him personally. The Court further found that because CM was not duly incorporated, CM lacked the ability to contract, and thus lacked the ability to claim a breach of contract.  In his opposition to Ellipso's motion to dismiss his Counterclaims, Patterson argued that he was a third party beneficiary of the contract between Ellipso and CM. Now, he argues again that Ellipso had a contract not only with CM but also with him individually.

Patterson's basis for arguing that Ellipso contracted with him individually in addition to with CM is premised upon correspondence between Ellipso and CM. Patterson asserts that because Ellipso's contact with him as CM's agent included personal pronouns such as "you", this created an additional agreement between Ellipso and Patterson. Such a suggestion is ludicrous. He further attempts to set forth a twist on his cause of action – that his claim is not solely for breach of the written contract, but for breach of an "implicit" contract. However, nowhere in his counterclaim for breach of contract is there an allegation of an "implicit" contract.  The Court was correct in its analysis, and in denying Patterson's' claims of breach of contract based upon CM's inability to contract, and should not reinstate the claim at this late date.

### B.  The Doctrine Of Unclean Hands Indeed Applies To Patterson's Claims Of Unjust Enrichment & *Quantum Meruit*.

It is well established law in the District of Columbia that plaintiffs with unclean hands are prohibited from obtaining equitable relief:

> In an action in equity 'he who asks relief must have acted in good faith.  The equitable powers of th[e] court can never be exerted in behalf of one who has acted fraudulently or who by deceit or any unfair means has gained an advantage.  To aid a party in such a case would make th[e] court abetter of iniquity.'  Thus, while 'equity does not demand that its suitors shall have led blameless lives, --- it does require that they shall have acted fairly and without fraud or deceit as to the controversy in issue.'

Synanon Found., Inc. v. Bernstein, 503 A.2d 1254, 1264 (D.C. 1986) (Citations omitted).

Patterson argues that the lack of incorporation of CM and his deceitfulness regarding that fact are not related to the controversy at issue.  This could not be further from the truth.  Ellipso contracted for the services of CM which was thought to be an established corporation based upon the representations of its agent Patterson.  Patterson now seeks to recover payment for services that Ellipso believed were the product of a business relationship with an incorporated entity  Since CM never was incorporated, and its agent Patterson led Ellipso to believe that it was, the deceitfulness certainly is related to the controversy at issue and the doctrine of clean hands applies.

Thus, the Court was correct in its analysis and in denying Patterson's' claims of unjust enrichment and *quantum meruit* based upon the clean hands doctrine.

**B.     There is No Basis In Law For Entry of Judgment As Requested by Patterson.**

Patterson requests that not only the Court reinstate his counterclaims that were dismissed over two (2) years ago, but that the Court also simply enter judgment in his favor based on trial testimony and evidence that did not even include his counterclaims. He obviously has cited no statute, rule, or case to support such an extraordinary remedy because it is highly unlikely that any exists.

## CONCLUSION

Upon consideration of the foregoing, Ellipso respectfully requests that this Court deny Patterson's motion for reconsideration.

September 2, 2008                                              Respectfully submitted,

_/s/_____
Vanessa Carpenter Lourie, #250068
4400 MacArthur Blvd., N.W.
Suite #205
Washington, D.C. 20007-2521
(202) 342-8000 (Telephone)
(202) 342-9000 (Facsimile)
vlourie@carpenterlourie.com (e-mail)


_/s/_____
Linda Awkard, #38748
4201 Cathedral Avenue, N.W.
Suite 1416 W
Washington, D.C. 20016
(202) 237-1535 (Telephone)
(202) 237-1204 (Facsimile)
lawkard@earthlink.net (e-mail)

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Plaintiff's Opposition to Defendant Patterson's Motion to Reinstate His Counter Claims was served this September 2, 2008 on:

        Christopher Hoge, Esquire
        Crowley, Hoge & Fein, P.C.
        1710 Rhode Island Avenue, N.W.
        Suite 700
        Washington, D.C. 20036-3125

by electronic delivery by CM/ECF and on:

        Robert B. Patterson
        PO Box 3106
        Reston, Virginia 20195

by first class mail, postage prepaid.

                                                        /s/_____
                                                  Vanessa Carpenter Lourie, Esquire