IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. ) | |
| ) | |
|     Plaintiff/Counter-Defendant ) | |
| ) | |
|            v.  ) | Civil Action No.: 05-01186 (RCL) |
| ) | |
| JOHN B. MANN, et al. ) | |
| ) | |
|     Defendants/Counter-Plaintiffs ) | |
| _____) | |

**OPPOSITION TO MANN DEFENDANTS' MOTION FOR RECONSIDERATION**

Plaintiff/Counter-Defendant Ellipso, Inc. ("Plaintiff" or "Ellipso") hereby submits its Opposition to Mann Defendants' Motion for Reconsideration.

**ARGUMENT**

**I.      Overview of Applicable Rule**

The Mann Defendants have moved for reconsideration of the Court's denial of their request for reimbursement of legal fees pursuant to Federal Rules of Civil Procedure 59(e), 60(b)(1) and 60(b)(6). None of theses cited rules, nor the case law cited by the Mann defendants support their request.

Rule 59(e) provides for the alteration or amendment of a judgment if filed within ten (10) days after entry of judgment. Such motions are not routinely granted; are within the sound discretion of the Court; are disfavored; and, only granted in "extraordinary circumstances" such as a showing of "clear error." Lightfoot v. District of Columbia, 355 F. Supp. 2d 414, 421 (D.D.C. 2005). In accordance with the holding in Lightfoot, a Rule 59(e) motion must serve as the basis for reconsideration if filed within ten (10) days of the entry of judgment, which the Mann Defendants' motion was, and a Rule 59(e) motion

cannot be used to raise arguments that could have been raised prior to the entry of judgment. That is exactly what the Mann Defendants are attempting to do here.

Rule 60(b)(1) allows relief from a "final judgment, order, or proceeding" as the result of a mistake or inadvertence, and sets no time limit for filing. Rule 60(b)(6) allows relief from a "final judgment, order, or proceeding" as the result of any other reason that justifies relief. Pursuant to Rule 60(b)(1), an order is subject to reconsideration only upon a showing that the Court's order was based on a clear mistake of fact. United States v. Pollard, 290 F. Supp. 2d 153, 157 (D.D.C. 2003). The Mann Defendants cannot satisfy this standard. Neither can they satisfy the standard required under Rule 60(b)(6) which applies only to "extraordinary situations" and permits reconsideration only "when a party . . . presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust." Lightfoot v. District of Columbia, 355 F. Supp. 2d 414, 421 (D.D.C. 2005).

None of the arguments set forth in the motion warrant this Court reversing itself and awarding legal fees and costs to the Mann Defendants.

**II.    The Motion for Reconsideration Should Be Denied**

    **A.    The Mann Defendants Cannot Seek Recovery for Legal Fees and Costs Incurred In The Unsuccessful Prosecution of Their Counterclaims, and the Defense of Plaintiff's Tort Claims Are Not Covered by the Terms of the Loan Agreement.**

There is no basis for the Mann Defendants' assertion that the American Rule does not apply to this litigation. The Mann Defendants rely upon the existence of the fee shifting provision in the Collateralized Loan Agreement which provides in toto "that in the event this Loan Agreement shall be successfully enforced by suit or otherwise, Borrower will reimburse the Lender or holder or holders of the Obligations, upon

demand, for all reasonable expenses incurred in connection therewith, including, without limitation, reasonable attorneys' fees and expenses". Plaintiff's Trial Exhibit #6 at ¶8.14. The Mann Defendants cannot rely on the fee-shifting provision of the loan agreement for an award of attorney's fees and costs because they lost their breach of contract claim.

Further, unless a fee shifting provision specifically and explicitly relates to the claim, then the court is not authorized to make an award. <u>Equitable Life Assurance Society of America v. Mangel Stores Corp</u>, 691 F. Supp. 987 (1998). It is the plaintiff's position that the Mann Defendants' defense of plaintiff's claim against them is not covered by ¶8.14 of the loan agreement. Plaintiff sued the Mann Defendants on the basis of various tort claims, not upon the provisions of the Loan Agreement. <u>See</u> <u>Estate of Raleigh v. Mitchell</u>, 900 A.2d 683 (2008); <u>Pellerin v. 1915 16th Street, N.W., Cooperative Association, Inc.</u>, 900 A.2d 683 (2006).

At best, the language of the loan agreement is ambiguous as to whether a successful defense warrants the award of attorneys' fees. As such, it is a jury question as to whether the fee-shifting provision applies and the Mann Defendants failed to introduce any evidence or argument to support a claim that the referenced provision covered their defense against plaintiff's claims. In one of the cases cited by the Mann Defendants, <u>Urban Masonry Corporation v. N&N Contractors, Inc.</u>, 676 A.2d 26 (1996), the court specifically recognized that if there is any ambiguity in a contact for the reimbursement of legal fees, then it is a jury question as to whether the parties intended fees to be awarded under the circumstances.

**B.     No Proof Has Been Provided That Attorney's Fees Were Necessary Or Reasonable.**

Even if the Mann Defendants were entitled to reimbursement of their attorney's fees and costs, the amount claimed has not been shown to be reasonable or necessary. In the District of Columbia the fees must be reasonable, which does not necessarily equate to the actual fees incurred. If this were not the case, the injured party and his counsel would be free to incur fees without restraint. Such a result would be unjust. Further, the Mann Defendants have clearly not made a distinction between the fees and costs incurred in their unsuccessful counterclaims, and in their defense of the tort claims filed by the plaintiff. <u>Pellerin v. 1915 16th Street, N.W., Cooperative Association, Inc.</u>, 900 A.2d 683 (2006). <u>Urban Masonry Corporation v. N&N Contractors, Inc.</u>, 676 A.2d 26 (1996)

## CONCLUSION

Upon consideration of the foregoing, Ellipso respectfully requests that this Court deny Mann Tech's motion for reconsideration.

September 2, 2008                                          Respectfully submitted,


                                                                         _/s/_
                                                 Vanessa Carpenter Lourie, #250068
                                                 4400 MacArthur Blvd., N.W.
                                                 Suite #205
                                                 Washington, D.C. 20007-2521
                                                 (202) 342-8000 (Telephone)
                                                 (202) 342-9000 (Facsimile)
                                                 vlourie@carpenterlourie.com (e-mail)

    /s/_____
Linda Awkard, #38748
4201 Cathedral Avenue, N.W.
Suite 1416 W
Washington, D.C. 20016
(202) 237-1535 (Telephone)
(202) 237-1204 (Facsimile)
lawkard@earthlink.net (e-mail)

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Opposition to Mann Defendants' Motion for Reconsideration was served this September 2, 2008on:

>Christopher Hoge, Esquire
>Crowley, Hoge & Fein, P.C.
>1710 Rhode Island Avenue, N.W.
>Suite 700
>Washington, D.C. 20036-3125

by electronic delivery by CM/ECF and on:

>Robert B. Patterson
>PO Box 3106
>Reston, Virginia 20195

by first class mail, postage prepaid.

    /s/_____
Vanessa Carpenter Lourie, Esquire