IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. | ) |
| | ) |
|     Plaintiff/Counter-Defendant, | ) |
| | ) |
|     v. | ) CA No.: 05-01186(RCL) |
| | ) |
| JOHN B. MANN, et al. | ) |
| | ) |
|     Defendants/Counter-Plaintiffs. | ) |

**DEFENDANT, COUNTER-CLAIM PLAINTIFF, ROBERT PATTERSON'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO REINSTATE HIS COUNTER CLAIMS: I. BREACH OF CONTRACT, II. *QUANTUM MERUIT*, AND, III. UNJUST ENRICHMENT**

COMES NOW DEFENDANT, COUNTER-CLAIM PLAINTIFF, ROBERT PATTERSON, ("Patterson") and submits this Reply Brief in Support of His Motion to Reinstate His Counter Claims I. Breach of Contract; II. *Quantum Meruit;* and, III. Unjust Enrichment. In the responsive pleading, Plaintiff, Counter-Claim Defendant, Ellipso, Inc. ("Ellipso") argues that a) the motion is untimely, and b) that there is no basis for this Court to reconsider its prior ruling. Neither position has any merit.

RE-INSTATEMENT OF PATTERSON'S COUNTER-CLAIMS IS PROPER.

In response to the substantive legal issues raised in the Motion for Re-instatement, Ellipso merely re-asserts that the Court's 2006 ruling was correct, without addressing the legal bases compelling reversal of the prior ruling. There are really no substantive points to rebut.

RECEIVED

SEP 1 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

It is significant that Ellipso does not challenge either the documents evidencing the contract, nor the amounts owed. But these <u>are</u> Ellipso's own documents, and the evidence at trial of the amounts owed <u>was</u> <u>uncontested</u>.

THE MOTION TO RE-INSTATE THE COUNTER-CLAIMS IS TIMELY PURSUANT TO RULE 60, FEDERAL RULES OF CIVIL PROCEDURE.

Ellipso's assertion that the Motion to Re-instate is untimely is also without merit. The trial testimony of David Castiel, Ellipso's owner and CEO, established the existence of a contractual relationship with Patterson, together with the compensation to be paid for Patterson's services. Castiel testified that Patterson performed the work diligently. Considering this evidence, this Court's prior ruling dismissing the counter-claims, (made at an early stage of the case without the benefit of this new evidence) is clearly erroneous. In these circumstances the Motion to Reinstate the Counter-claims is proper, timely, and necessary to avoid needless litigation.

Ellipso asserts that if this Motion to Re-instate is considered a Rule (60), Federal Rules of Civil Procedure, motion, it is untimely as the original order dismissing the counter-claims was entered in 2006. However, no final order has been entered herein, and the 2006 ruling is, as

yet, still an interlocutory, non-appealable order. The time under Rule (60) is yet to start running.

Rule (60) simply specifies that parties shall have a "reasonable time" within which to file such motions. The Sixth Circuit has addressed this issue in depth.

> Although respondents failed to label the motion as being under any specific rule, respondents argue now that the motion for relief from judgment is based on Rule 60(b)-(1) or Rule 60(b)(6). Rule 60(b)(1) authorizes relief from judgment because of "mistake, inadvertence, surprise, or excusable neglect." Subsection (6) permits relief "for any other reason justifying relief from the operation of judgment." Rule 60 requires that a motion for relief from judgment be made within a reasonable time. *Wright and Miller, Federal Practice and Procedure,* § 2851, states:
>
> Rule 60 regulates the procedures by which a party may obtain relief from a final judgment. . . .The rule "does not assume to define the substantive grounds for vacating judgments, but merely prescribes the practice in proceedings to obtain relief." The rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done. Respondents take the position that they are entitled to relief under Rule 60 because the Court has made a "mistake of law" . . . .. There is authority for the view that the word "mistake" as used in Rule 60(b)(1) encompasses any type of mistake or error on the part of the court, including judicial mistake as to applicable law. *See Oliver v. Home Indem. Co.,* 470 F.2d 329 (5th Cir. 1972); *Stewart Security Corp. v. Guaranty Trust,* 71 F.R.D. 32 (W.D.Okla. 1976); *Crane v. Kerr,* 53 F.R.D. 311 (N.D.Ga. 1971). *See also D.C. Federation of Civic Association v. Volpe,* 520 F.2d 451 (D.C.Cir. 1975) *Meadows v. Cohen,* 409 F.2d 750 (5th Cir. 1964); and *Schildhaus v. Moe,* 335 F.2d

529 (2nd Cir. 1964). . . . *Contra, Silk v. Sandoval,* 435 F.2d 1266, 1267-68 (1st Cir. 1971), *cert. denied,* 402 U.S. 1012 [91 S.Ct. 2189, 29 L.Ed.2d 435](1971); *Morgan [Graranty] Trust Co. v. Third National Bank,* 545 F.2d 758 (1st Cir. 1976); *Scols v. Boat Frances R. Inc.,* 6181 [618] F.2d 147 (1st Cir. 1980). *See also Swan [Swam] v. United States,* 327 F.2d 431 (7th Cir. 1964)[*cert. denied,* 379 U.S. 852 [85 S.C. 98, 13 L.Ed.2d 55](1964)].

Those courts which have found errors of law to be a ground for Rule 60(b)(1) relief, recognizing the effect their view has on Rule 59(e) and on finality of judgments, have considered carefully what is a "reasonable time" for seeking reconsideration of a point of law to the appeal period. *See Stewart, supra,* and *Oliver, supra.* This Court is persuaded that the better view is to allow reconsideration of a point of law under Rule 60(b)(1) when relief from judgment is sought within the normal time for taking an appeal. *International Controls v. Vesco,* 556 F.2d 665 (2nd Cir. 1977), *cert. denied,* 434 U.S. 1014 [98 S.Ct. 730, 54 L.Ed.2d 758] (197[8])This view serves the best interest of the judicial system by avoiding unnecessary appeals and allowing correction of legal error if and when made and the trial court has been satisfied that an error was committed. *Barrier v. Beaver,* 712 F.2d 231, 234-5 (6th Cir. 1983).

This Circuit is in accord. A Rule 60 motion is timely when filed within the time for an appeal. *D.C.Federation of Civic Associations v. Volpe,* 520 F.2d 451 (1975)(directing the district court to accept and consider a Rule 60 motion filed within the normal time for appeal); *see also, Wright, Miller, and Kohn, Federal Practice and Procedure,*§ 2858 (1995)("If the [Rule 60] motion is made within the time for appeal the cases, with very few exceptions, hold that it

4

can be granted.") Here the time for appeal has not yet begun to run. The Motion to Re-instate the Counter-Claims is timely pursuant to Rule 60, Federal Rules of Civil Procedure.

THE MOTION TO RE-INSTATE THE COUNTER-CLAIMS IS TIMELY PURSUANT TO RULE 54, FEDERAL RULES OF CIVIL PROCEDURE.

Moreover, as no final judgment has been entered herein, the Motion for Re-Instatement could be treated as a motion for new trial pursuant to Rule 54, Fed.R.Civ.P.

> Civil Rule 54(b) confirms the trial court's necessary authority to correct itself. It provides that until the court expressly directs entry of final judgment, an order that resolves fewer than all of the claims among all of the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." [citing, *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 1983, 103 S.Ct. 927, 935 & n. 14, 460 U.S. 1, 12 & n. 14, 74 L.ed.2d 765]. *Wright, supra.* § 4478.1, pp 692.

> "Under law of the case doctrine, as now most commonly understood, it is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice." *Arizona v. California,* 1983, 103 S.Ct. 1382, 1391 n.8, 460 U.S. 605, 618 n. 8, 75 L.Ed.2d 318. *Wright, supra.* § 4478, pp. 686, n. 74.

THE MOTION TO RE-INSTATE PATTERSON'S COUNTER-CLAIMS I, II, AND III SHOULD BE GRANTED AND JUDGMENT ENTERED THEREON IN THE AMOUNTS SPECIFIED AT TRIAL.

Here, the trial testimony produced new evidence that was not available at the time this Court ruled in 2006.

Clearly rectification of that earlier ruling is within the authority of this Court. As there is no dispute concerning the facts applicable to the counter-claims, there is no need for further evidentiary proceedings. This Court can, and should, re-instate Patterson's counter-claims, I, II, and III, and enter judgment thereon.

                                            Respectfully submitted,

                                            Robert Patterson, *pro se*
                                            P.O. 3106
                                            Reston, Virginia 20195
                                            (571) 278-7076

CERTIFICATE OF SERVICE.

    I certify that a true and correct copy of the forgoing was mailed; fist class postage paid, this 11th day of Sept, 2008, to:

Vanessa Carpenter Lourie, Esq.
4400 MacArthur Blvd., N.W.
Suite #205
Washington, D.C. 20007-2521

Christopher Hoge, Esq.
1717 Rhode Island Ave., N.W.
Seventh Floor
Washington, D.C. 20036

                                            Robert Patterson