UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1186 (RCL) |
| | ) |
| JOHN B. MANN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Pending before the Court is the Mann defendants' Motion for Reconsideration [203] asking this Court to reconsider whether or not the Mann defendants are entitled to attorneys' fees from plaintiff Ellipso, Inc. Upon full consideration of the motion, the opposition, the reply, the entire record herein, and applicable law, the Court finds, for the reasons set forth below, that the defendants' motion is GRANTED.

**I.     BACKGROUND**

On August 5, 2008, after a seven day jury trial, the Court granted motions for judgment as a matter of law, pursuant to Fed. R. Civ. P. 50(a). The Court also ruled that the Mann defendants were not entitled to attorneys' fees because they did not present any evidence on the attorneys' fees issue at trial. (Mot. [203] at 1.) The defendants now argue that the Court should reconsider that ruling because of a contractual provision that shifted fees to Ellipso (Mot. [203] at 2) and because Ellipso acted in bad faith (Reply to Mot. for Damages [211] at 6).

## II. ANALYSIS

The defendants' motion for reconsideration arises under Federal Rule of Civil Procedure 59(e) because it is a motion to alter a amend a judgment filed within 10 days of the entry of the judgment at issue. Whether or not to grant a Rule 59(e) motion is discretionary, but a motion need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam).

In this case, the Court recognizes that it must reconsider its decision that attorney's fees cannot be awarded to the Mann defendants because they did not present argument as to why they are entitled to them at trial. The Mann defendants' claim for attorneys fees in this case depends upon either a contractual provision that requires them to successfully enforce a contract or a finding of bad faith on the part of Ellipso. In either case, this Court now realizes that the determination must be made after the trial. *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 451–452 (1982) ("[T]he court's decision of entitlement to fees will [] require an inquiry separate from the decision on the merits—an inquiry that cannot even commence until one party has prevailed."). *See also Liberty Mut. Ins. Co. v. Lumbermen's Mut. Cas. Co.*, 172 F.3d 919 (D.C. Cir. 1999) (stating that when parties contract to abrogate the "American rule," the amount of fees shifted is determined by the court, not the jury). Although *White* was a decision relating to attorneys' fees in the civil rights context, this Court thinks its reasoning that attorneys' fees issues are "separate from and collateral to judgments on the merits," *White*, 455 U.S. at 451–452, is equally applicable to this case, since the theories that defendants' rely on to obtain

fees could not have been appropriately analyzed until after trial.  Therefore, this Court erred in rejecting the Mann defendants' fee request on the basis that they did not present evidence during the trial and will rule on the issue of attorney's fees in collateral proceedings.

One issue that the parties should more extensively brief in the fee petition filings is whether or not the Mann defendants are entitled to attorneys' fees because of Ellipso's bad faith in initiating and continuing to pursue the lawsuit.  Although the Mann defendants brought up the bad faith issue in its reply brief, this was the first time that it was raised.[1]  Therefore, the plaintiff must be given a full opportunity to respond in collateral proceedings.

In the additional briefs, the Mann defendants should also itemize the amount of fees spent on defending against Ellipso's claim and the amount that Mann spent on its own counterclaim.[2]  Since the Mann defendants did not prevail on their counterclaim, it is unlikely that they can recover fees based on pursuing that claim.  *See American Hosp. Ass'n*, 938 F.2d at 219 ("Attorneys' fees may be awarded to a *successful* party when his opponent has acted in bad faith . . .") (citing *F.D. Rich Co. v. United States*, 417 U.S. 116, 129 (1974)) (emphasis added).  The plaintiff should include any specific objections to the reasonableness of Mann's attorneys' fee requests in its opposition.

### III.  CONCLUSION

---

[1] The Court has discretion to consider any arguments raised for the first time in a reply as long as it gives the other party an opportunity to respond.  *See Sperling v. Washington Metro. Area Transit Auth.*, 498 F. Supp. 2d 288, 292 n.1 (D.D.C. 2007).

[2] Any award will also be reduced by the amount of attorneys' fees damages that were already awarded to the Mann defendants as a portion of the preliminary injunction damages.

For the reasons set forth above, the defendants' motion [203] for reconsideration of the attorneys' fees issue will be GRANTED.

A separate order shall issue this date.

SO ORDERED.


Signed by Chief Judge Royce C. Lamberth, on September 30, 2008.