THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC. )<br>)<br>    Plaintiff, Counterclaim )<br>    Defendant )<br>)<br>v. )<br>)<br>JOHN B. MANN, et al. )<br>)<br>    Defendants, Counterclaim )<br>    Plaintiff )<br>_____) | CASE NUMBER: 1:05CV01186<br>JUDGE: ROYCE C. LAMBERTH |

OPPOSITION OF DEFENDANT/COUNTER CLAIM PLAINTIFF,
ROBERT PATTERSON
TO
MOTION OF DAVID CASTIEL
FOR EXTENSION OF TIME WITHIN WHICH TO RESPOND
TO
MOTION OF ROBERT PATTERSON TO ALTER OR AMEND THE COURT'S
OPINION AND ORDER ISSUED JANUARY 29, 2009,
TO RECOGNIZE THAT DAVID CASTIEL
HAS PROSECUTED THIS ACTION AGAINST PATTERSON
IN BAD FAITH AND TO IMPOSE APPROPIATE SANCTIONS
ON DAVID CASTIEL PERSONALLY

COMES NOW, DEFENDANT/COUNTER CLAIM PLAINTIFF, ROBERT PATTERSON ("Patterson"), and files this Opposition to the Motion of David Castiel for an extension of time within which to respond to Patterson's Motion for Sanctions. In Opposition to the Requested Extension of Time, Patterson states as follows:

1. It is now clear, and this Court has found, that this entire proceeding was brought and prosecuted in bad faith, based entirely on the false and perjured testimony of David Castiel ("D.Castiel"), asserting that he did not know that Patterson held an equity position in Defendant, Mann Technologies, L.L.C., ("MannTech"). This false testimony occurred in the procuring of a Preliminary Injunction, as the gravamen of the Complaint, and as

1

RECEIVED
MAR 26 2009
Clerk, U.S. District and
Bankruptcy Courts

the basis upon which the Court of Appeals upheld the Preliminary Injunction. These false statements were repeated numerous times, under oath, in depositions, in pleadings, and at trial.

2. This Court found that, D.Castiel knew at least as early as June 2004, of Patterson's interest in MannTech, but permitted Plaintiff to pursue potential claims based on the absence of proof that Castiel knew of Patterson's interest prior to June 2004. It is now clear that D.Castiel lied, as well, about his lack of knowledge of Patterson's interest prior to June 2004. In a deposition given September 5, 2007, Juan Tomassoni, an Ellipso corporate officer, testified as follows:

Questions by Mr. Christopher Hoge:

> Q   Did you understand that Mr. Patterson was playing the role as an attorney just like I'm an attorney here for Mr. Mann and Mr. Goodman is here for Mr. Castiel?
> A   No, I didn't see him as an attorney, sorry.
> Q   So if not as an attorney, what did you understand he was doing?
> A   Partner.
> Q   Sort of a partner with Mr. Castiel?
> A   No, no, with Mr. Mann.
>         ...
> Q   Sure. Once Mr. Mann got involved, at any of the meetings where you were meeting with Mr. Castiel and Mr. Patterson and Mr. Mann, did you have the perception that Mr. Patterson was acting on behalf of Mr. Mann or Mann Tech as opposed to acting on behalf of Ellipso and/or Mr. Castiel?
> MR. GOODMAN: Objection.
> THE WITNESS: For me, he was acting on behalf of Mr. Mann.
> BY MR. HOGE:
> Q   Okay. What was the basis of that perception? Why did you think that?
> A   I was told by Mr. Castiel that Mr. Patterson had some relation, business relation with Mr. Mann. I didn't know exactly what it was, probably Mann's Technology or one of the companies here involved in all this. I don't recall exactly who, but my understanding that he was part of Mr. Mann's team.
> Q   And did you have that perception throughout your relationship with Mr. Mann?
> A   Yes.
>         ...
> Q   Did you ever discuss with Mr. Castiel his understanding, Mr. Castiel's

2

> understanding of the relationship between Patterson and The Registry Solutions Corporation?
>
> A   Yes.
> Q   And tell me about those conversations, going back to the first one that you can remember.
>
> MR. GOODMAN: Objection.
> THE WITNESS: What does it mean, you object, but I can respond?
> BY MR. HOGE:
> Q   You can respond, yes.
> A   I was told that he understood that Mr. Patterson, who brought Mr. Castiel -- Mr. Mann to the table, had some interest in whatever company was involved in all this.
> Q   Who told you that?
> A   Mr. Castiel.
> Q   Do you recall the first time Mr. Castiel mentioned anything like that?
> A   It was very generic discussion, very broad, nothing in particular, but that left me the perception that Mr. Patterson was partner to Mr. Mann.
> Q   That would have been sometime after your first meeting of Mr. Mann in the end of 2003?
> A   It was after. It was after. Not before. It was after.
> Q   Okay. Was it close in time to the time you first met Mr. Mann?
> A   After I met Mr. Mann.
> Q   You met Mr. Mann in the end of 2003, I think you testified, and the relationship went on until 2004, correct?
> A   (Nods head affirmatively.)
> Q   Yes?
> A   Yes.
>
> (Deposition of Juan Tomassoni, September 5, 2007, pgs. 93-99)

3. Despite this testimony, Castiel continued to fraudulently prosecute this matter for another year, forcing a seven (7) day jury trial. In the recent arbitration proceeding, Castiel continued to falsely represent that he was ignorant of Patterson's "dual role" until after June of 2004, even asserting that, "This Court found that Castiel did not know of Patterson's role until June 2004". It is clear that the abuse of Patterson, and all others involved in this matter, continues unabated.

4. **Patterson has done nothing improper here.** His relationships with John Mann were never concealed. This Court has mistakenly accepted Castiel's perjured representations that Patterson concealed his interests in MannTech. Patterson has been unfairly maligned by an adroit and accomplished liar.

3

5. Patterson's five page Motion was filed on February 9, 2009. Two days before the response was due, Ellipso, on behalf of itself and David Castiel, requested an extension of time within which to respond to and including March 6, 2009. That Motion is still pending. On February 25, 2009, Ellipso filed for bankruptcy. This bankruptcy filing did not alter the obligations of D.Castiel to respond to Patterson's February 9, 2009, Motion, which was due on February 24, 2009.

6. Finally, on March 18, 2009, a new attorney for D.Castiel, David Wachtel, Esq., filed a Motion requesting another extension of time to April 3, 2009, within which to respond to Patterson's February 9, 2009, Motion. Incredibly, the basis for this additional extension is THAT ATTORNEY WACHTEL HAS A PREPLANNED VACATION OUT OF THE COUNTRY, until March 30, 2009. This Court is asked to grant the extension because Attorney Wachtel undertook a representation with the knowledge that he could not meet the filing dead lines. Wachtel further tells the Court that he is only "lead" counsel. Perhaps upon Attorney Wachtel's return his associate will want to attend his college reunion; and thereafter his paralegal will need to attend her sister's wedding; and so on; so that an endless series of extensions will be required.

7. Opposing counsel are so sure that these series of endless extensions will be granted that they do not even bother to prepare and file a response – confident that this Court will grant them additional time again and again. There has been a pattern of delay and obstruction practiced by Plaintiff, and now D.Castiel, in this proceeding.

8. Patterson would like to take a vacation, but he cannot because he has been forced to devote more than one thousand five hundred hours to defending against this wholly fabricated law suit. Patterson has been denied two and one half years pay for services

provided to Ellipso and D.Castiel. Patterson has been denied any recompense for his efforts in lifting the Preliminary Injunction against him. [Patterson has been denied not only some recompense for his time, but has also been denied any reimbursement for the expenses he incurred in securing the lifting of the injunction.] This is because Patterson was forced to represent himself, as he could not afford the hundreds of thousands of dollars required to combat D.Castiel's malicious prosecution. The other defendants were awarded both their costs and their attorneys' fees, not only for lifting the injunction, but also in defending against the case in chief. The equities here are hard to discern.

9. Ellipso/D.Castiel have been allowed to retain the one hundred thousand dollars ($100,000.00) loaned to them by MannTech, (of which Patterson holds 50% interest); despite this Court's finding that Ellipso committed fraud when it signed the loan agreement. Ellipso is allowed to retain this one hundred thousand dollar ($100,000.00) gift; not because Ellipso properly pled mitigation as an affirmative defense [it did not]; but because MannTech, and John Mann and Patterson were astute enough to hold the ICOG stock until it increased in value. The equities here are hard to discern.

10. The other defendants have been awarded bad faith damages in the form of reimbursement for costs and attorneys' fees. Here, Patterson seeks some recompense for the very real damages that he has suffered at the hands of D.Castiel from the very same bad faith actions.

11. The time for responding to Patterson's February 9, 2009, Motion is long past. The Motion should be treated as unopposed.

WHEREFORE, Patterson asks this Court to DENY the request for the further extension of time, and order the relief sought GRANTED.

Respectfully submitted,

*[signature]*

Robert Patterson, *pro se*
P.O. 3106
Reston, VA 20190
(202) 412-2404

CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2009, true copies of the foregoing Opposition were served upon the following by first class mail, postage prepaid:

David Wachtel, Esq.
Balabei and Wachtel
1775 T ST NW,
Washington, DC 20009-7124
wachtel@bernabeipllc.com
Attorney for David Castiel

Vanessa Carpenter Lourie, Esq.
4400 MacArthur Blvd., N.W.
Suite #205
Washington, D.C. 20007-2521
(202) 342-8000 (Office)
vlourie@carpenterlourie.com
Co-Counsel for Plaintiff/Counter-Defendant

Neal Goldfarb, No. 337881
Tighe Patton Armstrong Teasdale, PLLC
1747 Pennsylvania Ave., N.W., Suite 300
Washington, D.C. 20006
(202) 293-8756
ngoldfarb@tighepatton.com
Co-Counsel for Plaintiff/Counter-Defendant

Linda Awkard, Esq.
4201 Cathedral Ave., NW
Suite #1416W
Washington, DC 20016
Co-Counsel for Plaintiff/Counter-Defendant

Christopher Hoge, Esquire
Crowley, Hoge & Fein, P.C.
1719 Rhode Island Avenue, N.W.
Suite 700
Washington, D.C. 20036-3125
Co-Counsel for John B. Mann and Mann Technologies LLC

Kenneth H. Rosenau, Esq.
Rosenau & Rosenau
1304 Rhode Island Avenue, N.W.
Washington, D.C. 20005
Co-Counsel for John B. Mann and Mann Technologies LLC

_____
Robert Patterson, *pro se*
P.O. 3106
Reston, VA  20190
(202) 412-2404